IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 22-CV-22538-ALTMAN/REID**

PIERCE ROBERTSON, *et al.*,

        Plaintiffs,

v.

MARK CUBAN, *et al.*,

        Defendants.

_____/

## DEFENDANTS MARK CUBAN AND DALLAS BASKETBALL LIMITED D/B/A DALLAS MAVERICKS' MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE TO PLAINTIFFS' COMPLAINT

Defendants, Mark Cuban ("Mr. Cuban"), and Dallas Basketball Limited d/b/a Dallas Mavericks ("the Mavericks"), move for an extension of time to file a response to Plaintiffs' Complaint, and state:

Mr. Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks have been sued in this putative class action, along with Stephen Ehrlich, the CEO and co-founder of Voyager Digital Holdings, Inc., Voyager Digital Ltd., and Voyager Digital, LLC ("Voyager"), stemming from the collapse of Voyager's cryptocurrency business. Plaintiffs allege that Mr. Cuban and the Mavericks had a business relationship with Voyager and aided and abetted in alleged conduct by Voyager, and allege state law common law and statutory securities and consumer law claims based on such alleged conduct. On August 10, 2022, Plaintiffs filed the instant Complaint. [ECF No. 1]. On August 22, 2022, Plaintiffs filed affidavits of service, [ECF No. 5, No. 6] purporting

to show service on Mr. Cuban on August 15, 2022 and on the Mavericks on August 17, 2022. Mr. Cuban and the Mavericks are not generally appearing in this action by filing this Motion.[1]

Pursuant to Court Order, the "time for responsive pleadings—for all Defendants—begins to run when the last Defendant is served." [ECF No. 4]. As of the filing of this Motion, at a minimum, Mr. Ehrlich does not appear to have been served. While Mr. Cuban and the Mavericks appreciate that their deadline to respond to Plaintiffs' Complaint is not yet due, as fully outlined below, they submit that judicial and party economy will be best served by an extension of time to respond to the Complaint instead of Mr. Ehrlich's purported service, or a determination of whether Mr. Cuban and/or the Mavericks have been properly served as well, triggering the same.

## THE VOYAGER BANKRUPTCY ACTION AND PENDING MOTION TO STAY

We bring to the Court's attention that there is an ongoing Chapter 11 bankruptcy action in the United States Bankruptcy Court for the Southern District of New York, Case No. 22-10943 (MEW) ("Bankruptcy Action"), by Voyager Digital Holdings, Inc., Voyager Digital, Ltd., and Voyager Digital, LLC (together "Voyager Debtors"). On December 24, 2021, a putative class action was filed against two of the Voyager Debtors in this Court in *Cassidy et al. v. Voyager Digital Ltd. et al.*, 21-cv-24441-CMA, alleging that Voyager's practices were deceptive, illegal, and involved the sale of unregistered securities. Upon the filing of the Voyager bankruptcy petition, the Voyager Debtors filed a suggestion of bankruptcy in *Cassidy*, and Chief Judge Altonaga stayed and administratively closed the case. That action remains stayed and administratively closed.

---

[1] Mr. Cuban and the Mavericks expressly reserve all defenses to Plaintiffs' Complaint, including those for insufficient service of process and lack of personal jurisdiction. *Flynn v. Craig*, 2014 WL 11776958, *5 (S.D. Fla. Dec. 23, 2014).

On August 22, 2022, the Voyager Debtors filed a Motion To Extend The Automatic Stay Or, In The Alternative, For Injunctive Relief Enjoining Prosecution Of Certain Pending Litigation ("Motion to Stay") in the Bankruptcy Action requesting the court to extend the automatic stay to this present action as well. [*See* Ex. A-C]². Indeed, this action was filed by the same Plaintiffs' law firm as *Cassidy* and only came about after that action was stayed due to the Voyager bankruptcy. The Voyager Debtors maintain, in their Motion to Stay that this action is a repackaging of the *Cassidy* complaint, and that this action appears to be an obvious attempt to circumvent the automatic stay effected in *Cassidy*: the bankruptcy court has been asked, accordingly, to stay this action.

On September 13, 2022, the bankruptcy court will hear the Motion to Stay and determine whether to extend the automatic stay to this action. If the Motion to Stay is granted, that will put this case on hold, pending the completion of the Voyager bankruptcy proceeding. If the Motion to Stay is not granted, this case will proceed. It is anticipated that the bankruptcy court will promptly resolve the pending Motion to Stay once the motion is fully briefed and argued. Given this, Mr. Cuban and the Mavericks seek an extension of 30 days from a ruling by the bankruptcy court³ on the Voyager Debtors' Motion to Stay to respond to Plaintiffs' Complaint in the present action. It is submitted that such a modest extension of time is in the interest of efficient administration of the case, and will not prejudice the rights of any of the parties. Rule 6(b)(1)(A)

---

² Exhibit "**A**" is the Notice of Hearing of Debtors' Motion to Extend Automatic Stay or, In The Alternative, For Injunctive Relief; Exhibit "**B**" is the Debtors' Motion to Extend the Automatic Stay or, In The Alternative for Injunctive Relief; and Exhibit "**C**" is the Debtors' Adversary Complaint to Extend Automatic Stay or, In The Alternative for Injunctive Relief.

³ Mr. Cuban and the Mavericks will promptly file any such ruling with this Court upon receipt of same.

of the Federal Rules of Civil Procedure provides the Court with the discretion to extend Defendants' deadline to respond to Plaintiffs' Complaint for good cause.

## **REQUEST FOR AN EXTENSION OF TIME AND GOOD CAUSE SHOWN**

There is good cause to extend Defendants' response deadline in this case due to the impending ruling on the Voyager Debtors' Motion to Stay and, if it is granted, the potential stay of the present action by virtue of the bankruptcy court ruling. This request for an extension of time is made in good faith and not for any improper purpose, and will not prejudice the orderly administration of this matter. The purpose of this Motion is to avoid the Court and the parties from expending resources in this action which could ultimately be stayed subject to the Voyager bankruptcy.

WHEREFORE, Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS, by counsel, hereby request that the Court enter an Order (1) granting this Motion for Extension of Time to File A Response to Plaintiffs' Complaint providing Defendants with an extension 30 days from the bankruptcy ruling on Debtors' Motion to Stay to file their response to Plaintiffs' Complaint; and (2) awarding Defendants such further relief as the Court deems appropriate.

## **S.D. Fla. L.R. 7.1 Certification**

Counsel for the Movants has made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion, which includes a letter (sent via email on August 25, 2022 at 5:05 p.m. ) to counsel for the Plaintiffs, but has been unable to do so.

Respectfully submitted,

/s/ Christopher E. Knight
Christopher E. Knight
Fla. Bar No. 607363
Email: cknight@fowler-white.com

Alexandra L. Tifford
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

Cameron W. Eubanks
Fla. Bar No. 85865
Email: ceubanks@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Christopher E. Knight
Christopher E. Knight

## SERVICE LIST

CASE NO. 22-CV-22538-ALTMAN/REID

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Barbara C. Lewis, Esq.
The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
E-mail: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Email: barbara@moskowitz-law.com
Telephone: (305) 740-1423
*Attorney for Plaintiffs and the Class*