IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 22-CV-22538-ALTMAN/REID**

PIERCE ROBERTSON, *et al*.,

        Plaintiffs,

v.

MARK CUBAN, *et al*.,

        Defendants.

_____/

**DEFENDANTS MARK CUBAN AND DALLAS BASKETBALL LIMITED
D/B/A DALLAS MAVERICKS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
REQUEST FOR A BRIEF STATUS CONFERENCE [ECF NO. 12]**

Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS (collectively "Defendants") file this Response in Opposition to Plaintiffs' Request for a Brief Status Conference [ECF No. 12], and state that Plaintiffs' Request should be denied for the following reasons:

1.  On August 31, 2022, this Court issued an Order that stayed and administratively closed the instant case. [ECF No. 8: p. 2]. Nine days later, the Court ordered that "[t]his case shall remain administratively CLOSED." [ECF No. 10: p. 1].

2.  The September 9, 2022 Order also requires Defendants to file with this Court "any order the bankruptcy court" – in the Chapter 11 bankruptcy action pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 22-10943 (MEW), and initiated by Voyager Digital Holdings, Inc., Voyager Digital, Ltd., and Voyager Digital, LLC (together "Voyager Debtors") – issues following the October 18, 2022 hearing on

the Voyager Debtors' Motion for Stay.[1][2]  [ECF No. 10: p. 1].  Additionally, the September 9th Order sets forth a summary of the parties' future course of action in this action contingent upon the possible outcomes of said upcoming Bankruptcy Court hearing.  [ECF N0. 10: pp. 1-2].

3.      Based on this Court's above-discussed clear and unambiguous Orders and the guidance it provided concerning how to proceed depending upon the Bankruptcy Court's ruling(s), there is currently no need for a status conference and any updates are only required on/after October 18, 2022.

4.      If the Voyager Defendants' Motion for Stay is granted next month, a status conference in this action remains unnecessary.  Alternatively, the denial of the Voyager Defendants' Motion for Stay may thereafter warrant a status conference.  Any discussion of steps Plaintiffs may or may not take in this action, if and when it is administratively reopened, could take place at such status conference after a ruling by the Bankruptcy Court, assuming this Court deems it appropriate and justified.

5.      Plaintiffs' counsel's present efforts to preview anticipated vague stay arguments in opposition to the Voyager Debtors' Motion for Stay are unnecessary and entirely inappropriate in this proceeding, and instead should be presented (if Plaintiffs elect to advance

---

[1] The October 18, 2022 Bankruptcy Court hearing was originally scheduled for Tuesday, September 13, 2022, but was postponed for over one month due to the appearance of Plaintiffs' newly-retained bankruptcy counsel with the firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ"), as Plaintiffs acknowledge in their at-issue Request.  [ECF No. 12: pp. 1-2].  Defendants are advised that the adjournment was consented to by Debtors' counsel based on certain representations made by Plaintiffs' counsel to cease any efforts to take any "further actions" in this Florida action until after the Bankruptcy Court had ruled on the stay motion.  As a result of such adjournment, Plaintiffs obtained additional time to prepare a response to the stay motion, which otherwise would have been heard on September 13, 2022.

[2] On September 7, 2022, Defendants represented that they will "promptly file with this Court any order that the Bankruptcy Court issues in connection with the hearing, now set for October 18, 2022."  [ECF No. 9: pp. 1-2].

such arguments) and addressed by Debtors (and others) in papers filed with the Bankruptcy Court in connection with Voyager Debtors' Motion for Stay, and argued before the Bankruptcy Court at the October 18, 2022 hearing. Indeed, it is the Bankruptcy Court which will rule on the stay motion. The Bankruptcy Court will determine at the October 18th hearing, inter alia, whether, as Debtors maintain, a civil case alleging aiding and abetting and other related conduct all tied to Debtors' conduct requires an adjudication of the underlying conduct of Debtors, thus in turn requiring that the stay already in place as to claims against the Debtors be extended to all defendants named in this action.

6. Moreover, a status conference in this administratively-closed case to simply introduce Plaintiffs' new co-counsel is equally unnecessary and quite simply a waste of this Court's precious time and resources. Any proffered discussions regarding "a provisional and proposed Leadership of this litigation for when it does proceed," which presuppose this case is administratively reopened following the Bankruptcy Court's ruling, are unequivocally premature. [ECF No. 12: p. 2].

7. Defendants are also constrained to note that Plaintiffs did not comply with S.D. of Fla. Local Rule 7.1(a)(3), which requires that an opponent be given a reasonable amount of time to contemplate whether to oppose the movant's requested relief. **Here**, Plaintiffs' counsel, Joseph Kaye (of The Moskowitz Law Firm, PLLC), first contacted the undersigned counsel for Defendants at 4:13 PM on Friday, September 9, 2022, regarding Plaintiffs' subject Request and stated: "Please see attached for some materials we are filing later today. Please confirm for us by EOB no objection, thank you." The acronym "EOB" stands for the end of the business day. At that point in time, the EOB was **only** 47 minutes away.

8. Defense counsel nevertheless promptly responded at 4:50 PM that Plaintiffs' Request was improper and objected to.

9. Finally, not mentioned in Plaintiffs' Request or their attorneys' Local Rule 7.1 Certification is the fact that it appears that Plaintiffs' counsel failed to contact the Voyager Debtors' bankruptcy counsel at Kirkland & Ellis LLP to seek his/their consent prior to filing the request for a status conference. Said conferral communication and consent were absolutely necessary because Plaintiffs' bankruptcy counsel from the PSZJ firm had represented the following to Debtors' counsel (*and copied Plaintiffs' Florida counsel Adam Moskowitz and Joseph Kaye*) one week earlier, on September 2, 2022 at 5:26PM: "We are in agreement to adjourn the motion to extend the stay until a date in October. ***We are also in agreement that we will not try to serve Mr. Ehrlich or take any further actions in the FL [Robertson] case until after the hearing on the motion to extend the stay***." (emphasis added). Plaintiffs' pending Request is therefore disingenuous and undeniably contrary to representations made to Debtors' counsel, done with the express knowledge and on behalf of Plaintiffs' Florida counsel (Messrs. Moskowitz and Kaye), who were copied on the communication.

WHEREFORE, Defendants respectfully submit that the Court *deny* "Plaintiffs' Request for a Brief Status Conference" in "late September" and prior to the October 18, 2022 Bankruptcy Court hearing on the Voyager Debtors' Motion for Stay.

Respectfully submitted,
/s/ *Christopher E. Knight*
CHRISTOPHER E. KNIGHT
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA
Fla. Bar No. 510459
Email: egalicia@fowler-white.com
ALEXANDRA L. TIFFORD

4

Case No. 22-CV-22538-ALTMAN/REID

Fla. Bar No. 0178624
Email: atifford@fowler-white.com


FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201




**CERTIFICATE OF SERVICE**

I hereby certify that on September 11th, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


/s/ *Christopher E. Knight*
CHRISTOPHER E. KNIGHT
Fla. Bar No. 607363

Case No. 22-CV-22538-ALTMAN/REID

# SERVICE LIST

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Barbara C. Lewis, Esq.
The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
E-mail: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Email: barbara@moskowitz-law.com

*Attorneys for Plaintiffs and the Proposed Class*


Stephen Neal Zack, Esq.
szack@bsfllp.com
Ursula Ungaro, Esq.
uungaro@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 S.E. 2nd St., Suite 2800
Miami, FL 33131

*Co-Counsel for Plaintiffs and the Proposed Class*