IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 22-CV-22538-ALTMAN/REID**

PIERCE ROBERTSON, *et al.*,

        Plaintiffs,

v.

MARK CUBAN, *et al.*,

        Defendants.

_____/

**DEFENDANTS MARK CUBAN AND DALLAS BASKETBALL
LIMITED d/b/a DALLAS MAVERICKS' RESPONSE IN OPPOSITION TO
"PLAINTIFFS' RENEWED REQUEST FOR A STATUS CONFERENCE" [ECF NO. 17]**

Defendants MARK CUBAN ("MR. CUBAN") and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS ("MAVERICKS") hereby respond to "Plaintiffs' Renewed Request for a Status Conference" [ECF No. 17], and submit that Plaintiffs' Request should be denied for the following reasons:

1.    Defendants must initially advise the Court, and now for the second time [ECF No. 13: ¶7],[1] that Plaintiffs' lead counsel, Adam M. Moskowitz, and his team of attorneys (which

---

[1] With regard to Plaintiffs' September 11, 2022 Request for a Brief Status Conference [ECF No. 12], the Moskowitz law firm only gave defense counsel a maximum of 47 minutes to raise an objection to the Request despite the fact that Local Rule 7.1(a)(3) required Plaintiffs' counsel to provide the defense with a reasonable amount of time to contemplate whether to oppose Plaintiffs' requested relief. [ECF No. 13: ¶ 7]. Furthermore, Plaintiffs' counsel failed to contact the Voyager Debtors' bankruptcy counsel at Kirkland & Ellis LLP to seek his/their consent prior to filing the Request for a Status Conference. [ECF No. 13: ¶ 9]. Said conferral communication was absolutely necessary because Plaintiffs' bankruptcy counsel had represented the following to Debtors' counsel (*and copied Plaintiffs' Florida counsel Adam Moskowitz and Joseph Kaye*) one week earlier, on September 2, 2022 at 5:26PM: "We are in agreement to adjourn the motion to extend the stay until a date in October. ***We are also in agreement that we will not** try to serve Mr. Ehrlich or **take any further actions in the FL [Robertson] case until***

includes very seasoned lawyers) have once again failed to comply with S.D. of Fla. Local Rule 7.1(a)(3), despite the representation in their Certification which is nothing short of an outright lie.[2]  None of the Plaintiffs' attorneys named in the signature blocks following the Certification ever called, spoke to, personally met with, emailed, faxed/hand-delivered a letter, or otherwise attempted to confer {orally or in writing, as required by Local Rule 7.1(a)(3)} with defense counsel regarding the subject Renewed Request.  In fact, that is the *only* reason why Plaintiffs' counsel "are not aware of any objection" by Defendants' attorneys and Plaintiffs' counsel's said representation is utterly disingenuous. [ECF No. 17: p. 3]. This clear violation of Local Rule 7.1(a)(3) is, in-and-of-itself, sufficient to deny Plaintiffs' Renewed Request.

2.     Moreover, a status conference is premature and unnecessary at this time, especially because the Court has been fully updated via Plaintiffs' Renewed Request and the Defendants' more accurate and informative Response.

---

*after the hearing on the motion to extend the stay*." [ECF No. 13: ¶ 9 (emphasis in original)]. Plaintiffs' first status conference request was therefore utterly contrary to representations made to Debtors' counsel, and filed notwithstanding the express knowledge of Plaintiffs' Florida counsel (*Messrs. Moskowitz and Kaye*), who were copied on the communication sent by Plaintiffs' bankruptcy counsel.

[2] Another example of Plaintiffs' attorneys' lack of candor and unprofessional conduct transpired two months ago.  On August 16, 2022, during an introductory telephone conversation with Mr. Moskowitz, Brown Rudnick LLP agreed, on behalf of Defendants MR. CUBAN and the MAVERICKS, to accept service of the Complaint if Plaintiffs provided these Defendants with 60 days to respond to the Complaint. [Exhibit 1 -- Declaration of Sigmund Wissner-Gross: ¶ 4]. Brown Rudnick specifically declined Plaintiffs' counsel's request to "treat" the call as an initial Rule 26(f) conference. [Exhibit 1: ¶ 4].  The next day, Mr. Moskowitz advised that he had already "served" MR. CUBAN. [Exhibit 1: ¶ 4]. Mr. Moskowitz thus refused to proceed with the acceptance-of-service agreement reached just one day earlier. [Exhibit 1: ¶ 4]. Mr. Moskowitz further refused to recognize Brown Rudnick's declination to deem the initial call as a Rule 26(f). [Exhibit 1: ¶ 4].  In doing so, Mr. Moskowitz and his firm advised that they would immediately commence discovery against the Defendants, as well as third-party discovery. [Exhibit 1: ¶ 4].

