# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 22-CV-22538-ALTMAN/REID**

PIERCE ROBERTSON, *et al.*,

          Plaintiffs,

v.

MARK CUBAN, *et al.*,

          Defendants.                         /

**DECLARATION OF SIGMUND S. WISSNER-GROSS**

I, Sigmund S. Wissner-Gross, declare under penalty of perjury as follows:

1. I am over the age of eighteen (18). I make this Affidavit based upon my personal knowledge, except as otherwise set forth below.

2. I am an attorney licensed to practice law in the State of New York. I have made application to appear pro hac vice in the instant matter.

3. I am one of the attorneys representing Mark Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks. As part of duties as counsel for Mr. Cuban and the Dallas Mavericks, I and my co-counsel have engaged in communications with attorneys for the Plaintiffs, including Adam Moskowitz and his law firm.

4. Based on such communications, we believe that Mr. Moskowitz and his firm, have engaged in the following conduct:

    a. During an introductory telephone conversation with Mr. Moskowitz (on August 16, 2022), in which I and other members of my law firm participated, Brown Rudnick LLP agreed, on behalf of Defendants Mr. Cuban and the Mavericks, to accept service of the

Complaint, if Plaintiffs provided these Defendants 60 days to respond to the Complaint. During that call and thereafter, Brown Rudnick specifically declined Plaintiffs' counsel's request to "treat" the call as an initial Rule 26(f) conference. Brown Rudnick believed that an agreement on service and a response time had been agreed upon. However, the next day, Mr. Moskowitz advised that he had already "served" Mr. Cuban and the Mavericks. He then deemed the agreement on acceptance-of-service and extension of time to respond to the complaint as a mere offer and "rejected" it. He and his firm thereafter continued to mischaracterize the initial call as a Rule 26(f) conference. He asserted that discovery, including third-party discovery, could and should commence, which we told him (and our co-counsel reiterated to him) was not appropriate.

      b.      Prior to the commencement of the instant action, Voyager Digital Holdings, Inc., Voyager Digital, Ltd., and Voyager Digital, LLC filed a Chapter 11 bankruptcy action in the United States Bankruptcy Court for the Southern District of New York, Case No. 22-10943 (MEW) ("Bankruptcy Action").

      c.      Given Mr. Moskowitz's intention to commence discovery, as well as serve co-defendant Mr. Ehrlich with process, the Debtors in the Voyager bankruptcy proceeding filed an Adversary Proceeding before the bankruptcy court for the Southern District of New York seeking to stay the instant action. Mr. Cuban and the Dallas Mavericks promptly advised this Court of such development. [ECF. 7]. The Voyager Debtors maintained, in their Motion to Stay that the instant action was an attempt to circumvent the automatic stay effected in a companion putative class action that was filed by Plaintiffs' counsel against two of the Voyager Debtors in this Court in *Cassidy et al. v. Voyager Digital Ltd. et al.*, 21-cv-24441-CMA.

      d.      Given that the bankruptcy motion to stay could affect the instant action, Mr. Cuban and the Dallas Mavericks requested an extension of time to respond to the complaint

2

until after a ruling by the bankruptcy court.  Mr. Cuban and the Dallas Mavericks, though local counsel, contacted Plaintiffs' counsel in connection with its Rule 7.1 certification. The Moskowitz firm never responded to defense counsel's communication.

    e.  Thereafter, the Court administratively closed the case pending a ruling by the bankruptcy court concerning a stay of this proceeding. [ECF. 8]

    f.  Despite the closure of the case pending the bankruptcy court ruling, Plaintiffs' counsel expressed their intention of seeking a status conference with the Court.  The Moskowitz firm sent an email to counsel for Mr. Cuban and the Dallas Mavericks seeking the Defendants' position.  The Moskowitz law firm, however, only gave defense counsel a maximum of 47 minutes to raise an objection to the Request, despite the fact that Local Rule 7.1(a)(3) required Plaintiffs' counsel to provide the defense with a reasonable amount of time to contemplate whether to oppose Plaintiffs' requested relief. [ECF. 13]

    g.  Furthermore, I was advised by Debtors' bankruptcy counsel that Plaintiffs' counsel failed to contact the Voyager Debtors' bankruptcy counsel at Kirkland & Ellis LLP to seek their consent prior to filing the Request for a Status Conference. Said conferral communication was absolutely necessary because, I was advised by Debtors' bankruptcy counsel, that in an email Plaintiffs' bankruptcy counsel had represented to Debtors' counsel (*and copied Plaintiffs' Florida counsel Adam Moskowitz and Joseph Kaye*) one week earlier, on September 2, 2022 at 5:26PM:  "We are in agreement to adjourn the motion to extend the stay until a date in October [2022]. ***We are also in agreement that we will not*** try to serve Mr. Ehrlich or ***take any further actions in the FL [Robertson] case until after the hearing on the motion to extend the stay***." (emphasis supplied) [ECF. 13]. Plaintiffs' first status conference request was therefore utterly contrary, it appears, to representations made to Debtors' counsel,

3

and filed notwithstanding the express knowledge of Plaintiffs' Florida counsel who were copied on the communication sent by Plaintiffs' bankruptcy counsel.

        h.      Now for the second time, Mr. Moskowitz, and his firm have failed to comply with S.D. of Fla. Local Rule 7.1(a)(3) in their most recent Renewed Request for a Status Conference. None of Plaintiffs' attorneys ever called, spoke to, personally met with, emailed, faxed/hand-delivered a letter, or otherwise attempted to confer {orally or in writing, as required by Local Rule 7.1(a)(3)} with any of the defense counsel regarding the subject Renewed Request. Their certification does not identify their attempts to contact counsel for Mr. Cuban and the Dallas Mavericks.

        5.      Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

October 20, 2022.

By: _____
Sigmund S. Wissner-Gross