UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-CV-22538-ALTMAN/REID

Pierce Robertson, et al., on behalf of themselves
and all others similarly situated,

       Plaintiffs,

v.

Mark Cuban, Dallas Basketball Limited, d/b/a
Dallas Mavericks, and Stephen Ehrlich,

       Defendants.

       CLASS ACTION COMPLAINT

       JURY DEMAND

_____/

**BRIEF REPLY SUPPORTING PLAINTIFFS'
RENEWED REQUEST FOR A STATUS CONFERENCE**

    Ignoring the personal attacks, Defendants completely sidestep this Court's clear order that it "*will* set a status conference in this case *after* the hearing that's scheduled for October 18, 2022, in the Bankruptcy Action (Case No. 22-10943 (MEW) (S.D.N.Y 2022)) takes place," and that "*any party* may file a renewed motion for a hearing." ECF No. 15 (emphasis added).

    Plaintiffs have worked diligently to keep the Court apprised of the Bankruptcy Court proceedings and have been fully transparent in their intentions to finally proceed with this litigation, after over two months since this action was filed. Yesterday, at 10:39am EST, Plaintiffs filed the renewed Motion explaining exactly what the filed Stipulation entailed and what their next steps in this litigation would be. Namely, that agreement was reached with the Voyager Debtors to proceed with this litigation, at this time without Stephen Ehrlich, and that the Voyager Debtors would not take any further steps to interfere in this action, including opposing Plaintiffs' request to be appointed interim class counsel. Defendants Cuban and the Mavericks have their own counsel representing them in the Bankruptcy Court (not local counsel Mr. Knight) and they were involved.

    As Defendants make clear, their litigation counsel were at all relevant times involved in the discussion and negotiations regarding the Stipulation, which continued after it was filed with the Bankruptcy Court up until the Bankruptcy Court executed it after the 2:00pm EST hearing. Plaintiffs promptly filed that Executed Version with this Court to supplement their request, which,

practically speaking, is in substance the same as the original: Plaintiffs are proceeding without Defendant Ehrlich, will still amend the complaint to remove claims arguably owned by the Bankruptcy Estate, and will still seek to be appointed Interim Lead Class Counsel.

Given that litigation counsel for Defendants Cuban and the Mavericks were fully involved in these proceedings, and were at all times apprised of Plaintiffs' next intended specific steps in this litigation (including the Court's clear directive to file their renewed request for a Status Conference), it is simply silly that they cry foul when Plaintiffs followed through as promised.[1] It appears there may have instead been a breakdown in communication between Defendants' litigation and their local counsel, who have previously rejected Plaintiffs' counsel's respectful requests to confer telephonically on all issues in this case. *See* **Exhibit A** (September 9, 2022, email from Adam M. Moskowitz to Christopher Knight, which was simply ignored).

Given that this case is currently administratively closed, and as the new version of the Stipulation requires Plaintiffs to effectuate the voluntary dismissal of Defendant Stephen Ehrlich (subject to the reservation of rights set forth in the Stipulation) by tomorrow, Plaintiffs further respectfully request that the case be immediately Administratively Reopened. Defendants expressly state they do not oppose this request.

Defendants' confused recitation of the events in the Bankruptcy Court further illustrates why a Status Conference now would be beneficial for the Court and the Parties. The proposed Amended Complaint was filed in the Bankruptcy Court before the agreement to drop Defendant Ehrlich as a party to this action (the claims against him would originally remain stayed). There are now questions about the timing and scheduling of how to next proceed in this case, including the manner in which the amended complaint should be filed, whether any discovery should commence, and whether the Court should now establish a proposed provisional Leadership of this litigation.

On this last point, Defendants confound that request in their response with a request for full class certification, erroneously arguing that it should not be decided until after dispositive

---

[1] Their attacks are equally surprising given their own failure to confer with Plaintiffs' counsel before filing their original motion in this case, ECF No. 7, which while fashioned as a "motion for extension," was entirely centered on the request to stay in light of the Bankruptcy Court proceedings and caused the Court to stay this action before Plaintiffs had a chance to respond. Defendants' counsel only sent a letter to Plaintiffs' counsel and then filed the motion, without even waiting for a response. Going forward, Plaintiffs' counsel hopes that rather than lob silly inflammatory rhetoric in the public Court file, that Defendants' counsel will answer the phone to actually confer on issues beforehand, which will be most productive.

motions. We certainly do not need to debate that issue now, and can discuss that issue and all others at the Status Conference.[2]

## **CONCLUSION**

A brief Status Conference, where the Court and parties can discuss all pending issues in real time, rather than piecemeal through written submissions, would be the most effective and efficient way to recommence this litigation, as demonstrated by the record currently before this Court. Plaintiffs therefore respectfully request this Honorable Court immediately Administratively Reopen this case and order a brief Status Conference before the Court at the Court's earliest convenience.

---

[2] Judge Singhal recently explained, "[t]he appointment of interim class counsel is recommended early, before class certification to protect the interests of the putative class." *In re: University of Miami COVID-19 Tuition and Fee Refund Litig.,* No. 20-60851-CIV-SINGHAL, 2020 WL 13561433, at * 1 (S.D. Fla. Aug. 19, 2020) (emphasis added) (citing Fed. R. Civ. P. 23(g); Annotated Manual for Complex Litigation (4th ed. 2006) (the "Manual"); Fed. R. Civ. P. 23(g)(2)(A) (providing for designating interim class counsel to act on behalf of a putative class before determining class certification)). Normally, these leadership issues are decided even before an operative pleading, let alone a motion to dismiss, is filed with the Court. *See, e.g., Bedont v. Horizon Actuarial Services, LLC,* 1:22-CV-01565-ELR, 2022 WL 3702117 (N.D. Ga. May 12, 2022) (appointing interim class counsel and ordering the filing of an amended complaint)).

Case No.: 22-CV-22538-ALTMAN/REID

Dated: October 20th, 2022.　　　　　　　　　　　　Respectfully submitted,

By: /s/ Adam M. Moskowitz　　　　　　　　By: /s/ Stephen Neal Zack
Adam M. Moskowitz　　　　　　　　　　　Stephen Neal Zack
Florida Bar No. 984280　　　　　　　　　　Florida Bar No. 145215
adam@moskowitz-law.com　　　　　　　　Hon. Ursula Ungaro (Ret.)
Joseph M. Kaye　　　　　　　　　　　　　Florida Bar No. 200883
Florida Bar No. 117520　　　　　　　　　　**BOIES SCHILLER FLEXNER LLP**
joseph@moskowitz-law.com　　　　　　　　100 SE 2nd St., Suite 2800
Barbara C. Lewis　　　　　　　　　　　　Miami, FL 33131
barbara@moskowitz-law.com　　　　　　　Office: 305-539-8400
Florida Bar No. 118114　　　　　　　　　 Fax: 305-539-1307
**THE MOSKOWITZ LAW FIRM, PLLC**　　szack@bsfllp.com
2 Alhambra Plaza, Suite 601　　　　　　　uungaro@bsfllp.com
Coral Gables, FL 33134
Telephone: (305) 740-1423

*Co-Counsel for Plaintiffs and the Class*　　　*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

　　　　I hereby certify that a true and correct copy of the forgoing was filed on October 20, 2022, with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record.

　　　　　　　　　　　　　　　　　　　　　　　**By: /s/ Adam M. Moskowitz**
　　　　　　　　　　　　　　　　　　　　　　　**Adam M. Moskowitz**
　　　　　　　　　　　　　　　　　　　　　　　**Florida Bar No. 984280**