IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 22-CV-22538-ALTMAN/REID**

PIERCE ROBERTSON, *et al.*,

        Plaintiffs,

v.

MARK CUBAN, *et al.*,

        Defendants.

_____/

## DEFENDANTS MARK CUBAN'S AND DALLAS BASKETBALL LIMITED D/B/A DALLAS MAVERICKS' *SPECIAL APPEARANCE* MOTION TO ENLARGE THE PAGE LIMIT GOVERNING DEFENDANTS' RULE 12(b) MOTIONS IN RESPONSE TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS *specially appear* and, pursuant to this District's Local Rule 7.1(c)(2), move for an enlargement of 20 pages to the 20-page limit governing their Rule 12(b) Motions in response to Plaintiffs' Amended Class Action Complaint. As grounds therefor, Defendants state as follows:

1. The twelve (12) named Plaintiffs initiated this action against Defendants on August 10, 2022. [ECF No. 1]. Plaintiffs' original Complaint contained 39 counts, including numerous aiding and abetting claims.

2. On October 28, 2022, Plaintiffs filed an Amended Class Action Complaint. [ECF No. 34] (the "Amended Complaint" or "A.C."). While trimmed down, the Amended Complaint is still 53 pages in length and attaches exhibits totaling an additional 460 pages. The Amended Complaint contains nineteen (19) counts against the Defendants and they include claims for

deceptive trade practices and violations of state securities statutes under the laws of Florida, New Jersey, Louisiana, Alabama, Virginia, California, Pennsylvania, Oklahoma, and Tennessee. *See* A.C. ¶¶ 89-242.

3. Defendants' Rule 12(b) Motions, which will be filed on November 18, 2021 (in accordance with the response schedule set by the Court on October 28, 2022), will address all of the fatal jurisdictional and substantive flaws associated with Plaintiffs' Amended Complaint, the latter of which requires analysis of nine disparate state consumer fraud or deceptive trade practices statutes and nine different state securities statutes, as well as the case law interpreting these statutes.

4. While the Defendants acknowledge that the requested enlargement is twice the length of the Local Rule's permitted filing, the complexity of the legal arguments associated with the jurisdictional and various other grounds under Rule 12(b) for dismissal, as well as the sheer multitude of allegations, complex issues, and claims asserted under the laws of nine different jurisdictions in Plaintiffs' Amended Complaint warrant the requested enlargement of the page limit. *See McCray v. Inch*, No. 15-81270-CV-Middlebrooks, 2021 WL 3684079, at *1 (S.D. Fla. July 29, 2021) (referencing court's prior order granting motion to exceed the page limit and accepting 50-page "Combined Motion for Reconsideration, Amended Motion to Vacate and Motion for Leave to Exceed the Page Limit"); *Rindfleisch v. Gentiva Health Servs., Inc.*, 962 F. Supp. 2d 1310, 1314–15, n.5 (N.D. Ga. 2013) (granting motion to exceed page limits for dispositive motions with brief by 14 pages for one motion-brief and by 40 pages for another); *Vorsteg v. U.S.*, No. 11–61160, 2011 WL 5169353, * 2 (S.D. Fla. Nov. 1, 2011) ("enlarging the number of allowed pages from 20 to 30"); *Frederick v. Federal-Mogul, Inc.*, 06-11549-BC, 2008 WL 4372635, *3 (E.D. Mich. 2008) (granting request for permission to file a 34-page brief in

support of motion to dismiss because the facts and "legal complexity of the issues may justify extending the page limits"); *see also Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, No. 05–10296, 2010 WL 2231907, *1 (E.D. Mich. June 3, 2010) (preemptively extending page limits for dispositive motions where they were "likely to involve complex issues and analysis").

5. This motion is filed in good faith and not for any dilatory purpose, and Plaintiffs will not be prejudiced by this request.

WHEREFORE, Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS respectfully request this Honorable Court to enter an order (a) *granting* the instant Motion to Enlarge the 20-page limit governing Defendants' Rule 12(b) Motions in response to Plaintiffs' Amended Complaint; and (b) *enlarging* the limit by 20 pages, for a total of 40 pages.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

I HEREBY CERTIFY that undersigned counsel, Christopher E. Knight, Esq., has conferred via email and telephone with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the Motion, and is authorized to state that counsel takes "no position" on the requested relief, but wants the same amount of pages for Plaintiffs' responsive papers to the motion to dismiss.

Case No. 22-CV-22538-ALTMAN/REID

Respectfully submitted,

/s/ *Christopher E. Knight*
CHRISTOPHER E. KNIGHT
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11th, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Christopher E. Knight*
CHRISTOPHER E. KNIGHT
Fla. Bar No. 607363

Case No. 22-CV-22538-ALTMAN/REID

## SERVICE LIST

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Barbara C. Lewis, Esq.
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
E-mail: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Email: barbara@moskowitz-law.com
Telephone: (305) 740-1423

*Attorneys for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Stephen Neal Zack, Esq.
szack@bsfllp.com
Ursula Ungaro, Esq.
uungaro@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 S.E. 2nd St., Suite 2800
Miami, FL 33131

David Boies, Esq.
dboies@bsfllp.com
BOIES SCHILLER FLEXNER, LLP
333 Main Street
Armonk, NY 10504

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**