IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 22-CV-22538-ALTMAN/REID**

PIERCE ROBERTSON, *et al.*,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**DEFENDANTS MARK CUBAN'S AND DALLAS BASKETBALL LIMITED'S MOTION (i) TO STAY CONSIDERATION OF CLASS CERTIFICATION ISSUES, ALL DISCOVERY AND RULE 26'S INITIAL DISCLOSURES, *AND* (ii) FOR A PROTECTIVE ORDER AS TO RECENTLY-EMAILED DISCOVERY, PENDING THE COURT'S RULING ON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR (1) LACK OF PERSONAL JURISDICTION, (2) FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED, AND (3) FAILURE TO JOIN NECESSARY PARTIES, WITH SUPPORTING MEMORANDUM OF LAW**

Defendants MARK CUBAN ("MR. CUBAN") and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS ("MAVERICKS"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c)(1), file this Motion (i) to Stay Consideration of Class Certification Issues, All Discovery and Rule 26's Initial Disclosures, *and* (ii) for a Protective Order as to Recently-Emailed Discovery, Pending the Court's Ruling ("Motion to Stay") on Defendants' Motion to Dismiss (1) under Rule 12(b)(2) for Lack of Personal Jurisdiction, (2) under Rule 12(b)(6) for Failure to State Claims Upon Which Relief can be Granted, and (3) under Rules 12(b)(7) and 19(b) for failure to join necessary parties, with Supporting Memorandum of Law (collectively "Motion to Dismiss"). The Defendants, in

support of an order staying consideration of any class certification issues and staying all discovery, state as follows:

## I.  RELIEF SOUGHT AND BASIS FOR RELIEF

Defendants MR. CUBAN and the MAVERICKS submit that any class certification issues, all discovery and the Rule 26 Initial Disclosures in this case should be stayed until the Court resolves Defendants' dispositive Motion to Dismiss, the granting of which would render class certification moot and discovery inappropriate, unnecessary, inefficient, and a waste of the Court's and parties' time and resources.  Immediately prior to filing this Motion to Stay, Defendants, who are *non-residents*, moved to dismiss Plaintiffs' lawsuit under Rule 12(b)(2) based on the complete and utter absence of the requisite general and/or specific personal jurisdiction over them in Florida.  Both Defendants further, and in the alternative, moved to dismiss Plaintiffs' Amended Complaint because (i) each and every count against them fails to state a viable cause of action, failing to comply with Rule 12(b)(6) and/or Rule 9(b)), and (ii) the Amended Complaint fails to name necessary parties (the Voyager Debtors, defined below), and should be dismissed under Rule 12(b)(7).

In the event the Court dismisses this action for lack of personal jurisdiction, no further proceedings in this action will be warranted. In the event the Court dismisses this action for failure to comply with Rule 12(b)(6) and/or Rule 9(b), as set forth in the Motion to Dismiss, the Amended Complaint should be dismissed with prejudice and without leave to replead.  Finally, if the Court dismisses the action for failure to comply with Rule 12(b)(7), such class issues and discovery similarly would be inappropriate and unnecessary.  Accordingly and to quote this District's Judge Williams, Defendants MR. CUBAN and the MAVERICKS "should not be required to suffer monetary burdens or expenses [caused by or related to class certification or

2

Case 1:22-cv-22538-RKA Document 42 Entered on FLSD Docket 11/18/2022 Page 3 of 16

Case No. 22-CV-22538-ALTMAN/REID

discovery] when it appears that Plaintiff[s'] claims may fail for several reasons as a matter of law." *Chevaldina v. Katz*, No. 17-22225-Civ-Williams/Torres, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017).

## II.  BACKGROUND AND PROCEDURAL HISTORY

1. Plaintiffs filed this putative class action *only* after (a) Voyager Digital Holdings, Inc., Voyager Digital, Ltd., and Voyager Digital, LLC (collectively the "Voyager Debtors") filed a Chapter 11 bankruptcy action in the United States Bankruptcy Court for the Southern District of New York, Case No. 22-10943 (MEW) ("Bankruptcy Action"), *and* (b) Chief Judge Altonaga stayed and administratively closed the December 24, 2021 putative class action against two of the Voyager Debtors in *Cassidy et al. v. Voyager Digital Ltd. et al.*, Case No. 21-cv-24441 (CMA), when Voyager Digital, Ltd and Voyager Digital, LLC filed a suggestion of bankruptcy. [*See* ECF Nos. 7, 8].

