IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 22-CV-22538-ALTMAN/REID**

PIERCE ROBERTSON, *et al.*,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO FILE RESPONSE, IF NECESSARY, IN OPPOSITION TO
PLAINTIFFS' MOTION TO CERTIFY CLASS ON LIABILITY ISSUE,
WITH SUPPORTING MEMORANDUM OF LAW**

Defendants MARK CUBAN ("MR. CUBAN") and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS ("MAVERICKS"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 6(b) and Southern District of Florida Local Rule 7.1(c)(1), file this Motion for Extension of Time to File Response, if Necessary, in Opposition to Plaintiffs' Motion to Certify Class on Liability Issue [ECF No. 40], with Supporting Memorandum of Law.  As grounds therefor, Defendants state as follows:

    1.    This Motion for Extension of Time is necessitated by the Plaintiffs' November 15, 2022, at 6:29 PM, premature Motion to Certify "the Proposed Liability Issue Classes" with respect to the issue of whether the Voyager Earn Program Accounts (the "EPAs") constitute securities.  [ECF No. 40: pp. 1, 20].  Plaintiffs filed the Motion to Certify despite being fully aware of Defendants' intention to file a case-dispositive Motion to Dismiss by the Court's November 18, 2022 deadline and equally informed of Defendants' position that any class

certification motion would be premature and should not be filed or considered before this Court rules on Defendants' Motion to Dismiss

2. Today and immediately prior to filing the instant Motion for Extension of Time, Defendants filed the promised case-dispositive Motion to Dismiss the Amended Complaint. The Motion to Dismiss is based on the utter lack of personal jurisdiction over these *non-resident* Defendants, the Amended Complaint's failure to state viable causes of action, and Plaintiffs' failure to join three necessary parties.

3. Defendants' Motion to Dismiss was sequentially immediately followed by Defendants' Motion (i) to Stay Consideration of Class Certification Issues, All Discovery and Rule 26's Initial Disclosures, *and* (ii) for a Protective Order as to Recently-Emailed Discovery, Pending the Court's Ruling on Defendants' Motion to Dismiss (the "Motion to Stay").

4. Based on Local Rule 7.1(c)(1), unless the Court directs otherwise, the Defendants are required to file a response in opposition to Plaintiffs' Motion to Certify on November 29, 2022.

5. However, given the fact that the granting of Defendants' dispositive Motion to Dismiss would render class certification entirely moot (as addressed with supporting authorities in Defendants' Motion to Stay), Defendants submit that the conservation of this Court's resources and time, as well as those of the parties, warrants deferring consideration and ruling on any class certification issues, and extending the time by which Defendants must respond to the Motion to Certify until 30 days after the Court rules on the Motion to Dismiss, unless rendered unnecessary and moot by the Court's dismissal of the Amended Complaint.[1]

---

[1] Defendants reserve the right to file a motion for additional time to respond to the Motion to Certify to allow for class discovery from the Plaintiffs, if the Motion to Dismiss is not granted.

6. *Alternatively*, while Defendants submit that the Motion to Stay should be granted, in the event the Court denies Defendants' Motion to Stay Consideration of Class Certification Issues, Defendants respectfully request an extension of 30 days from that ruling to respond to the Motion to Certify.

**MEMORANDUM OF LAW**

This Court enjoys "broad discretion in deciding how best to manage the cases" before it. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *see Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the heart of this case is the authority of the district court to control the pace of litigation before it. At the outset, we stress the broad discretion district courts have in managing their cases[.]"); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). That broad discretion includes the ability "to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683, 117 S.Ct. 1636 (1997). Additionally, Federal Rule of Civil Procedure 6(b)(1)(A) authorizes this Court to extend a deadline for "good cause" upon the filing of a motion "before the original time . . . expires." Fed. R. Civ. P. 6(b)(1)(A).

Chief Judge Altonaga in the predecessor case of *Cassidy v. Voyager Digital LTD.*, No. 21-24441-CIV-ALTONAGA/Torres, [ECF 53], (S.D. Fla. May 10, 2022), encountered a class certification request virtually identical to that of the instant Plaintiffs (who are represented by the lead attorney in *Cassidy*, namely Mr. Adam Moskowitz). Judge Altonaga swiftly and summarily denied the *Cassidy* plaintiff's class certification motion because the "Defendants' forthcoming [but not yet filed] motion is potentially dispositive of the entire matter." *Id.* at ECF 53: p. 1. In

*Cassidy*, the defendants were about to file a motion to compel arbitration and a motion to dismiss for lack of personal jurisdiction and failure to state a claim when the plaintiff, as here, prematurely moved to certify a liability issue class. *Id.* Judge Altonaga consequently decided, in the proper exercise of her discretion, that it was prudent "to save the parties and Court from squandering time and expense addressing a potentially moot Motion to Certify" and denied the plaintiff's motion without prejudice. *Id.* at ECF 53: p. 1.

Here, if the Court chooses not to summarily deny without prejudice, at this juncture of the proceedings, Plaintiffs' premature Motion to Certify (as Judge Altonaga *sua sponte* did in *Cassidy*), the Court respectfully should instead, and well within the Court's broad discretion, extend the time for Defendants to respond to Plaintiffs' Motion to Certify until 30 days after the Court rules on Defendants' case-dispositive Motion to Dismiss, which if granted would moot the Motion to Certify. In this regard, Defendants' requested extension of time is sought well in advance of the November 29th filing deadline. Moreover, the fact that Defendants will not have to respond to the Motion to Certify if their Motion to Dismiss is granted provides the requisite "good cause" for the enlargement of time.

WHEREFORE, Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS respectfully request that the Court enter an Order (i) *granting* the instant Motion for Extension of Time; (ii) *extending* the time for Defendants to respond to Plaintiffs' Motion to Certify until 30 days after the Court rules on Defendants' case-dispositive Motion to Dismiss, unless rendered moot; (iii) *alternatively and if* the Court denies Defendants' Motion to Stay Consideration of Class Certification Issues, *extending* the time for Defendants to respond to Plaintiffs' Motion to Certify until 30 days after the denial of such Motion to Stay; and (iv) *providing* any further relief the Court deems just and proper.

4

Case No. 22-CV-22538-ALTMAN/REID

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movants/Defendants have today conferred via email with Plaintiffs' counsel Adam Moskowitz, Esq., in a good faith effort to resolve the issues raised in this Motion for Extension of Time but have been unable to resolve those issues.

Respectfully submitted,

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

*-and-*

Case No. 22-CV-22538-ALTMAN/REID

        STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email: sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email: rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

*-and-*

SIGMUND WISSNER-GROSS, ESQ.
*Pro Hac Vice*
Email: swissner-gross@brownrudnick.com

JESSICA N. MEYERS, ESQ.
*Pro Hac Vice*
Email: jmeyers@brownrudnick.com

BROWN RUDNICK LLP
Seven Times Square
New York, NY 11036
Telephone: (212) 209-4930

Case No. 22-CV-22538-ALTMAN/REID

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 18, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

**SERVICE LIST**

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Barbara C. Lewis, Esq.
The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
E-mail: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Email: barbara@moskowitz-law.com

*Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

David Boies, Esq.
*Pro Hac Vice*
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Email: dboies@bsfllp.com

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Stephen Neal Zack, Esq.
szack@bsfllp.com
Ursula Ungaro, Esq.
uungaro@bsfllp.com
Boies Schiller Flexner LLP
100 S.E. 2nd St., Suite 2800
Miami, FL 33131

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**