**UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA MIAMI DIVISION**

**CASE NO.: 22-cv-22538-ALTMAN/REID**

PIERCE ROBERTSON, *et al.*, on
behalf of himself and others similarly
situated,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

## JOINT SCHEDULING REPORT

Plaintiffs, PIERCE ROBERTSON, et al. ("Plaintiffs"), and Defendants, MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS, ("Defendants") (Defendants together with Plaintiff, the "Parties"), submit this Joint Scheduling Report pursuant to SDF Local Rule 16.1(b), and Federal Rule of Civil Procedure 26(f)(3). The Parties conferred on November 11, 2022 and Report as follows:

    **I.**    **Plaintiffs' Statement**

This is a proposed class action brought on behalf of a Nationwide Class and State Subclasses, of all individuals offered or sold, deceptive Voyager Earn Program Accounts ("EPAs"), which were admittedly marketed and promoted by the Defendants. Plaintiffs allege— as the New Jersey Bureau of Securities found in their Summary Cease and Desist Order dated March 29, 2022,[1] and as similarly found by numerous state securities regulators of Alabama, Oklahoma, Texas, Kentucky, Vermont and Washington—that these EPAs are all unregistered "securities" as defined by applicable federal and state law. Plaintiffs' counsel investigated and litigated these claims directly against the Voyager entities for over a year before the Voyager debtor entities filed for Chapter 11 bankruptcy. Thus, much of the legwork has already been completed and Plaintiffs are prepared to move this case expeditiously and

---

[1] *See* https://www.nj.gov/oag/newsreleases22/Voyager%20Summary%20Order.pdf (accessed November 18, 2022)

efficiently.

Defendants' participation and/or actions in Voyager's offerings and sales of EPAs violated various provisions of state securities laws and deceptive trade practices statutes of Florida, New Jersey, California, Pennsylvania, Oklahoma, Tennessee, Alabama, Virginia, and Louisiana. Plaintiffs seek certification of a nationwide class, and state subclasses under Rule 23(a), (b)(2), (b)(3), and/or (c)(4) of the FRCP, which includes seeking a declaration that the EPAs are unlawfully sold unregistered securities, which entitles Plaintiffs and class members to full rescissionary damages. Defendants' substantial participation in the offer or sale of these unregistered EPAs, which were offered or sold from the State of New Jersey by Voyager Digital LLC, renders Defendants jointly and severally liable to Plaintiffs and all Nationwide Class Members for the full measure of damages resulting from their offer or sale.

Discovery will proceed expeditiously and efficiently. The Defendants effectively stayed this case for months already while they, and the Voyager debtor entities, sought to extend the automatic stay from the New York Bankruptcy Proceedings to this action, forcing Plaintiffs to spend months coordinating with counsel for the Voyager Debtors and retained bankruptcy co-counsel, to finally reach a Stipulation, whereby Plaintiffs would dismiss with prejudice the claims against Defendant Stephen Ehrlich, the former CEO of Voyager (subject to a reservation of rights), so that they could finally proceed in these pending claims against Defendants Mark Cuban and the Dallas Mavericks (and possibly other Defendants, after brief discovery is completed).

On November 7, 2022, however, Plaintiffs served on Defendants very narrow and targeted discovery—which is not required for the Court to resolve *this* motion, but which will expedite preparation for an expedited trial on the merits of Defendants' liability for Plaintiffs' claims— including (1) a Request for Production on Defendants, (2) a Set of Interrogatories on Defendants, (3) just three Requests for Admission on Defendant Cuban, (4) Notice of Taking Defendants' Corporate Representative Depositions by Zoom on January 12 and 13, and (5) subpoenas for third party depositions (without documents) for Henry Gaskins on December 15, Jeff Mishkin on December 16, and Stephen Ehrlich on December 19.

