**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No: 1:22-cv-22538 (Altman/Reid)

PIERCE ROBERTSON, RACHEL GOLD, SANFORD GOLD, RAHIL SAYED, CHRISTOPHER EHRENTRAUT, TODD MANGANIELLO, DAN NEWSOM, WILLIAM AYER, ANTHONY DORN, DAMECO GATES, MARSHALL PETERS, and EDWIN GARRISON, on behalf of themselves and all others similarly situated,

    Plaintiffs,

    v.

MARK CUBAN, et al.

    Defendants.

**DEFENDANTS MARK CUBAN'S AND DALLAS BASKETBALL LIMITED'S
RESPONSE TO PLAINTIFFS' MOTION TO ENLARGE TIME (ECF NO. 48)**

## INTRODUCTION

Defendants respectfully oppose Plaintiffs' motion for an extension of 30 days to respond to Defendants' motion to dismiss ("Motion to Dismiss" or "MTD"), and to require Defendants to make the two Declarants (who provided limited Declarations in support of the jurisdictional motion) available for depositions within the next 25 days prior to the filing of Defendants' opposition papers. While Defendants do not oppose the 14-day extension that Plaintiffs actually had requested of Defendants (and which Defendants advised Plaintiffs was acceptable), provided that Defendants have to January 6, 2023 to file a Reply, Plaintiffs filed a disingenuous motion, rather than proceeding to a Meet and Confer that Plaintiffs proposed to be held today.  Plaintiffs' motion, filed on the eve of Plaintiffs' deadline to respond to Defendants' Motion to Dismiss (which is due on December 2) changes the "ask" of Plaintiffs and regrettably includes a false and diversionary narrative of events drafted in an attempt to dupe the Court into believing that Plaintiffs did due diligence on jurisdiction (they apparently did not) prior to commencing this action and that Defendants are unwilling to engage in Plaintiffs' request to depose Mark Cuban and Matt Wojciechowski (the two Declarants)  (Defendants in fact have been prepared to so engage in good faith with Plaintiffs).

As discussed below, given the litany of pending discovery and scheduling disputes which remain unresolved, Defendants request that such discovery and scheduling disputes (and pre-trial discovery generally) be referred to Magistrate Judge Reid, who has been assigned to this case.

## FACTUAL BACKGROUND AND LEGAL ARGUMENT

Plaintiffs' motion fails to disclose the actual posture of the case and fails to address the relevant standards for the procedures they proposed to be adopted. First, Plaintiffs fail to disclose to the Court that Defendants sent Plaintiffs a letter on December 1, 2022, hours prior to the filing of the Motion to Enlarge Time, agreeing to Plaintiffs' actual request for a two week extension of time to file their opposition brief in exchange for modest extensions of time for the filing deadline of Defendants' Reply on the Motion to Dismiss and discovery responses to accommodate December work and holiday schedules.  *See* Exhibit A, Dec. 1, 2022 Ltr from C. Knight to A.

Moskowitz ("December 1 Letter").[1] Second, at the request of Plaintiffs, the parties were scheduled to discuss various pending discovery requests, and in particular scheduling issues, during a zoom meet and confer at 3:00 p.m. Eastern on December 2, 2022. Unfortunately, Plaintiffs' counsel failed to appear at the December 2 Meet and Confer that they had proposed to occur at such time.[2] Third, as discussed below, Plaintiffs conveniently ignore a plethora of case law in this District and elsewhere, discussed below, requiring that a plaintiff demonstrate in plaintiffs' response to a jurisdictional motion to dismiss that a credible basis exists to take jurisdictional discovery. While Plaintiffs have failed to satisfy that standard, in light of the Court's prior ruling denying a plenary stay of discovery, Defendants are prepared to make the Declarants available at a mutually convenient time to be deposed on jurisdictional issues, and to consent to both sides having the right to briefly supplement their argument on jurisdiction to address any information that is elicited at such depositions.[3]

Defendants therefore urge, for the reasons set forth herein, that Plaintiffs' request as framed be denied, that Plaintiffs be directed to file their response to the entire Motion to Dismiss by

