

Miami | Fort Lauderdale | Palm Beach | Tampa

**Christopher E. Knight**

(305) 789-9210 direct
(305) 728-7510 fax
cknight@fowler-white.com

December 1, 2022

**VIA EMAIL adam@moskowitz-law.com**

Adam M. Moskowitz, Esq.
The Moskowitz Law Firm
Two Alhambra Plaza, Suite 601
Coral Gables, FL 33134

   Re: *Robertson, Gold, et. al. v. Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, et. al.* - US Dist. Court. S.D. FL. Civil Case No. 1:22-cv-22538

Dear Adam:

  Thank you for your November 29, 2022 e-mail. I hope you and your team also had a great Thanksgiving.

  Addressing your last item first, we are available for a Meet and Confer tomorrow, December 2nd at 3:00 PM. Please circulate a Zoom invitation to our entire defense team, including all attorneys who have filed Notices of Appearance. Please advise us prior to the Meet and Confer whether you have any comments to the proposed Protective Order that we provided you last week. Attached is a redlined copy of the proposed Protective Order marked against the *Cassidy* Protective Order.

  We continue to be puzzled by your comments on deposition scheduling. With respect to Mr. Cuban and the Mavericks' Rule 30(b)(6) witness, we have advised you that they are not available on your proposed January 12-13, 2023 dates, and indicated that we would come back to you with alternative proposed dates. Instead of awaiting our proposed alternative dates for Mr. Cuban and the Mavericks' Rule 30(b)(6) witness, you now erroneously claim to need to take the deposition of Mr. Cuban and the Mavericks' Declarant on personal jurisdiction, in December 2022, prior to your response to the Defendants' Motion to Dismiss. First, neither our clients nor their counsel are available in December for any proposed deposition of Mr. Cuban or Mr. Wojciechowski. Second, you misapprehend the process for establishing personal jurisdiction. Your investigation on such issue should have occurred pre-suit, not post-filing of a lawsuit that, as here, plainly lacks any credible personal jurisdiction basis as to the Defendants. Third, as we presume you and your co-counsel are aware, it is standard procedure on a jurisdictional motion to dismiss for a limited client affidavit or declaration to be submitted in support of the jurisdictional motion that addresses the absence of relevant jurisdictional contacts. That is precisely what Defendants have done here.

Adam M. Moskowitz, Esq.
December 1, 2022
Page 2

The Courts in the Southern District of Florida do not favor, as you apparently propose here, to take fishing investigation discovery in an effort to manufacture a claim of personal jurisdiction where the operative complaint, at best, rotely and insufficiently alleges a conclusory ground for personal jurisdiction. As Magistrate Judge Reinhart recently held in a November 4, 2022 decision in *Eran Financial Services v. Eran Industries Ltd*, No. 21-CIV-81386-REINHART (D.E. 69), a plaintiff needs to do his/her homework regarding personal jurisdiction before filing suit (i.e., conduct a "pre-suit investigation"), especially in light of Rule 11's requirements, or face dismissal for lack of personal jurisdiction. Judge Reinhart indicated that "the Complaint's lack of factual allegations to support a finding of personal jurisdiction over the Morelux Defendants under the traditional long-arm process is relevant to whether to defer ruling on the motion until after jurisdictional discovery." [D.E. 69: p. 9]. Judge Reinhart denied the plaintiff's motion to stay the briefing schedule in order to conduct jurisdictional discovery and reasoned as follows: "Based on the dearth of facts showing traditional long-arm jurisdiction over Morelux, ***Plaintiff is not entitled to a stay of the briefing schedule while it belatedly pursues discovery of these facts, which Plaintiff was obligated to have had before filing a Complaint against Morelux***." [D.E. 69: p. 9 (emphasis added)].

In view of *Eran Financial Services* and similar authority, while we are prepared to consent to your request to have an additional two weeks to file your response to the Defendants' Motion to Dismiss, and do not oppose your request that you have an additional 10 pages for your opposition brief, we condition our consent on your agreement that you waive any right to take the deposition of either Mr. Cuban or Mr. Wojciechowski prior to the submission of your opposition papers. As you are aware, the Motion to Dismiss presents several grounds for dismissal of the Amended Complaint, of which lack of personal jurisdiction is only one. We also request, as part of a scheduling arrangement, that you consent to Defendants' Reply in support of the Motion to Dismiss, being due on January 6, 2023 (so my team doesn't have to work on this over the holidays) and that you consent to our having an extra 10 pages for the Reply.

As far as Mr. Cuban's and the Mavs' discovery responses are concerned, we propose, as part of an overall scheduling agreement, that the response deadline be extended for two weeks, just as the proposed extension Plaintiffs request to respond to Defendants' Motion to Dismiss.

We continue to be mystified by your proposed non-party discovery of Messrs. Gaskins, Mishkin and Nelson. We do not believe that any of them had any involvement with respect to the issues you have raised relative to Voyager, and believe that your efforts to depose them are vexatious, at best. Your refusal to explain what possible connection they have to Voyager simply underscores the lack of good faith to such proposed non-party discovery. You are well aware, for example, that Mr. Nelson was terminated by the Mavericks long prior to October 2021, and you have refused to explain to us what bona fide and non-vexatious basis you believe you have to depose any of them. We therefore renew our request that you withdraw the Notices of Taking Deposition and cancel the depositions of Messrs. Gaskins, Mishkin, and Nelson. You also have not provided a notice of deposition for Mr. Nelson, and if you insist on proceeding with his non-party deposition, we request that you provide us with a formal Notice of Deposition for his

Adam M. Moskowitz, Esq.
December 1, 2022
Page 3

deposition, while Defendants reserve all rights as to the propriety of his deposition and the other non-party depositions of Messrs. Gaskins and Mishkin.

Regarding the proposed deposition of Mr. Ehrlich, we will wait to hear back from Mr. Ehrlich's attorney about a proposed new date for that deposition, but consider this confirmation that Mr. Ehrlich will not be deposed in December 2022.

Finally, while we remain willing to discuss in good faith an overall protocol and schedule for discovery, if you continue to be unwilling to do so, we must insist that your clients be made available on the dates we have requested, and produce documents as requested prior to their respective depositions. We believe that there are serious threshold problems with virtually all of the named Plaintiffs, beyond the issues raised in the Defendants' Motion to Dismiss, and believe that an early examination of such threshold problems is especially warranted here, since, among other reasons, if none of your named Plaintiffs have standing to pursue any claims, that moots your purported interest in refiling a class certification motion. Since you have unilaterally selected dates for non-party and party depositions, have noticed several non-party depositions that appear to be facially vexatious, and have failed to engage with us in good faith on selecting convenient dates for any depositions, we think it is mandatory for Defendants to proceed with the depositions of Plaintiffs, as noticed and on the dates requested, in Miami.

We look forward to tomorrow's Meet and Confer.

Very truly yours,

FOWLER WHITE BURNETT, P.A.

Christopher E. Knight

Enclosure

cc:

David Boies
Joseph Kaye
Barbara Lewis
Hon. Ursula Ungaro (retired)
Stephen Zack
Stephen A. Best
Sigmund S. Wissner-Gross
Rachel O. Wolkinson