

Miami | Fort Lauderdale | Palm Beach | Tampa

**Christopher E. Knight**

(305) 789-9210 direct
(305) 728-7510 fax
cknight@fowler-white.com

November 22, 2022

**VIA EMAIL adam@moskowitz-law.com**

Adam M. Moskowitz, Esq.
The Moskowitz Law Firm
Two Alhambra Plaza, Suite 601
Coral Gables, FL 33134

      Re: *Robertson, Gold, et. al. v. Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, et. al.* - US Dist. Court. S.D. FL. Civil Case No. 1:22-cv-22538

Dear Adam:

      Thank you for your November 19, 2022 email. I did want to respond to some of the points you raised, and to provide you with a proposed Stipulated Protective Order ("PO") covering confidentiality issues. I also attach targeted discovery requests and deposition notices directed to the named Plaintiffs, which we will need to take if we don't work out a mutually agreeable schedule while awaiting the Court's ruling on the motion to dismiss that we filed on Friday, November 18th.

      As an initial matter, I do not understand the relevance of Mr. Bankman-Fried or FTX as it pertains to the discovery issues at hand. Since they are irrelevant, I see no reason to further respond to you on that point.

      We believe your comment that there is no need for a "Protective Order" misstates the Court's ruling, which was directed to a requested stay of discovery, not to any confidentiality issues (not an issue before the Court on the stay motion). This case will need a confidentiality agreement, as I am sure you recognize. We attach a proposed PO governing confidentiality issues for your consideration. It contains standard terms and conditions. We used the Cassidy Protective Order as a template and have made revisions to address the need for Highly Confidential/AEO designations and some other tweaks. If the attached form is acceptable, we can submit it for the Court's approval. As for the Sponsorship Agreement, once the PO is approved by the Court, we anticipate producing a copy in accordance with such PO. We also note, however, that to date, you have not responded to the questions contained in my October 20, 2022 letter. Specifically, (i) whether you have an unredacted copy of the Sponsorship Agreement, (ii) when you first received such copy of the Sponsorship Agreement, and (iii) to whom you have either provided a copy of such Sponsorship Agreement or communicated regarding the contents of such Sponsorship Agreement, and when you did so. We still need answers to those questions.

Adam M. Moskowitz, Esq.
November 22, 2022
Page 2

With regards to the 6 depositions you advise that you want to take, we are frankly puzzled as to why you believe you are entitled to depose Messrs. Gaskins, Mishkin, or Nelson with respect to any issue in this case. We are advised that neither Mr. Gaskins nor Mr. Mishkin had any connection whatsoever to the Mavericks' business deal with Voyager, and we are further advised that Mr. Nelson was terminated well prior to any contact with Voyager. Indeed, it is a matter of public record that Mr. Nelson was terminated by the Mavericks in June 2021, four months prior to the October 27, 2021 press conference. Please provide your good faith basis for wanting to depose these non-parties, as we are not aware of one. We believe that these three proposed depositions are vexatious, and urge you to withdraw the proposed notices.

Thank you for your concern about Mr. Cuban's deposition availability. Unfortunately, he is not available on the date you have proposed. We are following up with Mr. Cuban to identify his availability in February, which appears to be a more realistic time for any deposition of either Mr. Cuban or a Rule 30(b)(6) representative of the Mavericks. We will provide information concerning their availability next week.

As for Mr. Ehrlich, please advise us as to the status of your discussions with his counsel.

Finally, with respect to your clients, as you know, in any proposed class action, there needs to be discovery taken of the plaintiffs. While in your now denied class certification motion, you advanced four proposed class representatives, we need prompt discovery of all the named plaintiffs. We believe that there are serious Rule 11 issues as to the standing of virtually all of the named plaintiffs to pursue claims against our clients, beyond the issues raised in the defendants' motion to dismiss. We need to expeditiously develop the record with regard to each of the plaintiffs in order to both address their standing and to respond to any future re-filed class certification motion, in the event we are not otherwise able to reach an agreement on the scope of discovery that should proceed while the motion to dismiss is pending. Please confirm that each of the plaintiffs will be made available on the proposed dates we have noticed them for, and that all responsive documents will be produced prior to the first deposition of plaintiffs.

We remain prepared nonetheless to engage with you in good faith to see if we can agree on a mutually agreeable path forward in discovery that we can jointly submit to the Court.

We are available for a meet and confer Wednesday morning. Alternatively, we propose Monday, November 28, 2022 due to Wednesday's proximity to Thanksgiving and attendee availability.

Let us know.

Adam M. Moskowitz, Esq.
November 22, 2022
Page 3

        Very truly yours,

        FOWLER WHITE BURNETT, P.A.

        Christopher E. Knight

cc:

Steve A. Best
Sigmund S. Wissner-Gross
Rachel O. Wolkinson
David Boies
Barbara Lewis
Hon. Ursula Ungaro (Ret.)
Stephen Zack