# Exhibit A

| | |
|---|---|
| **From:** | Adam Moskowitz |
| **To:** | Angela Herazo; Joseph Kaye; Barbara C. Lewis; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com |
| **Cc:** | Alexandra L. Tifford; CHRISTOPHER E. KNIGHT; Glorissa Olivares; SBest@brownrudnick.com; Wolkinson, Rachel O.; SWissner-Gross@brownrudnick.com; Stephen N. Zack; Ursula Ungaro; Jason Rosell; David Boies; Linda Carlsen; Barbara C. Lewis; Rejane Passos |
| **Subject:** | RE: Robertson, Gold, et. al. v. Mark Cuban, Dallas Basketball Limited, et. al. | Case No. 1:22-cv-22538 - Correspondence |
| **Date:** | Tuesday, November 29, 2022 5:49:02 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png |

Chris:  I hope you and your team had a great Thanksgiving holiday.  I see that you are back to attaching formal letters (this was from November 22) to your emails, but for sake of brevity, I will stick to my emails.  I know we are both glad that Judge Altman finally ruled that there will be no stay in this case, so that the proceedings will move expeditiously.  At this stage, it is our intention to re-file a very similar Motion for Class Certification, after the Court denies your Motion to Dismiss, because I think we both want a quick ruling also on whether these Voyager accounts were securities. We can also agree that we are certainly in crazy times, with a new crypto company declaring bankruptcy almost every day, causing billions in additional loses to consumers across the country.  We need to now follow up on rumors we heard that FTX may have made their fake bid to buy Voyager in the NY bankruptcy court, simply to cover up various loans with Voyager, which might have caused their FTX ponzi scheme to collapse sooner.

We also have no idea why Mr. Cuban decided to make his public comments about the leadership of both Voyager and FTX, and even stranger, who gave him legal advice to submit a 2 page Sworn Declaration in support of your Motion to Dismiss.  You know full well the law here in South Florida (and across the country) that a party is **always permitted** to challenge the veracity of any such Sworn Allegations, in that you are specifically relying upon them in support of your Motion to Dismiss.  We originally had him planned to be deposed in early January, so we now have to schedule a time take his deposition

prior to the due date of our Opposition to your Motion to Dismiss. As you know, we made specific allegations regarding Mr. Cuban and his Mavericks fraudulent activities for more than a year ago (in our original Complaint), well before Voyager's lawyers represented to Chief Judge Altonaga that there was "no rush", and "no reason" not to stay all discovery, because Voyager was not secretly planning to file for bankruptcy protection, just days before the Order was to be entered (on requiring arbitration and appointing Lead Plaintiff and Lead Counsel under the PSLRA).

In any event, we will try to go in order of items we raised and you raised, so when we have our meet and confer (we are available on Friday most of the day), we can go through each item and have them ready (if either of us) want to Notice them for the Magistrate or Judge Altman:

1. **Discovery from Defendants Cuban and the Mavericks**: Your belated motion to stay was denied, so all of your discovery (RFP to Mr. Cuban and the Mavericks, Set of Interrogatories to Mr. Cuban and the Mavericks, and RFA to Mr. Cuban), are due next week by December 7th. We will certainly meet and confer on all any of your objections that are filed next week and have those resolved by the Court very quickly.

2. **Discovery from 3rd Parties:** We currently have scheduled the depositions of Henry Gaskins for Dec. 15, Jeff Mishkin for Dec. 16 and Steve Ehrlich for December 19. We are working with counsel for Mr. Nelson and will keep you updated on any changes. We have been asking for months for your cooperation (and available alternative dates), but to date we still have not received any dates. You were copied on an email to Mr. Erhlich's counsel today, so we

will both hear back from him by Thursday and re-notice his deposition for early January. We certainly do not need to prove to you why we plan to take these few 3rd party depositions, as you demand in your letter and we will deal with their counsel directly.

