UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-CV-22538-ALTMAN/REID

Pierce Robertson, et al., on behalf of themselves and
all others similarly situated,

      Plaintiffs,                            **CLASS ACTION COMPLAINT**

v.

                                                   **JURY DEMAND**

Mark Cuban, Dallas Basketball Limited, d/b/a
Dallas Mavericks,

      Defendants.
_____/

**PLAINTIFFS' REPLY TO MOTION FOR BRIEF EXTENSION OF TIME**

      Plaintiffs moved for a brief 30-day extension to respond to Defendants' Motion to Dismiss, seeking to require Defendants (who submitted two (2) sworn Declarations in support of their Motion to Dismiss) to make those declarants available for deposition (on any mutually convenient date via Zoom), and for a brief concomitant 10-page extension for the brief.

      There is no dispute that Defendants' counsel, in a rare and unusual move, decided to file a Sworn Declaration from Defendant Mark Cuban, stating **under oath** (in an effort to convince this Court that there is no personal jurisdiction over him, even by *Florida named plaintiffs*):

> **At no time have any of the forgoing visits to Florida had any connection to Voyager. Indeed, at no time have I done anything with or in connection with Voyager while in Florida. Nor to the best of my knowledge, have I ever made any statements in Florida about Voyager or Voyage's business.**

Cuban Declaration at [D.E. 41-2}.

      There is also no dispute that, just weeks after conducting an extensive, internationally televised, public Press Conference, which included questions and answers from Mr. Cuban, Mr. Erhlich and many of the Dallas Mavericks basketball players, and announced to the world: (1) the new Joint Partnership between Cuban, his Dallas Mavericks and Voyager, and (2) that Mr. Cuban and the Mavericks will give every Mavericks Fan $100 in free Bitcoin if they open and funded an interest-bearing Voyager Earn Program Account, Mr. Cuban was the Keynote Speaker at the International Crypto Convention here in Miami *along with Mr. Ehrlich.*

1

Defendants, in a surprising move, responded: (1) this is all Plaintiffs' fault, for not proceeding with a Friday afternoon meet and confer, *after* Mr. Cuban's counsel already stated in writing, that they would ***only agree*** to an extension (of the deadline due at the end of the week), if Plaintiffs "waived" any right to depose these 2 declarants, (2) Plaintiffs' request to depose these 2 declarants is simply a "reckless fishing expedition," an "effort to throw mud against the wall," that "Mr. Ehrlich may have embellished his claimed relationship with Mr. Cuban," "Defendants have advised Plaintiffs … [that they were] required to conduct a Rule 11 investigation" as to personal jurisdiction, and finally, without any support, that Plaintiffs "have made a literal mess of these proceedings." This Court already denied the Defendants' request to stay all discovery, so Defendants will be producing all responsive documents this week.

First, Plaintiffs (who include Florida residents) will certainly show in their Response to the Motion to Dismiss sufficient facts to establish personal jurisdiction over Mr. Cuban and his Mavericks.

Second, the only citations by Defendants, are cases where either the request for jurisdictional discovery was belatedly buried within the motion to dismiss response, and not formally requested, as Plaintiffs have done here *see, e.g., Wolf v. Celebrity Cruises, Inc.*, 683 Fed. App'x 786, 792 (11th Cir. 2017) (denying request for jurisdictional discovery "buried within his response to [defendant's] motion to dismiss), or were cases where there was clearly no genuine dispute of material fact regarding the Court's exercise of personal jurisdiction over the defendants, as in *Eran Financial Services v. Eran Industries Ltd*, No. 21-CIV-81386-REINHART (D.E. 69), which involved plaintiffs who *did not even plead* long-arm jurisdiction and relied entirely on a modified alter-ego theory (the company they sued manufactured items in China), or in *Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 535 F.Supp.3d 1299 (S.D. Fla. Apr. 27, 2021), where the dispute involved Cuba, Washington, and Alaska, and the complaint was *silent* on the defendant's contacts with Florida. Our Complaint alleges all of the long-arm jurisdiction statutory language, and much more—including that Defendants' actions directly harmed the Florida plaintiffs.[1]

---

[1] *See, e.g.*, ECF No. 41-1 at 5:11–16 (Mark Cuban stating "And, of course, . . . the Mavs being a leader I think we are going to extend this far deeper than just Mavs fans, I think Voyager is going to be a leader amongst sports fans and crypto fans around the country."); Am. Compl., ¶ 49 (same); see also id., ¶ 57 ("Cuban stated that '[w]e believe our partnership with Voyager will allow Mavs and NBA fans to learn more about Voyager and how they can earn more from Voyagers' platform than from traditional financial applications.'"); *id.*, ¶ 22 ("This Court has personal jurisdiction against Defendants because they conduct business in Florida, and/or have otherwise intentionally availed themselves of the Florida consumer market through the promotion, marketing, and sale of Voyager's EPAs in Florida, which constitutes committing a tortious act within the state of Florida. Defendants have also marketed and participated and/or assisted in the sale of Voyager's unregistered

Therefore, the only issue at this stage is why did Mr. Cuban and his counsel think it was necessary to make these factual representations *under penalty of perjury*, which at best were simply misleading, and at worst, simply false. It will certainly be up to the Court to decide what discovery is allowed. In any event, Plaintiffs respectfully request a 30-day extension of time to file the Response, and an additional ten pages (as was given to Defendants for their Motion).

Dated: December 5, 2022

Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: */s/ David Boies*
David Boies
(Admitted *Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Hon. Ursula Ungaro (Ret.)
Florida Bar No. 200883

---

securities to consumers in Florida. This purposeful availment renders the exercise of jurisdiction by this Court over Defendants permissible under traditional notions of fair play and substantial justice."); *id.*, ¶¶ 7–9 (Florida-resident Plaintiffs who purchased EPAs after being exposed to some or all of Defendants' misrepresentations and omissions regarding the EPAs and Deceptive Voyager Platform); *id.*, ¶ 56 ("As an incentive, Defendants Cuban and the Mavericks even ran a [nationwide] promotion shortly after the press conference where individuals who downloaded the Voyager app to invest during a certain time would receive $100 in Bitcoin.") (citing https://markets.businessinsider.com/news/currencies/mark-cuban-dallas-mavericks-freebitcoin-100-voyager-digital-app-2021-10 (accessed December 5, 2022)) (emphasis and alteration added).

3

**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
uungaro@bsfllp.com
*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on December 5, 2022, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280