IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.*,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFFS' REPLY [ECF NO. 51] TO MOTION FOR BRIEF EXTENSION OF TIME**

Defendants MARK CUBAN ("MR. CUBAN") and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS ("MAVERICKS"), by and through undersigned counsel and pursuant to Southern District of Florida Local Rule 7.1(c)(1), file this Motion for Leave to File Sur-Reply to Plaintiffs' Reply [ECF No. 51] to Motion for Brief Extension of Time. As grounds therefor, Defendants state as follows:

1. On November 18, 2022, Defendants in accordance with the deadline set by the Court for responding to the Amended Complaint, filed a Motion to Dismiss the Amended Complaint. Defendants included several grounds for dismissal: (i) that the Court lacks personal jurisdiction over Defendants, both Texas residents who had absolutely no connection with Florida in connection with the claims asserted against them in the Amended Complaint, (ii) for failure to comply with Federal Rules of Civil Procedure 12(b)(6) and 9(b), and (iii) for failure to join necessary parties (i.e., the Voyager Debtors). Included as part of Defendants' Motion to Dismiss were two short Declarations, filed by Defendant Cuban and by the Mavericks' CFO,

confirming an absence of any relevant claim-related contacts with Florida, a standard practice in Florida's federal and state courts to support a jurisdictional motion to dismiss. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (recognizing that a defendant challenging jurisdiction should file " 'affidavits in support of his position.' " (*quoting Venetian Salami, infra*)); *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989) ("***A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position.***") (emphasis added); *Baron v. Acasta Cap.*, No. CV 16-25118, 2017 WL 3084416, at *2 (S.D. Fla. July 19, 2017) ("The defendant must file, and the Court will consider, affidavits refuting the applicability of the long-arm statute."); *Chitoff v. CashCall, Inc.*, No. 0:14-CV-60292, 2014 WL 6603985, at *1 (S.D. Fla. Nov. 7, 2014) (quoting *Venetian Salami, supra*).[1]

2.    In accordance with the Local Rules, Plaintiffs' response to the Motion to Dismiss was due on December 2, 2022. On November 29, 2022, Plaintiffs' counsel proposed that counsel for the parties have a meet and confer on December 2, 2022 at 3 pm to conduct a meet and confer to address, among other things, whether Defendants would consent to a 14 day extension

---

[1] Thus, Plaintiffs' statement that submission of a fact affidavit or declaration by a Defendant in support of a motion to dismiss for lack of personal jurisdiction is somehow a "rare and unusual move" [ECF No. 51; p. 1] is completely misplaced. Plaintiffs in three submissions seeking an enlargement of time to file a response to Defendants' Motion to Dismiss, have failed to identify any factual misstatements in any respect in the jurisdictional Declarations of either Mr. Cuban or Mr. Wojciechowski. Similarly misplaced is Plaintiffs' effort to recycle incorrect arguments that Mr. Cuban may have spoken to Mr. Ehrlich at a Miami crypto conference which they attended on different days. What Mr. Cuban said while being interviewed at such conference is a matter of public record, since the video of such interview has been available online since prior to commencement of this action. No reference to Voyager was made by Mr. Cuban during such interview. *See* ECF No. 49. Nor do Plaintiffs even address any of the other points made in Plaintiffs' December 2 Response, such as the clear need for appointment of Magistrate Judge Reid to supervise pre-trial proceedings and resolve the now growing list of discovery disputes between the parties, and the failure of Plaintiffs to identify any credible basis for third-party discovery they are seeking of at least three non-parties having no connection to any issue in this case, including no connection to any jurisdictional issue in the case.

of time for Plaintiffs to file a response to the Motion to Dismiss. [ECF No. 49-2]. On December 1, 2022, Defendants advised Plaintiffs' counsel that Defendants were available for such meet and confer on December 2, 2022 at 3 pm, and indicated the terms under which Defendants would consent to a 14 day extension of time. [ECF No. 49-1].

