**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 22-CV-22538-ALTMAN/REID**

Pierce Robertson, et al., on behalf of themselves and
all others similarly situated,

        Plaintiffs,

v.

Mark Cuban, Dallas Basketball Limited, d/b/a
Dallas Mavericks,

        Defendants.
_____/

**PLAINTIFFS' MOTION FOR ENTRY OF ORDER ADOPTING STIPULATED PROTECTIVE ORDER FROM *CASSIDY V. VOYAGER DIGITAL, ET AL.***

Plaintiffs respectfully move the Court for an order adopting the Stipulated Protective Order already entered by Chief Judge Cecilia Altonaga, in the related action, *Mark Cassidy v. Voyager Digital Ltd., et al.,* No. 1:21-cv-24441-CMA, ECF No. 42 (S.D. Fla. March 28, 2022), a copy of which is attached as **Exhibit A** (the "*Cassidy* Protective Order").

All the way back on November 2, 2022, Plaintiffs' sent the *Cassidy* Protective Order to Defendants', asking for their agreement that the *Cassidy* Protective Order will apply in this action, so there would be no delay. *See* **Exhibit B**. Defendants maintained they would seek to stay all discovery until after the Court rules on Defendants' then yet-to-be-filed Motion to Dismiss.

On November 7, 2022, Plaintiffs served their narrow discovery requests upon Defendants and a few third-party deposition notices. Defendants' responsive documents and information are due tomorrow, because the Court denied Defendants' request to stay discovery. In pertinent part, the Order concludes:

> And, to the extent the Defendants' Motion seeks a protective order, we'll DENY that, too, because the Defendants haven't told us what they seek protection from or what that protective order might look like. Signed by Judge Roy K. Altman on 11/18/2022.

In response to the Court's order, Defendants simply sent a heavily revised version of the Protective Order to Plaintiffs. *See* **Exhibit C** (redlined *Cassidy* Protective Order); *see also* [ECF No. 50-2] (Defendants' counsel's letter transmitting redlined *Cassidy* Protective Order. Among Defendants' proposed revisions is the inclusion of a "highly confidential" designation, which this Court has

1

previously explained is "the most restrictive possible protective order" because it "confines dissemination of discovery materials only to the opposing party's attorneys and other consultants/experts specified in the agreement." *Procaps S.A. v. Patheon Inc.*, 12-24356-CIV, 2015 WL 4430955, at *6 (S.D. Fla. July 20, 2015) (Goodman, M.J.). To even uphold this level of designation requires Defendants to "describe the alleged harm it will suffer from any disclosure with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (citation omitted). *See* **Exhibit D** (Plaintiffs' counsel's letter explaining why revised Order should not be entered).

There is simply no basis in this litigation to require the imposition of a "highly confidential" designation, particularly when balanced against the risk of harm to Plaintiffs from indiscriminate use of the designation, which, as this Court has explained, poses "a significant handicap on the restricted litigant" because (1) "[d]iscovery, trial preparation, and trial are made more difficult and expensive if an attorney cannot make complete disclosure of the facts to the litigant[,]" and (2) because "it is difficult, and perhaps impossible, for an attorney to counsel a client to compromise or even abandon a case on the basis of information kept secret from the client." *Id.*, at *6 (citations omitted); *see also id.* (citing *K & M Int'l, Inc. v. NDY Toy, L.L.C.,* No. 1:13CV771, 2015 WL 520969 (N.D. Ohio Feb. 9, 2015) (noting that preventing counsel from sharing and discussing discovery with their client "creates a substantial impediment" to the client's "ability to prepare and litigate" the claim)).

## CONCLUSION

Plaintiffs respectfully request an order adopting the *Cassidy* Protective Order to govern discovery in this Action, particularly since Defendants' production is *due tomorrow* and they have indicated that they will not produce any materials without such a Protective Order from this Court.

## S.D. FLA. L.R. 7.1 CERTIFICATION

Counsel for the Movants has made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve it, and report that Defendants do not agree that the Court should adopt the *Cassidy* Protective Order in this Action.

Dated: December 6, 2022                              Respectfully submitted,

                                                     By: /s/ Adam Moskowitz
                                                     Adam M. Moskowitz
                                                     Florida Bar No. 984280
                                                     adam@moskowitz-law.com
                                                     Joseph M. Kaye
                                                     Florida Bar No. 117520
                                                     joseph@moskowitz-law.com
                                                     Barbara C. Lewis
                                                     barbara@moskowitz-law.com
                                                     Florida Bar No. 118114
                                                     **THE MOSKOWITZ LAW FIRM, PLLC**
                                                     2 Alhambra Plaza, Suite 601
                                                     Coral Gables, FL 33134
                                                     Telephone: (305) 740-1423

                                                     By: /s/ David Boies
                                                     David Boies
                                                     (Admitted *Pro Hac Vice*)
                                                     **BOIES SCHILLER FLEXNER LLP**
                                                     333 Main Street
                                                     Armonk, NY 10504
                                                     Phone: (914) 749–8200
                                                     dboies@bsfllp.com

                                                     By: /s/ Stephen Neal Zack
                                                     Stephen Neal Zack
                                                     Florida Bar No. 145215
                                                     Hon. Ursula Ungaro (Ret.)
                                                     Florida Bar No. 200883
                                                     **BOIES SCHILLER FLEXNER LLP**
                                                     100 SE 2nd St., Suite 2800
                                                     Miami, FL 33131
                                                     Office: 305-539-8400
                                                     szack@bsfllp.com
                                                     uungaro@bsfllp.com

                                                     *Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on December 6, 2022, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

                                                     By: /s/ Adam M. Moskowitz
                                                           ADAM M. MOSKOWITZ
                                                           Florida Bar No. 984280