# Exhibit C

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

Case No: 1:22-cv-22538 (Altman/Reid)

v.

PIERCE ROBERTSON, RACHEL GOLD,
SANFORD GOLD, RAHIL SAYED,
CHRISTOPHER EHRENTRAUT, TODD
MANGANIELLO, DAN NEWSOM, WILLIAM
AYER, ANTHONY DORN, DAMECO GATES,
MARSHALL PETERS, and EDWIN GARRISON,
on behalf of themselves and all others similarly
situated,

    Plaintiffs,

    v.

MARK CUBAN, and DALLAS BASKETBALL
LIMITED, d/b/a DALLAS MAVERICKS

    Defendants.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.

STIPULATED PROTECTIVE ORDER

The Parties to this Action recognize that many of the documents and much of the

information ("Materials" as defined herein) being sought through discovery in this

Action will contain confidential, proprietary, financial, or private information for which special

protection from public disclosure and from use for any purpose other than prosecuting and

defending this Action may be warranted, as contemplated under Federal Rule of Civil Procedure

26(c)(1)(G). Accordingly, the Parties stipulate and agree to be bound by the terms of this

*[Different first page setting changed from on in original to off in modified.]*

1

Confidentiality Agreement (the "**Agreement**") to facilitate ~~the~~ document production and disclosure~~,~~ and to protect the respective interests of the Parties.

**I.**   ~~I.~~   **DEFINITIONS**

The following definitions shall apply to this Agreement:

~~A.~~   ~~The term~~ "**Action**" ~~will mean~~means the above-captioned litigation pending between

A.   Plaintiffs and Defendants in the United States District Court for the Southern District of Florida, designated as Case No. 22-CV-22538-ALTMAN/Reid.

~~designated as Case No. 21-24441-CIV-ALTONAGA/Torres.~~

B.   "**CONFIDENTIAL**" information means Materials that the Designating Party reasonably and in good faith believes (or with respect to documents received from another person, has been reasonably advised by such other person) contains or constitutes (a) trade secrets, (b) proprietary business information, (c) information implicating an individual's legitimate expectation of privacy, (d) compensation information about the Designating Party or its employees, (e) information related to the Designating Party's contractual relationships, (f) information that is subject, by law or by contract, to a legally protected right of privacy or confidentiality, (g) information that the Designating Party is under a preexisting obligation to a non-party to treat as confidential, or (i) information that the Designating Party has in good faith been requested by another party or non-party to so designate on the grounds that such other party or non-party considers such material to contain information that is confidential or proprietary to such party or non-party; provided, however, that when the basis for a "CONFIDENTIAL" designation is a belief or request by a third- or non-party, the identity of that third- or non-party and the basis for that belief or request will be conveyed to the Receiving Party.

C.   "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" information

*[Different first page setting changed from on in original to off in modified.]*

means Materials that the Designating Party reasonably and in good faith believes (or with respect to documents received from another person, has been reasonably advised by such other person) contains or constitutes (a) financial account information, (b) social security numbers, bank account numbers, credit card numbers, or other sensitive personal information, (c) information that is so highly sensitive that its disclosure to persons other than those listed in paragraph 7 below could result in significant competitive or commercial disadvantage to the Designating Party, or (d) otherwise merits designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;" provided, however, that when the basis for a "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation is a belief or request by a third- or non-party, the identity of that third- or non-party and the basis for that belief or request will be conveyed to the recipients of the Designated Material. In addition, a Designating Party may, at any time, seek agreement or move the Court for a further order that additional, specific documents may be produced on a "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" basis. If a Designating Party moves for such an order, any objecting person may file a response opposing the motion in accordance with Local Rule 7.1.

