# Exhibit D

| | |
|---|---|
| **From:** | Adam Moskowitz |
| **To:** | Angela Herazo; Joseph Kaye; Barbara C. Lewis; Rejane Passos; dboies@bsfllp.com; Ursula Ungaro; Linda Carlsen; Stephen N. Zack; David Boies2; Howard Bushman; Marc V. Ayala; Adam Shaw (ashaw@bsfllp.com); Brooke Alexander |
| **Cc:** | Alexandra L. Tifford; CHRISTOPHER E. KNIGHT; Glorissa Olivares; Esther E. Galicia; SBest@brownrudnick.com; Wolkinson, Rachel O.; SWissner-Gross@brownrudnick.com |
| **Subject:** | RE: Robertson, Gold, et. al. v. Mark Cuban, Dallas Basketball Limited, et. al. | Case No. 1:22-cv-22538 - Correspondence |
| **Date:** | Monday, December 5, 2022 4:46:02 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png |

Chris, we hope you had a great weekend and thanks for your proposed Amended Confidentiality Order. In that your responsive discovery is due this week, we are glad to try and agree upon a Confidentiality Order (although the Court did make those comments about the lack of a showing for a Protective Order to date). Remember, all documents and court proceedings are presumptively open to the public.

It is certainly your decision. You can either agree tomorrow to the same Confidentiality Order that we extensively negotiated with Voyager's counsel, and was entered by Chief Judge Altonaga, or we can submit both Orders (the "Voyager Order" and your proposed "New Order") to Judge Altman and he can decide which (if any) to enter.

To be honest, in so many recent class (and complex) actions, this "Confidentiality Order" issue have gone to some extreme and absurd grounds. Ironically, this issue was the subject for my Class Action Seminar last week at University of Miami and Harvard Law Schools. It is no doubt partially the result of lazy parties, because they submit to the Court "Agreed" Orders, so the Court just accepts the agreed Order. Your proposed version is what I mean by this issue (trying to maintain real "confidential information") has travelled a little out of the original bounds and purpose.

The prior Order suggested by Voyager's Defense Counsel (and approved by Chief Judge Altonaga) was reasonable, in that it allowed a party with a "good faith basis", to make those few "Confidential" designations, sparingly, and only in those sections and circumstances where the federal rules anticipated such information would be hidden from the public (like social security number or real trade secrets), it was never meant to simply hide incriminating information.

*First,* your proposed New Order greatly expands what the word "Confidential" even means (*See* new "B" definition of Confidential").

*Second*, and more importantly, your New Order (like some recent cases) propose a 2 tier level of Confidentiality, (1) secret ("Confidential") and super-secret ("Highly Confidential"). The problem is that you can designate anything as "Highly Confidential" and we immediately have this tremendous obligation to have every lawyer, expert, vendor and consultant sign your proposed Exhibit A (and maintain them all, like a blood oath, and you state anyone who reveals such information may be held "in contempt of court (See II. 2), where the federal rules require no such obligation. Moreover, you even require every deponent to sign the Exhibit A, before they are shown any of your "Highly Confidential" materials, but we already have a procedure where you have time after the deposition

to designate sections as "Confidential".

**Third,** and more to the reality, in the last class action where we agreed to a "Highly Confidential" designation, just about every document was indicated as "Highly Confidential", so we started the discovery with a tremendous burden.

Please reconsider utilizing and entering the Voyager Court Approved Order, and please only designate those specific sections of a document, that you "have a good faith basis" to designate as confidential. If not, we are certainly glad to just submit both versions to the Court this week, so that there is no delay with your producing all of the responsive materials this week.

Adam Shaw (from Boies) and Howard Bushman (from my Firm) will be handling the discovery production, so please have your IT people talk to them directly about the format that you will be producing the responsive materials, so it is all searchable, etc., and so we do not have to involve the Court.

