UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22538-ALTMAN/Reid

PIERCE ROBERTSON *et al*, on behalf
of himself and others similarly situated,

    Plaintiff,

v.

MARK CUBAN and DALLAS
BASKETBALL LIMITED, d/b/a Dallas
Mavericks, *et al*

    Defendants.
_____/

### NOTICE OF ZOOM DISCOVERY HEARING FOR DECEMBER 20TH

**NOTICE IS HEREBY GIVEN** that the Plaintiffs will raise the following three (3) discovery issues before Magistrate Judge Lisette M. Reid on **December 20, 2022 at 3:30 p.m.** The Court will circulate Zoom instructions via email.

I.      **Brief Factual Background**

In accordance with Court's Discovery Procedures, ECF No. 60, below is the Brief Substance of the discovery matters to be heard. This case has been pending for over 4 months, Defendants moved to stay all discovery pending a ruling on their Motion to Dismiss, ECF No. 42, but that Motion was fully denied by Judge Altman. ECF No. 45. Defendants then moved to dismiss this action, ECF No. 41, relying specifically on two sworn declarations, by Defendant Mark Cuban and the Corporate Representative of the Dallas Mavericks. Plaintiffs contend the Mr. Cuban's sworn Declaration may include possibly false information, pertinent to whether the Court has personal jurisdiction over the Defendants. Defendants refused to offer any of these 2 declarants for deposition, and/or provide any jurisdictional discovery, before Plaintiffs' response to the Motion to Dismiss is due, *see* ECF Nos. 48, 51. The Court instructed all parties to immediately raise any discovery issues before Your Honor. *See* ECF No. 59 ("Before filing any discovery motions -- including any protective-order requests -- the Parties must contact the chambers of Magistrate Judge Lisette M. Reid and seek her authorization. The Plaintiffs may thus refile these motions only with Magistrate Judge Reid's consent.").

## II.  Brief Summary of the Discovery Issues

The Parties have conducted numerous telephone and Zoom meetings, and have additional meet and confer scheduled for Monday, December 19th, but have been unable to resolve these issues:

1. **DEPOSITION OF DEFENDANT MR. MARK CUBAN**:

Plaintiffs noticed Defendant Mr. Cuban for deposition more than 2 months ago, seeking the deposition before the holidays. Defendants refused and would not provide any alternative dates, and moved to stay all discovery which was denied by Judge Altman. Plaintiffs respectfully request the Court allow Plaintiffs to take brief jurisdictional discovery, including the deposition of Defendant Mark Cuban (in that he decided to file a Sworn Statement to specifically support of the Motion to Dismiss), so Plaintiffs can contest those facts in their Opposition to the Motion to Dismiss and/or to seek leave to amend the Complaint, to include additional allegations ascertained through that jurisdictional discovery (that deadline is Jan. 24, 2023). ECF No. 58. Plaintiffs suggest if discovery is permitted, the parties can request the Court to set the current date for the response to the Motion to Dismiss (Jan. 3, 2023), be the same date as Amending the Complaint (Jan. 24).

2. **ENTRY OF A CONFIDENTIALITY ORDER**:

Plaintiffs provided Defendants a proposed Confidentiality Order three months ago (so this issue did not delay discovery), that was entered by Chief Judge Altonaga, in our related, pending Voyager class action case, *Cassidy v. Voyager Digital Ltd,* No. 21-24441-CIV-ALTONAGA/Torres. Defendants oppose and contend that they require a two-tiered Confidentiality Order ("Confidential" and "Highly Confidential/Attorneys' Eyes Only"), but Plaintiffs believe the existing and customary Order is sufficient (citing caselaw from this Court, *see* ECF No. 48, pp. 2–4), particularly in light of the tendency for the "Attorneys' Eyes Only" designation to be abused in litigation and further because Defendants have made no showing for the necessity of an "Attorneys' Eyes Only" designation here.

Defendants admit they have some responsive documents "ready to produce", but refuse to do so until a Confidentiality Order is entered. Plaintiffs are briefing their Opposition to the pending Motion to Dismiss (due Jan. 3, 2023), which includes arguments on personal jurisdiction for which this discovery is relevant, and assessing whether they wish to amend the complaint (before January 24, 2023). In denying the Defendants' Motion to Stay, ECF No. 45, Judge Altman found Defendants have not made any showing of need for a "Protective Order", but Plaintiffs agreed to the Voyager Confidentiality Order. Plaintiffs propose the Court enter an order adopting the *Cassidy* Confidentiality Order for use in this action, and that no "Attorneys' Eyes Only" designation is necessary under the facts of this case. *See* 21-24441-CIV-ALTONAGA/Torres, ECF No. 42.

*CASE NO. 22-cv-22538-ALTMAN/Reid*

**3.  DEFENDANTS' OBJECTIONS TO EACH AND EVERY DISCOVERY REQUEST:**

Defendants objected to each and every of Plaintiffs' discovery requests. Counsel are continuing to meet and confer and will meet again on Monday, December 19, 2022.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), Plaintiffs certifies that good faith efforts were made to resolve these disputes through various emails and teleconferences. The parties were unable to resolve the above-noted disputes, however, and respectfully require Court intervention to resolve them. In any event, prior to the above-noticed hearing, Parties will meet and confer again on December 19, 2022 to seek to narrow or eliminate the issues prior to the hearing. The Parties will also continue to discuss the scheduled depositions of 3rd parties and Plaintiffs. prior to raising such issues before Your Honor.

CASE NO. 22-cv-22538-ALTMAN/Reid

Dated: December 16, 2022

Respectfully submitted,

By: /s/ *Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: /s/ *David Boies*
David Boies
(Admitted *Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

By: /s/ *Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
uungaro@bsfllp.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on December 16, 2022, with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ *Adam Moskowitz*
Adam M. Moskowitz