UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.*,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**STIPULATED PROTECTIVE ORDER**

The Parties to this Action recognize that many of the documents and much of the information being sought through discovery in this Action will contain confidential, proprietary, financial, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this Action may be warranted, as contemplated under Federal Rule of Civil Procedure 26(c)(1)(G). Accordingly, the Parties stipulate and agree to be bound by the terms of this Confidentiality Agreement (the "**Agreement**") to facilitate document production and disclosure and to protect the respective interests of the Parties.

**I.**    **DEFINITIONS**

The following definitions shall apply to this Agreement:

    A.    "**Action**" means the above-captioned litigation pending between Plaintiffs and Defendants in the United States District Court for the Southern District of Florida, designated as Case No. 22-CV-22538-ALTMAN/Reid.

    B.    "**CONFIDENTIAL**" information means Materials that the Designating Party reasonably and in good faith believes (or with respect to documents received from another person, has been reasonably advised by such other person) contains or constitutes (a) trade secrets, (b)

1

proprietary business information, (c) information implicating an individual's legitimate expectation of privacy, (d) compensation information about the Designating Party or its employees, (e) information related to the Designating Party's contractual relationships, (f) information that is subject, by law or by contract, to a legally protected right of privacy or confidentiality, (g) information that the Designating Party is under a preexisting obligation to a non-party to treat as confidential, or (i) information that the Designating Party has in good faith been requested by another party or non-party to so designate on the grounds that such other party or non-party considers such material to contain information that is confidential or proprietary to such party or non-party; provided, however, that when the basis for a "CONFIDENTIAL" designation is a belief or request by a third- or non-party, the identity of that third- or non-party and the basis for that belief or request will be conveyed to the Receiving Party.

      C.    **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** information means Materials that the Designating Party reasonably and in good faith believes (or with respect to documents received from another person, has been reasonably advised by such other person) contains or constitutes (a) financial account information, (b) social security numbers, bank account numbers, credit card numbers, or other sensitive personal information, (c) information that is so highly sensitive that its disclosure to persons other than those listed in paragraph 7 below could result in significant competitive or commercial disadvantage to the Designating Party, or (d) otherwise merits designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;" provided, however, that when the basis for a "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation is a belief or request by a third- or non-party, the identity of that third- or non-party and the basis for that belief or request will be conveyed to the recipients of the Designated Material. In addition, a Designating Party may, at any time, seek agreement or move the Court for a further order that additional, specific documents may be produced on a "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" basis. If a Designating Party moves for such an

2

order, any objecting person may file a response opposing the motion in accordance with Local Rule 7.1.

      D.      "**Protected Material**" means and includes information contained or disclosed in any Materials, including, without limitation, documents, portions of documents, answers to interrogatories, responses to requests for admissions, discovery responses and disclosures provided pursuant to the Federal Rules of Civil Procedure, trial testimony, deposition testimony, transcripts of trial testimony and depositions, motions, affidavits, declarations, and briefs, including data, summaries, and compilations derived therefrom that is designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

      E.      "**Counsel**" means all outside counsel of record in this Action, other attorneys, paralegals, secretaries, and other support staff employed by outside counsel's respective firms, in-house counsel, and other attorneys, paralegals, secretaries, and other support staff employed by in house counsel who are assisting outside counsel of record or in-house counsel in the defense of the Action.

      F.      "**Defendants**" means Mark Cuban and Dallas Basketball Limited, d/b/a Dallas Mavericks, including all of their officers, directors, employees, agents and advisors.

      G.      "**Designating Party**" means the Party designating Protected Material.

      H.      "**Expert**" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or consultant in this Action, along with their employees or subcontractors.

      I.      "**Litigation Consultants**" means persons or entities retained by a Party or its Counsel to serve as a professional consultant, along with their employees or subcontractors.

      J.      "**Materials**" include, without limitation: documents; correspondence; memoranda; financial information; email; text or instant messages; spreadsheets; slide presentations (*e.g.*, PowerPoint); specifications; marketing plans; marketing budgets; customer information; materials

that identify customers or potential customers; price lists or schedules or other matter identifying pricing; research, development, or commercial information; technical or proprietary information; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; presentations; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; records of website development; internet archives; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The protections conferred by this Agreement cover not only "Materials," but also any information copied or extracted from such Materials and all copies, excerpts, summaries, or compilations of Materials.

      K.    "**Party**" means any or all of the Plaintiffs or Defendants in the Action.

      L.    "**Parties**" means Plaintiffs and Defendants, collectively.

      M.    "**Plaintiffs**" means Pierce Robertson, Rachel Gold, Sanford Gold, Rahil Sayed, Christopher Ehrentraut, Todd Manganiello, Dan Newsom, William Ayer, Anthony Dorn, Dameco Gates, Marshall Peters, and Edwin Garrison.

