**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No: 1:22-cv-22538 (Altman/Reid)

PIERCE ROBERTSON, RACHEL GOLD,
SANFORD GOLD, RAHIL SAYED,
CHRISTOPHER EHRENTRAUT, TODD
MANGANIELLO, DAN NEWSOM,
WILLIAM AYER, ANTHONY DORN,
DAMECO GATES, MARSHALL PETERS,
and EDWIN GARRISON, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

    v.

MARK CUBAN and DALLAS
BASKETBALL LIMITED, d/b/a DALLAS
MAVERICKS

    Defendants.

_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EXPEDITED MOTION TO EXTEND THE DEADLINES FOR PLAINTIFFS TO OPPOSE DEFENDANTS' MOTION TO DISMISS OR MOVE FOR LEAVE TO AMEND THE COMPLAINT**

Defendants Mark Cuban and Dallas Mavericks Limited d/b/a Dallas Mavericks ("Defendants") respectfully submit this Opposition to Plaintiffs' "Expedited Motion to Extend the Deadlines for Plaintiffs to Oppose Defendants' Motion to Dismiss or to Move for Leave to Amend the Complaint" ("Expedited Motion"), *see* ECF No. 67. While Plaintiffs claim in their Expedited Motion that Defendants have somehow "reneged" on an "agreement" before Magistrate Judge Reid to extend Plaintiffs' time to respond to Defendants' Motion to Dismiss (which was timely filed on November 18, 2022), it is actually the Plaintiffs who seek to disregard the instructions that Magistrate Judge Reid provided at the December 20, 2022 conference that the Plaintiffs produce the non-privileged documents that Defendants had previously requested, due on December 22, 2022 and make the three Florida Plaintiffs available to be deposed in Miami at the office of Fowler White in January 2023. Plaintiffs' Expedited Motion should be denied. Defendants submit as follows:

Case No: 1:22-cv-22538 (Altman/Reid)

1.Defendants have learned as a result of their pre-discovery investigation of Plaintiffs that, at a minimum, most of the named Plaintiffs may have opened accounts with Voyager prior to the October 27, 2021 Press Conference in Dallas (the "Press Conference") that is at the heart of Plaintiffs' Complaint and appear to have made other misleading statements to the Court in pleadings in this case, raising material questions as to whether a number of such Plaintiffs may have provided false statements in the Amended Complaint and in certain Declarations that four of the named Plaintiffs (including the three Florida Plaintiffs) filed in support of the now-denied Motion for Class Certification. Defendants raised the issue of whether at least eight of the named Plaintiffs opened their Voyager accounts prior to the Press Conference with Magistrate Judge Reid during the December 20, 2022 conference (contradicting any claim of reliance on Defendants in opening such accounts), and urged Magistrate Judge Reid to direct that Plaintiffs produce all the non-privileged documents that Defendants requested of Plaintiffs on December 22, 2022, when discovery responses were due, or shortly thereafter but no later than December 30, 2022. To date, Plaintiffs have produced no documents to Defendants. Defendants also have asked that Voyager produce account-related documents, serving a subpoena for such documents on the Voyager debtors and yesterday obtained certain documents from Voyager.[1] Defendants reserve the right to seek dismissal of the Amended Complaint on the further ground that Plaintiffs submitted a materially misleading Complaint and Amended Complaint, and/or Declarations as to their own actions and claimed "reliance" on the alleged "misrepresentations and omissions" of Defendants, that would serve as an independent basis for dismissal of the Amended Complaint.[2]

---

[1] Such documents (as well as Voyager's formal written Responses and Objections) were designated by Voyager as Confidential subject to both the Protective Order in place in this action and the Protective Order in place in the Voyager bankruptcy proceeding. Notwithstanding Voyager's production of certain documents, Plaintiffs' production of documents in their possession, custody and control both relating to their Voyager accounts and other critical information is still essential. Defendants believe that production of all such documents by Plaintiffs, coupled with prompt depositions of Plaintiffs, will further confirm that the claims asserted by Plaintiffs against Defendants and their claimed "reliance" on Defendants are entirely fabricated. If Plaintiffs continue their default in failing to produce all non-privileged documents to Defendants, it is the intention of Defendants to seek immediate relief from Magistrate Judge Reid pursuant to her discovery protocols.

