UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA MIAMI DIVISION

CASE NO.: 22-cv-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.*, on
behalf of himself and others similarly
situated,

  Plaintiffs,

v.

MARK CUBAN, *et al.*,

  Defendants.

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF *EXPEDITED* MOTION
TO EXTEND THE DEADLINES**

  There can be no dispute that Defendants have a lot of ***chutzpah.***

  All of their discovery responses have been outstanding for over a month (they have yet to produce a single document or confirm a single deposition date, in violation of several Court orders and rulings). Defendants are verbally changing the basis for their Motion to Dismiss (filed on November 18, 2022), on a daily basis, now that they realize their motion, as this Court already aptly identified, is "not 'clearly' meritorious," ECF No. 45. The main claim asserted by Plaintiffs for more **than a year** has never wavered:

> Every Voyager Earn Program Account—which are identical and sold to every class member from New Jersey—are "unregistered securities," and Defendants Mark Cuban and his Mavericks admittedly "promoted" and "touted" them, following their agreement with Voyager, thereby substantially participating in their offer and sale from New Jersey to all Class Members around the country in direct violation of federal and state laws.

  No amount of mudslinging, false declarations, or any other distractions Defendants can come up with will help Defendant Cuban ever change those facts and that ultimate conclusion.

*CASE NO.: 22-cv-22538-ALTMAN/REID*

As shown in **Exhibit A**, Defendants have fully reneged on their agreement to make this request *jointly as a stipulation* to the Court (for extension of the deadlines due to their refusal to provide discovery), they have now stated that they are refusing to comply with any of the rulings made at the December 20th Discovery Hearing before Magistrate Judge Reid.[1]

*First*, though Magistrate Judge Reid ordered Defendants to provide by Friday, December 23, 2022, a date certain for scheduling Mark Cuban's deposition for a date between February 1st and 10th, 2023, Defendants have now taken the position that they will not provide a date until all 12 of Plaintiffs' depositions are scheduled and all documents are produced by Plaintiffs (though there are pending objections to Defendants' omnibus request for production to Plaintiffs, which were served December 22, 2022, when they were due). However, Plaintiffs have fully complied with Magistrate Judge Reid's rulings, despite Defendants' continued noncompliance. *See* Ex. A.

*Second*, while Defendants refuse to make Mr. Cuban available for deposition although they decided to unilaterally file his sworn declaration and rely on it for their Motion to Dismiss, they also now improperly revert to their position (rejected at the Discovery Hearing) that Mr. Cuban's deposition, when they do decide to produce him, should be limited to solely "jurisdictional issues," despite the fact that Magistrate Judge Reid, acknowledging that this Court denied Defendants' motion to stay all discovery, ECF No. 45, ruled that the deposition would not be limited to those jurisdictional issues, particularly given the Court's current deadline to complete fact discovery.[2]

---

[1] Plaintiffs are in the process of obtaining the transcript from the hearing, which has been held up due to the holidays, though they respectfully submit that Magistrate Judge Reid can confirm what transpired before her at the December 20th hearing as well.

[2] In addition to jurisdictional issues the Plaintiffs will plumb when deposing Cuban, including his contacts with Florida such as his over $40 million of real estate owned here, whether he committed perjury in stating under oath that he "never discussed Voyager in Florida," although he failed to admit he was the keynote speaker at the 2022 international cryptocurrency conference in Miami along with Voyager's Steve Ehrlich (who will be deposed in this case on January 25, 2022), and the many cryptocurrency-related conferences he has attended in the state over the past two years, Plaintiffs also need to inquire into other issues related to this litigation, including but not limited to: (1) support (or lack thereof) for his various statements—including any due diligence he may or may not have performed—that the Voyager Platform is "as close to risk free as you're going to get," that the Voyager Platform is "easy, it's cheap, it's fast, and the pricing is actually really good," that Platform that, "I gotta add, I am a customer and I've been a customer for several months now, I like to use it," that, "and so with Voyager, the pricing has been far, far better, so if you're paying attention and want to get the best price, Voyager is a great platform for it"; (2) the date(s), amount(s), and price(s) that Cuban (or anyone on his behalf) bought (or was provided) or sold shares in Voyager (possibly utilizing insider information) or Voyager's native VGX token; and (3) any and all communications with the Voyager

*Third*, Defendants' proposed "practical solution" asking the Court to ignore the December 20th Discovery Hearing and the Parties' agreement (and all of the resulting discovery that all Parties will now be taking over the next 2 months) and to require Plaintiffs to immediately respond to the motion to dismiss by January 3, 2023—before taking or submitting to that discovery—is not only ridiculous and impractical, it ignores that the deadline has not yet run for Plaintiffs to amend the pleadings to join additional parties and claims, ECF No. 58. The Parties' agreement before Magistrate Judge Reid that Defendants now disclaim simply allowed for the Parties to complete the discovery schedule as ruled on by Magistrate Judge Reid and initially agreed to by Defendants and to bring the deadline to oppose the motion to dismiss or to move to amend the complaint to a date shortly after the conclusion of that discovery (i.e., February 24, 2023). In addition to potentially amending to **include** (*not* substitute) additional plaintiffs as putative class representatives, there are other parties that Plaintiffs may join as additional defendants (such as other Voyager brand ambassadors from the NFL, NASCAR, MLB, the National Women's Soccer League, and potentially others). *See* Ex. A.

