# Exhibit A

| | |
|---|---|
| **From:** | Adam Moskowitz |
| **To:** | Wissner-Gross, Sigmund S.; Rejane Passos; atifford@fowler-white.com; aherazo@fowler-white.com; rshindler@fowler-white.com; cknight@fowler-white.com; golivares@fowler-white.com; egalicia@fowler-white.com; sabreu@fowler-white.com; Meyers, Jessica N.; Wolkinson, Rachel O.; Best, Stephen A.; Kerns, Daniel F.; Linda Carlsen; Rejane Passos |
| **Cc:** | Joseph Kaye; Barbara C. Lewis; Howard Bushman; dboies@bsfllp.com; aboies@bsfllp.com; lcarlsen@bsfllp.com; szack@bsfllp.com; balexander@bsfllp.com; Cwashenko@BSFLLP.com; mayala@bsfllp.com; ashaw@bsfllp.com; José Ferrer |
| **Subject:** | Voyager/Cuban Ponzi Scheme/Outstanding Discovery Items |
| **Date:** | Friday, December 30, 2022 4:14:02 PM |
| **Attachments:** | Robertson v. Cuban - Subpoena for Deposition Duces Tecum of Sullivan and Cromwell (with exhibit).pdf
Robertson v. Cuban - Subpoena for Deposition Gronkowski.pdf
20P5999-2022.12.09 Notice of Taking Deposition of Stephen Ehrlich 01.25.2023 (SERVED).PDF
20P6001-2022.12.09 Subpoena for Deposition - Stephen Ehrlich 01.25.2023 (SERVED).PDF
Request for Copies re Voyager Subpoena.pdf |

**Dear Defense Counsel:** We hope you are all having a great holiday. We wish the meet and confer we conducted at 8am yesterday morning, could have been more productive and that you will decide to comply with Magistrate Judge Reid's Orders.

Stating that you will not agree "to anything" until you are fully satisfied with Plaintiffs' production is not reasonable, nor what Magistrate Judge Reid ordered at our hearing. Please reconsider providing us all of the materials, and the few confirmed dates, that were required by Magistrate Judge Reid at the hearing, or we will have to set them for hearing next week because we have many upcoming deadlines.

## DECEMBER 20TH HEARING BEFORE MAGISTRATE JUDGE REID

There really can be no dispute what was required by Magistrate Judge Reid after our 2-hour hearing on December 20, 2022. We all left the hearing with an agreed plan to proceed with expeditiously completing discovery (on both sides), and an agreement that <u>the parties would jointly move</u> to have Judge Altman extend the deadlines for Plaintiffs to either oppose the current Motion to Dismiss and/or amend the current Complaint, (to include additional parties such as Voyager brand ambassadors from the NFL, NASCAR, and potentially additional – not substituted – plaintiff representatives, which we discussed, can be added "even near trial"). The reason for this extension is mainly because you decided to file (what we allege) to be a false affidavit from defendant Cuban that you insist on relying upon to try and dismiss the case (but you have still NOT provided a single document nor any date for Mr. Cuban's deposition).

We are not sure why you are pretending like the December 20th discovery hearing never happened at all.

In a good faith attempt to continue to try to work these issues out with Defendants in the face of their **repeated noncompliance**, Plaintiffs made themselves available for an extensive meet and confer call at 8:00am EST on December 29th (as a courtesy to Defendants, who

claimed that it was the only time they had available because many were leaving on vacation after that point). Below are some of the issues that remain outstanding.

**PENDING SPECIFIC DISCOVERY ISSUES:**

1.     **DEPOSITION OF DEFENDANT MARK CUBAN**

**More than 4 months ago**, we conducted the meet and confer and requested any dates to take Mr. Cuban's deposition. You refused to submit to any and all discovery until after any motions to dismiss were ruled on and after the Bankruptcy Court decided whether these claims should be subsumed into those proceedings. After we resolved the bankruptcy issues with Voyager, we served Defendant Cuban with a notice for his deposition **on November 7, 2022 (before your Motion to Dismiss was even filed)** to take place on January 13, 2022. You refused to provide any alternative dates and filed a Motion to Stay all discovery. Judge Altman denied the Motion to Stay, ordered the discovery to proceed and referred all discovery matters to Magistrate Judge Reid.

**Magistrate Judge Reid ruled Defendants** were to provide us by the end of last week with a few specific confirmed dates for Mr. Cuban's deposition to take place between February 1st and 10th to depose Defendant Mark Cuban. The deposition will be taken in full, with no limitations for just jurisdictional issues (the Motion to Stay was denied).

**December 29th Meet and Confer:** Incredibly, you now take the position that you will not confirm **any set date** for Mr. Cuban's deposition until they are satisfied with Plaintiffs' production and have dates for all 12 Plaintiffs' depositions, which you are now demanding take place no later than February. That cannot be permitted (you are violating 2 Court orders).


