**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION**

**CASE NO.: 22-cv-22538-ALTMAN/REID**

PIERCE ROBERTSON, *et al.*, on behalf of himself and others similarly situated,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**PLAINTIFFS'** *EXPEDITED* **MOTION TO SUBSTITUTE AND ADD ADDITIONAL CLASS REPRESENTATIVES**

Plaintiffs, pursuant to Local Rule 7.1(d)(2), respectfully move the Court on an expedited basis to enter an Order on or before **January 22, 2023**, substituting out putative Class Representative Plaintiff, Sanford Gold (for medical reasons)), and simply joining Ms. Linda Mayrand and Mr. Dominik Karnas as additional putative Class Representative Plaintiffs. This procedure (adding or substituting a putative class representative) is extremely common and always permitted by this Court, even for many years after the complaint is filed (even up to trial). The Court already ruled that Plaintiffs have until **February 24** to amend the Complaint

Plaintiffs seek the Order on an expedited basis because, as explained below, Mr. Gold is unable to proceed with litigating his claim or acting in a class representative capacity as he has just unfortunately, been informed he may have advanced prostate cancer and is dealing with significant medical issues in that regard. Plaintiffs, since at least December 30, 2022, have proffered two additional Florida resident putative class representatives, Linda Mayrand and Dominik Karnas, and have produced all of their documents responsive to Defendants' omnibus request for production and have offered dates (January 30 and 31) for them to be deposed in accordance with Magistrate Judge Reid's prior rulings.

Amazingly, Defendants have refused to even "acknowledge" these two new putative class representatives, claiming they cannot be joined into this litigation, and have gone as far as allegedly destroying the responsive documents Ms. Mayrand and Mr. Karnas have produced and refused to set their depositions. At the same time, Defendants have insisted on requiring Mr. Gold to travel to Miami

for his deposition on January 24, 2023. Here, we have not yet even reached the Court ordered deadline (February 24, 2023) to amend the complaint (and add any additional parties or claims). As explained below, Defendants are simply wrong on the law, and the Court should enter the proposed order substituting out Mr. Gold and adding Ms. Mayrand and Mr. Karnas as putative class representative plaintiffs, which accompanies this Motion as **Exhibit A**.

## INTRODUCTION

The sole reason this Motion is being filed is that Defendants Mark Cuban and his Mavericks have stated repeatedly, both to Plaintiffs and on the record in discovery hearings with Magistrate Judge Reid, that they "vehemently" oppose allowing Plaintiffs to add any additional putative class representatives, even well in advance of this Court's ordered deadline to amend the complaint. Undersigned counsel have regularly substituted putative class representatives as a matter of course in other class actions, including very recently in *In re Blue Cross Blue Shield Antitrust Litig.*, MDL No. 2406 (N.D. Ala.) many years into the litigation as well as in many other class actions cases, even right up to trial.

Undersigned Counsel represent hundreds of clients from across the country, and specifically named a few in the current operative complaint who are Florida residents, and even some who specifically relied upon Mr. Cuban's aggressive promotion of the Deceptive Voyager Platform in making their purchases (even though reliance is not a necessary element of the claim that Defendants substantially participated in the offer or sale of unregistered securities, the Voyager EPAs, either on a class or individual basis). After completing the Court-ordered discovery, Defendants have every right to again move to dismiss the case if they believe they have a good faith basis to do so. However, even though Plaintiffs will prove that each and every Plaintiff has standing, the law is crystal clear that they may freely add or substitute named class representatives as necessary. Such a necessity has arisen in the case of Mr. Gold, who, as explained above, is unable to further litigate his claim or to represent the class because of his extremely unfortunate and dire medical issues.

The reason for Defendants' audacious and, in some cases, abusive tactics in *discovery* (none of which are based on any legal authority) is apparently a promise they made to their client, namely that if they (1) attack and attempt to discredit the current Florida plaintiff representatives, citing prior events that had nothing to do with the purchase of the unregistered EPAs and (2) argue that somehow if a Plaintiff did not specifically use the "Mavs100" promotional code when purchasing or continuing to invest in their EPAs (which was only active for 48 hours, although Mr. Cuban's aggressive promotion of the Deceptive Voyager Platform has occurred and been repeatedly rebroadcast through

