IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 1:22-cv-22538 (Altman/Reid)

PIERCE ROBERTSON, RACHEL GOLD, SANFORD GOLD, RAHIL SAYED, CHRISTOPHER EHRENTRAUT, TODD MANGANIELLO, DAN NEWSOM, WILLIAM AYER, ANTHONY DORN, DAMECO GATES, MARSHALL PETERS, and EDWIN GARRISON, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

MARK CUBAN, et al.

    Defendants.

**DEFENDANT MARK CUBAN'S AND DALLAS BASKETBALL LIMITED'S RESPONSE TO PLAINTIFFS' *EXPEDITED* MOTION TO SUBSTITUTE AND ADD ADDITIONAL CLASS REPRESENTATIVES [ECF NO. 80] AND REQUEST FOR HEARING PURSUANT LOCAL RULE 7.1(B)**

Defendants Mark Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks (the "Defendants") submit the following response to Plaintiffs' *Expedited* Motion to Substitute and Add Additional Class Representatives [ECF No. 80] (the "Motion"). Pursuant to Local Rule 7.1(b), and for the reasons set forth below, Defendants request a hearing on the Motion. As set forth below, Plaintiffs' Motion should be denied, and, in any event, there is no reason it must it be heard on an expedited basis.

**I.    Introduction**

Voyager, according to Plaintiffs' Amended Complaint, has operated a publicly traded "mobile application cryptocurrency investment service" since early 2019. ECF No. 34, Am. Compl. at ¶ 25. Plaintiffs allege that they each opened a Voyager Earn Program Account ("EPA"). *Id.* at ¶¶ 7-16. Plaintiffs also each allege that they opened their respective accounts in reliance upon an October 27, 2021 press conference (the "Press Conference") held by the Dallas Mavericks

and Mark Cuban in Dallas, Texas, in which the Defendants—and Mr. Ehrlich, Voyager's CEO and co-founder—allegedly made statements regarding Voyager on which Plaintiffs allegedly relied. *Id.* (alleging that each Plaintiff purchased a Voyager EPA "in reliance on [alleged] misrepresentations and omissions").

In this putative class action, twelve Plaintiffs, only three of whom claim to be Florida residents, assert claims against Defendants under various state securities laws and consumer fraud statutes. The three Florida Plaintiffs are Pierce Robertson, Rachel Gold, and Sanford Gold (the "Florida Plaintiffs"). Only Mr. Gold, a three-time convicted felon with an undisputed history of engaging in financial fraud, appears to have opened an account with Voyager several months after the October 27, 2021 Press Conference central to Plaintiffs' theory of their case. Plaintiffs represent that Mr. Gold, who is scheduled to be shortly deposed in accordance with Magistrate Judge Reid's Order, dated January 5, 2023 (ECF No. 77), is no longer able to move forward with his claim, and Plaintiffs want to substitute two entirely new Florida claimants, Linda Mayrand and Dominik Karnas as putative class representatives.

Defendants have no objection to Mr. Gold withdrawing as a plaintiff in this case. But as it relates to substituting in two new Florida claimants, the remainder of the Motion should be denied.

First, it is procedurally improper. Plaintiffs' Motion amounts to a request to amend their Amended Complaint. But the Motion fails to comply with Federal Rule of Civil Procedure 15 and fails to attach a proposed Second Amended Complaint in violation of S.D. Fla. Local Rule 15.1.

Second, without any Florida-based plaintiffs, this Court lacks jurisdiction to hear the claims of the remaining nine named non-Florida Plaintiffs. *See* ECF No. 41, Defendants' Motion to Dismiss at 7 (citing *Carter v. Ford Motor Co.*, No. 19-62646-CIV, 2021 WL 1165248, at *6 (S.D. Fla. Mar. 26, 2021) (Altman, J.) (no long-arm jurisdiction where "Plaintiffs all live outside of Florida" and conduct as to such plaintiffs occurred outside of Florida)). Without Mr. Gold, none of the remaining Florida Plaintiffs appear to have opened their Voyager accounts after the October 27, 2021 Press Conference, and their claims are facially defective. The Motion thus seeks to substitute new Florida-based claimants at this pre-class certification stage. But Plaintiffs' reliance on caselaw applicable to *post*-certification class actions is misplaced, and the Eleventh Circuit has confirmed a lower court's ability to deny substitution at the pre-certification stage. *Bailey v. Cumberland Cas. & Sur. Co.*, 180 F. App'x 862, 865 (11th Cir. 2006) (whether a class has been

certified is "[c]entral to" decisions on substitution, as "once certified, a class acquires a legal status separate from that of the named plaintiffs").

