# Exhibit E

# EXHIBIT E

**Summary of Plaintiffs' Misstatements in its Motion, including Regarding Magistrate Judge Reid's Orders**

| | Date | Plaintiffs' Assertion | Correction[1] |
|---|---|---|---|
| | **A** | **B** | **C** |
| 1 | 1/13/23 | Plaintiffs' Motion states that "Magistrate Judge Reid has already ruled twice and issued a written order compelling Defendants to finally produce documents by January 13th." *See* Motion at 3. | Magistrate Reid ordered that merits discovery commence on a rolling basis on January 13, 2023, that document production be prioritized for Messrs. Tapply and Mackey "before the end of January," and Magistrate Judge Reid indicated agreement with productions on a rolling[2] basis. *See* ECF No. 77; Ex. C, 1/6/23 Hrg. Tr. 100:11-20; *see also id.* at 16:19-17:2; 24:12-25-5; 31:9-32:13; 94:11-95:1; 97:17-22; 101:7-12; 102:22-103:9. |

---

[1] Defendants are limiting corrections—in a non-exhaustive fashion—to factual contentions concerning discovery and the record. Defendants have already demonstrated that Plaintiffs' claim that Mr. Cuban "aggressive[ly]" promoted Voyager is not accurate. *Compare* Motion at 2-3 ("Mr. Cuban's aggressive promotion of the Deceptive Voyager Platform has occurred and been repeatedly rebroadcast through the internet from at least October 27, 2021 through July 5, 2022, right before Voyager declared bankruptcy . . . .") *with* Defendants' Motion to Dismiss, ECF No. 41, at 11 ("Defendants' limited involvement with Voyager occurred solely in Dallas, Texas, during a single press conference held several years after Voyager began operations; and the Plaintiffs have not alleged that Mr. Cuban's statements at this press conference, which were hosted on a Mavericks' website for Mavericks' fans by Dallas-based employees of the Mavericks, targeted Florida residents in any way."); *see also* Motion at 3 ("Mark Cuban (1) ***conducted*** 2 National Crypto Conferences here in Miami (one where he was the Keynote Speaker) . . . .") (emphasis added). Mr. Cuban did not "conduct" any such conferences. *See also* Motion at 3 ("Mark Cuban . . . ***issued*** a plethora of tweets and internet statements, all generated with a focus on Mark Cuban's praise and recommendation of the "great" Miami Crypto Community.") (emphasis added). As will be explained in Defendants' forthcoming reply, the record is devoid of any such "plethora of tweets" "issued" by Mr. Cuban. Defendants reserve the right to fully address Plaintiffs' false contentions—made directly to this Court—at the appropriate time and in the appropriate format.

[2] Defendants note that Plaintiffs themselves have indicated a preference for rolling productions, and have themselves produced documents on behalf of Plaintiffs on a rolling basis (now on their third production, though limited in quantity). In any event, rolling productions are commonplace in nearly all complex commercial litigations. *See, e.g.*, Ex. C Tr. 72:13-17 (Counsel for Plaintiffs: "We can try on a rolling basis to produce documents, and we have made two productions already. Whether the defendants like to mischaracterize it as scurrying or whatever, but we are producing as we get and we are producing more."). Further, Plaintiffs did not object on the record to rolling productions—and by virtue of their own productions, purport to share a preference, like Defendants, for such a format.

| | | | |
|---|---|---|---|
| 2 | 1/13/23 | Plaintiffs' Motion states that "[a]fter Defendants *reneged* on that agreement [to jointly seek from this Court an extension of time], Plaintiffs filed an expedited request" on December 28, 2022. Motion at 4 (emphasis added) | Defendants did not "renege" on any such agreement made before Magistrate Judge Reid, but rather attempted to negotiate with Plaintiffs with respect to the terms of a joint stipulation via email response to Plaintiffs' email containing a draft stipulation (which was sent seven days after the December 20, 2022 hearing and contained terms and conditions never even discussed or agreed to before the Magistrate—Plaintiffs did not address the subject until seven days later). *See* Ex. H.  On December 28, 2022 at 2:01 PM, Defendants' counsel identified areas of disagreement. *Id*. Plaintiffs' counsel did not respond nor invite a meet a confer.  At 4:13 PM on the same day, Plaintiffs filed a motion for expedited relief, *see* ECF No. 67. |
| 3 | 1/13/23 | Plaintiffs' Motion states that Plaintiffs have produced "all of [Linda Mayrand's and Dominik Karnas'] documents"  and represent when each allegedly opened an account with Voyager. Motion at 1.  The Motion also states that Defendants have "gone so far as allegedly destroying the responsive documents Ms. Mayrand and Mr. Karnas have produced and refused to set their depositions." Motion at 1. | Plaintiffs have yet to produce *any* documents from absent class member Mr. Karnas.  Plaintiffs "produced" only *12 pages* from absent class member Ms. Mayrand (which were not requested and offered to be returned), nine of which include attorney engagement letters and Voyager bankruptcy claim forms.  Plaintiffs also make representations in the Motion as to when these two individuals alleged opened accounts with Voyager not contained in any documents "produced" to Defendants.  With respect to Plaintiffs' contention that Defendants  have "destroy[ed]" such documents, in fact, Defendants simply advised Plaintiffs' counsel that the 12 pages from Ms. Mayrand had not been requested and indicated they would return or discard such documents, as was proper to do.  No documents were provided from Mr. Karnas.  These two individuals are not parties, and their depositions have not been sought by Plaintiffs. Moreover, the Magistrate's Jan. 6, 2023 Order contains no provision with respect to any deposition of these two absent class member. |
| 4 | 1/13/23 | Plaintiffs claim that Defendants have sought to "discredit" the current Florida plaintiffs. Motion at 2. | Defendants did not choose to name these three individuals as named plaintiffs. That was Plaintiffs' counsel's decision.  As a result of Defendants' investigation, Defendants have discovered that Mr. |

