# Exhibit G

| | |
|---|---|
| **From:** | Adam Moskowitz <Adam@moskowitz-law.com> |
| **Sent:** | Friday, December 30, 2022 4:14 PM |
| **To:** | Wissner-Gross, Sigmund S.; Rejane Passos; atifford@fowler-white.com; aherazo@fowler-white.com; rshindler@fowler-white.com; cknight@fowler-white.com; golivares@fowler-white.com; egalicia@fowler-white.com; sabreu@fowler-white.com; Meyers, Jessica N.; Wolkinson, Rachel O.; Best, Stephen A.; Kerns, Daniel F.; Linda Carlsen; Rejane Passos |
| **Cc:** | Joseph Kaye; Barbara C. Lewis; Howard Bushman; dboies@bsfllp.com; aboies@bsfllp.com; lcarlsen@bsfllp.com; szack@bsfllp.com; balexander@bsfllp.com; Cwashenko@BSFLLP.com; mayala@bsfllp.com; ashaw@bsfllp.com; José Ferrer |
| **Subject:** | Voyager/Cuban Ponzi Scheme/Outstanding Discovery Items |
| **Attachments:** | Robertson v. Cuban - Subpoena for Deposition Duces Tecum of Sullivan and Cromwell (with exhibit).pdf; Robertson v. Cuban - Subpoena for Deposition Gronkowski.pdf; 20P5999-2022.12.09 Notice of Taking Deposition of Stephen Ehrlich 01.25.2023  (SERVED).PDF; 20P6001-2022.12.09 Subpoena for Deposition - Stephen Ehrlich 01.25.2023  (SERVED).PDF; Request for Copies re Voyager Subpoena.pdf |

**CAUTION: External E-mail.** Use caution accessing links or attachments.

---

**Dear Defense Counsel:**  We hope you are all having a great holiday.  We wish the meet and confer we conducted at 8am yesterday morning, could have been more productive and that you will decide to comply with Magistrate Judge Reid's Orders.

Stating that you will not agree "to anything" until you are fully satisfied with Plaintiffs' production is not reasonable, nor what Magistrate Judge Reid ordered at our hearing.  Please reconsider providing us all of the materials, and the few confirmed dates, that were required by Magistrate Judge Reid at the hearing, or we will have to set them for hearing next week because we have many upcoming deadlines.

## DECEMBER 20TH HEARING BEFORE MAGISTRATE JUDGE REID

There really can be no dispute what was required by Magistrate Judge Reid after our 2-hour hearing on December 20, 2022.  We all left the hearing with an agreed plan to proceed with expeditiously completing discovery (on both sides), and an agreement that the parties would jointly move to have Judge Altman extend the deadlines for Plaintiffs to either oppose the current Motion to Dismiss and/or amend the current Complaint, (to include additional parties such as Voyager brand ambassadors from the NFL, NASCAR, and potentially additional – not substituted – plaintiff representatives, which we discussed, can be added "even near trial").  The reason for this extension is mainly because you decided to file (what we allege) to be a false affidavit from

defendant Cuban that you insist on relying upon to try and dismiss the case (but you have still NOT provided a single document nor any date for Mr. Cuban's deposition).

We are not sure why you are pretending like the December 20th discovery hearing never happened at all.

In a good faith attempt to continue to try to work these issues out with Defendants in the face of their **repeated noncompliance**, Plaintiffs made themselves available for an extensive meet and confer call at 8:00am EST on December 29th (as a courtesy to Defendants, who claimed that it was the only time they had available because many were leaving on vacation after that point). Below are some of the issues that remain outstanding.

