# Exhibit L

| | |
|---|---|
| From: | Adam Moskowitz |
| To: | Joseph Kaye; David Boies; Linda Carlsen; aboies@bsfllp.com; Lorenza B. Ospina; Rejane Passos; atifford@fowler-white.com; aherazo@fowler-white.com; cknight@fowler-white.com; golivares@fowler-white.com; egalicia@fowler-white.com; sabreu@fowler-white.com; Wolkinson, Rachel O.; rshindler@fowler-white.com; Best, Stephen A.; Kerns, Daniel F.; Linda Carlsen; Barbara C. Lewis; Howard Bushman; dboies@bsfllp.com; aboies@bsfllp.com; szack@bsfllp.com; balexander@bsfllp.com; Cwashenko@bsfllp.com; mayala@bsfllp.com; ashaw@bsfllp.com; José Ferrer; David Boies; Schwartz, Dan |
| Cc: | Wissner-Gross, Sigmund S.; José Ferrer |
| Subject: | Robertson v. Mavericks/Cuban (Important email on outstanding discovery) |
| Date: | Monday, January 9, 2023 9:41:19 PM |
| Attachments: | Plaintiffs" Proffer - Mark Cuban Targeting Miami for Crypto Products.docx |

**CAUTION: External E-mail. Use caution accessing links or attachments.**



## Dear Defense Counsel:

Please maintain this email, in that we have arrived at a very important point in our litigation. We are getting very close to an ethical question, in terms of your representations to the Court regarding the existence of responsive discovery and your compliance with oral and written discovery orders. We have been involved in a few discovery disputes before our court where we were required to seek sanctions and in some cases, they were issued by the court *sua sponte.*

Judge Altman entered a written Order many months ago that denied your Motion to Stay. Now, Judge Reid has entered two rulings, one written today, which codified what the Court verbally Ordered during our last two extensive discovery hearings. We respectfully ask that you please carefully review Judge Reid's Order, so that you do not continue to violate the court orders on discovery. We have 4 important upcoming depositions (with no limitations), so we must receive all of the responsive documents and information on the Court ordered deadlines (this week), so we can properly complete the scheduled depositions.

1. **COURT ORDERED DEPOSITIONS:**

We have four (4) depositions currently set in this matter in the next month: (1) Mr. Steve Erhlich, Jan. 25th at his counsel's office in Connecticut, (2) Mr. Mark Cuban, on February 2 in Dallas, Texas (please let us know by tomorrow which

office to set his deposition so we can serve a proper Re-Notice), and (3) (4) Messrs. Ryan Mackey (Senior Vice President of Corporate Partnerships for the Mavericks) and Kyle Tapply (Senior Director of Corporate Partnerships for the Mavericks).  The Court required you to give us a date this week, to take their depositions, anytime at least one week before February 24th.  If you are going to produce them both in Dallas, we asked you previously to please help us arrange their depositions either the days before, and/or after Mr. Cuban's deposition, that is currently set for February 2nd, so we all only have to make one trip to Dallas.

2. **YOU HAVE NOT PRODUCED THE DISCOVERY ORDERED BY THE COURT:**

As we have been telling you, and repeating for the past 4 weeks, the documents and information we requested all the way back in September, and which you just produced on January 3rd from Mr. Cuban and the Dallas Mavericks, regarding possible travel to Miami, is **_not_** what is required by juridctional discovery.  At the end of this week, on January 13th, you have been ordered to produce all of the merits discovery that was served in September.

