# Exhibit N

brownrudnick

Sigmund S. Wissner-Gross
direct dial: 212.209.4930
fax: 212.938.2804
swissnergross@brownrudnick.com

January 10, 2023

**Via Email**

Adam Moskowitz, Esq.
Moskowitz Law
2 Alhambra Plaza - Suite 601
Coral Gables, Florida 33134

**RE: Response to Plaintiffs' Counsel January 9, 2023 Email Regarding Outstanding Discovery**

Dear Adam:

We write on behalf of Defendants Mark Cuban and the Dallas Mavericks in further response to your January 9, 2023 email regarding the status of discovery. First, we note that the document entitled "Plaintiffs' Proffer – Mark Cuban Targeting Miami for Crypto Products" that you attempted to attach to your email was blank, as the file appears to have been corrupted.

As mentioned in my email earlier today, your email contains numerous factual inaccuracies which require further correction. Defendants have always abided by their discovery obligations and will continue to do so. As I noted , we will produce documents and make available witnesses in compliance with Judge Reid's January 9, 2023 Order (ECF No. 77). Given the uncorrected, inaccurate statements included in your Amended Complaint—for example that Plaintiffs opened their Voyager accounts "in reliance on [Mr. Cuban and non-party Stephen Ehrlich's] misrepresentations and omissions" (ECF No. 34 ¶¶ 7-18)—your statement that "[w]e are getting very close to an ethical question" is ironic, as well as inaccurate.

## I. Court Ordered Depositions

Despite your insinuations to the contrary, Defendants will make Mr. Cuban, Mr. Tapply, and Mr. Mackey available for depositions in compliance with the Court's January 9, 2023 Order.

- As we have previously informed you, and in compliance with ECF No. 77 ¶ 2, Mr. Cuban's deposition will be held on February 2, 2023 at 9:00 am CST at the offices of Winston & Strawn LLP ("Winston"), located at 2121 N. Pearl Street, Suite 900, Dallas, TX 75201.
- Mr. Mackey is available to have his deposition taken on February 14, 2023 in Dallas, Texas at Winston's offices.
- Mr. Tapply is available to have his deposition taken on February 16, 2023 in Dallas, Texas at Winston's offices.

Mr. Mackey and Mr. Tapply are not available during the week of February 2, 2023, and the dates provided above comply with Judge Reid's order that "Mavericks employees Ryan Mackey and Kyle Tapply [] be deposed prior to February 23, 2023." ECF No. 77 ¶ 5. Please confirm that we can move forward with these deposition dates.





## II. Defendants' Document Production

Defendants stand by their position that our January 3, 2023 production of 524 files related to Defendants' contacts with Florida complies with our jurisdictional discovery obligations. As Plaintiffs refused to provide suggested search terms to narrow down the more than 635,000 documents that Defendants collected or clarify precisely the types of documents they believe were responsive to jurisdictional issues, Defendants used their own reasonable search terms to identify documents related to Defendants' contacts with Florida. "Given the requirements of Rule 11, it should not be surprising that the scope of a plaintiff's jurisdictional discovery has limits. A plaintiff is foreclosed from pursuing jurisdictional discovery in an attempt to marshal facts that he 'should have had – but did not – before coming through the courthouse doors.'" *In re Zantac (Ranitidine) Products Liability Litigation*, 2020 WL 6907056 at * 2 (S.D. Fla. Nov. 24, 2020) (quoting *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007); *see also Yepez v. Regent Seven Seas Cruises, et al.*, No. 10-23920-CIV, 2011 WL 3439943 at *1-*2 (S.D. Fla. Aug. 5, 2011) (declining to permit jurisdictional discovery where defendant asserted it did not do business in Florida, have a registered agent in Florida, commit any tort in Florida, or enter into any contracts in Florida, reasoning that "[t]he failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute."). Further, "[i]n order to justify jurisdictional discovery, the disputed facts must be material to the jurisdictional inquiry." *In re Zantac*, 2020 WL 6907056 at *2. Here, Plaintiffs challenged the accuracy of Mr. Cuban's truthful statements from his declaration that he had only met Mr. Ehrlich twice in Dallas and that he did not discuss Voyager during trips to Florida. ECF No. 41-2 ¶¶ 6, 8; *see, e.g.*, December 20, 2022 Hearing Tr. at 12:12-13:1. While Defendants' January 3, 2023 jurisdictional production provided documents responsive to both of these issues, by contrast you did not provide documents in accordance with your discovery obligations.

In any event, while we believe that the types of documents you now request relate to merits, not jurisdictional issues, we intend in our forthcoming rolling productions of documents to comply with Magistrate Reid's January 9, 2023 order.

In compliance with Judge Reid's instructions at the January 6, 2023 hearing—and as we have repeatedly stated to you via email—we will commence rolling document productions on January 13, 2023. Your assertion that all merits production is due by January 13, 2023 is simply incorrect. At no point during the January 6, 2023 hearing did Judge Reid order that all merits discovery was to be completed by January 13, 2023. Instead, Judge Reid's instructions during the January 6, 2023 hearing confirmed her prior directive that "***January 13th is the date for rolling production to commence***" (December 20, 2022 Hearing Tr. 64:12-13) (emphasis added). During the January 6, 2023 hearing, we repeatedly confirmed that we would commence rolling productions on merits issues starting January 13, 2023. *See* January 6, 2023 Hearing Tr. at 94:21-25; 31:9-20; 97:17-98:3; 101:7-12. Judge Reid understood and confirmed that Defendants' rolling productions were to *commence* by January 13, not be completed by January 13:

> MR. WISSNER-GROSS: Your Honor, we respectfully submit that ***we are happy to prioritize the production, the rolling production to focus on documents***, for example, on the press conference --
>
> THE COURT: Good.

