# Exhibit O

| | |
|---|---|
| **From:** | Adam Moskowitz <Adam@moskowitz-law.com> |
| **Sent:** | Tuesday, December 27, 2022 2:31 PM |
| **To:** | Wissner-Gross, Sigmund S.; Rejane Passos; atifford@fowler-white.com; aherazo@fowler-white.com; rshindler@fowler-white.com; cknight@fowler-white.com; golivares@fowler-white.com; egalicia@fowler-white.com; sabreu@fowler-white.com; Meyers, Jessica N.; Wolkinson, Rachel O.; Best, Stephen A.; Kerns, Daniel F. |
| **Cc:** | Joseph Kaye; Barbara C. Lewis; Howard Bushman; dboies@bsfllp.com; aboies@bsfllp.com; lcarlsen@bsfllp.com; szack@bsfllp.com; balexander@bsfllp.com; Cwashenko@BSFLLP.com; mayala@bsfllp.com; ashaw@bsfllp.com; José Ferrer |
| **Subject:** | RE: SERVICE OF COURT DOCUMENT - Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al |
| **Attachments:** | Robertson v. Cuban Proposed Order Scheduling Mediation.docx; Robertson v. Cuban Notice of Selection of Mediator.docx; Robertson v. Cuban - Subpoena for Deposition Gronkowski.pdf; Robertson v. Cuban - Subpoena for Deposition Duces Tecum of Sullivan and Cromwell - Exhibit A.docx; Proposed Order on Stipulation to Extend Deadlines to Oppose MTD or Amend Complaint.docx; Stipulation to Extend Deadlines to Oppose MTD or Amend Complaint.docx |

---

**CAUTION: External E-mail. Use caution accessing links or attachments.**

---

Thanks Sig.  I hope you and your team are having a great holiday season.

**First,** and most pressing, is a deadline that is **today**, but we still have not heard anything from you and/or Chris.  During our hearing with Magistrate Judge Reid last week, Chris told us and the Court, that you were going to contact Mediator Mr. Rodney Max, so that you could reserve confirmed date this summer and file the Notice of Mediation by the deadline this week.  We have not heard back from you, so I spoke to Rodney Max, who told me that he already reserved for Chris Knight 6 dates in August (2 sets of dates to pick from) in August to put in the Notice, August 15, 16, 17 or August 22, 23, 24, (because Chris wanted the middle of the week). We simply picked August 15, 16 or 17, and attach a proposed Notice of Mediator Selection with Proposed Order in this regard. Please confirm no objection by 4:00pm EST today, so we can make sure it gets filed today by the Court ordered deadline.

**Second,** we think it makes sense to discuss all of the pending discovery issues all at once, so we can make sure we are on the same page, have all of the planning confirmed and see if we need to get any clarification and/or help from Judge Reid.  We can jump on a Zoom call on this Thursday (let us know a good time) if we need to discuss anything in person.

1.    You will provide to us by this Friday at noon with 2 confirmed dates (we will pick one) between February 1st and 10th to depose Defendant Mark Cuban, in full (with no restrictions, as your motion to stay was denied) and for the full amount of time provided by the federal rules.  We are going to take his deposition live, so please let us know the best location to set the deposition.

2.    You will provide to us by this Friday at noon 2 confirmed dates between January 16th and 31st for Ryan Mackey (Senior Vice President of Corporate Partnerships for the Mavericks) and Kyle Tapply (Senior Director of Corporate Partnerships for the Mavericks), who you identified in your interrogatory responses that had personal knowledge of the Mavericks/Voyager Partnership.  We may also take these depositions in person (and/or by Zoom), so please let us know the best location to set them.  We will certainly see later if we need the other people you identified in your interrogatory.

3.    You will produce to us all of your responsive discovery materials by January 3rd, that relates to "jurisdictional issues" and you will produce all other responsive discovery materials by January 13th.  You will use your best efforts, as required by the federal rules, to provide all of the responsive discovery. Please make sure to specifically include any and all of the information/documents regarding: (a) Mr. Cuban's Voyager account (and/or his family or related parties), including any and all shares and/or interests in Voyager stock and/or tokens, cryptocurrency and/or securities on the Voyager platform (whether purchased and/or provided), (b) his due diligence relating to Voyager, including specifically if the Earn Program Accounts were considered as "securities," and (3) any and all Voyager Agreements.

