UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA MIAMI DIVISION
CASE NO.: 22-cv-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.*, on
behalf of himself and others similarly
situated,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**PLAINTIFFS' BRIEF REPLY IN SUPPORT OF *EXPEDITED* MOTION TO SUBSTITUTE ADDITIONAL CLASS REPRESENTATIVES**

Nothing in this case has been easy. Even after the Court ruled that Plaintiffs have until February 24th to amend their Complaint, although *every* federal reported decision on adding and/or substituting class representatives allows such procedures even years into the litigation, both pre-[1] and post-certification and even just prior to trial, and even after Defendants already replaced their Counsel, they still somehow "oppose," or at least exploit the opportunity to make personal attacks, instead of just agreeing to this routine procedure.[2]

*First,* Defendants concede that they have no basis to oppose the substitution of Plaintiff Mr. Gold, given his recent severe medical issues with cancer. *See* ECF No. 82 at 2 ("Defendants have no objection to Mr. Gold withdrawing as a plaintiff in this case.").[3]

---

[1] *See, e.g., Hall, et al. v. Bank of America, et. al*, Case No. 1:12-cv-22700-FAM, ECF No. 233 (S.D. Fla. July 16, 2013) (granting motion to substitute class representatives pre-certification).

[2] Defendants know Undersigned Counsel represent hundreds of injured plaintiffs from across the country, including many in Florida, thus have no shortage of adding plaintiffs when requested.

[3] Plaintiffs filed this Motion on an expedited basis because Defendants indicated they would even refuse to allow Mr. Gold to be substituted out and would still attempt to force him to sit for deposition on January 24th, ignoring his dire medical situation. Rachel Gold is of course, still proceeding with her claim as a class representative Plaintiff, and will certainly explain when appropriate how Defendants are wrong, and that she has standing (like all of the other plaintiff representatives) to assert all of these uniform and certifiable claims.

*CASE NO.: 22-cv-22538-ALTMAN/REID*

**Second,** they admit that the decision whether to grant an Amended Complaint (that will not take place until February 24th, due solely to Defendants' discovery delays), is a decision squarely within this Court's discretion. *See id.* at 8.

Put simply, how could adding Class Plaintiffs Ms. Mayrand and Mr. Karnas now, and having them produce all their discovery and be available for deposition, be "improper"?

The main reason Plaintiffs' request *at this early stage* to join Ms. Mayrand and Mr. Karnas is to avoid Defendants' claim of prejudice if they were to be joined through an amended complaint on February 24th without Defendants having deposed them or reviewed their documents along with the other Florida-based Plaintiffs. This was made very clear to Magistrate Judge Reid.[4] Defendants wholly fail to dispute and refuse to acknowledge these two additional representatives are available for deposition on January 30th and 31st, and have even gone as far as "destroying" the responsive documents that Ms. Mayrand and Mr. Karnas produced. *See* Mot., Ex. C.

In a simple attempt at misdirection, and a repeat of their failed arguments to stay all discovery, Defendants argue (just weeks before Mr. Cuban and Mr. Ehrlich are finally set to be deposed): (1) the case should be immediately dismissed for lack of jurisdiction (illogically, prior to any hearing on any Motion to Dismiss), and (2) the Court should reconsider its denial of Defendants' motion to stay discovery, this time claiming that Plaintiffs seek an "end run" around the requirements of the PSLRA, based on another litigation against Voyager's executives in the Southern District of New York.

Defendants' position puts on full display their myopic view of the Complaint and erroneous misunderstanding of the law on jurisdiction. Their entire silly argument hinges on a distortion of a demonstrative statement Plaintiffs made in their motion, namely that "*Not only* will Plaintiffs show (at the appropriate hearing on a motion to dismiss) that *every named plaintiff has standing* to assert these claims on a class basis, *in the event* Plaintiffs amend the complaint to include additional allegations and claims, **such as a** federal securities claim for substantially participating in the offer or sale of unregistered securities, **like the one already included** in [their pending first case of] *Cassidy v. Voyager*

---

[4] *See, e.g.,* ECF No.82-7 at 8 ("We agreed at the hearing with Magistrate [Judge] Reid to start providing these dates in January (due to the holidays) for the existing Florida plaintiffs and those 2 (from just Florida) that we discussed and will be adding to all of the other class representatives by interlineation and/or in our first amended complaint. We are producing them now so that you have no prejudice").

*Digital, Ltd.*, No. 1:21-cv-24441, . . . the residence of any of our hundreds of injured Voyager clients will have absolutely no relevance to jurisdiction in this matter." Mot., at 3 (emphasis added).[5]

The Court has repeatedly ordered *all* Parties to submit all discovery—without limitation—in advance of the February 24th deadline. Until that discovery is completed (Plaintiffs are now required to bring to Magistrate Judge Reid a *third* Motion to Compel compliance with her discovery rulings), it is premature for Plaintiffs to state whether they are amending any of the claims in the Complaint (which could include any number of federal questions depending on the information obtained in discovery) or standing on the complaint and responding to the motion to dismiss. Plaintiffs are simply working to ensure that they comply with the Court's instruction and deadlines, including that the Florida-based Plaintiffs be prioritized for discovery in advance of that deadline.

Given that Defendants have fought so hard to pretend that Ms. Mayrand and Mr. Karnas do not exist, under the mistaken assumption that the Court *cannot* allow them to join, Plaintiffs respectfully request the Court disabuse Defendants of that erroneous belief, and simply rule that these 2 additional plaintiff representatives can now join this case, so Defendants cannot claim prejudice later.

## **CONCLUSION**

Plaintiffs respectfully request the Court grant this Motion and enter the proposed Order attached to the Motion as **Exhibit A**, or in such other form as the Court deems appropriate, substituting out Sanford Gold and joining Linda Mayrand and Dominik Karnas as additional putative class representatives, together with such other and further relief as the Court deems just, equitable, and proper.

---

[5] This is why to even raise this argument, Defendants needed to cut out the majority of the statement so that it fit their false narrative. *See* ECF No. 82 at 10 ("*See* Motion at 3 (intimating that Plaintiffs **will** amend complaint "to include additional allegations and claims, such as a federal securities claim")) (emphasis added).

3

*CASE NO.: 22-cv-22538-ALTMAN/REID*

Dated: January 18, 2023

Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Howard M. Bushman
Florida Bar No. 0364230
howard@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: */s/ David Boies*
David Boies
(Admitted *Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
uungaro@bsfllp.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on January 18, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