IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 22-CV-22538-ALTMAN/REID**

PIERCE ROBERTSON, *et al.*,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**DEFENDANTS' NOTICE OF FILING
THE DECLARATION OF SIGMUND S. WISSNER-GROSS
IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER
VENUE TO THE NORTHERN DISTRICT OF TEXAS [D.E. 90]**

NOTICE IS HEREBY GIVEN that Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS, by and through undersigned counsel, hereby file the Declaration of Sigmund S. Wissner-Gross in Support of Defendants' Motion to Transfer Venue to the Northern District of Texas and Memorandum of Law in Support Thereof [D.E. 90].

    Respectfully submitted,

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:       (305) 789-9201

*-and-*

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@thehucklawfirm.com

THE HUCK LAW FIRM
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
Telecopier: (305) 441-8849

*-and-*

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email:  sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email:  rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

*-and-*

SIGMUND WISSNER-GROSS, ESQ.
*Pro Hac Vice*
Email:  swissner-gross@brownrudnick.com

JESSICA N. MEYERS, ESQ.
*Pro Hac Vice*
Email:  jmeyers@brownrudnick.com

BROWN RUDNICK LLP
Seven Times Square
New York, NY  11036
Telephone:  (212) 209-4930

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 31, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

**SERVICE LIST**

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Barbara C. Lewis, Esq.
Howard M. Bushman, Esq.
The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
E-mail: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Email: barbara@moskowitz-law.com
Email: howard@moskowitz-law.com

*Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

David Boies, Esq.
*Pro Hac Vice*
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Email: dboies@bsfllp.com

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Stephen Neal Zack, Esq.
szack@bsfllp.com
Hon. Ursula Ungaro (Retired), Esq.
uungaro@bsfllp.com
Boies Schiller Flexner LLP
100 S.E. 2nd St., Suite 2800
Miami, FL 33131

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 1:22-cv-22538 (Altman/Reid)

| |
|---|
| PIERCE ROBERTSON, RACHEL GOLD, SANFORD GOLD, RAHIL SAYED, CHRISTOPHER EHRENTRAUT, TODD MANGANIELLO, DAN NEWSOM, WILLIAM AYER, ANTHONY DORN, DAMECO GATES, MARSHALL PETERS, and EDWIN GARRISON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MARK CUBAN, et al. <br><br> Defendants. |

DECLARATION OF SIGMUND S. WISSNER-GROSS
IN SUPPORT OF DEFENDANTS MARK CUBAN'S AND DALLAS BASKETBALL
LIMITED'S MOTION TO TRANSFER VENUE TO
THE NORTHERN DISTRICT OF TEXAS

I, Sigmund S. Wissner-Gross, Esq. under penalty of perjury, state as follows:

1. I am a partner with Brown Rudnick LLP and have been admitted *pro hac vice* to practice before this Court. I am counsel for Defendants Mark Cuban ("Mr. Cuban") and Dallas Basketball Limited d/b/a Dallas Mavericks (the "Mavericks") in the above referenced matter. I submit this Declaration in support of Mr. Cuban and the Mavericks' Motion to Transfer Venue to the Northern District of Texas (the "Transfer Motion"). Except as otherwise indicated, I submit this Declaration based on personal knowledge.

A. **Discovery Has Confirmed the Accuracy of the Declarations Submitted in Support of Defendants' Motion to Dismiss**

2. In support of Defendants' November 18, 2022 Motion to Dismiss (ECF No. 41), Mr. Cuban and Matt Wojciechowski, the Mavericks' CFO, submitted Declarations regarding their lack of relevant jurisdictional contacts with this District (ECF Nos. 41-1, 41-2).

3. In Mr. Cuban's Declaration, he stated that he only met Voyager Digital Ltd.'s ("Voyager") CEO, Stephen Ehrlich twice, both times in Dallas; that he owned two vacation condominium units in Miami Beach, Florida; that he did not own any bank accounts in Florida; and that he periodically visited Florida "to attend Mavericks games, to attend conferences, and on vacation." ECF No. 41-2 ¶¶ 5-8. Mr. Cuban stated that he had never "done anything with or in connection with Voyager while in Florida." *Id.* ¶ 8.

