UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-cv-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.*, on
behalf of himself and others similarly
situated,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

### PLAINTIFFS' MOTION TO REOPEN CASE, AND FOR LEAVE TO FILE AMENDED COMPLAINT UNSEALED, IN THE PUBLIC COURT FILE

Plaintiffs respectfully move the Court for an Order granting Plaintiffs leave to file their proposed Amended Complaint. Plaintiffs would like to eventually file the Amended Complaint unsealed and in the public Court record. However, the Parties have conducted productive and professional meet and confers, and pursuant to Paragraph 9 of the Stipulated Protective Order, [ECF No. 65], Plaintiffs respectfully request leave to now file the proposed Second Amended Complaint ***under seal*** pending the Court's ruling that the Second Amended Complaint may be filed in the public Court record, because it contains no material warranting confidential treatment.

The Court allowed Plaintiff to conduct discovery to test the assertions made by Defendants that this Court lacks personal jurisdiction over them, ordering Plaintiffs to "either respond to the Defendants' Motion to Dismiss [ECF No. 41] or file an Amended Complaint." ECF No. 72. Following completion of that discovery, the Court granted two joint motions to briefly stay this case and denied all pending motions without prejudice. ECF Nos. 110, 112.[1]

---

[1] Much has transpired since Plaintiffs commenced this action in August 2022: (1) the SEC recently opined that Voyager's VGX tokens are unregistered securities, https://coinculture.com/au/business/sec-staff-say-binance-us-is-operating-an-unregistered-securities-exchange/, and has brought many additional enforcement actions against crypto exchanges, and promoters, for similar offers and sales of unregistered securities; (2) Undersigned Counsel has pending litigation against the Brand Ambassadors and Influencers of both FTX and Binance (that is

Accordingly, Plaintiffs respectfully request the Court enter an Order: (1) re-opening this case, so that this matter can proceed, and (2) granting Plaintiffs leave to preliminarily file the proposed Second Amended Complaint **under seal,** in accordance with the Stipulated Protective Order, [ECF No. 65], and (3) ultimately granting Plaintiffs leave to file their proposed Second Amended Complaint in the public Court file, after the Court conducts an *in camera* review, because the Parties dispute whether the Second Amended Complaint must be filed under seal. The Court should grant Plaintiffs first request to amend the Complaint because, as this Court is aware:

> Courts must "freely give leave when justice so requires." *Id.* In assessing whether to grant leave under Rule 15(a), courts may deny a motion for leave to amend *only* when there is a "substantial reason to deny leave." *See Acya*, 2020 WL 2513105, at *3–*4; *see also Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) ("Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." (quoting *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989))). Indeed, the Eleventh Circuit has explained that a motion for leave to amend may be denied only when a court finds: (1) "undue delay"; (2) "undue prejudice"; or (3) "futility of the amendment." *Id.*

*Elliott v. Williams*, 20-81280-CIV, 2020 WL 12689592, at *2 (S.D. Fla. Oct. 5, 2020) (Altman, J.) (granting motion for leave to amend complaint and noting "allowing the Plaintiff to further refine her claim will, if anything, benefit all parties, including the Defendant.").

The proposed Second Amended Complaint is not futile and is Plaintiffs' first substantive amendment to the Complaint, after the benefit of **any** discovery from the Defendants on the issues raised in their Motion to Dismiss. *Castros v. Signal Fin. Co. LLC*, 1:17-CV-21870-KMM, 2018 WL 1137099, at *1 (S.D. Fla. Feb. 4, 2018) (granting motion for leave to amend counterclaim where defendant sought "to address the deficiencies flagged in the Plaintiff's Motion . . . and by seeking to amend certain remaining Counterclaims by adding more detail.").

**First,** Plaintiffs' proposed amendment joins additional Class Representative Plaintiffs and additional Voyager Brand Ambassador Defendants, which is routinely freely allowed. The Voyager Brand Ambassadors (and their Agreements) were just revealed in discovery, and were all similarly paid by Voyager to specifically promote their unregistered products. The proposed amendment is timely, as it is brought within the Court's April 26, 2023, deadline set forth in its prior Orders. ECF Nos. 72, 110, 112. Finally, the proposed amendment will not unduly prejudice the Defendants, there is plenty

---

before this Court), for the sale of those unregistered securities; (3) there is a pending May 25, 2023, hearing before the Judicial Panel on Multidistrict Litigation in Philadelphia on whether to consolidate all of the pending FTX litigation.

of time for the Parties to conduct discovery on the merits, while Defendants have stated they will likely renew their motion to dismiss and the Parties will brief class certification. *Solu-Med, Inc. v. Youngblood Skin Care Products, LLC*, 19-60487-CIV, 2020 WL 3487881, at *2 (S.D. Fla. June 4, 2020) (Altman, J.) (granting motion for leave to amend answer and affirmative defenses and finding no undue prejudice where plaintiff would have "a full opportunity to conduct discovery on the viability of these defenses"). Thus, the Court should grant Plaintiffs leave to file the Second Amended Complaint.

