# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No: 1:22-cv-22538 (Altman/Reid)

PIERCE ROBERTSON, et al,

    Plaintiffs,

    v.

MARK CUBAN, et al.

    Defendants.

**DEFENDANTS MARK CUBAN'S AND DALLAS BASKETBALL LIMITED'S LIMITED RESPONSE TO PLAINTIFFS' "MOTION TO REOPEN AND FOR LEAVE TO FILE [SECOND] AMENDED COMPLAINT UNSEALED, IN THE PUBLIC COURT FILE" (ECF NO. 113)**

Defendants Mark Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks (the "Defendants") submit this Limited Response to Plaintiffs' "Motion to Reopen Case, and For Leave to File [Second] Amended Complaint Unsealed, in the Public Court File" (the "Motion").

Defendants have no objection to either (i) the case being administratively reopened, or (ii) any proposed second amended complaint being filed under seal (subject to Defendants' right to oppose Plaintiffs' Rule 15 motion for leave to amend).

With respect to the balance of the Motion, Defendants cannot substantively respond to Plaintiffs' request for leave to file a proposed second amended complaint, because Plaintiffs (i) failed to attach the proposed second amended complaint to the Motion, as required by Local Rule 15.1, and (ii) have not yet provided Defendants with the final form of the proposed second amended complaint that Plaintiffs intend to file. Defendants accordingly reserve all rights to respond and object to the filing of any proposed second amended complaint until Plaintiffs follow proper procedures for seeking leave of Court to amend.

Additionally, Plaintiffs have failed to comply with either the parties' Stipulated Protective Order (the "Protective Order"), so-ordered by Magistrate Judge Reid and entered on December 21, 2022, after a substantive hearing held before the Magistrate on December 20, 2022 regarding the terms and conditions of the Protective Order, *see* ECF. No. 65, ¶ 12, or Magistrate Judge Reid's procedures for resolving pre-trial, non-dispositive disputes.[1] As the Court will recall, on December 7, 2022, the Court directed that Magistrate Judge Reid supervise any discovery issues, and to be sure, any issue involving the Protective Order is a core issue within the scope of Magistrate Judge Reid's mandate. *See* ECF 58 at 2 (referring all non-dispositive and discovery matters to Magistrate

---

[1]  On December 6, 2022, Plaintiffs moved for entry of a protective order in the form of the protective order adopted in the action *Cassidy v. Voyager Digital Ltd.*, No. 1:21-cv-24441-CMA. ECF No. 56. As Defendants believed, for a number of reasons, that substantive changes to the *Cassidy* protective order were necessary, Defendants opposed Plaintiffs' motion. On December 7, 2022, the Court ordered that all non-dispositive pre-trial and discovery matters be referred to Magistrate Judge Reid. ECF No. 58 at 2. Pursuant to Magistrate Judge Reid's procedures, the parties advocated their respective positions regarding the terms of the protective order during a December 20, 2022 hearing, during which Defendants urged adoption of a form of protective order different than that used in the *Cassidy* action. Magistrate Judge Reid agreed, and after certain changes were made to the form of the protective order as directed by the Magistrate, on December 21, 2022, the Stipulated Protective Order was approved by the Court and entered on the docket. ECF No. 65.

**DEFENDANTS' LIMITED RESPONSE TO PLAINTIFFS' MOTION TO REOPEN CASE, AND FOR LEAVE TO FILE A [SECOND] AMENDED COMPLAINT**
**PAGE 2**

Judge Reid).  The Protective Order makes clear that, rather than first submitting the entire proposed second amended complaint to this Court for *in camera* review, as proposed in the Motion, the parties (and any non-party, such as Voyager Digital Ltd. ("Voyager") or Mr. Ehrlich (Voyager's CEO), who have produced some documents) must first meet and confer via a process in paragraph 12 of the Protective Order that Plaintiffs have failed to adhere to.  Pursuant to paragraph 12 of the Protective Order and Magistrate Judge Reid's Standing Discovery Order, Plaintiffs, after completing a required meet and confer, must first raise any unresolved challenges to Defendants' confidentiality designations in a hearing before Magistrate Judge Reid.  *See* ECF Nos. 58, 60.  Rather than abiding by the Court's prior orders and the procedures set forth therein, Plaintiffs request omnibus permission to file the second amended complaint publicly, (i) without attaching, under seal, the proposed pleading to the motion under seal for the Court's review and (ii) without otherwise following this Court's basic discovery rules and procedures for any unsealing or declassifying documents or deposition testimony designated as confidential.  Moreover, Plaintiffs should be directed to first comply with this Court's orders and rules on sealing and unsealing protected data before Defendants, after they are provided with the proposed second amended complaint that is to be filed under seal, are required to formally respond to either Plaintiffs' motion for leave to amend or Plaintiffs' motion to unseal.[2]

