UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-cv-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.*, on
behalf of himself and others similarly
situated,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**PLAINTIFFS' BRIEF REPLY SUPPORTING MOTION TO REOPEN CASE, AND
LEAVE TO FILE AMENDED COMPLAINT UNDER SEAL**

The Parties have been cooperating and conducted numerous, constructive meet and confers on these issues, Plaintiffs provided Defendants with a copy of the proposed Amended Complaint and it appears the Parties are actually in Agreement on these initial, narrow issues. Defendants have no objection to: (1) the Court reopening this case (that was administratively closed during a brief stay), or (2) Plaintiffs filing the proposed Amended Complaint under seal. That is the only relief Plaintiffs sought in the Motion and once this Court enters an Order, Plaintiffs will quickly file the proposed Amended Complaint under seal and continue their negotiations, to try and resolve the disputed issue (of what needs to remain under seal). In light of the stay, the Court may also want to now conduct a Status Conference, so the Parties can help the Court organize and agree upon a briefing schedule going forward, so we can all expeditiously move this case.

After the proposed Amended Complaint is filed under seal, Plaintiffs will, of course, adhere to every provision of the Stipulated Protective Order. ECF No. 65. There is no dispute that Defendants claim that almost all of the proposed Amended Complaint (and attachments) are "confidential" and/or "highly confidential" and thus must be kept under seal, and Plaintiffs respectfully believe that none of the materials must be filed under seal. Under the Protective Order, after the Amended Complaint is filed with the Court under seal, the Parties will continue those discussions to try and resolve those disputed issues, and any of the Parties can certainly seek relief from Magistrate Judge Reid (and/or the Court where appropriate) if they have any discovery disputes.

Defendants are aware of the materials Plaintiffs seek to use in the proposed Amended Complaint, because the Parties agreed, and Plaintiffs provided Defendants with, a copy of the proposed Amended Complaint for discussion. Defendants have marked almost *everything* "Confidential" or "Highly Confidential," so Plaintiffs moved the Court for leave to preliminarily file the proposed Amended Complaint under seal, so Plaintiffs can provide the draft to the Court in accordance with the requirements of the Stipulated Protective Order, and have the Court resolve those issues. *See Grupo Unidos por el Canal, S.A. v. Autoridad del Canal de Panama*, 17-23996-CV, 2018 WL 4111216, at *1 (S.D. Fla. Aug. 29, 2018) (Magistrate Judge Torres explaining that Judge Scola granted a motion preliminarily sealing a petition and exhibits for sixty (60) days and required the parties to "confer and identify specific documents [both] believe should remain under seal," the parties conferred but could not agree, and holding after reviewing documents that no documents attached to and referenced in the petition were entitled to be filed under seal). The Court will certainly decide what must be kept under seal, but the first step in Plaintiffs' Motion is just to seek an Order allowing them to preliminarily file the proposed Amended Complaint under seal, as in *Grupo Unidos*.

Plaintiffs respectfully suggest that Defendants' use of blanket confidentiality designations was an abuse of the Protective Order, an issue Magistrate Judge Reid specifically warned against when agreeing to enter Defendants' proposed Protective Order. *See* Transcript of December 12, 2022 Discovery Hearing before Magistrate Judge Reid at 51:8–11 ([Magistrate Judge Reid]: "While I appreciate [Mr. Moskowitz's] concern regarding the over-designation issue, that is one that can be addressed by Rule 37. That would be an abuse if the vast majority of the documents suddenly turned up as highly confidential."), 53:9–15 ([Magistrate Judge Reid]: "I would add to it that the concerns about over-designation could be remedied by objections to me, that you wouldn't have to write the objection, Mr. Moskowitz. You can simply contact my chambers and we can have an informal hearing, as we are having now, and that we can also attach sanctions, which are already provided for by Rule 37, in that case of over-designation."); *see also* ECF No. 65 ¶ 26 ("The Parties acknowledge that this Agreement does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.")

*CASE NO.: 22-cv-22538-ALTMAN/REID*

Plaintiffs respectfully ask the Court to now simply grant Plaintiffs leave to file the Amended Complaint ***under seal*** pursuant to the Stipulated Protective Order, [ECF No. 65], the Parties will continue to negotiate the disputed "confidential" materials, and Plaintiffs will later seek leave to file the Amended Complaint **<u>unsealed</u>** in the public court file (but only after conducting additional meet and confers and if necessary, the Court conducting an *in camera* review of the disputed materials).

## **REQUEST FOR ORAL ARGUMENT**

Plaintiffs respectfully request that the Court hear oral argument on this Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

## **S.D. FLA. L.R. 7.1 CERTIFICATION**

Plaintiffs' Counsel have conferred with Defendants' Counsel in a good faith effort to resolve the issues raised in this motion, and report that Defendants do not consent to the requested relief.

*CASE NO.: 22-cv-22538-ALTMAN/REID*

Dated: April 27, 2023          Respectfully submitted,

| | |
|---|---|
| **By: /s/ Adam M. Moskowitz** | **By: /s/ David Boies** |
| Adam M. Moskowitz | David Boies |
| Florida Bar No. 984280 | (admitted *pro hac vice*) |
| adam@moskowitz-law.com | Alexander Boies |
| Joseph M. Kaye | (admitted *pro hac vice*) |
| Florida Bar No. 117520 | Brooke Alexander |
| joseph@moskowitz-law.com | (admitted *pro hac vice*) |
| Barbara C. Lewis | **BOIES SCHILLER FLEXNER LLP** |
| barbara@moskowitz-law.com | 333 Main Street |
| Florida Bar No. 118114 | Armonk, NY 10504 |
| **THE MOSKOWITZ LAW FIRM, PLLC** | Phone: (914) 749–8200 |
| 2 Alhambra Plaza, Suite 601 | dboies@bsfllp.com |
| Coral Gables, FL 33134 | aboies@bsfllp.com |
| Telephone: (305) 740-1423 | balexander@bsfllp.com |
| | |
| *Co-Counsel for Plaintiffs and the Class* | Stephen Neal Zack |
| | Florida Bar No. 145215 |
| | **BOIES SCHILLER FLEXNER LLP** |
| | 100 SE 2nd St., Suite 2800 |
| | Miami, FL 33131 |
| | Office: 305-539-8400 |
| | Fax: 305-539-1307 |
| | szack@bsfllp.com |
| | |
| | *Co-Counsel for Plaintiffs and the Class* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on April 27, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280