# Exhibit 8

| | |
|---|---|
| **From:** | Adam Moskowitz <Adam@moskowitz-law.com> |
| **Sent:** | Wednesday, December 28, 2022 4:46 PM |
| **To:** | Wissner-Gross, Sigmund S. |
| **Cc:** | Rejane Passos; atifford@fowler-white.com; aherazo@fowler-white.com; rshindler@fowler-white.com; cknight@fowler-white.com; golivares@fowler-white.com; egalicia@fowler-white.com; sabreu@fowler-white.com; Meyers, Jessica N.; Wolkinson, Rachel O.; Best, Stephen A.; Kerns, Daniel F.; Joseph Kaye; Barbara C. Lewis; Howard Bushman; dboies@bsfllp.com; aboies@bsfllp.com; lcarlsen@bsfllp.com; szack@bsfllp.com; balexander@bsfllp.com; Cwashenko@bsfllp.com; mayala@bsfllp.com; ashaw@bsfllp.com; José Ferrer |
| **Subject:** | Re: SERVICE OF COURT DOCUMENT - Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al |

**CAUTION:** External E-mail. Use caution accessing links or attachments.

Thanks Sig, long email, but you can bill by the hour.

Joey will send around an invite for 8am tomorrow (Thursday) for a Zoom to discuss everything as requested. We are checking the transcript, because we remember the Magistrate required you to provide us with a confirmed date for Mr. Cuban's deposition by last week. Please have it confirmed for our call, so we do not have to go back to the Magistrate on the issue. Thanks, Adam

Sent from my iPhone

> On Dec 28, 2022, at 1:03 PM, Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com> wrote:
>
> Adam, I wanted to follow up on the balance of the items addressed in your Dec. 27, 2022 emails. We are available for a zoom meet and confer tomorrow morning, Dec. 29, at 8 am. We need to do a call early tomorrow, since some folks are off this week or traveling, and this is the only time that works for us tomorrow.
>
> Now onto the substance. First, per my email from last night, we have resolved the mediator selection issue, so that issue is moot.
>
> Turning to the balance of your emails, we do need to receive production of all non-privileged documents we have requested of the Plaintiffs, at the latest, no later than COB on Friday, Dec. 30. I thought the Magistrate had made clear that the Plaintiffs were to produce all such documents promptly this week, and your failure to produce these documents is impeding progress being made in the case. We do have very serious Rule 11 concerns about your clients' claims, and your failure to produce these basic documents only underscores those concerns. Several of your clients, including the three FL plaintiffs, have submitted sworn Declarations stating that they have searched for and produced documents "relevant to this action," though we of course have not received any such documents yet from your clients. We again would

urge you to immediately produce all documents we have requested, and withhold only such documents that you contend are privileged.  The document requests that were served on your clients were very narrowly tailored and seek basic, core documents that your clients must produce this week.

For some reason, you also continue to ignore our request that you confirm that you have complied with the certification requirements of the Voyager Adversary Proceeding PO.  Please confirm prior to our meet and confer that you have complied with such PO, and have destroyed or returned to Debtors' counsel any documents produced by Debtors' counsel to you, and forward to us any certification of compliance that you provided to Debtors' counsel.  We look forward to your providing evidence of your compliance.

The proposed Stipulation on the Motion to Dismiss briefing schedule you have provided is unacceptable.  It contains, for example, a number of material misstatements.  Combined with other comments you make in your emails and the Plaintiffs' general approach in this case, it appears that the Plaintiffs' tactic here is to attempt to prolong, as long as possible, a day of reckoning of the Court's determination as to whether the claims that are asserted by the named Plaintiffs in the Amended Complaint against Defendants are meritless claims that should be dismissed on multiple grounds (and should never have been asserted against Defendants), apart from the gating issue of whether there is an utter lack of personal jurisdiction over the Defendants.  We have no objection (subject to Defendants' Rule 11 concerns noted herein) to your right to seek targeted jurisdictional discovery, per the Magistrate's guidance on discovery, provided your clients comply this week with their own discovery obligations, and make Plaintiffs available to be deposed as directed by the Magistrate. I continue to think, for example, that if your clients file their responsive papers on January 3 addressing the Defendants' entire Motion to Dismiss, that the most sensible approach is for the parties to be able to supplement their Motion to Dismiss briefing with short supplemental submissions after the completion of any jurisdictional briefing. That would be a very practical approach. We are happy to discuss the scheduling issues with you tomorrow.  In the meantime, to avoid any confusion, Defendants' position is that Plaintiffs' response to the Motion to Dismiss remains due, as ordered by Judge Altman, on January 3, 2023.  Plaintiffs already have received a 30 day extension of time from the Court to prepare their response, and have had more than enough time to prepare a response to the Motion to Dismiss.

