# Exhibit 9

| | |
|---|---|
| **From:** | Best, Stephen A. |
| **To:** | Adam Moskowitz |
| **Cc:** | Wolkinson, Rachel O.; Wissner-Gross, Sigmund S.; Rejane Passos; atifford@fowler-white.com; aherazo@fowler-white.com; rshindler@fowler-white.com; cknight@fowler-white.com; golivares@fowler-white.com; egalicia@fowler-white.com; sabreu@fowler-white.com; Meyers, Jessica N.; Kerns, Daniel F.; Joseph Kaye; Barbara C. Lewis; Howard Bushman; dboies@bsfllp.com; aboies@bsfllp.com; lcarlsen@bsfllp.com; szack@bsfllp.com; balexander@bsfllp.com; cwashenko@bsfllp.com; mayala@bsfllp.com; ashaw@bsfllp.com; José Ferrer |
| **Subject:** | Re: SERVICE OF COURT DOCUMENT - Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al |
| **Date:** | Friday, December 30, 2022 4:54:38 PM |

Dear Adam

I'd appreciate clarification/confirmation on below please. You state below that all Florida based plaintiffs have standing. Yet,

1- Pierce appears to have opened his account months before the announced sponsorship agreement, and apparently has perpetuated a fraud(s) on the court;

2- By your admission, Rachel Gold has no standing in that she never opened any account with Voyager, much less relied on any statements from Mark Cuban on behalf of the Mavericks. Moreover, whomever controlled the account seems to have liquidated the account prior to any bankruptcy filing as there is no creditor information filed for her with the Bankruptcy court.

3. Mr. Gold is an unknown other than he has a lengthy criminal record including financial fraud.

None of the Florida based plaintiffs appear to have participated in the Mavericks Voyager promotion.

I'm increasingly worried that your representation appears to be inaccurate. Please advise at your earliest convenience why you believe your clients "all have standing."

Have a nice holiday,
Steve Best

Sent from my iPhone

> On Dec 28, 2022, at 8:55 AM, Adam Moskowitz <Adam@moskowitz-law.com> wrote:



> Thanks Sig, they all have standing. I think Judge Altman agreed in denying your motion to stay, but we will all certainly see the final rulings. Have a great holiday and best wishes for you and your family. Thanks, Adam

> Sent from my iPhone

>> On Dec 27, 2022, at 3:17 PM, Best, Stephen A. <SBest@brownrudnick.com> wrote:

>> Adam

>> I hope you are enjoying the Holidays.

>> I know Sig will respond in detail to all below but I wanted to address one particular point. Thank you your acknowledgment you are in regular contact with your Florida-based clients. The simple question before all of us is whether your clients opened their respective Voyager accounts after the announcement of the Dallas Mavericks sponsorship agreement. As you know, this was at the center of attention in the two plus hour hearing before the Magistrate. The Magistrate insisted your Florida-based clients be deposed in January, not February or March as you suggest below.

>> By continuing with all the discovery below, we are proceeding with an understanding that, after our hearing last week, you have reconfirmed you know or have reason to know that your Florida-based clients have standing in this action. Again, our information is that each of your three Florida-based clients opened their Voyager accounts before the announcement of a Voyager sponsorship agreement with the Dallas Mavericks and none of your Florida-based clients participated in the offer of $100 of free crypto currency which was announced with the Sponsorship. This is in direct contrast to the allegations made in your files complaint. It's not up to us to prove you do not have standing but we will undertake the effort. It's up to you to make a filing in good faith. Please send us documentary confirmation that your Florida-based clients opened their Voyager accounts after the announcement of the 10/21 sponsorship agreement and any information that they participated in the free crypto offer as part of the sponsorship agreement, or any other substantive information to evidence standing.

>> This is notice as a courtesy that we have and continue to incur significant fees and costs as a result of your good faith representation that your Florida-based clients have standing to sue in this action.

>> Thanks and regards,
>> Steve Best

>> Sent from my iPhone

>>> On Dec 27, 2022, at 2:31 PM, Adam Moskowitz <Adam@moskowitz-law.com> wrote:

>>> **CAUTION: External E-mail. Use caution accessing links or attachments.**

>>> Thanks Sig. I hope you and your team are having a great holiday season.

>>> **First,** and most pressing, is a deadline that is **today**, but we still have not heard anything from you and/or Chris. During our hearing with Magistrate Judge Reid last week, Chris told us and the Court, that you were going to contact Mediator Mr. Rodney Max, so that you could reserve confirmed date this summer and file the Notice of Mediation by the deadline this week. We have not heard back from you, so I spoke to Rodney Max, who told me that he already reserved for Chris Knight 6 dates in August (2 sets of dates to pick from) in

August to put in the Notice, August 15, 16, 17 or August 22, 23, 24, (because Chris wanted the middle of the week). We simply picked August 15, 16 or 17, and attach a proposed Notice of Mediator Selection with Proposed Order in this regard. Please confirm no objection by 4:00pm EST today, so we can make sure it gets filed today by the Court ordered deadline.

