**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No: 1:22-cv-22538 (Altman/Reid)**

---

PIERCE ROBERTSON, RACHEL GOLD, SAN-
FORD GOLD, RAHIL SAYED, CHRISTOPHER
EHRENTRAUT, TODD MANGANIELLO, DAN
NEWSOM, WILLIAM AYER, ANTHONY
DORN, DAMECO GATES, MARSHALL PE-
TERS, and EDWIN GARRISON, on behalf of
themselves and all others similarly situated,

      Plaintiffs,

      v.

MARK CUBAN, et al.

      Defendants.

---

**DEFENDANTS MARK CUBAN'S AND DALLAS BASKETBALL LIMITED'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND
AMENDED CLASS ACTION COMPLAINT**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................................1

FACTUAL BACKGROUND...........................................................................................................3

ARGUMENT ..................................................................................................................................5

I. The Motion Should be Denied For Bad Faith.....................................................................6

  A. The PSAC Is Built On Allegations Known to be False or Frivolous. .....................8

  B. Plaintiffs' Pattern of Seriatim Pleading and Gamesmanship to Evade
   Dismissal...................................................................................................................12

II. In the Alternative, the Motion Should be Held in Abeyance Pending Resolution of
  the Motions for Sanctions. ...............................................................................................14

CONCLUSION................................................................................................................................15

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Abreu v. Alutiiq-Mele, LLC*,
    No. 11-20888-CIV, 2011 WL 13113717 (S.D. Fla. June 13, 2011)..........................................6

*Adbul-Mumit v. Alexandria Hyundai, LLC*,
    896 F.3d 278 (4th Cir. 2018) ...................................................................................................6

*Andrews v. Radiancy, Inc.*,
    No. 6:16-cv-1061, 2017 WL 552873 (M.D. Fla. Feb. 10, 2017)...............................................7

*Aspen Am. Ins. Co. v. Tasal, LLC*,
    No. 6:20-cv-875-Orl-40DCI, 2021 WL 4935769 (M.D. Fla. Feb. 5, 2021)............................7

*Bryant v. Dupree*,
    252 F. 3d 1161 (11th Cir. 2001) ..............................................................................................6

*Buford v. Vang*,
    No. 1:00-CV-06496-AWI-SMS-P, 2006 WL 2652220 (E.D. Cal. Sept. 15,
    2006) .........................................................................................................................................6

*Carter v. SNC-Lavalin Constructors, Inc.*,
    No. DKC 17-3198, 2019 WL 918382 (D. Md. Feb. 25, 2019) ................................................7

*Espey v. Wainwright*,
    734 F.2d 748 (11th Cir. 1984) .................................................................................................6

*Foman v. Davis*,
    371 U.S. 178 (1962).................................................................................................................6

*Gordon v. Terry*,
    684 F.2d 736 (11th Cir. 1982) .................................................................................................6

*GSS Props., Inc. v. Kendale Shopping Cntr., Inc.*,
    119 F.R.D. 379 (M.D N.C. 1998) ............................................................................................7

*Haas v. City of Richmond*,
    No. 3:17-cv-260, 2018 WL 3826776 (E.D. Va. Aug. 10, 2018) ..............................................7

*Lotus Indus. v. City of Detroit*,
    No. 17-134822018 WL 4005608 (E.D. Mich. Aug. 2, 2018)...................................................6

*Minter v. Prime Equipment Co.*,
    451 F.3d 1196 (10th Cir. 2006) ...............................................................................................7

*United States ex rel. Nicholson v. MedCom Carolinas, Inc.*,
    42 F.4th 185 (4th Cir. 2022) ................................................................................6, 7

*Palmer v. Bracy*,
    No. 2:10-CV-98-FTM-36SPC, 2011 WL 4005887 (M.D. Fla. Sept. 9, 2011) .....................1, 6

*Peamon v. Verizon Corp.*,
    581 F. App'x 291 (4th Cir. 2014) ..............................................................................7

*State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*,
    921 F.2d 409 (2d Cir. 1990) ...................................................................................7

*Wood v. Santa Barbara Chamber of Commerce*,
    705 F.2d 1515 (9th Cir. 1983) .................................................................................7

*Zocaras v. Castro*,
    465 F.3d 479 (11th Cir. 2006) .................................................................................1

## Other Authorities

Fed. R. Civ. P. 11 ..................................................................................... *passim*

Fed. R. Civ. P. 11(c) ...........................................................................2, 3, 4, 15

Fed. R. Civ. P. 11(c)(2) ..................................................................................15

Fed. R. Civ. P. 12(b)(6).....................................................................................1

Fed. R. Civ. P. 15 .............................................................................................5

L.R. 7.1(d)(2) ...................................................................................................4

L.R. 15 .............................................................................................................4

Defendants Mark Cuban and Dallas Basketball Limited, d/b/a Dallas Mavericks ("Mavericks") respectfully submit this opposition ("Opposition") to Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint ("Motion" or "Mot.").

