# Exhibit C

| | |
|---|---|
| **From:** | CHRISTOPHER E. KNIGHT |
| **To:** | reid@flsd.uscourts.gov |
| **Cc:** | CHRISTOPHER E. KNIGHT; Rachel O. Wolkinson (rwolkinson@brownrudnick.com); Sigmund S. Wissner-Gross; Stephen A. Best; Ronald D. Shindler; Alexandra L. Tifford; Esther E. Galicia; Joseph Kaye; Barbara C. Lewis; Rejane Passos; dboies@bsfllp.com; UUngaro@bsfllp.com; Stephen N. Zack; David Boies2; Angela Herazo; Glorissa Olivares; Howard Bushman; Adam Moskowitz |
| **Subject:** | Robertson, Gold, et. al. v. Mark Cuban, Dallas Basketball Limited, et. al. \| Case No. 1:22-cv-22538 |
| **Date:** | Monday, December 19, 2022 4:45:22 PM |
| **Attachments:** | image212793.png<br>image218338.png<br>image774883.png<br>image679408.png |

Dear Magistrate Judge Reid:

As we have been instructed, and following a meet and confer with opposing counsel today, Defendants respectfully submit the below brief summary of the discovery matters to be heard at tomorrow's hearing. We write to update the Court on the status of counsel's efforts to resolve pending discovery issues. While the parties have been able to resolve some issues, several of the issues remain unresolved, as set forth below, and need to be addressed at tomorrow's hearing:

1. **Selection of a Mediator**

Under the Court's Amended Scheduling Order (ECF No. 58), the parties are required to select a mediator by December 27, 2022. The parties have agreed to request that Rod Max serve as the mediator in this matter, and will be contacting him shortly. Defendants do not believe that any mediation in this matter would be constructive prior to the completion of fact and expert discovery.

2. **Entry of Defendants' Proposed Two-Tiered Confidentiality Order**

Unfortunately, the parties were unable to reach an agreement on the form of a proposed confidentiality order. Defendants have proposed a standard confidentiality order with two tiers of confidentiality: Confidential and Highly Confidential. *See* ECF No. 56-3. A two-tiered confidentiality order is particularly warranted here, as the case involves Mr. Cuban's sensitive personal information (Plaintiffs have already asked for personal financial information from Mr. Cuban) and the Mavericks operate in an extremely commercially sensitive and competitive business space. Courts in this District routinely approve two-tiered confidentiality orders with a Highly Confidential or Attorneys' Eyes Only designation to protect particularly sensitive information. Indeed, Plaintiffs' counsel agreed to a similar two-tiered confidentiality order in a related case against his clients in the Voyager bankruptcy proceeding.

Courts in this District have rejected Plaintiffs' argument regarding the potential for over-designation, recognizing that protective orders provide a mechanism for objecting to any such over-designation. Indeed, Defendants' proposed protective order includes such a provision, through which any party can raise the issue of over-designation before Your Honor. Defendants propose adoption of its proposed two-tiered protective order, a copy of which Defendants can provide prior to the hearing.

3. **The Timing of Mr. Cuban's Deposition**

On November 7, 2022, Plaintiffs noticed Mr. Cuban's deposition for January 13, 2023 at 10:00 am—notwithstanding Plaintiffs' counsel's statement in the Notice of Hearing that it sought to take his deposition before the holidays (ECF 61 at 2).  Defendants' counsel have advised Plaintiffs that neither Mr. Cuban nor his counsel are not available for a deposition prior to the holidays and have asked that Plaintiffs' counsel identify proposed dates in February or March 2023 to depose Mr. Cuban.  Plaintiffs' counsel declined during the meet and confer to provide proposed dates to depose Mr. Cuban in February or March 2023.  *See also* ECF Nos. 49, 49, 51, 55.  Plaintiffs fail to state any legal basis for holding Mr. Cuban's deposition before January 3, 2023.  Under relevant authority, Plaintiffs must assert a basis for taking jurisdictional discovery.  They have failed to do so.

Defendants submit that Mr. Cuban should not be ordered to sit for a deposition over the holiday period in the next two weeks when neither he nor Defendants' counsel are available.  Instead, Plaintiffs must make a showing in their responsive papers as to whether they can demonstrate entitlement to any jurisdictional discovery in their opposition to the motion to dismiss.  The Cuban Declaration is a standard limited jurisdictional declaration, which courts generally require of an individual defendant seeking dismissal for lack of personal jurisdiction.  *See* ECF No. 49 at 5 n.6.

