# Exhibit 1

| Date | Summary |
|---|---|
| December 20, 2022 (*Hearing*) | At a discovery hearing before Magistrate Judge Reid, Defendants' counsel underscored Defendants' "serious questions about the plaintiffs, their standing and causation issues," as Defendants' investigation showed "that at least eight of the 12 named plaintiffs opened their Voyager account" prior to the Press Conference. ECF No. 82-3, Hearing Tr. at 30: 9-16, 35:9-10. |
| December 28, 2022 | Defendants' counsel emailed Plaintiffs' Counsel about these "very serious Rule 11 concerns about [his] clients' claims." Motion Ex. 8, Email from Sigmund Wissner-Gross to Adam Moskowitz at 1. Defense counsel emphasized, "we want to underscore the seriousness of our Rule 11 concerns here. We do not believe there ever were any good faith grounds for this nuisance lawsuit to have been asserted by the Plaintiffs against [Defendants] . . . ." *Id.* at 3. Plaintiffs' Counsel replied, "Thanks . . . long email, but you can bill by the hour." *Id.* at 1. |
| December 30, 2022 | Defendants informed Plaintiffs' Counsel (1) that documents confirmed that Mr. Robertson "opened his account ▇▇▇ before the announced sponsorship agreement" and (2) "[b]y your admission, Rachel Gold has no standing in that she never opened any account with Voyager, much less relied on any statements from Mark Cuban on behalf of the Mavericks." Motion Ex. 9, Email to Adam Moskowitz at 1. |
| January 3, 2023 | Defendants admonished Plaintiffs, "[w]e do not believe a Rule 11 ground ever existed for this case . . . ." ECF No. 82-11, Letter to Adam Moskowitz at 4-5. |
| January 6, 2023 (*Hearing*) | Defendants' counsel again informed Plaintiffs' Counsel and the Court that "the evidence is clear there is no standing for the Florida-based plaintiffs in this case." ECF No. 82-4, Hearing Tr. at 13:13-14; *see id.* at 20:16-17, 24:4-6, 32:16-33:2. Defendants informed the Court that the evidence confirmed that Ms. Gold did not open her own Voyager account (*id.* at 41:24-42:1) and that Mr. Robertson and eight other Plaintiffs falsely claimed to have opened their accounts in reliance on Mr. Cuban's non-existent pre-Sponsorship Agreement statements about Voyager (*id.* at 36:1-10, 37:4-8).<br><br>Defendants' counsel prepared a PowerPoint presentation for the Court, which explained that (i) Plaintiffs inaccurately stated that they opened Voyager EPAs in reliance on Mr. Cuban's statements about Voyager, (ii) nine of the twelve original Plaintiffs, including Mr. Robertson, opened their Voyager EPAs before the Press Conference, (iii) Mr. Robertson's statement that he heard about Voyager from Mr. Cuban in the Summer 2021 was false, and (iv) Ms. Gold never opened a Voyager account in her own name. Motion Ex. 10, PowerPoint Presentation at 9- 11, 15-16. |

| | |
|---|---|
| January 17, 2023<br><br>(***Filing***, **ECF No. 82**) | Defendants again informed Plaintiffs and the Court that Ms. Gold never opened her own Voyager account. ECF No. 82 at 7. Similarly, Defendants stated that "Defendants' investigation had indicated that Pierce Robertson opened a Voyager account in ▇▇▇▇▇ and document discovery obtained from Voyager has confirmed that Mr. Robertson funded his Voyager EPA ▇▇▇▇▇ well before the October 27, 2021 Press Conference." *Id.* *See also* ECF No. 85 at 1 n.3. |