UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22538-ALTMAN/Reid

PIERCE ROBERTSON *et al.*, on behalf
of himself and others similarly situated,

      Plaintiff,

v.

MARK CUBAN, *et al.*,

      Defendants.

_____/

**NOTICE OF DISCOVERY HEARING**

**NOTICE IS HEREBY GIVEN** that the Plaintiffs will raise the following four (4) discovery issues before Magistrate Judge Lisette M. Reid on **June 22, 2023 at 10:00 a.m.**

In accordance with the Court's Discovery Procedures, ECF No. 60, below is the brief substance of the discovery matters to be heard:

1. **Whether discovery should be stayed pending a ruling on Plaintiffs' Motion for Leave to Amend the Complaint. [ECF No. 121].**[1]

    a. On November 18, 2022, Judge Altman denied Defendants' Motion to Stay all discovery while their motion to dismiss was pending, [ECF No. 45], and on January 6, 2023, Your Honor denied Defendants' request to bifurcate discovery. [ECF No. 77]. Following the Parties conducting months of discovery and a brief stay of proceedings, on May 1, 2013, Judge Altman entered an order re-opening this case, subject to the Court's original Scheduling Order with the remaining deadlines advanced by 60 days. [ECF Nos. 58, 109, 111, 117]. Pursuant to that schedule, as extended, discovery is set to close on September 4, 2023, in advance

---

[1] In addition to the exhibits attached to this Notice, Plaintiffs rely on the materials currently in the Docket, located at the referenced docket entries, and the correspondence dated June 1, 2023 submitted *in camera* to the Court. As explained below, Plaintiffs cannot attach the correspondence, pending Motion for Leave to Amend the Complaint or the Proposed Amended Complaint because it is currently filed under seal pending the Court's determination as to whether any referenced materials are properly designated as "Confidential" or "Highly Confidential" pursuant to the Court's Stipulated Protective Order. [ECF No. 65]. Defendants may supplement the record with additional reliance materials.

of trial set to begin February 2024. [ECF Nos. 58, 109, 111, 117]. Plaintiffs then moved for leave to file their amended complaint on May 8, 2023, as contemplated by the Court's January 3rd Order. [ECF Nos. 72, 121]. On May 29, 2023, Plaintiffs re-noticed the Corporate Representative Deposition of the Dallas Mavericks, and issued a Subpoena *Duces Tecum* to the National Basketball Association. *See* **Exhibit A** (Mavericks Rule 30(b)(6) Notice), **Exhibit B** (NBA Subpoena).

b. Defendants submit that discovery should be stayed pending a ruling on any dispositive motions filed against the operative complaint, which will be filed and/or briefed after the Court resolves Plaintiffs' pending motion for leave to amend the complaint.

2. **Whether the Mavericks' Rule 30(b)(6) deposition should take place as noticed (or on the next mutually convenient date).**

a. Defendants submit that discovery should be stayed pending a ruling on any dispositive motions filed against the operative complaint, which will be filed and/or briefed after the Court resolves Plaintiffs' pending motion for leave to amend the complaint. If the Court determines discovery is not stayed and Defendants are unavailable for the noticed July 7, 2023 date, the deposition will be re-noticed to the next mutually convenient date.

3. **Whether, subject to resolving any objections the NBA may raise, the NBA deposition duces tecum should proceed as noticed (or on the next mutually convenient date).**

a. Defendants submit that discovery should be stayed pending a ruling on any dispositive motions filed against the operative complaint, which will be filed and/or briefed after the Court resolves Plaintiffs' pending motion for leave to amend the complaint. If the Court determines discovery is not stayed and Defendants and/or the NBA are unavailable for the noticed July 10, 2023 date, the deposition will be re-noticed to the next mutually convenient date.

4. **Whether Defendants' blanket confidentiality designations for all production and testimony should be dissolved.**

a. The Court's Stipulated Protective Order, [ECF No. 65], provides for the process by which parties may designate documents "Confidential" or "Highly Confidential." All documents and testimony produce by Defendants in this case

have been designated either "Confidential" or "Highly Confidential." As a result, Plaintiffs were constrained to file their proposed amended complaint under seal, pending resolution of the confidentiality designations by the Court. [ECF Nos. 113, 117, 121].[2] Plaintiffs have provided Defendants with more than 30 days' notice that Plaintiffs challenge Defendants' blanket confidentiality designations, *see, e.g.,* [ECF No. 113] at 3 (citing *Houston Specialty Ins. Co. v. Fenstersheib,* 20-60091-CIV, 2022 WL 2669490, at *2 (S.D. Fla. June 8, 2022) (Hunt, M.J.), *report and recommendation adopted sub nom. Houston Specialty Ins. Co. v. Feinstersheib,* 20-60091-CIV, 2022 WL 2666748 (S.D. Fla. July 11, 2022) (Altman, J.)). To date, Defendants have not withdrawn any confidentiality designations.

### LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), Plaintiffs certify that good faith efforts were made to resolve these disputes through various emails and teleconferences. The parties were unable to resolve the above-noted disputes, however, and respectfully require Court intervention to resolve them. In any event, prior to the above-noticed hearing, the Parties will continue to meet and confer to seek to narrow or eliminate the issues prior to the hearing.

---

[2] Plaintiffs rely on, but cannot attach, the proposed Amended Complaint, for the reasons explained in footnote 1.

*CASE NO. 22-cv-22538-ALTMAN/Reid*

Dated: June 2, 2023.

Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: */s/ David Boies*
David Boies
(Admitted *Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Hon. Ursula Ungaro (Ret.)
Florida Bar No. 200883
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
uungaro@bsfllp.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on June 2, 2023, with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam Moskowitz*
Adam M. Moskowitz

4