# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22538-ALTMAN/Reid

PIERCE ROBERTSON *et al*, on behalf
of himself and others similarly situated,

       Plaintiff,

v.

MARK CUBAN and DALLAS
BASKETBALL LIMITED, d/b/a Dallas
Mavericks, *et al*

       Defendants.

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS LIMITED RULE 30(b)(6) REPRESENTATIVE(S)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff's counsel will take the

deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Dallas Basketball Limited, d/b/a Dallas Mavericks (the "Mavericks"), by and through Mavericks' corporate representative(s) with knowledge of the items listed in **Exhibit A,** pursuant to Federal Rule of Civil Procedure 30(b)(6). |
| **DATE**: | July 7, 2023 |
| **TIME**: | 10:00 AM (EST) |
| **LOCATION**: | Winston & Strawn LLP<br>2121 N. Pearl Street, Suite 900<br>Dallas, TX 75201 |
| **ZOOM:** | Contact counsel for zoom information |

The aforesaid deposition will be videotaped before a court reporter, an officer authorized by law to

administer oaths and take depositions in the State of Texas.  The deposition is being taken for the

purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Dallas Basketball Limited, d/b/a Dallas Mavericks (the "Mavericks") shall both designate one or more officers, directors, managing agents, or other persons to testify on its behalf on each topic listed on **Exhibit A** attached hereto.

Dated: May 29, 2023

Respectfully submitted,

| | |
|---|---|
| **By: /s/ Adam M. Moskowitz** | **By: /s/ David Boies** |
| Adam M. Moskowitz | David Boies |
| Florida Bar No. 984280 | (admitted *pro hac vice*) |
| Joseph M. Kaye | Alexander Boies |
| Florida Bar No. 117520 | (admitted *pro hac vice*) |
| Barbara C. Lewis | Brooke Alexander |
| Florida Bar No. 118114 | (admitted *pro hac vice*) |
| **THE MOSKOWITZ LAW FIRM, PLLC** | **BOIES SCHILLER FLEXNER LLP** |
| 3250 Mary Street, Suite 202 | 342  Main Street |
| Coconut Grove, FL 33133 | Armonk, NY 10504 |
| Telephone: (305) 740-1423 | Phone: (914) 749–8200 |
| adam@moskowitz-law.com | dboies@bsfllp.com |
| joseph@moskowitz-law.com | aboies@bsfllp.com |
| barbara@moskowitz-law.com | balexander@bsfllp.com |
| | |
| *Co-Counsel for Plaintiffs and the Class* | Stephen Neal Zack |
| | Florida Bar No. 145215 |
| | **BOIES SCHILLER FLEXNER LLP** |
| | 100 SE 2nd St., Suite 2800 |
| | Miami, FL 33131 |
| | Office: 305-539-8400 |
| | Fax: 305-539-1307 |
| | szack@bsfllp.com |
| | |
| | *Co-Counsel for Plaintiffs and the Class* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: /s/ *Adam Moskowitz*
Adam M. Moskowitz

## EXHIBIT A

## I. DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "The Mavericks," "You," or "Your" means Defendant, Dallas Basketball Limited d/b/a Dallas Mavericks, any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.      "Cuban" means Co-Defendant Mark Cuban and any of his affiliates, representatives, or agents.

3.      "Voyager Entities" means Voyager Digital LTD and Voyager Digital LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "Voyager Platform" refers to the Voyager Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "EPAs" means the interest-bearing Earn Program Accounts offered by the Voyager Entities on the Voyager Platform.

6.      "VGX" refers to the native cryptocurrency exchange token of the Voyager Platform ecosystem.

7.      "Contracts and Agreements" is intended to and shall embrace and include all documents, forms, deeds, leases, memorandums of understanding, electronic correspondence, emails, letters and text messages that define rights and responsibilities between You and any related entity, or You and any other entity affiliated in any way with the promotion, marketing, sale, and servicing of Voyager's mobile application cryptocurrency trading/investment platform.

8.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and

copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

9.      "Communication(s)" means any mode or method of contact for the transmission, dissemination, request for, or receipt of information of any kind including thoughts, mental impressions, ideas, suggestions, etc., conveyed in any format, and by any means or medium whatsoever. This shall include, but shall not be limited to, all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, voice messages, letters, correspondence, notes, telegrams, telexes, emails, advertisements, or any other form of written or verbal intercourse. The requests include communication to, from, or within a corporate entity or organization and include any and all communications by, between, and among its representatives, employees, agents, advisors, brokers, or attorneys (except when privileged).

10.     "Identify:" When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent

discovery requesting the identification of that person.   In all other aspects, "Identify" means to describe, explain, depict, and/or provide details of the information requested.

## II. **FIVE DEPOSITION SUBJECTS**

Pursuant to Rule 30(b)(6), the Mavericks shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1.      All contracts or agreements and circumstances regarding the five-year exclusive, integrated partnership with any of the Voyager Entities and the Mavericks, whereby the Voyager Entities became the Mavericks' first cryptocurrency international partner, including the respective roles You, Cuban, the NBA, Stephen Ehrlich, and the Voyager Entities played in the partnership. See https://www.prnewswire.com/news-releases/voyager-digital-becomes-the-official-cryptocurrency-brokerage-partner-of-the-dallas-mavericks-301410015.html (accessed November 4, 2022).

2.      All research or due diligence YOU, Cuban, and/or the NBA performed regarding whether Voyager's EPAs and/or VGX constitutes a "Security."

3.      All "educational and community programs, global activations, and fan engagement promotions" You or Cuban developed with any of the Voyager Entities, including the "Mavs100" promotion. *See* https://www.prnewswire.com/news-releases/voyager-digital-becomes-the-official-cryptocurrency-brokerage-partner-of-the-dallas-mavericks-301410015.html (accessed November 4, 2022).

4.      Whether You, and/or anyone else of whom You are aware, utilized, in any manner, any confidential information that Mr. Steve Ehrlich may have provided to Mr. Mark Cuban regarding the fact that the Voyager token (VGX) was approved to be traded on any crypto exchange.

5.      Any and all "affirmative approval" that was provided by the NBA to You and/or Mr. Mark Cuban regarding the Voyager/Mavericks Global Partnership.