# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No: 1:22-cv-22538 (Altman/Reid)

| |
|---|
| PIERCE ROBERTSON, RACHEL GOLD, SANFORD GOLD, RAHIL SAYED, CHRISTOPHER EHRENTRAUT, TODD MANGANIELLO, DAN NEWSOM, WILLIAM AYER, ANTHONY DORN, DAMECO GATES, MARSHALL PETERS, and EDWIN GARRISON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MARK CUBAN, et al. <br><br> Defendants. |

## NOTICE OF DISCOVERY HEARING

**NOTICE IS HEREBY GIVEN** that Defendants will raise the following three (3) discovery issues before Magistrate Judge Lisette M. Reid on **June 22, 2023 at 10:00 a.m**:[1]

1. Whether there was at least an implicit understanding that the limited discovery to be taken by Plaintiffs concluded when Plaintiffs were obliged to either respond in opposition to Defendants' Motion to Dismiss (ECF No. 41) or seek leave to file a

---

[1] Defendants initiated the request for this hearing, and Plaintiffs subsequently informed the Court that they had additional matters they wanted the Court to address at a hearing. After Plaintiffs' counsel indicated to the Court that he would prepare a requested Notice of Hearing, Defendants' counsel asked Plaintiffs' counsel to send Defendants a "draft Notice so [Defendants] can review what issues are going to be listed for the Court's review." Exhibit A, June 2, 2023 Email Exchange Between Counsel. Rather than provide this proposed list of issues to Defendants, so that the Court would have a single list of issues to review during the hearing, Plaintiffs filed their Notice of Hearing (ECF No. 149) without any input from opposing counsel. Defendants therefore submit this Notice of Hearing for purposes of the June 22, 2023 hearing.

Second Amended Complaint. Plaintiffs have chosen to seek leave to file a Second Amended Complaint (ECF No. 121), which has yet to be ruled upon.

   a. Whether at this time, there is no operative complaint pending before this Court and thus, there is no authority by which either party can issue subpoenas or take further discovery.
   b. Whether, even if the Court rules there is a present operative complaint, the Court did not extend the discovery that Plaintiffs could take past the date Plaintiffs were obligated to either respond in opposition to Defendants' Motion to Dismiss or seek leave to file a Second Amended Complaint.
   c. Plaintiffs have sent deposition notices out to both Defendant Dallas Basketball Limited, d/b/a Dallas Mavericks and a third party, the National Basketball Association, without a meet and confer and without requesting available dates. Under the present facts and circumstances, is this practice acceptable to the Court?

2. Plaintiffs state that Defendants' "blanket" confidentiality designations for all production and testimony should be dissolved, yet have never once challenged Defendants' confidentiality designations as provided in the Stipulated Protective Order. *See* ECF No. 65 ¶ 12. Moreover, Plaintiffs themselves have designated their own productions as confidential.

   a. Do Plaintiffs have standing to make this argument prior to the Court's ruling on Plaintiffs' motion for leave to amend?
   b. If indeed this issue is properly before the Court:
      i. Are Plaintiffs required to engage in a meet-and-confer process prior to making said request?
      ii. What is Plaintiffs' specific request?
      iii. Have Plaintiffs complied with the procedures set forth in the Stipulated Protective Order (ECF No. 65)?

3. In the past two weeks, Plaintiffs produced, by Court filing, a document purported to be a true and accurate copy of a Power of Attorney form for Rachel Gold. This document is relied on, albeit incorrectly, for Plaintiffs' position that Plaintiff Gold, who was never a Voyager customer, has standing to sue, but was produced three

months after her deposition and after a motion for sanctions has been filed. Defense counsel requested an explanation of the circumstances behind this untimely production to which Plaintiffs have refused to answer. Plaintiffs should be required to provide a detailed explanation to this Court of the circumstances surrounding this untimely production. Specifically, Plaintiffs should be required by this Court to answer:

a. When did counsel make a request of Ms. Gold for this Power of Attorney form?

b. When did Ms. Gold produce this document to counsel?

c. Why was this document not produced to Defense counsel well in advance of Ms. Gold's deposition?

Respectfully submitted this 6th day of June 2023.

/s/ *Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:      (305) 789-9201

-and-

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@lawsonhuckgonzalez.com

LAWSON HUCK GONZALEZ, PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (850) 825-4334

-and-

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email:  sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email:  rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

*-and-*

SIGMUND WISSNER-GROSS, ESQ.
*Pro Hac Vice*
Email:  swissner-gross@brownrudnick.com

JESSICA N. MEYERS, ESQ.
*Pro Hac Vice*
Email:  jmeyers@brownrudnick.com

BROWN RUDNICK LLP
Seven Times Square
New York, NY  11036
Telephone:  (212) 209-4930