# Exhibit A

**From:** Paul Huck
**To:** joseph@moskowitz-law.com
**Subject:** FW: Request for Discovery Hearing: Robertson, et al. v. Mark Cuban, et al., Case No. 1:22-cv-22538-Altman/Reid
**Attachments:** image001.png

Joseph, please send me your draft Notice so we can review what issues are going to be listed for the Court's review.  Thanks, Paul

**Paul C. Huck, Jr. | Shareholder**
Lawson Huck Gonzalez PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
(850) 825-4334 (Tallahassee office)
paul@lawsonhuckgonzalez.com



*This email may contain proprietary, business-confidential and/or privileged material. If you are not the intended recipient of this message, be aware that any use, review, retransmission, distribution, reproduction, or any action taken in reliance upon this message is strictly prohibited.*
--

**From:** Joseph Kaye <joseph@moskowitz-law.com>
**Date:** Friday, June 2, 2023 at 2:37 PM
**To:** FLSDdb_efile Reid <Reid@flsd.uscourts.gov>
**Cc:** Adam Moskowitz <Adam@moskowitz-law.com>, Paul Huck <Paul@lawsonhuckgonzalez.com>, David Boies2 <xboies@gmail.com>, aboies@bsfllp.com <aboies@bsfllp.com>, Brooke Alexander <balexander@bsfllp.com>, Stephen A. Best <SBest@brownrudnick.com>, Rachel O. Wolkinson (rwolkinson@brownrudnick.com) <rwolkinson@brownrudnick.com>, Sigmund S. Wissner-Gross <swissner-gross@brownrudnick.com>, cknight@fowler-white.com <cknight@fowler-white.com>, dboies@bsfllp.com <dboies@bsfllp.com>, szack@bsfllp.com <szack@bsfllp.com>, Barbara C. Lewis <barbara@moskowitz-law.com>, Howard Bushman <Howard@moskowitz-law.com>, Rejane Passos <rejane@moskowitz-law.com>, Dione Iturria <Dione@moskowitz-law.com>, Service <service@moskowitz-law.com>, jose@markmigdal.com <jose@markmigdal.com>, eservice@markmigdal.com <eservice@markmigdal.com>, kristine@markmigdal.com <kristine@markmigdal.com>, tulrich@bsfllp.com <tulrich@bsfllp.com>, Marc V. Ayala <mayala@bsfllp.com>
**Subject:** Re: Request for Discovery Hearing: Robertson, et al. v. Mark Cuban, et al., Case No. 1:22-cv-22538-Altman/Reid

Perfect, Plaintiffs will prepare and file. Thank you Jeremy.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Miami, FL 33133
**Mailing Address:**
P.O. Box 653409
Miami, FL 33175
Office: (305) 740-1423
Direct: (786) 309-9585
https://moskowitz-law.com

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

On Jun 2, 2023, at 2:27 PM, FLSDdb_efile Reid <Reid@flsd.uscourts.gov> wrote:

Great. Please file a Notice of Hearing for that date and time by the end of the day. The Notice should include a numerical list of each issue to be raised before Judge Reid, and any reliance materials should be attached to the Notice as exhibits. Thank you.

Jeremy A. Weberman
Law Clerk to U.S. Magistrate Judge Lisette M. Reid
U.S. District Court for the Southern District of Florida
Tel: (305) 523-5786
Fax: (305) 523-5789

**From:** Joseph Kaye <joseph@moskowitz-law.com>
**Sent:** Friday, June 2, 2023 2:24 PM
**To:** FLSDdb_efile Reid <Reid@flsd.uscourts.gov>

