UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-cv-22538-ALTMAN/Reid

Pierce Robertson, *et al.*, on behalf of themselves and
all others similarly situated,

 **Plaintiffs,**

v.

Mark Cuban, et al.,

 **Defendants.**
_____/

# PLAINTIFFS' NOTICE OF FILING
# ADDITIONAL SOURCE MATERIAL FOR JUNE 22, 2023 DISCOVERY HEARING

Magistrate Judge Reid:

 Plaintiffs respectfully submit the following additional **Source Materials** for the June 22, 2023 Zoom Discovery Hearing, scheduled to begin at 10:00am EST.

 Incredibly, even after Judge Altman denied their Motion for Sanctions against Plaintiffs [ECF No. 153], granted Plaintiffs' Motion Leave to file their Amended Complaint, [ECF No. 152], and realizing that they may be sanctioned themselves for failing to heed this Court's warnings about discovery misconduct, Defendants' counsel *__again__* falsely represented to Your Honor that Plaintiffs "never once challenged Defendants' confidentiality designations as provided in the Stipulated Protective Order." [ECF No. 151 at 2]. Such statements are again false and Defendants' conduct in making them should not be condoned by this Court.

 Defendants' counsel's new "Discovery Notice," [ECF No. 151], which not only was never discussed with Plaintiffs, ***but worse,*** it contains statements that Defense Counsel ***know*** are false, and they have been repeating these same false statements to the Court for the past month.

 Before Judge Altman granted Plaintiffs leave to file the Amended Complaint (containing newly discovered evidence Mark Cuban has been trying to keep sealed from the public), the Parties agreed four (4) issues would be heard at the upcoming Discovery Hearing:

1

(1) would the sole fact Judge Altman had (at that time) yet to rule on Plaintiffs' Motion to Amend justify staying all discovery, despite that Judge Altman already reopened the case and entered an Order denying Defendants' motion to stay discovery;

(2) if discovery is not (and should not) be stayed, can Defendants unilaterally prevent one 3rd party subpoena to the NBA (who has not filed opposition), seeking a handful of documents, to confirm whether (or not) the NBA actually gave its required "affirmative approval" of this unique deal;

(3) if discovery is not (and should not) be stayed, can Defendants unilaterally prevent Plaintiffs from taking the Corporate Representative deposition of Defendant Mavericks (like they were already were permitted by this Court with Defendant Cuban); and

(4) should the Court overrule Defendants' improper blanket confidentiality designations (on everything), which Plaintiffs have repeatedly challenged, in accordance with the Stipulated Protective Order (ECF No. 65), which Defendants ignored, and which Plaintiffs respectfully submit, subjects Defendants and/or their counsel to Rule 37 sanctions.

Your Honor *clearly* warned Defense Counsel, that if they abuse the "Confidential" designation – especially the "Highly Confidential" designation, this Court would not hesitate to levy Rule 37 sanctions. See citations in ECF Nos. 113, 129 (at 2–3), and 149.

The uncontroverted facts are that Defense counsel marked every single email, every document, and every bit of testimony, as either "Highly Confidential" or "Confidential," and ignored Plaintiffs' attempts to confer about *any* of them, never provided a basis for *any* of the confidential designations, and have refused to alter any of them in *any* way.

Plaintiffs provide below just some of the Source Materials, that we respectfully request Your Honor review, and then decide whether Defense Counsel: (1) was truthful, when they continuously represent to Your Honor that Plaintiffs never followed the requirements of the Stipulated Protective Order and inform Defense counsel of any objections to their improper designations, and (2) whether Defense counsel have abused the confidentiality designation procedures, as Your Honor specifically warned them not to do.

The uncontroverted facts are that Plaintiffs informed Defense Counsel on **<u>no less than 7 occasions,</u>** that marking "Confidential" and "Highly Confidential" on every document and testimony, and demanding that all such materials be kept <u>*under seal*</u>, is in clear violation of the Court's instructions and specifically violates the Protective Order. Plaintiffs spent the last two months informing Defense Counsel -- as per the Protective Order -- that Plaintiffs disagree with the demand that every document and testimony be <u>filed under seal</u> (away from the public) and the Protective

Order required Defendants to prove their burden to justify each designation, something they clearly have never done.

In fact, Judge Altman previously ruled that if and when he allowed the Amended Complaint, the issue of what needs to remain secret would be a decision for Magistrate Judge Reid, as long as such designations were done in good faith. How could any counsel argue (in good faith) that every document, and every single bit of Mr. Cuban's testimony, must remain under seal and hidden from the public?

There can be no dispute that Plaintiffs even shared the now approved Amended Complaint with Defendants weeks in advance, specifically identifying dozens of specific documents and materials that Defendants improperly marked "Confidential" or "Highly Confidential," and required them to be kept under seal.[1]

For example, after providing Defendants the proposed Amended Complaint, Plaintiffs' emailed Defendants' counsel (Paul Huck, Jr., Stephen Best, and Rachel Wolkinson) on April 16, 2023, stating:

> We have reviewed all of the allegations and evidence and **do not believe that anything cited in the proposed Amended Complaint text and/or exhibits need to be treated as "confidential" and thus filed under seal, but we certainly understand that you may disagree and thus need to confer. The Protective Order states that we are to try and confer on as much as possible, and if we cannot agree, we allow the Court to decide what needs to be filed under seal.**

Following up again the next week, Plaintiffs' counsel again emailed Defendants' counsel (Paul Huck, Jr., Stephen Best, Rachel Wolkinson, Sigmund Wissner-Gross, and Tom Melsheimer) on April 23, 2023, stating:

> We plan to file our Amended Complaint under seal, **but as we informed you last week, we will request that the Court allow us to file the Amended Complaint in the public court file. We have not been persuaded yet that there is anything in it that satisfies the definition of "Confidentiality" under our Protective Order.**

---

[1] Plaintiffs stated <u>the only document</u> which should be sealed was a document Plaintiffs already redacted, which included personal information, such as the names and email addresses of the thousands of Florida resident class members, who all utilized the special "MAVS100" promotional code Defendant Mark Cuban touted and encouraged to class members, during his Global Mavericks/Voyager Press Conference, so they all received a bonus for signing up for a new Voyager account. Defense Counsel *never* opposed such request and has *never* even discussed or mentioned any materials produced by the Plaintiffs, as specifically *required* by the Protective Order.

