IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.,*

    Plaintiffs,

v.

MARK CUBAN, *et al.,*

    Defendants.

**DEFENDANTS MARK CUBAN'S AND DALLAS BASKETBALL LIMITED'S *EXPEDITED* MOTION TO SET A COORDINATED MOTION TO DISMISS BRIEFING SCHEDULE AND VACATE THE OPERATIVE SCHEDULING ORDER**

Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS, pursuant to this District's Local Rule 7.1(d)(2), file this *Expedited* Motion to Set a Coordinated Motion to Dismiss Briefing Schedule and Vacate the Operative Scheduling Order. As Plaintiffs' Second Amended Complaint (the "SAC") adds three new, apparently as-yet-unserved defendants, Mr. Cuban and the Mavericks respectfully request that, consistent with this Court's prior standard Order in Cases With Multiple Plaintiffs and Defendants (ECF No. 4), in order to preserve judicial economy and "[t]o better manage the orderly progress of the case," *id.*, the Court coordinate the deadlines for all Defendants' responsive pleadings, setting the deadlines for 21 days after the last Defendant is served. Further, because the addition of three new defendants makes the operative schedule (under which, expert reports are due in less than two months and fact discovery is set to close in less than three months) no longer tenable, Mr. Cuban and the Mavericks respectfully request that the Court vacate the operative Scheduling Order, so

**DEFENDANTS' *EXPEDITED* MOTION TO SET A COORDINATED MOTION TO DISMISS BRIEFING SCHEDULE AND VACATE THE OPERATIVE SCHEDULING ORDER**

1

that the new defendants can have input on the schedule and the Court can most efficiently coordinate adjudication of Plaintiffs' claims against all Defendants.

As, absent clarification from the Court that its prior Order in Cases With Multiple Plaintiffs and Defendants overrides Mr. Cuban and the Mavericks' deadline pursuant to Rule 15(a)(3), Mr. Cuban and the Mavericks' deadline for their answer or motion to dismiss the SAC would be June 23, 2023 (14 days from service of the SAC), pursuant to Local Rule 7.1(d)(2), Defendants respectfully request an expedited ruling on this motion, by June 22, 2023 or earlier.

Mr. Cuban and the Mavericks' proposal is set forth below in further detail, and as grounds therefor, state as follows:

**A.     Procedural History**

1.      By way of background, on August 10, 2022, Plaintiffs filed their initial complaint against Voyager CEO Stephen Ehrlich, and Mr. Cuban, and the Mavericks.  ECF No. 1.

2.      Shortly thereafter, on August 22, 2022, this Court entered an order providing that, absent a conflict, "[t]he Plaintiffs and Defendants shall file their responses and motions jointly" and that "the time for responsive pleadings—for all Defendants—begins to run when the last Defendant is served."  ECF No. 4 ¶ 3.

3.      By October 28, 2022, after Plaintiffs dropped Mr. Ehrlich as a defendant with prejudice, only Mr. Cuban and the Mavericks remained as defendants, and Plaintiffs filed their Amended Complaint.  *See* ECF No. 34.  Mr. Cuban and the Mavericks responded with a motion to dismiss the Amended Complaint on November 18, 2022 consistent with Rule 12's 21-day deadline.  ECF No. 41.

4.      On December 1, 2022, the day before Plaintiffs were set to file a response to Defendants' Motion to Dismiss, Plaintiffs moved for an extension of time, requesting 30 more days and a need to conduct jurisdictional discovery.  ECF No. 48.

5. In response to Plaintiffs' request for an extension, on December 7, 2022, this Court ordered that "[t]he Plaintiffs shall respond to the Defendants' Motion to Dismiss [ECF No. 41] by January 3, 2023," with replies due on January 10, 2023, but noted that any discovery related requests be raised with Magistrate Judge Reid.  ECF No. 59.

6. Also on December 7, 2022, this Court entered an order, noting that "Amended Pleadings [are] due by January 24, 2023," and setting trial for February 12, 2024, and a pre-trial schedule.  ECF No. 58 (the "Scheduling Order").

7. Three weeks later, on December 28, 2022, Plaintiffs asked for another extension, citing certain discovery issues, related to Defendants' Motion to Dismiss and amended pleading deadlines, ECF No. 67, which this Court granted on January 2, 2023, ordering that "[t]he Plaintiffs shall either respond to the Defendants' Motion to Dismiss [ECF No. 41] or file an Amended Complaint by February 24, 2023. ECF No. 72.

8. Throughout January and February 2023, Plaintiffs sought and obtained jurisdictional and merits-related discovery from the Mavericks.  Mr. Cuban and the Mavericks produced over 6,700 documents, and Plaintiffs took the depositions of Mr. Cuban, two Mavericks employees, and Mr. Ehrlich.