3. The "Stipulation and Agreed Order Resolving Adversary Proceeding No. 22-01138" attached as "Exhibit A" [ECF No. 17-1] to Plaintiffs' Renewed Motion is **not** the Stipulation and Agreed Order which Bankruptcy Judge Wiles ultimately executed on October 19, 2022, and that was filed minutes later at 4:10PM.  The official and actually signed Stipulation and Agreed Order is the result of the Limited Objections that Defendants filed in the Bankruptcy proceeding because either Defendants' proposed corrective language was accepted or other modifications were made to address Defendants' concerns.  Accordingly, Defendants attach a true and correct copy of the Stipulation and Agreed Order signed by Judge Wiles as "Exhibit 2." While the Plaintiffs filed the correct Stipulation and Agreed Order at 9:50AM on October 20, 2022 [ECF No. 18-1], they never explained to the Court why the Stipulation and Agreed Order had to be revised before Judge Wiles signed it.

4. Additionally, there is no need for a status conference because Plaintiffs have not to date, as required by the Stipulation and Agreed Order, dismissed Defendant Stephen Ehrlich from this action.  That ministerial task can be accomplished, contrary to Plaintiffs' suggestion, without a status conference, upon the Court administratively reopening the case, to which Defendants consent.

5. A status conference is also premature because Plaintiffs have not yet filed and served their proffered to-be-controlling pleading.  Plaintiffs' attorney recently represented during the N.Y. Bankruptcy proceedings that Plaintiffs would be filing an Amended Complaint in this action and even filed a proposed copy thereof with the Bankruptcy court on October 7, 2022, proposing to drop all aiding and abetting claims.  Ironically, Mr. Ehrlich was named as a Defendant in that Amended Complaint.  Plaintiffs therefore presumably must first revise the proposed Amended Complaint before filing it so that they do not violate the October 19, 2022

Stipulation and Agreed Order.  Contrary to Plaintiffs' representation, there is no legal reason or need to discuss the filing of an amended complaint at a status conference because Plaintiffs can promptly amend their operative Complaint as a matter of right and without leave of Court at this juncture.

6. Equally premature and entirely unnecessary is a discussion regarding the "proposed provisional Leadership of this litigation." [ECF No. 17: p. 2].  Plaintiffs are quite simply self-servingly putting the cart before the horse. Defendants have every intention of responding to Plaintiffs' Complaint/Amended Complaint with a dispositive Motion that will require the dismissal of all claims against both Defendants. There is absolutely no need nor purpose for Mr. Moskowitz to preview any "proposed [Plaintiff] Leadership" issues.  The caselaw in this District establishes that dispositive motions should be ruled upon before any class action issues are addressed, and that protocol should apply here. *See A.R. v. Dudek*, No. 12-60460-Civ-Zloch, 2014 WL 11531369, at *2 (S.D. Fla. Sept. 9, 2014) (court resolved potentially dispositive motion to dismiss before "taking up" class certification); *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1321 (S.D. Fla. 2000) ("The vast majority of courts have held that dispositive motions may be considered prior to ruling on a motion for class certification."; considering merits of potentially dispositive motion to dismiss prior to consideration of class certification motion that might be rendered moot); *Tapken v. Brown*, No. 90-691-Civ-Marcus, 1992 WL 178984, at *12 (S.D. Fla. Mar. 13, 1992) (addressing motions to dismiss and motions for summary judgment <u>before</u> considering class certification motion "since the former may be dispositive") (citing *Wright v. Shock*, 742 F.2d 541, 543-45 (9th Cir. 1984) (relying on cases from the Second, Third, Fifth, Eight, and Tenth Circuits in affirming district court's decision to rule on summary judgment motion <u>before</u> the motion for class certification));

4

*cf. Wilson v. Chattem, Inc.*, No. 09-80681-Civ-Dimitrouleas, 2009 WL 10667848, at *2 n.1 (S.D. Fla. Dec. 17, 2009) ("[S]ince Plaintiff has not yet filed a motion for class certification, the Court shall address [defendant's] Motion to Dismiss without regard to the issue of class certification."). Defendants are confident that the dispositive Motion they anticipate filing will dispose of any remaining claims the Plaintiffs assert in any Amended Complaint that is filed, and it is a complete waste of the Court's time for Plaintiffs to preview what class Leadership arguments they plan to advance before it is determined whether the claims of the named Plaintiffs survive a threshold motion to dismiss.

7.      Finally, Defendants represent (*without waiving their jurisdictional and service defenses*) that they do not oppose the administrative reopening and reinstatement of this case.

WHEREFORE, Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS respectfully request that the Court (i) deny Plaintiffs' Renewed Request for a Status Conference [ECF No. 17] and (ii) provide such further relief as it deems just and proper.

Case No. 22-CV-22538-ALTMAN/REID

Respectfully submitted,

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 789-9200
Facsimile:   (305) 789-9201

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363

Case No. 22-CV-22538-ALTMAN/REID

# SERVICE LIST

*Adam M. Moskowitz, Esq.*
*Joseph M. Kaye, Esq.*
*Barbara C. Lewis, Esq.*
The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
E-mail: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Email: barbara@moskowitz-law.com

*Attorneys for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**


*Stephen Neal Zack, Esq.*
szack@bsfllp.com
*Ursula Ungaro, Esq.*
uungaro@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 S.E. 2nd St., Suite 2800
Miami, FL 33131

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**