2. Less than two weeks after Plaintiffs initiated these proceedings, the Voyager Debtors, on August 22, 2022, filed a Motion to Extend the Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation ("Motion to Extend") in the Adversary Bankruptcy Proceeding they also filed in the Southern District of New York (Case No: 22-01138) (the "Adversary Proceeding"), and requested that the Court extend the automatic stay to this action. [*See* ECF Nos. 7, 7-1, 7-2, 7-3, 8, 18-1].

3. Upon learning of the pending bankruptcy proceedings in New York, this Court stayed and administratively closed the instant action pending Bankruptcy Court Judge Wiles' ruling on the Motion to Extend. [ECF No. 8].

4. However, on October 19, 2022, the Voyager Debtors, the instant Plaintiffs, and former Defendant Stephen Ehrlich executed a "Stipulation" in the Adversary Proceeding

3

whereby the Plaintiffs agreed to voluntarily dismiss Mr. Ehrlich from this action, with prejudice. [ECF No. 18-1].

5. Bankruptcy Judge Wiles entered an Agreed Order approving the Stipulation later that same day. [ECF No. 18-1].

6. In accordance with the Stipulation and Agreed Order, Plaintiffs filed a Notice of Voluntary Dismissal of Defendant Stephen Ehrlich in this lawsuit on October 21, 2022. [ECF No. 26]. The Court subsequently entered an Order dismissing Mr. Ehrlich with prejudice. [ECF No. 29].

7. This case was also effectively reopened during the October 28, 2022 Status Conference. [ECF No. 32]. Later that day, Plaintiffs filed an Amended Complaint. [ECF Nos. 33, 34]. The Amended Complaint dropped Mr. Ehrlich as a defendant and further dropped various aiding and abetting claims. [ECF Nos. 33, 34]. At the Status Conference, the parties agreed that Defendants would have until November 18, 2022 to file any defensive or dispositive motions. Defendants' counsel made clear to the Court that Defendants would be filing a dispositive motion to dismiss.

8. At all relevant times, prior to, during and after the Status Conference, Defendants have made clear that they would be filing a dispositive motion to dismiss, and that any discovery prior to the Court's ruling on the motion to dismiss would be wasteful, unnecessary and inappropriate.

9. On Monday, November 7, 2022, Plaintiffs' counsel Mr. Moskowitz, though well aware that Defendants would be filing a motion to dismiss the entire Amended Complaint on November 18, 2022 and that Defendants did not believe that any discovery prior to the Court's ruling on the motion to dismiss was warranted or appropriate, sent an email at 11:58 AM to

4

defense counsel previewing and attaching copies of the proposed party and non-party discovery he nonetheless intended to serve, including for depositions of MR. CUBAN, the MAVERICKS, the now-dismissed Mr. Ehrlich, and various non-parties.

10. Mr. Moskowitz further indicated that he also wanted to depose *non-party* Mr. Donnie Nelson (the MAVERICKS' former General Manager), a person who has not been associated with the MAVERICKS since well prior to the alleged contacts by Defendants with Voyager at issue in the instant action.

11. On November 8, 2022, at 3:58 PM, Defendants' counsel, in a letter sent by email, reminded Mr. Moskowitz that the Court (not Mr. Moskowitz) would decide the stay of discovery issue.

12. On November 11, 2022, during a meet and confer to discuss the parties' respective positions with respect to the Joint Scheduling Report due on November 18, 2022, Defendants' counsel explained that until the Court ruled on the forthcoming motion to dismiss, any discovery or consideration of class issues was premature, noting in a proposed insert for the Joint Scheduling Report that if the motion to dismiss was granted, any class certification issue would be moot and discovery unnecessary. Defendants proposed, consistent with typical practice in such matters, that in the event Plaintiffs' Amended Complaint survived the motion to dismiss, at such time Plaintiffs could file a class certification motion and thereafter that discovery should proceed in phases: Phase I being class-related, and if a class were ultimately certified, Phase II being merits related. Plaintiffs indicated in response that they did not consent to such an approach. Plaintiffs further took the position during the November 11 meet and confer that they considered their proposed party and non-party discovery requests now to be "live," although it did not appear that any had been served. During the November 11 meet and confer, Defendants'

counsel advised the Plaintiffs' counsel that Defendants would be filing a motion to stay all discovery until the Motion to Dismiss was decided.