Defendants, of course, ignore these requests, claiming since the parties' initial meet and confer back in August after this action first commenced that they do not need to respond to any of discovery requests (or produce the Mavericks/Voyager Sponsorship Agreement dated October 29, 2021 as part of their initial disclosure obligations, which Plaintiffs received from Voyager in the Bankruptcy Proceedings) because of the motion to stay discovery that they filed today. However, "[i]t has never

been the rule in this district that one party can unilaterally stay proceedings and ignore the comprehensive discovery practices well-established under the Federal Rules of Civil Procedure as well as the Local Rules for the Southern District of Florida." *Monks v. Diamond Resorts Int'l, Inc.*, 17-14307-CIV, 2018 WL 4208330, at *2 (S.D. Fla. May 11, 2018) (citing *PSF Trust v. Northeastern Capital Funding*, 2008 WL 11333495, *2 (S.D. Fla. 2008)). Without a "specific showing of prejudice or burdensomeness" by the movant, "unilateral motion[s] to stay discovery pending a ruling on a dispositive motion should be denied." *Id.* (citing *Bocciolone v. Solowesky*, No. 08-20200, 2008 WL 2906719, at 2 (citing S.D. Fla. Local Rule app. A, I(D)(5) (2008))). Thus, and as will be explained further in response to Defendants' motion to stay, the Court should deny the request and order discovery to proceed immediately.

Despite all of Defendants' efforts to thwart Plaintiffs' efforts to push the case along, Plaintiffs recently moved for certification of a nationwide issue class pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (c)(4), with respect to the very specific, narrow and simple issue of whether (or not) the Voyager Earn Program Accounts constitute unregistered securities. [ECF No. 40]. Plaintiffs are seeking to have this simple issue determined by the Court as soon as the Court will permit as Plaintiffs submit there is likely no additional discovery required to determine Plaintiffs' motion for certification. Plaintiffs will thereafter seek a determination on this issue, either through summary judgment or an expedited trial to the extent the Court deems the determination to be an issue of fact.

## II. Defendants' Statement

Plaintiffs only initiated this putative class action against Defendants after Voyager (defined herein) filed for bankruptcy and a related action against Voyager, with nearly identical allegations to those asserted here, was stayed. As the Court is aware, after Voyager's bankruptcy filing, Voyager moved before the bankruptcy court to stay this action, and this Court administratively closed this case until Voyager's motion for a stay was resolved. In order to resolve the motion to stay filed by Voyager in the bankruptcy court, Plaintiffs agreed to drop their aiding and abetting claims and dismiss, with prejudice, their claims against Voyager's CEO, Stephen Ehrlich ("Ehrlich") which appeared in their original complaint [ECF No. 1] in this action. As a result, this case was administratively reinstated and the Court has set a schedule for Defendants to respond to the operative Amended Complaint [ECF No. 34] (the "Complaint"). Accordingly, Plaintiffs' suggestion that *Defendants* "effectively stayed" this action is factually incorrect. While Defendants do believe, as set forth below, that a stay of discovery pending the Court's ruling on Defendants' motion to dismiss (the "Motion to Dismiss"), which has

3

been filed today, is warranted, that is an issue for the Court, not the parties, to decide.

After Plaintiffs' voluntary dismissal of the aiding and abetting claims and claims against Ehrlich, what remains in Plaintiffs' Complaint are meritless state law securities and deceptive trade practices claims against Defendants. The allegations made in Plaintiffs' Complaint, nonetheless, continue to focus on alleged conduct by Voyager (and Ehrlich), with only conclusory, legally and factually meritless, and internally inconsistent allegations regarding Defendants. Voyager and Ehrlich – and Voyager's operation of its cryptocurrency platform-- not the Defendants, remains the underlying gravamen of the claims asserted in Plaintiffs' Complaint. Plaintiffs' entire Complaint is subject to dismissal on several, independent grounds as set forth in Defendants' Motion to Dismiss which has been filed, to which the Court is respectfully referred. Because Defendants' Motion to Dismiss would, if successful, result in a complete dismissal of Plaintiffs' Complaint, it would be a waste of the Parties' and the Court's time and resources to engage in discovery or any premature class-related motion practice until, at a minimum, the Court rules on the Motion to Dismiss, as the Court's ruling on the Motion to Dismiss may moot entirely or substantially limit the need for any discovery and/or any class-related motion practice.