---

[1] Prior to December 1, 2022, Defendants provided to Plaintiffs a draft Protective Order. On December 1, 2022, in response to Plaintiffs' request that Defendants provide a redline copy of the draft Protective Order marked against the Protective Order entered in the now-stayed *Cassidy* case against Voyager, Defendants did so. Since this is a redlined copy, Defendants do not submit it to the Court at this time, and in the event the parties are not able to agree to a form of Protective Order that should govern this case, Defendants will submit to the Court their proposed form of Protective Order. In the event all discovery disputes are referred to the Magistrate Judge, Defendants anticipate that any unresolved discovery issues, including any open dispute as to the form of a Protective Order that should govern this case, will be addressed by the Magistrate Judge.

[2] Although Defendants' counsel provided a zoom log in for the Meet and Confer, for 3:00 p.m. on December 2, and further contacted Plaintiffs' counsel, Plaintiffs' counsel failed to appear for the Meet and Confer. Defendants' counsel waited approximately 20 minutes for Plaintiffs' counsel to attend before terminating the zoom call, but Plaintiffs' counsel did not do so, nor give Defendants' counsel the courtesy of advising them that Plaintiffs' counsel would not participate in the Meet and Confer that they had requested. At 3:25 pm on December 2, after the zoom call ended, Defendants received an email from Mr. Boies' assistant, advising Defendants' counsel that Mr. Boies "is at a hearing in Fla[,]" but none of the other counsel to Plaintiffs responded nor explained why they failed to appear or participate in the Meet and Confer they had requested. *See* Exhibit E.

[3] At present, neither Mr. Cuban nor the second Declarant are available to be deposed in either December 2022 or January 2023. Defendants are prepared to make them available to be deposed on jurisdictional issues in February 2023.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENLARGE TIME**                                    **PAGE 2**

December 16 (which would include the extra 14 days) and that, as set forth in Defendants' December 1 Letter, Defendants have until January 6, 2023 to file their Reply and that both sides be accorded an extra 10 pages to their respective opposition and Reply papers. In the unlikely event that any information is elicited at Declarants' depositions that warrants a short supplement on the issue of jurisdiction, Defendants do not object to such further supplementary briefing being made on the terms and conditions set forth by the Court. Further, given the host of discovery and scheduling disputes already at issue, the parties should be directed to Magistrate Judge Reid, who is already assigned to this case, to address the numerous discovery and related scheduling issues that have emerged over the past several weeks.

As discussed below, Plaintiffs actually had asked Defendants for a 14-day extension of time to respond to the Motion to Dismiss along with a 10-page enlargement of their opposition brief and Plaintiffs' advised Defendants' counsel as much, in an email dated November 29, 2022 (annexed as Exhibit B hereto). In their December 1 Letter, Defendants consented to the 14-day extension of time and to the 10-page enlargement of their opposition brief, but did not consent to Defendants' request that the two Declarants, Mr. Cuban and Mr. Wojciechowski be deposed prior to the submission of Plaintiffs' opposition papers. *See* December 1 Letter at 1. Further, as explained below, Plaintiffs appear to be on a reckless fishing expedition and are seeking to take a variety of non-party depositions that plainly have no connection whatsoever to any issue in this case, not even to any issue relating to jurisdiction.

Requiring the completion of briefing on the Motion to Dismiss now serves judicial efficiency. Even if, *arguendo*, the Court concludes that Plaintiffs have met their burden to establish personal jurisdiction over Defendants, the Amended Complaint should still be dismissed for failure to comply with Rule 12(b)(6) and Rule 9(b), or alternatively for failure to join necessary parties.[4] Thus, it would be most efficient for briefing to be completed now of all the various independent grounds for dismissal.

---

[4] Plaintiffs continued emphasis on the interconnection among Defendants and Voyager (as well as Mr. Ehrlich in his capacity as Voyager's former CEO), both for jurisdictional issues and argumentative color, only further supports the proposition that Voyager Digital Ltd. is a necessary party in this litigation, as stated in Defendants' Motion to Dismiss, *see* MTD Section III.