3. **Depositions of Mark Cuban and the Corporate Representative of the Dallas Mavericks**: We have confirming emails going back 2 months, where you agreed to provide us with available deposition dates -- if your motion to stay was denied -- but you put all of your eggs in the stay basked and never provided us with any alternative dates. We originally set Mr. Cuban and the Mavericks Corp Rep. for deposition January 12 and January 13, but you now require us to move them up for Mr. Cuban and for Mr. Wojociechowski (because he also provided a Sworn Declaration in support of your Motion to Dismiss and appears to be the Corporate Representative for the Defendant Dallas Mavericks). Again, we have no idea why you decided it was necessary to file a Sworn Declaration of Mr. Cuban, in support of your Motion to Dismiss, unless he really wants to provide a deposition quickly in this matter, but you know very well, that we have very right to take his deposition (as well as Mr. Wojociechowski) to question their allegations, as well as all related issues. The two options are we can extend the deadline for our Opposition (the next issue) and/or make sure we take his deposition prior to the deadline for our Opposition to your Motion.

4. **Opposition to your Motion to Dismiss**: In that we received your Motion over Thanksgiving, we are going to file tomorrow a Motion to Enlarge the Time for our Response seeking just two weeks (and for 30 pages, the same as you were granted), so we hope you will agree that we can simply represent that "you take no position on the matter", not that you agree. That would make our Opposition

due December 16th and we currently have set the depositions of Mr. Cuban and the Mavericks Corp Rep. for Jan. 13 and 14th. We can either move up those depositions to any days during the week of December 12th, or we can explain to the Court that you decided to include these 2 Sworn Declarations in support of your Motion to Dismiss, so we need to depose those 2 individuals, prior to filing our Opposition, so we will instead take until Monday, January 9th, and you can tell us any dates that work for their depositions—from the date all objections are resolved and we have the discovery, until 3 days before the brief is due. We are certainly open to any and all other suggestions and glad to seek advice from the Court and can speak on Friday.

5. **Discovery from our Plaintiffs**: Thank you for letting us know that you desire to take the depositions of our plaintiffs. Not sure why you always need to start with the threat of "sanctions" as a reason to take certain action, we all agree you can depose them. Now that your motion to stay was denied, you have every right to depose the plaintiffs. You know our local procedure is not to send out Notices, but instead, to work with us on amicable dates. It does not appear that you are relying at all on any of our clients in support of your filed Motion to Dismiss, so that timing may not play an issue. With the holidays coming up quickly, we think we can start to make our clients available for deposition in middle January. We would highly recommend that you take these depositions by Zoom (as we are taking from you and the 3rd party witnesses) because there is a new wave of COVID affecting many of them and with technology and travel, that process would be a lot easier to arrange. Let's certainly put that issue on our Agenda for our meet and confer on Friday. Also, trying to gather

responsive materials from all of these plaintiffs will take time over the holidays, so we would respectfully ask to provide you with our objections/responses by January 9th.

6. **Confidentiality Order**: You state that you took the Confidentiality Order that we previously extensively negotiated, and had entered, in our pending *Cassidy* and made some revisions. Not sure why we cannot use the same Order, but to save time, if you can just send us a redline version, so we see exactly what changes you made to the existing PO, we might be able to quickly agree on Friday. The important provisions are that it: (1) requires you to have a good faith basis, before you designate any materials as "Confidential" and/or "Highly Confidential", (2) allows us to raise any of your designations with the Court, who will of course, make the ultimate decision on confidentiality, (3) allows us to share all of these materials with our consulting experts under the same protections (without having to tell you who they are and/or what we have shared), we should be okay. I thought we made it clear before, but we are NOT going to identify to you all of that information you demand (when we received it, who we have shared the Voyager/Mavericks Agreement with that **Voyager provided to us in the bankruptcy action** and unless we are able to agree upon the production of the document in this case (it was due with your Initial Disclosures), we will state again, clearly, we plan to use that Agreement (and file it *in camera*) with Judge Altman in Opposition to your Motion to Dismiss, so please take any and all measures you believe are necessary.