3. After receiving Defendants' December 1, 2022 response, Plaintiffs at 7:12 PM filed a Motion to Enlarge Time, asking the Court to extend their response time well beyond the 14 days they had requested of Defendants, and adding other terms that they knew were not acceptable to Defendants. [ECF No. 48]. While Plaintiffs' response to the Motion to Dismiss was due on December 2, 2022, Plaintiffs elected to ignore their filing deadline of December 2, 2022 and failed to file a response to the Motion to Dismiss on December 2, 2022. As a technical matter, under the Local Rules, since the response was not timely filed and Plaintiffs did not secure the permission of the Court to file a response after the expiration of the December 2, 2022 deadline, Plaintiffs are in default and should not be permitted to file any response to the Motion to Dismiss.

4. On December 2, 2022, counsel for Defendants timely appeared for a zoom meet and confer at 3 pm. None of the counsel for Plaintiffs appeared for the zoom call, and after waiting for 20 minutes for Plaintiffs' counsel to appear, Defendants' counsel terminated the zoom call. [ECF No. 49 – p. 3, n. 2; ECF No. 49-5]. Later on December 2, 2022, Defendants filed their response to the Motion to Enlarge Time. [ECF No. 49].

5. On Saturday, December 3, 2022, Plaintiffs filed a reply in further support of their Motion to Enlarge Time. [ECF No. 50]. While styled as a "Notice of Filing Relevant Materials Regarding Plaintiffs' Request for Brief Extension of Time," the filing contained substantive arguments in further support of the Motion to Enlarge Time, and was, in reality a reply brief.

3

Further, the Notice of Filing, to the extent Plaintiffs sought to characterize it as a "supplement" to their December 1 Motion to Enlarge Time, violated Local Rule 7.1(c)(1), which required that all materials in support of a motion "shall be served with the filing."

6. On December 5, 2022, at 9:25 PM, Plaintiffs filed a claimed "Reply" [ECF No. 51], advancing several misplaced arguments. The "Reply" was in reality a Sur-Reply, since Plaintiffs already had filed an effective reply on Saturday, December 3, 2022. Plaintiffs did not secure the Court's prior permission to file such claimed "Reply" and accordingly, under Local Rule 7.1(c)(1), such Sur-Reply was improperly filed and should be rejected by the Court. In the event the Court considers such December 3, 2022 "Reply" by Plaintiffs, Defendants respectfully request that the Court permit Defendants to file a short Sur-Reply setting forth the points made herein and certain further arguments. If the Court declines to consider the "Reply" of Plaintiffs since it is in reality an unauthorized Sur-Reply, it will be unnecessary for the Court to consider the Defendants' proposed Sur-Reply.

WHEREFORE, Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS respectfully request that this Court permit Defendants to file a Sur-Reply to Plaintiffs' "Reply to Motion to Extension of Time," [ECF No. 51], to the extent the Court accepts Plaintiffs' Reply for consideration.

**CERTIFICATE OF GOOD-FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movants/Defendants have today conferred via telephone with Plaintiffs' counsel Adam Moskowitz, Esq., in a good faith effort to resolve the issues raised in this Motion for Leave to File Sur-Reply, and am authorized represent that he does not agree to the filing of a Sur-Reply.

Respectfully submitted,

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 789-9200
Facsimile:  (305) 789-9201

*-and-*

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email: sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email: rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

*-and-*

SIGMUND WISSNER-GROSS, ESQ.
*Pro Hac Vice*
Email: swissner-gross@brownrudnick.com

JESSICA N. MEYERS, ESQ.
*Pro Hac Vice*
Email: jmeyers@brownrudnick.com

BROWN RUDNICK LLP
Seven Times Square
New York, NY 11036
Telephone: (212) 209-4930

6

Case No. 22-CV-22538-ALTMAN/REID

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 6, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>  */s/ Christopher E. Knight*
> CHRISTOPHER E. KNIGHT, ESQ.
> Fla. Bar No. 607363
> Email: cknight@fowler-white.com

Case No. 22-CV-22538-ALTMAN/REID

## SERVICE LIST

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Barbara C. Lewis, Esq.
The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
E-mail: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Email: barbara@moskowitz-law.com

*Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

David Boies, Esq.
*Pro Hac Vice*
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Email: dboies@bsfllp.com

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Stephen Neal Zack, Esq.
szack@bsfllp.com
Ursula Ungaro, Esq.
uungaro@bsfllp.com
Boies Schiller Flexner LLP
100 S.E. 2nd St., Suite 2800
Miami, FL 33131

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**