D.    B.    The term "**Confidential Information**" will mean and include"**Protected Material**" means and includes information contained or disclosed in any Materials, including, without limitation, documents, portions of documents, answers to interrogatories, responses to requests for admissions, discovery responses and disclosures provided pursuant to the Federal Rules of Civil Procedure, trial testimony, deposition testimony, transcripts of trial testimony and depositions, motions, affidavits, declarations, and briefs, including data, summaries, and compilations derived therefrom that is deemed to be confidential under the applicable legal standards by any Party to which it belongs.designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

*[Different first page setting changed from on in original to off in modified.]*

3

E. ~~C.~~ ~~The term~~ "**Counsel**" ~~will mean~~means all outside counsel of record in this Action, other attorneys, paralegals, secretaries, and other support staff employed by ~~their~~outside counsel's respective firms, ~~in house~~in- house counsel, and other attorneys, paralegals, secretaries, and other support staff employed by in house counsel who are assisting outside counsel of record or in-house counsel in the defense of the Action.

F. ~~D.~~ ~~The term~~ "**Defendants**" ~~will mean Voyager Digital LTD and Voyager Digital LLC~~means Mark Cuban and Dallas Basketball Limited, d/b/a Dallas Mavericks, including all of their officers, directors, employees, ~~consultants, and insurance carriers~~agents and advisors.

G. ~~E.~~ ~~The term~~ "**Designating Party**" ~~will mean~~means the Party designating ~~Confidential Information or Materials as "CONFIDENTIAL."~~Protected Material.

H. ~~F.~~ ~~The term~~ "**Expert**" ~~will mean~~means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or ~~as a~~consultant in this Action. ~~This term also includes any assistants or stenographic and clerical~~, along with their employees ~~associated with such Expert~~or subcontractors.

I. ~~G.~~ ~~The term~~ "**Litigation Consultants**" ~~will mean~~means persons or entities retained by a Party or its Counsel to serve as a professional ~~jury or trial~~consultant ~~or mock juror and~~, along with their employees or subcontractors.

J. H. The term "**Materials**" will include, but is not limited to without limitation:

documents; correspondence; memoranda; financial information; email; text or instant messages; spreadsheets; slide presentations (*e.g.*, PowerPoint); specifications; marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; research, development, or commercial information; technical or proprietary information; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; presentations; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; records of website development; internet archives; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  The protections conferred by this Agreement cover not only "Materials," but also any information copied or extracted from such Materials and all copies, excerpts, summaries, or compilations of Materials.

K. I. The term "**Party**" will mean Plaintiff or means any or all of the Plaintiffs or Defendants in the Action.

L. J. The term "**Parties**" means Plaintiff Plaintiffs and Defendants, collectively.

K. The term "**Plaintiff**" will mean Mark Cassidy.
M. "**Plaintiffs**" means Pierce Robertson, Rachel Gold, Sanford Gold, Rahil Sayed, Christopher Ehrentraut, Todd Manganiello, Dan Newsom, William Ayer, Anthony Dorn, Dameco Gates, Marshall Peters, and Edwin Garrison.

L. The term "**Professional Vendors**" will mean means persons or entities that provide
N. litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, trial support, and organizing, storing or retrieving data in any form or medium) or provide services in connection with class notice or claims administration and their employees and subcontractors to the Parties.

O. ~~M.~~ ~~The term~~ "**Receiving Party**" ~~will mean the~~ means a Party to whom production of ~~Materials~~ Protected Material is made.

~~designated as "CONFIDENTIAL" is made.~~

## II. ~~II.~~ TERMS

The following provisions shall apply:

1.      ~~1.~~      Any Party that produces or discloses Materials that the Designating Party believes

contain ~~Confidential Information~~ information that should be subject to this Agreement, may designate the Materials as "CONFIDENTIAL~~.~~" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate.

         (a)      ~~(a)~~      Designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:" Any Party may designate Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the Designating Party has an objective, good-faith basis for asserting the Materials contain ~~Confidential Information.~~ information that qualifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

         (b)      ~~(b)~~      The Designating Party ~~designating Materials as "CONFIDENTIAL"~~ must take care to limit any ~~such designation~~ designations to specific parts of the Materials that qualify as ~~Confidential Information~~ "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" information. To the extent it is practical to do so, the Designating Party ~~designating Materials as "CONFIDENTIAL"~~ must designate for protection only those parts that qualify so that other parts of the Materials for which protection is not warranted are not swept within the ambit of this Agreement.