Thanks, Adam


Adam M. Moskowitz
The Moskowitz Law Firm
2 Alhambra Plaza
Suite 601
Coral Gables, Fl 33134
305.740.1423 main
786.309.9561 direct
adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>
www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

---

**From:** Angela Herazo <aherazo@fowler-white.com>
**Sent:** Tuesday, November 22, 2022 4:40 PM
**To:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; dboies@bsfllp.com; Ursula Ungaro <UUngaro@bsfllp.com>; Linda Carlsen <lcarlsen@bsfllp.com>; Stephen N. Zack <szack@bsfllp.com>
**Cc:** Alexandra L. Tifford <ATifford@fowler-white.com>; CHRISTOPHER E. KNIGHT <CKnight@fowler-white.com>; Glorissa Olivares <GOlivares@fowler-white.com>; Esther E. Galicia <EGalicia@fowler-white.com>; SBest@brownrudnick.com; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; SWissner-Gross@brownrudnick.com
**Subject:** RE: Robertson, Gold, et. al. v. Mark Cuban, Dallas Basketball Limited, et. al. | Case No. 1:22-cv-22538 - Correspondence

I am resending Mr. Knight's letter. Please disregard the letter previously sent in my email below. All other attachments remain unchanged.

Thank you.

**Angela Herazo**
Legal Assistant to Alexandra L. Tifford



Brickell Arch
1395 Brickell Avenue
14th Floor
Miami, Florida 33131

main 305.789.9200
extension 1618
fax 305.789.9201
aherazo@fowler-white.com
Website



****Please take a moment to review our firm's Privacy Policy****

The information contained in this message and any documents accompanying this transmission are protected under the Electronic Communication Privacy Act, 18 U.S.C. S2510-2521, and may be attorney-client privileged or contain confidential information intended only for the use of the individual(s) or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use of, disclosure, dissemination, distribution, reliance on the contents or copying of this communication is strictly prohibited and may result in legal action against you. If you have received this message in error, please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents. Alternatively, you may notify us by telephone immediately. No liability is accepted for any loss or damage resulting from a computer virus, or resulting from a defect in transmission of this email or any attached file. It is the duty and obligation of the sender to take practical measures to purge or safeguard and avoid providing sensitive metadata embedded in any electronic document to prevent the disclosure of confidential information. Thank you. ****

**From:** Angela Herazo <aherazo@fowler-white.com>
**Sent:** Tuesday, November 22, 2022 3:07 PM
**To:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; dboies@bsfllp.com; Ursula Ungaro <UUngaro@bsfllp.com>; Linda Carlsen <lcarlsen@bsfllp.com>; Stephen N. Zack <szack@bsfllp.com>
**Cc:** Alexandra L. Tifford <ATifford@fowler-white.com>; CHRISTOPHER E. KNIGHT <CKnight@fowler-white.com>; Glorissa Olivares <GOlivares@fowler-white.com>; Esther E. Galicia <EGalicia@fowler-white.com>; SBest@brownrudnick.com; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; SWissner-Gross@brownrudnick.com
**Subject:** RE: Robertson, Gold, et. al. v. Mark Cuban, Dallas Basketball Limited, et. al. | Case No. 1:22-cv-22538 - Correspondence

Good afternoon Mr. Moskowitz:

In response to your email below, attached is correspondence from Mr. Knight, as well as enclosures referred to therein.

Thank you.

**Angela Herazo**
Legal Assistant to Alexandra L. Tifford



Brickell Arch
1395 Brickell Avenue
14th Floor
Miami, Florida 33131

main 305.789.9200
extension 1618
fax 305.789.9201
aherazo@fowler-white.com
Website