      N.    "**Professional Vendors**" means persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, trial support, and organizing, storing or retrieving data in any form or medium) or provide services in connection with class notice or claims administration and their employees and subcontractors to the Parties.

      O.    "**Receiving Party**" means a Party to whom production of Protected Material is made.

    II.    TERMS

      The following provisions shall apply:

4

1. Any Party that produces or discloses Materials that the Designating Party believes contain information that should be subject to this Agreement, may designate the Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate.

    (a) Designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:" Any Party may designate Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the Designating Party has an objective, good-faith basis for asserting the Materials contain information that qualifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

    (b) The Designating Party must take care to limit any designations to specific parts of the Materials that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" information. To the extent it is practical to do so, the Designating Party must designate for protection only those parts that qualify so that other parts of the Materials for which protection is not warranted are not swept within the ambit of this Agreement.

2. The Receiving Party shall take reasonable steps to prevent the unauthorized access, use, or disclosure of Protected Material. Protected Material must be stored and maintained by the Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Agreement. Any copies, reproductions, excerpts, summaries, compilations, notes, memoranda, analyses, reports, briefs or discovery response that paraphrase, extract or contain Protected Material and any electronic image or database containing Protected

Material shall be subject to the terms of this Agreement to the same extent as the Materials from which summary, compilations, notes, copy, memoranda, analysis, electronic image, reports, briefs, discovery response or database is derived.  Any person found to have made impermissible use of any Protected Material produced in this Action may be subject to, without limitation, appropriate civil penalties, including for contempt of court.  In no way does this provision encroach on the protections afforded to attorney work product.

   3. In the event the Designating Party elects to produce Materials for inspection, no marking need be made by the Designating Party in advance of the initial inspection.  For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL" and must be treated as such pursuant to the terms of this Agreement.  Thereafter, upon selection of specified Materials for copying by the inspecting Party, the Designating Party must, within a reasonable time prior to producing those Materials to the (inspecting) Receiving Part, mark the copies of those Materials that contain Protected Material with the appropriate confidentiality marking.

   4. Whenever a deposition taken on behalf of any Party involves the disclosure of Protected Material:

    (a) The deposition or portions of the deposition must be designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as appropriate, subject to the provisions of this Agreement. Such designation must be made on the record whenever possible, but a Party may designate portions of depositions as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as appropriate, after transcription of the proceedings.  A Party will have until thirty (30) days after receipt of the deposition transcript to inform the other Parties of the portions of the transcript designated "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b) The Designating Party will have the right to exclude from attendance at the deposition, during such time as the Protected Material is to be disclosed, any person other than the deponent and the persons agreed upon pursuant to paragraphs 6 and 7 below, as appropriate.

(c) The originals of any deposition transcripts containing Protected Material and all other copies of such deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Agreement, and protected from being opened except by order of the Court.

5. All Protected Material must not be disclosed by the Receiving Party or their Counsel to anyone other than those persons designated within this Agreement and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this Action and any related reviews by the persons specified in paragraphs 6 and 7 below, unless and until such designation is removed either by agreement of the Parties or by order of the Court; provided, however, that Materials initially designated as Protected Material but for which the confidentiality designation has been removed either by agreement of the Parties or by order of the Court must not be used for any purpose other than in connection with this Action.

6. Material designated "CONFIDENTIAL" may be viewed only by:

(a) The Parties;

(b) Counsel for the Parties;

(c) Any insurer of a Party, including representatives, claims personnel and

7

attorneys of the insurer, who has a legitimate need to see the information in connection with their responsibilities for monitoring the litigation or preparing for mediation or settlement discussions. Prior to receiving any information designated "CONFIDENTIAL," the insurer must execute a copy of the "Agreement to Be Bound by Confidentiality Agreement," attached hereto as Exhibit A;

(d) Experts retained by a Party or its Counsel to whom disclosure is reasonably necessary for this litigation. Prior to receiving any information designated "CONFIDENTIAL," the Expert must execute a copy of the "Agreement to Be Bound by Confidentiality Agreement," attached hereto as Exhibit A;

(e) The Court and any Court staff and administrative personnel;

(f) Any court reporter employed in this Action and acting in that capacity;

(g) Litigation Consultants and Professional Vendors, provided that they sign the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A;

(h) The author, recipient, or custodian of a document containing the "CONFIDENTIAL" information, or another person who had authorized access to the "CONFIDENTIAL" information in the course of his or her employment duties;

(i) During deposition or court testimony, witnesses and counsel for witnesses to whom disclosure is reasonably necessary, provided that the witness signs the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A;

(j) Any mediator or settlement officer, and their supporting personnel; and

(k) Any other person upon written approval of the Designating Party or order of

8

the Court.

7. Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be viewed only by:

(a) Counsel for the Parties;

(b) Any insurer of a Party, including representatives, claims personnel and attorneys of the insurer, who has a legitimate need to see the information in connection with their responsibilities for monitoring the litigation or preparing for mediation or settlement discussions. Prior to receiving any information designated "HIGHLY CONFIDENTIAL – ATTORNEYS, EYES ONLY," the insurer must execute a copy of the "Agreement to Be Bound by Confidentiality Agreement," attached hereto as Exhibit A;

(c) Experts retained by a Party or its Counsel to whom disclosure is reasonably necessary for this litigation. Prior to receiving any information designated "HIGHLY CONFIDENTIAL – ATTORNEYS, EYES ONLY," the Expert must execute a copy of the "Agreement to Be Bound by Confidentiality Agreement," attached hereto as Exhibit A;

(d) The Court and any Court staff and administrative personnel;

(e) Any court reporter employed in this Action and acting in that capacity;

(f) Litigation Consultants and Professional Vendors, provided that they sign the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A;

(g) The author, recipient, or custodian of a document containing the information designated "HIGHLY CONFIDENTIAL – ATTORNEYS, EYES ONLY," or another person who had authorized access to the information designated "HIGHLY CONFIDENTIAL – ATTORNEYS, EYES ONLY" in the

9

course of his or her employment duties;

(h) During deposition or court testimony, witnesses and counsel for witnesses to whom disclosure is reasonably necessary provided that the witness signs the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A;

(i) Any mediator or settlement officer, and their supporting personnel; and

(j) Any other person upon written approval of the Designating Party or order of the Court.

Information designated "HIGHLY CONFIDENTIAL – ATTORNEYS, EYES ONLY" may not be disclosed to the Parties.

8. Counsel for any Party providing Protected Material to any person who is required, pursuant to paragraphs 6 and 7, to execute a copy of the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. In the event a person listed in paragraphs 6 and 7 above as being required to sign the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A before being provided with copies of Protected Material refuses to sign Exhibit A, the Party desiring to disclose the Protected Material may seek appropriate relief from the Court after meeting and conferring with the Designating Party.

9. Before a Party files any Materials with the Court that disclose another Party's Protected Material, the filing Party shall move the Court for leave to file the Protected Material under seal in conformance with applicable rules and requirements. The Parties anticipate meeting and conferring with respect to redacting any Protected Material that will be filed with the Court, in order to avoid the need to file Materials under seal, whenever possible. All Protected Materials filed with the Court may be filed publicly, without redaction and not under seal, or introduced

into evidence, without redaction and not under seal, if agreed to by the Parties in writing or if otherwise ordered by the Court.

10. The terms and provisions of this Agreement also are applicable to Materials a non-party has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

11. Protected Material shall be used only as specified in paragraph 5. A Party who wishes to use Protected Material for another purpose must request and obtain permission, in writing, from Counsel for the Designating Party. The Receiving Party's request must identify the Protected Material that the Receiving Party wishes to use and identify the purpose for which it wishes to use Protected Material. If the Designating Party does not provide written consent, and the Parties cannot resolve the question of whether the Receiving Party can use Protected Material for a purpose other than specified in paragraph 5, above, within fourteen (14) days of the Designating Party's receipt of such a request, the Receiving Party may seek a discovery hearing for the Court to rule on the Receiving Party's request. In the event any Party seeks Court permission to use Protected Material for a purpose other than as specified in paragraph 5, the Protected Material shall be submitted to the Court, under seal, for an *in camera* inspection. Any Protected Material at issue must be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, until the Court has ruled on the request or the matter has been otherwise resolved in writing between the Parties.

12. At any stage of these proceedings, any Party may object to a designation of Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Party objecting to designation must notify Counsel for the Designating Party, in writing, of the objected-to Materials by specific Bates number (if a document) or page number (if a deposition transcript) and state the grounds for the objection, and must endeavor to limit objections to Materials for which the party has a specific, good-faith need to use or disclose in this

litigation in a manner not prohibited by this agreement. If the dispute is not resolved consensually between the Parties within fourteen (14) days of receipt of such a notice of objections, the objecting Party may request a discovery hearing with the Court for a ruling on the objection. In the event any Party challenges the designation or redaction of Materials, the Materials shall be submitted to the Court, under seal, for an *in camera* inspection. The Materials at issue must be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as appropriate, until the Court has ruled on the objection or the matter has otherwise been resolved in writing between the Parties. The Designating Party shall bear the burden of justifying the disputed designation.