[2] *See* Amended Complaint ¶¶ 7-18 (Alleging as to each Plaintiff that they opened their Voyager account and funded the account "after being exposed to some or all of Cuban's and Ehrlich's misrepresentations and omissions regarding the Deceptive Voyager Platform" and that they

2

2. This context is necessary to appreciate why the Plaintiffs' Expedited Motion should be denied. As the Court will recall, the Plaintiffs' response to Defendants' Motion to Dismiss was originally due on December 2, 2022 pursuant to Local Rule 7.1(c)(1) of the Southern District of

---

"executed trades on the Deceptive Voyager Platform in reliance on [Defendants' alleged] misrepresentations and omissions."). Lead Plaintiff Robertson concedes, however, in paragraph 67 of the Amended Complaint that he opened a Voyager account prior to the October 27, 2021 Press Conference, contradicting his allegations in paragraph 7 of the Amended Complaint. He also has made sworn statements in this case that Defendants believe, based on their independent investigation to date, are false and contradict his other allegations in the Amended Complaint. *See also* Declaration of Florida Plaintiff Pierce Robertson at ¶ 3 ("I purchased from Voyager Digital a Voyager Earn Program Account (an "EPA) after being exposed to some or all of Cuban's misrepresentations and omissions regarding the Deceptive Voyager Platform as detailed in the complaint, and thereafter funded the account with sufficient cryptocurrency assets to meet the minimum thresholds for earning the interest Voyager Digital offered to pay on those holdings."), ECF 40-1. By way of example, Defendants' investigation of Plaintiffs to date indicates that Lead Plaintiff Robertson may have been arrested approximately 20 times, including as recently as 2021 (felony arrest for aggravated assault with a deadly weapon) and 2022 (felony arrest for resisting an officer with violence), and for a variety of alleged similar and other criminal offenses, was in recent years under investigation by Florida state law authorities (and possibly other state law authorities previously) for other alleged serious personal misconduct, and may have filed for personal bankruptcy (including as recently as 2017) under another name one or more times. Of particular relevance, Mr. Robertson appears to have submitted sworn applications under penalty of perjury in at least two Florida proceedings in September 2021 (inconsistent with his statements to the Court in this action) where he claimed to have virtually no personal assets (other than interest in a house and car), approximately $120 in his bank account, and did not disclose the existence of any Voyager-held assets, in an effort to be permitted to pursue what appear to be frivolous court proceedings without prepaying fees or costs. *See* Exhibits D and E annexed hereto. Defendants are prepared to demonstrate to the Court, at the appropriate time, why Mr. Robertson, by way of example, appears to have filed false if not perjurious allegations against Defendants in this action. Defendants believe that the information they have obtained about Mr. Robertson and the other named Plaintiffs to date is the tip of the iceberg (*e.g.*, Defendants believe that Sanford Gold, another proposed Florida plaintiff, may have been convicted twice for serious financial fraud, serving prison time for each offense, one of which was a marketing Ponzi scheme, for which he was ordered to make over $18 million in restitution to victims). It is quite clear that the Plaintiffs each have manufactured claims against Defendants, and that none relied in any respect on Defendants in opening a Voyager account or for their individual trading decisions after opening such accounts, among other fatal defects to the Amended Complaint. If in fact Mr. Robertson and other named Plaintiffs were untruthful in their Declarations and in the allegations attributed to them in the Amended Complaint, that would be grounds for both Rule 11 sanctions being imposed here and possibly dismissal with prejudice of the Amended Complaint, separate from the pending grounds set forth in Defendants' Motion to Dismiss. Defendants are entitled, at a minimum, to immediate production of all the documents they have asked for from Mr. Robertson and from the other Plaintiffs, as directed by Magistrate Judge Reid.