*Fourth*, while Defendants make personal attacks on some of the named representatives (that are not included in their pending Motion to Dismiss and they have not deposed any of these Plaintiffs), they somehow cry prejudice when Plaintiffs simply inform them, as they advised, they are considering adding (*not* substituting) 2–3 additional Florida named representatives (from the many hundreds of clients that Undersigned Counsel represent) and **by making them available now for a full deposition**.

Indeed, even *substitution* of putative representatives has been effected by this Court in prior cases, including by Judge Moreno in *Hall v. Bank of America*, all the way up until right before trial. In other words, there is no "bait and switch," as Defendants complain.

The irony is that Plaintiffs are acting in good faith in both disclosing the additional 2–3 Florida representatives and making them available for deposition now *before* they seek to amend to include them in the complaint. The rules and case schedule would have allowed Plaintiffs to sit back and wait until the deadline to amend the complaint and join them into the case without Defendants' say and without any advance notice to them months from now. Defendants' crying foul at this stage merely illustrates both (1) the lengths they will go to in order to try and claim some perceived prejudice to try

---

Entities or Stephen Ehrlich prior to directly or indirectly promoting, selling, publishing, giving publicity to the Voyager Entities or the Voyager Platform.

and smear their opposition rather than respond on the merits, and (2) their compete misapprehension of the law. *See* Ex. A.

It is widely accepted that plaintiffs in a class action can substitute class representatives at any reasonable time, certainly at the beginning of the case before they even file an amended complaint. *See Mauldin v. Wal-Mart Stores, Inc.*, 2006 WL 739696 (N.D. Ga. 2006) (after certification, allowing substitution of class representative); *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331, 1339 (11th Cir. 2003) (in reversing district court, court held that, on the eve of trial, the district court should have authorized substitution when a class representative withdraws); *Memisovski v. Garner,* 2002 WL 31687665 (N.D. Ill. 2002) (order approving substitution of class representative after 10 years of litigation); *Pollard v. Baretz*, 2001 WL 936355 (E.D. Mich. 2001) (order approving substitution of class representatives because they were more appropriate in the settlement context); *Reed v. Rhodes*, 934 F. Supp. 1492 (N.D. Ohio 1996) (motion to substitute granted in a school desegregation suit).[3]

Procedurally, thanks to Defendants' stonewalling and obstructionist tactics, this matter is in its infancy. Discovery has just commenced and the Motion to Dismiss Plaintiffs' claims has not been ruled upon. A hearing on the Motion to Dismiss is not currently scheduled. Accordingly, the inclusion of 2–3 possible additional Florida resident class representatives is warranted and proper in this instance, who are all available for deposition, and will not adversely affect the Defendants in any way.

---

[3] Rule 23 specifically contemplates the substitution of non-parties as class representatives. *See In re Telectronics Pacing Systems, Inc.,* 172 F.R.D. 271 (S.D. Ohio 1997) (when, and if, required the court may substitute new class representatives); 1 Newberg on Class Actions, § 3-10 at 3.42 (3d. ed.1992) ("Under Rule 23, the court may create subclasses, limit the class scope ⋯ [or] invite interventions to bolster or substitute for class representation."); *Little Caesar Enterprises, Inc. v. Smith,* 172 F.R.D. 236 (E.D. Mich. 1997) (the Court is given broad discretion in dealing with class actions under Fed. R. Civ. P. 23. Rule 23(c)(1) states that "[A class certification] order under this subdivision may be conditional, and may be altered or amended before the decision on the merits." *Carpenter v. Stephen F. Austin State University,* 706 F.2d 608, *reh'g. denied*, 712 F.2d 1416 (5th Cir.1983) (allowed substitution of adequate class representatives for representatives found to be inadequate during the course of the class claims), *see McKesson,* 2015 WL 273188 *3 (fact that Plaintiff could seek to substitute class representatives if found to be inadequate weighed against bifurcation); *Hall, et al. v. Bank of America, et. al,* Case No. 1:12-cv-22700-FAM at [D.E. 226] (allowing substitution of class representative in a force placed insurance action); *Fladell v. Wells Fargo Bank, N.A.,* No. 13-cv-60721-FAM at [D.E. 60] (same); *Birmingham Steel Corp. v. Tennessee Valley Authority,* 353 F.3d 1331, 1339 (11th Cir. 2003) (in reversing district court, court held that, on the eve of trial, the district court should have authorized substitution when a class representative withdraws).

4

*CASE NO.: 22-cv-22538-ALTMAN/REID*

# CONCLUSION

Plaintiffs respectfully request that this Court grant Plaintiffs' Expedited Motion on or before **January 3, 2023**, and enter the proposed Order attached to the Motion as **Exhibit A**, or in such other form as the Court deems appropriate, extending the deadlines for Plaintiffs to either file an Opposition to Defendants' Motion to Dismiss, [ECF No. 41], or a Motion for Leave to File an Amended Complaint by **on or before Friday, February 24, 2023**, together with such other and further relief as the Court deems just, equitable, and proper.

Dated: December 30, 2022                              Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: */s/ David Boies*
David Boies
(Admitted *Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
uungaro@bsfllp.com

*Co-Counsel for Plaintiffs and the Class*

CASE NO.: 22-cv-22538-ALTMAN/REID

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the forgoing was filed on December 30, 2022, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: <u>/s/ *Adam M. Moskowitz*      </u>
ADAM M. MOSKOWITZ
Florida Bar No. 984280