2.     **DEPOSITION OF MAVERICKS EMPLOYEES: (1) RYAN MACKEY AND (2) KYLE TAPPLY**

Defendants identified 4 employees who have personal knowledge of the Mavericks/Voyager Agreement. Plaintiffs requested to depose them and you represented that 2 of the 4 had only information protected by attorney/client privilege, but you agreed to make the other two (Mackey and Tapply) available for deposition. Plaintiffs requested for one week any dates to take those depositions in January.

At the hearing with **Magistrate Judge Reid, Defendants were ordered** to provide by last Friday (12/23/22) dates between January 16th and 31st to depose Ryan Mackey (Senior Vice President of Corporate Partnerships for the Mavericks) and Kyle Tapply (Senior Director of

Corporate Partnerships for the Mavericks). Plaintiffs stated they will take these depositions at any location desired by Defendants.

**December 29th Meet and Confer**: You state that neither Messrs. Mackey nor Tapply are available **anytime** in January and refuse to provide any deposition dates. That cannot be permitted.

3. **DEFENDANTS OUTSTANDING WRITTEN DISCOVERY (Served on November 7, 2022)**

Defendants objected to every discovery request. **Magistrate Judge Reid ordered Defendants** to produce all outstanding discovery by **January 3rd** relating to "jurisdictional issues," and all other responsive discovery materials by **January 13th.** The reason was that Defendants had the discovery for many months now, so Plaintiffs objected at the hearing to any "rolling basis" that had no deadline for the completion of discovery and instead spending more months first discussing ESI protocols.

Magistrate Judge Reid ruled that defendants are to do a "reasonable search" as required by the rules, select the terms they believe will fully locate and produce their discovery materials, and produce the materials to Plaintiffs by the subject dates, so that the depositions will only need to be taken once.

**December 29th Meet and Confer**: Defendants state that they will first decide on and propose ESI search terms to Plaintiffs (at some unspecified date), that they "do not have much of anything" to produce related to the jurisdictional issues by January 3rd, and will endeavor to begin a rolling production on January 13, 2022. That cannot be allowed,

4. **JOINT MOTION FOR EXTENSION BEFORE JUDGE ALTMAN**

Defendants simply refuse to provide Mr. Cuban for deposition. You even now state you want to rely specifically upon on his New Sworn Declaration in support of your Motion to Dismiss, **so Magistrate Judge Reid ordered** that he will now need to be deposed.

You stated that (although he is doing podcasts and many other activities around the country) he cannot be made available for deposition until **AFTER** February, i.e., that Mr. Cuban is not available at all for almost 90 days. Moreover, you objected to produce any discovery and will provide the documents in early January.

Because Magistrate Judge Reid cannot amend the Ordered Deadlines (to respond to the

motion to dismiss or move for leave to amend) in the Scheduling Order, ECF No. 58, the parties agreed at the hearing to file a Joint Stipulation with Judge Altman stating that we already conducted our extensive discovery hearing with Magistrate Judge Reid and we all agreed on a revised discovery schedule, in that Judge Altman denied the Motion to Stay. We agreed to complete Mr. Cuban's full deposition and all of the jurisdictional discovery, prior to Plaintiffs filing a Response to the Motion to Dismiss or a Motion for Leave to Amend the Complaint, so we agreed on the record before Magistrate Judge Reid that we would be jointly moving to respectfully request the Court extend the deadlines for Plaintiffs to either oppose the motion to dismiss or move for leave to amend the complaint until February 24, 2022.

Now it appears you did not really mean it when they made that agreement before Magistrate Judge Reid, and instead you repeat your original, rejected position, that the response to the motion to dismiss should be briefed on January 3rd, that they should not have to submit to any discovery or provide any responses before then, that Plaintiffs must respond to all discovery that was just served on them November 22, 2022, and the Court should allow some unspecified reciprocal briefing on jurisdictional issues.

Given your stunning reversal of position once you were no longer physically, in front of Magistrate Judge Reid, Plaintiffs quickly converted the Stipulation into the Expedited Motion currently pending before Federal Judge Altman, ECF No. 67.

5. **CONFIDENTIALITY AGREEMENT ALREADY ENTERED BY THE COURT**:

Plaintiffs agreed to the version demanded by Defendants, as long as they deleted the provision requiring them to be provided with notice of any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials being provided to non-testifying consulting experts.

Magistrate Judge Reid denied Defendants' request to mandate that Mr. Cuban's deposition (and all other depositions) be automatically deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and that the Court impose a gag order, so no one will ever review or have access to the deposition. Magistrate Judge Reid ruled Defendants' proposed Confidentiality Order already provides for proper designations of depositions (including "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") but that the designation would be used ONLY in those specific portions of a document and for testimony, that is actually "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," adding that sanctions may be imposed for discovery abuses.