2

the internet from at least October 27, 2021 through July 5, 2022, right before Voyager declared bankruptcy), they will somehow prove Plaintiffs do not have standing and will therefore quickly win the case before Mr. Cuban has to answer for the damages he caused them and the classes they seek to represent. Not only will Plaintiffs show (at the appropriate time at a hearing on a motion to dismiss) that every named plaintiff has standing to assert these claims on a class basis, in the event Plaintiffs amend the complaint to include additional allegations and claims, such as a federal securities claim for substantially participating in the offer or sale of unregistered securities, like the one already included in *Cassidy v. Voyager Digital, Ltd.*, No. 1:21-cv-24441, which is pending before Chief Judge Altonaga and stayed due to Voyager's bankruptcy, the residence of any of our hundreds of injured Voyager clients will have absolutely no relevance to jurisdiction in this matter.[1]

The merits of Plaintiffs' claims notwithstanding, their request in this Motion is simple: an order at this stage substituting out Mr. Gold (who may have cancer) as a putative class representative so he can instead focus on battling cancer, and joining Ms. Mayrand and Mr. Karnas as additional Florida resident putative class representatives.

## BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Currently pending before the Court is Defendants' motion to dismiss, ECF No. 41, which raises as its primary argument that the Court lacks personal jurisdiction over the Defendants, who we now know specifically "targeted" South Florida in their aggressive marketing and promotion of the Voyager Platform. Just based upon the facts uncovered by Plaintiffs to date (Magistrate Judge Reid has already ruled twice and issued a written order compelling Defendants to finally produce documents by January 13th), Mark Cuban (1) conducted 2 National Crypto Conferences here in Miami (one where he was the Keynote Speaker); (2) organized and marketed a Voyager/Mavericks Partnership Promotion, where he specifically admitted he was targeting Maverick and Voyager customers across the country (including Florida, where Voyager ultimately obtained over 100,000 customers), (3) and issued a plethora of tweets and internet statements, all generated with a focus on Mark Cuban's praise and recommendation of the "great" Miami Crypto Community. At the hearing, Plaintiff will show that applicable law under these facts is conclusive that the Court may properly exercise specific personal jurisdiction over Cuban and his Mavericks for these efforts. *See, e.g., Balestra v. Atbcoin,* 380 F. Supp. 3d 340, 350–51 (S.D.N.Y. 2019) (exercising specific personal jurisdiction over founders

---

[1] Simply put, when you have no claim, you can only attack the victims.

3

"blockchain" company that "target[ed] the U.S. market in an effort to promote the sale of ... the very unregistered security at issue in litigation")

After finding that Defendants' motion to dismiss was "not clearly meritorious," the Court denied Defendants' motion to stay, concluding that "the Defendants have not established that a stay would be reasonable or that there is good cause for the request in this case." ECF No. 45.

When Defendants thereafter refused to submit to *any* discovery, even on the jurisdictional questions they raised in their motion to dismiss—including through declarations under penalty of perjury put forward by a representative of the Dallas Mavericks and by Mark Cuban himself—the Parties attended a Discovery Hearing before Magistrate Judge Reid on December 20, 2023. Magistrate Judge Reid compelled Defendants to, among other things, have Mark Cuban and certain Mavericks employees sit for deposition after they produced documents responsive to Plaintiffs' discovery requests, served on November 7, 2023. Magistrate Judge Reid also ruled that Florida resident Plaintiffs/Putative Class Representatives should be deposed as well. The Parties agreed at that hearing that, in order to have sufficient time for the Parties to complete this discovery, that the Parties would jointly seek from this Court an extension of time for Plaintiffs to either seek leave to amend the complaint or to respond to Defendants' motion to dismiss. After Defendants reneged on that agreement, Plaintiffs filed an expedited request, which the Court granted, extending the deadlines to both occur on February 24, 2023. ECF No. 72.

Plaintiffs thereafter immediately identified the additional putative class representative plaintiffs, Linda Mayrand and Dominik Karnas, and immediately offered dates for their depositions to occur in January 2023 to Defendants and began producing their relevant documents, beginning with Ms. Mayrand. *See* **Exhibit B**, email correspondence dated December 30, 2022, from Adam Moskowitz ("Additional Florida Class Representatives who will be added to the litigation are of course, also available for deposition. Mrs. Linda Mayrand may be deposed via ZOOM or in person in Miami on January 30, and Mr. Dominik Karnas is available on January 31."). Defendants took the shortsighted position that Ms. Mayrand "is not a party in this action" and "reject[ed] as entirely improper this purported production," which Defendants represented they would "be deleting and/or destroying such documents." *See* **Exhibit C**, letter dated January 6, 2023, from Sig Wissner-Gross.