Third, the Motion appears to be an attempt to avoid the stay effects of the Private Securities Litigation Reform Act ("PSLRA"). On January 2, 2023, the Court gave Plaintiffs until February 24, 2023, to either respond to the Defendants' November 18, 2022 Motion to Dismiss or file a Second Amended Complaint. In their Motion, Plaintiffs preview that they intend to file a Second Amended Complaint that will add claims under the federal securities laws. *See* Motion at 3, 5. Once that occurs, this case will be subject to the PLSRA, including its mandatory stay on discovery when, as is certain to promptly occur upon the filing of a Second Amended Complaint, a motion to dismiss is filed. But because Plaintiffs do not have to file their amended pleading for another six weeks, it is apparent that Plaintiffs seek to avoid the requirements of Federal Rule of Civil Procedure 15 in order to get two bites of the apple in further amending the Amended Complaint so they can keep this a state-law only complaint (until February 24, 2023) and engage in discovery that they hope to then use in their soon-to-be-filed federal securities complaint in this action. Such tactics are plainly at odds with the PSLRA's stay requirement. The Court should not permit circumvention of the clear protections of the PSLRA.

Defendants respectfully request that the Court:

(1) deny the Motion to prematurely add new Florida plaintiffs prior to Plaintiffs' deadline of February 24, 2023 to either amend the Amended Complaint or respond to Defendants' pending Motion to Dismiss;

(2) direct Plaintiffs to inform the Court and Defendants now whether they will be responding to the pending Motion to Dismiss or instead filing a Second Amended Complaint;

(3) if the latter, direct Plaintiffs to promptly state whether or not they are adding federal securities law claims; and

(4) if so, establish a briefing schedule for Defendants' motion to dismiss directed to such Second Amended Complaint but immediately stay discovery since Defendants will seek the dismissal of any such securities claims against them and the PSLRA's discovery stay will come into effect.

Defendants request a hearing before the Court relating to these issues.

## II. Background and Procedural History

### A. Status of the Pleadings

Plaintiffs filed the initial Complaint on August 10, 2022. ECF No. 1. On September 9, 2022, the case was administratively closed pending developments in Voyager Chapter 11

bankruptcy proceedings. ECF No. 10. On October 21, 2022, Plaintiffs voluntarily dismissed their claims against Stephen Ehrlich, Voyager's Chief Executive Officer, with prejudice and filed the Amended Complaint on October 28, 2022. ECF No. 26; *see also* ECF No. 29, Oct. 26, 2022 (Order dismissing Stephen Ehrlich).

On November 15, 2022, Plaintiffs moved for certification (ECF No. 42), which the Court denied without prejudice on November 18, 2022 (ECF No. 45).

On November 18, 2022, Defendants filed their Motion to Dismiss for lack of personal jurisdiction, failure to state a claim, and failure to join indispensable party. ECF No. 41. The deadline for Plaintiffs' response was December 2, 2022. On that day, Plaintiffs moved for an extension of time to respond, and on December 7, 2022 (ECF No. 48), the Court granted the motion and set a deadline of January 3, 2023 (ECF No. 59).

On December 28, 2022, Plaintiffs filed a second motion for extension of time to respond to pending Motion to Dismiss or file a Second Amended Complaint. ECF No. 67. On January 2, 2023, the Court granted the motion and set a February 24, 2023, deadline for Plaintiffs either to respond to the motion or amend the Amended Complaint. ECF No. 72.

**B.     Status of Discovery**

The Motion contains a number of facially inaccurate statements regarding the prior proceeding and status of discovery in this case. The following is a timeline of some of the relevant dates. And attached as exhibits to this response are relevant Orders from Magistrate Judge Reid (Exs. A-B), transcripts of hearings held before Magistrate Judge Reid (Exs. C-D), and a chart correcting some of Plaintiffs' factual misstatements in their Motion regarding Magistrate Judge Reid's Orders and other misstatements to the record in this action (Ex. E).