| | | | |
|---|---|---|---|
| | | | Robertson has been arrested approximately 20 times, has filed for bankruptcy twice previously, and of particular significance to this action, filed a sworn statement with two Florida courts in September 2021 claiming to have virtually no personal assets and slightly more than $100 in a bank account when claiming the opposite in this action, and that Robertson opened an account with Voyager months prior to the October 27, 2021 Press Conference—all directly relevant to his utter lack of credibility and lack of standing.  Similarly, Mr. Gold's prior decades long criminal record, which includes being sentenced more than once for massive financial fraud, raised serious questions as to his credibility or fitness to serve as a proposed class representative, now apparently made moot by Plaintiffs' desire to drop him as a plaintiff prior to his being deposed (even though they previously tendered him as one of four proposed plaintiffs on class certification before such motion was denied by the Court, see ECF No. 45. |
| 5 | 1/13/23 | Plaintiffs state that Mr. Cuban has engaged in "aggressive promotion" of Voyager's Earn Program and that he caused 'damages' to the named Plaintiffs and the "classes they seek to represent."  Motion at 2-3. | As Defendants' Motion to Dismiss confirms, Plaintiffs mischaracterize both Mr. Cuban's alleged conduct and the Press Conference itself.  Moreover, Defendants have caused no "damages" to any named Plaintiff nor to any absent class member. |
| 6 | 1/13/23 | Plaintiffs claim that Defendants "specifically 'targeted' South Florida in their aggressive marketing and promotion of the Voyager Platform."  Motion at 3. | Such claim is utterly false.  There was one and only one press conference announcing Voyager becoming a corporate sponsor of the Mavericks, which occurred on October 27, 2021 and was held in Dallas, Texas. Plaintiffs' other statements regarding "targeting" of South Florida by Defendants are similarly false. Plaintiffs' citation of authority that is patently distinguishable also is disingenuous as Defendants will demonstrate if Plaintiffs elect to file a response to the pending Motion to Dismiss on February 24, 2023. |

| | | | |
|---|---|---|---|
| 7 | 1/13/23 | Mr. Moskowitz (email): "Today is a very, very big day for your client, so we ask you again very respectfully, please provide all of the responsive documents that you failed to produce on Jan 3rd, and comply with the 2 rulings by Judge Reid (and Judge Altman's Order denying your motion to stay)." *See* Ex. I | *See supra* Cell 1-C.  Plaintiffs misstate both the terms of Magistrate Judge Reid's rulings and full compliance by Defendants with such rulings. Defendants produced over 1,100 pages of documents on January 3, 2023 in full compliance with the Magistrate's direction that documents with respect to jurisdictional contacts with Florida be produced on January 3, 2023. |
| 8 | 1/11/23 | Mr. Moskowitz (email): "January 13th is a crucial day (just 2 days away), when you are required to produce all of your 'merits' responses . . . ." *See* Ex. J.[3] | *See supra* Cell 1-C.  The Magistrate merely directed that merits-related documents begin to be produced on a rolling basis on January 13, 2023.   Defendants are in full compliance with Magistrate Judge Reid's rulings. |
| 9 | 1/11/23 | Mr. Moskowitz (email): "In fact, you only produced about 25 documents as 'jurisdictional discovery' on January 3rd." *See* Ex. J. | Defendants produced 542 documents, totaling over 1,100 pages. *See* Ex. K at 1. |
| 10 | 1/9/23 | Mr. Moskowitz (email): "At the end of this week, on January 13th, you have been ordered to produce all of the merits discovery that was served in September." *See* Ex. L. | *See supra* Cell 1-C.  The Plaintiffs first served their purported document requests to Defendants via email on November 7, 2022, refused to accord Defendants any extension of time to respond, and a formal written response was timely served on December 7, 2022. As noted, Magistrate Reid has simply directed that merits document discovery begin on a rolling basis on January 13, 2023.  Defendants commenced a rolling production of merits documents on January 13, 2023. |

---

[3] *See*  Ex. M (Defendants' Counsel's response to Plaintiffs correcting further misstatements).