**PENDING SPECIFIC DISCOVERY ISSUES:**

1.      **DEPOSITION OF DEFENDANT MARK CUBAN**

**More than 4 months ago,** we conducted the meet and confer and requested any dates to take Mr. Cuban's deposition. You refused to submit to any and all discovery until after any motions to dismiss were ruled on and after the Bankruptcy Court decided whether these claims should be subsumed into those proceedings.  After we resolved the bankruptcy issues with Voyager, we served Defendant Cuban with a notice for his deposition **on November 7, 2022 (before your Motion to Dismiss was even filed)** to take place on January 13, 2022. You refused to provide any alternative dates and filed a Motion to Stay all discovery.  Judge Altman denied the Motion to Stay, ordered the discovery to proceed and referred all discovery matters to Magistrate Judge Reid.

**Magistrate Judge Reid ruled Defendants** were to provide us by the end of last week with a few specific confirmed dates for Mr. Cuban's deposition to take place between February 1st and 10th to depose Defendant Mark Cuban. The deposition will be taken in full, with no limitations for just jurisdictional issues (the Motion to Stay was denied).

**December 29th Meet and Confer:**  Incredibly, you now take the position that you will not confirm **any set date** for Mr. Cuban's deposition until they are satisfied with Plaintiffs' production and have dates for all 12 Plaintiffs' depositions, which you are now demanding take place no later than February. That cannot be permitted (you are violating 2 Court orders).

2.      **DEPOSITION OF MAVERICKS EMPLOYEES: (1) RYAN MACKEY AND (2) KYLE TAPPLY**

Defendants identified 4 employees who have personal knowledge of the Mavericks/Voyager Agreement.  Plaintiffs requested to depose them and you represented that 2 of the 4 had only information protected by attorney/client privilege, but you agreed to make the other two (Mackey and Tapply) available for deposition.  Plaintiffs requested for one week any dates to take those depositions in January.

At the hearing with **Magistrate Judge Reid, Defendants were ordered** to provide by last Friday (12/23/22) dates between January 16th and 31st to depose Ryan Mackey (Senior Vice President of Corporate Partnerships for the Mavericks) and Kyle Tapply (Senior Director of Corporate Partnerships for the Mavericks). Plaintiffs stated they will take these depositions at any location desired by Defendants.

**December 29th Meet and Confer**: You state that neither Messrs. Mackey nor Tapply are available **anytime** in January and refuse to provide any deposition dates.  That cannot be permitted.

3.      **DEFENDANTS OUTSTANDING WRITTEN DISCOVERY (Served on November 7, 2022)**

Defendants objected to every discovery request.  **Magistrate Judge Reid ordered Defendants** to produce all outstanding discovery by **January 3rd** relating to "jurisdictional issues," and all other responsive discovery materials by **January 13th.**  The reason was that Defendants had the discovery for many months now, so Plaintiffs objected at the hearing to any "rolling basis" that had no deadline for the completion of discovery and instead spending more months first discussing ESI protocols.

Magistrate Judge Reid ruled that defendants are to do a "reasonable search" as required by the rules, select the terms they believe will fully locate and produce their discovery materials, and produce the materials to Plaintiffs by the subject dates, so that the depositions will only need to be taken once.

**December 29th Meet and Confer**: Defendants state that they will first decide on and propose ESI search terms to Plaintiffs (at some unspecified date), that they "do not have much of anything" to produce related to the

jurisdictional issues by January 3rd, and will endeavor to begin a rolling production on January 13, 2022. That cannot be allowed,

4. **JOINT MOTION FOR EXTENSION BEFORE JUDGE ALTMAN**

Defendants simply refuse to provide Mr. Cuban for deposition.  You even now state you want to rely specifically upon on his New Sworn Declaration in support of your Motion to Dismiss, **so Magistrate Judge Reid ordered** that he will now need to be deposed.

You stated that (although he is doing podcasts and many other activities around the country) he cannot be made available for deposition until **AFTER** February, i.e., that Mr. Cuban is not available at all for almost 90 days. Moreover, you objected to produce any discovery and will provide the documents in early January.