We have made this clear to Judge Reid and the Court has now made it clear twice, that your limited view of outstanding jurisdictional discovery is incorrect and insufficient.  In fact, Judge Reid clearly ruled today that you are wrong, and made the same ruling at the December 20th hearing:

> **The COURT:**
> In this case Mr. Moskowitz's reasoning is ... he discussed these types of products in Florida and the business itself generally and his statements are generally **directed towards Florida**. **Page 36**

What you provided to us on Janaury 3rd, was woefully deficient and did not satisfy any of your obligations to produce jurisdictional discovery:

> (1) that shows, evidences and/or relates to Mr. Cuban, and the Dallas Mavericks **"targeting" Florida Maverick fans**, and Florida's Voyager

consumers, including but not limtied to, through their extremely well-marketed public October Voyager/Mavericks International Press Conference, which was organized, marketed, formulated and carried out by Mr. Cuban and the Dallas Mavericks, where Mr. Cuban specifically said that he was trying to reach "all Maverick fans across the country", that he was trying to "reach all of the Mavericks and Voyager customers" and Mr. Ehrlich said that he listended to Cuban's many podcasts and interviews that he provided across the country.

(2) that shows any of the Defendants (Mr. Cuban and/or the Dallas Mavericks), had any and all "**financial stake**," for these targeted efforts.

You made the following representation to the Court at the December 20th hearing as follows:

> **Mr. Cuban counsel: Mr. Moskowitz may not have liked the answer, but Mr. Cuban didn't have an agreement with Voyager and he didn't get compensation from Voyager. Page 42**

We already confirmed that Mr. Cuban had his own personal Voyager account, in fact, he greatly touted at the Voyager/Mavericks Press Conference that he had his own Voyager account, that he had been trading on it for a few months and that he finds the Voyager Platform very easy to use and as close as "risk free" as possible. We have not been produced a single document from his Voyager account, and/or materials regarding any stock and/or compensation that Cuban or the Mavericks received from Voyager (like sponsoring the Mavericks Arena). We have also been requesting the actual Voyager/Mavericks Agreement that we all know exists (and all drafts, emails and/or texts regarding this Agreement), but you still refuse to provide any such documents. We have also specifically requested all documents, materials and information regarding Mr. Cuban and Voyager (such as any Voyager shares (and/or crypto tokens) that Mr. Cuban and/or the Mavericks was provided and/or purchased). Moreover, the Court was very clear at our last hearing that whatever

information and materials you require from the Class Plaintiffs in this action to produce regarding their own Voyager accounts, Mr. Cuban must provide for his own Voyager account. Moreover, we need to know what "financial interest" (if any), Mr. Cuban and/or anyone with the Dallas Mavericks had with Voyager.

It is hard to imagine that your whole team simply did not understand what discovery is required to support a showing of "Specific Jurisdiction." In the spirit of cooperation, you should review the case of *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 350–51 (S.D.N.Y. 2019). The case is extremely analogous to our facts. The District Court exercised Specific Personal Jurisdiction over the founders of a "blockchain" company, finding "target[ing] the U.S. market in an effort to promote the sale of ... very unregistered security at issue in litigation". The Defendants contended that Plaintiff did not argue that Defendants had any direct contact with the forum related to the purported failure to register ATB Coin. The District Court disagreed and found that this was an "overly narrow view" of litigation (like your view), it ignores entirely contacts alleged in Complaint. Plaintiff provided ample evidence that both Defendants targeted the U.S. market in an effort to promote the sale of ATB Coins, <u>the very unregistered security at issue in litigatio</u>n.

This fact pattern is very similar to our case. In the spirit of even more cooperation, we have attached a brief summary of just a few of the texts and internet materials that we found with a quick search of the internet. As you can see, Mark Cuban specifically targeted Miami, and the residents of South Florida, as a hub for crypto currency. You can certainly argue to Judge Altman that he did not target Florida, but what you cannot do is state that you do not have any responsive materials, and instead keep them hidden. Now that the Court had ordered you twice to produce all such documents that are within Mr. Cuban, and the Mavericks "custody, possession and/or control", you need to gather and produce all documents this week. Moreover, we need all documents showing any and all due diligence Mr. Cuban performed on Voyager and Voyager's staking of tokens (which enabled Voyager to allegedly provide our victims with 9% interest), <u>whether these interest accounts were and/or were not "unregistered securities"</u> and Mr. Cuban's dealings with the SEC on these specific issues.