January 6, 2023 Hearing Tr. at 100:11-15 (emphasis added). If not clear enough, Judge Reid again confirmed her understanding that rolling productions were to commence on January 13, 2023 later in the hearing:

> THE COURT: . . . As I understand it, you are going to prioritize any document discovery for [Mr. Tapply and Mr. Mackey] ***before the end of January*** and then go back to them and get a date prior to the 24th of February for their deposition.
>
> MR. WISSNER-GROSS: ***On a rolling basis, as I said***. We explained to you the process we are going through.
>
> We spent a lot of time and effort. They can minimize as they want. We did produce a lot of documents on jurisdiction. The fact that it doesn't show what they want it to show, and it's confirmatory exactly what is in the declaration, doesn't mean that we haven't done a lot of work to produce everything.
>
> THE COURT: ***I appreciate that***.
>
> MR. WISSNER-GROSS: We hear you, your Honor. So I will go back and we will speak internally.
>
> THE COURT: ***I appreciate that. OK. So we have resolved that***.

January 6, 2023 Hearing Tr. at 102:18-103:9 (emphasis added). If Plaintiffs disagreed with Judge Reid's direction that such rolling productions should commence on January 13, 2023, they should have made their disagreement known at the hearing.

Pursuant to Judge Reid's order, we will prioritize documents related to Mr. Mackey and Mr. Tapply to ensure that production of documents "as to these two individuals" is complete "by the end of January 2023." ECF No. 77 ¶ 5.[1] Judge Altman's deadline for the completion of discovery is July 5, 2023, and Judge Reid has not altered that deadline. *See* ECF No. 58 at 2.

As to your bizarre request regarding non-party *Voyager's* alleged post-bankruptcy scheme with non-party FTX, as you know, we are not in possession of Voyager's post-bankruptcy correspondence with FTX or Voyager's internal communications.

## III. Plaintiffs' Document Production

We expect your forthcoming production will rectify the inadequacies of your prior rolling document productions, as set forth in detail in our January 2, 2023 letter. Judge Reid's January 9, 2023 order makes clear that "Plaintiffs shall produce outstanding discovery requested in Defendants' First Omnibus Request for Production. Specially, Plaintiffs must produce outstanding discovery relating to Plaintiffs' Voyager accounts and trading and financial information related to those Voyager accounts by the close of business January 13, 2023." ECF No. 77 ¶ 4. Further, Judge Reid made clear during the January 9, 2023 hearing that documents related to Plaintiffs' other cryptocurrency investments (*see* Defendants' First Omnibus Request for Production Request No. 12) are relevant:

> THE COURT: . . . As far as cryptocurrency investments, if they are asking simply where the cryptocurrency came from for them to make the trade into Voyager, ***I do think that***

---

[1] It is worth emphasizing that Judge Reid's order regarding production of materials related to Mr. Mackey and Mr. Tapply by the end of January 2023 is facially inconsistent with your incorrect assertion that all merits discovery is due by January 13, 2023.




> ***would be relevant for purposes of showing that they do have some sophistication in the cryptocurrency market and they were moving from one cryptocurrency market or platform, essentially, to anothe***r.
>
> MR. MOSKOWITZ: Your Honor, I think I have --
>
> MR. BUSHMAN: We will agree to produce.
>
> MR. MOSKOWITZ: I think I have a resolution.
>
> MR. BUSHMAN: ***We will agree to produce*** --

January 6, 2023 Hearing Tr. at 82:4-14 (emphasis added).

Accordingly, Plaintiffs must provide documents reflecting all trading activity and the dates of account opening for each Plaintiff's accounts. If a Plaintiff opened more than one Voyager account, we must have records of all such accounts. Pursuant to Judge Reid's order, Plaintiffs' supplemental productions must include:

1. Detailed trading (buy/sell) and funding (deposit/withdrawal) data for each Plaintiff, from the date Plaintiff opened an account to the present.

2. Historical Voyager app portfolio balances.

3. All cryptocurrency accounts, other than those on the Voyager Platform (as defined in the Requests), including wallet addresses, see Request No. 10.[2]

4. All documents relating to any cases where any plaintiff has been either a plaintiff or defendant, including all civil cases and all criminal cases.

We look forward to your supplemental production and reserve all rights regarding its adequacy.

My clients otherwise reserve all rights.

Regards,

<u>*s/ Sigmund S. Wissner-Gross*</u>

Sigmund S. Wissner-Gross

CC:
All Counsel

---

[2] As Judge Reid ruled that Plaintiffs are not obligated to produce "documents relating to any investment accounts with any brokerage firm, person, or entity" (*see* ECF No. 77 ¶ 4 (referencing Request No. 12)), Defendants hereby withdraw that request. This withdrawal, and Judge Reid's January 6, 2023 order, do not nullify Plaintiffs' obligations to produce documents responsive to any other request, including but not limited to documents related to Plaintiffs' other cryptocurrency accounts (Request No. 10) and documents relating to advice received concerning Plaintiffs' trading in cryptocurrency assets (Request No. 11).