4.    We will provide to you by this Friday at noon confirmed dates for three of our named plaintiffs that are Florida residents, Pierce Robertson, Rachel Gold, and Sanford Gold (we will let you know if we will be adding any additional Florida residents and plaintiffs and will thus make them available for deposition).  You request to take them here in Miami in person and we will do our best to accommodate your requests.  We will work on making other named plaintiffs available for Zoom depositions in February and March.

5.    We provided you all of our discovery responses as per the federal rules on December 22nd, the initial deadline to respond to the requests with no extensions.  We are glad to set a meet and confer to discuss those requests, after you have the opportunity to review all of those responses.  We will also provide any and all responsive materials as we indicated in those responses.

6.    Joint Motion:  As we agreed on the hearing with Judge Reid, In the attached draft Stipulation and proposed Order, we explain to Judge Altman that we already conducted our extensive discovery hearing with Magistrate Judge Reid and we all agreed on a revised discovery schedule, in that Judge Altman denied the Motion to Stay.  We agreed to complete Mr. Cuban's full deposition and all of the jurisdictional discovery, prior to Plaintiffs filing a Response to the Motion to Dismiss or a Motion for Leave to Amend the Complaint, so we hereby respectfully request the Court extend the deadlines to February 24th, when we agreed on the record before Magistrate Judge Reid that we would be jointly moving to extend the deadline for Plaintiffs to either oppose the motion to dismiss or to move for leave to amend the complaint.  Let us know any thoughts/edits by tomorrow, so we can get that on file tomorrow.

7.    In addition to Stephen Ehrlich's confirmed deposition, currently scheduled for January 25th in Stamford, attached are subpoenas for deposition duces tecum to Robert Gronkowski and Corporate Representative(s) of Sullivan + Cromwell, who we will also be deposing in the second half of January. As with Mr. Ehrlich's deposition, to the extent travel is difficult for anyone, we will make these depositions available via Zoom as well.

Thanks again, Adam

Adam M. Moskowitz
The Moskowitz Law Firm
2 Alhambra Plaza
Suite 601
Coral Gables, Fl 33134
305.740.1423 main
786.309.9561 direct
adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>
www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

---

**From:** Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com>
**Sent:** Monday, December 26, 2022 12:01 PM
**To:** Rejane Passos <rejane@moskowitz-law.com>; atifford@fowler-white.com; aherazo@fowler-white.com; rshindler@fowler-white.com; cknight@fowler-white.com; golivares@fowler-white.com; egalicia@fowler-white.com;

sabreu@fowler-white.com; Meyers, Jessica N. <JMeyers@brownrudnick.com>; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; Best, Stephen A. <SBest@brownrudnick.com>; Kerns, Daniel F. <DKerns@brownrudnick.com>
**Cc:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; dboies@bsfllp.com; aboies@bsfllp.com; lcarlsen@bsfllp.com; szack@bsfllp.com; balexander@bsfllp.com; Cwashenko@BSFLLP.com; mayala@bsfllp.com; ashaw@bsfllp.com
**Subject:** Re: SERVICE OF COURT DOCUMENT - Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al


Adam, we hope you and your co-counsel have had a pleasant holiday weekend.

Please let us know by noon tomorrow as to the following:


1. Will Plaintiffs be producing all the non-privileged documents we have requested by COB this Friday, Dec. 30. If not, and if you plan to continue to maintain the same objections that are addressed in my Dec. 23 email, please let us know when you and/or your co-counsel are available for a meet and confer on Wednesday or Thursday of this week.  If we cannot resolve this issue, we need to promptly bring it to the Magistrate's attention.
2. Our request that you provide proof of the certification(s) regarding return or destruction of documents required under the PO in the Voyager Adversary Proceeding against your clients.
3. Dates in early or mid-January that Pierce Robertson, Rachel Gold and Sanford Gold are available to be deposed in person at Fowler White's offices in Miami. We'd ask that you also provide us by the end of this week with proposed deposition dates for the balance of the named Plaintiffs, per the Magistrate's guidance on timing on this issue.