4. In Mr. Wojciechowski's Declaration, he stated that the October 2021 Sponsorship Agreement that governed the Mavericks' business relationship with Voyager was negotiated by the Mavericks in Dallas, Texas and executed by Mr. Wojciechowski, on behalf of the Mavericks, in Dallas, Texas. ECF No. 41-1 ¶ 3. He also stated that the Mavericks did not conduct any negotiations with Voyager in Florida or direct any communications regarding Voyager to any resident of Florida. *Id.* ¶¶ 3-4.

5. In support of the Transfer Motion, Defendants also submit a Declaration of Ryan Mackey, the senior Vice President of the Mavericks who led all negotiations with Voyager, and after execution of the Sponsorship Agreement at issue, led the implementation on behalf of the Mavericks of the Sponsorship Agreement. Mr. Mackey confirms in his Declaration that the statements made by Defendants in this action that all negotiations and performance of the Sponsorship Agreement occurred solely in Texas, and more specifically in Dallas, Texas, are correct.

6. Discovery has further confirmed that all relevant meetings between the Mavericks and Voyager in connection with negotiation and execution of the Sponsorship Agreement occurred in Dallas, Texas. Discovery has confirmed, in addition, that at no time did any meeting occur between either of the Defendants and any employee of Voyager in Florida.

**B. Third-Party Witnesses**

7. As reflected in the Mackey Declaration, discovery has revealed that Mr. Mackey's primary contact with Voyager in such efforts, Erika Szychowski, Voyager's SVP of Brand Marketing & Partnership, resided in and worked at all relevant times in Austin, Texas.

8. The negotiation of the Sponsorship Agreement, the circumstances of the October 27, 2021 Press Conference announcing the Sponsorship Agreement, and the parties' performance of the Sponsorship Agreement are central issues in this action. All individuals who led or who were actively involved in the negotiation of the Sponsorship Agreement, the Press Conference, and the performance of the Sponsorship Agreement will be material witnesses at any trial in this action.

9. All employees of the Mavericks who had any involvement in connection with the negotiation of the Sponsorship Agreement, the Press Conference, and/or implementation of the terms of the Sponsorship Agreement, live and work in or near Dallas, Texas. As further demonstrated in Mr. Mackey's Declaration in support of the Transfer Motion, all material and key third-party witnesses in this action reside outside of the Southern District of Florida, and the most critical Voyager witness, Ms. Szychowski, is subject to subpoena in the N.D. Texas, but not in the Southern District of Florida. *See* Declaration of Ryan Mackey ¶ 6.

10. The following Voyager witnesses will likely provide relevant testimony regarding the Mavericks' negotiation of the Sponsorship Agreement with Voyager, the Press Conference, and/or on the performance of the Sponsorship Agreement after its execution:

- Erika Szychowski (Austin, TX). Ms. Szychowski is a Senior Vice President at Voyager.
- Pam Kramer (San Francisco, CA). Ms. Kramer is the Chief Marketing Office at Voyager.
- Meghan Leaver (Park City, UT). Ms. Leaver is a Director of Brand Partnerships at Voyager.
- Kara Galloway (Phoenix, AZ). Ms. Galloway is a Senior Manager of Brand Partnerships at Voyager.

- Steve Ehrlich (New York, NY). Mr. Ehrlich is co-founder and CEO of Voyager.
- Brooke Jones (Brooklyn, NY). Ms. Jones is a Senior Events & Activations Manager at Voyager.

11. Additionally, discovery has revealed that the following two witnesses at ▇▇▇ ▇▇▇▇▇▇▇▇▇▇ will likely provide relevant testimony regarding circumstances of the introduction of Voyager to the Mavericks:

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

C. **Defendants' Investigation To-Date**

12. In response to Plaintiffs' discovery requests, Defendants have produced the October 29, 2021 Sponsorship Agreement between the Mavericks and Voyager. **Exhibit A** (excerpted), MAVSCUBAN00001188. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* at MAVSCUBAN00001197.