**Second,** after conducting an *in camera* review of the proposed Second Amended Complaint, the Court should enter an Order authorizing Plaintiffs to file the Second Amended Complaint publicly in the Court file, because the parties have conducted numerous meet and confers, and there is simply no basis for Defendants' blanket confidentiality designations made as to every document and statement produced in discovery, and in light of the strong public policy of access to the courts, there is no countervailing reason why these specific matters should be withheld from public scrutiny. *Houston Specialty Ins. Co. v. Fenstersheib*, 20-60091-CIV, 2022 WL 2669490, at *2 (S.D. Fla. June 8, 2022) (Hunt, M.J.), *report and recommendation adopted sub nom. Houston Specialty Ins. Co. v. Feinstersheib*, 20-60091-CIV, 2022 WL 2666748 (S.D. Fla. July 11, 2022) (Altman, J.).

The Parties conducted significant discovery, including taking depositions of Messrs. Cuban and Ehrlich, and most of that testimony has been designated with blanket "confidential" and/or "highly confidential" designations, making it extremely difficult for Plaintiffs to use any of the discovery in amended pleadings. Plaintiffs specifically provided a draft of the proposed Second Amended Complaint to Defendants over a week ago, and Defendants disagree and state that most of the Amended Complaint must be maintained under seal.

Plaintiffs respectfully do not believe that this information is "Confidential," let alone "Highly Confidential," under the existing Stipulated Protective Order. ECF No. 65.[2] This implicates a great public policy concern, and we cannot support filing anything under seal (we have already redacted evidence that required such redactions), particularly when "the presumption of public access is much

---

[2] Plaintiffs agreed confidential treatment is required for a list produced, by third-party Stephen Ehrlich, containing the full names and email addresses of the over 5,000 Florida residents who all utilized the "MAVS100" promotional code, when they all signed up for their Voyager accounts after the Mark Cuban and Stephen Ehrlich Global Press Conference on October 27, 2021. Plaintiffs have redacted the names and email addresses of these thousands of putative class members (other than Plaintiff Todd Webb, who has joined in the Second Amended Complaint as a Class Representative Plaintiff). *See* Ex. A at Plaintiffs' Exhibit 242.

3

stronger with regard to dispositive documents that relate to the merits of the case." *Jankula v. Carnival Corp.*, 18-CV-24670, 2019 WL 8051714, at *2 (S.D. Fla. July 30, 2019) (citations omitted). Much of the materials Defendants produced, and now claim should be filed under seal, for example, bear directly on this Court's jurisdiction over the Defendants and the circumstances surrounding their involvement in promoting the offer and sale of Voyager's unregistered products.

Plaintiffs respectfully ask the Court to grant Plaintiffs leave to file the Second Amended Complaint ***under seal*** pursuant to the Stipulated Protective Order, [ECF No. 65], but to finally grant Plaintiffs leave to file it unsealed in the public court file after conducting an *in camera* review to confirm no information other than the one exhibit that has redacted the private information of third party Voyager customers warrants confidential treatment. Upon filing the Second Amended Complaint, Plaintiffs respectfully suggest Defendants can file their Motion to Dismiss within 20 days of the appearance of the newly-joined Defendants.[3]

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

## S.D. FLA. L.R. 7.1 CERTIFICATION

Plaintiffs' Counsel have conferred with Defendants' Counsel in a good faith effort to resolve the issues raised in this motion, and report that Defendants do not consent to the requested relief.

---

[3] The Court may certainly decide, as previously indicated, to first decide the Motion to Dismiss, and then possibly allow the Parties to renew any other Motions (such as Motion for Class Certification, Motions for Partial Summary Judgment, and/or Motion to Transfer), 20 days following the ruling on the Court's order (for any parts of the case that are <u>not dismissed</u>).

*CASE NO.: 22-cv-22538-ALTMAN/REID*

Dated: April 24, 2023                              Respectfully submitted,

| | |
|---|---|
| **By: /s/ Adam M. Moskowitz** | **By: /s/ David Boies** |
| Adam M. Moskowitz | David Boies |
| Florida Bar No. 984280 | (admitted *pro hac vice*) |
| adam@moskowitz-law.com | Alexander Boies |
| Joseph M. Kaye | (admitted *pro hac vice*) |
| Florida Bar No. 117520 | Brooke Alexander |
| joseph@moskowitz-law.com | (admitted *pro hac vice*) |
| Barbara C. Lewis | **BOIES SCHILLER FLEXNER LLP** |
| barbara@moskowitz-law.com | 333 Main Street |
| Florida Bar No. 118114 | Armonk, NY 10504 |
| **THE MOSKOWITZ LAW FIRM, PLLC** | Phone: (914) 749–8200 |
| 2 Alhambra Plaza, Suite 601 | dboies@bsfllp.com |
| Coral Gables, FL 33134 | aboies@bsfllp.com |
| Telephone: (305) 740-1423 | balexander@bsfllp.com |
| | |
| *Co-Counsel for Plaintiffs and the Class* | Stephen Neal Zack |
| | Florida Bar No. 145215 |
| | **BOIES SCHILLER FLEXNER LLP** |
| | 100 SE 2nd St., Suite 2800 |
| | Miami, FL 33131 |
| | Office: 305-539-8400 |
| | Fax: 305-539-1307 |
| | szack@bsfllp.com |
| | |
| | *Co-Counsel for Plaintiffs and the Class* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on April 24, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280

5