## RELEVANT PROCEDURAL HISTORY

On August 10, 2022, Plaintiffs filed their initial Complaint (ECF No. 1), and their Amended Complaint on October 28, 2022 (ECF No. 34).  Defendants filed an omnibus Motion to Dismiss on November 11, 2022 (ECF No. 41).  In connection with setting forth the ground rules for discovery and any motion practice related thereto, this Court, on December 7, 2022, directed that "all pretrial non-dispositive and discovery matters are hereby referred to United States Magistrate Judge Lisette M. Reid."  *See* ECF No. 58 at 2.  Shortly after Magistrate Judge Reid took charge of the discovery process, and after a lengthy hearing before Magistrate Judge Reid on the scope and

---

[2] Defendants reserve all rights to substantively oppose and respond to Plaintiffs' motion to amend and to unseal in due course, and without prejudice to those rights, submit this Limited Response solely to seek an order from this Court directing Plaintiffs to comply with the Court's rules and procedures.

terms of the protective order, the parties stipulated to the Protective Order governing this action, which Magistrate Judge Reid so-ordered on December 21, 2022 (ECF No. 65).

In relevant part, the Protective Order requires the following procedures to resolve disputes with respect to the public filing of confidentially designated material:

> ¶ 12. At any stage of these proceedings, any Party may object to a designation of Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Party objecting to designation must notify Counsel for the Designating Party, in writing, of the objected-to Materials by specific Bates number (if a document) or page number (if a deposition transcript) and state the grounds for the objection, and must endeavor to limit objections to Materials for which the party has a specific, good-faith need to use or disclose in this litigation in a manner not prohibited by this agreement. If the dispute is not resolved consensually between the Parties within fourteen (14) days of receipt of such a notice of objections, the objecting Party may request a discovery hearing with the Court for a ruling on the objection. In the event any Party challenges the designation or redaction of Materials, the Materials shall be submitted to the Court, under seal, for an *in camera* inspection. The Materials at issue must be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as appropriate, until the Court has ruled on the objection or the matter has otherwise been resolved in writing between the Parties. The Designating Party shall bear the burden of justifying the disputed designation.

*Id.*

During discovery to date, documents were produced by Defendants, Plaintiffs, and at least two non-parties (Voyager and Mr. Ehrlich), and all have designated various documents as either Confidential or Highly-Confidential – Attorneys' Eyes Only in accordance with the terms of the Protective Order. Further, Plaintiffs conducted four depositions (of Mr. Cuban, two Mavericks employees, and of Mr. Ehrlich), and Defendants conducted two depositions of then-named Plaintiffs Pierce Robertson and Rachel Gold, during or after which counsel representing the witnesses made confidentiality designations of deposition testimony and deposition exhibits in accordance with the protocols set forth in paragraph 4 of the Protective Order. At no time have Plaintiffs' counsel sought to object to Defendants' or any third party's confidentiality designations, nor have Plaintiffs at any time sought to invoke the procedures of paragraph 12 of the Protective Order to formally dispute any designation.[3]

---

[3] For their part, Defendants have complied with the Protective Order when quoting or citing to documents or testimony by Plaintiffs that were designated as confidential by Plaintiffs. *See*

On February 23, 2023, on the parties' Joint Motion (ECF No. 109), the Court stayed the case for 30 days and ordered the case administratively closed (ECF No. 110). Plaintiffs' deadline for responding to Defendants' pending Motion to Dismiss or moving to amend the complaint was extended to March 27, 2023. *Id.* On March 27, 2023, on the parties' second Joint Motion (ECF No. 111), the Court ordered the case stayed for an additional 30 days (ECF No. 112). Plaintiffs' deadline to respond to Defendants' pending Motion to Dismiss or to seek leave to amend the complaint was extended to April 26, 2023. *Id.*; *see* ECF No. 111 ¶ 7 ("April 26, 2023 – Plaintiffs shall move to reopen the case and either seek leave to file a second amended complaint or respond to Defendants' Motion to Dismiss.").