Subject to your compliance with your clients' discovery obligations, and with full reservation of Defendants' rights, Mr. Cuban's deposition in early February was supposed to focus on jurisdictional issues.  That was what was discussed with the Magistrate. You appear to now be trying to change the terms of Mr. Cuban's proposed jurisdictional deposition. If Mr. Cuban's deposition proceeds in early February, it will have to be conducted in Dallas.
With respect to Messrs. Mackey and Tapply, they are not available in late January 2023 to be deposed.

With respect to document discovery by Defendants that was to begin on Jan. 13, you fail to note that it was to be done on a rolling basis, as discussed with the Magistrate, pursuant to search terms of related protocols that we will provide to you.  That said, if Plaintiffs remain in default of their basic discovery obligations and fail to produce the FL plaintiffs to be deposed, we reserve all rights to defer commencement of any document production by Defendants until Plaintiffs are in compliance with their own discovery obligations. We also expressly reserve all

2

other rights, based on the ongoing investigation that Defendants are conducting as to whether Plaintiffs have failed to comply with their Rule 11 obligations in commencing and pursuing this case, and the implications of that for the entire case.

We do need to have dates for the depositions of your FL plaintiffs confirmed tomorrow. We want to depose all three FL plaintiffs prior to January 13, 2023 in person at the offices of Fowler White. Your suggestion that you may "be adding...any Florida residents and plaintiffs and will thus make them available for deposition" is totally improper, and is rejected. Litigation is not a bait and switch operation in which a plaintiff's counsel can unilaterally sub out plaintiffs who turn out to have fatal defects that should have been known by counsel prior to commencement of suit. If, as we believe, the claims of your named Plaintiffs, including your three FL named plaintiffs are bogus, you are not permitted to simply unilaterally substitute in new named plaintiffs to try to kick the can down the road to delay dismissal of the case. Any motion to amend, including any motion to substitute or add plaintiffs will be vigorously opposed by Defendants. As for when and where the Plaintiffs are deposed, if one of your FL plaintiffs has upcoming unspecified surgery, we are prepared to depose him at Fowler White prior to the surgery and would appreciate written confirmation from a doctor as to the nature and timing of surgery. As for Ms. Gold, we are prepared to have her in person deposition conducted at Fowler White with only women in the room, and we are confident we can fully accommodate her needs as has been done in other depositions we have taken in similar circumstances. As for the non-FL plaintiffs, please give us by Friday proposed dates for their depositions in February. We will address separately the location of the depositions of such non-FL plaintiffs.

With respect to non-party depositions, we are a bit puzzled by your latest proposed non-party discovery. As for Sullivan & Cromwell, I do not believe you provided a notice of subpoena, but only purported exhibits to a possible subpoena. It is unclear when you propose to take this non-party deposition. Further, this appears to be a pure fishing expedition to take discovery in your pending FTX case via a purported non-party deposition in our case. On its face, that would appear to be entirely improper, and request that you withdraw this proposed subpoena. With respect to Mr. Gronkowski, we are reviewing your proposed subpoena to him and reserve all rights.

In closing, we want to underscore the seriousness of our Rule 11 concerns here. We do not believe there ever were any good faith grounds for this nuisance lawsuit to have been asserted by the Plaintiffs against Mr. Cuban or the Mavericks, and will continue to vigorously protect and defend our clients' interests. In short, we reserve all rights.