**Second**, we think it makes sense to discuss all of the pending discovery issues all at once, so we can make sure we are on the same page, have all of the planning confirmed and see if we need to get any clarification and/or help from Judge Reid. We can jump on a Zoom call on this Thursday (let us know a good time) if we need to discuss anything in person.

1. You will provide to us by this Friday at noon with 2 confirmed dates (we will pick one) between February 1st and 10th to depose Defendant Mark Cuban, in full (with no restrictions, as your motion to stay was denied) and for the full amount of time provided by the federal rules. We are going to take his deposition live, so please let us know the best location to set the deposition.

2. You will provide to us by this Friday at noon 2 confirmed dates between January 16th and 31st for Ryan Mackey (Senior Vice President of Corporate Partnerships for the Mavericks) and Kyle Tapply (Senior Director of Corporate Partnerships for the Mavericks), who you identified in your interrogatory responses that had personal knowledge of the Mavericks/Voyager Partnership. We may also take these depositions in person (and/or by Zoom), so please let us know the best location to set them. We will certainly see later if we need the other people you identified in your interrogatory.

3. You will produce to us all of your responsive discovery materials by January 3rd, that relates to "jurisdictional issues" and you will produce all other responsive discovery materials by January 13th. You will use your best efforts, as required by the federal rules, to provide all of the responsive discovery. Please make sure to specifically include any and all of the information/documents regarding: (a) Mr. Cuban's Voyager account (and/or his family or related parties), including any and all shares and/or interests in Voyager stock and/or tokens, cryptocurrency and/or securities on the Voyager platform (whether purchased and/or provided), (b) his due diligence relating to Voyager, including specifically if the Earn Program Accounts were considered as "securities," and (3) any and all Voyager Agreements.

4. We will provide to you by this Friday at noon confirmed dates for three of our named plaintiffs that are Florida residents, Pierce Robertson, Rachel Gold, and Sanford Gold (we will let you know if we will be adding any additional Florida residents and plaintiffs and will thus make them available for deposition). You request to take them here in Miami in person and we will do our best to accommodate your requests. We will work on making other named plaintiffs available for Zoom depositions in February and March.

5. We provided you all of our discovery responses as per the federal rules on December 22nd, the initial deadline to respond to the requests with no extensions. We are glad to set a meet and confer to discuss those requests, after you have the opportunity to review all of those responses. We will also provide any and all responsive materials as we indicated in those responses.

6. <u>Joint Motion</u>: As we agreed on the hearing with Judge Reid, In the attached draft Stipulation and proposed Order, we explain to Judge Altman that we already conducted our extensive discovery hearing with Magistrate Judge Reid and we all agreed on a revised discovery schedule, in that Judge Altman denied the Motion to Stay. We agreed to complete Mr. Cuban's full deposition and all of the jurisdictional discovery, prior to Plaintiffs filing a Response to the Motion to Dismiss or a Motion for Leave to Amend the Complaint, so we hereby respectfully request the Court extend the deadlines to February 24th, when we agreed on the record before Magistrate Judge Reid that we would be jointly moving to extend the deadline for Plaintiffs to either oppose the motion to dismiss or to move for leave to amend the complaint. Let us know any thoughts/edits by tomorrow, so we can get that on file tomorrow.

7. In addition to Stephen Ehrlich's confirmed deposition, currently scheduled for January 25th in Stamford, attached are subpoenas for deposition duces tecum to Robert Gronkowski and Corporate Representative(s) of Sullivan + Cromwell, who we will also be deposing in the second half of January. As with Mr. Ehrlich's deposition, to the extent travel is difficult for anyone, we will make these depositions available via Zoom as well.

Thanks again, Adam

Adam M. Moskowitz
The Moskowitz Law Firm
2 Alhambra Plaza
Suite 601
Coral Gables, Fl 33134
305.740.1423 main
786.309.9561 direct
adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>
www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

**From:** Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com>
**Sent:** Monday, December 26, 2022 12:01 PM
**To:** Rejane Passos <rejane@moskowitz-law.com>; atifford@fowler-white.com; aherazo@fowler-white.com; rshindler@fowler-white.com; cknight@fowler-white.com; golivares@fowler-white.com; egalicia@fowler-white.com; sabreu@fowler-white.com; Meyers, Jessica N. <JMeyers@brownrudnick.com>; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; Best, Stephen A. <SBest@brownrudnick.com>; Kerns, Daniel F. <DKerns@brownrudnick.com>
**Cc:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; dboies@bsfllp.com; aboies@bsfllp.com; lcarlsen@bsfllp.com; szack@bsfllp.com; balexander@bsfllp.com; Cwashenko@BSFLLP.com; mayala@bsfllp.com; ashaw@bsfllp.com
**Subject:** Re: SERVICE OF COURT DOCUMENT - Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al

Adam, we hope you and your co-counsel have had a pleasant holiday weekend.