## PRELIMINARY STATEMENT

In their latest proposed complaint concerning Voyager, Plaintiffs rely heavily on allegations known by them to be false. It is well-settled, however, that "[h]onesty in representations to the Court is of utmost importance" (*Palmer v. Bracy*, No. 2:10-CV-98-FTM-36SPC, 2011 WL 4005887, at *2 (M.D. Fla. Sept. 9, 2011)) and that Rule 11 of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court" (*Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006)). Here, Plaintiffs flagrantly disregard these basic rules of professional conduct in manufacturing alleged facts contradicted by the very discovery they were permitted to take. Regrettably, in their desperation to invent a narrative, Plaintiffs: fabricate material statements by Mark Cuban that they know he never made; allege Mr. Cuban promoted Voyager on two trips to Miami, even though they know he did not; allege purported purchases by a Florida plaintiff they know—and have conceded—was never a Voyager customer; and knowingly vastly inflate and misstate the frequency and nature of Mr. Cuban's communications with Voyager's CEO, as well as the timeline of Mr. Cuban's few contacts with Voyager. And these are only illustrative examples—there are many others, regarding both Mr. Cuban and the Mavericks, and otherwise, that infect the entirety of the PSAC.

These baseless allegations go to core issues in the case, among them the scope and content of Mr. Cuban's few and isolated statements about Voyager, Plaintiffs' purported reliance on Mr. Cuban, the issue of personal jurisdiction in Florida, and propriety of venue in this District. To be sure, beyond these false allegations, the proposed **second** amended complaint ("PSAC") suffers from fundamental legal flaws that beset the initial and amended complaint—lack of personal jurisdiction, failure to state a claim, failure to join indispensable parties, and venue issues, among others—that will be subject to future motion practice and are expressly preserved by Defendants. To be sure, the Court is not required to rotely grant the Motion, particularly where Plaintiffs have included fabricated alleged facts in a Hail Mary effort to attempt to create a false narrative in the face of discovery that confirmed the opposite, and proceed thereafter to Rule 12(b)(6) briefing on the back of a facially tainted pleading. The failure to comply with basic professional standards

1

must have consequences.  A lawyer should not be permitted to fabricate allegations, which is *per se* bad faith conduct, as has occurred here, to secure leave to replead.

Indeed, the Supreme Court, Eleventh Circuit, and courts nationwide recognize that leave to amend may be denied, as here, for bad faith conduct by counsel and the Plaintiffs.  Here, two types of bad faith are indisputable.  First, the myriad known falsehoods inserted in the PSAC to try to falsely construct an invented narrative alone constitute bad faith.  Put differently, a plaintiff operating in good faith does not, as here, take months of Court-directed discovery only to assert allegations that discovery has unambiguously confirmed to be untrue—particularly following repeated, written, detailed advance communications from Defendants, as here, putting counsel on Rule 11 notice of the factual deficiencies of proceeding with the case.

But there is a second, equally troubling, form of bad faith here:  Plaintiffs' deficient allegations are part of a pattern of seriatim pleading, in which one set of deficient allegations is simply swapped out in response to Rule 11 admonitions in favor of another deficient set of pleadings, in an attempt to perpetually attempt to outrun the Federal Rules and governing law.  As detailed herein, despite its title, the PSAC is in reality the fifth operative or proposed complaint in Plaintiff counsel's never-ending reformulation of their complaint concerning Voyager.  By this gamesmanship, counsel to date has succeeded so far in evading  the Voyager bankruptcy stay, and dodging or delaying a motion to dismiss the amended complaint for lack of personal jurisdiction and failure to state a claim, and a motion to transfer venue of this action to the Northern District of Texas, among others.  With every attempt at a new pleading and new proposed parties, the only constant has been counsel's inability to stop including patently false allegations used to advance meritless theories.  The Court is not required to perpetually indulge this sort of behavior. Plaintiffs' fabrications of claimed record evidence must stop.  Respectfully, five attempts is enough.  Leave should be denied.

However, if the Court is not inclined at present to deny leave outright, a practical and judicially efficient alternative exists.  Given the significance of the latest false allegations and conduct relating thereto, Defendants have filed a motion for sanctions under 28 U.S.C. § 1927 (the "Section 1927 Motion") and anticipate serving within one week upon Plaintiffs' counsel  a Rule 11 Motion concerning the PSAC (the "Rule 11 Motion").  With respect to the latter, under Rule 11(c), counsel will have a 21-day safe harbor within which it can correct their proposed pleading

in an attempt to forgo sanctions.  Such Rule 11 Motion is anticipated to be served by May 19, 2023.