4. **Entry of Phased Discovery Schedule and Amendment of Expert Witness Deadlines**

On December 7, 2022, Defendants timely responded to Plaintiffs' discovery requests, substantively responding to Plaintiffs' interrogatories and requests for notice to admit, and agreeing in response to Plaintiffs' document requests, subject to their stated objections, to conduct a reasonable search for responsive documents.  Defendants served Plaintiffs with document requests, and responses are due on December 22, 2022.  Following execution of a protective order and agreement on an ESI protocol, applicable search terms, and the relevant document custodians, Defendants are willing to commit to a reasonable, reciprocal discovery schedule that will allow both parties to produce responsive and non-privileged documents on a rolling basis.  Defendants anticipate that counsel will need to review a large number of documents in response to Plaintiffs' requests.  Defendants' counsel asked Plaintiffs' counsel, during the meet and confer, to provide search terms and otherwise participate in negotiating an ESI protocol, but Plaintiffs' counsel declined to engage with Defendants' counsel in such process.

Provided a protective order is in place, Defendants propose the following schedule:

- Parties to exchange lists of proposed search terms and a draft ESI protocol by January 6, 2023;
- Parties to finalize search terms and the ESI protocol by January 13, 2023;
- Initiation of document production on January 13, 2023;
- Substantial completion of document production by March 13, 2023; and
- Fact depositions of all witnesses to commence on March 14, 2023.

Defendants also propose adjustment of the deadlines for expert witness reports and rebuttals set forth in Judge Altman's pre-trial discovery schedule (ECF 58), which permits amendment by Your Honor.  Rather than exchange expert reports on February 23, 2023, Defendants submit that it would be far more efficient to schedule the exchange of reports after

documents have been produced.  Defendants propose:

- Submission of expert reports on May 12, 2023; and
- Submission of expert rebuttal reports on June 2, 2023.

5. **Third-Party Depositions**

At the meet and confer, Plaintiffs agreed not to proceed at this time with the third-party depositions of Jeffrey Mishkin (a Skadden attorney and mediator, and former GC to the NBA prior to approximately 2000), Henry "Que" Gaskins (Chief Brand & Innovation Officer at the NBAPA), and Donnie Nelson (former General Manager of the Mavericks, who was fired in June 2021, well prior to the Mavericks' first contacts with Voyager).  While Defendants have advised Plaintiffs that they did not believe any of these non-party witnesses have any relevant information, in the case of Mr. Nelson, Defendants' counsel during the meet and confer offered to join Plaintiffs' counsel on a call to Mr. Nelson's counsel to confirm that fact before any further attempt is made by Plaintiffs' counsel to schedule the Nelson deposition, but Plaintiffs' counsel declined to participate in such a joint call.  The parties have reserved all respective rights on such third-party depositions.

Plaintiffs have noticed the deposition of former defendants Stephen Ehrlich for January 25, 2023.  Defendants have suggested that if depositions in the case commence after the conclusion of document discovery, that Mr. Ehrlich's deposition be adjourned to a date after March 14, 2023.

6. **Plaintiffs' Request to Depose Defendants' General Counsel and Former Associate General Counsel**

Plaintiffs have noticed the depositions of Sekou Lewis, General Counsel to the Mavericks, and Nicole Leach, who formerly served as Associate General Counsel.  Any information Mr. Lewis and Ms. Leach have concerning the relationship between the Mavericks and Voyager is covered under the attorney-client privilege.  Plaintiffs have agreed to not proceed with such depositions.

7. **Whether Some Depositions Will Be in Person**

While the parties agree that most depositions will be conducted remotely (*e.g.*, by Zoom), Defendants believe that the credibility of some of the named Plaintiffs is such that an in-person deposition may be preferable, to ensure adequate examination.  The parties have agreed to work in good faith to identify which depositions are to be taken in person, and the situs of such depositions.

*    *    *

Respectfully submitted,

**CHRISTOPHER E. KNIGHT**
Managing Shareholder



Brickell Arch  
1395 Brickell Avenue  
14th Floor  
Miami, Florida 33131  

direct 305.789.9210  
main 305.789.9200  
mobile 305.607.2624  
fax 305.728.7510  
CKnight@fowler-white.com  
vCard | Bio | Website  



****Please take a moment to review our firm's <u>Privacy Policy</u>****

The information contained in this message and any documents accompanying this transmission are protected under the Electronic Communication Privacy Act, 18 U.S.C. S2510-2521, and may be attorney-client privileged or contain confidential information intended only for the use of the individual(s) or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use of, disclosure, dissemination, distribution, reliance on the contents or copying of this communication is strictly prohibited and may result in legal action against you. If you have received this message in error, please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents. Alternatively, you may notify us by telephone immediately. No liability is accepted for any loss or damage resulting from a computer virus, or resulting from a defect in transmission of this email or any attached file. It is the duty and obligation of the sender to take practical measures to purge or safeguard and avoid providing sensitive metadata embedded in any electronic document to prevent the disclosure of confidential information. Thank you. ****