**Cc:** Adam Moskowitz <Adam@moskowitz-law.com>; Paul Huck
<Paul@lawsonhuckgonzalez.com>; David Boies2 <xboies@gmail.com>;
aboies@bsfllp.com; Brooke Alexander <balexander@bsfllp.com>; Stephen A. Best
<SBest@brownrudnick.com>; Rachel O. Wolkinson (rwolkinson@brownrudnick.com)
<rwolkinson@brownrudnick.com>; Sigmund S. Wissner-Gross <swissner-
gross@brownrudnick.com>; cknight@fowler-white.com; dboies@bsfllp.com;
szack@bsfllp.com; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman
<Howard@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; Dione
Iturria <Dione@moskowitz-law.com>; Service <service@moskowitz-law.com>;
jose@markmigdal.com; eservice@markmigdal.com; kristine@markmigdal.com;
tulrich@bsfllp.com; Marc V. Ayala <mayala@bsfllp.com>
**Subject:** Re: Request for Discovery Hearing: Robertson, et al. v. Mark Cuban, et al., Case
No. 1:22-cv-22538-Altman/Reid

**CAUTION - EXTERNAL:**


Thank you Jeremy, yes we have confirmed the parties are available on the 22nd at
10:00am.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Miami, FL 33133
**Mailing Address:**
P.O. Box 653409
Miami, FL 33175
Office: (305) 740-1423
Direct: (786) 309-9585
https://moskowitz-law.com

Note: The information in this email is confidential and intended to be legally privileged.
If you are not the intended recipient, you must not read, use or disseminate the
information contained herein; please advise the sender immediately by reply email and
delete this message and any attachments without retaining a copy. Although this email
and any attachments are believed to be free of any viruses or other defects that may
affect any computer system into which it is received and opened, it is the responsibility
of the recipient to ensure that it is virus-free and no responsibility is accepted by The
Moskowitz Law Firm or the sender of this email for any loss or damage arising in any
way from its use.

On Jun 2, 2023, at 2:19 PM, FLSDdb_efile Reid <Reid@flsd.uscourts.gov> wrote:

Mr. Kaye,
Understood. As of now, June 22 at 10:00 a.m. is available.

Jeremy A. Weberman
Law Clerk to U.S. Magistrate Judge Lisette M. Reid
U.S. District Court for the Southern District of Florida
Tel: (305) 523-5786
Fax: (305) 523-5789

**From:** Joseph Kaye <joseph@moskowitz-law.com>
**Sent:** Friday, June 2, 2023 1:47 PM
**To:** FLSDdb_efile Reid <Reid@flsd.uscourts.gov>
**Cc:** Adam Moskowitz <Adam@moskowitz-law.com>; Paul Huck <Paul@lawsonhuckgonzalez.com>; David Boies2 <xboies@gmail.com>; aboies@bsfllp.com>; Brooke Alexander <balexander@bsfllp.com>; Stephen A. Best <SBest@brownrudnick.com>; Rachel O. Wolkinson (rwolkinson@brownrudnick.com) <rwolkinson@brownrudnick.com>; Sigmund S. Wissner-Gross <swissner-gross@brownrudnick.com>; cknight@fowler-white.com; dboies@bsfllp.com; szack@bsfllp.com; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; Dione Iturria <Dione@moskowitz-law.com>; Service <service@moskowitz-law.com>; jose@markmigdal.com; eservice@markmigdal.com; kristine@markmigdal.com; tulrich@bsfllp.com; Marc V. Ayala <mayala@bsfllp.com>
**Subject:** Re: Request for Discovery Hearing: Robertson, et al. v. Mark Cuban, et al., Case No. 1:22-cv-22538-Altman/Reid

<mark>CAUTION - EXTERNAL:</mark>

Thank you, Jeremy, apologies for the delay. We are conferring with defense counsel, who advised they are not available on the 15th, and are working to confirm whether they are available on the 22nd. Would that date be available if so? Thank you again.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Miami, FL 33133
**Mailing Address:**
P.O. Box 653409
Miami, FL 33175
Office: (305) 740-1423
Direct: (786) 309-9585
https://moskowitz-law.com

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

On Jun 2, 2023, at 1:09 PM, FLSDdb_efile Reid
<Reid@flsd.uscourts.gov> wrote:

Hello All,
Please confirm by the close of business today whether June 15, 2023, at 10:00 a.m. works for the discovery hearing.
Thank you.