Rather than engage in *any meaningful conferral* over their improper designations, Defendants' counsel Stephen Best emailed a letter to Plaintiffs' counsel, instead again attacking counsel and arguing that the proposed Amended Complaint was "meritless", and threatening Plaintiffs' counsel "that Defendants' counsel will again seek sanctions if they proceed with moving for leave to file it".

> "The proposed SAC, … simply injects … equally meritless arguments regarding Mr. Cuban and the Mavericks. We would urge you and your co-counsel to drop this meritless lawsuit … the SAC rests on a series of flawed legal premises—… in the event Plaintiffs seek leave to file the SAC and/or are permitted leave to file the SAC, will be the subject of further Rule 11 motion practice."

Defendants' counsel has threatened Plaintiffs and their counsel since the very inception of this litigation. Because Defendants continued to simply refuse to state **any** basis for **any** of their "Highly Confidential" or "Confidential" designations, Plaintiffs were forced to request permission from Judge Altman on April 24, 2023, to file all of these materials under seal, pending Your Honor's review as these were improperly designated, see [ECF No. 113 at 3–4]:

> … after conducting an *in camera* review of the proposed Second Amended Complaint, the Court should enter an Order authorizing Plaintiffs to file the Second Amended Complaint publicly in the Court file, **because the parties have conducted numerous meet and confers, and there is simply no basis for Defendants' blanket confidentiality designations made as to every document or statement produced in discovery, and in light of the strong public policy of access to the courts there is no countervailing reason why these matters should be withheld from public scrutiny.** *Houston Specialty Ins. Co. v. Fenstersheib,* 20-60091-CIV, 2022 WL 2669490, at *2 (S.D. Fla. June 8, 2022) (Hunt, M.J.), report and recommendation adopted *sub nom. Houston Specialty Ins. Co. v. Feinstersheib,* 20-60091-CIV, 2022 WL 2666748 (S.D. Fla. July 11, 2022) (Altman, J.),

The Parties have conducted significant discovery, including depositions of Messrs. Cuban and Ehrlich, and *every* page and line of Mr. Cuban's deposition was designated with a blanket "highly confidential" designation, making it extremely difficult for Plaintiffs to use any of the discovery in an amended pleading. After Plaintiffs provided Defendants the proposed Second Amended Complaint, and after several meet and confers, Defendants demanded that everything be kept hidden and secret and again threatened Plaintiff's Counsel with sanctions, if any of the harmful testimony was revealed.

This implicates a great public policy concern, and we cannot support filing everything under seal (we already identified and redacted specific personal evidence on documents that required redactions), particularly when "the presumption of public access is much stronger with regard to dispositive documents that relate to the merits of the case." *Jankula v. Carnival Corp.,* 18-CV-24670,

2019 WL 8051714, at *2 (S.D. Fla. July 30, 2019) (citations omitted). Moreover, much of these materials bear directly on this Court's jurisdiction over the Defendants and the circumstances surrounding their involvement in promoting the offer and sale of Voyager's unregistered products.

Plaintiffs very respectfully submit that enough is enough. Now that Judge Altman has granted leave to file the Amended Complaint, Plaintiffs respectfully require Your Honor's help to finally bring these allegations to light, put an end to the Defendants' continued litigation misconduct and threats, and allow this litigation to finally proceed in public, where it should be held.

Dated:  June 7, 2023                                                  Respectfully submitted,

**By: /s/ Adam M. Moskowitz**  
Adam M. Moskowitz  
Florida Bar No. 984280  
Joseph M. Kaye  
Florida Bar No. 117520  
Barbara C. Lewis  
Florida Bar No. 118114  
**THE MOSKOWITZ LAW FIRM, PLLC**  
Continental Plaza  
3250 Mary Street, Suite 202  
Miami, FL 33133  
Mailing Address:  
P.O. Box 653409, Miami, FL 33175  
Telephone: (305) 740-1423  
adam@moskowitz-law.com  
joseph@moskowitz-law.com  
barbara@moskowitz-law.com  

*Co-Counsel for Plaintiffs and the Class*

**By: /s/ David Boies**  
David Boies  
(admitted *pro hac vice*)  
Alexander Boies  
(admitted *pro hac vice*)  
Brooke Alexander  
(admitted *pro hac vice*)  
**BOIES SCHILLER FLEXNER LLP**  
333 Main Street  
Armonk, NY 10504  
Phone: (914) 749–8200  
dboies@bsfllp.com  
aboies@bsfllp.com  
balexander@bsfllp.com  

Stephen Neal Zack  
Florida Bar No. 145215  
**BOIES SCHILLER FLEXNER LLP**  
100 SE 2nd St., Suite 2800  
Miami, FL 33131  
Office: 305-539-8400  
Fax: 305-539-1307  
szack@bsfllp.com  

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on June 7, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/  Adam M. Moskowitz*  
         ADAM M. MOSKOWITZ  
         Florida Bar No. 984280