9. On February 23, 2023, the day on which Plaintiffs were required to either amend their complaint or file a response to Defendants' Motion to Dismiss, ECF No. 41, the parties jointly stipulated for a 30-day stay of the case with extensions to certain deadlines (as provided in further detail below), ECF No. 109, which this Court granted, ECF No. 110.

10. A month later, the parties moved for another 30-day stay, ECF No. 111, which this Court likewise granted, ECF No. 112, noting that "[a]ll discovery deadlines and the deadline for the Plaintiffs' class-certification motion are also extended by another thirty days."

11. On April 24, 2023, Plaintiffs moved to reopen the case and sought leave to file a second amended complaint, ECF No. 113, which this Court granted in part and denied in part on May 1, 2023, ECF No. 117, noting that "the Plaintiffs are GRANTED leave to file a SEALED motion requesting leave to file a second amended complaint," and directing Plaintiffs to file such motion for leave in compliance with the Local Rules by May 8, 2023, with responses due on May 15, 2023.

12. On June 6, 2023, this Court granted Plaintiffs leave to amend their complaint, ECF No. 152. Plaintiffs filed the SAC under seal on June 9, 2023, adding three new, apparently as-yet-unserved defendants, ECF No. 155.

13. None of these new defendants have participated in discovery or had any input in the current case schedule.

14. If the prior Order in Cases With Multiple Plaintiffs and Defendants (ECF No. 4) does not apply, pursuant to Rule 15(a)(3), Mr. Cuban and the Mavericks' response to the SAC would be due 14 days after service of the SAC, on June 23, 2023. Mr. Cuban and the Mavericks believe, however, that a coordinated response time to the SAC for all defendants will advance judicial efficiency.

**B.    The Court Should Set a Coordinated Motion to Dismiss Briefing Schedule**

15. The SAC adds three new defendants who, as far as Mr. Cuban and the Mavericks are aware, have not yet been served and may not yet be aware of their involvement in this case. Judicial efficiency is further best served by coordinating the schedule with respect to Plaintiffs' claims against these new defendants with those against Mr. Cuban and the Mavericks.

16. Accordingly, Mr. Cuban and the Mavericks respectfully request that the Court clarify that under its standard Order in Cases With Multiple Plaintiffs and Defendants (ECF No. 4), the due date for all defendants' responsive pleadings to the date when the last defendant is

served. Such an order will clarify that Mr. Cuban and the Mavericks' deadline for responsive pleadings is not June 23, 2023, though Rule 15(a)(3) states that responses to amended pleadings are due within 14 days of service. A clarifying order would also accord with the Court's prior standard order, in which the Court ordered that "[t]he time for responsive pleadings [in response to the original complaint]—for all Defendants—begins to run when the last Defendant is served." ECF No. 4 ¶ 3. It also will allow for Mr. Cuban and the Mavericks to comply with the Court's prior order to file joint responses and motions, where no conflicts of position exist. *Id.* ¶ 2 Issuance of a clarifying order now will ensure that Mr. Cuban and the Mavericks are able to confer with their new co-defendants and that the case will not proceed on two drastically different schedules— one for Mr. Cuban and the Mavericks and another for the remaining defendants.

**C.   The Court Should Vacate the Operative Schedule Pending Input from the New Defendants**

17.   By adding three new defendants to the SAC, Plaintiffs have effectively started the case anew. The current Scheduling Order and all orders on discovery were issued (and amended) before the three new defendants were part of the case. Accordingly, the Court should vacate the operative case schedule until the new defendants are served and have a chance to provide their input on a new schedule.

18.   With the addition of these new defendants, the operative Pre-Trial schedule (set forth below) imposes several deadlines that are impractical and unworkable given the new, apparently as-yet-unserved defendants, and should be adjusted. The current schedule reflects the following deadlines in light of the two 30-day stays, and the so-ordered stipulations related thereto.

| Event | Original Date (*See* ECF No. 58) | Operative Date (*See* ECF No. 111) |
|---|---|---|
| The parties shall file all motions to amend pleadings or to join parties. | January 24, 2023 | Moot |
| [Plaintiffs file SAC] | | June 9, 2023 |
| [Defendants' Motion to Dismiss due under Rule 15 of the Federal Rules of Civil Procedure] | | June 23, 2023 |
| [Plaintiffs' Opposition to Defendants' Motion to Dismiss] | | July 7, 2023 |
| [Defendants' Reply in further support of their Motion to Dismiss] | | July 14, 2023 |
| The parties shall exchange expert witness summaries or reports | February 23, 2023 | July 31, 2023 |
| The parties shall exchange rebuttal expert witness summaries or reports. | March 9, 2023 | August 14, 2023 |
| All discovery, including expert discovery, shall be completed. | July 5, 2023 | September 4, 2023 |
| The Plaintiff shall file a motion for class certification. | July 19, 2023 | September 17, 2023 |
| The parties must have completed mediation and filed a mediation report. | October 31, 2023 | Unchanged |
| Pre-Trial and/or Summary Judgment Motions. | November 8, 2023 | Unchanged |
| Motions *in Limine*. | January 8, 2024 | Unchanged |
| The parties shall submit a joint pre-trial stipulation, exhibit lists, witness lists, deposition designations, and proposed jury instructions and verdict form or proposed findings of fact and conclusions of law, as applicable. | January 29, 2024 | Unchanged |
| Pre-Trial Calendar Call | February 6, 2024 | Unchanged |
| Commencement of Trial | February 12, 2024 | Unchanged |