13. On November 15, 2022, at 6:29 PM, in a transparent effort to preempt and obstruct Defendants' request in the forthcoming Joint Scheduling Report that any class certification issues be deferred until Defendants' motion to dismiss was decided, Plaintiffs also prematurely moved to certify "the Proposed Liability Issue Classes" with respect to the issue of whether the Voyager Earn Program Accounts (the "EPAs") constitute securities. [ECF No. 40: pp. 1, 20]. Plaintiffs' filed the Motion to Certify despite being fully aware of Defendants' intention to file the case-dispositive Motion to Dismiss within the next three days (by today's November 18, 2022 deadline) and equally informed of Defendants' position that a class certification motion would be premature and should not be filed or considered before this Court's ruling on Defendants' Motion to Dismiss.[1]

14. Defendants diligently and timely filed their Motion to Dismiss today, November 18th.

### III. MEMORANDUM OF LAW AND ARGUMENT

This Court enjoys "broad discretion in deciding how best to manage the cases" before it. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *see Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the heart of this case is the authority of the district court to control the pace of litigation before it. At the outset, we stress the broad discretion district courts have in managing their cases[.]"); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad

---

[1] While Defendants submit that the Motion to Certify is entirely without merit, Defendants do not herein address the Motion to Certify other than to comment on why any consideration of the Motion to Certify should be deferred until the Court has ruled on Defendants' Motion to Dismiss.

discretion over the management of pre-trial activities, including discovery and scheduling."). That broad discretion includes the ability "to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683, 117 S.Ct. 1636 (1997). Thus, Defendants' requested stay regarding all class certification issues and all discovery is well within the Court's broad discretion and, moreover, supported by Florida's governing federal legal precedent.

### A. Stay Consideration of Class Certification Issues

Chief Judge Altonaga in the predecessor case of *Cassidy v. Voyager Digital LTD.*, No. 21-24441-CIV-ALTONAGA/Torres, [ECF 53], (S.D. Fla. May 10, 2022), encountered a class certification request virtually identical to that of the instant Plaintiffs (who are represented by the lead attorney in *Cassidy*, namely Mr. Adam Moskowitz). Judge Altonaga swiftly and summarily denied the *Cassidy* plaintiff's motion because the "Defendants' forthcoming [but not yet filed] motion is potentially dispositive of the entire matter." *Id.* at ECF 53: p. 1. In *Cassidy*, the defendants were about to file a motion to compel arbitration and a motion to dismiss for lack of personal jurisdiction and failure to state a claim when the plaintiff, as here, prematurely moved to certify a liability issue class. *Id.* Judge Altonaga consequently decided, in the exercise of her discretion, that it was prudent "to save the parties and Court from squandering time and expense addressing a potentially moot Motion to Certify" and denied the plaintiff's motion without prejudice. *Id.* at ECF 53: p. 1. This is fully in accord with settled practice in this District. *See, e.g., Humphrey v. United Parcel Serv. Co.*, 05-cv-20283, 2005 WL 5643872, at *1-3 (S.D. Fla. May 23, 2005) (granting defendants' Rule 12(b)(6) motions to dismiss and thus denying, as moot, plaintiff's motion for class certification), *aff'd*, 200 F. App'x 950 (11th Cir. 2006); *Friedman v. Market Street Mortgage Corp.*, No. 03-20930-CIV, 2003 WL 27386812, at *3 (S.D.

Fla. July 2, 2003) (granting defendant's motion to dismiss for failure to state a claim and therefore denying plaintiffs' motion for class certification as moot); *Weinstein v. Zurich Kemper Life*, No. 01-6140-CIV, 2002 WL 32828648, at *1, *4 (S.D. Fla. March 15, 2002) (granting defendants' motion to dismiss for failure to state a claim and accordingly denying plaintiff's motion for class certification as moot).[2]

Similarly, the Middle District of Florida in *Bill Buck Chevrolet, Inc. v. GTE Florida, Inc.*, 54 F. Supp.2d 1127, 1136-1137 (M.D. Fla. 1999), *aff'd*, 216 F.3d 1092 (11th Cir. 2000), deferred ruling on the plaintiff's motion for class certification where the complaint was dismissed for failure to state a claim. The court reasoned that "[p]ostponing consideration of class certification: 'is the proper course to follow where the named plaintiffs have failed to state a claim in themselves for the relief they seek.'" *Id*. at 1136 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (Jan. 15, 1974)). *See also NCC Bus. Servs., Inc. v. Lemberg & Assocs., LLC*, No. 3:13-cv-795-MMH-MCR, 2013 WL 5428737, at *2 (M.D. Fla. Sept. 26, 2013) (staying all discovery and deadline for seeking class certification, after taking a "preliminary peek" at the merits of defendant's motion to dismiss, until the court ruled on that motion).