Finally, it should be noted that during the November 11, 2022, meet and confer of counsel for the parties to discuss their respective positions on the Joint Scheduling Report. Defendants made clear that all discovery and class issues should be deferred until the Court has ruled on Defendants' Motion to Dismiss, which Plaintiffs knew would be filed by November 18, 2022 (per the schedule set by the Court), and which has now been filed. Further, prior to or after such meet and confer, Defendants consistently advised Plaintiffs' counsel that no discovery should occur until the Court has ruled on Defendants' dispositive motion addressed to the pleadings. Defendants provided to Plaintiffs, prior to such meet and confer, the proposed schedule set forth in Defendants' portion of Section V below. In Section V, Defendants propose that any class certification motion be filed only after the Court's ruling on the Motion to Dismiss, and only in the event the Court denies in whole or in part the Motion to Dismiss. Defendants advised Plaintiffs' counsel on November 11, 2022 that certain proposed party and non-party discovery that Plaintiffs indicated they would like to take was premature and entirely inappropriate, since if granted, the Motion to Dismiss would moot the need for any such discovery. Plaintiffs' counsel declined to consent to the request and stated that in their view, such proposed discovery was now "live." As a result, Defendants also have filed today a Motion to Stay such discovery until the Court has ruled on the Motion to Dismiss. Furthermore, in Defendants' view and consistent with how courts generally proceed in such matters, the customary protocol in class

4

action cases is for a motion to dismiss to be decided prior to any class issues being considered or adjudicated. Unfortunately, in a transparent effort to preempt and disrupt Defendants' request that the Court, in setting an overall schedule for this case, direct that any class certification motion not be filed until after the Court has ruled on Defendants' Motion to Dismiss, on November 15, 2022, Plaintiffs' counsel filed a meritless, premature motion for class certification. As part of Defendants' Motion to Stay, which was filed today, Defendants seek a ruling from the Court staying any further proceedings on such class issues until the Court has ruled on the Motion to Dismiss. Defendants respectfully refer the Court to such Motion to Stay for a fuller presentation of Defendants' reasons for why, consistent with well-established practice, a stay of the class issues is clearly warranted here.

Defendants otherwise take issue with Plaintiffs' self-serving "Statement" and characterization of the issues in the case, and prior procedural history set forth therein, and do not believe it necessary or constructive to submit a more fulsome response at this time. While the parties did exchange prior to November 11, 2022, draft sections of the proposed Joint Scheduling Report, Plaintiffs have been unwilling to further engage with Defendants in preparing a Joint Scheduling Report, and Defendants therefore do not presently know whether Plaintiffs will make further representations or statements in their portion of the Joint Scheduling Report that is to be filed today that warrant a response, or correction. Defendants accordingly reserve all rights.

### III. Conference Report – Information Required by L.R. 16.1(B)(2)

#### A. Likelihood of Settlement

Plaintiffs believe that that any discussion of settlement would be premature at this stage. Defendants believe that settlement is unlikely. Nonetheless, if the Motion to Dismiss is denied in whole or in part, the Parties agree to comply with any requirements under the Local Rules with respect to good faith settlement discussions.

#### B. Likelihood of Appearance in the Action of Additional Parties

Plaintiffs believe that, as discovery progresses, additional parties may be added. Defendants reserve all rights on this issue.

#### C. Proposed Limits on Time

*See* the proposed case schedule at Section V, below.

#### D. Proposals for the Formulation and Simplification of Issues

Plaintiffs submit that the Parties will work in good faith to simplify the issues at an appropriate time. Defendants submit that, if their Motion to Dismiss is granted, there will be no need for the

formulation and simplification of issues, and propose that this issue be revisited, if necessary, after the Court has ruled on the Motion to Dismiss.