Given the multitude of discovery and pre-trial scheduling disputes already at play in the case, Defendants respectfully submit that all discovery and pre-trial scheduling issues be referred to Magistrate Judge Reid, who can supervise the parties' pending discovery and related scheduling disputes. Moreover, as discussed below, Defendants believe that Plaintiffs' efforts to take irrelevant third party discovery in December 2022 will likely result in further discovery disputes. Plaintiffs' effort to throw mud against the wall, and try to proceed with irrelevant third party discovery, while at the same time pressing for merits discovery of Defendants prior to taking the now requested jurisdictional discovery has made a literal mess of these proceedings. If Defendants' Motion to Dismiss is granted, all of such misdirection by Plaintiffs to muddle the record will be moot. While Defendants recognize that the Court denied both Plaintiffs' pre-mature motion for class certification and Defendants' motion for a global stay of discovery, this case nonetheless would be best served if the Court, or Magistrate Judge Reid, were to direct an orderly sequencing of any discovery, so that the parties' and the Court's efforts can be efficiently directed to determining the issues in an orderly sequence.[5]

Plaintiffs' most recent misstatements of the record begin with their citation to the Chief Judge's ruling in the *Cassidy* class action. To start, Plaintiffs take the confusing position that issues related to personal jurisdiction have been decided by the Court in that litigation. While Judge Altonaga did in fact allow limited jurisdictional discovery to take place in the *Cassidy* litigation, such discovery related directly to the *Cassidy* defendants, not to Mr. Cuban or the Dallas Mavericks, and as such is totally irrelevant to this action. In *Cassidy*, unlike this case, the issue was whether Voyager itself engaged in any solicitation of business in Florida and the extent of

---

[5] The parties have a number of other pending discovery disputes or unresolved discovery issues, which if not resolved during the parties' scheduled Meet and Confer, need to be addressed by Magistrate Reid, such as the form and content of a Protective Order, *see, e.g.*, Exhibit C, governing the production of documents and all other discovery (given the presence of sensitive commercial information in the case), objections to other forms of discovery sought by Plaintiffs (document requests, interrogatories, and requests to admit), the discovery sought by Defendants of Plaintiffs (including document requests and the timing and location of depositions to be taken of Plaintiffs), subject to Defendants' willingness to work out a reasonable overall schedule with Plaintiffs. Defendants have repeatedly requested of Plaintiffs that the parties agree to an orderly and logical sequencing of these proceedings, and have offered to sequence any discovery that is taken, but to date, Plaintiffs have refused to engage in any good faith effort to reach a consensual resolution of such disputes.

revenue obtained by Voyager in Florida. While *Cassidy* was stayed due to the bankruptcy filing of the Voyager entities, and the jurisdictional issues were never fully adjudicated, that case involved a completely different set of jurisdictional facts and circumstances than this case. There, Mr. Ehrlich, on behalf of Voyager, apparently came to Miami to promote Voyager. By contrast, as set forth in Mr. Cuban's Declaration, and not disputed by Plaintiffs, the ***only*** press conference conducted by Mr. Cuban with respect to Voyager occurred on October 27, 2021 in Dallas, Texas. The ***only*** meetings between Mr. Cuban with Mr. Ehrlich occurred in Dallas, the first of which was at the October 27, 2021 press conference, and the second of which occurred at a charity event in Dallas hosted by the Mavericks.[6] These jurisdictional facts are far different than the jurisdictional facts in *Cassidy*: Voyager was licensed to do business in Florida, and on that basis Judge Altonaga noted that "courts have concluded that similar evidence of business activity within a jurisdiction is sufficient to satisfy initial burden of alleging personal jurisdiction." ECF No. 36 at 3, Case No. 21-24441. Here, by contrast, Plaintiffs' Amended Complaint offers no specific jurisdictional facts, beyond conclusory allegations rotely tracking the long-arm statute, concerning Defendants' alleged jurisdictional contacts with Florida, and no amount of jurisdictional discovery will alter these basic facts—which Plaintiffs should have known or confirmed before filing its lawsuit. *See* Defendants' MTD at 6-13.