7. **Meet and Confer**: How about if we conduct our Meet and Confer on this Friday at 3pm with our team and your team, and we can try to resolve as many of these issues as possible and start the

weekend off on the right foot.

Thanks, Adam

Adam M. Moskowitz
The Moskowitz Law Firm
2 Alhambra Plaza
Suite 601
Coral Gables, Fl 33134
305.740.1423 main
786.309.9561 direct
adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>
www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

**From:** Adam Moskowitz
**Sent:** Monday, November 7, 2022 12:52 PM
**To:** Angela Herazo <aherazo@fowler-white.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; dboies@bsfllp.com
**Cc:** Alexandra L. Tifford <ATifford@fowler-white.com>; CHRISTOPHER E. KNIGHT <CKnight@fowler-white.com>; Glorissa Olivares <GOlivares@fowler-white.com>; SBest@brownrudnick.com; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; SWissner-Gross@brownrudnick.com; Stephen N. Zack <szack@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Rosell <jrosell@pszjlaw.com>; David Boies <dboies@bsfllp.com>; Linda Carlsen <lcarlsen@bsfllp.com>
**Subject:** RE: Robertson, Gold, et. al. v. Mark Cuban, Dallas Basketball Limited, et. al. | Case No. 1:22-cv-22538 - Correspondence

Chris:  I hope you informed your clients about your risky discovery strategy that you are attempting in this case, a strategy which has usually not been successful in our District.  You are certainly aware that under our local federal rules, you (nor any party) can unilaterally decide to stay discovery in the case and that can only be granted by the Court.  You have been telling us since August (when we conducted our Initial Meet and Confer Meeting) that you "would be seeking" a complete discovery stay in this matter, you said it would be sought very shortly, but to date, you have not filed any such requests with the Court.

You have this unusual practice of sending us formal Letters in this case (instead of talking on the phone and/or responding to any of our emails), so please just

make sure to comply with the professional rules and attach a copy of this email, to anything you file with the Court (in terms of seeking a stay), so the Court is apprised as to our position.

Initially, you told us in August (in confirmed emails) that the NY federal bankruptcy court was going to "stay" this specific action, but that was gone when Voyager's counsel agreed that if we dismissed Mr. Erhlich from these proceedings, they would have "no objection" to us proceeding with our claims specifically against your 2 clients (Mr. Cuban and the Dallas Mavericks).  We can all agree that you did not want this result, but Voyager decided to do what they did . Voyager also said we can represent to Judge Altman that they had no objection to our two Law Firms being appointed Co-Lead Interim Lead Counsel for the proposed class, but we decided seeking such Interim Appointment was not necessary at our the last hearing.  You know we already filed our Motion for Class Certification before Chief Judge Altonaga, on the issue of whether the Voyager App was the "sale of unregistered securities" (as alleged by the SEC), so that is an issue that will not require extensive discovery.

We specifically told you that after our August Initial Conference Meeting, we would serve discovery and wanted to work with you on specific deposition dates.  You have refused to meet with us on the dates.  Second, we have no idea why you told Judge Altman that we needed 30 days to submit the JSR (which we sent you a draft a few weeks ago), but it is clear that your plan was to just delay that second scheduling call, so that you can unilaterally grant yourself a stay in this case.  As you will see below, we have litigated that issue numerous times in this District, and only the Court can grant a stay to discovery and you are certainly welcome to request such a stay at any time.  As stated at our last hearing, this case is going to proceed and you are filing your motion to dismiss in a few weeks.  We have every right now to serve discovery, and you can certainly seek (as you represented on 3 prior occasions since August) a full stay of discovery (based on some yet to be filed motion to dismiss), but until the Court grants your request, the discovery will proceed.