2.      The Receiving Party shall take reasonable steps to prevent the unauthorized access,

use, or disclosure of Protected Material.  Protected Material must be stored and maintained by the Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Agreement.  Any copies, reproductions, excerpts, summaries, compilations, notes, memoranda, analyses, reports, briefs or discovery response that paraphrase, extract or contain Protected Material and any electronic image or database containing Protected Material shall be subject to the terms of this Agreement to the same extent as the Materials from which summary, compilations, notes, copy, memoranda, analysis, electronic image, reports, briefs, discovery response or database is derived.  Any person found to have made impermissible use of any Protected Material produced in this Action may be subject to, without limitation, appropriate civil penalties, including for contempt of court.  In no way does this provision encroach on the protections afforded to attorney work product.

3.        2.    In the event the Designating Party elects to produce Materials for inspection,                                                           no marking need be made by the Designating Party in advance of the initial inspection.  For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL" and must be treated as such pursuant to the terms of this Agreement.  Thereafter, upon selection of specified Materials for copying by the inspecting Party, the Designating Party must, within a reasonable time prior to producing those Materials to the (inspecting Party) Receiving Part, mark the copies of those Materials that contain Confidential Information Protected Material with the appropriate confidentiality marking.

3. 4. Whenever a deposition taken on behalf of any Party involves the disclosure of Protected Material Confidential Information:

    (a) (a) the The deposition or portions of the deposition must be designated as containing Confidential Information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as appropriate, subject to the provisions of this Agreement; such. Such designation must be made on the record whenever possible, but a Party may designate portions of depositions as containing Confidential Information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as appropriate, after transcription of the proceedings; a. A Party will have until thirty (30) days after receipt of the deposition transcript to inform the other Parties of the portions of the transcript designated "CONFIDENTIAL"; or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    (b) (b) the The Designating Party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information Protected Material is to be disclosed, any person other than the deponent and the persons agreed upon pursuant to paragraph 5 paragraphs 6 and 7 below; and, as appropriate.

    (c) (c) the The originals of the any deposition transcripts containing Protected Material and all other copies of the such deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Agreement, and protected from being opened

except by order of the Court.

~~4.~~ ~~All Confidential Information must not be disclosed by Counsel for the Receiving Party or~~ All Protected Material must not be disclosed by the Receiving Party or their Counsel to anyone other than those persons designated within this Agreement and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this Action and any related reviews by the persons specified

5. in ~~paragraph 5~~ paragraphs 6 and 7 below, unless and until such designation is removed either by agreement of the Parties or by order of the Court; provided, however, that Materials initially designated as ~~"CONFIDENTIAL"~~ Protected Material but for which the ~~"CONFIDENTIAL"~~ confidentiality designation has been removed either by agreement of the Parties or by order of the Court must not be used for any purpose other than in connection with this Action.

6. ~~5.~~ ~~Confidential Information~~ Material designated "CONFIDENTIAL" may be viewed only by:

  (a) ~~(a)~~ ~~the~~ The Parties;

  (b) ~~(b)~~ Counsel for the Parties;

  (c) ~~(c)~~ ~~any~~ Any insurer of a Party, including representatives, claims personnel and attorneys of the insurer~~,~~; who has a legitimate need to see the information in connection with their responsibilities for monitoring the litigation or preparing for mediation or settlement discussions. Prior to receiving any information designated "CONFIDENTIAL," the insurer must execute a copy of the "Agreement to Be Bound by Confidentiality Agreement," attached hereto as Exhibit A;

  (d) ~~(d)~~ Experts retained by a Party or its Counsel to whom disclosure is reasonably necessary for this litigation. Prior to receiving any ~~Confidential Information of the Designating Party,~~ information designated "CONFIDENTIAL," the Expert must execute a copy of