**From:** Adam Moskowitz <Adam@moskowitz-law.com>
**Sent:** Saturday, November 19, 2022 11:06 PM
**To:** Angela Herazo <aherazo@fowler-white.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; dboies@bsfllp.com
**Cc:** Alexandra L. Tifford <ATifford@fowler-white.com>; CHRISTOPHER E. KNIGHT <CKnight@fowler-white.com>; Glorissa Olivares <GOlivares@fowler-white.com>; SBest@brownrudnick.com; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; SWissner-Gross@brownrudnick.com; Stephen N. Zack <szack@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Rosell <jrosell@pszjlaw.com>; David Boies <dboies@bsfllp.com>; Linda Carlsen <lcarlsen@bsfllp.com>
**Subject:** RE: Robertson, Gold, et. al. v. Mark Cuban, Dallas Basketball Limited, et. al. | Case No. 1:22-cv-22538 - Correspondence

Chris: I hope you are having a great weekend. I am sure we can all agree that it seems each day there are crazy and wild developments in the FTX/Voyager and crypto world with Sam trying to flee from the Bahamas. It is a shame for all of our victims that the FTX purchase deal did not go through and it looks like they may forever lose all of that possible billions of dollars in recovery. We are also glad that Mr. Cuban decided to start talking publicly about these issues, but not sure why it was necessary to call our investors "fools" and the leaders of Voyager and FTX, whom we thought were his good friends, simply "greedy fu….". We will ask for the 6th time, please simply produce the Voyager/Mavericks Agreement that is the subject of this litigation and which we received from Voyager (as part of your Initial Disclosures and/or certainly responsive to our discovery requests). Please also make sure to send us any agreements that Mr Cuban and/or the Mavericks signed with Voyager and/or FTX to serve as a "brand ambassador" and/or any paid spokesperson.

The good news is that the Court finally confirmed on Friday, what we had discussed and expected since August, namely that: (1) no discovery will be stayed in this matter, and (2) you have yet to make any showing to require a Protective Order (although we have suggested on 5 different occasions, that you review and consider utilizing the Confidentiality Order that was already agreed with Voyager's counsel). As it stands now, you are required to produce and provide all of the responsive discovery as per the federal rules, and you can explain to us and the Court why we need any Protective Order. Here are the specific findings by the Court:

> They have not, for example, pointed to extraordinary costs or to a long-awaited ruling on a dispositive motion or to a particularly dubious complaint. In fact, taking "a preliminary peek" at the merits of the motion to dismiss, the motion is not "clearly" meritorious. Feldman, 176

> F.R.D. at 652-53. For these reasons, the Defendants have not established that a stay would be reasonable or that there is good cause for the request in this case. And, to the extent the Defendants' Motion seeks a protective order, we'll DENY that, too, because the Defendants haven't told us what they seek protection from or what that protective order might look like.

We have been respectfully requesting from you for the last month, any and all alternative dates for the 5 depositions (in the event the Court does not grant your Motion to Stay) and you decided not even to participate, so we have the 4 dates set (and will set Mr. Nelson this week).  One reason we specifically did this is that we also set the deposition of Defendant Mr. Cuban, and we know that might be a delicate issue for you, so let's please plan to meet and confer via Zoom this week, so we can meet and confer and agree on an alternative date during the same time frame, or we can just plan to keep these same 5 dates and times.  Those dates should give us enough time to resolve any and all documents issues, prior to taking the 2 corporate representative depositions in mid-January.

Below is a copy of the narrow discovery that we served to date, as well as the date such discovery was served (so you can make sure you provide all of the responsive discovery in accordance with the rules of procedure).  We still have not heard back regarding any suggested dates for the deposition of Mr. Donnie Nelson, so we will just go ahead and subpoena and set him in December.  We may have some additional discovery in light of your recent motion, but we know that in at least in 2 weeks, we will have a good portion of the discovery we need for class certification completed:

(1) a RFP to Mr. Cuban and the Mavericks,

(2) a Set of Interrogatories to Mr. Cuban and the Mavericks,

(3) 3 RFA to Mr. Cuban,

(4) a Corporate Rep. Notice for Mr. Cuban and the Mavericks set for January 12 and 13, and

(5) subpoenas for the 3rd party depositions (without documents) for Henry Gaskins for Dec. 15, Jeff Mishkin Dec. 16, Steve Ehrlich for December 19, and we will set Mr. Nelson's deposition in late December.