13. All Protected Material must be held in confidence by those inspecting or receiving it. In addition, Counsel for each Party, and each person receiving Protected Material, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Protected Material is disclosed to any person other than a person authorized by this Agreement, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the Designating Party and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

14. No Party will be responsible to another Party for disclosure of Protected Material under this Agreement if the information in question is not labeled or otherwise identified as such in accordance with this Agreement, subject to the provisions in paragraph 15 below.

15. If a Party, through inadvertence, discloses any Protected Material without labeling, marking, or otherwise designating it as such in accordance with this Agreement, the Designating Party may give written notice to the Receiving Party that the Materials are deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and that they should be treated as such in accordance with that designation under this

12

Agreement. The Receiving Party must treat the information and Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as appropriate, once the Designating Party so notifies the Receiving Party, and the Designating Party must endeavor to re-produce the designated information and Materials with the appropriate designation within seven (7) business days after notification of the designation. If the Receiving Party has disclosed the information and Materials before receiving the designation, the Receiving Party must notify the Designating Party, in writing, of each such disclosure. Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced information or Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16. Nothing within this Agreement will prejudice the right of any Party to object to the disclosure or production of any Materials on the grounds that the information or Materials are protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other privilege or immunity from disclosure.

17. This Agreement will be without prejudice to the right of any Party to oppose disclosure or production of any Materials for lack of relevance or any other ground other than the mere presence of Protected Material. The existence of this Agreement must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

18. Protected Material may be disclosed if: (a) the Designating Party consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the Receiving Party thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed Party (i) gives prompt notice to Counsel for the Designating Party, and permits the Designating Party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order

in the action in which the subpoena was issued and (ii) gives prompt notice in writing to the party who caused the subpoena or order to issue in the other litigation that some or all of the Materials covered by the subpoena or order is subject to this Agreement and provides a copy of this Agreement with the notice.

19. Nothing in this Agreement shall limit any Designating Party's use of its own Protected Material or shall prevent any Designating Party from disclosing its own Protected Material to any person. Such disclosures shall not affect any confidentiality designation made pursuant to the terms of this Agreement.

20. Within thirty (30) business days of the final termination of this Action, including any and all appeals, Counsel for each Receiving Party must use commercially reasonable efforts to purge all Protected Material from all machine-readable media on which it resides and must either (a) return all Protected Material to the appropriate Designating Party, including any copies, excerpts, and summaries of that information, or (b) destroy same. Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, documents filed with the Court, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and expert work product that refer to or incorporate Protected Material, and other materials Counsel is required to retain to comply with Counsel's malpractice insurance and will continue to be bound by this Agreement with respect to all such retained information, after the conclusion of this litigation. Further, attorney work product Materials that contain Protected Material need not be destroyed, but, if they are not destroyed, the person in possession of such Protected Materials will continue to be bound by this Agreement with respect to all such retained Protected Material, after the conclusion of this litigation. Counsel is not required to delete Protected Material from back-up tapes or cloud back-ups, and may destroy such information in accordance with its electronically stored information protocols.

21. The restrictions and obligations set forth within this Agreement will not apply to any Materials that: (a) the Parties agree do not contain Protected Material; or (b) the Parties agree, or the Court rules, have become public knowledge other than as a result of disclosure by a Receiving Party, its employees, or its agents, in violation of this Agreement.

22. Any Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Materials that were produced during the course of this litigation without such designation before the effective date of this Agreement, as follows:

(a) Parties may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to all other Parties. Any Party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the Designating Party all undesignated copies of such Materials, or shall affix the appropriate legend to all copies of the designated Materials; and

(b) upon notice of designation pursuant to this paragraph, Parties shall also: (i) make no disclosure of such Protected Materials except as allowed under this Agreement; and (ii) take reasonable steps to notify any persons known to have possession of such Protected Materials of the effect of such designation under this Agreement.

23. When a Party gives notice to another Party that certain inadvertently produced Material is subject to a claim of privilege or other protection, the obligations of the Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection,

the Parties may incorporate their agreement in a stipulated protective order submitted to the Court. The Parties further agree that:

    (a)    The inadvertent production by a Party of Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Party's reasonable efforts to prescreen such Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Material is made promptly after the producing Party learns of its inadvertent production.

    (b)    Upon a request from any Party who has inadvertently produced Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Material and all copies to the requesting Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the requesting Party.