Florida. Defendants' Motion to Dismiss included three basic grounds: (i) the Court lacks personal jurisdiction over Defendants; (ii) the state law securities and consumer fraud claims asserted by Plaintiffs fail to comply with Rule 12(b)(6) and Rule 9(b), and (iii) the Amended Complaint alternatively should be dismissed for failure to join necessary parties, the Voyager Debtors.[3]

3. In response to Plaintiffs' Motion for Brief Extension of Time and Page Limits, the Court provided Plaintiffs with an additional 30 days to file their response, which is now due on January 3, 2023. The Court also granted Plaintiffs an extra 10 pages of briefing. The Court further set the Defendants' Reply as due on January 10, 2023, and granted Defendants an extra 5 pages on their Reply. At the request of Defendants, all pre-trial discovery matters were referred to Magistrate Judge Reid. *See* ECF No. 58. However, issues of scheduling, such as the timing of Plaintiffs' response to the pending Motion to Dismiss, were kept with Judge Altman.

4. On December 20, 2022, during the course of a discovery conference with Magistrate Judge Reid, certain discovery protocols were established. Magistrate Judge Reid approved a form of Protective Order containing basic terms that had been advanced by Defendants over the objections of Plaintiffs. *See* ECF No. 65. Magistrate Judge Reid also directed that Plaintiffs produce the documents that had been requested of them regarding, *inter alia*, when they opened accounts at Voyager and all related documents concerning any transactions in such Voyager accounts on December 22, 2022 (when responses to such document requests were due) and directed that the Florida named Plaintiffs appear in Miami in person for depositions in January 2023. Contrary to Plaintiffs' recitation of the December 20 conference, Magistrate Judge Reid directed that Defendants produce documents on the issue of jurisdictional contacts with Florida on January 3, 2023 (not prior to then) and that after Defendants provide to Plaintiffs search terms and related e-discovery protocols, document discovery begin otherwise by Defendants on a "rolling" basis (not that all documents be produced on January 13). Magistrate Judge Reid also directed that Mr. Cuban be made available for a deposition on jurisdictional issues in early February and Defendants committed to provide a proposed date for such jurisdictional deposition to be held in Dallas, Texas, where Mr. Cuban resides and works.[4]

---

[3] *See* ECF No. 41.

[4] Certain other matters were addressed before the Magistrate, such as Plaintiffs' representation that they would not proceed with the depositions of two in house lawyers of the Mavericks. While the

5. While the parties did discuss with Magistrate Judge Reid how the jurisdictional discovery would interact with other deadlines in the case, such as the current deadlines of the parties to complete briefing on the Motion to Dismiss, Magistrate Judge Reid, when hearing that Judge Altman had already granted one extension of time to Plaintiffs on the Motion to Dismiss and that the prior extension request had been litigated before Judge Altman, suggested that the parties needed to address such issue with Judge Altman. Magistrate Judge Reid specifically suggested that the parties, as appropriate, address the scheduling deadlines—chief among which was a deadline for Plaintiffs to respond to Defendants' motion to dismiss—with Judge Altman in a joint request, if the parties were able to agree to terms of such a joint request. Notwithstanding that directive, Plaintiffs did not contact Defendants on the subject the following week. Instead, they refused to comply with their own discovery obligations before providing Defendants with a completely unacceptable and misleading proposed "Stipulation" on December 27, 2022. When Defendants expressed concerns about the terms of the proposed "Stipulation" and offered up a practical solution whereby Plaintiffs would file a response to the Motion to Dismiss on January 3, 2023, with each side being permitted to file a short supplementary brief after jurisdictional discovery was completed and proposed a meet and confer to be held on December 29, 2022, Plaintiffs responded instead by filing the Expedited Motion on December 28, 2022.