Magistrate Judge Reid has since entered that order, ECF No. 65, which was submitted by Defendants later that night, but only after first needing to remove a sentence that

Defendants unilaterally added to the order *after* it was agreed to that would have granted a blanket "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation to *all* deposition transcripts in this matter, without explanation. Plaintiffs had to catch this last-minute insert (while lead counsel was boarding a plane, which he advised the Parties and the Court at the end of the hearing he would be doing and would therefore likely be out of pocket) and immediately brought it to Magistrate Judge Reid's attention. Defendants "apologized" to the Court in a response email (Defense email: "All Plaintiffs' counsel had to do, as they have, is object to the additional sentence"). The Court removed the sentence before entering the order.

6.  **PLAINTIFFS' DISCOVERY RESPONSES**:

Plaintiffs provided Defendants with all of their responses and objections on the set deadline of December 22, 2022. Plaintiffs then advised Defendants that they were in the process of compiling and processing for production the non-objectionable and non-privileged documents in response to the request for production and agreed to have a meet and confer on December 29th to discuss the objections with Defendants. Defendants demand production of all documents immediately and submit that the production must be complete by December 30th. That was never ordered or discussed. Notwithstanding, Plaintiffs will be making an initial production by EOB today, Friday, December 30. The production includes documents from Plaintiffs' Voyager accounts including the transactions history of most, if not all, the Plaintiffs. We're also working with an eDiscovery provider who has been collecting emails and communications directly from Plaintiffs' email accounts and cellphones. A significant number of documents have been collected so far from 4-5 plaintiffs (and a handful left to go) and we're now just waiting to get set up with the provider's platform to review the results. We hope to be able to make a second production within the next week or so and will be producing additional documents to Defendants as they become available. We are making all of this production, although we have **not received a single document** from your clients over the past 4 months.

While you are claiming some unspecified impropriety or prejudice in Plaintiffs *adding* additional representatives at this stage, any objection should be overruled as it is entirely appropriate and allowed under applicable law. Indeed, *substitution* of putative representatives has been effected by this Court in prior cases, including by Judge Moreno in *Hall v. Bank of America*. See below for the law on this issue:

> It is widely accepted that plaintiffs in a class action should be allowed an opportunity to substitute class representatives. *See Mauldin v. Wal-Mart Stores, Inc.*, 2006 WL 739696 (N.D.Ga. 2006) (after certification, allowing substitution of class

representative); *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331, 1339 (11th Cir. 2003) (in reversing district court, court held that, on the eve of trial, the district court should have authorized substitution when a class representative withdraws); *Memisovski v. Garner*, 2002 WL 31687665 (N.D.Ill. 2002) (order approving substitution of class representative after 10 years of litigation); *Pollard v. Baretz*, 2001 WL 936355 (E.D.Mich. 2001) (order approving substitution of class representatives because they were more appropriate in the settlement context); *Reed v. Rhodes*, 934 F.Supp. 1492 (N.D.Ohio 1996) (motion to substitute granted in a school desegregation suit); *In re Initial Public Offering Securities Litigation*, 224 F.R.D. 550 (S.D.N.Y. 2004) (granting motion to substitute); *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018 (Mont. 2003) (court may substitute proper class representatives); *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (reversing a district court that did not allow amendment of the complaint to substitute additional representative plaintiffs).

Further, Rule 23 of the Federal Rules of Civil Procedure contemplates the possible substitution of non-parties as class representatives. *See In re Telectronics Pacing Systems, Inc.*, 172 F.R.D. 271 (S.D.Ohio 1997) (when, and if, required the court may substitute new class representatives); 1 Newberg on Class Actions, § 3-10 at 3.42 (3d. ed.1992) ("Under Rule 23, the court may create subclasses, limit the class scope … [or] invite interventions to bolster or substitute for class representation."); *Little Caesar Enterprises, Inc. v. Smith*, 172 F.R.D. 236 (E.D.Mich. 1997) (the Court is given broad discretion in dealing with class actions under Fed.R.Civ.P. 23. Rule 23(c)(1) states that "[A class certification] order under this subdivision may be conditional, and may be altered or amended before the decision on the merits." *Carpenter v. Stephen F. Austin State University*, 706 F.2d 608, *rehg. denied*, 712 F.2d 1416 (5th Cir.1983) (allowed substitution of adequate class representatives for representatives found to be inadequate during the course of the class claims); *Davis v. Thornburgh*, 903 F.2d 212, 233 (3rd Cir.) (Becker, CJ, concurring in part and dissenting in part), *cert. denied*, 498 U.S. 970, 111 S.Ct. 436, 112 L.Ed.2d 420 (1990) (affording plaintiffs the opportunity to provide such substitutes is the common practice in cases where adequate representatives are known and available as substitutes).