The main claim asserted by Plaintiffs for more than a year, now, have never wavered, and are identical to the claims that proposed Plaintiffs Mayrand and Karnas also assert:

> Every Voyager Earn Program Account—which are identical and were offered and sold to every class member from Voyager's base of operations in New Jersey—are "unregistered securities," and Defendants Mark Cuban and his Mavericks admittedly "promoted" and "touted" them in accordance with, among other things, their agreement with Voyager, thereby substantially participating in their offer and sale from New Jersey to all Class Members around the country in direct violation of federal and state securities laws.

Linda Mayrand and Dominik Karnas, both Florida residents, each purchased EPAs from the Voyager Entities after being exposed to some or all of Defendants' misrepresentations and omissions regarding the Deceptive Voyager Platform, as detailed in the current complaint—Ms. Mayrand on or about March 28, 2022, and Mr. Karnas on or about November 14, 2021. Plaintiffs have already produced for Ms. Mayrand and Mr. Karnas documents responsive to the same requests for production served on the other Plaintiffs, and have given their availability to be deposed on January 30, 2023 and January 31, 2023. Defendants "reject" this discovery.

Given that (1) Plaintiffs have until February 24, 2023, to conduct discovery (including proffering the Florida-based putative representatives for deposition) before seeking leave to amend the complaint, (2) Mr. Gold is now unable to proceed with his claim because of his medical issues, and (3) Defendants refuse to accept the invitation to conduct such discovery as to Ms. Mayrand or Mr. Karnas because they are "not parties," Plaintiffs simply seek now an order substituting out Mr. Gold and joining Mr. Karnas and Ms. Mayrand as additional Putative Class Representative Plaintiffs. This is necessary and appropriate given the circumstances and in order to avoid any later claim of prejudice from Defendants, should they choose to continue to insist on pressing discovery against Mr. Gold and rejecting the opportunity to conduct this discovery as to Ms. Mayrand and Mr. Karnas now.

## LEGAL ARGUMENT

While Defendants make personal attacks on some of the named representatives (that are not included in their pending Motion to Dismiss and they have not deposed any of these Plaintiffs), they claim they are somehow prejudiced when Plaintiffs simply informed them, as they advised, they would be adding (*not* substituting) additional Florida named representatives (from the many hundreds of clients that Undersigned Counsel represent) and **by making them available now for a full deposition before the February 24th deadline to amend**.

Defendants' claim that Plaintiffs cannot *add* additional representatives at this stage is incorrect under applicable law. "In general, the Court has wide discretion in allowing a motion to add new class

5

representatives, so long as the proposed representatives have no conflict with the class and are represented by capable counsel." *See In re Pharm. Indus. Average Wholesale Price Litig.*, 277 F.R.D. 52 (D. Mass. 2011). Such discretion protects the interests of the class as a whole. *See id.* It is widely accepted that plaintiffs in a class action can add additional class representatives. *See Churchill v. Cigna Corp.*, 2011 WL 3563489 (E.D. Pa. Aug. 12, 2011); *Florida Pediatric Society v. Benson*, No. 05-23037, 2008 U.S. Dist. LEXIS 66235 (S.D. Fla. 2008); *Natale v. General Motors Corp.,* 2006 WL 1458585 (7th Cir. May 8, 2006) (noting that plaintiff could add new class representatives without filing a new lawsuit).

Indeed, *substitution* of putative representatives has been effected by this Court in prior cases, including by Judge Moreno in *Hall, et al. v. Bank of America, et. al*, Case No. 1:12-cv-22700-FAM, ECF No. 233 (S.D. Fla. July 16, 2013), at these early stages in the litigation and all the way up until right before trial. In other words, there is no "bait and switch," as Defendants complain.

The irony is that Plaintiffs are acting in good faith in both disclosing these additional Florida representatives and making them available for deposition now **_before_** they seek to file an amended complaint on or before February 24th, so that Defendants can have all the discovery they are seeking in advance of that deadline as the Parties agreed. The rules and case schedule would have allowed Plaintiffs to sit back and wait until the deadline to amend the complaint and join them into the case without Defendants' say and without any advance notice to them months from now. Defendants' crying foul at this stage merely illustrates both (1) the lengths they will go to in order to try and claim some perceived prejudice to try and smear their opposition rather than respond on the merits, and (2) their compete misapprehension of the law.