On November 18, 2022, shortly after filing their Motion to Dismiss, Defendants filed a Motion to Stay Discovery pending ruling on Motion to Dismiss, which the Court denied the same day. ECF Nos. 40, 45. On December 7, 2022, the Court entered its Scheduling Order. ECF No. 58. The Scheduling Order refers all pretrial non-dispositive matters and discovery matters to Magistrate Judge Reid. *Id.* at 2. In addition, the Scheduling Order sets February 23, 2023 (*i.e.*, the day before Plaintiffs' current deadline to file their response to the Motion to Dismiss or an amended complaint) for the initial exchange of expert reports and March 9, 2023 for the exchange of rebuttal reports. *Id.* July 5, 2023, is the deadline for all discovery, and July 19, 2023, is the deadline for Plaintiffs' class certification motion. *Id.*

4

The parties have held two discovery-related hearings before Magistrate Judge Reid. At the December 20, 2022, hearing, Defendants agreed to produce jurisdictional discovery on January 3, 2023 (Ex. C, December 20, 2022 Hearing Tr. at 62:3-4) and make Mr. Cuban available for deposition (*id.* at 78:20-21, 86:3-4). Magistrate Judge Reid also directed entry of a protective order largely on terms proposed by Defendants. *See* ECF No. 63.

On January 3, 2023, Defendants made production of jurisdictional discovery pursuant to Magistrate Judge Reid's direction. Defendants produced 542 documents and over 1,100 pages in total.

At the January 6, 2023 hearing before Magistrate Judge Reid, Plaintiffs indicated that Pierce Robertson, who originally had been noticed for a deposition on December 22, 2022, was having hand surgery in Illinois in mid-January and asked that his deposition either occur in Illinois or be taken in Miami at a later date. Ex. D, January 6, 2023 Hearing Tr. at 44:22. There was no indication at the hearing, by contrast, that Sanford Gold may have health problems, even though the timing and location of his deposition was discussed. At that hearing, Defendants confirmed that Mr. Cuban would be made available to be deposed on February 2, 2023, in Dallas. *Id.* at 12:8-9. In her Order from that hearing, Magistrate Judge Reid directed that:

a) the depositions of the three Florida Plaintiffs will take place in January 2023. Defendants are to take the deposition of Rachel Gold at her home on January 23 and of Sanford Gold on January 24. Defendants "may" take the deposition of Pierce Robertson in Illinois during the week of January 9.[1] Magistrate Judge Reid also ordered that Eric Rares, Ms. Gold's husband's deposition be taken on January 23 or 24 in Miami.[2]

b) the deposition of Mr. Cuban will take place in Dallas on February 2, 2023.

c) the depositions of Messrs. Mackey and Tapply, two Dallas Mavericks employees identified in Defendants' interrogatory responses, will take place in Dallas prior to February 23, 2023.[3]

---

[1] By agreement of counsel, Mr. Robertson's deposition has been rescheduled to January 26, 2023, in Chicago.

[2] Mr. Rares is being deposed because Defendants have discovered that Ms. Gold did not open a Voyager EPA account in her name, but for reasons still unknown purportedly opened one in her husband's name. *See* Ex. G, December 30, 2022 Email from Adam Moskowitz at 8.

[3] Defendants subsequently provided Plaintiffs with confirmed dates for Messrs. Mackey and Tapply's depositions on February 14 and 16, 2023, respectively. *See* Ex. N, January 10, 2023 Letter to Plaintiffs' Counsel at 1.

> d) Defendants will commence a rolling document production on January 13, 2023.
>
> e) with respect to documents relating to Messrs. Mackey and Tapply, Defendants will produce responsive documents by January 31, 2023.

Ex. B, ECF No. 77. Pursuant to Magistrate Judge Reid's Order, on January 13, 2023, Defendants began their rolling production of documents. In addition, Defendants are currently prioritizing review of Messrs. Mackey's and Tapply's documents in order to produce responsive, non-privileged material by the end of January. *See* Ex. N, January 10, 2023 Letter to Plaintiffs' Counsel at 1.

**III.     Plaintiffs' Motion is Procedurally Defective Because it Fails to Seek Relief Pursuant to Rule 15 and Violates Local Rule 15.1.**

A request to add parties amounts to a request to amend the complaint, which is governed by Federal Rule of Civil Procedure 15(a). *See Milner v. Galardi*, No. 20-23230-CIV, 2020 WL 12814852, at *1 (S.D. Fla. Oct. 22, 2020) (assessing plaintiffs' request to add additional plaintiff under Rule 15(a)); *Blake v. Batmasian*, No. 15-81222-CIV, 2016 WL 7447253, at *1-*2 (S.D. Fla. Sept. 15, 2016) (assessing class plaintiffs' request to amend to add two additional class representatives under Rule 15). Additionally, Southern District of Florida Local Rule 15.1 requires that a plaintiff seeking to amend a pleading "shall attach the original of the amendment to the motion."