Because Magistrate Judge Reid cannot amend the Ordered Deadlines (to respond to the motion to dismiss or move for leave to amend) in the Scheduling Order, ECF No. 58, the parties agreed at the hearing to file a Joint Stipulation with Judge Altman stating that we already conducted our extensive discovery hearing with Magistrate Judge Reid and we all agreed on a revised discovery schedule, in that Judge Altman denied the Motion to Stay. We agreed to complete Mr. Cuban's full deposition and all of the jurisdictional discovery, prior to Plaintiffs filing a Response to the Motion to Dismiss or a Motion for Leave to Amend the Complaint, so we agreed on the record before Magistrate Judge Reid that we would be jointly moving to respectfully request the Court extend the deadlines for Plaintiffs to either oppose the motion to dismiss or move for leave to amend the complaint until February 24, 2022.

Now it appears you did not really mean it when they made that agreement before Magistrate Judge Reid, and instead you repeat your original, rejected position, that the response to the motion to dismiss should be briefed on January 3rd, that they should not have to submit to any discovery or provide any responses before then, that Plaintiffs must respond to all discovery that was just served on them November 22, 2022, and the Court should allow some unspecified reciprocal briefing on jurisdictional issues.

Given your stunning reversal of position once you were no longer physically, in front of Magistrate Judge Reid, Plaintiffs quickly converted the Stipulation into the Expedited Motion currently pending before Federal Judge Altman, ECF No. 67.

4

5.      **CONFIDENTIALITY AGREEMENT ALREADY ENTERED BY THE COURT**:

Plaintiffs agreed to the version demanded by Defendants, as long as they deleted the provision requiring them to be provided with notice of any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials being provided to non-testifying consulting experts.

Magistrate Judge Reid denied Defendants' request to mandate that Mr. Cuban's deposition (and all other depositions) be automatically deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and that the Court impose a gag order, so no one will ever review or have access to the deposition. Magistrate Judge Reid ruled Defendants' proposed Confidentiality Order already provides for proper designations of depositions (including "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") but that the designation would be used ONLY in those specific portions of a document and for testimony, that is actually "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," adding that sanctions may be imposed for discovery abuses.

Magistrate Judge Reid has since entered that order, ECF No. 65, which was submitted by Defendants later that night, but only after first needing to remove a sentence that Defendants unilaterally added to the order *after* it was agreed to that would have granted a blanket "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation to *all* deposition transcripts in this matter, without explanation. Plaintiffs had to catch this last-minute insert (while lead counsel was boarding a plane, which he advised the Parties and the Court at the end of the hearing he would be doing and would therefore likely be out of pocket) and immediately brought it to Magistrate Judge Reid's attention. Defendants "apologized" to the Court in a response email (Defense email: "All Plaintiffs' counsel had to do, as they have, is object to the additional sentence"). The Court removed the sentence before entering the order.

6.      **PLAINTIFFS' DISCOVERY RESPONSES**:

Plaintiffs provided Defendants with all of their responses and objections on the set deadline of December 22, 2022. Plaintiffs then advised Defendants that they were in the process of compiling and processing for production the non-objectionable and non-privileged documents in response to the request for production and agreed to have a meet and confer on December 29th to discuss the objections with Defendants. Defendants demand production of all documents immediately and submit that the production must be complete by December 30th. That was never ordered or discussed. Notwithstanding, Plaintiffs will be making an initial production by EOB today, Friday, December 30. The production includes documents from Plaintiffs' Voyager accounts including the transactions history of most, if not all, the Plaintiffs. We're also working with an

eDiscovery provider who has been collecting emails and communications directly from Plaintiffs' email accounts and cellphones. A significant number of documents have been collected so far from 4-5 plaintiffs (and a handful left to go) and we're now just waiting to get set up with the provider's platform to review the results. We hope to be able to make a second production within the next week or so and will be producing additional documents to Defendants as they become available. We are making all of this production, although we have **not received a single document** from your clients over the past 4 months.