More importantly, we are now set to take the depositions of Messrs. Ryan Mackey (Senior Vice President of Corporate Partnerships for the Mavericks) and Kyle Tapply (Senior Director of Corporate Partnerships for the Mavericks) and clearly, they will have responsive materials regarding the planning of the October Press Conference, the script that Mark Cuban was reading from at the event, how the set questions were drafted for the Maverick players to ask, who drafted all of the press releases, how was it decided which markets to target, how the Mavericks intended to market and target "Maverick fans across the country" and to "both customers of Voyager and Mavericks", and how they utilized all of the various media outlets for these purposes. Judge Reid ordered that all merits discovery from Mr. Cuban and the Dallas Mavericks be produced this week and all documents from Messrs. Mackey sand Tapply be produced by the end of January.

Finally, it now appears (based upon materials filed last week **by Voyager and FTX**) that FTX' offer in the Bankruptcy Court to buy Voyager's assets (which stayed and delayed our Voyager litigation for many months) may have been simply a fraudulent scheme to continue the FTX ponzi scheme to steal billions of additional dollars (ironically Voyager uses the term "chutzpah" to describe FTX, a word we used a few weeks ago to describe Voyager). We also know that Voyager loaned FTX many hundreds of millions of dollars. Please make sure to produce any and all documents regarding these issues, so that we can fully discuss them in the upcoming depositions.

Please let us know if you need any more explanations and please make sure to provide all of your responsive discovery by the Court deadlines.

Thanks, Adam


Adam M. Moskowitz
The Moskowitz Law Firm
2 Alhambra Plaza
Suite 601
Coral Gables, Fl 33134
305.740.1423 main

786.309.9561 direct
adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>
www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

---

**From:** Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com>
**Sent:** Wednesday, January 4, 2023 8:44 PM
**To:** Adam Moskowitz <Adam@moskowitz-law.com>; Schwartz, Dan <dlschwartz@daypitney.com>
**Cc:** Romance, Mark A. <mromance@daypitney.com>; Joseph Kaye <joseph@moskowitz-law.com>; David Boies <xboies@gmail.com>; Linda Carlsen <lcarlsen@bsfllp.com>; aboies@bsfllp.com; Lorenza B. Ospina <lorie@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; atifford@fowler-white.com; aherazo@fowler-white.com; cknight@fowler-white.com; golivares@fowler-white.com; egalicia@fowler-white.com; sabreu@fowler-white.com; Meyers, Jessica N. <JMeyers@brownrudnick.com>; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; rshindler@fowler-white.com; Best, Stephen A. <SBest@brownrudnick.com>; Kerns, Daniel F. <DKerns@brownrudnick.com>; Linda Carlsen <lcarlsen@bsfllp.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; dboies@bsfllp.com; aboies@bsfllp.com; szack@bsfllp.com; balexander@bsfllp.com; Cwashenko@bsfllp.com; mayala@bsfllp.com; ashaw@bsfllp.com; José Ferrer <jose@markmigdal.com>; David Boies <xboies@gmail.com>
**Subject:** Re: Robertson v. Mavericks/Cuban (Confidential/Work Product)


Adam, I was taken aback by your email, and did want to offer some observations so that Defendants' views on your email are made clear. We also recognize that Mr. Schwartz will respond, if he determines it necessary, on behalf of his client, but feel it is important that he have a full context of the record, not just your selective and unfortunately inaccurate representations.  Just so we are clear, when you say "We all met in Miami today," you did not meet and confer with any of the Defendants' counsel, and you do not speak on behalf of Defendants. You say that there will be "one deposition" of Mr. Ehrlich in this litigation, but at the same time you apparently have not told Mr. Schwartz that you are threatening to add multiple new Defendants to any further Amended Complaint, all of whom if added would surely want to re-depose any individuals such as Mr. Ehrlich, whom you have noticed for Jan. 25.  It seemed to Defendants that your last proposed updated subpoena to Mr. Ehrlich included what was in effect a request for documents that really are the property of Voyager and that such amended recent subpoena for documents to Mr. Ehrlich was misdirected. Now, it appears that you concede as such in your further proposed amended subpoena to Mr. Ehrlich, and it would appear that you should instead be requesting such documents of Voyager, not Mr. Ehrlich.  Further, you fail to advise Mr. Ehrlich's counsel that the production made yesterday by Defendants was of jurisdictional documents solely relating to any visits by Defendants to Florida during the 2021 and 2022 time period and it should come as no surprise to you that there were few documents relating to Mr. Ehrlich, since Mr. Cuban did not meet with Mr. Ehrlich at any time in Florida in either 2021 or 2022.  We would respectfully suggest