Regards,

Sig

Sigmund S. Wissner-Gross
Counselor at Law

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212-209-4930
F: 212-938-2804
C: 516-729-9726
swissnergross@brownrudnick.com
www.brownrudnick.com

---

**From:** Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com>
**Sent:** Friday, December 23, 2022 10:17 AM
**To:** Rejane Passos <rejane@moskowitz-law.com>; atifford@fowler-white.com <atifford@fowler-white.com>; aherazo@fowler-white.com <aherazo@fowler-white.com>; rshindler@fowler-white.com <rshindler@fowler-white.com>; cknight@fowler-white.com <cknight@fowler-white.com>; golivares@fowler-white.com <golivares@fowler-white.com>; egalicia@fowler-white.com <egalicia@fowler-white.com>; sabreu@fowler-white.com

<sabreu@fowler-white.com>; Meyers, Jessica N. <JMeyers@brownrudnick.com>; Wolkinson, Rachel O.
<RWolkinson@brownrudnick.com>; Best, Stephen A. <SBest@brownrudnick.com>; Kerns, Daniel F.
<DKerns@brownrudnick.com>
**Cc:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis
<barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; dboies@bsfllp.com
<dboies@bsfllp.com>; aboies@bsfllp.com <aboies@bsfllp.com>; lcarlsen@bsfllp.com <lcarlsen@bsfllp.com>;
szack@bsfllp.com <szack@bsfllp.com>; balexander@bsfllp.com <balexander@bsfllp.com>; Cwashenko@BSFLLP.com
<Cwashenko@BSFLLP.com>; mayala@bsfllp.com <mayala@bsfllp.com>; ashaw@bsfllp.com <ashaw@bsfllp.com>
**Subject:** Re: SERVICE OF COURT DOCUMENT - Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al

Adam, thank you for serving "Plaintiffs' Omnibus Response to Defendants' First Omnibus Requests for
Production to Plaintiffs."

Can you confirm by COB today when Plaintiffs will be producing the documents they have committed to
produce pursuant to Plaintiffs' Omnibus Response?  We would request that all such documents be produced
no later than COB on December 30, 2022. As you will recall, the Magistrate Judge indicated during our recent
hearing that she expected the Plaintiffs' documents to be promptly produced upon the response deadline,
which was December 22 for the document requests directed to Plaintiffs.

As for the objections asserted in the Plaintiffs' Omnibus Response, please advise when you are available next
week (after the  holiday weekend) for a meet and confer to discuss your objections. A number of them, on
their face, appear frivolous, and we do hope that you will withdraw various objections.  By way of illustration,
you object to Request 10 and Request 12 based on a claim that the requests seek "confidential information,"
but the Magistrate Judge already has entered a Protective Order in the case providing for confidential (or
highly confidential) treatment of precisely such information.  Furthermore, your boilerplate objections to
producing documents relating to any cryptocurrency or other investment accounts other than any Voyager
accounts makes no sense at all, and is basic information that any named plaintiff in a similar case should be
expected to produce.  At a minimum, we would ask you to withdraw the foregoing objections and produce
next week all the documents sought in Requests 10-12 as well.  If we can't resolve our dispute with respect to
these and any other boilerplate and we think improper objections, we will seek prompt relief from the
Magistrate Judge in accordance with her procedures.

Finally, we note that under the terms of Section 14 of the Confidentiality Stipulation and Protective Order in
the Voyager v. Robertson Adversary Proceeding, you were required to "certify" to Debtors that you have
either returned all copies of documents provided (including summaries and excerpts) or destroyed such
materials. You were required to do so within 60 days of conclusion of the Adversary Proceeding.  That 60 day
period has elapsed.  Please provide to us by COB today a copy of the certification you provided to
Debtors.  We also request that you provide to us by COB today any similar certification provided to Debtors by
any of your co-counsel or any other parties that you may have shared a copy of such materials with. As you
are aware, a copy of the Sponsorship Agreement was provided to you in the Adversary Proceeding without
the Mavericks' prior knowledge or consent.  Putting aside for the moment whether you obtained a copy of the
Sponsorship Agreement at a time when its use was restricted to an AEO basis, under the Adversary
Proceeding Protective Order, you were required to certify to Debtors by now as to your compliance with the
return or destruction of the materials that you obtained from Debtors. Please provide us with a copy of such
certification(s) by COB today.