13. Defendants' investigation, as part of discovery, has confirmed that, during all relevant time periods, Plaintiff Pierce Robertson resided in ▇▇▇▇▇▇▇, outside of this District (see **Exhibit B** (excerpted), Rob-Voyager-00000001 at 04), and did ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ from outside this District.

14. Further, Defendants' investigation has revealed that:
   a. Plaintiff Edwin Garrison resides in ▇▇▇▇▇▇▇ (*see id.* at Rob-Voyager-00000003);
   b. Plaintiff Anthony Dorn resides in ▇▇▇▇▇▇▇ (*see id.* at Rob-Voyager-00000010);
   c. Plaintiff Dan Newsom resides in ▇▇▇▇▇▇▇ (*see id.* at Rob-Voyager-00000012);
   d. Plaintiff Christopher Ehrentraut resides in ▇▇▇▇▇▇▇ (*see id.* at Rob-Voyager-00000019);
   e. Plaintiff Dameco Gates resides in ▇▇▇▇▇▇▇ (*see id.* at Rob-Voyager-00000020); and
   f. Plaintiff Todd Manganiello resides in ▇▇▇▇▇▇▇ (*see id.* at Rob-Voyager-00000021).

15. Additionally, Defendants' investigation in connection with discovery, has revealed that the following nine of the eleven remaining Plaintiffs opened their Voyager Earn Program Accounts ("Voyager EPA") prior to the October 27, 2021 Press Conference at which the Mavericks announced their business relationship with Voyager, as:

   a. Plaintiff William Ayer opened a Voyager EPA on ▮▮▮▮▮ (*see id.* at Rob-Voyager-00000001);

   b. Plaintiff Marshall Peters opened a Voyager EPA on ▮▮▮▮▮ (*see id.* at Rob-Voyager-00000002);

   c. Plaintiff Pierce Robertson opened a Voyager EPA on ▮▮▮▮▮ (*see id.* at Rob-Voyager-00000004);

   d. Plaintiff Anthony Dorn opened a Voyager EPA on ▮▮▮▮▮ (*see id.* at Rob-Voyager-00000010);

   e. Plaintiff Dan Newsom opened a Voyager EPA on ▮▮▮▮▮ (*see id.* at Rob-Voyager-00000012);

   f. Plaintiff Rahil Sayed opened a Voyager EPA on ▮▮▮▮▮ (*see id.* at Rob-Voyager-00000013);

   g. Plaintiff Christopher Ehrentraut opened a Voyager EPA on ▮▮▮▮▮ *see id.* at Rob-Voyager-00000019);

   h. Plaintiff Dameco Gates opened a Voyager EPA on ▮▮▮▮▮ (*see id.* at Rob-Voyager-00000020); and

   i. Plaintiff Todd Manganiello opened a Voyager EPA on ▮▮▮▮▮ (*see id.* at Rob-Voyager-00000021).

   D.   **Deposition of Plaintiffs**

16. Defendants took Rachel Gold's Court-ordered deposition on January 23, 2023 at her home in Coral Springs, Florida.

17. At her deposition, Ms. Gold testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. **Exhibit C**, January 23, 2023 Deposition of Rachel Gold Tr. (excerpted) ("R. Gold Dep. Tr.") at 67:3-5 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.* at 69:3-10 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."). Ms. Gold further stated that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 69:11-14 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."). Instead, Ms. Gold's account was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*

at 73:15-74:6; *see* **Exhibit B** at Rob-Voyager-00000006. Ms. Gold testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. **Exhibit C**, R. Gold Dep. Tr. at 71:17-21. If necessary, Defendants will establish that Ms. Gold, who discovery has confirmed was not a customer of Voyager at any time, lacks standing to pursue claims against Defendants. This issue can be decided by the transferee court, if Ms. Gold is not voluntarily dismissed by Plaintiffs as a plaintiff.