## ARGUMENT

Defendants do not oppose the administrative reopening of this case. But Defendants cannot respond to the Motion's request for leave to file a second amended complaint because Plaintiffs failed to attach their proposed pleading to the Motion, as required by Local Rule 15.1, and Defendants, *inter alia*, do not know the actual form of the proposed second amended complaint that is ultimately to be submitted under seal by Plaintiffs. Accordingly, Defendants reserve their right to file an opposition to Plaintiffs' motion for leave to file the second amended complaint and will do so once Plaintiffs file—under seal—their proposed complaint, as required by the Local Rules.

Additionally, the Motion ignores both this Court's mandate that "all pretrial non-dispositive and discovery matters are . . . referred" to Magistrate Judge Reid (ECF No. 58 at 2) and the Protective Order's procedures in paragraph 12 for disputing a confidentiality designation. To the extent that Plaintiffs plan to file a proposed second amended complaint that includes materials that Defendants, Voyager or Mr. Ehrlich[4] have designated as confidential, Plaintiffs are required to "notify Counsel for the Designating Party, in writing, of the objected-to Materials by specific Bates

---

ECF No. 89 (January 31, 2023 motion seeking leave to file under seal the unredacted versions of Defendants' motion to transfer venue); ECF No. 93 (January 31, 2023 order granting Defendants' motion to file under seal).

[4]   Defendants note that the Motion itself breaches the Protective Order. *See* Motion at 3, n.2 (disclosing confidential data produced by Voyager and designated as confidential under the Protective Order, and misstating and mischaracterizing such data, among other transparent misstatements in such footnote).

number (if a document) or page number (if a deposition transcript) and state the grounds for the objection." Protective Order ¶ 12.  Plaintiffs have not done this, and they are required to do so.  In the event that the parties cannot resolve their differences pursuant to these procedures, the next step required by the Protective Order is to submit the issue to Magistrate Judge Reid (*id.*) as a dispute regarding a confidentiality designation falls into the category of "all pretrial non-dispositive and discovery matters," that Plaintiffs are required to bring before Magistrate Judge Reid (*see* ECF No. 58 at 2).  Magistrate Judge Reid's Standing Discovery Order makes clear that, rather than filing a motion on the issue, Plaintiffs must contact Magistrate Judge Reid's Chambers to request a hearing.  ECF No. 60.  That has not occurred here.  Indeed, at no point have Plaintiffs contacted Magistrate Judge Reid to question any confidentiality designation made by either Defendants, Voyager or Mr. Ehrlich.

Plaintiffs have not followed any of these required procedures.  Instead, Plaintiffs now ignore all of the procedures established by this Court and ask this Court to prematurely—and at variance with the required procedures under the Protective Order—conduct an "*in camera* review of the proposed Second Amended Complaint" and order that Plaintiffs be authorized to "file the Second Amended Complaint publicly."  Motion at 2.  As support for this proposal, Plaintiffs casually, opaquely, and incorrectly note that there have been "numerous meet and confers" and that "there is simply no basis" for Defendants' designations.  *Id.* at 3.  This proposal, and the argument in support thereof, is at odds with the record here, the Protective Order, and this Court's procedures, and it incorrectly attempts to suggest to this Court that the issue of confidentiality designations has been fully litigated between the parties in accordance with the specific protocol set forth in the Protective Order.  It has not, and Defendants—and more importantly, this Court—should expect Plaintiffs to follow the rules.