Please confirm if you and your colleagues are available for a meet and confer tomorrow at 8 am.

Sig

Sigmund S. Wissner-Gross
Counselor at Law

Brown Rudnick LLP
Seven Times Square
New York, NY 10036

T: 212-209-4930

F: 212-938-2804

C: 516-729-9726

swissnergross@brownrudnick.com

www.brownrudnick.com

---

**From:** Adam Moskowitz <Adam@moskowitz-law.com>
**Sent:** Tuesday, December 27, 2022 2:30 PM
**To:** Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com>; Rejane Passos <rejane@moskowitz-law.com>; atifford@fowler-white.com <atifford@fowler-white.com>; aherazo@fowler-white.com <aherazo@fowler-white.com>; rshindler@fowler-white.com <rshindler@fowler-white.com>; cknight@fowler-white.com <cknight@fowler-white.com>; golivares@fowler-white.com <golivares@fowler-white.com>; egalicia@fowler-white.com <egalicia@fowler-white.com>; sabreu@fowler-white.com <sabreu@fowler-white.com>; Meyers, Jessica N. <JMeyers@brownrudnick.com>; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; Best, Stephen A. <SBest@brownrudnick.com>; Kerns, Daniel F. <DKerns@brownrudnick.com>
**Cc:** Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; dboies@bsfllp.com <dboies@bsfllp.com>; aboies@bsfllp.com <aboies@bsfllp.com>; lcarlsen@bsfllp.com <lcarlsen@bsfllp.com>; szack@bsfllp.com <szack@bsfllp.com>; balexander@bsfllp.com <balexander@bsfllp.com>; Cwashenko@BSFLLP.com <cwashenko@BSFLLP.com>; mayala@bsfllp.com <mayala@bsfllp.com>; ashaw@bsfllp.com <ashaw@bsfllp.com>; José Ferrer <jose@markmigdal.com>
**Subject:** RE: SERVICE OF COURT DOCUMENT - Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al

**CAUTION:** External E-mail. Use caution accessing links or attachments.

---

Thanks Sig.  I hope you and your team are having a great holiday season.

**First,** and most pressing, is a deadline that is **today**, but we still have not heard anything from you and/or Chris.  During our hearing with Magistrate Judge Reid last week, Chris told us and the Court, that you were going to contact Mediator Mr. Rodney Max, so that you could reserve confirmed date this summer and file the Notice of Mediation by the deadline this week.  We have not heard back from you, so I spoke to Rodney Max, who told me that he already reserved for Chris Knight 6 dates in August (2 sets of dates to pick from) in August to put in the Notice, August 15, 16, 17 or August 22, 23, 24, (because Chris wanted the middle of the week). We simply picked August 15, 16 or 17, and attach a proposed Notice of Mediator Selection with Proposed Order in this regard. Please confirm no objection by 4:00pm EST today, so we can make sure it gets filed today by the Court ordered deadline.

**Second**, we think it makes sense to discuss all of the pending discovery issues all at once, so we can make sure we are on the same page, have all of the planning confirmed and see if we need to get any clarification and/or help from Judge Reid.  We can jump on a Zoom call on this Thursday (let us know a good time) if we need to discuss anything in person.

1. You will provide to us by this Friday at noon with 2 confirmed dates (we will pick one) between February 1st and 10th to depose Defendant Mark Cuban, in full (with no restrictions, as your motion to stay was denied) and for the full amount of time provided by the federal rules. We are going to take his deposition live, so please let us know the best location to set the deposition.

2. You will provide to us by this Friday at noon 2 confirmed dates between January 16th and 31st for Ryan Mackey (Senior Vice President of Corporate Partnerships for the Mavericks) and Kyle Tapply (Senior Director of Corporate Partnerships for the Mavericks), who you identified in your interrogatory responses that had personal knowledge of the Mavericks/Voyager Partnership. We may also take these depositions in person (and/or by Zoom), so please let us know the best location to set them. We will certainly see later if we need the other people you identified in your interrogatory.