Please let us know by noon tomorrow as to the following:

1. Will Plaintiffs be producing all the non-privileged documents we have requested by COB this Friday, Dec. 30. If not, and if you plan to continue to maintain the same objections that are addressed in my Dec. 23 email, please let us know when you and/or your co-counsel are available for a meet and confer on Wednesday or Thursday of this week.  If we cannot resolve this issue, we need to promptly bring it to the Magistrate's attention.
2. Our request that you provide proof of the certification(s) regarding return or destruction of documents required under the PO in the Voyager Adversary Proceeding against your clients.
3. Dates in early or mid-January that Pierce Robertson, Rachel Gold and Sanford Gold are available to be deposed in person at Fowler White's offices in Miami. We'd ask that you also provide us by the end of this week with proposed deposition dates for the balance of the named Plaintiffs, per the Magistrate's guidance on timing on this issue.

Regards,

Sig

Sigmund S. Wissner-Gross
Counselor at Law

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212-209-4930
F: 212-938-2804
C: 516-729-9726
swissnergross@brownrudnick.com
www.brownrudnick.com

**From:** Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com>
**Sent:** Friday, December 23, 2022 10:17 AM
**To:** Rejane Passos <rejane@moskowitz-law.com>; atifford@fowler-white.com <atifford@fowler-white.com>; aherazo@fowler-white.com <aherazo@fowler-white.com>; rshindler@fowler-white.com <rshindler@fowler-white.com>; cknight@fowler-white.com <cknight@fowler-white.com>; golivares@fowler-white.com <golivares@fowler-white.com>; egalicia@fowler-white.com <egalicia@fowler-white.com>; sabreu@fowler-white.com <sabreu@fowler-white.com>; Meyers, Jessica N. <JMeyers@brownrudnick.com>; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; Best, Stephen A. <SBest@brownrudnick.com>; Kerns, Daniel F. <DKerns@brownrudnick.com>
**Cc:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; dboies@bsfllp.com <dboies@bsfllp.com>; aboies@bsfllp.com <aboies@bsfllp.com>; lcarlsen@bsfllp.com <lcarlsen@bsfllp.com>; szack@bsfllp.com <szack@bsfllp.com>; balexander@bsfllp.com <balexander@bsfllp.com>; Cwashenko@BSFLLP.com <Cwashenko@BSFLLP.com>; mayala@bsfllp.com <mayala@bsfllp.com>; ashaw@bsfllp.com <ashaw@bsfllp.com>
**Subject:** Re: SERVICE OF COURT DOCUMENT - Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al

Adam, thank you for serving "Plaintiffs' Omnibus Response to Defendants' First Omnibus Requests for Production to Plaintiffs."

Can you confirm by COB today when Plaintiffs will be producing the documents they have committed to produce pursuant to Plaintiffs' Omnibus Response?  We would request that all such documents be produced no later than COB on December 30, 2022. As you will recall, the Magistrate Judge indicated during our recent hearing that she expected the Plaintiffs' documents to be promptly produced upon the response deadline, which was December 22 for the document requests directed to Plaintiffs.

As for the objections asserted in the Plaintiffs' Omnibus Response, please advise when you are available next week (after the holiday weekend) for a meet and confer to discuss your objections. A number of them, on their face, appear frivolous, and we do hope that you will withdraw various objections.  By way of illustration, you object to Request 10 and Request 12 based on a claim that the requests seek "confidential information," but the Magistrate Judge already has entered a Protective Order in the case providing for confidential (or highly confidential) treatment of precisely such information.  Furthermore, your boilerplate objections to producing documents relating to any cryptocurrency or other investment accounts other than any Voyager accounts makes no sense at all, and is basic information that any named plaintiff in a similar case should be expected to produce.  At a minimum, we would ask you to withdraw the foregoing objections and produce next week all the documents sought in Requests 10-12 as well.  If we can't resolve our dispute with respect to these and any other boilerplate and we think improper objections, we will seek prompt relief from the Magistrate Judge in accordance with her procedures.