Thus, absent the Motion's immediate denial, the Court may briefly defer a ruling pending resolution of the Section 1927 Motion and any filed Rule 11 Motion.  This makes sense and advances judicial efficiency for three practical reasons.  *First*, because the Rule 11(c) safe harbor permits counsel to correct the pleading within 21 days, another proposed amended complaint could soon be forthcoming, which may involve dropping some of the allegations and parties included in the PSAC; the Court is entitled to know what pleading is at issue before ruling on amendment. *Second*, the Court's resolution of the sanctions motions will inform resolution of the current Motion.  For example, if the Court concludes Plaintiffs or their counsel have engaged in sanctionable conduct with respect to the Motion and PSAC, that will inform its conclusion on bad faith.  *Third*, since Plaintiffs already were accorded extensive jurisdictional and merits discovery, there is no prejudice to Plaintiffs if there is a modest delay in the Court's ruling on the current Motion, and judicial efficiency will be promoted by such short delay.

For the foregoing reasons and others set forth herein, Defendants therefore respectfully request the Motion be denied, or at minimum, held in abeyance pending resolution of the Section 1927 Motion and any filed Rule 11 Motion.

## FACTUAL BACKGROUND

On December 24, 2021, Voyager customer Mark Cassidy—represented by Plaintiffs' counsel—filed a putative class action against Voyager, asserting unfair trade practices and unjust enrichment claims.  Compl., *Cassidy v. Voyager Digital Ltd.*, No. 21-cv-24441 ("*Cassidy*"), ECF No. 1 (Dec. 24, 2021).

On April 28, 2022, Mr. Cassidy filed an amended complaint adding claims based on Voyager's alleged sale of unregistered securities.  Am. Compl., *Cassidy*, ECF No. 46.  In the original and amended *Cassidy* complaints, Mr. Cuban and the Mavericks were not defendants.

On July 8, 2022, *Cassidy* was stayed for the pendency of Voyager's bankruptcy.  *Cassidy*, ECF No. 70.

On August 10, 2022, Cassidy's counsel filed a new Voyager-related complaint (counsel's third overall, and first in this action), dropping debtor Voyager and asserting, on behalf of new Plaintiffs, claims under state securities and consumer protection laws, against Voyager CEO Steven Ehrlich, Mr. Cuban, and the Mavericks.  ECF No. 1. This complaint copied outright large

portions of the *Cassidy* complaints, and even attached the operative *Cassidy* complaint (and exhibits to the *Cassidy* complaint) as an exhibit, thereby incorporating the entire *Cassidy* complaint (and exhibits) by reference.  *Compare* ECF No. 1 *with Cassidy* ECF Nos. 1, 46.

On October 28, 2022, in light of the potential bankruptcy stay of this action given Plaintiffs' naming of Voyager CEO Ehrlich, Plaintiffs filed another amended complaint (their fourth, and second in this action), now dropping Ehrlich as a defendant.  ECF No. 34 ¶¶ 115-32; *see also In re Voyager Digital Holdings, Inc.*, Case No.22-10943-mew, Adv. Proc. No.22-01138-mew (Bankr. S.D.N.Y.), ECF Nos. 18, 23.

On November 18, 2022, Defendants moved to dismiss the Amended Complaint for lack of personal jurisdiction, failure to state a claim, and failure to join necessary party Voyager, which apparently had been omitted as a defendant due to the bankruptcy stay.  ECF No. 41.

On December 1, 2022, rather than opposing in accordance with the rules, Plaintiffs moved for a "brief 30-day extension of time" to conduct jurisdictional discovery.  ECF No. 48.  The Court granted Plaintiffs until January 3, 2023 to file their opposition.  ECF No. 59.

On December 28, 2022, having failed to complete jurisdictional discovery, Plaintiffs moved for a further extension, ECF No. 67, which the Court granted, enabling further jurisdictional discovery, supervised by the Magistrate.  ECF No. 72.

On January 13, 2023, Plaintiffs filed an expedited motion to "substitute and add" additional class representatives, proposing to drop Sanford Gold and add Linda Mayrand and Dominik Karnas as plaintiffs.  ECF No. 80.  The Court denied Plaintiffs' motion for failure to comply with this Court's Local Rules 7.1(d)(2) and 15, because Plaintiffs did not file a proposed amended complaint as an attachment to its motion to substitute.  Mr. Gold was subsequently dropped as a named plaintiff.  ECF No. 88.

On January 31, 2023, in light of discovery confirming that the location of relevant events, parties and evidence indicated, *inter alia*, that key witnesses more conveniently could testify in Texas, where relevant events had occurred,  Defendants moved to transfer the action to Northern District of Texas.  ECF No. 90.  Rather than responding within two weeks per the applicable rules, Plaintiffs moved for a 17-day extension.  ECF No. 107.

On February 21, 2023, following Plaintiffs' failure to respond to Defendants' multiple written communications regarding the frivolous nature of the Amended Complaint's allegations in light of discovery taken, Defendants served Plaintiffs with a Rule 11 motion relating to allegations

concerning the two   remaining Florida plaintiffs.   Per Rule 11(c), the motion was not contemporaneously filed.