Jeremy A. Weberman
Law Clerk to U.S. Magistrate Judge Lisette M. Reid
U.S. District Court for the Southern District of Florida
Tel: (305) 523-5786
Fax: (305) 523-5789

**From:** Adam Moskowitz <Adam@moskowitz-law.com>
**Sent:** Thursday, June 1, 2023 1:01 PM
**To:** Paul Huck <Paul@lawsonhuckgonzalez.com>;
FLSDdb_efile Reid <Reid@flsd.uscourts.gov>; David Boies2
<xboies@gmail.com>; aboies@bsfllp.com; Brooke Alexander
<balexander@bsfllp.com>
**Cc:** Stephen A. Best <SBest@brownrudnick.com>; Rachel O.
Wolkinson (rwolkinson@brownrudnick.com)
<RWolkinson@brownrudnick.com>; Sigmund S. Wissner-
Gross <SWissner-Gross@brownrudnick.com>;
cknight@fowler-white.com; Joseph Kaye
<joseph@moskowitz-law.com>; dboies@bsfllp.com;
szack@bsfllp.com; Barbara C. Lewis <barbara@moskowitz-
law.com>; Howard Bushman <Howard@moskowitz-
law.com>; Rejane Passos <rejane@moskowitz-law.com>;
Dione Iturria <Dione@moskowitz-law.com>; Service
<service@moskowitz-law.com>; jose@markmigdal.com;
eservice@markmigdal.com; kristine@markmigdal.com;
tulrich@BSFLLP.com; Marc V. Ayala <mayala@bsfllp.com>
**Subject:** RE: Request for Discovery Hearing: Robertson, et al.
v. Mark Cuban, et al., Case No. 1:22-cv-22538-Altman/Reid

<mark>CAUTION - EXTERNAL:</mark>

Dear Magistrate Judge Reid:

Plaintiffs' Counsel certainly join in the request
by Defendants' liaison counsel for a discovery
hearing next week. We also provide Your Honor
with a brief history of events, since Judge
Altman has officially re-opened this case.  It
would be silly for Plaintiffs not to inform Your
Honor that after Plaintiffs' requested Leave to
file the Amended Complaint (containing much
of the taken discovery and harmful testimony
 compelled from Defendant Cuban), Defense
Counsel filed, what we contend, is a baseless

and unethical Motion for Rule 1927 Sanctions (with no meet and confer) against one of the former named plaintiffs and personally against Undersigned Counsel.  Judge Altman will certainly deal with those attacks accordingly.

Plaintiffs would be grateful if Your Honor scheduled some time in the next two weeks for the Parties to address a few very important discovery matters, namely, to:

(1) clarify there is still no stay on discovery, which the Court has repeatedly declined to impose;

(2) rule that the Mavericks' one Corporate Representative deposition should take place as noticed (or on a mutually convenient date near to it);

(3) subject to any objections the NBA may raise (they have not yet raised any), that NBA deposition duces tecum should proceed as noticed (or on a mutually convenient date near to it); and

(4) the Defendants' admitted, blanket confidentiality designations for their entire production and every page of Mr. Cuban's testimony should be dissolved, either on the merits (because there has been no information they produced truly deserving of confidential treatment) or as a sanction for abusing the Court's protective order.

1.    <u>DEFENDANTS' REQUEST FOR A "STAY"</u>
<u>OF DISCOVERY SHOULD BE DENIED AGAIN</u>.

a.    **The Court Already Ruled That Discovery
Is Open.**

For some unknown reason, Defendants again
now contend that discovery is "premature" and
essentially seek reconsideration of their
repeatedly-denied requests to stay or limit
discovery. The Court has already considered
and rejected that argument twice: (1) On
November 18, 2022, Judge Altman denied
Defendants' Motion to Stay all discovery while
their motion to dismiss was pending [ECF No.
45]; and (2) on January 6, 2023, Your Honor
denied Defendants' request to bifurcate
discovery [ECF No. 77].