19.     It is anticipated that the new, as-yet-unserved defendants cannot feasibly complete their expert reports by July 31, 2023, complete all fact discovery by September 4, 2023, or be prepared to litigate class certification by September 17, 2023. While Mr. Cuban and the Mavericks anticipate filing a new motion to dismiss, and further opposing the claims asserted against them,

the inclusion of three new defendants impacts overall fact discovery and has an impact on expert issues and anticipated expert discovery. In short, the addition of these new defendants recasts the trajectory of this action, such that it requires a new *joint* scheduling order, reflecting input from these new defendants.

WHEREFORE, Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS respectfully request this Honorable Court to enter an order (a) setting the deadline for responsive pleadings—for all Defendants—at 21 days from the date the last Defendant is served; and (b) vacating the current deadlines, as set forth in the Scheduling Order (ECF No. 58) and as subsequently amended through ECF Nos. 105, 110, and 112, until a new, coordinated schedule can be created with the input from the three new defendants that Plaintiffs have named in the SAC.

### CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movants/Defendants engaged with Plaintiffs' counsel in a good-faith effort to resolve the issues raised in this *Expedited* Motion to Set a Coordinated Motion to Dismiss Briefing Schedule and Vacate the Operative Scheduling Order. Specifically, on June 19, 2023, counsel for both parties participated in a telephonic meet and confer. Plaintiffs did not consent to the relief requested in this Motion.

Respectfully submitted this 19th day of June 2023

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:     (305) 789-9201

*-and-*

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@lawsonhuckgonzalez.com

LAWSON HUCK GONZALEZ, PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (850) 825-4334

*-and-*

**DEFENDANTS' *EXPEDITED* MOTION TO SET A COORDINATED MOTION TO DISMISS BRIEFING SCHEDULE AND VACATE THE OPERATIVE SCHEDULING ORDER**

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email: sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email: rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

*-and-*

SIGMUND WISSNER-GROSS, ESQ.
*Pro Hac Vice*
Email: swissner-gross@brownrudnick.com

JESSICA N. MEYERS, ESQ.
*Pro Hac Vice*
Email: jmeyers@brownrudnick.com

BROWN RUDNICK LLP
Seven Times Square
New York, NY 11036
Telephone: (212) 209-4930

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 19, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                      */s/ Christopher E. Knight*
                                                      CHRISTOPHER E. KNIGHT, ESQ.
                                                      Fla. Bar No. 607363
                                                      Email: cknight@fowler-white.com

**SERVICE LIST**

| | |
|---|---|
| Adam M. Moskowitz, Esq.<br>Joseph M. Kaye, Esq.<br>Barbara C. Lewis, Esq.<br>Howard M. Bushman, Esq.<br>The Moskowitz Law Firm, PLLC<br>2 Alhambra Plaza, Suite 601<br>Coral Gables, Florida 33134<br>E-mail: adam@moskowitz-law.com<br>Email: joseph@moskowitz-law.com<br>Email: barbara@moskowitz-law.com<br>Email: howard@moskowitz-law.com<br><br>*Counsel for Plaintiffs and the Proposed Classes*<br><br>**VIA CM/ECF** | Stephen Neal Zack, Esq.<br>szack@bsfllp.com<br>Hon. Ursula Ungaro (Retired), Esq.<br>uungaro@bsfllp.com<br>Tyler E. Ulrich, Esq.<br>tulrich@bsfllp.com<br>Boies Schiller Flexner LLP<br>100 S.E. 2nd St., Suite 2800<br>Miami, FL 33131<br><br>*Co-Counsel for Plaintiffs and the Proposed Classes*<br><br>**VIA CM/ECF** |
| David Boies, Esq.<br>*Pro Hac Vice*<br>Boies Schiller Flexner LLP<br>333 Main Street<br>Armonk, NY 10504<br>Email:  dboies@bsfllp.com<br><br>*Co-Counsel for Plaintiffs and the Proposed Classes*<br><br>**VIA CM/ECF** | Jose M. Ferrer, Esq.<br>Mark Migdal & Hayden<br>80 S.W. 8th Street, Suite 1999<br>Miami, FL 33130<br>Email: jose@markmigdal.com<br><br>*Co-Counsel for Plaintiffs and the Proposed Classes*<br><br>**VIA CM/ECF** |