Defendants respectfully submit that this Court should stay and/or postpone ruling on any and all class certification issues in accordance with the foregoing well-established authority. The Motion to Dismiss that Defendants filed minutes before this Motion to Stay is, at a minimum, unquestionably "potentially dispositive of the entire matter," *Cassidy*, at ECF 53: p. 1, because

---

[2] Courts in other Districts similarly have recognized that since a motion to dismiss addresses the claims of the named plaintiffs, consideration of class issues (including claims of absent class members) is entirely unnecessary on a motion to dismiss the claims of named plaintiffs, since class issues become moot if the claims of the proposed class representatives are dismissed. *See In re Bibox Grp. Holdings Ltd. Sec. Litig.*, 543 F. Supp. 3d 326, 334 (S.D.N.Y. 2021).

dismissal is sought based on the Court's lack of personal jurisdiction over these *non-resident* Defendants and for failure to state a cause of action, among other grounds.  Plaintiffs' Motion to Certify will undeniably be rendered moot upon the granting of the Rule 12(b)(2) and/or Rule 12(b)(6) Motions to Dismiss, and thus time and money are best served and saved if all class certification decisions are postponed and/or deferred until the Court resolves Defendants' pending Motions to Dismiss, and the parties and the Court not diverted to spending time and resources on class certifications issues that may never be ripe if the Motion to Dismiss is granted.

### B. Stay of All Discovery and Rule 26 Initial Disclosures

The Eleventh Circuit also favors staying discovery during the pendency of dispositive motions like the ones Defendants MR. CUBAN and the MAVERICKS filed today. *See James v. Hunt,* 761 F. App'x 975, 981 (11th Cir. 2018) (holding that district court "did not abuse its discretion by staying the proceedings, filings, and discovery until ruling on the Defendants' pending motions for judgment on the pleadings and motions to dismiss"); *Moore v. Potter*, 141 F. App'x 803, 807-808 (11th Cir. 2005) (affirming stay of discovery during pendency of motion to dismiss); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (district court did not err in suspending discovery because "there was no need for discovery before the district court ruled on [dispositive] motions"); *see also Chudasama*, *supra* (reversing trial court's order compelling discovery entered during pendency of motion to dismiss).

Similarly, courts in the Southern District of Florida are in agreement that discovery should be stayed during the pendency of a case-dispositive motion, especially where, as here, the court's personal jurisdiction over the non-resident defendants is a threshold gating issue.[3] *See,*

---

[3] The Defendants anticipate that Plaintiffs will rely on facially distinguishable cases when they file a formal opposition to this Motion, consistent with their attorney's November 7, 2022 email. None of those decisions previously informally cited by Plaintiffs deal with a case-

9

*e.g.*, *Rodriguez v. Imperial Brands PLC*, No. 20-23287-Civ-Gayles/Otazo-Reyes, 2022 WL 2231504, at *4 (S.D. Fla. May 25, 2022) (granting stay of discovery pending resolution of defendants' motions to dismiss that "raise substantial merits and jurisdictional questions regarding Plaintiffs' claims"); *In re Mednax Services Inc. Customer Data Security Breach Litigation*, No. 21-MD-02994-RAR, 2021 WL 4709753, at *3 (S.D. Fla. Oct. 9, 2021) (granting defendants' motion to stay discovery given "legitimate jurisdictional and standing challenges" and defects under plaintiffs' alleged state claims raised in motion to dismiss; "discovery should not commence until such challenges are resolved"); *Lewis v. Mercedes-Benz USA, LLC*, No. 19-CIV-81220-RAR, 2020 WL 4923640, at *2 (S.D. Fla. Mar. 25, 2020) (granting stay of discovery where "a 'preliminary peek' of the pending Motion to Dismiss reveals that Defendants have challenged the viability of all sixteen claims based on jurisdictional grounds under Rules 12(b)(1) and 12(b)(2), as well as substantive grounds under Rules 12(b)(6) and 9(b). . . . Numerous significant questions exist regarding personal jurisdiction alone, as Defendants assert that Plaintiffs have failed to satisfy the requirements of Florida's Long-Arm Statute and due process. . ."); *Chevaldina v. Katz*, No. 17-22225-Civ-Williams/Torres, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017) ("[W]e agree with Defendants that good cause exists to stay discovery until the Court resolves the pending motion to dismiss."); *McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-cv-20194, 2017 WL 6372619 (S.D. Fla. Jan. 11, 2017) (granting defendants' motion for protective order and staying discovery in light of defendants' pending motion to dismiss for lack of personal jurisdiction); *Keim v. ADF Midatlantic, LLC*, No. 12-80577-Civ-Marra, 2015 WL 13858826, at *1 (S.D. Fla. May 12, 2015) (granting motion to stay