### E. Necessity or Desirability of Amendments to the Pleadings

Although the Parties do not anticipate a need to amend the pleadings at this time, Plaintiffs have proposed a deadline for amendments in their proposed schedule for after the Court's decision on class certification, in the event Plaintiffs need to convert this action to a mass action.

Defendants believe that, if the Court grants the Motion to Dismiss, any proposed amendment to the pleadings may be unnecessary and/or improper, and request that the issue be revisited, if necessary, after the Court rules on the  Motion to Dismiss.

### F. Possibility of Obtaining Admissions and Stipulations

Plaintiffs will cooperate in good faith to obtain admissions and stipulations in the discovery process that will limit the issues in dispute and reduce the time needed to conduct a trial. Defendants will endeavor to do the same if Plaintiffs' Complaint survives the  Motion to Dismiss, The Parties will also cooperate in good faith on stipulations regarding the authenticity of documents to avoid unnecessary disputes at trial. As to electronic discovery, the Parties will cooperate in good faith to develop a protocol to facilitate electronic discovery without the involvement of the Court. Defendants submit that this issue should be revisited, if necessary, after the Court rules on Defendants'  Motion to Dismiss.

### G. Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence

Plaintiffs have no suggestions at this time but will cooperate in good faith to eliminate unnecessary proof and cumulative evidence. Plaintiffs submit that they will endeavor to utilize all relevant information and discovery from *Cassidy v. Voyager Digital LLC, et al.,* Case No. 21-24441-CIV-ALTONAGA/Torres (S.D. Fla.) to the fullest extent permitted in order to streamline these proceedings.

Defendants submit that this issue should be revisited, if necessary, after the Court rules on Defendants'  Motion to Dismiss. Defendants are not presently aware of what "information and discovery" was obtained by Plaintiffs in the Cassidy action before such action was stayed.

### H. The Advisability of Referring of Matters to a Magistrate Judge

Plaintiffs consent to refer discovery motions to a Magistrate Judge. Defendants submit that the issue of whether discovery motions and other discovery-related disputes should be referred to a

6

Magistrate Judge, should be revisited, if necessary, after the Court rules on Defendants' Motion to Dismiss.

The Parties do not consent to trial by a Magistrate Judge, nor to the disposition of dispositive pre-trial motions by a Magistrate Judge.

### I.  Preliminary Estimate of Time Required for Trial

Plaintiffs estimate that a trial in this matter would require 5–7 days. Plaintiffs demand a jury trial.

If, *arguendo*, Plaintiffs' claims were to survive the Motion to Dismiss and summary judgment, Defendants believe a trial of such claims would likely require more than 10 trial days.

### J.  Pretrial Conference and Trial Dates

*See* Section V, below.

### K.  Any Discovery Issues

Plaintiffs will cooperate in good faith to develop protocols to facilitate electronic discovery and govern privilege issues without the involvement of the Court. This may include the submission of an agreed confidentiality order.

Defendants submit, as set forth in Section III.F, *supra*, in the event Plaintiffs' Complaint survives the Motion to Dismiss, Defendants will cooperate in good faith to develop protocols to facilitate electronic discovery and govern privilege and confidentiality issues without the involvement of the Court, including an agreed confidentiality order.

Defendants submit that this issue should be revisited, if necessary, after the Court rules on Defendants' Motion to Dismiss. As set forth in Section II, supra, Defendants submit that a stay of discovery should be in place pending the Court's ruling on the Motion to Dismiss.

## IV.  Additional Information Required by L.R. 16(B)(3)

### A.  Assignment of the Case to a Particular Track

Plaintiffs' position is that, if the Motion to Dismiss the Complaint is denied, and given that Plaintiffs' pending motion for class certification seeks only certification of an issue class and an expedited determination on the question of whether the EPAs constitute unregistered securities, Plaintiffs believe the case would merit a standard case management track at this stage, as defined by Local Rule 16.1, and as set forth in their schedule proposed in section V, below.