In Mr. Cuban's Declaration, he stated that he has attended conferences in Florida in 2022. *See* Cuban Decl., ¶ 8, ECF No. 41-2 at 2 of 3. That is a matter of public record. Mr. Cuban is a well-known businessman and is interviewed at lots of events each year, but as noted in his Declaration, his contacts with Florida are quite limited, and he at no time engaged in any conduct in Florida relating to the Mavericks' business deal with Voyager. Plaintiffs cite to no evidence to the contrary, and are not able to dispute any aspect of his Declaration. In any event, also a matter of public record is the fact that at the "North American Bitcoin Conference," held in January 2022,

---

[6] Plaintiffs purport to present false outrage at the apparent inconvenience relating to Defendants' submission of two short declarations by Mr. Cuban and Mr. Wojciechowski in support of Defendants' Motion to Dismiss on "the Friday before Thanksgiving." Motion at 1. Defendants filed their Motion to Dismiss on November 18, the date set by the Court for the Motion to Dismiss to be filed. However, submission of sworn statements by Defendants in connection with a motion to dismiss is standard operating procedure in nearly every case, *see, e.g.*, *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006), and in any event, Defendants' filed these Declarations, as noted, on the due date set by the Court.

which Plaintiffs now cite in their Motion to Enlarge Time, Mr. Cuban's remarks did not include a single reference to Voyager, something that Plaintiffs conspicuously omit mentioning. Since the interview that Mr. Cuban gave at such conference was available online long prior to commencement of this action, and presumably Plaintiffs could have watched the interview online had they done any basic due diligence on jurisdiction prior to the commencement of this action, there is clearly no need for them to depose Mr. Cuban on his attendance at such conference when there is already a public record of what Mr. Cuban said at such conference—it had nothing to do with Voyager. Defendants do not address herein why Mr. Cuban's attendance at a conference in Miami is otherwise facially legally insufficient to confer general jurisdiction over Mr. Cuban and provides no basis for any claim of long-arm jurisdiction over Mr. Cuban (since there is absolutely no connection between Mr. Cuban's attendance at a Miami crypto conference and the claims relating to Voyager), and respectfully refer the Court to Defendants' Motion to Dismiss for a more fulsome discussion of the applicable standards and case law; it is clear that Plaintiffs, in any event, are fully capable of advancing any arguments on jurisdiction they think appropriate without the need to take Mr. Cuban's deposition prior to filing their responsive papers.[7] Defendants respectfully reserve the right to address in their Reply in support of their Motion to Dismiss any specious arguments on in personam jurisdiction advanced by Plaintiffs.[8] In any event, as noted,

---

[7] For example, Plaintiffs cite in their Motion, at page 5, a link to a YouTube video during which Mr. Cuban, apparently speaking from his Dallas, Texas office, fields questions in a video chat from a Professor at The Wharton School, as purported support for the proposition that jurisdiction is appropriate in Florida simply by virtue of the fact that Mr. Cuban appeared in such a video uploaded to The Wharton School's YouTube account on January 26, 2022. During the interview, Mr. Cuban makes no reference to Florida or Florida residents, and at best, makes a passing reference to Voyager. Again, this interview has been available to Plaintiffs since it was uploaded by Wharton in January 2022. For purposes of jurisdiction, as noted in Defendants' Motion to Dismiss at 6-13, mere operation of a website and/or appearance on the internet accessible nationwide is *far* from a sufficient specific jurisdictional contact with Florida, and cannot serve as the basis to subject Mr. Cuban to jurisdiction in Florida. *See* Motion to Dismiss at 6-13.