Attached is the brief discovery that we specifically told you we would be filing on our call in August and we think this should be sufficient for us to file our

Motion for Class Certification in January. We have attached the following discovery and will serve today:

(1) a RFP to Mr. Cuban and the Mavericks,

(2) a Set of Interrogatories to Mr. Cuban and the Mavericks,

(3) just 3 RFA to Mr. Cuban,

(4) a Corporate Rep. Notice for Mr. Cuban and the Mavericks set for January 12 and 13 (they are by Zoom, so they do not have to travel and we can certainly discuss moving those dates a few days in our telephone conferences), and

(5) subpoena for the 3rd party depositions (without documents) for Henry Gaskins for Dec. 15, Jeff Mishkin Dec. 16 and Steve Ehrlich for December 19. The only other third party deposition we are trying to arrange now for December is Mr. Donnie Nelson (former GM for the Mavericks) and are glad to coordinate his date with you.

Thanks, Adam

**Here is the law from some recent cases in this District which might help your research:**

"It has never been the rule in this district that one party can unilaterally stay proceedings and ignore the comprehensive discovery practices well-established under the Federal Rules of Civil Procedure as well as the Local Rules for the Southern District of Florida." PSF Trust v. Northeastern Capital Funding, 2008 WL 11333495, *2 (S.D. Fla. 2008). Without a "specific showing of prejudice or burdensomeness" by the movant, "unilateral motion[s] to stay discovery pending a ruling on a dispositive motion should be denied." Bocciolone v. Solowesky, No. 08-20200, 2008 WL 2906719, at 2 (citing S.D. Fla. Local Rule app. A, I(D)(5)

(2008) ).

Monks v. Diamond Resorts Int'l, Inc., 17-14307-CIV, 2018 WL 4208330, at *2 (S.D. Fla. May 11, 2018)

**This is from one of our recent class action cases in this District:**

Courts in this District have held that "a stay of discovery pending the determination of a motion to dismiss is the exception rather than the rule." See Ray v. Spirit Airlines, Inc., 2012 WL 5471793 (S.D. Fla. 2012). Consequently, "motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." Flecha v. Neighbors Moving Servs., Inc., No. 12-62455-CIV, 2013 WL 1908409, at *1 (S.D. Fla. Mar. 7, 2013); see also Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc., No. 16-CV-62175, 2016 WL 6777896, at *1 (S.D. Fla. Nov. 16, 2016) (explaining that motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.") (citations omitted). "While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the entire action.'" Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 692 (M.D. Fla.), aff'd, 87 F. App'x 713 (11th Cir. 2003) (emphasis added) (quoting Association Fe Y Allegria v. Republic of Ecuador, 1999 WL 147716 (S.D.N.Y. Mar. 16, 1999)); see also Feldman v. Flood, 176 F.R.D. 651 (M.D. Fla. 1997) (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action).

Looking past its factual inaccuracies, Spartan's Stay Motion is premised entirely on unsupported speculation that its pending Motion to Dismiss could conceivably dispose of this action in its entirety. Spartan's

argument relies upon Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997), a 23-year-old case in which the Eleventh Circuit stated that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." Id. at 1367. But Chudasama certainly does not establish a general rule that discovery be stayed pending resolution of a motion to dismiss. See Reilly v. Amy's Kitchen, Inc., No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); Gannon v. Flood, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (explaining Chudasama "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); Bocciolone v. Solowsky, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008) ("[C]ourts have consistently rejected any per se requirement to stay discovery pending resolution of a dispositive motion."). To the contrary, the Chudasama court "confronted a very specific situation involving a threefold problem — unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed." Ray v. Spirit Airlines, Inc., No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012). Unlike the exceptional circumstances presented in Chudasama, where the district court did not rule on a motion to dismiss for over a year and a half, Spartan's Motion to Dismiss is not even fully briefed for determination.[1]

"In evaluating whether the moving party has met its burden, a court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely

eliminate the need for such discovery.'" Bocciolone v. Solowsky, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (emphasis added) (quoting McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). This means that courts generally take a "preliminary peek" at the merits of the dispositive motion "to see if it appears to be clearly meritorious and truly case dispositive." Feldman, 176 F.R.D. at 652–53 (discovery stay not appropriate where pending motion to dismiss was not case dispositive).