"Agreement to Be Bound by Confidentiality Agreement," attached hereto as Exhibit A;

(e) ~~(e)~~ ~~the~~The Court and any Court staff and administrative personnel;

(f) ~~(f)~~ ~~any~~Any court reporter employed in this Action and acting in that capacity;

(g) ~~(g)~~ Litigation Consultants and Professional Vendors, provided that they sign the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A;

(h) ~~(h)~~ ~~the~~The author, recipient, or custodian of a document containing the ~~Confidential Information~~"CONFIDENTIAL" information, or another person who had authorized access to the ~~Confidential Information~~"CONFIDENTIAL" information in the course of his or her employment duties;

(i) ~~(i)~~ ~~during~~During deposition or court testimony, witnesses and counsel for witnesses to whom disclosure is reasonably necessary, provided that the witness signs the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A;

(j) ~~(j)~~ ~~any~~Any mediator or settlement officer, and their supporting personnel; and

(k) ~~(k)~~ ~~any~~Any other person upon written approval of the Designating Party or order of the Court.

7. Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be viewed only by:

(a) Counsel for the Parties;

(b) Any insurer of a Party, including representatives, claims personnel and attorneys of the insurer, who has a legitimate need to see the information in connection with their responsibilities for monitoring the litigation or preparing for mediation or settlement discussions. Prior to receiving any information designated "HIGHLY CONFIDENTIAL – ATTORNEYS, EYES ONLY," the

insurer must execute a copy of the "Agreement to Be Bound by Confidentiality Agreement," attached hereto as Exhibit A;

(c) Experts retained by a Party or its Counsel to whom disclosure is reasonably necessary for this litigation. Prior to receiving any information designated "HIGHLY CONFIDENTIAL – ATTORNEYS, EYES ONLY," the Expert must execute a copy of the "Agreement to Be Bound by Confidentiality Agreement," attached hereto as Exhibit A;

(d) The Court and any Court staff and administrative personnel;

(e) Any court reporter employed in this Action and acting in that capacity;

(f) Litigation Consultants and Professional Vendors, provided that they sign the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A;

(g) The author, recipient, or custodian of a document containing the information designated "HIGHLY CONFIDENTIAL – ATTORNEYS, EYES ONLY," or another person who had authorized access to the information designated "HIGHLY CONFIDENTIAL – ATTORNEYS, EYES ONLY" in the course of his or her employment duties;

(h) During deposition or court testimony, witnesses and counsel for witnesses to whom disclosure is reasonably necessary provided that the witness signs the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A;

(i) Any mediator or settlement officer, and their supporting personnel; and

(j) Any other person upon written approval of the Designating Party or order of the Court.

Information designated "HIGHLY CONFIDENTIAL – ATTORNEYS, EYES ONLY" may not be disclosed to the Parties.

8. 6. Counsel for the~~any~~ Party providing ~~Confidential Information~~Protected Material to any person who is required, pursuant to paragraphs 6 and 7, to execute a copy of the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Counsel for the Party providing Protected Material is also required to provide an executed copy of Exhibit A to Counsel to the Designating Party in advance of sharing any Protected Material with the executing individual. In the event a person listed in ~~paragraph 5~~paragraphs 6 and 7 above as being required to sign the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A before being provided with copies of ~~Confidential Information~~Protected Material refuses to sign Exhibit A, the Party desiring to disclose the ~~Confidential Information~~Protected Material may seek appropriate relief from the Court after meeting and conferring with the ~~other~~Designating Party.