Please note we are talking to counsel for Mr. Erhlich now about possibly moving the date for his deposition.

Looking forward to coordinating all of the discovery and depostions, hearing your Motion to Dismiss and than we will re-file our Motion for Class Certificaiton, as insturcted by the Court, and seek an exepdited hearing.   Glad we are finally moving our case along expeditiously.  Thanks, Adam

Adam M. Moskowitz
The Moskowitz Law Firm
2 Alhambra Plaza
Suite 601

Coral Gables, Fl 33134
305.740.1423 main
786.309.9561 direct
adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>
www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

---

**From:** Adam Moskowitz
**Sent:** Monday, November 7, 2022 12:52 PM
**To:** Angela Herazo <aherazo@fowler-white.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; dboies@bsfllp.com
**Cc:** Alexandra L. Tifford <ATifford@fowler-white.com>; CHRISTOPHER E. KNIGHT <CKnight@fowler-white.com>; Glorissa Olivares <GOlivares@fowler-white.com>; SBest@brownrudnick.com; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; SWissner-Gross@brownrudnick.com; Stephen N. Zack <szack@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Rosell <jrosell@pszjlaw.com>; David Boies <dboies@bsfllp.com>; Linda Carlsen <lcarlsen@bsfllp.com>
**Subject:** RE: Robertson, Gold, et. al. v. Mark Cuban, Dallas Basketball Limited, et. al. | Case No. 1:22-cv-22538 - Correspondence

Chris: I hope you informed your clients about your risky discovery strategy that you are attempting in this case, a strategy which has usually not been successful in our District. You are certainly aware that under our local federal rules, you (nor any party) can unilaterally decide to stay discovery in the case and that can only be granted by the Court. You have been telling us since August (when we conducted our Initial Meet and Confer Meeting) that you "would be seeking" a complete discovery stay in this matter, you said it would be sought very shortly, but to date, you have not filed any such requests with the Court.

You have this unusual practice of sending us formal Letters in this case (instead of talking on the phone and/or responding to any of our emails), so please just make sure to comply with the professional rules and attach a copy of this email, to anything you file with the Court (in terms of seeking a stay), so the Court is apprised as to our position.

Initially, you told us in August (in confirmed emails) that the NY federal bankruptcy court was going to "stay" this specific action, but that was gone when Voyager's counsel agreed that if we dismissed Mr. Erhlich from these proceedings, they would have "no objection" to us proceeding with our claims

specifically against your 2 clients (Mr. Cuban and the Dallas Mavericks).  We can all agree that you did not want this result, but Voyager decided to do what they did . Voyager also said we can represent to Judge Altman that they had no objection to our two Law Firms being appointed Co-Lead Interim Lead Counsel for the proposed class, but we decided seeking such Interim Appointment was not necessary at our the last hearing.  You know we already filed our Motion for Class Certification before Chief Judge Altonaga, on the issue of whether the Voyager App was the "sale of unregistered securities" (as alleged by the SEC), so that is an issue that will not require extensive discovery.

We specifically told you that after our August Initial Conference Meeting, we would serve discovery and wanted to work with you on specific deposition dates.  You have refused to meet with us on the dates.  Second, we have no idea why you told Judge Altman that we needed 30 days to submit the JSR (which we sent you a draft a few weeks ago), but it is clear that your plan was to just delay that second scheduling call, so that you can unilaterally grant yourself a stay in this case.  As you will see below, we have litigated that issue numerous times in this District, and only the Court can grant a stay to discovery and you are certainly welcome to request such a stay at any time.  As stated at our last hearing, this case is going to proceed and you are filing your motion to dismiss in a few weeks.  We have every right now to serve discovery, and you can certainly seek (as you represented on 3 prior occasions since August) a full stay of discovery (based on some yet to be filed motion to dismiss), but until the Court grants your request, the discovery will proceed.