24.    Transmission by e-mail or facsimile is acceptable for all notification purposes within this Agreement.

25.    Any modification of the terms and conditions of this Agreement must be in writing, signed by all Parties, or by order of the Court.

26.    After termination of this Action, the provisions of this Agreement shall continue to be binding, except with respect to those Materials that became a matter of public record. The Court shall have continuing jurisdiction over the Parties and recipients of Protected Material for enforcement of the provisions of this Agreement.

27.    The Parties acknowledge that this Agreement does not confer blanket protections

on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

28. Any use of Protected Material at trial shall be governed by the orders of the Court. This Agreement does not govern the use of Protected Material at trial.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 20, 2022                                    Respectfully submitted,

| | |
|---|---|
| By: */s/DRAFT*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>adam@moskowitz-law.com<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>joseph@moskowitz-law.com<br>Barbara C. Lewis<br>Florida Bar No. 118114<br>barbara@moskowitz-law.com<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>2 Alhambra Plaza<br>Suite 601<br>Coral Gables, FL 33134<br>Telephone: (305) 740-1423<br><br>-and-<br><br>Stephen Neal Zack<br>Florida Bar No. 145215<br>szack@bsfllp.com<br>Hon. Ursula Ungaro (Ret.)<br>Florida Bar No. 200883<br>uungaro@bsfllp.com<br>**BOIES SCHILLER FLEXNER LLP**<br>100 S.E. 2nd St., Suite 2800<br>Miami, FL 33131<br>Telephone: (305) 539-8400<br><br>-and-<br><br>David Boies<br>*Pro Hac Vice*<br>dboies@bsfllp.com<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Telephone: (914) 749–8200<br><br>*Co-Counsel for Plaintiffs* | By: */s/DRAFT*<br>Christopher E. Knight<br>Fla. Bar No. 607363<br>cknight@fowler-white.com<br>Esther E. Galicia<br>Fla. Bar No. 510459<br>egalicia@fowler-white.com<br>Alexandra L. Tifford<br>Fla. Bar No. 0178624<br>atifford@fowler-white.com<br>**FOWLER WHITE BURNETT, P.A.**<br>Brickell Arch, Fourteenth Floor<br>1395 Brickell Avenue<br>Miami, Florida 33131<br>Telephone: (305) 789-9200<br><br>-and-<br><br>Stephen A. Best<br>*Pro Hac Vice*<br>sbest@brownrudnick.com<br>Rachel O. Wolkinson<br>*Pro Hac Vice*<br>rwolkinson@brownrudnick.com<br>**BROWN RUDNICK LLP**<br>601 Thirteenth Street NW Suite 600<br>Washington, DC 20005<br>Telephone (202) 536-l755<br><br>-and-<br><br>Sigmund Wissner-Gross<br>*Pro Hac Vice*<br>swissner-gross@brownrudnick.com<br>Jessica N. Meyers<br>*Pro Hac Vice*<br>jmeyers@brownrudnick.com<br>**BROWN RUDNICK LLP**<br>Seven Times Square<br>New York, NY 11036<br>Telephone: (212) 209-4930<br><br>*Counsel for Defendants* |

Pursuant to Stipulation, it is hereby,

**DONE AND ORDERED** in Chambers at Miami, Florida this 21st day of December 2022.

                                                                            *[signature]*
                                                                            LISETTE M. REID
                                                                            UNITED STATES MAGISTRATE JUDGE

cc:   **All Counsel of Record**

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT**

I, _____, declare and say that:

1. I have read the Confidentiality Agreement (the "Agreement") between the parties in the matter captioned *Robertson et al. v. Cuban and Dallas Basketball Limited, d/b/a Dallas Mavericks.*, Case No. 22-CV-22538-ALTMAN/Reid (S.D. Fla.), and understand its contents.

2. I promise that I will use any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as defined in the Agreement (collectively "Protective Material"), given to me only in a manner authorized by the Agreement.

3. I promise that I will not disclose or discuss such any Protected Material with anyone other than the persons described in paragraphs 6 and 7 of the Agreement.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court where the Action specific to my receipt of information subject to this Agreement is pending with respect to the enforcement of the Agreement.

5. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Agreement to any person or entity except in strict compliance with the provisions of this Agreement.

6. I understand that any disclosure or use of Protected Material in any manner contrary to the provisions of the Agreement may subject me to sanctions and punishment in the nature of contempt.

7. I will return all Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as defined in the Agreement) to the person who provided them to me within fourteen (14) days and will not retain any copies of said Materials or any information contained within Materials designated as or "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____        _____