6. While Defendants appreciate that at this juncture that Plaintiffs will have an opportunity to take jurisdictional discovery and are confident that such jurisdictional discovery will confirm that the Declarations submitted by Defendants on the jurisdictional argument are entirely correct and that any diversionary arguments by Plaintiffs are entirely lacking in merit, Defendants think it entirely inappropriate for Plaintiffs to engage in a bait and switch, *i.e.*, blocking prompt discovery of Plaintiffs to confirm whether, as Defendants believe, that most of the Plaintiffs opened accounts with Voyager prior to the October 27, 2021 Press Conference, whether as Defendants' initial investigation suggests, several of the named Plaintiffs have prior significant criminal records (including one Florida plaintiff apparently having been convicted of major

---

depositions of two other employees of the Mavericks were discussed, such depositions were to be scheduled when such witnesses were available. Defendants have advised Plaintiffs that such other Mavericks employees are not available to be deposed in January 2023. Defendants have advised Plaintiffs' counsel that Mr. Cuban is available to be deposed in early February 2023 in Dallas, on jurisdictional issues.

financial fraud involving a multi-million dollar marketing Ponzi scheme), and whether, among other misstatements in the Amended Complaint, the claims of "reliance" on Defendants is an entirely fabricated allegation. Not surprisingly, in a recent email from Plaintiffs' lead counsel to Defendants and during a meet and confer held on December 29, 2022 (discussed below), Plaintiffs lead counsel offered up the possibility that he may try, to get around the obvious problems with his Plaintiffs, to substitute in some new plaintiffs (which Defendants will oppose), a proposal that is entirely inappropriate and attempts to side step what Defendants believe are some serious Rule 11 issues with the named Plaintiffs who agreed to put their names on the Amended Complaint and in certain instances, signed sworn Declarations in this action.

7. A copy of the parties' correspondence, including, of note, Mr. Moskowitz's email, dated December 27, 2022 at 2:30 PM, and Defendants' counsel's response on December 28, 2022 at 1:03 PM is annexed as Exhibit A hereto. A copy of the parties' correspondence concerning mediator selection is annexed as Exhibit B hereto. A copy of the parties' correspondence concerning the depositions of named Plaintiffs is annexed as Exhibit C hereto.[5] While Defendants appreciate that all pre-trial discovery issues are now to be determined by Magistrate Judge Reid, Defendants provide these emails and the more general discussion of the status of discovery for context to the Court on the issue of scheduling the balance of the briefing on the Motion to Dismiss, given Plaintiffs attempt to disingenuously include and misstate other scheduling dates in the Expedited Motion.[6]

---

[5] This correspondence is provided to provide context for the Expedited Motion, which references other issues beyond the timing of Plaintiffs' response to the Defendants' Motion to Dismiss. Defendants believe that Plaintiffs are attempting to delay the timing of depositions of the Plaintiffs, and particularly the Florida Plaintiffs, and will address any compliance issues on such subject with Magistrate Judge Reid. Given the serious credibility issues Defendants have already identified regarding the Plaintiffs, and evidence obtained by Defendants already suggesting that the claims of "reliance" here are fabricated, it is critical that most of these Plaintiffs be deposed in person. Defendants will address that issue before Magistrate Judge Reid.

[6] Quite incredibly, as reflected in Mr. Moskowitz's emails, Plaintiffs now are clearly attempting to take backdoor discovery for purported use in Plaintiffs' counsels' other pending actions and investigations relating to FTX. *See* Exhibit A, Plaintiffs' counsel's email dated December 27, 2022 at 2:30 PM (attaching subpoena to Sullivan & Cromwell, a party wholly unrelated to the events or individuals in this case, indicating efforts to seek deposition of a Sullivan & Cromwell corporate representative); Defendants' counsel's response on December 28, 2022 at 1:03 PM ("With respect to non-party depositions, we are a bit puzzled by your latest proposed non-party