It is well established that if a class representative is found to be inadequate to litigate his claims, as substitute class representative may be located and inserted into the litigation. *See McKesson*, 2015 WL 273188 *3 (fact that Plaintiff could seek to substitute class representatives if found to be inadequate weighed against bifurcation); *Hall, et al. v. Bank of America, et. al*, Case No. 1:12-cv-22700-FAM at [D.E.

226] (allowing substitution of class representative in a force placed insurance action); *Fladell v. Wells Fargo Bank, N.A.*, No. 13-cv-60721-FAM at [D.E. 60] (same); *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331, 1339 (11th Cir. 2003) (in reversing district court, court held that, on the eve of trial, the district court should have authorized substitution when a class representative withdraws); *Cotterall v. Paul*, 755 F.2d 777, 781 (11th Cir. 1985) (reversing denial of class certification "on the ground that the named plaintiff was an inadequate class representative without first making a specific finding that the would-be intervenors would be inadequate representatives as well"); *Florida Pediatric Society v. Benson*, No. 05-23037, 2008 U.S. Dist. LEXIS 66235 (S.D. Fla. 2008) ("this Circuit has recognized intervention as a means for plaintiffs, when class certification is opposed because their proposed class representatives are under attack, to attempt to cure the alleged deficiencies of their representatives, and thereby secure their opportunity to proceed as a class action"); Newberg and Conte, *Newberg on Class Actions* § 2.26 (collecting decisions holding that substitution is "freely allowed" when a representative plaintiff's claim becomes moot).

At the same time, Defendants served a subpoena on the Voyager entities on December 22, 2022, demanding a response by December 28th, seeking many of the same documents that they have requested from Plaintiffs in connection with their Voyager accounts. Defendants advised, for the first time, in their response to Plaintiffs' Motion to Extend the Deadlines, that they received all of the documents in response to that subpoena already, but have yet to make them available to Plaintiffs. Thus, Defendants' assertion that they do not have any documents in connection with Plaintiffs' Voyager accounts is apparently another false statement.

Further, attached is a formal Request for Copies of the documents produced in response to that subpoena, which are all documents that purport to deal directly with Plaintiffs' Voyager accounts and are certainly responsive to Plaintiffs' pending requests for production to Defendants.

7.      **DEPOSITIONS OF THE FLORIDA BASED REPRESENTATIVES**:

Defendants recently requested that Plaintiff provide dates for all of the Florida representative, either that are existing and/or will be added as additional class representatives by interlineation and/or in the Amended Complaint (by existing and/or new Court ordered date). We agreed at the hearing with Magistrate Reid to start providing these dates in January (due to the holidays) for the existing Florida plaintiffs and those 2 (from just Florida) that we discussed and will be adding to all of the other class representatives by interlineation and/or in our first amended complaint. We are producing

them now so that you have no prejudice.

As we explained on our call, the depositions of just Ms. Gold and Mr. Robertson will need to be via Zoom.  Ms. Gold has a newborn child and must breastfeed every two hours.  Ms. Gold requested to be deposed in her home and needs breaks sufficient to accommodate the feeding schedule.  Mr. Robertson has already travelled to Illinois for surgery on January 17th and will need a little time to recuperate and thus cannot appear in Miami for just two weeks after surgery. The Golds can be available for your deposition on the same day, on January 23rd, but can spill over if needed in person at their house or by ZOOM (Rachel Gold: January 23rd, Sanford Gold: January 24th).  We will also make Rachel Gold's husband, Eric Rares, available for deposition, as we explained he was the named account holder for the account Rachel Gold opened with marital assets after viewing Mr. Cuban's and the Mavericks' representations about Voyager. Mr. Pierce Robertson will be available on January 26th (by Zoom or in Illinois).  Additional Florida Class Representatives who will be added to the litigation are of course, also available for deposition.  Mrs. Linda Mayrand may be deposed via ZOOM or in person in Miami on January 30, and Mr. Dominik Karnas is available on January 31.  Just let us know.

8.     **THIRD PARTY DEPOSITIONS**:

We have confirmed taking Mr. Ehrlich's deposition on January 25, 2022, in Stamford, Connecticut, and we have set the depositions of Rob Gronkowski (another former Florida Voyager Brand Ambassador) and the law firm Sullivan & Cromwell (who received $8.5 million in legal fees for representing FTX from July 2021 through November 2022's Chapter 11 filing, which fees were for "acquisition transactions and specific regulatory inquiries relating to certain U.S. business lines," including the agreement to purchase Voyager assets through the bankruptcy that fell through when FTX imploded and potentially the $100 million investment into Mark Cuban-backed fintech company, Dave), currently scheduled to take place on January 19th and 27th, respectively. We have advised you of all of these depositions repeatedly, and for good measure, see the subpoenas attached.

Thanks, Adam