It is widely accepted that plaintiffs in a class action should be allowed an opportunity to substitute class representatives. *See Mauldin v. Wal-Mart Stores, Inc.*, 2006 WL 739696 (N.D. Ga. 2006) (after certification, allowing substitution of class representative); *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331, 1339 (11th Cir. 2003) (in reversing district court, court held that, on the eve of trial, the district court should have authorized substitution when a class representative withdraws); *Memisovski v. Garner,* 2002 WL 31687665 (N.D. Ill. 2002) (order approving substitution of class representative after 10 years of litigation); *Pollard v. Baretz,* 2001 WL 936355 (E.D. Mich. 2001) (order approving substitution of class representatives because they were more appropriate in the

settlement context); *Reed v. Rhodes*, 934 F. Supp. 1492 (N.D. Ohio 1996) (motion to substitute granted in a school desegregation suit)[2]

Procedurally, thanks to Defendants' stonewalling and obstructionist tactics, this matter is in its infancy. Discovery has just commenced and the motion to dismiss Plaintiffs' claims has not been ruled upon. A hearing on the motion to dismiss is not currently scheduled. In fact, the Court graciously afforded the parties until February 24th to conduct discovery, including the depositions of many of the Plaintiffs, Mark Cuban, Stephen Ehrlich, Mavericks employees, and other third parties with personal knowledge of the issues relating to this lawsuit, and then for Plaintiffs to either file an opposition to Defendants' pending motion to dismiss or to file an amended complaint to include additional parties and claims. Accordingly, the inclusion of these few additional class representatives is warranted and proper and will not, in any manner, prejudice the Defendants.

## CONCLUSION

Plaintiffs respectfully request that this Court grant this Motion and enter the proposed Order attached as **Exhibit A**, or in such other form as the Court deems appropriate, substituting out Mr. Gold and joining Linda Mayrand and Dominik Karnas as additional putative class representatives, together with such other and further relief as the Court deems just, equitable, and proper.

## S.D. FLA. L.R. 7.1 CERTIFICATION

Plaintiffs' Counsel have made reasonable efforts to confer with Defendants' Counsel in a good faith effort to resolve this motion, and report that Defendants oppose the requested relief, for the reasons stated above.

---

[2] Rule 23 specifically contemplates the substitution of non-parties as class representatives. *See In re Telectronics Pacing Systems, Inc.,* 172 F.R.D. 271 (S.D. Ohio 1997) (when, and if, required the court may substitute new class representatives); 1 Newberg on Class Actions, § 3-10 at 3.42 (3d. ed.1992) ("Under Rule 23, the court may create subclasses, limit the class scope ⋯ [or] invite interventions to bolster or substitute for class representation."); *Little Caesar Enterprises, Inc. v. Smith,* 172 F.R.D. 236 (E.D. Mich. 1997) (the Court is given broad discretion in dealing with class actions under Fed. R. Civ. P. 23. Rule 23(c)(1) states that "[A class certification] order under this subdivision may be conditional, and may be altered or amended before the decision on the merits." *Carpenter v. Stephen F. Austin State University,* 706 F.2d 608, *reh'g. denied,* 712 F.2d 1416 (5th Cir.1983) (allowed substitution of adequate class representatives for representatives found to be inadequate during the course of the class claims), *see McKesson,* 2015 WL 273188 *3 (fact that Plaintiff could seek to substitute class representatives if found to be inadequate weighed against bifurcation); *Hall,* No. 1:12-cv-22700-FAM, ECF No. 233 (Moreno, J.) (allowing substitution of class representative in a force placed insurance action); *Fladell v. Wells Fargo Bank, N.A.,* No. 13-cv-60721-FAM at [D.E. 60] (same); *Birmingham Steel Corp. v. Tennessee Valley Authority,* 353 F.3d 1331, 1339 (11th Cir. 2003) (in reversing district court, court held that, on the eve of trial, the district court should have authorized substitution when a class representative withdraws).

*CASE NO.: 22-cv-22538-ALTMAN/REID*

Dated: January 13, 2023

Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: */s/ David Boies*
David Boies
(Admitted *Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
uungaro@bsfllp.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on January 13, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280