Here, Plaintiffs have neither sought relief pursuant to Rule 15 nor complied with Local Rule 15.1. Plaintiffs should be required to comply with these procedural requirements so that their legal arguments regarding amendment and their proposed new factual allegations regarding Ms. Mayrand and Mr. Karnas (as well as any new claims) are properly before the Court so that the Defendants can respond to them.[4] The Motion should be denied without prejudice to the Plaintiffs to renew the Motion in compliance with Rule 15 and Local Rule 15.1.

---

[4] For example, in Plaintiffs' Motion, Plaintiffs make various factual allegations regarding Ms. Mayrand and Mr. Karnas, such as when they allegedly opened accounts with Voyager and the circumstances of their allegedly opened accounts with Voyager that need to be included in any proposed Second Amended Complaint. *See* Motion at 5. While Plaintiffs claim to have produced documents from both of the new proposed plaintiffs, *id.* at 1, 5, in fact as set forth in the chart annexed as Exhibit E hereto, no documents have been produced by Mr. Karnas, and the 12 pages of documents that were offered to be produced by Plaintiffs on behalf of Ms. Mayrand do not contain any information suggesting when she even opened her purported Voyager account. Federal Rule of Civil Procedure 15 and Local Rule 15.1 require, at a minimum, a proposed

### IV. Plaintiffs Should Not Be Permitted to Substitute the Only Putative Florida Class Plaintiff Who Opened an Account After the Press Conference.

As set forth in their November 18, 2021, Motion to Dismiss, Defendants at no point "substantially participated in the offer or sale" of any securities with respect to Voyager. *See* ECF No. 41 at 15-17. At a minimum, Defendants could not have "substantially participated in the offer or sale" (*see* Motion at 2) of Voyager EPAs that were opened prior to October 27, 2021, the date of the Press Conference where Defendants announced that they were working with Voyager.

Discovery has revealed that Sanford Gold is the only Florida Plaintiff who opened an account in his own name after the October 27, 2021 Press Conference. Indeed, Defendants' investigation has indicated that Pierce Robertson opened a Voyager account in May 2021, and document discovery obtained from Voyager has confirmed that Mr. Robertson funded his Voyager EPA on June 18, 2021, well before the October 27, 2021 Press Conference. Ex. F, Rob-Voyager-00000016 (excerpted to show Mr. Robertson's June-October 2021 Voyager EPA activity).[5] Further, although the other remaining Florida Plaintiff, Rachel Gold (Mr. Gold's daughter) alleges in the Amended Complaint that she "purchased an unregistered security from Voyager in the form of an EPA" (ECF No. 34 at ¶ 8), in fact Plaintiffs' counsel has now admitted that the account in question was opened solely in the name of Eric Rares, Ms. Gold's husband. Ex. G, December 30, 2022 Email from Adam Moskowitz at 8.

Without any Florida-based plaintiffs, this Court lacks jurisdiction to hear the claims of the remaining named Plaintiffs. *Carter*, 2021 WL 1165248, at *6; *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773, 1781 (2017) (no specific jurisdiction over nonresidents' class claims against nonresident defendant). Plaintiffs' proposed substitution of Mr. Gold with Ms. Mayrand and Mr. Karnas thus amounts to a request to substitute the only Florida Plaintiff without facial impediments to pursuing his otherwise meritless claims, and should not be permitted.[6]

---

amended complaint properly including any factual allegations and claims of such proposed additional plaintiffs.

[5] This document has been designated as Confidential pursuant to the December 21, 2022, Stipulated Protective Order (ECF No. 65). As a result, it will be produced to Chambers for the Court's *in camera* review if the Court would like to examine it.