While you are claiming some unspecified impropriety or prejudice in Plaintiffs *adding* additional representatives at this stage, any objection should be overruled as it is entirely appropriate and allowed under applicable law. Indeed, *substitution* of putative representatives has been effected by this Court in prior cases, including by Judge Moreno in *Hall v. Bank of America*. See below for the law on this issue:

It is widely accepted that plaintiffs in a class action should be allowed an opportunity to substitute class representatives. *See Mauldin v. Wal-Mart Stores, Inc.*, 2006 WL 739696 (N.D.Ga. 2006) (after certification, allowing substitution of class representative); *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331, 1339 (11th Cir. 2003) (in reversing district court, court held that, on the eve of trial, the district court should have authorized substitution when a class representative withdraws); *Memisovski v. Garner*, 2002 WL 31687665 (N.D.Ill. 2002) (order approving substitution of class representative after 10 years of litigation); *Pollard v. Baretz*, 2001 WL 936355 (E.D.Mich. 2001) (order approving substitution of class representatives because they were more appropriate in the settlement context); *Reed v. Rhodes*, 934 F.Supp. 1492 (N.D.Ohio 1996) (motion to substitute granted in a school desegregation suit); *In re Initial Public Offering Securities Litigation*, 224 F.R.D. 550 (S.D.N.Y. 2004) (granting motion to substitute); *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018 (Mont. 2003) (court may substitute proper class representatives); *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (reversing a district court that did not allow amendment of the complaint to substitute additional representative plaintiffs).

Further, Rule 23 of the Federal Rules of Civil Procedure contemplates the possible substitution of non-parties as class representatives. *See In re Telectronics Pacing Systems, Inc.*, 172 F.R.D. 271 (S.D.Ohio 1997) (when, and if, required the court may substitute new class representatives); 1 Newberg on Class Actions, § 3-10 at 3.42 (3d. ed.1992) ("Under Rule 23, the court may create subclasses, limit the class scope ⋯ [or] invite interventions to bolster or substitute for class representation."); *Little Caesar Enterprises, Inc. v. Smith*, 172 F.R.D. 236 (E.D.Mich. 1997) (the Court is given broad discretion in dealing with class actions under Fed.R.Civ.P. 23. Rule 23(c)(1) states that "[A class certification] order under this subdivision may be conditional, and may be altered or amended before the decision on the merits." *Carpenter v. Stephen F. Austin State University*, 706 F.2d 608, *rehg. denied*, 712 F.2d 1416 (5th Cir.1983) (allowed substitution of adequate class representatives for representatives found to be inadequate during the course of the class claims); *Davis v. Thornburgh*, 903 F.2d 212, 233 (3rd Cir.) (Becker, CJ, concurring in part and dissenting in part), *cert. denied*, 498 U.S. 970, 111 S.Ct. 436, 112 L.Ed.2d 420 (1990) (affording plaintiffs the opportunity to provide such substitutes is the common practice in cases where adequate representatives are known and available as substitutes).

It is well established that if a class representative is found to be inadequate to litigate his claims, as substitute class representative may be located and inserted into the litigation. *See McKesson*, 2015 WL

273188 *3 (fact that Plaintiff could seek to substitute class representatives if found to be inadequate weighed against bifurcation); *Hall, et al. v. Bank of America, et. al*, Case No. 1:12-cv-22700-FAM at [D.E. 226] (allowing substitution of class representative in a force placed insurance action); *Fladell v. Wells Fargo Bank, N.A.*, No. 13-cv-60721-FAM at [D.E. 60] (same); *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331, 1339 (11th Cir. 2003) (in reversing district court, court held that, on the eve of trial, the district court should have authorized substitution when a class representative withdraws); *Cotterall v. Paul*, 755 F.2d 777, 781 (11th Cir. 1985) (reversing denial of class certification "on the ground that the named plaintiff was an inadequate class representative without first making a specific finding that the would-be intervenors would be inadequate representatives as well"); *Florida Pediatric Society v. Benson*, No. 05-23037, 2008 U.S. Dist. LEXIS 66235 (S.D. Fla. 2008) ("this Circuit has recognized intervention as a means for plaintiffs, when class certification is opposed because their proposed class representatives are under attack, to attempt to cure the alleged deficiencies of their representatives, and thereby secure their opportunity to proceed as a class action"); Newberg and Conte, *Newberg on Class Actions* § 2.26 (collecting decisions holding that substitution is "freely allowed" when a representative plaintiff's claim becomes moot).