that it would be most practical, if you still intend to proceed with Mr. Ehrlich's deposition on Jan. 25, to limit it to the subject of Defendants' jurisdictional contacts with Florida, since as you are aware, that is to be the focus of Mr. Cuban's upcoming deposition as well on Feb. 2. We think that would help streamline Mr. Ehrlich's deposition on Jan. 25 and in fact avoid the need for redundant depositions of Mr. Ehrlich in the event as you promise you add new defendants in the case in late February 2023. Finally, we are puzzled by your suggestion that you are going to "resolve" discovery issues regarding Mr. Ehrlich at the conference on Friday, since (a) he is not a party to this action since you dismissed him with prejudice, and (b) he resides in the Northeast and his non-party deposition is to occur in Stamford, CT. Your statement as to why you agreed to dismiss Mr. Ehrlich from this action with prejudice, in any event, does not comport with our understanding of the deal you cut with the Debtors and the Creditors Committee as reflected in papers filed with the Bankruptcy Court. While we are prepared to address any issues that the Magistrate would like to consider on Friday, and believe the focus of Friday's conference should be on the discovery non-compliance of Plaintiffs, we don't believe that details of Mr. Ehrlich's proposed non-party deposition you have cited are in fact before the Magistrate, unless Mr. Ehrlich has consented to have the Magistrate adjudicate the terms of his non-party deposition, which we do not believe to be the case. Have a good evening.

Regards,

Sig

Sigmund S. Wissner-Gross
Counselor at Law

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212-209-4930
F: 212-938-2804
C: 516-729-9726
swissnergross@brownrudnick.com
www.brownrudnick.com

**From:** Adam Moskowitz <Adam@moskowitz-law.com>
**Sent:** Wednesday, January 4, 2023 7:57 PM
**To:** Schwartz, Dan <dlschwartz@daypitney.com>
**Cc:** Romance, Mark A. <mromance@daypitney.com>; Joseph Kaye <joseph@moskowitz-law.com>; David Boies <xboies@gmail.com>; Linda Carlsen <lcarlsen@bsfllp.com>; aboies@bsfllp.com <aboies@bsfllp.com>; Lorenza B. Ospina <lorie@moskowitz-law.com>; Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com>; Rejane Passos <rejane@moskowitz-law.com>;

atifford@fowler-white.com <atifford@fowler-white.com>; aherazo@fowler-white.com <aherazo@fowler-white.com>; cknight@fowler-white.com <cknight@fowler-white.com>; golivares@fowler-white.com <golivares@fowler-white.com>; egalicia@fowler-white.com <egalicia@fowler-white.com>; sabreu@fowler-white.com <sabreu@fowler-white.com>; Meyers, Jessica N. <JMeyers@brownrudnick.com>; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; rshindler@fowler-white.com <rshindler@fowler-white.com>; Best, Stephen A. <SBest@brownrudnick.com>; Kerns, Daniel F. <DKerns@brownrudnick.com>; Linda Carlsen <lcarlsen@bsfllp.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; dboies@bsfllp.com <dboies@bsfllp.com>; aboies@bsfllp.com <aboies@bsfllp.com>; szack@bsfllp.com <szack@bsfllp.com>; balexander@bsfllp.com <balexander@bsfllp.com>; Cwashenko@bsfllp.com <Cwashenko@bsfllp.com>; mayala@bsfllp.com <mayala@bsfllp.com>; ashaw@bsfllp.com <ashaw@bsfllp.com>; José Ferrer <jose@markmigdal.com>; David Boies2 <xboies@gmail.com>
**Subject:** RE: Robertson v. Mavericks/Cuban (Confidential/Work Product)

CAUTION: External E-mail. Use caution accessing links or attachments.