Thanks, and have a pleasant holiday weekend.

Regards,

Sig

Sigmund S. Wissner-Gross
Counselor at Law

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212-209-4930
F: 212-938-2804
C: 516-729-9726
swissnergross@brownrudnick.com
www.brownrudnick.com

---

**From:** Rejane Passos <rejane@moskowitz-law.com>
**Sent:** Thursday, December 22, 2022 9:14 PM
**To:** atifford@fowler-white.com <atifford@fowler-white.com>; aherazo@fowler-white.com <aherazo@fowler-white.com>; rshindler@fowler-white.com <rshindler@fowler-white.com>; cknight@fowler-white.com <cknight@fowler-white.com>; golivares@fowler-white.com <golivares@fowler-white.com>; egalicia@fowler-white.com <egalicia@fowler-white.com>; sabreu@fowler-white.com <sabreu@fowler-white.com>; Meyers, Jessica N. <JMeyers@brownrudnick.com>; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com>; Best, Stephen A. <SBest@brownrudnick.com>; Kerns, Daniel F. <DKerns@brownrudnick.com>
**Cc:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; dboies@bsfllp.com <dboies@bsfllp.com>; aboies@bsfllp.com <aboies@bsfllp.com>; lcarlsen@bsfllp.com <lcarlsen@bsfllp.com>; szack@bsfllp.com <szack@bsfllp.com>; balexander@bsfllp.com <balexander@bsfllp.com>; Cwashenko@BSFLLP.com <Cwashenko@BSFLLP.com>; mayala@bsfllp.com <mayala@bsfllp.com>; ashaw@bsfllp.com <ashaw@bsfllp.com>; Rejane Passos <rejane@moskowitz-law.com>
**Subject:** SERVICE OF COURT DOCUMENT - Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al

**CAUTION:** External E-mail. Use caution accessing links or attachments.

| COURT: | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA |
|---|---|
| CASE NO.: | 1:22-cv-22538-RKA |
| PLAINTIFF(s): | PIERCE ROBERTSON et al, on behalf of himself and others similarly situated, |
| DEFENDANT(s): | MARK CUBAN and DALLAS BASKETBALL LIMITED, d/b/a Dallas Mavericks |
| DOCUMENT(s): | 1. **PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' FIRST OMNIBUS PRODUCTION TO PLAINTIFFS** |
| SENDER(s): | Adam M. Moskowitz, Esq. Joseph M. Kaye, Esq. |

|                    | Barbara C. Lewis, Esq. |
|--------------------|------------------------|
| TELEPHONE NO.:     | (305) 740-1423         |

Rejane Passos
Paralegal
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
**For Hand Deliveries Use:**
251 Valencia Ave. #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9572
http://www.moskowitz-law.com

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time consuming and costly. We have not made and have not been asked to make that type of analysis in connection with any advice given in this e-mail. As a result, we are required to advise you that any Federal tax advice rendered in this e-mail is not intended or written to be used and cannot be used for the purpose of avoiding penalties that may be imposed by the IRS.

*********************************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

*********************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 22-CV-22538-ALTMAN/REID**

PIERCE ROBERTSON, *et al.*,

      Plaintiffs,

v.

MARK CUBAN, *et al.*,

      Defendants.

_____ /

**ORDER SCHEDULING MEDIATION**

      **THIS MATTER** came before the Court on the Parties' Joint Notice of Selection of Mediator [ECF No. __], and the Court having considered the Joint Notice and otherwise being duly advised in the premises it is:

      **ORDERED** as follows:

      1.     The Parties shall mediate this action before Rodney Andrew Max, Esq., on August 15, 16, or 17, 2023, at 10:00am EST, in person at One Biscayne Tower, 2 Biscayne Blvd # 2030, Miami, FL 33131, and/or by Zoom.

      **DONE AND ORDERED** in Miami, Florida this _____ day of December 2022.

_____
ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA MIAMI DIVISION

CASE NO.: 22-cv-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.*, on
behalf of himself and others similarly
situated,

       Plaintiffs,

v.