18.  Defendants took Pierce Robertson's Court-ordered deposition on January 26, 2023 in Chicago, Illinois.

19.  During that deposition, Mr. Robertson confirmed that he resided in ▮▮▮▮▮▮ during all relevant time periods, outside this District. He also confirmed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As Defendants have already detailed in prior filings, Defendants believe that there is compelling evidence that Mr. Robertson has submitted fabricated claims in this action, including fabricated a claimed reliance on Mr. Cuban to open Mr. Robertson's Voyager account in May 2021, five months prior to the Press Conference. *See* ECF 82 at 7. The issue of whether Mr. Robertson has filed fabricated claims in this action against Defendants, and the consequences of that, can be decided by the transferee court as well.

E.  **Third-Party Depositions**

20.  On December 27, 2022, Plaintiffs served a third-party subpoena for documents and deposition testimony on a representative from Sullivan & Cromwell LLP. As Sullivan & Cromwell is in no way involved with this action, but rather was counsel to Sam Bankman-Fried and FTX, counsel for Sullivan & Cromwell not surprisingly has objected to Plaintiffs' subpoena and has moved to quash the subpoena in a filing in the Southern District of New York, claiming that this is a fishing expedition and pure harassment. *Robertson v. Cuban*, Sullivan & Cromwell LLP's Motion to Quash and for a Protective Order, No. 23-mc-24, ECF No. 1-1 (S.D.N.Y. Jan. 27, 2023). Sullivan & Cromwell's Southern District of York filing states that Plaintiffs' counsel also served a third-party subpoena on Sullivan & Cromwell for a Florida state court action relating to FTX, and notes that Sullivan & Cromwell has objected to such further Florida state court subpoena as well, and will seek to quash such state court subpoena. *See id.* at 5 n.2 (stating that Sullivan & Cromwell intends to seek relief regarding a subpoena filed in the action *Norris v. Singh*, 2022-022900-CA-01 (Fla. 11th Jud. Cir. Dec. 2, 2022).

21. Plaintiffs also claim to have served three different versions of a third-party subpoena on Voyager CEO, Stephen Ehrlich, the first not seeking documents and the latter two apparently seeking documents. Mr. Ehrlich filed a motion to quash Plaintiffs' subpoena on January 18, 2023, filing such motion to quash in the District of Connecticut. *Robertson v. Cuban*, Movant Stephen Ehrlich's Motion to Quash and for a Protective Order, No. 23-mc-000001 ECF No. 1 (D. Conn. Jan. 18, 2023). In his motion to quash, Mr. Ehrlich notes, among other things, that Plaintiffs in their settlement of Voyager's adversary proceeding in the Voyager bankruptcy proceeding agreed to not pursue any further claims against Mr. Ehrlich and that such subpoena was being used by Plaintiffs to do precisely what they committed not to do in order to settle the stay application that had been previously brought by the Voyager Defendants, and secure bankruptcy court approval for such proposed settlement of Voyager's Adversary Proceeding. *Id.* at 9. Mr. Ehrlich further notes that the same Plaintiffs' counsel in this action has sought to be appointed lead counsel in another Voyager-related class action, pending in the Southern District of New York where Mr. Ehrlich (but not Mr. Cuban nor the Mavericks) is a named defendants, *Roberts v. Ehrlich*, No. 22-cv-09590 (S.D.N.Y.), and is attempting to use the deposition of Mr. Ehrlich for the exact purposes prohibited by the Plaintiffs' settlement in the bankruptcy court. *Id.* at 10-14; *see* Stipulation and Agreed Order Resolving Adversary Proceeding No. 22-01138, *Voyager Digital Holdings, Inc. v. Robertson*, No. 22-01138 (Bankr. S.D.N.Y. Oct. 19, 2022), ECF No. 41) (in which the Moskowitz firm promises that "neither they nor others associated with Counsel will seek to file claims that arise from or relate in any way to the allegations in the Robertson Complaint or Proposed Amended Complaint . . . against any other officers, directors, or employees of the Debtors, on behalf of any current or former Voyager customers or shareholders").

Executed this 30th of January, 2023 in New York, New York.

By    *[signature]*

Sigmund S. Wissner-Gross