Once Plaintiffs have complied with the Court's procedures and the Local Rules, and a proposed second amended complaint is filed under seal in connection with Plaintiffs' motion for leave to replead, Defendants anticipate opposing such motion for leave to file what is effectively a third complaint.  Defendants otherwise reserve all rights.[5]

---

[5]   Defendants also reserve all rights regarding the proper sequencing and timing for briefing of Plaintiffs' motion for leave to amend (once it is properly filed under seal), Defendants' motion to dismiss, and Defendants' transfer motion.  Defendants see no reason to alter the Court's prior

**DEFENDANTS' LIMITED RESPONSE TO PLAINTIFFS' MOTION TO REOPEN CASE, AND FOR
LEAVE TO FILE A [SECOND] AMENDED COMPLAINT
PAGE 6**

## CONCLUSION

For the reasons stated above, Defendants (i) do not object to this action being administratively reopened and (ii) do not object to the proposed second amended complaint being filed under seal, provided that Plaintiffs comply with the Local Rules and this Courts' order with respect to filing under seal.  Defendants further request that Plaintiffs be directed to comply with the Protective Order in this action with respect to any request that any portion of the proposed second amended complaint be unsealed.  Finally, once Plaintiffs have complied with the Court's order and the Local Rules with respect to filing under seal and have properly submitted a proposed second amended complaint along with Plaintiffs' Rule 15 motion for leave to amend, Defendants intend to file their response to any such Rule 15 motion in accordance with the timetable set forth in the Local Rules.

---

ruling that the issue of class certification should not be briefed until the Court has ruled on Defendants' Motion to Dismiss. *See* ECF No. 45 (denying Plaintiffs' premature class certification motion without prejudice and holding that "Plaintiffs may refile their motion after we rule on the pending Motion to Dismiss").

Respectfully submitted this 25th day of April 2023.

/s/ *Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

-and-

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@thehucklawfirm.com

THE HUCK LAW FIRM
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
Telecopier: (305) 441-8849

-and-

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email:  sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email:  rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

*-and-*

SIGMUND WISSNER-GROSS, ESQ.
*Pro Hac Vice*
Email:  swissner-gross@brownrudnick.com

JESSICA N. MEYERS, ESQ.
*Pro Hac Vice*
Email:  jmeyers@brownrudnick.com

BROWN RUDNICK LLP
Seven Times Square
New York, NY  11036
Telephone:  (212) 209-4930

**DEFENDANTS' LIMITED RESPONSE TO PLAINTIFFS' MOTION TO REOPEN CASE, AND FOR LEAVE TO FILE A [SECOND] AMENDED COMPLAINT**
**PAGE 9**

Case No. 22-CV-22538-ALTMAN/REID

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 25, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

## SERVICE LIST

| | |
|---|---|
| Adam M. Moskowitz, Esq.<br>Joseph M. Kaye, Esq.<br>Barbara C. Lewis, Esq.<br>Howard M. Bushman, Esq.<br>The Moskowitz Law Firm, PLLC<br>2 Alhambra Plaza, Suite 601<br>Coral Gables, Florida 33134<br>E-mail: adam@moskowitz-law.com<br>Email: joseph@moskowitz-law.com<br>Email: barbara@moskowitz-law.com<br>Email: howard@moskowitz-law.com<br><br>*Counsel for Plaintiffs and the Proposed Classes*<br><br>**VIA CM/ECF** | Stephen Neal Zack, Esq.<br>szack@bsfllp.com<br>Hon. Ursula Ungaro (Retired), Esq.<br>uungaro@bsfllp.com<br>Tyler E. Ulrich, Esq.<br>tulrich@bsfllp.com<br>Boies Schiller Flexner LLP<br>100 S.E. 2nd St., Suite 2800<br>Miami, FL 33131<br><br>*Co-Counsel for Plaintiffs and the Proposed Classes*<br><br>**VIA CM/ECF** |
| David Boies, Esq.<br>*Pro Hac Vice*<br>Boies Schiller Flexner LLP<br>333 Main Street<br>Armonk, NY 10504<br>Email: dboies@bsfllp.com<br><br>*Co-Counsel for Plaintiffs and the Proposed Classes*<br><br>**VIA CM/ECF** | Jose M. Ferrer, Esq.<br>Mark Migdal & Hayden<br>80 S.W. 8th Street, Suite 1999<br>Miami, FL 33130<br>Email: jose@markmigdal.com<br><br>*Co-Counsel for Plaintiffs and the Proposed Classes*<br><br>**VIA CM/ECF** |