3. You will produce to us all of your responsive discovery materials by January 3rd, that relates to "jurisdictional issues" and you will produce all other responsive discovery materials by January 13th. You will use your best efforts, as required by the federal rules, to provide all of the responsive discovery. Please make sure to specifically include any and all of the information/documents regarding: (a) Mr. Cuban's Voyager account (and/or his family or related parties), including any and all shares and/or interests in Voyager stock and/or tokens, cryptocurrency and/or securities on the Voyager platform (whether purchased and/or provided), (b) his due diligence relating to Voyager, including specifically if the Earn Program Accounts were considered as "securities," and (3) any and all Voyager Agreements.

4. We will provide to you by this Friday at noon confirmed dates for three of our named plaintiffs that are Florida residents, Pierce Robertson, Rachel Gold, and Sanford Gold (we will let you know if we will be adding any additional Florida residents and plaintiffs and will thus make them available for deposition). You request to take them here in Miami in person and we will do our best to accommodate your requests. We will work on making other named plaintiffs available for Zoom depositions in February and March.

5. We provided you all of our discovery responses as per the federal rules on December 22nd, the initial deadline to respond to the requests with no extensions. We are glad to set a meet and confer to discuss those requests, after you have the opportunity to review all of those responses. We will also provide any and all responsive materials as we indicated in those responses.

6. Joint Motion: As we agreed on the hearing with Judge Reid, In the attached draft Stipulation and proposed Order, we explain to Judge Altman that we already conducted our extensive discovery hearing with Magistrate Judge Reid and we all agreed on a revised discovery schedule, in that Judge Altman denied the Motion to Stay. We agreed to complete Mr. Cuban's full deposition and all of the jurisdictional discovery, prior to Plaintiffs filing a Response to the

Motion to Dismiss or a Motion for Leave to Amend the Complaint, so we hereby respectfully request the Court extend the deadlines to February 24th, when we agreed on the record before Magistrate Judge Reid that we would be jointly moving to extend the deadline for Plaintiffs to either oppose the motion to dismiss or to move for leave to amend the complaint.  Let us know any thoughts/edits by tomorrow, so we can get that on file tomorrow.

7.     In addition to Stephen Ehrlich's confirmed deposition, currently scheduled for January 25th in Stamford, attached are subpoenas for deposition duces tecum to Robert Gronkowski and Corporate Representative(s) of Sullivan + Cromwell, who we will also be deposing in the second half of January. As with Mr. Ehrlich's deposition, to the extent travel is difficult for anyone, we will make these depositions available via Zoom as well.

Thanks again, Adam

Adam M. Moskowitz
The Moskowitz Law Firm
2 Alhambra Plaza
Suite 601
Coral Gables, Fl 33134
305.740.1423 main
786.309.9561 direct
adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>
www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

**From:** Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com>
**Sent:** Monday, December 26, 2022 12:01 PM
**To:** Rejane Passos <rejane@moskowitz-law.com>; atifford@fowler-white.com; aherazo@fowler-white.com; rshindler@fowler-white.com; cknight@fowler-white.com; golivares@fowler-white.com; egalicia@fowler-white.com; sabreu@fowler-white.com; Meyers, Jessica N. <JMeyers@brownrudnick.com>; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; Best, Stephen A. <SBest@brownrudnick.com>; Kerns, Daniel F. <DKerns@brownrudnick.com>
**Cc:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; dboies@bsfllp.com; aboies@bsfllp.com; lcarlsen@bsfllp.com; szack@bsfllp.com; balexander@bsfllp.com; Cwashenko@BSFLLP.com; mayala@bsfllp.com; ashaw@bsfllp.com
**Subject:** Re: SERVICE OF COURT DOCUMENT - Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al

Adam, we hope you and your co-counsel have had a pleasant holiday weekend.