Finally, we note that under the terms of Section 14 of the Confidentiality Stipulation and Protective Order in the Voyager v. Robertson Adversary Proceeding, you were required to "certify" to Debtors that you have either returned all copies of documents provided (including summaries and excerpts) or destroyed such materials. You were required to do so within 60 days of conclusion of the Adversary Proceeding.  That 60 day period has elapsed.  Please provide to us by COB today a copy of the certification you provided to Debtors.  We also request that you provide to us by COB today any similar certification provided to Debtors by any of your co-counsel or any other parties that you may have shared a copy of such materials with. As you are aware, a copy of the Sponsorship Agreement was provided to you in the Adversary Proceeding without the Mavericks' prior knowledge or consent.  Putting aside for the moment whether you obtained a copy of the Sponsorship Agreement at a time when its use was restricted to an AEO basis, under the Adversary Proceeding Protective Order, you were required to certify to Debtors by now as to your compliance with the return or destruction of the materials that you obtained from Debtors. Please provide us with a copy of such certification(s) by COB today.

Thanks, and have a pleasant holiday weekend.

Regards,

Sig

Sigmund S. Wissner-Gross
Counselor at Law

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212-209-4930
F: 212-938-2804
C: 516-729-9726
swissnergross@brownrudnick.com
www.brownrudnick.com

**From:** Rejane Passos <rejane@moskowitz-law.com>
**Sent:** Thursday, December 22, 2022 9:14 PM
**To:** atifford@fowler-white.com <atifford@fowler-white.com>; aherazo@fowler-white.com <aherazo@fowler-white.com>; rshindler@fowler-white.com <rshindler@fowler-white.com>; cknight@fowler-white.com <cknight@fowler-white.com>; golivares@fowler-white.com <golivares@fowler-white.com>; egalicia@fowler-white.com <egalicia@fowler-white.com>; sabreu@fowler-white.com <sabreu@fowler-white.com>; Meyers, Jessica N. <JMeyers@brownrudnick.com>; Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>; Wissner-Gross, Sigmund S. <SWissner-Gross@brownrudnick.com>; Best, Stephen A. <SBest@brownrudnick.com>; Kerns, Daniel F. <DKerns@brownrudnick.com>
**Cc:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; dboies@bsfllp.com <dboies@bsfllp.com>; aboies@bsfllp.com <aboies@bsfllp.com>; lcarlsen@bsfllp.com <lcarlsen@bsfllp.com>; szack@bsfllp.com <szack@bsfllp.com>; balexander@bsfllp.com <balexander@bsfllp.com>; Cwashenko@BSFLLP.com <Cwashenko@BSFLLP.com>; mayala@bsfllp.com <mayala@bsfllp.com>; ashaw@bsfllp.com <ashaw@bsfllp.com>; Rejane Passos <rejane@moskowitz-law.com>
**Subject:** SERVICE OF COURT DOCUMENT - Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al

**CAUTION:** External E-mail. Use caution accessing links or attachments.

| COURT: | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA |
|---|---|
| CASE NO.: | 1:22-cv-22538-RKA |
| PLAINTIFF(s): | PIERCE ROBERTSON et al, on behalf of himself and others similarly situated, |
| DEFENDANT(s): | MARK CUBAN and DALLAS BASKETBALL LIMITED, d/b/a Dallas Mavericks |
| DOCUMENT(s): | <!--[if !supportLists]-->1.   <!--[endif]-->**PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' FIRST OMNIBUS REQUESTS FOR PRODUCTION TO PLAINTIFFS** |
| SENDER(s): | Adam M. Moskowitz, Esq. <br> Joseph M. Kaye, Esq. <br> Barbara C. Lewis, Esq. |
| TELEPHONE NO.: | (305) 740-1423 |

Rejane Passos
Paralegal
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
**For Hand Deliveries Use:**
251 Valencia Ave. #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9572
http://www.moskowitz-law.com

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time consuming and costly. We have not made and have not been asked to make that type of analysis in connection with any advice given in this e-mail. As a result, we are required to advise you that any Federal tax advice rendered in this e-mail is not intended or written to be used and cannot be used for the purpose of avoiding penalties that may be imposed by the IRS.

*********************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

*********************************************************************

<Robertson v. Cuban Proposed Order Scheduling Mediation.docx>
<Robertson v. Cuban Notice of Selection of Mediator.docx>
<Robertson v. Cuban - Subpoena for Deposition Gronkowski.pdf>
<Robertson v. Cuban - Subpoena for Deposition Duces Tecum of Sullivan and Cromwell - Exhibit A.docx>
<Proposed Order on Stipulation to Extend Deadlines to Oppose MTD or Amend Complaint.docx>
<Stipulation to Extend Deadlines to Oppose MTD or Amend Complaint.docx>

*********************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

*********************************************************************