On February 23, 2023, one day before the twice-extended deadline to oppose dismissal, the parties jointly sought a 30-day stay of the case.  ECF No. 109.  On March 27, 2023, the parties jointly moved for a further 30-day stay.  ECF No. 111.

On May 9, 2023, after two failed attempts to file a motion for leave to amend in accordance with the rules (ECF Nos. 80, 118), Plaintiffs sought leave to file the PSAC (which would be their fifth Voyager-related complaint, and third in this action).  ECF No. 119.   The PSAC purports to ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████

On May 15, 2023, Defendants, in light of Plaintiffs' conduct with respect, *inter alia*, to two Florida plaintiffs, moved for sanctions under 28 § U.S.C. 1927 (ECF No. 124).  Since the prior Rule 11 issue also remain uncured, Defendants anticipate serving within the next week upon Plaintiffs' counsel a second Rule 11 motion.

As relevant to the Motion, the PSAC contains numerous allegations known by Plaintiffs' counsel, based on discovery taken in this action or otherwise, to be false or materially inaccurate. *See* Argument I.A, *infra*.

## ARGUMENT

Because Plaintiffs demonstrate bad faith in connection with the Motion and PSAC, the Motion should be denied.  In the alternative, a decision on the Motion should be deferred pending the Court's resolution of the Section 1927 Motion and any filed Rule 11 Motion concerning the PSAC.[1]

---

[1] While the PSAC is also subject to dismissal on numerous substantive grounds including, *inter alia*, lack of personal jurisdiction, failure to state a claim, and failure to join a necessary party, those arguments grounds are preserved for a separate motion to dismiss or motion to transfer venue in the event, *arguendo*, leave to replead is granted.  Without prejudice to all grounds for dismissal of the PSAC if , *arguendo*, it is allowed to be filed, Defendants' focus in this Opposition on the bad faith prong of a Rule 15 determination.

## I.      The Motion Should be Denied For Bad Faith.

Putting aside the core proposition that underpins Defendants' pending and forthcoming sanctions motions—"honesty in representations to the Court is of utmost importance," *Palmer v. Bracy*, 2011 WL 4005887, at *2 (M.D. Fla. Sept. 9, 2011)—leave to amend may be denied where a movant acts in bad faith.  *See Bryant v. Dupree*, 252 F. 3d 1161 (11th Cir. 2001) (court need not allow amendment "where there has been . . . bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Gordon v. Terry*, 684 F.2d 736, 739 (11th Cir. 1982) (affirming denial of leave to amend where plaintiff, *inter alia*, "exhibited bad faith").  Plaintiffs' own authorities acknowledge this. *See* Mot. 4-6 (quoting, *inter alia*, "bad faith" language in *Foman*, 371 U.S. at 182 and in *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984)).  And courts in this District, in cases in which leave to amend is ultimately granted, have "strongly caution[ed]" counsel that "Rule 11 sanctions may be appropriate" in the event that factual allegations turn out to be unsupported by adequate evidentiary support or otherwise made in bad faith. *Abreu v. Alutiiq-Mele, LLC*, No. 11-20888-CIV, 2011 WL 13113717, at *4 (S.D. Fla. June 13, 2011).

One form of bad faith is including known misrepresentations in a proposed complaint or statements to the court in seeking leave to amend.  *See, e.g.*, *Lotus Indus. v. City of Detroit*, No. 17-134822018 WL 4005608 (E.D. Mich. Aug. 2, 2018) (denying motion to amend for "bad faith," where plaintiff's use of deposition testimony in violation of protective order to make key allegations "[was] only exacerbated by their clear misrepresentations about the substance of [the] testimony"); *Buford v. Vang*, No. 1:00-CV-06496-AWI-SMS-P, 2006 WL 2652220, at *12 (E.D. Cal. Sept. 15, 2006) (plaintiff's assertion of good faith in bringing motion to amend "unpersuasive" where motion ignored prior rulings and plaintiff's "proffered explanation" was "belied" by the facts, with court "compelled to conclude that plaintiff is unwilling to deviate from the pattern of abusive litigation tactics, misrepresentations, and obstinate refusal to abandon meritless positions even when confronted with the irrefutable evidence of their meritlessness"); *see also United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 200 (4th Cir. 2022) (reaffirming denial of motion to amend because plaintiff's inclusion of misleading and inconsistent statements is evidence of bad-faith lawyering); *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 n.7 (4th Cir. 2018)  (where plaintiffs repeatedly adhered to deficient complaints despite invitations to correct, "the misleading and inconsistent assertions made on behalf of [plaintiffs]" during oral

argument "also indicate bad faith"); *Peamon v. Verizon Corp.*, 581 F. App'x 291, 292 (4th Cir. 2014) (denying motion to amend because plaintiff knowingly misled court in an attempt to obtain subject matter jurisdiction).