Following those rulings, the Parties have all
conducted significant discovery for months --
including exchanging thousands of documents
and taking over half a dozen depositions. The
parties recently agreed to stand down on
discovery (and administratively close the case)
to conduct confidential settlement discussions,
those discussions did not resolve the litigation
and on May 1, 2013, Judge Altman entered an
order re-opening the case. [ECF No. 117]. The
case is in the same posture as it was before the
brief pause in the litigation. The Court's prior
orders declining to stay or limit the substance of
discovery were not altered by the any of the
failed settlement discussions.

**b.     Plaintiffs' Pending Motion for Leave to Amend Complaint is Not Grounds for "Staying" Discovery.**

After this case was reopened, Plaintiffs filed a Motion for Leave to Amend the Complaint. All parties and the Court have been anticipating this Motion since December 20, 2022, when the parties argued the issue before this Court, [ECF No. 62].  Indeed, even before the brief pause in proceedings, Judge Altman essentially granted Plaintiffs' ability to amend the Complaint in [ECF No. 72], in which the Court extended the deadline for Plaintiffs' response to the Defendants' Motion to Dismiss and instructed that "Plaintiffs shall either respond to the Defendants' Motion to Dismiss [ECF No. 41] or file an Amended Complaint by February 24, 2023." (The agreed pause for settlement discussions went into effect before the Amended Complaint was due). The pending Motion for Leave certainly does nothing to alter the Court's prior rulings declining to stay or impose the restrictions on discovery.

**c.     Proceeding with Discovery Now Is Necessary to Meet the Pre-trial Deadlines**

Plaintiffs now simply want to be ready for the trial set in February 2024. [ECF No. 58.] Plaintiffs need to complete discovery, by the current September 4, 2023 deadline. See ECF Nos. 58, 109, 111.

Some important factual issues that bear directly

on Mr. Cuban's liability to Plaintiffs and the class, which Plaintiffs must cover in discovery now are as follows:

(1) that the NBA apparently never gave "affirmative approval" to the Mavericks/Voyager Global Partnership, a necessary precondition to the Agreement, so (2) Defendant Cuban himself solely gave the Mavericks affirmative approval to enter the partnership with Voyager, only (a) after the NBA expressly stated their "serious legal concerns" that Voyager's offerings were illegal, unregistered securities, and (b) minutes after Voyager founder and CEO Stephen Ehrlich gave Cuban material, non-public, inside stock information regarding the listing of Voyager's VGX token on Coinbase (which token nearly doubled in value between the time Ehrlich disclosed the inside information to Cuban and the date the information became public). Moreover, (3) Plaintiffs intend to discover whether Mark Cuban, or anyone with the Dallas Mavericks, made use of the admittedly material, non-public, inside information (many people have been prosecuted for utilizing this same type of information). It is essential for Plaintiffs to obtain discovery into what information Mr. Cuban possessed and relied upon (whether public information, or material non-public information he received from Voyager insiders) both when Mr. Cuban made his own investments in Voyager products and when he promoted those products to the Plaintiffs. It is also essential that the Mavericks'

corporate representative deposition should take place as noticed (or on a mutually convenient date near to it).

**2.      DEFENDANTS HAVE CLEARY VIOLATED THE COURT'S INSTRUCTIONS REGARDING CONFIDENTIALITY**

Defendants are improperly seeking to stop Plaintiffs' efforts to investigate these issues in discovery, working rabidly to try and seal <u>each and every</u> document, to keep information away from public scrutiny, despite the fact that none of it is genuinely "confidential" under any definition.

For one thing, Defendants have opposed (for no principled reason) Plaintiffs' motion for leave to amend their complaint to include additional plaintiff representatives, additional responsible Voyager Brand Ambassador Defendants, and additional allegations against Cuban and the Mavericks based on what has been learned so far in discovery. Unable to argue futility, prejudice, or untimeliness to oppose Plaintiffs' standard Rule 15 motion, Cuban and the Mavericks manufactured a baseless Motion for Sanction under Section 1927, arguing that purported "bad faith" justifies denying the amendment that has been anticipated for over 6 months.