---

dispositive motion to dismiss for lack of personal jurisdiction and/or failure to state a cause of action.  Defendants reserve the right to further address any such facially distinguishable cases if they are relied on by Plaintiffs.

discovery where defendants' Rule 12(b)(6) motion challenged legal sufficiency of complaint and "requiring discovery would impose an undue burden on Defendants"); *Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, No. 10-21105-CIV, 2011 WL 1226119, *1 (S.D. Fla. Mar. 30, 2011) (staying all discovery pending ruling on motion to dismiss that is "potentially dispositive of the entire action"); *Staup v. Wachovia Bank, N.A.*, No. 08-60359-CIV, 2008 WL 1771818, at *1 (S.D. Fla. Aug. 16, 2008) (staying all discovery and Rule 26(a) initial disclosure requirements until resolution of pending motion to dismiss "because discovery is not needed for the resolution of this Motion and requiring discovery would impose an undue burden on the Defendant").

Here, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is virtually certain to dispose of this entire case. The same can be said with regard to Defendants' Rule 12(b)(6) Motion to Dismiss for failure to state a cause of action, and even Defendants' Rule 12(b)(7) Motion to Dismiss for failure to join a necessary party. Moreover, much of the proposed discovery is directed to MR. CUBAN and thus he should not be subject to such discovery, particularly since he has a meritorious Motion to Dismiss for Lack of Personal Jurisdiction. Simply put, requiring any discovery before the Court determines these dispositive Motions "would [therefore unquestionably] impose an undue burden on Defendants." *Keim*, 2015 WL 13858826, at *1. Accordingly and to paraphrase Chief Judge Altonaga in the predecessor case of *Cassidy*, staying all discovery (including the recently-emailed party and non-party discovery) and the Rule 26 Initial Disclosures in this case pending the Court's ruling on Defendants' case-dispositive Motion to Dismiss on personal jurisdiction and substantive grounds is the best and most sensible procedural vehicle "to save the parties and Court from squandering time and expense" needed to deal with discovery requests that are currently unnecessary and will be

11

rendered moot in the event Defendants' Motion to Dismiss under either Rule 12(b)(2) or Rule 12(b)(6) is granted.[4]  *Cassidy*, No. 21-24441-CIV-ALTONAGA/Torres, ECF 53: p. 2.

WHEREFORE, Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS respectfully request that the Court enter an Order (i) *granting* the instant Motion to Stay; (ii) *staying* consideration of all class certification issues and *staying* all discovery (including the recently-emailed discovery) and Rule 26's Initial Disclosures until the Court rules on the pending Motion to Dismiss under Rules 12(b)(2), 12(b)(6) and 12(b)(7); and (iii) *providing* any further relief the Court deems just and proper.

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movants/Defendants have today conferred via email with Plaintiffs' counsel Adam Moskowitz, Esq., in a good faith effort to resolve the issues raised in this Motion to Stay but have been unable to resolve those issues.

---

[4] Defendants anticipate seeking dismissal on additional grounds, as noted, such as pursuant to Rule 12(b)(7) and Rule 19(b).

Respectfully submitted,


*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

-*and*-

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email:  sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email:  rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

-*and*-

13

SIGMUND WISSNER-GROSS, ESQ.
*Pro Hac Vice*
Email: swissner-gross@brownrudnick.com

JESSICA N. MEYERS, ESQ.
*Pro Hac Vice*
Email: jmeyers@brownrudnick.com

BROWN RUDNICK LLP
Seven Times Square
New York, NY 11036
Telephone: (212) 209-4930

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on November 18, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

## SERVICE LIST

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Barbara C. Lewis, Esq.
The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
E-mail: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Email: barbara@moskowitz-law.com

*Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

David Boies, Esq.
*Pro Hac Vice*
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Email: dboies@bsfllp.com

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Stephen Neal Zack, Esq.
szack@bsfllp.com
Ursula Ungaro, Esq.
uungaro@bsfllp.com
Boies Schiller Flexner LLP
100 S.E. 2nd St., Suite 2800
Miami, FL 33131

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**