Defendants believe that, if Plaintiffs' Complaint survives the Motion to Dismiss, the case merits a complex case management track, as defined by Local Rule 16.1.

7

### B. Detailed Discovery Schedule

Defendants submit that all discovery should be stayed until the Court rules on Defendants' Motion to Dismiss. Subject to that reservation of rights, the Parties' respective scheduling proposals are set forth below, at Section V.

### C. Any Agreements or Issues Regarding Discovery

There are currently no agreements or issues to be decided by the Court regarding the preservation, disclosure, and discovery of documents, electronically stored information, or other tangible things. If the Motion to Dismiss the Complaint is denied, the Parties will cooperate in good faith to develop protocols to facilitate electronic discovery and govern privilege and confidentiality issues without the involvement of the Court. Defendants submit that if the Motion to Dismiss is granted, there will be no need for discovery in this action.

## V. The Parties' Proposed Schedule

Plaintiffs propose the following schedule:

| Date | Deadline or Event |
|---|---|
| November 18, 2022 | Deadline for Defendants to respond to the Amended Complaint |
| November 18, 2022 | Deadline to furnish Initial Disclosures pursuant to FRCP 26 |
| December 1, 2022 | Deadline to select a mediator, and schedule time, date and place |
| January 13, 2023 | Deadline for Plaintiffs to file Motion for Class Certification |
| November 29, 2022 | Deadline for Defendants to file response to Plaintiffs' Motion for Class Certification |
| December 6, 2022 | Deadline for Plaintiffs to file Reply in support of Plaintiff's Motion for Class Certification |
| To be set by the Court. | Hearing on Plaintiff's Motion for Class Certification |
| Within 21 days following the Court's ruling on Plaintiff's motion for class certification | Deadline to file motions to amend pleadings or join parties |
| April 7, 2023 | Deadline to complete fact discovery |
| April 7, 2023 | Deadline for Parties to disclose experts, expert witness summaries and reports |
| April 28, 2023 | Deadline to complete mediation |

8

| | |
|---|---|
| Within 28 days of each Party's expert disclosures | Deadline to exchange rebuttal expert witness summaries and reports |
| Within 21 days of each Party's rebuttal expert disclosures | Deadline to complete expert discovery |
| June 30, 2023 | Deadline to file all dispositive pre-trial motions |
| July 21, 2023 | Deadline to respond to all dispositive pre-trial motions |
| August 4, 2023 | Deadline to reply in support of all dispositive pre-trial motions |
| August 11, 2023 | |
| | Deadline to file joint pretrial stipulation, witness lists, exhibit lists, accordance with Local Rule 16.1(d) and (e), and proposed jury instructions/conclusions of law (for non-jury trials) |
| August 18, 2023 | Deadline for Parties to submit their deposition designations |
| August 25, 2023 | Deadline to file *Daubert* motions, motions to strike experts |
| September 11, 2023 (approximate) | Two-week trial period commences |

As stated in Section II, *supra*, and as set forth more fully in Defendants' Motion to Stay (filed today), Defendants propose that discovery and any motion practice relating to class certification be stayed unless and until Defendants' Motion to Dismiss is denied in whole or in part. Accordingly, Defendants propose the following schedule, which is conditioned on, and built out from, any potential adverse ruling on the Motion to Dismiss, and is subject to any further extensions that may be granted by the Court:

| Date | Deadline or Event |
|---|---|
| November 18, 2022 | Deadline for Defendants' Motion to Dismiss and any motion to stay discovery pending a ruling on the Motion to Dismiss |
| December 19, 2022 | Deadline for Plaintiffs to oppose Motion to Dismiss |
| January 18, 2023 | Deadline for Defendants to file reply in support of Motion to Dismiss |
| 14 days following the Court's ruling on the | Deadline for the Parties to furnish their Initial |