[8] *See* Defendants' Motion to Dismiss at 6-13 (discussion of general jurisdiction and long arm jurisdiction standard and why they are not satisfied in this action). It appears, from Plaintiffs efforts to address in a superficial fashion the jurisdictional issues on the Motion to Dismiss, that Plaintiffs started to work on their response to the Motion to Dismiss, found themselves flailing in response, and then on the eve of when the response was due (on December 2) filed this eleventh hour Motion for Brief Extension. Plaintiffs fail to advise the Court that a meet and confer had been scheduled, at Plaintiffs' request, for December 2, and Plaintiffs fail to submit to the Court the

Defendants are prepared to make the Declarants available to be deposed on jurisdictional issues at a mutually convenient time after the conclusion of briefing on the Motion to Dismiss.

Equally ridiculous is the statement by Plaintiffs that they are "now interviewing many [unspecified] people and witnesses about their interaction with Mr. Cuban here in Miami and at the International Event and his specific promotion of cryptocurrency." Motion at 5 n.3. In an outlandish example of complete hubris, Plaintiffs go on to proclaim that "Plaintiffs have set the deposition of a few third-party individuals, who may have specific information as to Mr. Cuban's actions in Miami and his full connections and contact with Voyager, so that the Court can better understand these sworn statements." *Id.* In fact, three of the four proposed third-party witnesses are (i) Jeffrey A. Mishkin (who has been noticed to be deposed on December 16, 2022), a senior Skadden Arps attorney who also is a mediator,[9] (ii) Henry "Que" Gaskins, the Chief Brand & Innovation Officer for the National Basketball Players Association (noticed for December 15, 2022), and (iii) Donnie Nelson, the former General Manager of the Dallas Mavericks, who was fired by Mr. Cuban in June 2021, months prior to the first contacts that the Mavericks ever had with Voyager.[10] Mr. Mishkin and Mr. Gaskins have absolutely nothing to do with the alleged business relations between the Mavericks and Voyager, and to be sure, would add nothing to the jurisdictional issues pending before the court, nor any of the facts at issue in this case. While Mr. Nelson has sued Mr. Cuban in Texas relating to his termination as General Manager of the Mavericks, it should be underscored that it is a public record that Mr. Nelson was terminated in June 2021 and that such termination occurred months before the first contact by Voyager with the Mavericks; it is beyond absurd for Plaintiffs to contend that such third-party witnesses "may have specific information as to Mr. Cuban's actions in Miami and his full connections and contact with Voyager…."[11] *See* Exhibit C. In the event Plaintiffs elect to pursue any of these entirely irrelevant

---

detailed December 1 Letter from Defendants addressing all the pending issues that Defendants anticipated addressing at such meet and confer that had been requested by Plaintiffs.

[9] Mr. Mishkin is also a former general counsel to the NBA, having left that position in 2000, approximately 21 years prior to the events at issue in this case.

[10] No notice of deposition has been provided yet for Mr. Nelson's deposition.

[11] Defendants understand that Plaintiffs also are seeking the deposition of the now-dismissed Stephen Ehrlich, the CEO of Voyager. Mr. Cuban stands by his Declaration, where he states that

non-party depositions, Defendants are confident that none of such witnesses will have anything relevant or even admissible to say about either the claims at issue in this case or any jurisdictional issues.

Plaintiffs' other arguments to seek jurisdictional discovery prior to submitting their response to the Motion to Dismiss are similarly misplaced. Plaintiffs quote from their Amended Complaint, where they allege that Mr. Ehrlich identified Mr. Cuban as "a tremendous advisor to me." *See* Motion at 8 (quoting Am. Compl., ¶ 62). While in fact, they met only twice (in Dallas), Mr. Cuban is not responsible for statements made by Mr. Ehrlich that mischaracterize their contacts, and in any event, the attributed statement does not say when or where Mr. Ehrlich had any meetings or discussions with Mr. Cuban. The fact that Mr. Ehrlich may have embellished his claimed relationship with Mr. Cuban does not assist, in any respect, Plaintiffs' conclusory allegations as to personal jurisdiction. Similarly, Plaintiffs' efforts to cherry pick statements made at the October 27, 2021 press conference are similarly unavailing, as Defendants demonstrate in their Motion to Dismiss.[12] Not quoted or cited by the Plaintiffs is the fact that even Mr. Ehrlich, at the press conference, states that Voyager hoped to develop a crypto hub in Dallas as a result of the new business relationship with the Mavericks.[13] Not a single word is said at the press