Consequently, the same discovery will occur regardless of whether one, two, or all three of Plaintiff's claims survive Spartan's motion to dismiss. The requested stay will therefore achieve zero discovery efficiencies unless Spartan persuades the Court to dismissal every single one of Plaintiff's claims (a) as a matter of law and (b) with prejudice – a highly implausible outcome. See, S.K.Y. Mgmt. LLC v. Greenshoe, Ltd., No. 06-21722-CIV, 2007 WL 201258, at *1–2 (S.D. Fla. Jan. 24, 2007) (rejecting stay where defendant raised colorable legal defenses, but plaintiff presented strong rebuttal arguments that could result in its claims surviving a motion to dismiss); Ray, 2012 WL 5471793, at *2 (rejecting stay where "the Court [could] not say that [the] case is surely destined for dismissal"); Bocciolone, 2008 WL 2906719, at *2; (rejecting stay where court undertook a "cursory examination of the merits of Defendants' Motion to Dismiss and there [was] sufficient reason to question whether Defendants' Motion will prevail on all claims"); Montoya, 2014 WL 2807617, at *2 (rejecting stay where the court's "incomplete and preliminary review suggests that the motions may not be the 'slam-dunk' submissions the Defendants describe them to be"); Flecha, 944 F. Supp. 2d at 1203 (rejecting stay where "genuine dispute" presented in parties' papers).

Thanks, Adam

Adam M. Moskowitz

The Moskowitz Law Firm

2 Alhambra Plaza

Suite 601

Coral Gables, Fl 33134

305.740.1423 main

786.309.9561 direct

adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>

www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

---

**From:** Angela Herazo <aherazo@fowler-white.com>
**Sent:** Friday, November 4, 2022 1:48 PM
**To:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>
**Cc:** Alexandra L. Tifford <ATifford@fowler-white.com>; CHRISTOPHER E. KNIGHT <CKnight@fowler-white.com>; Glorissa Olivares <GOlivares@fowler-white.com>; SBest@brownrudnick.com; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; SWissner-Gross@brownrudnick.com; Stephen N. Zack <szack@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Rosell <jrosell@pszjlaw.com>; David Boies <dboies@bsfllp.com>; Linda Carlsen <lcarlsen@bsfllp.com>
**Subject:** Robertson, Gold, et. al. v. Mark Cuban, Dallas Basketball Limited, et. al. | Case No. 1:22-cv-22538 - Correspondence

Good afternoon:

Attached please find correspondence from Mr. Knight regarding the above-referenced matter.

Thank you.

| | |
|---|---|
| **Angela Herazo**<br>Legal Assistant to Alexandra L. Tifford |  |
| Brickell Arch<br>1395 Brickell Avenue<br>14th Floor<br>Miami, Florida 33131<br> | main 305.789.9200<br>extension 1618<br>fax 305.789.9201<br>aherazo@fowler-white.com<br>Website |

****Please take a moment to review our firm's Privacy Policy****

The information contained in this message and any documents accompanying this transmission are protected under the Electronic Communication Privacy Act, 18 U.S.C. S2510-2521, and may be attorney-client privileged or contain confidential information intended only for the use of the individual(s) or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use of, disclosure, dissemination, distribution, reliance on the contents or copying of this communication is strictly prohibited and may result in legal action against you. If you have received this message in error, please reply to the sender advising of the error in

transmission and immediately delete/destroy the message and any accompanying documents. Alternatively, you may notify us by telephone immediately. No liability is accepted for any loss or damage resulting from a computer virus, or resulting from a defect in transmission of this email or any attached file. It is the duty and obligation of the sender to take practical measures to purge or safeguard and avoid providing sensitive metadata embedded in any electronic document to prevent the disclosure of confidential information. Thank you. ****