7. Before a Party files any Materials with the Court that disclose another Party's ~~Confidential Information~~Protected Material, the filing Party shall move the Court for leave to file the ~~portions of the Materials that contain Confidential Information~~Protected Material under seal in conformance with applicable rules and requirements. The Parties anticipate meeting and conferring with respect to redacting any ~~Confidential Information from any Materials~~Protected Material that will be filed with the Court, in order to avoid the need to file Materials under seal, whenever possible. All Protected Materials filed with the Court ~~that constitute or contain Confidential Information~~ may be filed publicly, without redaction and not

9. under seal, or introduced into evidence, without redaction and not under seal, if agreed to by the Parties in writing or if otherwise ordered by the Court.

10. 8. The terms and provisions of this Agreement also are applicable to Materials a ~~nonparty~~non- party has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

11. 9. ~~Confidential Information~~Protected Material shall be used only as specified in paragraph 4~~5~~. A Party who wishes to use ~~Confidential Information~~Protected Material for another

purpose must request and obtain ~~permission, in writing, from Counsel for the De~~

Party. The Receiving Party's request must identify the ~~Confidential Information~~ Protected Material that the Receiving Party wishes to use, and identify the purpose for which it wishes to use ~~Confidential Information~~ Protected Material. If the Designating Party does not provide written consent, and the Parties cannot resolve the question of whether the Receiving Party can use ~~Confidential Information~~ Protected Material for a purpose other than specified in paragraph ~~4~~5, above, within fourteen (14) days of the Designating Party's receipt of such a request, the Receiving Party may seek a discovery hearing for the Court to rule on the Receiving Party's request. In the event any Party seeks Court permission to use ~~Confidential Information~~ Protected Material for a purpose other than as specified in paragraph ~~4~~5, the ~~Confidential Information~~ Protected Material shall be submitted to the Court, under seal, for an ~~in-camera~~ _in camera_ inspection. Any ~~Confidential Information~~ Protected Material at issue must be treated as ~~Confidential Information, as designated by the Designating Party~~ "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, until the Court has ruled on the request or the matter has been otherwise resolved in writing between the Parties.

~~10.~~ At any stage of these proceedings, any Party may object to a designation of Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Party objecting to ~~confidentiality~~ designation must notify Counsel for the Designating Party, in writing, of the objected-to Materials by specific Bates number (if a document) or page number (if a deposition transcript) and state the grounds for the objection, and must endeavor to limit objections to Materials for which the party has a specific, good-faith need

12. to use or disclose in this litigation in a manner not prohibited by this agreement. If the dispute is not resolved consensually between the Parties within fourteen (14) days of receipt of such a notice of objections, the objecting Party may request a discovery hearing with the Court for a ruling on the objection. In the event any Party challenges the designation or redaction of Materials, the Materials shall be submitted to the Court, under seal, for an ~~in-camera~~ _in camera_ inspection. The

Materials at issue must be ~~treated as Confidential Information, as designated by the Designating Party~~ "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as appropriate, until the Court has ruled on the objection or the matter has ~~been~~ otherwise been resolved in writing between the Parties. The ~~Party designating the Materials as Confidential Information~~ Designating Party shall bear the burden of justifying the disputed designation.

13. ~~11.~~ All ~~Confidential Information~~ Protected Material must be held in confidence by those inspecting or receiving it. In addition, Counsel for each Party, and each person receiving ~~Confidential Information~~ Protected Material, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If ~~Confidential Information~~ Protected Material is disclosed to any person other than a person authorized by this Agreement, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the ~~other Parties~~ Designating Party and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

14. ~~12.~~ No Party will be responsible to another Party for disclosure of ~~Confidential Information~~ Protected Material under this Agreement if the information in question is not labeled or otherwise identified as such in accordance with this Agreement, subject to the provisions in paragraph ~~13~~ 15 below.