Attached is the brief discovery that we specifically told you we would be filing on our call in August and we think this should be sufficient for us to file our Motion for Class Certification in January.  We have attached the following discovery and will serve today:

(1) a RFP to Mr. Cuban and the Mavericks,

(2) a Set of Interrogatories to Mr. Cuban and the Mavericks,

(3) just 3 RFA to Mr. Cuban,

(4) a Corporate Rep. Notice for Mr. Cuban and the Mavericks set for January 12 and 13 (they are by Zoom, so they do not have to travel and we can certainly discuss moving those dates a few days in our telephone conferences), and

(5) subpoena for the 3rd party depositions (without documents) for Henry Gaskins for Dec. 15, Jeff Mishkin Dec. 16 and Steve Ehrlich for December 19. The only other third party deposition we are trying to arrange now for December is Mr. Donnie Nelson (former GM for the Mavericks) and are glad to coordinate his date with you.

Thanks, Adam

**Here is the law from some recent cases in this District which might help your research:**

"It has never been the rule in this district that one party can unilaterally stay proceedings and ignore the comprehensive discovery practices well-established under the Federal Rules of Civil Procedure as well as the Local Rules for the Southern District of Florida." PSF Trust v. Northeastern Capital Funding, 2008 WL 11333495, *2 (S.D. Fla. 2008). Without a "specific showing of prejudice or burdensomeness" by the movant, "unilateral motion[s] to stay discovery pending a ruling on a dispositive motion should be denied." Bocciolone v. Solowesky, No. 08-20200, 2008 WL 2906719, at 2 (citing S.D. Fla. Local Rule app. A, I(D)(5) (2008) ).
Monks v. Diamond Resorts Int'l, Inc., 17-14307-CIV, 2018 WL 4208330, at *2 (S.D. Fla. May 11, 2018)

**This is from one of our recent class action cases in this District:**

Courts in this District have held that "a stay of discovery pending the

determination of a motion to dismiss is the exception rather than the rule." See Ray v. Spirit Airlines, Inc., 2012 WL 5471793 (S.D. Fla. 2012). Consequently, "motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." Flecha v. Neighbors Moving Servs., Inc., No. 12-62455-CIV, 2013 WL 1908409, at *1 (S.D. Fla. Mar. 7, 2013); see also Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc., No. 16-CV-62175, 2016 WL 6777896, at *1 (S.D. Fla. Nov. 16, 2016) (explaining that motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.") (citations omitted). "While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the entire action.'" Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 692 (M.D. Fla.), aff'd, 87 F. App'x 713 (11th Cir. 2003) (emphasis added) (quoting Association Fe Y Allegria v. Republic of Ecuador, 1999 WL 147716 (S.D.N.Y. Mar. 16, 1999)); see also Feldman v. Flood, 176 F.R.D. 651 (M.D. Fla. 1997) (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action).

Looking past its factual inaccuracies, Spartan's Stay Motion is premised entirely on unsupported speculation that its pending Motion to Dismiss could conceivably dispose of this action in its entirety. Spartan's argument relies upon Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997), a 23-year-old case in which the Eleventh Circuit stated that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." Id. at 1367. But Chudasama certainly does not establish a general rule that discovery be stayed pending resolution of a motion to dismiss. See

Reilly v. Amy's Kitchen, Inc., No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); Gannon v. Flood, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (explaining Chudasama "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); Bocciolone v. Solowsky, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008) ("[C]ourts have consistently rejected any per se requirement to stay discovery pending resolution of a dispositive motion."). To the contrary, the Chudasama court "confronted a very specific situation involving a threefold problem — unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed." Ray v. Spirit Airlines, Inc., No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012). Unlike the exceptional circumstances presented in Chudasama, where the district court did not rule on a motion to dismiss for over a year and a half, Spartan's Motion to Dismiss is not even fully briefed for determination.[1]

"In evaluating whether the moving party has met its burden, a court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery.'" Bocciolone v. Solowsky, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (emphasis added) (quoting McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). This means that courts generally take a "preliminary peek" at the merits of the dispositive motion "to see if it appears to be clearly meritorious and truly case dispositive." Feldman, 176 F.R.D. at 652–53 (discovery stay not appropriate where pending motion to dismiss was not case

dispositive).