8.      Defendants respectfully submit that Plaintiffs be required to file their response to the Motion to Dismiss on January 3, 2023 and that Defendants' reply be due on January 10, 2023. Defendants further propose that, in light of the fact that the parties will be engaging in jurisdictional discovery through early February 2023, by February 10, 2023 the parties each be permitted to submit a supplemental brief no longer than 10 pages each on any jurisdictional issue that might develop during discovery.[7] If Plaintiffs require a few extra days to complete their submission of their response to the Motion to Dismiss due on January 3, 2023, such as to January 6, 2023, Defendants have no objection to such additional time if the Court deems that appropriate, provided that Defendants be accorded further time to file their Reply. Defendants submit that that would be a most fair and equitable, and practical resolution of the need to promptly proceed with the case and secure an early determination of the Motion to Dismiss, while permitting the parties to supplement the Motion to Dismiss filings with any pertinent information on the issue of jurisdiction obtained in jurisdictional discovery.

9.      If the Court permits Plaintiffs any extra time beyond January 3, 2023 to file their response to the Motion to Dismiss, the Defendants respectfully request that the Court not adjourn the deadline for Plaintiffs to seek leave to amend the Amended Complaint, which is currently due on January 24, 2023.

10.     It is apparent that Plaintiffs' tactic here is to use the Court's prior Order denying an omnibus stay of discovery to try to kick the can down the road and avoid a determination by the Court on the merits of the Motion to Dismiss, and to try to leverage the proposed adjourned

---

discovery. As for Sullivan & Cromwell, I do not believe you provided a notice of subpoena, but only purported exhibits to a possible subpoena. It is unclear when you propose to take this non-party deposition. Further, this appears to be a pure fishing expedition to take discovery in your pending FTX case via a purported non-party deposition in our case. On its face, that would appear to be entirely improper, and request that you withdraw this proposed subpoena."). During the meet and confer held on December 29, Plaintiffs' counsel offered several conflicting explanations of why the Sullivan & Cromwell discovery was being sought, all of which appeared to be a transparent fishing expedition. If such third-party subpoena is served, Defendants recognize that Sullivan & Cromwell, a major national law firm, will respond as it thinks most appropriate. Again, Defendants recognize that this issue will be addressed by Magistrate Judge Reid, if not resolved.

[7] The February 10, 2023 deadline will allow the parties more than sufficient time to submit such additional brief filing, and will allow the parties more than sufficient time to address any jurisdictional topics addressed at Mr. Cuban's jurisdiction deposition which is to be conducted in Dallas, Texas in early February 2023.

deadline to move for leave to further amend the Amended Complaint to attempt to postpone the Court's ruling on the Motion to Dismiss as long as possible. Plaintiffs have already signaled that they think they may have a potential "workaround" to what Defendants believe are a myriad of standing and credibility issues for the named Plaintiffs by trying to use the motion for leave to amend to add new plaintiffs or drop problematic Plaintiffs, and stall any disposition of the Motion to Dismiss. If Plaintiffs (as Defendants believe) filed a complaint in violation of Rule 11, such conduct should not be sanctioned by permitting the Plaintiffs' counsel to drop the problematic Plaintiffs like a hot potato once their fabrications are exposed, and avoid the consequences under Rule 12(b) or 9(b), let alone under Rule 11. The Court should not permit such dilatory and abusive tactics to occur. Defendants respectfully submit that the claims asserted in the Amended Complaint against Defendants lack any merit, and that Plaintiffs will not be able to establish that Defendants played any role whatsoever in the decision of these Plaintiffs to open any account with Voyager (particularly so for Plaintiffs who opened accounts prior to October 27, 2021), let alone any role in any decision each Plaintiff made to engage in specific trades in their respective accounts, nor any role in the events that led to the collapse of Voyager, among other defects in the Plaintiffs' claims against Defendants.