[6] Because Plaintiffs effectively seek to completely substitute the Florida Plaintiffs, Plaintiffs' reliance on precedent permitting the *addition* of class representatives is misplaced. *See* Motion at

The standard for assessing a motion for substitution in a putative class action differs depending on whether substitution is proposed before or after a class has been certified. Where a putative class, as here, has not been certified, the class has not obtained "a legal status separate from that of the named plaintiffs." *Bailey*, 180 F. App'x at 865 (quoting *Lynch v. Baxley*, 651 F.2d 387, 388 (5th Cir. Unit B July 1981)). In that circumstance, the district court has discretion to deny substitution. *Id.* at 865. In *Bailey*, the magistrate judge (exercising dispositive jurisdiction upon consent of the parties) dismissed the lead plaintiff's securities claim as time-barred and denied the other members of the putative class leave to substitute another class representative. *Id.* at 864. In affirming denial of the substitution request, the Eleventh Circuit distinguished *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331 (11th Cir. 2003), upon which Plaintiffs heavily rely (*see* Motion at 6, 7 n.2), stating:

> Each of the cases cited by [plaintiff] deals with a class that was already certified. *See, e.g., Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1340 (11th Cir. 2003). In *Birmingham Steel*, we reversed the decertification of a class based on the inadequacy of the class representative when the district court failed to provide leave to find a suitable substitution. *Id.* at 1342. ***Central to our decision was that "once certified, a class acquires a legal status separate from that of the named plaintiffs***." *Id.* at 1336 (citing *Lynch v. Baxley*, 651 F.2d 387, 388 (5th Cir. Unit B July 1981)).

*Bailey*, 180 F. App'x at 865 (emphasis added).[7]

---

5-6 (citing *In re Pharm. Indus. Average Wholesale Price Litig.*, 277 F.R.D. 52 (D. Mass. 2011); *Churchill v. Cigna Corp.*, 2011 WL 3563489 (E.D. Pa. Aug. 12, 2011); *Florida Pediatric Society v. Benson*, No. 05-23037, 2008 U.S. Dist. LEXIS 66235 (S.D. Fla. 2008); *Natale v. General Motors Corp.,* 2006 WL 1458585 (7th Cir. May 8, 2006).

[7] Plaintiffs' reliance on other post-certification precedent is similarly unavailing. *See* Motion at 6 (citing *Mauldin v. Wal-Mart Stores, Inc.*, 2006 WL 739696 (N.D. Ga. 2006) (allowing substitution after certification); *Memisovski v. Garner*, No. 92 C 1982, 2002 WL 31687665, at *1 (N.D. Ill. Nov. 27, 2002) (same); *Pollard v. Baretz*, 2001 WL 936355 (E.D. Mich. 2001) (allowing substitution where the court already "issued the Preliminary Approval Order in Connection with Class Action Settlement Proceedings"). Though the court in *Hall v. Bank of America*, permitted pre-certification substitution of class plaintiffs, the order cited by Plaintiffs contains no analysis of the issue, lending no weight to why substitution should be permitted here. *See* No. 1:12-cv-22700-FAM, ECF No. 233 (S.D. Fla. July 16, 2013). *Reed v. Rhodes* is also inapplicable, as that case involved a putative class of public school students in a school desegregation case that had been pending for twenty-five years, thus necessitating the substitution of class members who had graduated since the case's initiation. 934 F. Supp. 1492 (N.D. Ohio 1996); *see Reed v. Rhodes*, 179 F.3d 453, 456 (6th Cir. 1999) (noting that the case was initially filed in 1973 and had been

Similarly, in *Hunt v. Thermal Insulation, Inc.*, the district court relied on the Eleventh Circuit's distinction in *Bailey* between pre- and post-certification classes in refusing plaintiff's attempt to substitute a class representative after the court held that the original class plaintiff lacked standing to bring the claims in question. No. 1:09-CV-1445-WSD, 2010 WL 11507019, at *3-*4 (N.D. Ga. Apr. 30, 2010); *see also Jackson v. Equifax Info. Servs. LLC*, No. 1:13-CV-2382-MHC, 2015 WL 13777246, at *7–8 (N.D. Ga. Sept. 11, 2015).

Here, as in *Bailey* and *Hunt*, none of the two remaining Florida Plaintiffs have viable claims against Defendants. Thus, Plaintiffs' substitution request effectively seeks to start a new Florida action against Defendants, since absent the presence of a Florida plaintiff, this case must be dismissed pursuant to this Court's ruling in *Carter v. Ford Motor Co.*, 2021 WL 1165248, at *6.

Denying the Motion will not prejudice the putative class members, since their state law claims have been tolled during the pendency of this action. *See, e.g.*, *Bailey*, 180 Fed. Appx at 865 ("Further, the members of the putative class are not prejudiced by the decision of the magistrate judge because their individual claims were tolled from the time the class action was filed until the complaint was dismissed."); *Jackson*, 2015 WL 13777246, at *7 (same) (citing *Bailey*); *Hunt*, 2010 WL 11507019, at *4 (noting that members of putative FLSA collective action who filed opt-in forms would not be prejudiced by denying substitution of named plaintiff because their individual claims were tolled). Conversely, granting the Motion and allowing Plaintiffs to substitute new Florida-based plaintiffs forces Defendants to incur substantial costs in investigating and defending these new plaintiffs and their claims.