At the same time, Defendants served a subpoena on the Voyager entities on December 22, 2022, demanding a response by December 28th, seeking many of the same documents that they have requested from Plaintiffs in connection with their Voyager accounts. Defendants advised, for the first time, in their response to Plaintiffs' Motion to Extend the Deadlines, that they received all of the documents in response to that subpoena already, but have yet to make them available to Plaintiffs. Thus, Defendants' assertion that they do not have any documents in connection with Plaintiffs' Voyager accounts is apparently another false statement.

Further, attached is a formal Request for Copies of the documents produced in response to that subpoena, which are all documents that purport to deal directly with Plaintiffs' Voyager accounts and are certainly responsive to Plaintiffs' pending requests for production to Defendants.

7.    **DEPOSITIONS OF THE FLORIDA BASED REPRESENTATIVES**:

Defendants recently requested that Plaintiff provide dates for all of the Florida representative, either that are existing and/or will be added as additional class representatives by interlineation and/or in the Amended Complaint (by existing and/or new Court ordered date).  We agreed at the hearing with Magistrate Reid to start providing these dates in January (due to the holidays) for the existing Florida plaintiffs and those 2 (from just Florida) that we discussed and will be adding to all of the other class representatives by interlineation and/or in our first amended complaint.  We are producing them now so that you have no prejudice.

As we explained on our call, the depositions of just Ms. Gold and Mr. Robertson will need to be via Zoom. Ms. Gold has a newborn child and must breastfeed every two hours. Ms. Gold requested to be deposed in her home and needs breaks sufficient to accommodate the feeding schedule. Mr. Robertson has already travelled to Illinois for surgery on January 17th and will need a little time to recuperate and thus cannot appear in Miami for just two weeks after surgery. The Golds can be available for your deposition on the same day, on January 23rd, but can spill over if needed in person at their house or by ZOOM (Rachel Gold:  January 23rd, Sanford Gold: January 24th). We will also make Rachel Gold's husband, Eric Rares, available for deposition, as we explained he was the named account holder for the account Rachel Gold opened with marital assets after viewing Mr. Cuban's and the Mavericks' representations about Voyager. Mr. Pierce Robertson will be available on January 26th (by Zoom or in Illinois). Additional Florida Class Representatives who will be added to the litigation are of course, also available for deposition. Mrs. Linda Mayrand may be deposed via ZOOM or in person in Miami on January 30, and Mr. Dominik Karnas is available on January 31.  Just let us know.

8.    **THIRD PARTY DEPOSITIONS**:

We have confirmed taking Mr. Ehrlich's deposition on January 25, 2022, in Stamford, Connecticut, and we have set the depositions of Rob Gronkowski (another former Florida Voyager Brand Ambassador) and the law firm Sullivan & Cromwell (who received $8.5 million in legal fees for representing FTX from July 2021 through November 2022's Chapter 11 filing, which fees were for "acquisition transactions and specific regulatory inquiries relating to certain U.S. business lines," including the agreement to purchase Voyager assets through the bankruptcy that fell through when FTX imploded and potentially the $100 million investment into Mark Cuban-backed fintech company, Dave), currently scheduled to take place on January 19th and 27th, respectively. We have advised you of all of these depositions repeatedly, and for good measure, see the subpoenas attached.