Dan: We all met in Miami today and David had the great suggestion that we serve (you and Defendants) with the attached Amended Subpoena, so there is no confusion as to what specific documents and materials we are seeking from Mr. Ehrlich, before his one deposition in this litigation (that are within "his custody, possession and/or control"). One basis for our Agreement to dismiss him from this litigation was the representation that he was "key" and essential for Voyager's ongoing reorganization. We wanted to make sure that he located all documents that were not only sent directly to and from Defendant Mark Cuban, but also obviously Defendant Dallas Mavericks (to the extent those are different). We thought that was clear from the Original Subpoena, but this Amended Subpoena certainly clarifies any confusion. Moreover, we received last night the production from Mr. Cuban regarding his dealings with Mr. Ehrlich and there were just a handful of emails, so we presume this production will not include thousands of responsive materials (but Steve's search of all of the available databases (including his personal texts, emails, as well as any and all of Voyager's databases) will certainly reveal all of the responsive materials. Just let us know if you want to discuss any issues tomorrow and we always have our 10am Friday hearing with Magistrate Judge Reid to discuss and resolve any and all discovery. Let's plan to talk next week (let us know a good time and date), so we can get an update on when to expect the production (and any privilege logs). Thanks, Adam



Adam M. Moskowitz
The Moskowitz Law Firm
2 Alhambra Plaza
Suite 601
Coral Gables, Fl 33134
305.740.1423 main
786.309.9561 direct
adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>

www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

-----Original Message-----
From: Adam Moskowitz
Sent: Tuesday, January 3, 2023 4:30 PM
To: Schwartz, Dan <dlschwartz@daypitney.com>
Cc: Romance, Mark A. <mromance@daypitney.com>; Joseph Kaye <joseph@moskowitz-law.com>; David Boies <xboies@gmail.com>; Linda Carlsen <lcarlsen@bsfllp.com>; aboies@bsfllp.com; Lorenza B. Ospina <lorie@moskowitz-law.com>; Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com>; Rejane Passos <rejane@moskowitz-law.com>; atifford@fowler-white.com; aherazo@fowler-white.com; cknight@fowler-white.com; golivares@fowler-white.com; egalicia@fowler-white.com; sabreu@fowler-white.com; Meyers, Jessica N. <JMeyers@brownrudnick.com>; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; rshindler@fowler-white.com; Best, Stephen A. <SBest@brownrudnick.com>; Kerns, Daniel F. <DKerns@brownrudnick.com>; Linda Carlsen <lcarlsen@bsfllp.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; dboies@bsfllp.com; aboies@bsfllp.com; szack@bsfllp.com; balexander@bsfllp.com; Cwashenko@bsfllp.com; mayala@bsfllp.com; ashaw@bsfllp.com; José Ferrer <jose@markmigdal.com>; David Boies2 <xboies@gmail.com>
Subject: RE: Robertson v. Mavericks/Cuban (Confidential/Work Product)

Dan: Thank you again for talking this afternoon about Mr. Ehrlich's upcoming deposition, as referenced on the attached Amended Subpoena. As we stated, we all have one main goal and that is to only depose Mr. Ehrlich once in this litigation, so it is important to make sure we obtain copies of all responsive materials, in advance of his deposition currently set for January 25th at your offices in Connecticut. As we mentioned, we already have a discovery hearing set with Magistrate Reid for this Friday at 10am, if we need to resolve any and all issues regarding Mr. Ehrlich's responsive materials and/or his deposition. Please call me if you have any questions. Thanks again, Adam

***********************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

***********************************************************************