MARK CUBAN, *et al.*,

       Defendants.

_____/

## JOINT NOTICE OF SELECTION OF MEDIATOR

Plaintiffs, PIERCE ROBERTSON, et al. ("Plaintiffs"), and Defendants, MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS, ("Defendants") (Defendants together with Plaintiff, the "Parties"), jointly inform the Court that, in accordance with the Court's Order of Referral to Mediation [ECF No. 58], the Parties have agreed to select Rodney Andrew Max, Esq., to mediate this action on **August 15, 16, or 17, 2023, at 10:00am EST, in person at One Biscayne Tower, 2 Biscayne Blvd # 2030, Miami, FL 33131, and/or by Zoom**. A proposed Order accompanies this Notice as **Exhibit A**.

Dated: January 5, 2023                   Respectfully submitted,

| | |
|---|---|
| By: */s/ Adam Moskowitz* | By: */s/ Christopher E. Knight* |
| Adam M. Moskowitz | Christopher E. Knight |
| Florida Bar No. 984280 | Florida Bar No. 607363 |
| adam@moskowitz-law.com | cknight@fowler-white.com |
| Joseph M. Kaye | **FOWLER WHITE BURNETT, P.A.** |
| Florida Bar No. 117520 | Brickell Arch, Fourteenth Floor |
| joseph@moskowitz-law.com | 1395 Brickell Avenue |
| Barbara C. Lewis | Miami, FL 33131 |
| barbara@moskowitz-law.com | Telephone: (305) 789-9200 |
| Florida Bar No. 118114 | Facsimile: (305) 789-9201 |
| **THE MOSKOWITZ LAW FIRM, PLLC** | |
| 2 Alhambra Plaza, Suite 601 | Stephen A. Best (*pro hac vice*) |
| Coral Gables, FL 33134 | sbest@brownrudnick.com |
| Telephone: (305) 740-1423 | Rachel O. Wolkinson (*pro hac vice*) |
| | rwolkinson@brownrudnick.com |

| | |
|---|---|
| *By: /s/ David Boies* | **Brown Rudnick LLP** |
| David Boies | 601 Thirteenth Street NW Suite 600 |
| (Admitted Pro Hac Vice) | Washington, DC 20005 |
| **BOIES SCHILLER FLEXNER LLP** | Telephone: (202) 536-1737 |
| 333 Main Street | |
| Armonk, NY 10504 | |
| Phone: (914) 749–8200 | Sigmund Wissner-Gross (*pro hac vice*) |
| dboies@bsfllp.com | swissner-gross@brownrudnick.com |
| | Jessica N. Meyers (*pro hac vice* ) |
| *By: /s/ Stephen Neal Zack* | jmeyers@brownrudnick.com |
| Stephen Neal Zack | **Brown Rudnick LLP** |
| Florida Bar No. 145215 | Seven Times Square |
| Hon. Ursula Ungaro (Ret.) | New York, NY 10036 |
| Florida Bar No. 200883 | Telephone: (212) 209-4800 |
| **BOIES SCHILLER FLEXNER LLP** | |
| 100 SE 2nd St., Suite 2800 | |
| Miami, FL 33131 | *Counsel for Defendants* |
| Office: 305-539-8400 | |
| szack@bsfllp.com | |
| uungaro@bsfllp.com | |
| | |
| *Co-Counsel for Plaintiffs and the Class* | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed January 5, 2023 through the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PIERCE ROBERTSON et al, on behalf of himself an | ) |
| *Plaintiff* | ) |
| v. | ) |
| MARK CUBAN and DALLAS BASKETBALL | ) |
| LIMITED, d/b/a Dallas Mavericks, et al | ) |
| *Defendant* | ) |

Civil Action No.   22-cv-22538-ALTMAN/Reid

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          ROBERT JAMES GRONKOWSKI
7 CONGDON CIR, FOXBORO, MASSACHUSETTS 02035

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| | |
|---|---|
| Place:  ZOOM VIDEOCONFERENCE (contact Counsel for Details) | Date and Time:<br>01/19/2023 10:00 am |