Please let us know by noon tomorrow as to the following:

1. Will Plaintiffs be producing all the non-privileged documents we have requested by COB this Friday, Dec. 30. If not, and if you plan to continue to maintain the same objections that are addressed in my Dec. 23 email, please let us know when you and/or your co-counsel are available for a meet and confer on Wednesday or Thursday of this week. If we cannot resolve this issue, we need to promptly bring it to the Magistrate's attention.
2. Our request that you provide proof of the certification(s) regarding return or destruction of documents required under the PO in the Voyager Adversary Proceeding against your clients.
3. Dates in early or mid-January that Pierce Robertson, Rachel Gold and Sanford Gold are available to be deposed in person at Fowler White's offices in Miami. We'd ask that you also provide us by the end of this week with proposed deposition dates for the balance of the named Plaintiffs, per the Magistrate's guidance on timing on this issue.

Regards,

Sig

Sigmund S. Wissner-Gross

Counselor at Law

Brown Rudnick LLP

Seven Times Square

New York, NY 10036

T: 212-209-4930

F: 212-938-2804

C: 516-729-9726

swissnergross@brownrudnick.com

7

www.brownrudnick.com

---

**From:** Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com>
**Sent:** Friday, December 23, 2022 10:17 AM
**To:** Rejane Passos <rejane@moskowitz-law.com>; atifford@fowler-white.com <atifford@fowler-white.com>; aherazo@fowler-white.com <aherazo@fowler-white.com>; rshindler@fowler-white.com <rshindler@fowler-white.com>; cknight@fowler-white.com <cknight@fowler-white.com>; golivares@fowler-white.com <golivares@fowler-white.com>; egalicia@fowler-white.com <egalicia@fowler-white.com>; sabreu@fowler-white.com <sabreu@fowler-white.com>; Meyers, Jessica N. <JMeyers@brownrudnick.com>; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; Best, Stephen A. <SBest@brownrudnick.com>; Kerns, Daniel F. <DKerns@brownrudnick.com>
**Cc:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; dboies@bsfllp.com <dboies@bsfllp.com>; aboies@bsfllp.com <aboies@bsfllp.com>; lcarlsen@bsfllp.com <lcarlsen@bsfllp.com>; szack@bsfllp.com <szack@bsfllp.com>; balexander@bsfllp.com <balexander@bsfllp.com>; Cwashenko@BSFLLP.com <Cwashenko@BSFLLP.com>; mayala@bsfllp.com <mayala@bsfllp.com>; ashaw@bsfllp.com <ashaw@bsfllp.com>
**Subject:** Re: SERVICE OF COURT DOCUMENT - Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al

Adam, thank you for serving "Plaintiffs' Omnibus Response to Defendants' First Omnibus Requests for Production to Plaintiffs."

Can you confirm by COB today when Plaintiffs will be producing the documents they have committed to produce pursuant to Plaintiffs' Omnibus Response? We would request that all such documents be produced no later than COB on December 30, 2022. As you will recall, the Magistrate Judge indicated during our recent hearing that she expected the Plaintiffs' documents to be promptly produced upon the response deadline, which was December 22 for the document requests directed to Plaintiffs.

As for the objections asserted in the Plaintiffs' Omnibus Response, please advise when you are available next week (after the holiday weekend) for a meet and confer to discuss your objections. A number of them, on their face, appear frivolous, and we do hope that you will withdraw various objections. By way of illustration, you object to Request 10 and Request 12 based on a claim that the requests seek "confidential information," but the Magistrate Judge already has entered a Protective Order in the case providing for confidential (or highly confidential) treatment of precisely such information. Furthermore, your boilerplate objections to producing documents relating to any cryptocurrency or other investment accounts other than any Voyager accounts makes no sense at all, and is basic information that any named plaintiff in a similar case should be expected to produce. At a minimum, we would ask you to withdraw the foregoing objections and produce next week all the documents sought in Requests 10-12 as well. If we can't resolve our dispute with respect to these and any other

boilerplate and we think improper objections, we will seek prompt relief from the Magistrate Judge in accordance with her procedures.