Another form of bad faith amendment is improper gamesmanship to evade substantive rulings, such as seriatim amendment that shifts legal theories, or the tactical withholding of key known facts from the pleading. *See, e.g.*, *Andrews v. Radiancy, Inc.*, No. 6:16-cv-1061, 2017 WL 552873, at *2 (M.D. Fla. Feb. 10, 2017) ("An inference of bad faith sufficient to deny leave to amend may arise when a movant fails to include known facts in an initial complaint as a 'tactical maneuver[ ] to force the court to consider various theories seriatim.'"); *Nicholson*, 42 F.4th at 200 (changing "'substantive facts from one filing to the next' to avoid dismissal" is bad faith conduct and grounds for denying motion to amend); *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("Courts will properly deny a motion to amend [based on bad faith] when it appears that the plaintiff is using Rule 15 . . . to present 'theories seriatim' in an effort to avoid dismissal."); *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1520 (9th Cir. 1983) (denying motion to amend for bad faith because plaintiff used "repetitious motions to amend" as a "tactic" by previously filing a similar motion in the case and through a "series of amended complaints in a prior related lawsuit"); *see also Aspen Am. Ins. Co. v. Tasal, LLC*, No. 6:20-cv-875-Orl-40DCI, 2021 WL 4935769 (M.D. Fla. Feb. 5, 2021) (denying motion to leave for "bad faith," where plaintiff for tactical reasons withheld known facts from prior pleadings); *Carter v. SNC-Lavalin Constructors, Inc.*, No. DKC 17-3198, 2019 WL 918382, at *3 (D. Md. Feb. 25, 2019) ("Bad faith generally involves changing legal theories and the belated presentation of facts which the pleader was already aware of in an effort to delay ultimate resolution."); *Haas v. City of Richmond*, No. 3:17-cv-260, 2018 WL 3826776, at *3 (E.D. Va. Aug. 10, 2018) (holding that "repeated failure to cure deficiencies by amendments previously allowed" shows bad faith); *GSS Props., Inc. v. Kendale Shopping Cntr., Inc.*, 119 F.R.D. 379 (M.D N.C. 1998) ("the Court finds bad faith in plaintiff's withholding facts clearly known to it prior to the filing of the complaint and then moving to amend the complaint where the evidence suggests that plaintiff had an ulterior purpose"); *cf. State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409 (2d Cir. 1990) (affirming denial of motion to amend for, *inter alia*, bad faith, where plaintiff withheld matters from earlier pleadings as tactical maneuver to evade dismissal).

Both forms of bad faith are strikingly present here:  Plaintiffs rely on allegations they know to be false or otherwise baseless based on the discovery they have already taken in the case, and they do so in continuation of their pattern of seriatim amendment to outrun dismissal, stay, or transfer.  Notably, while Plaintiffs offer a short argument as to other potential grounds for denying leave, *see* Mot. at 5-6 (undue delay, undue prejudice, futility), they decline—despite being put on notice—to offer any such argument on bad faith.

## A.      The PSAC Is Built On Allegations Known to be False or Frivolous.

The PSAC contains multiple significant allegations Plaintiffs or their counsel know to be false, misleading, or otherwise without good-faith basis.  Among them are some of the PSAC's most significant allegations:



***False Allegations that Mr. Cuban Described Voyager as*** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  PSAC ¶¶ 326, 352, 372, 455.[2]  As Plaintiffs know, the sole public statements about Voyager attributed to Mr. Cuban occurred exclusively during an approximately 30 minutes press conference held in Dallas, Texas on October 27, 2021. That was the first time—and the last time—Mr. Cuban ever said anything publicly about Voyager. ▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

It is therefore critical that the PSAC actually accurately allege what Mr. Cuban said at the Press Conference.  The PSAC does not.  Two critical statements imputed to Mr. Cuban in the PSAC ▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Plaintiffs are well aware that Mr. Cuban made no such statements in the October 27, 2021 press conference, the discovery indicated no support whatsoever for these allegations, and the allegations are false.  Indeed, a copy of a transcript of the Press Conference was attached as an exhibit to Defendants' Motion to Dismiss, ECF 41-1, so there can be no possible dispute that these critical allegations in the PSAC are patently false. Prior to the filing of the Motion, Defendants so informed Plaintiffs in writing.  These false allegations, going

---

[2] For example, paragraph 455 of the PSAC alleges: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

to the central issue of what Mr. Cuban said in public during the sole occasion when he made any public statements about Voyager, will soon be the subject of related sanctions practice.