For another thing, despite ***this Court's repeated admonishments*** not to abuse the Stipulated Protective Order, [ECF No. 65], Defendants have

marked <u>every single document</u> and <u>every word of testimony</u> produced to date as either "confidential" or "highly confidential," forcing Plaintiffs to file their proposed amended complaint under seal and necessitating this Court's intervention to disabuse Defendants of the delusion that information like that in the proposed amended complaint cannot be withheld from the public in violation of their rights to access the courts (and to the detriment of Plaintiffs and the new Defendants, who have yet to be notified of their joinder in this action), simply because it would reveal Defendants' misconduct to the world. There is no legitimate basis to exploit the Confidentiality Order with blanket designations on all documents and testimony.

To be sure, when the Court granted Defendants' requested Protective Order (over Plaintiffs' objection), this Court clearly and unequivocally cautioned the parties, not once but twice, specifically as follows:

**[Magistrate Judge Reid]: While I appreciate [Mr. Moskowitz's] concern regarding the over-designation issue, that is one that can be addressed by Rule 37. That would be an abuse if the vast majority of the documents suddenly turned up as highly confidential.**

See Transcript of December 12, 2022 Hearing before Magistrate Judge Reid at 51:8–11

(emphasis added).

**[Magistrate Judge Reid]: I would add to it that the concerns about over- designation could be remedied by objections to me, that you wouldn't have to write the objection, Mr. Moskowitz. You can simply contact my chambers and we can have an informal hearing, as we are having now, and that we can also attach sanctions, which are already provided for by Rule 37, in that case of over-designation.**

Id., 53:9–15 (emphasis added). This Court made it perfectly clear that sanctions **would be issued** in this case, not based on false personal attacks on Plaintiffs and counsel, but when and if a party intentionally abused the Confidentiality Order, by falsely marking every single page of testimony as "Highly Confidential" (including the innocuous question about how counsel should address Mr. Cuban: "Q: Can I call you Mark? A: No, it's Mr. Cuban").

As set out in the Defendants' "meet and confer" exchange with Plaintiffs' Counsel, included below for ease of reference, Defendants' machinations regarding their designation abuse (and their motivations for doing so) are readily ascertainable.

Frankly, the fact that Defendants illegally received—and possibly used—insider trading information as an inducement to enter the Voyager Global Partnership without NBA

approval is not information that the Stipulated Protective Order is meant to cover.

Although the Motion for Leave to Amend is pending before Judge Altman, the information within the proposed complaint is not now properly designated confidential in any manner. In the interests of justice and judicial economy, Plaintiffs now (and have provided more than 30 day Notice to Defendants) challenge all of them before this Court, who should determine as soon as practicable whether the designations should be dissolved.  The burden under the Agreement is on Defendants to justify these designations which are in clear in **violation of the Court's instructions**.

Plaintiffs would also request the Court to consider whether Defendants' abuse of the Court's Stipulated Protective Order warrants sanctions from this Court pursuant to Rule 37 and/or the Court's inherent authority. Without consequences for their pattern of discovery abuses, Defendants will certainly continue to create unnecessary obstacles within the 3 months left to complete discovery in advance of trial.

Very Respectfully submitted,

Adam Moskowitz

DEFENDANTS' PRE-DISCOVERY HEARING REQUEST

"CONFERRAL":

From: Paul Huck <Paul@lawsonhuckgonzalez.com>
Date: Tuesday, May 30, 2023 at 5:02 PM
To: Adam Moskowitz <Adam@moskowitz-law.com>
Cc: Joseph Kaye <joseph@moskowitz-law.com>, David Boies
<xboies@gmail.com>, Howard Bushman
<Howard@moskowitz-law.com>, Jose Ferrer
<jose@markmigdal.com>,
szack@bsfllp.com<szack@bsfllp.com>, Tyler Ulrich
<tulrich@bsfllp.com>, Brooke Alexander
<balexander@bsfllp.com>, Marc V. Ayala
<mayala@bsfllp.com>
Subject: Re: Robertson, et al. v Cuban, et al.