9

| | |
|---|---|
| Motion to Dismiss (if the Court denies in part or whole such Motion to Dismiss) | Disclosures pursuant to Fed. R. Civ. P. 26 |
| 20 days after the Court's ruling on the Motion to Dismiss (if the Court denies in part or whole such Motion to Dismiss) | Deadline for the Plaintiffs to move for class certification |
| 90 days following the filing of Plaintiffs' Motion for Class Certification | Deadline for completion of "Phase I" discovery related to class certification |
| 30 days following the completion of class discovery | Deadline for Defendants to respond to Plaintiffs' Motion for Class Certification |
| 15 days following the filing of Defendants' response to the Motion for Class Certification | Deadline for Plaintiffs to file reply in support of Motion for Class Certification |
| 7 days following the Court's ruling on Plaintiffs' motion for class certification | Deadline for Parties to amend pleadings and join additional parties |
| 270 days following the Court's ruling on Plaintiffs' motion for class certification | Deadline to complete fact discovery<br><br>Deadline to select a mediator |
| 30 days following the close of fact discovery | Deadline for the Parties to disclose experts, expert witness summaries and reports<br>Deadline to complete mediation |
| 30 days following each Party's expert disclosure | Deadline to exchange rebuttal expert witness summaries and reports |
| 30 days following each Party's rebuttal expert disclosures | Deadline to complete expert discovery |
| 30 days following the close of expert discovery | Deadline to file dispositive pre-trial motions |
| 14 days following the filing of pre-trial motions | Deadline to respond to dispositive pre-trial motions |
| 7 days following filing of responses to dispositive pre-trial motions | Deadline to file replies in support of dispositive pre-trial motions |
| 30 days following the filing of replies in support of dispositive pre-trial motions | Deadline to file joint pretrial stipulation, witness lists, exhibit lists, accordance with Local Rule 16.1(d) and (e), and proposed jury instructions/conclusions of law (for non-jury trials)<br>Deadline for Parties to exchange affirmative deposition designations |
| 10 days following the exchange of deposition designations | Deadline for Parties to exchange counter-designations and objections to deposition designations |
| 7 days following the exchange of counter-designations and objections | Deadline for Parties to exchange rebuttal designations and objections to counter-designations |
| 5 days following the exchange of rebuttal designation and objections | Deadline for Parties to exchange objections to rebuttal designations and submit deposition designations, with objections thereto |
| 14 days following the submission of deposition designation and objections | Deadline for Parties to file *Daubert* motions, motions to strike experts, and motions *in limine* (collectively "Evidentiary Motions") |

| 14 days following the filing of each Party's Evidentiary Motions | Deadline for Parties to respond to Evidentiary Motions |
|---|---|
| 7 days following the filing of each Party's Evidentiary Motions | Deadline for the Parties to file replies in support of Evidentiary Motions |
| June 15, 2024, or 7 days following the filing of the Parties' replies in support of Evidentiary Motions, whichever is later | Trial commences |

## VI. Federal Rule of Civil Procedure 26(F)(3) Discovery Plan

**A.  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

Plaintiffs propose that the Parties serve Initial Disclosures on November 18, 2022, and supplement their Disclosures, if necessary, in accordance with F.R.C.P. 26(a).

Defendants, as set forth in Section V, *supra*, propose that Initial Disclosure be served 14 days after any ruling from the Court denying Defendants' Motion to Dismiss in whole or in part. Defendants have included in their Motion to Stay a request that the Court stay the parties' obligations to provide initial disclosures under Rule 26(a).

**B.  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiffs' discovery will be centered on Defendants' practices, agreements, and representations concerning the Voyager Earn Program Accounts ("EPAs") as marketed and promoted by the Defendants. Plaintiffs submit that discovery should not be phased or otherwise limited to any particular issues.