---

he met Mr. Ehrlich in person only twice, on both occasions in Dallas. While Plaintiffs apparently now concede that Mr. Cuban did not attend the Miami crypto conference discussed at some length in the Complaint, they also provide no claim or evidence that Mr. Cuban met with Mr. Ehrlich at the North American Bitcoin Conference in Miami. Rather, they simply speculate that if they depose Mr. Ehrlich, perhaps they will learn whether there was a chance encounter by Mr. Ehrlich and Mr. Cuban at the North American Bitcoin Conference in Miami. There was not. Indeed, as the schedule for the North American Bitcoin Conference, which Plaintiffs cite, indicates, Mr. Cuban and Mr. Ehrlich appeared at such conference on different days, and they had no contact with each other at such conference as a result. The foregoing is a matter of public record, *see* Exhibit D (available at: https://www.btcmiami.com/agenda), and a fishing expedition by Plaintiffs in an inappropriate vehicle to search for purported but non-existent jurisdictional facts. Plaintiffs should have done their homework on jurisdiction prior to filing this meritless action.

[12] A complete transcript of the October 27, 2021 press conference appears as Exhibit A to the Declaration of Matt Wojciechowski, the CFO of the Mavericks. As Defendants note in their Motion to Dismiss, while the Amended Complaint incorrectly alleges that the press conference was held on October 28, 2021, in fact it was held on October 27, 2021. MTD at 1 n.1.

[13] *See* Wojciechowski MTD Decl., Exhibit A at 7-8 (Ehrlich: "Now, why Dallas? You know, Texas itself is a state that is really becoming a crypto hub.").

conference about Florida, nor a single word at the press conference that Florida or any part of Florida is a focus for Voyager's anticipated development.

As Defendants have advised Plaintiffs, it is well-settled that a plaintiff is required to conduct a Rule 11 investigation as to whether a credible basis for personal jurisdiction exists over a defendant prior to the filing of a complaint. Courts in this District routinely have denied requests, such as that made by Plaintiffs here, to postpone their deadline to respond to a motion to dismiss that includes a personal jurisdiction challenge in order to engage in a fishing expedition for jurisdictional contacts. *See, e.g.*, *Eran Financial Services v. Eran Industries Ltd*, No. 21-CIV-81386-REINHART (D.E. 69) ("Plaintiff is not entitled to a stay of the briefing schedule while it belatedly pursues discovery of these facts, which Plaintiff was obligated to have had before filing a Complaint against [defendant].").[14] Indeed, where, as here, the Amended Complaint does not provide an alleged fact demonstrating any credible basis that in personam jurisdiction exists, Courts in this District have not hesitated to deny a request to conduct jurisdictional discovery. *See, e.g.*, *Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 535 F.Supp.3d 1299, 1307 (S.D. Fla. Apr. 27, 2021) (denying jurisdictional discovery where plaintiff did "not set forth any evidence to establish jurisdiction or rebut" the affidavit defendant filed in support of its motion to dismiss), rehearing denied, 2021 WL 3054908, at *3 (S.D. Fla. July 19, 2021) (also upholding denial of jurisdictional discovery where the amended complaint did not allege any facts supporting personal jurisdiction over the defendant); *see also Wolf v. Celebrity Cruises, Inc.*, 683 Fed. App'x 786, 792 (11th Cir. 2017) ("Mr. Wolf's general request for jurisdictional discovery . . . did not specify what information he sought or how that information would bolster his allegations. The