15. ~~13.~~     If a Party, through inadvertence, discloses any ~~Confidential Information~~Protected Material without labeling ~~or,~~ marking, or otherwise designating it as such in accordance with this Agreement, the Designating Party may give written notice to the Receiving Party that the ~~information or~~ Materials are deemed "CONFIDENTIAL~~,~~" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and that they should be treated as such in accordance with that designation under this Agreement.  The Receiving Party must treat the information and Materials as ~~Confidential Information~~"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as appropriate, once the Designating Party so notifies the Receiving Party, and the Designating Party must endeavor to re-produce the designated information and Materials with the appropriate designation within seven (7) business days after notification of the designation.  If the Receiving Party has disclosed the information and Materials before receiving the designation, the Receiving Party must notify the Designating Party, in writing, of each such disclosure.  Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced information or Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16.     ~~14.~~     Nothing within this Agreement will prejudice the right of any Party to object to the disclosure or production of any ~~information or~~ Materials on the grounds that the information or Materials are protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other privilege or immunity from disclosure.

17.     ~~15.~~     This Agreement will be without prejudice to the right of any Party to oppose disclosure or production of any ~~information or~~ Materials for lack of relevance or any other ground other than the mere presence of ~~Confidential Information~~Protected Material.  The existence of this Agreement must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

~~16.~~     ~~Confidential Information also~~Protected Material may be disclosed if: (a) the ~~Party or non-party making the designation~~Designating Party consents to such disclosure; (b)

the Court, after notice to all affected

18.     persons, allows such disclosure; or (c) the Receiving Party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed Party: (i) gives prompt notice to Counsel for the Designating Party which made the designation, and permits that the Designating Party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued, and (ii) gives prompt notice in writing to the Party party who caused the subpoena or order to issue in the other litigation that some or all of the material Materials covered by the subpoena or order is subject to this Agreement and provides a copy of this Agreement with the notice.

19.     17.     Nothing in this Agreement shall limit any Designating Party's use of its own Confidential Information Protected Material or shall prevent any Designating Party from disclosing its own Confidential Information Protected Material to any person.  Such disclosures shall not affect any confidential confidentiality designation made pursuant to the terms of this Agreement.

18.     Within sixty thirty (60 30) business days of the final termination of this Action, including any and all appeals, upon request of the Designating Party, Counsel for each Receiving Party must use commercially reasonable efforts to purge all Confidential Information Protected Material from all machine-readable media on which it resides and must either (a) return all Confidential Information to the Party that produced the information Protected Material to the appropriate Designating Party, including any copies, excerpts, and summaries of that information, or (b) destroy same.  Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, documents filed with the Court, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and expert work product that refer to or incorporate Confidential Information Protected Material, and other materials Counsel is required to retain to comply with

20.     Counsel's malpractice insurance and will continue to be bound by this Agreement with

respect to all such retained information, after the conclusion of this litigation. Further, attorney work product Materials that contain ~~Confidential Information~~Protected Material need not be destroyed, but, if they are not destroyed, the person in possession of ~~the attorney work product~~such Protected Materials will continue to be bound by this Agreement with respect to all such retained ~~information~~Protected Material, after the conclusion of this litigation. Counsel is not required to delete ~~Confidential Information~~Protected Material from back-up tapes or cloud back-ups, and may destroy such information in accordance with its electronically stored information protocols.

21. ~~19.~~ The restrictions and obligations set forth within this Agreement will not apply to any ~~information or~~ Materials that: (a) the Parties agree do not contain ~~Confidential Information~~Protected Material; or (b) the Parties agree, or the Court rules, have become public knowledge other than as a result of disclosure by a Receiving Party, its employees, or its agents, in violation of this Agreement.

22. ~~20.~~ Any Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Materials that were produced during the course of this litigation without such designation before the effective date of this Agreement, as follows:

~~(a)~~ (a) Parties may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to all other Parties. Any Party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the Designating Party all undesignated copies of such Materials, or shall affix the appropriate legend to all copies of the designated Materials; and

(b)      (b)      upon notice of designation pursuant to this paragraph, Parties shall also:

(i) make no disclosure of such ~~designated~~Protected Materials ~~or information contained therein~~ except as allowed under this Agreement; and (ii) take reasonable steps to notify any persons known to have possession of such ~~designated~~Protected Materials ~~or information contained therein~~ of the effect of such designation under this Agreement.