Consequently, the same discovery will occur regardless of whether one, two, or all three of Plaintiff's claims survive Spartan's motion to dismiss. The requested stay will therefore achieve zero discovery efficiencies unless Spartan persuades the Court to dismissal every single one of Plaintiff's claims (a) as a matter of law and (b) with prejudice – a highly implausible outcome. See, S.K.Y. Mgmt. LLC v. Greenshoe, Ltd., No. 06-21722-CIV, 2007 WL 201258, at *1–2 (S.D. Fla. Jan. 24, 2007) (rejecting stay where defendant raised colorable legal defenses, but plaintiff presented strong rebuttal arguments that could result in its claims surviving a motion to dismiss); Ray, 2012 WL 5471793, at *2 (rejecting stay where "the Court [could] not say that [the] case is surely destined for dismissal"); Bocciolone, 2008 WL 2906719, at *2; (rejecting stay where court undertook a "cursory examination of the merits of Defendants' Motion to Dismiss and there [was] sufficient reason to question whether Defendants' Motion will prevail on all claims"); Montoya, 2014 WL 2807617, at *2 (rejecting stay where the court's "incomplete and preliminary review suggests that the motions may not be the 'slam-dunk' submissions the Defendants describe them to be"); Flecha, 944 F. Supp. 2d at 1203 (rejecting stay where "genuine dispute" presented in parties' papers).

Thanks, Adam

Adam M. Moskowitz
The Moskowitz Law Firm
2 Alhambra Plaza
Suite 601
Coral Gables, Fl 33134
305.740.1423 main
786.309.9561 direct
adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>
www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

**From:** Angela Herazo <aherazo@fowler-white.com>
**Sent:** Friday, November 4, 2022 1:48 PM
**To:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>
**Cc:** Alexandra L. Tifford <ATifford@fowler-white.com>; CHRISTOPHER E. KNIGHT <CKnight@fowler-white.com>; Glorissa Olivares <GOlivares@fowler-white.com>; SBest@brownrudnick.com; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; SWissner-Gross@brownrudnick.com; Stephen N. Zack <szack@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Rosell <jrosell@pszjlaw.com>; David Boies <dboies@bsfllp.com>; Linda Carlsen <lcarlsen@bsfllp.com>
**Subject:** Robertson, Gold, et. al. v. Mark Cuban, Dallas Basketball Limited, et. al. | Case No. 1:22-cv-22538 - Correspondence

Good afternoon:

Attached please find correspondence from Mr. Knight regarding the above-referenced matter.

Thank you.

**Angela Herazo**
Legal Assistant to Alexandra L. Tifford



Brickell Arch
1395 Brickell Avenue
14th Floor
Miami, Florida 33131

main 305.789.9200
extension 1618
fax 305.789.9201
aherazo@fowler-white.com
Website

****Please take a moment to review our firm's Privacy Policy****

The information contained in this message and any documents accompanying this transmission are protected under the Electronic Communication Privacy Act, 18 U.S.C. S2510-2521, and may be attorney-client privileged or contain confidential information intended only for the use of the individual(s) or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use of, disclosure, dissemination, distribution, reliance on the contents or copying of this communication is strictly prohibited and may result in legal action against you. If you have received this message in error, please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents. Alternatively, you may notify us by telephone immediately. No liability is accepted for any loss or damage resulting from a computer virus, or resulting from a defect in transmission of this email or any attached file. It is the duty and obligation of the sender to take practical measures to purge or safeguard and avoid providing sensitive metadata embedded in any electronic document to prevent the disclosure of confidential information. Thank you. ****