11. Defendants further note that, ironically, Plaintiffs have refused to consent to an extension of other deadlines, such as the February 23, 2023 deadline in the Amended Order Setting Trial and Pre-Trial Schedule for the parties to exchange expert witness summaries or reports, though under Plaintiffs' Expedited Motion, their response to the Motion to Dismiss and their deadline to move for further amendment of the Amended Complaint will not be due until February 24, 2023 (*i.e.*, after the expert reports are due). Under Plaintiffs' proposed new schedule, expert reports would be due even before the Court has determined whether the Motion to Dismiss should be granted, and prior to a determination of what the operative Complaint will be in the case in the unlikely event leave to amend is granted.[8] Defendants respectfully submit that, as in most complex commercial cases, it is more reasonable to schedule expert report deadlines to occur after the

---

[8] The current expert report deadline also precedes the July 19, 2023 deadline for filing a motion for class certification, though any expert report submitted by Defendants would likely have to consider certain class issues (such as lack of causation of any alleged "class" damages by Defendants, the role of numerous independent factors having no connection to Defendants for the collapse of Voyager, etc.) prior to the Court even considering a class certification motion.

completion of fact discovery, rather than to have expert reports, in a proposed class action, due approximately four months before a class certification motion is even due, prior to completion of fact discovery, and even prior to a proposed deadline to seek leave to file a further Amended Complaint.[9]

12. Finally, Defendants note that Plaintiffs claim that the parties had a meet and confer on the issues addressed in the Expedited Motion prior to the filing of the Expedited Motion, *see* ECF No. 67. In fact, as the email exchanges reflect in Exhibit A, any such meet and confer had not occurred by the time the Expedited Motion was filed, and was actually scheduled to occur on December 29, 2022. Such meet and confer did occur at 8:00 AM on December 29, 2022. While Defendants, during such meet and confer, offered the practical solution noted above for sequencing the timing of Plaintiffs' response to the Motion to Dismiss, combined with the parties' right to supplement their papers on the jurisdictional issue in mid-February after the completion of jurisdictional discovery, Plaintiffs' counsel did not accept such proposal. The other issues discussed during the meet and confer involve pre-trial discovery issues, for which the parties will seek the assistance of Magistrate Judge Reid for resolution.[10]

---

[9] Defendants reserve the right to further address the issue of the timing of when expert reports are due once the Court has ruled on the Expedited Motion.

[10] During the meet and confer, Plaintiffs' lead counsel also refused to confirm whether he had provided a certification of compliance to the Voyager Debtors as required by the Voyager bankruptcy court's requirement, under the Protective Order in the now-dismissed Adversary Proceeding against the Robertson Plaintiffs. Such Protective Order required that Plaintiffs' counsel certify to the Voyager Debtors after closure of that case (which occurred more than 60 days ago) that he had returned or destroyed any documents, such as the Sponsorship Agreement, that may have been produced by the Voyager Debtors to Plaintiffs' lead counsel in such Adversary Proceeding. The unwillingness of Plaintiffs' lead counsel to provide a forthright response, if anything, underscores Defendants' deep concerns with how any confidential information will be handled by Plaintiffs lead counsel in this action, a compliance concern that, as appropriate, Defendants will address with Magistrate Judge Reid.

Case No: 1:22-cv-22538 (Altman/Reid)

Respectfully submitted,

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:     (305) 789-9201

-and-

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email:  sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email:  rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

-and-

<u>Case No: 1:22-cv-22538 (Altman/Reid)</u>

        SIGMUND WISSNER-GROSS, ESQ.
*Pro Hac Vice*
Email:  swissner-gross@brownrudnick.com

JESSICA N. MEYERS, ESQ.
*Pro Hac Vice*
Email:  jmeyers@brownrudnick.com

BROWN RUDNICK LLP
Seven Times Square
New York, NY  11036
Telephone:  (212) 209-4930

Case No: 1:22-cv-22538 (Altman/Reid)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 30, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        */s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

## SERVICE LIST

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Barbara C. Lewis, Esq.
The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
E-mail: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Email: barbara@moskowitz-law.com

*Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

David Boies, Esq.
*Pro Hac Vice*
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Email: dboies@bsfllp.com

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Stephen Neal Zack, Esq.
szack@bsfllp.com
Ursula Ungaro, Esq.
uungaro@bsfllp.com
Boies Schiller Flexner LLP
100 S.E. 2nd St., Suite 2800
Miami, FL 33131

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**