### V. Plaintiffs Cannot Evade the PSLRA's Stay of Discovery by Delaying Their Announced Intention to Add Federal Securities Claims to This Case.

This Court granted Plaintiffs until February 24, 2023, to respond to the November 18, 2022 Motion to Dismiss or to file a Second Amended Complaint. ECF No. 72. Plaintiffs' request for that extension, at the time, was based on their professed desire to take jurisdictional discovery and to the extent they were able to do so, add allegations relating to personal jurisdiction. *See* ECF No. 67 ¶ 6 (in which Plaintiffs assert that they are seeking to extend their deadline to "move for leave to file an amended complaint to, among other things, include additional jurisdictional allegations").

---

pending for 25 years). Here, there is no such compelling reason for Plaintiffs' proposed complete substitution of the Florida Plaintiffs.

In their Motion, Plaintiffs now state their intention to file an amended pleading to also allege federal securities claims against Defendants. *See* Motion at 3 (intimating that Plaintiffs will amend complaint "to include additional allegations and claims, such as a federal securities claim"), and 5 (stating that proposed Plaintiffs Mayrand and Karnas will assert that Defendants promoted Voyager EPAs "in direct violation of federal and state securities laws"). This is a significant development that directly affects this Court's direction that merits discovery as to the purely state law claims asserted in the Amended Complaint should not be stayed during the pendency of the Defendants' Motion to Dismiss, which was directed solely to the state law claims. If Plaintiffs had asserted federal securities claims against Defendants at the outset (and there is no reason to believe Plaintiffs could not have done so, since most states' securities laws are modeled on the federal laws), Defendants would have benefited from the protections afforded by the PSLRA, including a mandatory stay of discovery while Defendants' Motion to Dismiss remains pending. *See* 15 U.S.C. 78u-4(b)(3)(B). The purpose of this provision of the PSLRA is to "protect[ ] defendants from plaintiffs who would use discovery to substantiate an initially frivolous complaint." *Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003); *see also In re Rational Software Sec. Litig.*, 28 F. Supp.2d 562, (N.D. Cal. 1998) ("[T]he plain intent of Congress was to preclude intrusive and burdensome discovery in securities fraud actions until the plaintiffs have stated a viable claim.").

Yet Plaintiffs appear to be doing precisely the sort of end run that the PSLRA was designed to prohibit. Defendants submit that the claims against them are entirely lacking in legal merit and that Plaintiffs' eager effort to expedite discovery has been to try to take as much discovery as possible before the certain stay of discovery occurs when Defendants promptly seek dismissal of any federal securities claims asserted. Plaintiffs have aggressively pursued discovery from Defendants and a variety of third parties while Defendants' Motion to Dismiss has been pending since November 18, 2022, and Plaintiffs' obligation to respond or to file their amended pleading has been extended to February 24, 2023. That discovery relates not only to the merits of the already-asserted state law claims and the to-be-asserted federal securities claims in this case, but quite incredibly also to the merits of other claims brought in other federal cases where the PSLRA will apply by Plaintiffs' counsel relating to FTX and even to a related securities class action involving Voyager in the Southern District of New York where the same Plaintiffs' counsel recently

asked to be appointed as lead counsel under the PSLRA.[8] Indeed, on January 10, 2023, the same Plaintiffs' counsel in this action filed a motion to be appointed lead counsel in a federal securities class action against Mr. Ehrlich and others (but not Mr. Cuban or the Mavericks) in the Southern District of New York relating to the same practices by Voyager at issue in this case. *Roberts v. Ehrlich*, Case No. 22-cv-09590-PKC, ECF No. 19 (S.D.N.Y. Jan. 10, 2023 (seeking to be appointed lead counsel because the *Roberts* operative complaint asserts claims that are "materially identical" to those set forth in this and other actions). It is readily apparent that Plaintiffs' counsel in this case is seeking merits discovery both to prepare an amended pleading that will be immediately stayed under the PSLRA and to aid in taking discovery for other cases that are already fully subject to the PSLRA.