Thanks, Adam

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PIERCE ROBERTSON et al, on behalf of himself an | ) |
| *Plaintiff* | ) |
| v. | ) |
| MARK CUBAN and DALLAS BASKETBALL | ) |
| LIMITED, d/b/a Dallas Mavericks, et al | ) |
| *Defendant* | ) |

Civil Action No.   22-cv-22538-ALTMAN/Reid

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Sullivan & Cromwell LLP, by and through its corporate representative(s) with knowledge of the subjects listed in Exhibit A, pursuant to Florida Rule of Civil Procedure 1.310(b)(6).

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See attached Exhibit A

| Place: ZOOM VIDEOCONFERENCE (contact Counsel for Details) | Date and Time:<br>01/27/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:   VIDEOTAPE AND COURT REPORTER

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached Exhibit B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/27/2022

|  | |
|---|---|
| CLERK OF COURT | OR |
| | /s/Adam M. Moskowitz |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   PLAINTIFFS
_____, who issues or requests this subpoena, are:
THE MOSKOWITZ LAW FIRM and BOIES SCHILLER FLEXNER    adam@moskowitz-law.com, joseph@moskowitz-law.com, barbara@moskowitz-law.com, dboies@bsfllp.com, aboies@bsfllp.com, szack@bsfllp.com, service@moskowitz-law.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   22-cv-22538-ALTMAN/Reid

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**I. DEFINITIONS AND INSTRUCTIONS**

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Sullivan & Cromwell," "S&C," "You," or "Your" means Sullivan & Cromwell LLP, any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.      "FTX Entities" means FTX Trading LTD d/b/a FTX ("FTX Trading") and West Realm Shires Services Inc. d/b/a FTX US ("FTX US"), and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "Voyager Entities" means Voyager Digital LTD and Voyager Digital LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "Voyager Platform" refers to the Voyager Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

6.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

7.      "EPAs" refers to the interest-bearing Earn Program Accounts offered by the Voyager Entities on the Voyager Platform

8.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

9.      "VGX" refers to the native cryptocurrency exchange token of the Voyager Platform ecosystem.

10.     "Contracts and Agreements" is intended to and shall embrace and include all documents, forms, deeds, leases, memorandums of understanding, electronic correspondence, emails, letters and text messages that define rights and responsibilities between You and any related entity, or You and any other entity affiliated in any way with the promotion, marketing, sale, and servicing of Voyager's mobile application cryptocurrency trading/investment platform.

11.     "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

12.     "Communication(s)" means any mode or method of contact for the transmission, dissemination, request for, or receipt of information of any kind including thoughts, mental impressions, ideas, suggestions, etc., conveyed in any format, and by any means or medium whatsoever. This shall include, but shall not be limited to, all statements, admissions, denials,

inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, voice messages, letters, correspondence, notes, telegrams, telexes, emails, advertisements, or any other form of written or verbal intercourse. The requests include communication to, from, or within a corporate entity or organization and include any and all communications by, between, and among its representatives, employees, agents, advisors, brokers, or attorneys (except when privileged).

13.     The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information which might otherwise be construed as to be outside the scope of these discovery requests.

14.     "Relating to," "relate to," "regarding," or "reflecting" means in any way directly or indirectly concerning, referring to, disclosing, describing, confirming, supporting, evidencing, representing, clarifying, evidencing, supporting, or contradicting.

15.     "Support" means referring to, concerning, responding to, reflecting, indicating, commenting on, regarding, discussing, showing, evidencing, describing, implying, analyzing or consulting.

16.     "Identify:" When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.  In all other aspects, "Identify" means to describe, explain, depict, and/or provide details of the information requested.

17.     "Support" means referring to, concerning, responding to, reflecting, indicating, commenting on, regarding, discussing, showing, evidencing, describing, implying, analyzing, or consulting.