The deposition will be recorded by this method:    VIDEOTAPE AND COURT REPORTER

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: All Documents or Communications regarding or relating to your agreement with Voyager Digital LTD or Voyager Digital LLC as referenced in this September 8, 2021 PR Newswire Announcement: https://www.prnewswire.com/news-releases/voyager-digital-partners-with-football-star-rob-gronkowski -to-expand-crypto-platform--support-gronk-nation-301370901.html

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/21/2022

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ | | /s/Adam M. Moskowitz |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   PLAINTIFFS
_____ , who issues or requests this subpoena, are:
adam@moskowitz-law.com, joseph@moskowitz-law.com, barbara@moskowitz-law.com, rejane@moskowitz-law.com, dboies@bsfllp.com, szack@bsfllp.com, lcarlsen@bsfllp.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  22-cv-22538-ALTMAN/Reid

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## I. <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Sullivan & Cromwell," "S&C," "You," or "Your" means Sullivan & Cromwell LLP, any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.      "FTX Entities" means FTX Trading LTD d/b/a FTX ("FTX Trading") and West Realm Shires Services Inc. d/b/a FTX US ("FTX US"), and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "Voyager Entities" means Voyager Digital LTD and Voyager Digital LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "Voyager Platform" refers to the Voyager Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

6.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

7.      "EPAs" refers to the interest-bearing Earn Program Accounts offered by the Voyager Entities on the Voyager Platform

8.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

9.       "VGX" refers to the native cryptocurrency exchange token of the Voyager Platform ecosystem.

10.      "Contracts and Agreements" is intended to and shall embrace and include all documents, forms, deeds, leases, memorandums of understanding, electronic correspondence, emails, letters and text messages that define rights and responsibilities between You and any related entity, or You and any other entity affiliated in any way with the promotion, marketing, sale, and servicing of Voyager's mobile application cryptocurrency trading/investment platform.

11.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

12.      "Communication(s)" means any mode or method of contact for the transmission, dissemination, request for, or receipt of information of any kind including thoughts, mental impressions, ideas, suggestions, etc., conveyed in any format, and by any means or medium whatsoever. This shall include, but shall not be limited to, all statements, admissions, denials,

inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, voice messages, letters, correspondence, notes, telegrams, telexes, emails, advertisements, or any other form of written or verbal intercourse. The requests include communication to, from, or within a corporate entity or organization and include any and all communications by, between, and among its representatives, employees, agents, advisors, brokers, or attorneys (except when privileged).

13.     The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information which might otherwise be construed as to be outside the scope of these discovery requests.

14.     "Relating to," "relate to," "regarding," or "reflecting" means in any way directly or indirectly concerning, referring to, disclosing, describing, confirming, supporting, evidencing, representing, clarifying, evidencing, supporting, or contradicting.

15.     "Support" means referring to, concerning, responding to, reflecting, indicating, commenting on, regarding, discussing, showing, evidencing, describing, implying, analyzing or consulting.

16.     "Identify:" When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.  In all other aspects, "Identify" means to describe, explain, depict, and/or provide details of the information requested.

17.     "Support" means referring to, concerning, responding to, reflecting, indicating, commenting on, regarding, discussing, showing, evidencing, describing, implying, analyzing, or consulting.

18.     "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

19.     Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

## II. <u>DEPOSITION SUBJECTS</u>

Pursuant to Rule 30(b)(6), S&C shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1.      All Documents or Communications between You and any representatives of the FTX Entities or Voyager Entities regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

2.      All Documents or Communications between You and any federal or state entity regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

3.      All Documents or Communications between You and any investor, consumer, or member of the public regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

4.      All Documents or Communications between You and any Brand Ambassador of FTX or Voyager regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act, as well as whether any Brand

Ambassador was required to be a registered broker/dealer or possess a securities license to promote any of the foregoing offerings.

5.      All documents authored by You, including but not limited to legal memorandums, white papers, electronic correspondence, and letters to third parties, regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

**EXHIBIT B**

**DOCUMENTS TO BE PRODUCED**

1.      All Documents or Communications between You and any representatives of the FTX Entities or Voyager Entities regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

2.      All Documents or Communications between You and any federal or state entity regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

3.      All Documents or Communications between You and any investor, consumer, or member of the public regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

4.      All Documents or Communications between You and any Brand Ambassador of FTX or Voyager regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act, as well as whether any Brand Ambassador was required to be a registered broker/dealer or possess a securities license to promote any of the foregoing offerings.