Finally, we note that under the terms of Section 14 of the Confidentiality Stipulation and Protective Order in the Voyager v. Robertson Adversary Proceeding, you were required to "certify" to Debtors that you have either returned all copies of documents provided (including summaries and excerpts) or destroyed such materials. You were required to do so within 60 days of conclusion of the Adversary Proceeding.  That 60 day period has elapsed.  Please provide to us by COB today a copy of the certification you provided to Debtors.  We also request that you provide to us by COB today any similar certification provided to Debtors by any of your co-counsel or any other parties that you may have shared a copy of such materials with. As you are aware, a copy of the Sponsorship Agreement was provided to you in the Adversary Proceeding without the Mavericks' prior knowledge or consent.  Putting aside for the moment whether you obtained a copy of the Sponsorship Agreement at a time when its use was restricted to an AEO basis, under the Adversary Proceeding Protective Order, you were required to certify to Debtors by now as to your compliance with the return or destruction of the materials that you obtained from Debtors. Please provide us with a copy of such certification(s) by COB today.

Thanks, and have a pleasant holiday weekend.

Regards,

Sig

Sigmund S. Wissner-Gross

Counselor at Law

Brown Rudnick LLP

Seven Times Square

New York, NY 10036

T: 212-209-4930

F: 212-938-2804

C: 516-729-9726

swissnergross@brownrudnick.com

www.brownrudnick.com

---

**From:** Rejane Passos <rejane@moskowitz-law.com>
**Sent:** Thursday, December 22, 2022 9:14 PM
**To:** atifford@fowler-white.com <atifford@fowler-white.com>; aherazo@fowler-white.com <aherazo@fowler-white.com>; rshindler@fowler-white.com <rshindler@fowler-white.com>; cknight@fowler-white.com <cknight@fowler-white.com>; golivares@fowler-white.com <golivares@fowler-white.com>; egalicia@fowler-white.com <egalicia@fowler-white.com>; sabreu@fowler-white.com <sabreu@fowler-white.com>; Meyers, Jessica N. <JMeyers@brownrudnick.com>; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com>; Best, Stephen A. <SBest@brownrudnick.com>; Kerns, Daniel F. <DKerns@brownrudnick.com>
**Cc:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; dboies@bsfllp.com <dboies@bsfllp.com>; aboies@bsfllp.com <aboies@bsfllp.com>; lcarlsen@bsfllp.com <lcarlsen@bsfllp.com>; szack@bsfllp.com <szack@bsfllp.com>; balexander@bsfllp.com <balexander@bsfllp.com>; Cwashenko@BSFLLP.com <Cwashenko@BSFLLP.com>; mayala@bsfllp.com <mayala@bsfllp.com>; ashaw@bsfllp.com <ashaw@bsfllp.com>; Rejane Passos <rejane@moskowitz-law.com>
**Subject:** SERVICE OF COURT DOCUMENT - Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al

---

**CAUTION:** External E-mail. Use caution accessing links or attachments.

---

| COURT: | UNITED STATES DISTRICT COURT<br><br>SOUTHERN DISTRICT OF FLORIDA |
|---|---|
| CASE NO.: | 1:22-cv-22538-RKA |
| PLAINTIFF(s): | PIERCE ROBERTSON et al, on behalf of himself and others similarly situated, |
| DEFENDANT(s): | MARK CUBAN and DALLAS BASKETBALL LIMITED, d/b/a Dallas Mavericks |
| DOCUMENT(s): | 1. **PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' FIRST OM<br>PRODUCTION TO PLAINTIFFS** |

10

| | |
|---|---|
| **SENDER(s):** | Adam M. Moskowitz, Esq. |
| | Joseph M. Kaye, Esq. |
| | Barbara C. Lewis, Esq. |
| **TELEPHONE NO.:** | (305) 740-1423 |

Rejane Passos

Paralegal

**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114

**For Hand Deliveries Use:**

251 Valencia Ave. #141609

Coral Gables, FL 33114

Office: (305) 740-1423

Direct: (786) 309-9572

http://www.moskowitz-law.com

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time consuming and costly. We have not made and have not been asked to make that type of analysis in connection with any advice given in this e-mail. As a result, we are required to advise you that any Federal tax advice rendered in this e-mail is not intended or written to be used and cannot be used for the purpose of avoiding penalties that may be imposed by the IRS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*