*__False Allegation that Mr. Cuban Promoted Voyager While in Florida__*.  PSAC ¶ 242.[3]

As Plaintiff is aware, there is no evidence to support the allegation of Mr. Cuban promoting Voyager on two trips to Miami in early 2022, and it is false. As the Court may recall, Plaintiffs' counsel pretextually used a January 2022 cryptocurrency conference in Miami attended by Mr. Cuban as the centerpiece of his efforts to persuade Magistrate Judge Reid to permit extensive jurisdictional discovery of Defendants.  It was also used as the focal point of Plaintiffs' prior misguided arguments that personal jurisdiction over Defendants existed in this District. *See, e.g.*, ECF Nos. 48, 51, 64-1 (highlighting Plaintiffs' now-disproved allegations that Mr. Cuban and Ehrlich promoted Voyager and likely met while in Miami for a cryptocurrency conference).

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████ entire jurisdictional argument based on these two cryptocurrency conferences was proven to be false. Rather than simply abandon the contention, Plaintiffs now falsely allege that ███████████████████████████████████████████████████████████████ at such Miami cryptocurrency conferences.  Use of the phrase "on information and belief" is not license to fabricate facts, nor can this latest falsehood be forgiven on the basis that a similar egregious falsehoods presented to or implied to this Court— the fiction that Cuban met with Mr. Ehrlich in Miami on such alleged trips—████████████ ████████████ Prior to the Motion, Defendants advised Plaintiffs in writing of the falsity of paragraph 242.  The false allegation in that paragraph, knowingly misstating ████████████████████ ████████████ and seeking to taint any Florida personal jurisdiction and venue analysis, is now or will soon be the subject of sanctions practice.

---

[3]  Paragraph 242 of the PSAC alleges in relevant part: ████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████████████

***False Allegation of Plaintiff Rachel Gold's Purchase in Reliance on Mr. Cuban.***  PSAC ¶¶ 66, 68. As Plaintiffs are aware, the allegation that Rachel Gold, who has conceded she was not even a Voyager customer, purchased an ███████████████████████████████ account with Voyager in reliance on Mr. Cuban is false.[4] ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Prior to the Motion, Defendants so advised Plaintiff in writing. Defendants' Section 1927 Motion addresses other materially false statements regarding Ms. Gold in the PSAC. *See* Section 1927 Motion at 7-11; 13-17. These allegations, going to the viability of Ms. Gold's claims, are now the subject of sanctions practice.

***False Allegations Regarding Mr. Cuban's Communications With Voyager's Ehrlich.*** PSAC ¶ 17 ("████████████████████"). To fabricate the entirely false narrative that Mr. Cuban was extensively involved with day-to-day Voyager activities, Plaintiffs allege, falsely, in the PSAC that Mr. Cuban and Mr. Ehrlich had ███████████████████ Here, Plaintiffs simply fabricate outright an allegation, contradicted by the discovery they have already taken, to

████████████████████████████████████████████████████████████████

████████████████████████████████████████ with Mr. Ehrlich. Not true. It is a cardinal rule of legal practice that a lawyer cannot fraudulently represent as fact to a Court allegations that are known to the attorney to be untrue. Here, the allegation that Mr. Cuban and Mr. Ehrlich had ██████████████████████ is a central factual premise of Plaintiffs PSAC. As Plaintiffs are well aware, however, the exact opposite was the case. ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████ Nor did they even speak often—they very rarely spoke, at most a handful of times, and maintained a distant relationship.[5]  At his deposition, Mr. Ehrlich

---

[4] ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

[5] *See, e.g.*, Ehrlich Tr. 401:14-22

████████████████████████████████████████████████████████████████

testified that he ███████████████████████████████████████████████
████████████████████████████   Both Mr. Cuban and Mr. Ehrlich were deposed and to
the extent they had any limited email communications with each other, it was produced.  Prior to
the Motion, Defendants so advised Plaintiff in writing that the allegation of ███████████████
███████████   was entirely false.   This allegation, going to the central issue of Mr. Cuban's
relationship with Voyager, is now or will soon be the subject of sanctions practice.

**_Misleading Allegations Regarding Timing of Mr. Cuban Involvement in Voyager._**   PSAC
¶¶ 6-12.  Plaintiffs allege in the PSAC that Voyager's Ehrlich became desperate and reached out
to Mr. Cuban ███████████████████████████████████████████████████
███████████████████████████████████████████   But the discovery shows instead that
discussions between the Mavericks and Voyager concerning potential sponsorship ████████████

██████████████████████████████████████████████████████████████████

████████████████████████████ Ehrlich Tr. 312:22-25 ███████████████████████

██████████████████████████████████████████████████████████████████

███████████████████████████████   Further, the PSAC's intentionally confusing recitation of
events at paragraphs 6 through 12 jumps from ███████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████ ▌ Mr. Cuban did appear and speak at the thirty minute press conference with Voyager
in Dallas on October 27, 2021, but that was Mr. Cuban's only public appearance at any Voyager
event.   Prior to the Motion, Defendants advised Plaintiffs in writing ██████████████████
███████████████████████████████   While Plaintiffs initially filed the Motion with the foregoing

───────────────────

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

[6] Ehrlich Tr. 401:19-21 ████████████████████████████████████

[7] *See* PSAC ¶ 26 █████████████████████████████████████████████

███████████████████████████████████████

misleading allegations supplemented by additional sanctionable material, the corrected motion, while now omitting the latter, retains the former.   Because these baseless and misleading allegations go to the core issue of Mr. Cuban's alleged role with Voyager, they are or will be the subject of pending sanctions motions filed by Defendants.