Adam,
Thank you.
Paul

Paul C. Huck, Jr. | Shareholder
Lawson Huck Gonzalez PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
(850) 825-4334 (Tallahassee office)
paul@lawsonhuckgonzalez.com

This email may contain proprietary, business-confidential
and/or privileged material. If you are not the intended
recipient of this message, be aware that any use, review,
retransmission, distribution, reproduction, or any action
taken in reliance upon this message is strictly prohibited.
--

From: Adam Moskowitz <Adam@moskowitz-law.com>
Date: Tuesday, May 30, 2023 at 4:57 PM
To: Paul Huck <Paul@lawsonhuckgonzalez.com>
Cc: Joseph Kaye <joseph@moskowitz-law.com>, David Boies
<xboies@gmail.com>, Howard Bushman
<Howard@moskowitz-law.com>, Jose Ferrer
<jose@markmigdal.com>,
szack@bsfllp.com<szack@bsfllp.com>, Tyler Ulrich
<tulrich@bsfllp.com>, Brooke Alexander

<balexander@bsfllp.com>, Marc V. Ayala
<mayala@bsfllp.com>
Subject: Re: Robertson, et al. v Cuban, et al.

We oppose, thanks. Adam

Sent from my iPhone

On May 30, 2023, at 4:43 PM, Paul Huck
<Paul@lawsonhuckgonzalez.com> wrote:

Adam.

Thank you for your email.  I can't tell from it whether or not
you agree to or oppose the motion to file the unredacted
reply memo under seal, with the redacted memo being filed
publicly.  Could you let me know, and whether or not you
want to have a meet and confer call about it?

Many thanks,
Paul

Paul C. Huck, Jr. | Shareholder
Lawson Huck Gonzalez PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
(850) 825-4334 (Tallahassee office)
paul@lawsonhuckgonzalez.com

This email may contain proprietary, business-confidential
and/or privileged material. If you are not the intended
recipient of this message, be aware that any use, review,
retransmission, distribution, reproduction, or any action
taken in reliance upon this message is strictly prohibited.
--

From: Adam Moskowitz <Adam@moskowitz-law.com>
Date: Tuesday, May 30, 2023 at 4:27 PM
To: Paul Huck <Paul@lawsonhuckgonzalez.com>
Cc: Joseph Kaye <joseph@moskowitz-law.com>, David Boies
<xboies@gmail.com>, Howard Bushman
<Howard@moskowitz-law.com>, Jose Ferrer

<jose@markmigdal.com>,
szack@bsfllp.com<szack@bsfllp.com>, Tyler Ulrich
<tulrich@bsfllp.com>, Brooke Alexander
<balexander@bsfllp.com>, Marc V. Ayala
<mayala@bsfllp.com>
Subject: Re: Robertson, et al. v Cuban, et al.

Paul, your Motion is unethical, scandalous and obviously
brought solely to try and threaten and intimidate counsel
into dropping the proposed Amended Complaint against
Mark Cuban.  That tactic is not only unprofessional, but
certainly sanctionable in itself (but we will not waste the
Court's time).

We will continue with our upcoming depositions, to see if
the NBA actually provided the "affirmative approval" as Mr.
Cuban stated under oath and we will uncover if anyone
related to the Mavericks, utilized the insider trading
confidential information that Steve Ehrlich admitted under
oath, that he gave to Mark Cuban directly, in order to get
him to finally approve the Voyager/Mavericks Global
Partnership. Public records show that many people illegally
used that information to pump up the stock (namely that the
Voyager token would be traded on the Coinbase exchange).

You know that we filed a motion to substitute Pierce out as a
class representative many months ago, and the Court told us
to do such when we seek to amend the complaint, within
that deadline, which is what we did.