Defendants submit that no discovery should be conducted until Defendants' Motion to Dismiss is decided. In the event Defendants' Motion to Dismiss is denied in whole or in part, Defendants submit that discovery should proceed in two phases: with "Phase I" consisting of class-related discovery; and "Phase II" consisting of merits-related discovery only after it is determined whether or not a class will be certified. Defendants' Phase I class discovery will primarily focus on how and when each Plaintiff became a Voyager customer, when, if at all, each Plaintiff received an EPA, and what information about Voyager, the Voyager Platform, and the EPAs was available to and known by each Plaintiff when he or she became a Voyager customer, and other matters relating to the conduct and knowledge of Plaintiffs.  Defendants' Phase II discovery will focus more generally on the

11

conduct of Voyager and the practices of Voyager and its current and former management.

  **C.**  **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

Plaintiffs will work in good faith to resolve issues concerning discovery and the production of electronically stored information. Defendants submit that, in the event that Defendants' Motion to Dismiss is denied in whole or in part, Defendants will work in good faith to resolve issues concerning discovery and the production of electronically stored information. The Parties will use their best efforts to resolve discovery disputes without the need for unnecessary motion practice before the Court, but respectfully reserve their rights to seek assistance from the Court if needed.

Defendants submit that no discovery should occur prior to the Court's ruling on the Motion to Dismiss.

  **D.**  **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

Plaintiffs agree to use the procedures set forth in Fed. R. Civ. P. 26(b)(5), Fed. R. Evid. 502, and any protective order entered in this action regarding any claims of privilege or protection for materials asserted as prepared in anticipation of litigation or trial. Defendants submit that, in the event that Defendants' Motion to Dismiss is denied in whole or in part, Defendants will cooperate in good faith to develop a protocol governing any additional privilege issues.

Defendants submit that this issue should be revisited, if necessary, once the Court has ruled on Defendants' Motion to Dismiss.

  **E.**  **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

At this time, subject to Defendants' reservation of rights as set forth herein, the Parties do not propose any additional limitations on discovery besides what has already been addressed herein.

  **F.**  **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

At this time, the Parties do not propose any changes to the limitations imposed under the Federal Rules of Civil Procedure.

  Dated: November 18, 2022

| | |
|---|---|
| By: /s/ Adam Moskowitz<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>adam@moskowitz-law.com<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>joseph@moskowitz-law.com<br>Barbara C. Lewis<br>barbara@moskowitz-law.com<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>2 Alhambra Plaza, Suite 601<br>Coral Gables, FL 33134<br>Telephone: (305) 740-1423<br><br>By: /s/ David Boies<br>David Boies<br>(Admitted Pro Hac Vice)<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Phone: (914) 749–8200<br>dboies@bsfllp.com<br><br>By: /s/ Stephen Neal Zack<br>Stephen Neal Zack<br>Florida Bar No. 145215<br>Hon. Ursula Ungaro (Ret.)<br>Florida Bar No. 200883<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., Suite 2800<br>Miami, FL 33131<br>Office: 305-539-8400<br>szack@bsfllp.com<br>uungaro@bsfllp.com<br><br>*Co-Counsel for Plaintiffs and the Class* | By: /s/ Christopher E. Knight<br>Christopher E. Knight<br>Florida Bar No. 607363<br>cknight@fowler-white.com<br>**FOWLER WHITE BURNETT, P.A.**<br>Brickell Arch, Fourteenth Floor<br>1395 Brickell Avenue<br>Miami, FL 33131<br>Telephone: (305) 789-9200<br>Facsimile: (305) 789-9201<br><br>Stephen A. Best (*pro hac vice*)<br>sbest@brownrudnick.com<br>Rachel O. Wolkinson (*pro hac vice*)<br>rwolkinson@brownrudnick.com<br>**Brown Rudnick LLP**<br>601 Thirteenth Street NW Suite 600<br>Washington, DC 20005<br>Telephone: (202) 536-1737<br><br>Sigmund Wissner-Gross (*pro hac vice*)<br>swissner-gross@brownrudnick.com<br>Jessica N. Meyers (*pro hac vice* )<br>jmeyers@brownrudnick.com<br>**Brown Rudnick LLP**<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br><br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on November 18, 2022, with the Court via the CM/ECF system, which will send notification of such filing to all attorneys of record.

By: *s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