---

[14] *See also NF Imp. & Exp., Inc. v. Via Mat Int'l AG*, No. 11-23371-CIV-SEITZ/SIMONTON, 2012 WL 13013235, at *3 (S.D. Fla. May 8, 2012) ("While NF has requested additional time to complete jurisdictional discovery on the issues raised in the papers, the Court believes that time for such investigation was before, not after, filing suit."); *Yepez v. Regent Seven Seas Cruises*, No. 10-23920-CIV, 2011 WL 3439943, at *1-*2 (S.D. Fla. Aug. 5, 2011) ("[T]he failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute[,]" and noting "Plaintiff claims it cannot respond to [defendant's lack of personal jurisdiction] arguments without jurisdictional discovery. However, the Eleventh Circuit explained in *Lowery* that these are the types of facts plaintiffs are expected to investigate prior to filing suit. (citation omitted). Because the typical plaintiff is expected to be able to allege these facts in good faith without the benefit of discovery, the Court finds no reason to delay the instant litigation by permitting jurisdictional discovery.").

district court therefore did not improperly deny jurisdictional discovery."); *Singh v. Royal Caribbean Cruises Ltd.*, 576 F.Supp.3d 1166, 1182 (S.D. Fla. 2021) (denying plaintiff's request for jurisdictional discovery because plaintiff did not establish that a material jurisdictional fact was in dispute after citing *Wolf v. Celebrity Cruises, Inc.*, 683 Fed. App'x 786, 792 (11th Cir. 2017) for the proposition that "[t]he right to jurisdictional discovery is a qualified one, available 'when a court's jurisdiction is genuinely in dispute[,]'" concluding that plaintiff was "foreclosed from pursuing jurisdictional discovery in an attempt to marshal facts that he 'should have had—but did not—before coming through the courthouse doors.'" (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007)); *Hinkle v. Cont'l Motors, Inc.*, 268 F.Supp.3d 1312, 1328 (M.D. Fla. July 21, 2017) ("Jurisdictional discovery is not warranted here, even if it had been properly requested, because Plaintiffs did not submit affidavits or any other competent evidence that rebutted [defendants'] affidavits. Therefore, there is no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery."). While Defendants are prepared to make the Declarants available to be deposed on jurisdictional issues at a mutually convenient time, and propose that the parties be permitted to briefly supplement their jurisdictional briefing to the extent either side believes that information is elicited at such depositions that bears on the jurisdictional issues, Defendants respectfully submit that Plaintiffs have presented no basis for upending the briefing of the Defendants' Motion to Dismiss to insist on such jurisdictional discovery occurring prior to the completion of the parties' basic briefing on the Motion to Dismiss, which includes multiple grounds for dismissal.

## CONCLUSION

Defendants respectfully request that the Plaintiffs' request be denied. Alternatively, Defendants do not object to the Court granting a limited 14-day extension of time to Plaintiffs to submit their opposition to the Motion to Dismiss, and directing that Defendants' Reply papers be filed on or before January 6, 2023, and that both sides get an extra 10 pages of briefing on their respective filings, but otherwise denying Plaintiffs' motion. Defendants further respectfully request that the parties' discovery and scheduling disputes be referred to Magistrate Judge Reid.

Respectfully submitted this 2nd Day of December 2022.

/s/ *Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

-and-

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email:  sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email:  rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

-and-

        SIGMUND WISSNER-GROSS, ESQ.
*Pro Hac Vice*
Email: swissner-gross@brownrudnick.com

JESSICA N. MEYERS, ESQ.
*Pro Hac Vice*
Email: jmeyers@brownrudnick.com

BROWN RUDNICK LLP
Seven Times Square
New York, NY 11036
Telephone: (212) 209-4930

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        */s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

## SERVICE LIST

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Barbara C. Lewis, Esq.
The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
E-mail: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Email: barbara@moskowitz-law.com

*Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

David Boies, Esq.
*Pro Hac Vice*
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY  10504
Email:  dboies@bsfllp.com

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Stephen Neal Zack, Esq.
szack@bsfllp.com
Ursula Ungaro, Esq.
uungaro@bsfllp.com
Boies Schiller Flexner LLP
100 S.E. 2nd St., Suite 2800
Miami, FL 33131

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**