~~21.~~
23.      When a Party gives notice to another Party that certain inadvertently produced Material is subject to a claim of privilege or other protection, the obligations of the Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a stipulated protective order submitted to the Court. The Parties further agree that:

(a)      (a)      The inadvertent production by a Party of Material subject to the ~~attorney-client~~attorney- client privilege, work-product protection, or any other applicable privilege or protection, despite the Party's reasonable efforts to prescreen such Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Material is made promptly after the producing Party learns of its inadvertent production.

(b)      Upon a request from any Party who has inadvertently produced Material that it believes is privileged and/or protected, each ~~other~~ Receiving Party shall immediately return such Material and all copies to the requesting

(b) Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the requesting Party.

24. 22. Transmission by e-mail or facsimile is acceptable for all notification purposes within this Agreement.

25. 23. Any modification of the terms and conditions of this Agreement must be in writing, signed by all Parties, or by order of the Court.

26. 24. After termination of this Action, the provisions of this Agreement shall continue to be binding, except with respect to those Materials and information that became a matter of public record. The Court shall have continuing jurisdiction over the Parties and recipients of Confidential Information Protected Material for enforcement of the provisions of this Agreement.

27. 25. The Parties acknowledge that this Agreement does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

28. 26. Any use of Confidential Information Protected Material at trial shall be governed by the orders of the Court. This Agreement does not govern the use of Confidential Information Protected Material at trial.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 25 November [__], 2022                    Respectfully submitted,

*[Different first page setting changed from on in original to off in modified.]*

Case 1:21-cv-24441-CMA Document 41 Entered on FLSD Docket 03/25/2022 Page 21 of 17

By: */s/Adam M. Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
Florida Bar No. 118114
barbara@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza
Suite 601

| | |
|---|---|
| By: */s/DRAFT* | By: */s/DRAFT* |
| Adam M. Moskowitz | Christopher E. Knight |
| Florida Bar No. 984280 | Fla. Bar No. 607363 |
| adam@moskowitz-law.com | cknight@fowler-white.com |
| Joseph M. Kaye | Esther E. Galicia |
| Florida Bar No. 117520 | Fla. Bar No. 510459 |
| joseph@moskowitz-law.com | egalicia@fowler-white.com |
| Barbara C. Lewis | Alexandra L. Tifford |
| Florida Bar No. 118114 | Fla. Bar No. 0178624 |
| barbara@moskowitz-law.com | atifford@fowler-white.com |
| **THE MOSKOWITZ LAW FIRM, PLLC** | **FOWLER WHITE BURNETT, P.A.** |
| 2 Alhambra Plaza | Brickell Arch, Fourteenth Floor |
| Suite 601 | 1395 Brickell Avenue |
| Coral Gables, FL 33134 | Miami, Florida 33131 |
| Telephone: (305) 740-1423 | Telephone: (305) 789-9200 |
| | |
| *-and-* | *-and-* |
| | |
| Stephen Neal Zack | Stephen A. Best |
| Florida Bar No. 145215 | *Pro Hac Vice* |
| szack@bsfllp.com | sbest@brownrudnick.com |
| Hon. Ursula Ungaro (Ret.) | Rachel O. Wolkinson |
| Florida Bar No. 200883 | *Pro Hac Vice* |
| uungaro@bsfllp.com | rwolkinson@brownrudnick.com |
| **BOIES SCHILLER FLEXNER LLP** | **BROWN RUDNICK LLP** |
| 100 S.E. 2nd St., Suite 2800 | 601 Thirteenth Street NW Suite 600 |
| Miami, FL 33131 | Washington, DC 20005 |
| Telephone: (305) 539-8400 | Telephone (202) 536-l755 |
| | |
| *-and-* | *-and-* |
| | |
| David Boies | Sigmund Wissner-Gross |
| *Pro Hac Vice* | *Pro Hac Vice* |
| dboies@bsfllp.com | swissner-gross@brownrudnick.com |