Courts regularly prohibit plaintiffs from circumventing the PSLRA in a variety of contexts. *See, e.g.*, *Newby*, 338 F.3d at 473 (affirming stay of discovery in state court action pursuant to the PSLRA and the related Securities Litigation Uniform Standards Act, where permitting discovery to proceed would have impermissibly circumvented the stay provided for by the PSLRA); *Log On Am., Inc. v. Promethean Asset Mgmt., LLC*, 210 F. Supp.2d 291 (S.D.N.Y. 2001) (declining to allow plaintiff to utilize confidential information secured in a different action because this "would circumvent the stay in this action under the [PSLRA]").

Plaintiffs should not be permitted to amend the operative pleading to assert federal securities claims when they have had the benefit of discovery while Defendants' Motion to Dismiss is pending. Defendants believe that Plaintiffs have been attempting to secure such discovery in

---

[8] Plaintiffs also are seeking non-party discovery that will aid their efforts in PSLRA-subject actions. For example, Plaintiffs have served, or are attempting to serve, the law firm of Sullivan & Cromwell LLP with a deposition subpoena in this action, seeking that firm's deposition and documents on January 27, 2023, and have stated a present intent to depose a representative, noting that "we are sure you saw the Congressional committee that was established to review their involvement in FTX." *See* Ex. J, January 11, 2023 Email from Plaintiffs' Counsel at 3. Sullivan & Cromwell is in no way involved with this action, but rather, upon Defendants' information and belief, was counsel to Sam Bankman-Fried and FTX. It is Defendants' understanding that Sullivan & Cromwell was involved in the auction process in the Voyager bankruptcy proceeding, i.e., events that post-dated Voyager's bankruptcy filing. Defendants are further advised that Mr. Ehrlich, whose non-party deposition has been sought by Plaintiffs in this action, has expressed concern to Plaintiffs' counsel that their effort to depose him in this action, where he is no longer a party, appears to be an effort to circumvent the stay in place in the *Roberts* action, where he is currently a named defendant and which is subject to the PSLRA.

11

this action well aware that once a federal securities claim is added to this action, the PSLRA stay will come into play immediately, requiring a complete recasting of the Scheduling Order in place in this case. To avoid any suggestion of gamesmanship, the Court should put the following choice to Plaintiffs: either assert federal securities claims on February 24, 2023, but have discovery stayed now since Defendants will seek the immediate dismissal of any such securities claims against them, or confirm that Plaintiffs will assert only state law claims in any further amended complaint to avoid the stay imposed by the PSLRA. Plaintiffs cannot have it both ways; otherwise, they will have simply used this Court's extension of time to respond or amend, and permission to take fact discovery in the interim, to make an end run around the PSLRA.

## VI. Plaintiffs' Use of Expedited Procedures Is Improper

There is no reason for an expedited briefing schedule here, and this is now Plaintiffs' second expedited motion submitted on the eve of a holiday. *See* ECF No. 67 (submitted on December 28, 2022). Local Rule 7.1(d) only permits waiver of the 14-day deadline for opposition briefs if the moving party "set[s] forth in detail the date by which an expedited ruling is needed and the reason the ruling is needed by the stated date."

As the close of fact discovery is set for July 5, 2023, there simply is no reason for this Motion to be heard on an expedited basis. *See* ECF No. 58 at 2. While Plaintiffs claim that the proposed additional plaintiffs must be made available for a deposition prior to February 24, 2023, the date by which Plaintiffs must either file a Second Amended Complaint or file their response to Defendants' Motion to Dismiss, Plaintiffs provide no rational explanation for this assertion. Deposition dates for the nine non-Florida Plaintiffs have not yet been set, and Plaintiffs have proposed making the non-Florida Plaintiffs available up to and through March 2023, well after the February 24, 2023 deadline to either amend the current Amended Complaint or respond to Defendants' pending Motion to Dismiss. *See* Ex. O, December 27, 2022 Email from Adam Moskowitz at 2. Defendants have already submitted their Motion to Dismiss attacking the legal sufficiency of Plaintiffs' claims, and the proposed substitute plaintiffs' testimony should have no bearing on that issue. Further, the proposed substitute plaintiffs' testimony can have no bearing on issues of jurisdictional discovery, as they cannot speak to either Mr. Cuban or the Mavericks' jurisdictional contacts with Florida, and Plaintiffs cannot claim consistent with Federal Rule of Civil Procedure 11 that they had any direct contact with Mr. Cuban at any point in time.