18.     "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

19.     Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

## II. <u>DEPOSITION SUBJECTS</u>

Pursuant to Rule 30(b)(6), S&C shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1.        All Documents or Communications between You and any representatives of the FTX Entities or Voyager Entities regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

2.        All Documents or Communications between You and any federal or state entity regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

3.        All Documents or Communications between You and any investor, consumer, or member of the public regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

4.        All Documents or Communications between You and any Brand Ambassador of FTX or Voyager regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act, as well as whether any Brand

Ambassador was required to be a registered broker/dealer or possess a securities license to promote any of the foregoing offerings.

5.      All documents authored by You, including but not limited to legal memorandums, white papers, electronic correspondence, and letters to third parties, regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

**EXHIBIT B**

**DOCUMENTS TO BE PRODUCED**

1.      All Documents or Communications between You and any representatives of the FTX Entities or Voyager Entities regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

2.      All Documents or Communications between You and any federal or state entity regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

3.      All Documents or Communications between You and any investor, consumer, or member of the public regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

4.      All Documents or Communications between You and any Brand Ambassador of FTX or Voyager regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act, as well as whether any Brand Ambassador was required to be a registered broker/dealer or possess a securities license to promote any of the foregoing offerings.

5.      All documents authored by You, including but not limited to legal memorandums, white papers, electronic correspondence, and letters to third parties, regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PIERCE ROBERTSON et al, on behalf of himself an | ) |
| *Plaintiff* | ) |
| v. | ) |
| MARK CUBAN and DALLAS BASKETBALL | ) |
| LIMITED, d/b/a Dallas Mavericks, et al | ) |
| *Defendant* | ) |

Civil Action No.   22-cv-22538-ALTMAN/Reid

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Sullivan & Cromwell LLP, by and through its corporate representative(s) with knowledge of the subjects listed in Exhibit A, pursuant to Florida Rule of Civil Procedure 1.310(b)(6).

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See attached Exhibit A

| Place: ZOOM VIDEOCONFERENCE (contact Counsel for Details) | Date and Time:<br>01/27/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:   VIDEOTAPE AND COURT REPORTER

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached Exhibit B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/27/2022

CLERK OF COURT

OR

_____          /s/Adam M. Moskowitz
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   PLAINTIFFS
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  22-cv-22538-ALTMAN/Reid

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-cv-22538-ALTMAN/Reid**

PIERCE ROBERTSON *et al*, on behalf
of himself and others similarly situated,

     Plaintiff,

v.

MARK CUBAN and DALLAS
BASKETBALL LIMITED, d/b/a Dallas
Mavericks, *et al*

     Defendants.

_____/

**<u>NOTICE OF TAKING VIDEOTAPED DEPOSITION OF STEPHEN EHRLICH</u>**

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**: Stephen Ehrlich
            c/o Daniel L. Schwartz dlschwartz@daypitney.com

**DATE**:        January 25, 2023

**TIME**:         9:00 AM (EST)

**LOCATION**: Day Pitney LLP
             One Stamford Plaza
             263 Tresser Boulevard, 7th Floor
             Stamford CT 06901

**ZOOM LINK:** https://proceedings.veritext.com/?token=bd0befedb8b908f2c11679de802eb19e

     The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: December 9, 2022                    Respectfully submitted,


By: /s/ Adam M. Moskowitz                  By: /s/ Stephen Neal Zack
Adam M. Moskowitz                          Stephen Neal Zack
Florida Bar No. 984280                     Florida Bar No. 145215
adam@moskowitz-law.com                     Hon. Ursula Ungaro (Ret.)
Joseph M. Kaye                             Florida Bar No. 200883
Florida Bar No. 117520                     **BOIES SCHILLER FLEXNER LLP**
joseph@moskowitz-law.com                   100 SE 2nd St., Suite 2800
Barbara C. Lewis                           Miami, FL 33131
barbara@moskowitz-law.com                  Office: 305-539-8400
Florida Bar No. 118114                     Fax: 305-539-1307
**THE MOSKOWITZ LAW FIRM, PLLC**           szack@bsfllp.com
2 Alhambra Plaza, Suite 601                uungaro@bsfllp.com
Coral Gables, FL 33134
Telephone: (305) 740-1423                  David Boies
                                           (*Pro Hac Vice*)
*Co-Counsel for Plaintiffs and the Class*  **BOIES SCHILLER FLEXNER LLP**
                                           333 Main Street
                                           Armonk, NY 10504
                                           Phone: (914) 749–8200
                                           dboies@bsfllp.com