5.      All documents authored by You, including but not limited to legal memorandums, white papers, electronic correspondence, and letters to third parties, regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 22-CV-22538-ALTMAN/REID**

PIERCE ROBERTSON, *et al.*,

     Plaintiffs,

v.

MARK CUBAN, *et al.*,

     Defendants.

_____ /

**ORDER GRANTING STIPULATION TO EXTEND THE DEADLINES FOR
PLAINTIFFS TO OPPOSE DEFENDANTS' MOTION TO DISMISS OR TO MOVE
FOR LEAVE TO AMEND THE COMPLAINT PROTECTIVE ORDER FROM
*CASSIDY V. VOYAGER DIGITAL, ET AL.*

**THIS MATTER** came before the Court on the Parties' Stipulation to Extend the Deadlines for Plaintiffs to Oppose Defendants' Motion to Dismiss or to Move for Leave to Amend the Complaint [ECF No. __], and the Court having considered the Stipulation and otherwise being duly advised in the premises it is:

     **ORDERED** as follows:

     1.     Plaintiffs shall have until Friday, February 24, 2023, to either file an Opposition to Defendants' Motion to Dismiss, [ECF No. 41], or a Motion for Leave to File an Amended Complaint.

     **DONE AND ORDERED** in Miami, Florida this _____ day of December 2022.

_____
ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA MIAMI DIVISION

CASE NO.: 22-cv-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.*, on
behalf of himself and others similarly
situated,

      Plaintiffs,

v.

MARK CUBAN, *et al.*,

      Defendants.

_____/

**STIPULATION TO EXTEND THE DEADLINES FOR
PLAINTIFFS TO OPPOSE DEFENDANTS' MOTION TO DISMISS OR TO MOVE
FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiffs, PIERCE ROBERTSON, et al. ("Plaintiffs"), and Defendants, MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS, ("Defendants") (Defendants together with Plaintiff, the "Parties"), submit this Stipulation to Extend the Deadlines for Plaintiffs to Oppose Defendants' Motion to Dismiss or to Move for Leave to Amend the Complaint as follows:

1.      On November 18, 2022, the Court entered its Order denying Defendants' motion to stay all discovery pending their motion to dismiss. ECF No. 45.

2.      The same day, the Parties filed their Joint Scheduling Report. ECF No. 46.

3.      Plaintiffs then filed their Motion for Brief Extension of Time and Page Limits to Respond to Defendants' Motion to Dismiss, ECF No. 48, seeking an extension of time to take jurisdictional discovery in order to test the statements made in the Defendants' declarations attached to their Motion to Dismiss in support of their arguments that the Court lacks personal jurisdiction over the Defendants.

4.      On December 7, 2022, the Court entered its Scheduling Order, ECF No. 58, and an Order granting Plaintiffs' request in part, ECF No. 59. Together, these orders gave Plaintiffs until January 3, 2023, to file their Opposition to Defendants' Motion to Dismiss and until January 24, 2023,

to file all motions to amend pleadings or to join parties. The Scheduling Order further states that "The parties may, by agreement or with the consent of [Magistrate Judge Reid], extend any deadline relating to fact or expert discovery so long as that extension does not interfere with any of the other deadlines contained in this Scheduling Order." ECF No. 58 at 2. The Order on Plaintiffs' Motion further directed Plaintiffs to raise any of their discovery issues, including to compel jurisdictional discovery, responses to Plaintiffs' discovery requests to Defendants, and entry of a confidentiality order governing discovery, with Magistrate Judge Reid. ECF No. 59.