### *Further Frivolous or Misleading Allegations*

Beyond the foregoing open-and-shut instances of false or baseless allegations—*e.g.*, fabricated quotes, imaginary business meetings, misstated chronologies, and the like—that unmistakably evidence *per se* bad faith, counsel's overall approach to this litigation can be seen in a broader pattern extending to casual mischaracterization of key documents, strategic withholding of facts learned in discovery, and other factual manipulations or facially false or misleading factual allegations, in order to advance or invent unsupportable allegations, and then claim that such new bogus allegations can somehow be addressed in future proceedings. While not the subject of this opposition, among the many such examples—which pervade the PSAC—to be addressed in any future motion practice are: █████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
███████████████████████████

**B.**    **Plaintiffs' Pattern of Seriatim Pleading and Gamesmanship to Evade Dismissal.**

The foregoing bad faith taints the judicial process not only by injecting known falsehoods into the analysis, but also by seeking to outrun the Federal Rules and governing law through a

pattern of gamesmanship in which seriatim amendment—in particular, the perpetual swapping in and out new sets of deficient allegations and parties—evades the dismissal or transfer orders that otherwise would long ago have been entered.

This is also apparent from the history of the pleading. The core case theory revolves around alleged securities violations by Voyager, and the first two complaints were against Voyager with only passing mention of Mr. Cuban or the Mavericks, neither of whom was a defendant.[8] *Cassidy*, ECF Nos. 1, 46. But after that case was stayed upon Voyager's bankruptcy, a new complaint was cut and pasted out of *Cassidy*, dropping Voyager and adding Mr. Cuban and the Mavericks, to avoid the stay. Ehrlich was then dropped, to avoid a debtor motion under the bankruptcy stay. *See In re Voyager Digital Holdings, Inc.*, Case No.22-10943-mew, Adv. Proc. No.22-01138-mew (Bankr. S.D.N.Y.), ECF Nos. 18, 23. But because the resulting complaint against Mr. Cuban and the Mavericks provided no basis for jurisdiction in Florida and failed to state a claim, Plaintiffs now seek to swap in or recast allegations, contradicted by the very discovery that Plaintiffs have taken, which either falsely attribute statements to Mr. Cuban he never made or misstate the nature or scope of Mr. Cuban's activities, misstate the record regarding a named Florida plaintiff's purported reliance on Mr. Cuban, or otherwise seek to invent facts contradicted by discovery taken in an attempt to satisfy pleading requirements that otherwise cannot be satisfied. *See* Section 1927 Motion at 18-20. And since Mr. Cuban and the Mavericks sought to transfer this action to the Northern District of Texas, to attempt to preempt such transfer (where key witnesses more conveniently can testify), ████████████████████████████████ having no connection to Mr. Cuban and the Mavericks ████████████████████████████ ████████ in an apparent effort to try to block such transfer. This is not what a good-faith amendment looks like.

But this bad-faith gamesmanship is, if anything, even more clear when one focuses solely on the PSAC itself. To wit:

- To avoid dismissal on personal jurisdiction or transfer of venue, ████████████████ ████████████████████████████████████████████. *See supra*, at 9-10.

---

[8] *See Cassidy*, ECF No. 1 (mentioning Mr. Cuban and the Mavericks as background and in passing in three paragraphs); *Cassidy*, ECF No. 46 (same).

- To avoid violating the bankruptcy stay, Plaintiffs are unable to join indispensable party Voyager absent bankruptcy court order, but have not sought leave of the bankruptcy court to lift the bankruptcy stay to join Voyager. *See supra*, at 4.

- To avoid dismissal due to the fact that (i) the Sponsorship Agreement expressly provides that the Mavericks and Voyager have an independent contractor relationship, and do not have an "agency" or "partnership" relationship, and (ii) discovery confirmed that Mr. Cuban was not a party to the Sponsorship Agreement, and neither Mr. Cuban nor the Mavericks had any direct contact with any named Plaintiffs regarding any specific investment activity any of them had, Plaintiffs now repackage their allegations to falsely allege that ███████████████████ ██████████████████████████████████████████████████████████ *See supra*, at 10-12.

There are more examples, but the pattern is unmistakable. Plaintiffs' practice to date is to outrun the rules and governing law by perpetually swapping in new allegations and parties to delay the day of reckoning. Indeed, as discussed above, the PSAC is in reality the fifth iteration of counsel's proposed complaint concerning Voyager. In constantly trading in and out new sets of allegations and parties, only one constant remains: in every pleading attempt, Plaintiffs' counsel has been unable to forego its reliance on false allegations. Respectfully, five attempts is enough. Leave should be denied.[9]

## II.    In the Alternative, the Motion Should be Held in Abeyance Pending Resolution of the Motions for Sanctions.

While the foregoing is ample basis to deny leave, an efficient and practical alternative exists: hold the Motion in abeyance pending resolution of the pending sanctions motion and forthcoming Rule 11 motion concerning the Motion and PSAC.