You deposed Pierce for a full day, collected every bit of his
requested information and now he is not even a proposed
class representative, because we have 14 others, many from
Florida. After discovery is revealed, not every proposed class
representative is perfect and that is why the law allows
substitution even 6-7 years into a case, such as David's
current Blue Cross class case.

We have never litigated with Sid and Steve, (who boast
about helping Mark defeat the SEC and Steve may certainly
be a fact witness in our case, in that Mark specifically
introduced Steve Ehrlich to Steve Best, who gave him crypto
advice), but certainly would expect much better from you,
after all of our years working with your great dad.

It is almost incredible that you are now moving for sanctions, not under Rule 11, but essentially arguing that we have (unreasonably and sanctionable) extensively delayed this case (we wanted to slow it down and create needless costs and fees for all of us, especially when you all get paid every hour)

Voyager filed for bankruptcy, you filed numerous motions to stay, that were all eventually denied, and insisted on depositing Pierce, in person with 7 lawyers. It would be comical, if you were not seeking personal sanctions again me, my reputation and 2 of our 14 clients.

Mark Cuban still proudly tweets about his "gorilla warfare" with the SEC, as well as his "years" of arbitration with his Mavericks former general manager (that Mark lost after many years of him "inflicting pain" on Don Nelson), but as a respected officer of this court, sometimes you can decide not to be a hired gun for a wealthy client. You are much better than that.

We agreed the first time and allowed you to file your Motions for Sanctions Against Client and Counsel under seal, because you represented to us, that you were only filing materials "under seal", that were truly "highly confidential".

Unfortunately as we predicted, you filed information that clearly could never be considered "highly confidential", under any good faith basis. We certainly cannot agree again to your wholesale marking everything "highly confidential", just because the materials are against your allegations, and so they are kept hidden from the public. Moreover, you should not feel you need to hide these abusive tactics against me, because all the truth will eventually come out.

Magistrate Reid made it very clear that she would not hesitate to issue sanctions against your team, if you abused this designation process. We will not agree to the same wholesale designations because they were sanctionable the first time you abused the procedure, and you would again be violating the procedures.

Finally, you made many representations to the Court about one of the Class Plaintiffs and now that the case was re-opened, you have her "Power of Attorney", which shows

that her statements were 100% accurate and your personal attacks on her were false. Please make sure to correct all of those false attacks in any Reply.

I would ask that you re-consider whether you are proceeding down a path that you can be proud to tell others.  Feel free to attach a copy of this email with your Reply, to state our position to the Court. Thx., Adam

Sent from my iPhone

On May 30, 2023, at 3:24 PM, Paul Huck <Paul@lawsonhuckgonzalez.com> wrote:

Gentlemen,

Good afternoon.  We are finalizing a reply memo in support of the 1927 motion, and we anticipate that the reply will contain information that the protective order requires to be filed under seal.  To that end, we are drafting up a separate motion for leave to file the unredacted reply under seal and a redacted version of the reply publicly.  You, of course, will get a copy of both the unredacted and redacted reply memos.  When is a time that works for you later this afternoon or evening for a meet and confer re: whether you have any objection to the motion to file under seal?  As this is consistent with the parties' practice to date, I don't anticipate that the call will last too long.

Thanks,
Paul

Paul C. Huck, Jr. | Shareholder
Lawson Huck Gonzalez PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
(850) 825-4334 (Tallahassee office)
paul@lawsonhuckgonzalez.com

This email may contain proprietary, business-confidential and/or privileged material. If you are not the intended recipient of this message, be aware that any use, review, retransmission, distribution, reproduction, or any action

taken in reliance upon this message is strictly prohibited.
--

Adam M. Moskowitz
The Moskowitz Law Firm
2 Alhambra Plaza
Suite 601
Coral Gables, Fl 33134
305.740.1423 main
786.309.9561 direct
adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>
www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