*[Different first page link-to-previous setting changed from off in original to on in modified.]*
*[Different first page setting changed from on in original to off in modified.]*

*[Different first page setting changed from on in original to off in modified.]*

Case 1:21-cv-24441-CMA Document 41 Entered on FLSD Docket 03/25/2022 Page 22 of 17

| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Telephone: (914) 749–8200<br><br>*Co-Counsel for Plaintiffs* | Jessica N. Meyers<br>*Pro Hac Vice*<br>jmeyers@brownrudnick.com<br>**BROWN RUDNICK LLP**<br>Seven Times Square<br>New York, NY 11036<br>Telephone: (212) 209-4930<br><br>*Counsel for Defendants* |

Coral Gables, FL 33134
Telephone: (305) 740-1423

*Co-Counsel for Plaintiff and the Class*

By: */s/Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
szg@grossmanroth.com
Rachel W. Furst
Florida Bar No. 45155
rwf@grossmanroth.com
GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Office: 305-442-8666

*Co-Counsel for Plaintiff and the Class*

*[Different first page link-to-previous setting changed from off in original to on in modified.]*
*[Different first page setting changed from on in original to off in modified.]*

*[Different first page setting changed from on in original to off in modified.]*

By: /s/ *Gavin C. Gaukroger*
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
drt@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi
(*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow
(*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes
(*admitted pro hac vice*)
scervantes@jenner.com
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600
Fax: (212) 891-1699

*Counsel for Defendants*

*[Different first page link-to-previous setting changed from off in original to on in modified.]*
*[Different first page setting changed from on in original to off in modified.]*

23

Pursuant to Stipulation, it is hereby,

**DONE AND ORDERED** in Miami, Florida, this ~~—~~__ day of ____, 2022.

~~CECILIA M. ALTONAGA~~

_____

**ROY K. ALTMAN**
~~CHIEF~~ **UNITED STATES DISTRICT JUDGE**

24

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT**

I, _____ , declare and say that:

1.      ~~1.~~      I have read the Confidentiality Agreement (the "Agreement") between the parties in the matter captioned ~~*Cassidy v. Voyager LTD et al.*~~*Robertson et al. v. Cuban and Dallas Basketball Limited, d/b/a Dallas Mavericks.*, Case No. ~~21-24441 CIV-ALTONAGA/Torres~~22-CV-22538-ALTMAN/Reid (S.D. Fla.), and understand its contents.

2.      ~~2.~~      I promise that I will use any and all ~~Confidential Information~~"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as defined in the Agreement (collectively "Protective Material"), given to me only in a manner authorized by the Agreement.

3.      ~~3.~~      I promise that I will not disclose or discuss such ~~Confidential Information~~any Protected Material with anyone other than the persons described in ~~paragraph 5~~paragraphs 6 and 7 of the Agreement.

4.      ~~4.~~      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court where the Action specific to my receipt of information subject to this Agreement is pending with respect to the enforcement of the Agreement.

5.      I solemnly promise that I will not disclose in any manner any information or item that is subject to this Agreement to any person or entity except in strict compliance with the provisions of this Agreement.

6.      ~~5.~~      I understand that any disclosure or use of ~~Confidential Information~~Protected Material in any manner contrary to the provisions of the Agreement may subject me to sanctions and punishment in the nature of contempt.

7.      ~~6.~~      I will return all Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as defined in the Agreement) to the person who provided them to me~~, upon request of that person, and I shall~~ within fourteen (14) days and

will not retain any copies of said Materials or any information contained within Materials designated as or "CONFIDENTIAL" Materialsor "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____            _____

_____

| **Summary report:** | |
|---|---|
| **Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 12/1/2022 12:06:00 PM** | |
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Cassidy Protective Order.pdf | |
| **Modified DMS:** iw://WORKSITE/WorkSiteUS/64902189/11 | |
| **Changes:** | |
| Add | 285 |
| Delete | 320 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 2 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 607 |