**VII.   Request for Hearing**

Pursuant to Local Rule 7.1(b), Defendants request a hearing to address this Motion and to clarify whether Plaintiffs intend to file a Second Amended Complaint asserting federal securities law claims.  If so, Defendants contend that the trial and pre-trial schedule set forth in the Court's December 7, 2022 Order (ECF No. 58) should be altered.[9]  These issues are best addressed at a hearing during which the Court could directly question the parties, rather than through briefing.  At a hearing, the Court can direct Plaintiffs to provide an on-the-record statement regarding their intentions to amend, and then, depending on Plaintiffs' response, efficiently revise the schedule as needed and in direct collaboration with the parties.

**VIII.   Conclusion**

For the reasons discussed above, Mr. Gold's ability to withdraw as a plaintiff should be respected.  But the remainder of the Motion should be denied.  As stated at the outset of this response, Defendants respectfully request that the Court:

(1) deny the Motion to add new Florida plaintiffs;

(2) direct Plaintiffs to promptly inform the Court and Defendants whether they are responding to the pending Motion to Dismiss or instead filing a Second Amended Complaint;

(3) if the latter, direct Plaintiffs to state whether they are adding federal securities law claims; and

(4) if so, establish a briefing schedule for Defendants' motion to dismiss directed to such Second Amended Complaint but stay discovery now since Defendants will seek the immediate dismissal of any such securities claims against them and the PSLRA's discovery stay will come into effect.

---

[9] Even if Plaintiffs choose not to file a Second Amended Complaint with federal securities claims, Defendants request that the deadlines for exchange of expert and rebuttal reports be extended (currently set for February 23 and March 9, 2023, respectively, ECF No. 58).  The deadline for the initial exchange of expert reports is set for one day prior to the February 24, 2023 deadline for Plaintiffs' to move to file a Second Amended Complaint.  ECF No. 72.  Defendants request that this deadline be extended to provide Defendants with a sufficient amount of time for Defendants' experts, inter alia, to address and analyze any new (i) allegations, (ii) causes of action, (iii) new parties in any Second Amended Complaint filed by Plaintiffs, (iv) any developments in discovery, and (v) to otherwise be in a position to address the implications of the pending sales proceeding in the Voyager bankruptcy proceeding which will materially impact any expert report that is submitted by Defendants.

Respectfully submitted this 16th Day of January 2023.

/s/ *Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

-and-

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@thehucklawfirm.com

THE HUCK LAW FIRM
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
Telecopier: (305) 441-8849

-and-

**Case No: 1:22-cv-22538 (Altman/Reid)**

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email: sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email: rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

*-and-*

SIGMUND WISSNER-GROSS, ESQ.
*Pro Hac Vice*
Email: swissner-gross@brownrudnick.com

JESSICA N. MEYERS, ESQ.
*Pro Hac Vice*
Email: jmeyers@brownrudnick.com

BROWN RUDNICK LLP
Seven Times Square
New York, NY 11036
Telephone: (212) 209-4930

15

**Case No: 1:22-cv-22538 (Altman/Reid)**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 16, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

<u>Case No: 1:22-cv-22538 (Altman/Reid)</u>

## **SERVICE LIST**

| | |
|---|---|
| Adam M. Moskowitz, Esq.<br>Joseph M. Kaye, Esq.<br>Barbara C. Lewis, Esq.<br>The Moskowitz Law Firm, PLLC<br>2 Alhambra Plaza, Suite 601<br>Coral Gables, Florida 33134<br>E-mail: adam@moskowitz-law.com<br>Email: joseph@moskowitz-law.com<br>Email: barbara@moskowitz-law.com<br><br>*Counsel for Plaintiffs and the Proposed Classes*<br><br>**VIA CM/ECF**<br><br>David Boies, Esq.<br>*Pro Hac Vice*<br>Boies Schiller Flexner LLP<br>333 Main Street<br>Armonk, NY 10504<br>Email: dboies@bsfllp.com<br><br>*Co-Counsel for Plaintiffs and the Proposed Classes*<br><br>**VIA CM/ECF** | Stephen Neal Zack, Esq.<br>szack@bsfllp.com<br>Hon. Ursula Ungaro, Esq.<br>uungaro@bsfllp.com<br>Boies Schiller Flexner LLP<br>100 S.E. 2nd St., Suite 2800<br>Miami, FL 33131<br><br>*Co-Counsel for Plaintiffs and the Proposed Classes*<br><br>**VIA CM/ECF** |