                                           *Co-Counsel for Plaintiffs and the Class*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 9 2022, a true and correct copy of the

foregoing was sent via electronic mail to counsel for Defendants.


                                    By: /s/ *Adam Moskowitz*
                                           Adam M. Moskowitz

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| PIERCE ROBERTSON et al, on behalf of himself an | ) |
| *Plaintiff* | ) |
| v. | ) |
| MARK CUBAN and DALLAS BASKETBALL | ) |
| LIMITED, d/b/a Dallas Mavericks, et al | ) |
| *Defendant* | ) |

Civil Action No.   22-cv-22538-ALTMAN/Reid

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Sullivan & Cromwell LLP, by and through its corporate representative(s) with knowledge of the subjects listed in Exhibit A, pursuant to Florida Rule of Civil Procedure 1.310(b)(6).

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See attached Exhibit A

| Place: ZOOM VIDEOCONFERENCE (contact Counsel for Details) Stamford Plaza, 263 Tresser Blvd, 7th Floor, Stamford CT 06901 ZOOM: https://proceedings.veritext.com/?token=bd0befedb8b908f2c11679de802eb19e | Date and Time: 01/27/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:   VIDEOTAPE AND COURT REPORTER

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached Exhibit B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/27/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| | | /s/Adam M. Moskowitz |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   PLAINTIFFS
_____, who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   22-cv-22538-ALTMAN/Reid

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

           I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

        ❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

        ❒ I returned the subpoena unexecuted because: _____

_____ .

        Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

        $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

        I declare under penalty of perjury that this information is true.

Date: _____

                             _____
                                       *Server's signature*

                             _____
                                    *Printed name and title*

                             _____
                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No.: 22-CV-22538-ALTMAN/REID

Pierce Robertson, et al., on behalf of themselves and
all others similarly situated,

        Plaintiffs,

v.

Mark Cuban, Dallas Basketball Limited, d/b/a
Dallas Mavericks,

        Defendants.

_____/

**<u>PLAINTIFFS' REQUEST FOR COPIES</u>**

    Plaintiffs hereby request that Defendants, Mark Cuban, Dallas Basketball Limited, d/b/a

Dallas Mavericks, provide the undersigned attorneys with legible copies of each and every document

or item produced pursuant to or in response to the Subpoena to Produce Documents, Information,

or Objects or to Permit Inspection of Premises in a Civil Action served on Voyager Digital Holdings,

Inc.; Voyager Digital, LLC; Voyager Digital Ltd., Debtors, Jointly Administered, Case No. 22-bk-

10943 - Bankr. SDNY.


Dated: December 30, 2022

                                 Respectfully submitted,

                                 By: */s/ Adam Moskowitz*
                                 Adam M. Moskowitz
                                 Florida Bar No. 984280
                                 adam@moskowitz-law.com
                                 Joseph M. Kaye
                                 Florida Bar No. 117520
                                 joseph@moskowitz-law.com
                                 Barbara C. Lewis
                                 barbara@moskowitz-law.com
                                 Florida Bar No. 118114
                                 **THE MOSKOWITZ LAW FIRM, PLLC**
                                 2 Alhambra Plaza, Suite 601
                                 Coral Gables, FL 33134

Telephone: (305) 740-1423

By: */s/ David Boies*
David Boies
(Admitted *Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on December 30, 2022,

via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280