5.      On December 20, 2022, Magistrate Judge Reid held an extensive Discovery Hearing where she heard argument on all of the Parties' present discovery disputes. As a result of that hearing, Magistrate Judge Reid made the following rulings:

a.   Magistrate Judge Reid would enter a protective order governing treatment of confidential and highly confidential information produced in discovery;

b.   Defendants shall produce all documents regarding Defendants' contacts with the State of Florida on or before January 3, 2023;

c.   Defendants shall produce all documents and responses to Plaintiffs' discovery requests (served November 7, 2023) on or before January 13, 2023;

d.   Plaintiffs shall respond to Defendants' Discovery Requests by their current due date, December 22, 2022;

e.   Defendant Mark Cuban shall be made available for deposition on a mutually agreeable date between February 1, 2023, and February 10, 2023;

f.    The depositions of Ryan Mackey (Senior Vice President of Corporate Partnerships for the Mavericks), Kyle Tapply (Senior Director of Corporate Partnerships for the Mavericks), and the Florida resident Plaintiffs/Putative Class Representatives, shall take place on mutually convenient dates and locations (including by Zoom) between January 16, 2023, and January 31, 2023.

6.      In light of the foregoing rulings and agreements, and in accordance with the Court's Scheduling Order, the Parties agreed on the record before Magistrate Judge Reid that they would jointly file this Stipulation seeking an Order from this Court extending the deadlines for Plaintiffs to either file an Opposition to Defendants' Motion to Dismiss, [ECF No. 41], or a Motion for Leave to File an Amended Complaint by on or before Friday, February 24, 2022.

7.      This joint request is being made in good faith and not for the purposes of delay.

## CONCLUSION

The Parties respectfully request the Court enter an Order extending the deadlines for Plaintiffs to either file an Opposition to Defendants' Motion to Dismiss, [ECF No. 41], or a Motion for Leave to File an Amended Complaint by on or before Friday, February 24, 2022. A proposed Order accompanies this request as **Exhibit A**.

Dated: November 21, 2022

| | |
|---|---|
| *By: /s/ Adam Moskowitz* | By: */s/ Christopher E. Knight* |
| Adam M. Moskowitz | Christopher E. Knight |
| Florida Bar No. 984280 | Florida Bar No. 607363 |
| adam@moskowitz-law.com | cknight@fowler-white.com |
| Joseph M. Kaye | **FOWLER WHITE BURNETT, P.A.** |
| Florida Bar No. 117520 | Brickell Arch, Fourteenth Floor |
| joseph@moskowitz-law.com | 1395 Brickell Avenue |
| Barbara C. Lewis | Miami, FL 33131 |
| barbara@moskowitz-law.com | Telephone: (305) 789-9200 |
| Florida Bar No. 118114 | Facsimile: (305) 789-9201 |
| **THE MOSKOWITZ LAW FIRM, PLLC** | |
| 2 Alhambra Plaza, Suite 601 | Stephen A. Best (*pro hac vice*) |
| Coral Gables, FL 33134 | sbest@brownrudnick.com |
| Telephone: (305) 740-1423 | Rachel O. Wolkinson (*pro hac vice*) |
| | rwolkinson@brownrudnick.com |
| *By: /s/ David Boies* | **Brown Rudnick LLP** |
| David Boies | 601 Thirteenth Street NW Suite 600 |
| (Admitted Pro Hac Vice) | Washington, DC 20005 |
| **BOIES SCHILLER FLEXNER LLP** | Telephone: (202) 536-1737 |
| 333 Main Street | |
| Armonk, NY 10504 | Sigmund Wissner-Gross (*pro hac vice*) |
| Phone: (914) 749–8200 | swissner-gross@brownrudnick.com |
| dboies@bsfllp.com | Jessica N. Meyers (*pro hac vice* ) |
| | jmeyers@brownrudnick.com |
| *By: /s/ Stephen Neal Zack* | **Brown Rudnick LLP** |
| Stephen Neal Zack | Seven Times Square |
| Florida Bar No. 145215 | New York, NY 10036 |
| **BOIES SCHILLER FLEXNER LLP** | Telephone: (212) 209-4800 |
| 100 SE 2nd St., Suite 2800 | |
| Miami, FL 33131 | |
| Office: 305-539-8400 | *Counsel for Defendants* |
| szack@bsfllp.com | |
| uungaro@bsfllp.com | |
| | |
| *Co-Counsel for Plaintiffs and the Class* | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on November 21, 2022, with the Court via the CM/ECF system, which will send notification of such filing to all attorneys of record.

By: *s/ Adam M. Moskowitz*
    ADAM M. MOSKOWITZ