As noted, in light of the false and frivolous allegations in the PSAC—including those discussed above, but also several others—Defendants have filed the Section 1927 Motion. In addition, in compliance with Rule 11, Defendants anticipate serving shortly a Rule 11 motion

---

[9] Despite Plaintiffs' citation over the past weekend to the FTX matter, the recent paperless order granting of leave to amend in *Garrison v. Bankman-Fried* has no bearing here. *See* No. 22-cv-23753-KMM, ECF No. 204 (May 12, 2023). The plaintiffs in the *Garrison* action, who are represented by the same counsel as Plaintiffs, sought to amend before any discovery had occurred and in connection to claims arising from dissimilar facts. Here, by contrast, Plaintiffs attempt to assert their fifth Voyager-related complaint almost a year and a half after Plaintiffs' counsel filed the first Voyager-related complaint and after Plaintiffs' counsel conducted discovery that contradicts the allegations in their proposed pleading.

directed to the basic ongoing pleading issues addressed in the Section 1927 Motion and as addressed herein (the second Rule 11 motion necessitated by counsel's conduct, *see* Factual Background, *supra*).  Given the foregoing, holding the Motion in abeyance pending resolution of the Section 1927 Motion and any filed Rule 11 Motion is efficient, for at least two reasons.

*First*, this would enable the Court (and the parties) to be certain which pleading is actually at issue in the Motion.  Specifically, Rule 11(c) provides a plaintiff with a 21-day safe harbor: after a Rule 11 motion is served upon counsel (but not filed), counsel can correct the pleading within 21 days in an effort to avoid Rule 11 sanctions.  *See* Fed. R. Civ. P. 11(c)(2).  It is therefore sensible to see if a new pleading is forthcoming, and if so, to decide amendment issues based upon that pleading, rather than a soon-to-be-superseded pleading.

*Second*, the degree of Plaintiffs' bad faith will be adjudicated as part of the sanctions motions.  Simply put, resolution of those motions will clarify the degree to which Plaintiffs' Motion contains sanctionably false and frivolous allegations.  That answer goes directly to the issue of whether Plaintiffs and their counsel are acting in bad faith.  Before it rules on bad faith, it would be useful for the Court to know and determine if there has been sanctionable conduct in connection with the Motion and PSAC.

Accordingly, if it does not deny the Motion outright, the Court should hold in abeyance its resolution pending its disposition of the Section 1927 Motion and any Rule 11 Motion filed within 28 days of today.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion, or in the alternative, hold it in abeyance pending resolution of the Section 1927 Motion and any Rule 11 Motion filed within 28 days of today.[10]

---

[10] In the event the Court nonetheless grants leave to replead, Defendants expressly reserve the right, *inter alia*, (i) to seek dismissal for lack of personal jurisdiction, under Rule 12(b)(6) and/or for failure to join an indispensable party, (ii) to renew their transfer motion, and  (iii) to otherwise seek sanctions with respect to the bad faith conduct set forth herein.

Respectfully submitted,

/s/ Christopher E. Knight
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:     (305) 789-9201

-and-

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@thehucklawfirm.com

THE HUCK LAW FIRM
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
Telecopier: (305) 441-8849

-and-

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email:  sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email:  rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

*-and-*

SIGMUND WISSNER-GROSS, ESQ.
*Pro Hac Vice*
Email:  swissner-gross@brownrudnick.com

JESSICA N. MEYERS, ESQ.
*Pro Hac Vice*
Email:  jmeyers@brownrudnick.com

BROWN RUDNICK LLP
Seven Times Square
New York, NY  11036
Telephone:  (212) 209-4930

17

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 15, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

## SERVICE LIST

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Barbara C. Lewis, Esq.
Howard M. Bushman, Esq.
The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
E-mail: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Email: barbara@moskowitz-law.com
Email: howard@moskowitz-law.com

*Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

David Boies, Esq.
*Pro Hac Vice*
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Email:  dboies@bsfllp.com

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Stephen Neal Zack, Esq.
szack@bsfllp.com
Hon. Ursula Ungaro (Retired), Esq.
uungaro@bsfllp.com
Tyler E. Ulrich, Esq.
tulrich@bsfllp.com
Boies Schiller Flexner LLP
100 S.E. 2nd St., Suite 2800
Miami, FL 33131

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Jose M. Ferrer, Esq.
Mark Migdal & Hayden
80 S.W. 8th Street, Suite 1999
Miami, FL 33130
Email: jose@markmigdal.com

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

19