**From:** Paul Huck <Paul@lawsonhuckgonzalez.com>
**Sent:** Wednesday, May 31, 2023 6:58 PM
**To:** Reid@flsd.uscourts.gov
**Cc:** Stephen A. Best <SBest@brownrudnick.com>; Rachel O. Wolkinson (rwolkinson@brownrudnick.com) <RWolkinson@brownrudnick.com>; Sigmund S. Wissner-Gross <SWissner-Gross@brownrudnick.com>; cknight@fowler-white.com; Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; dboies@bsfllp.com; szack@bsfllp.com; Barbara C. Lewis <barbara@moskowitz-law.com>; Howard Bushman <Howard@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; Dione Iturria <Dione@moskowitz-law.com>; Service <service@moskowitz-law.com>; jose@markmigdal.com; eservice@markmigdal.com; kristine@markmigdal.com
**Subject:** Request for Discovery Hearing: Robertson, et al. v. Mark Cuban, et al., Case No. 1:22-cv-22538-Altman/Reid

Judge Reid,

Good evening.  On behalf of Defendants Mark Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks, we write to request a brief Zoom hearing later this week or early next week relating to discovery in this matter.

A brief update on the procedural posture of this case is useful for context.

As the Court is aware, Defendants moved to dismiss the first amended complaint, including for lack of personal jurisdiction and failure to state a claim.  Pursuant to this Court's Orders, Plaintiffs proceeded with merits discovery; Defendants produced approximately 6,700 documents (both jurisdictional and merits-related), and, as directed by the Court, Plaintiffs deposed Defendant Mark Cuban, two employees of the Defendant Mavericks, and third-party Stephen Ehrlich (Voyager's president).  At the same time, the Court permitted Defendants to conduct jurisdictional discovery relating to the Florida plaintiffs; Defendants deposed Rachel Gold and Pierce Robertson (named plaintiff Sanford Gold dropped out of the case shortly before his deposition was to be taken), and Plaintiffs produced documents from those plaintiffs or other then-named plaintiffs.

Based on information learned through discovery, Defendants moved to transfer the case to the Northern District of Texas.

Rather than respond to Defendants' pending motion to dismiss, Plaintiffs moved for leave to file a second amended complaint pursuant to Rule 15.  Among other things, the proposed new pleading adds three new defendants and drops Pierce Robertson as a named plaintiff.  Judge Altman has not yet ruled on Plaintiffs' Rule 15 motion.  As a result, there is not an operative pleading in this case, nor is the universe of potential defendants closed.

Earlier this week, without prior notice to Defendants, Plaintiffs served a notice to take the deposition of the Mavericks' 30(b)(6) representative. Considering the uncertainty regarding the status of the pleadings, this is premature.  It is exacerbated by the fact that Plaintiffs' counsel did not coordinate proposed dates with Defendants. My co-counsel, Stephen Best, wrote to Mr. Moskowitz and informed him that he had not ever reached out to discuss and the filing was premature because the Court had not ruled on the motion to seek leave to amend.  Mr. Best further informed Plaintiffs that if this Court allows the leave

to amend, discovery is still not timely as there will be a new round of dispositive motions filed.  Plaintiffs ignored Mr. Best's note and issued a subpoena to third-party the National Basketball Association.  That subpoena suffers from the same defects as the notice to the Mavericks' corporate representative.   Respectfully, Plaintiffs are engaging in an abuse of process before this Court. Defendants ask that this discovery be put off, at a minimum, until the Court has ruled on the pending motion to amend and we know what pleading Plaintiffs will be traveling under and against whom. Additionally, once those questions are answered, Defendants ask that Plaintiffs be required to coordinate dates for depositions with all defense counsel in the case, rather than unilaterally setting them.

Thank you for your consideration.

Respectfully submitted,

Paul Huck

**Paul C. Huck, Jr. | Shareholder**
Lawson Huck Gonzalez PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
(850) 825-4334 (Tallahassee office)
paul@lawsonhuckgonzalez.com

<image001.png>

*This email may contain proprietary, business-confidential and/or privileged material. If you are not the intended recipient of this message, be aware that any use, review, retransmission, distribution, reproduction, or any action taken in reliance upon this message is strictly prohibited.*
--

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.