IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 1:22-cv-22538 (Altman/Reid)

PIERCE ROBERTSON, *et al.*,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**DEFENDANTS MARK CUBAN AND DALLAS BASKETBALL LIMITED'S OPPOSITION TO PLAINTIFFS' REQUEST FOR AN *IN CAMERA* REVIEW OF PRIVILEGED DOCUMENTS, AND DEFENDANTS' MOTION FOR ORDER REQUIRING PLAINTIFFS' TO PUBLICLY FILE A REDACTED BUT OTHERWISE IDENTICAL VERSION OF THE SECOND AMENDED COMPLAINT AND SUPPORTING EXHIBITS**

With Magistrate Judge Reid's permission, Defendants Mark Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks (the "Mavericks" and collectively "Defendants"), submit their (1) Opposition to Plaintiffs' request for an *in camera* review, seeking an order finding that Plaintiffs have failed to set forth a proper legal basis for an *in camera* review of documents designated by Defendants as privileged, and (2) Motion for an Order requiring that Plaintiffs' publicly filed version of the Second Amended Complaint (ECF No. 155, the "SAC") *and its exhibits* must be identical to the sealed version of the SAC *and exhibits*, except for the confidentiality redactions with respect to which the parties have met, conferred, and now agree.

## INTRODUCTION

Privileged Documents:  Defendants designated 180 document as privileged (out of 6,783 documents produced).  Plaintiffs have intimated to Defendants that they generally object to Defendants' privilege assertions and requested the Court conduct an *in camera* review of a smaller, initial subset to check Defendants' work—presumably as a preliminary to a review of all of the privileged documents.

During the numerous meet and confers with Plaintiffs on this subject, Plaintiffs have been unable to state a reasonable basis for their objections to Defendants' privilege designations.  For example, Plaintiffs have objected to an assertion of privilege in an email between Mr. Cuban and the Mavericks' general counsel because the stated topic of the privileged discussion is relevant to Plaintiffs' case, have objected to privilege-based redactions because Plaintiffs believe they are too long, and have argued that a communication between a Mavericks' employee and the Mavericks' general counsel is not privileged because several other Mavericks' employees were copied on the email.  Simply put, Plaintiffs' objections to Defendants' privilege designations amount to a baseless assumption that Defendants' counsel have asserted privilege in bad faith throughout the privilege log, and Plaintiffs' request for an *in camera* review of a "subset" of these documents is really an improper application to have the Court redo Defendants' privilege review.

But parties seeking an *in camera* review must make a "threshold showing" of improper privilege assertions (*In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2021 WL 8267444, at *2 (S.D. Fla. June 1, 2021)), by providing "probative direct or circumstantial evidence" that a document is improperly withheld.  *Apple Inc. v. Corellium, LLC*, 2020 WL 1986942, at *4 (S.D. Fla. Apr. 27, 2020).  Indeed, if courts were to permit parties to compel an *in camera* review without such a threshold showing, it would encourage parties to engage in what the Supreme Court has termed a

blatantly improper "fishing expedition" and "a waste of scarce judicial resources." *United States v. Zolin*, 491 U.S. 554, 572 (1989). As Plaintiffs have failed to make the threshold showing, an *in camera* review of privileged documents is improper here, and Defendants respectfully request that the Court issue an order to that effect.

<u>Publicly Filed Version of Second Amended Complaint</u>: The SAC includes 33 exhibits of more than 3,400 pages, and it is currently filed under seal. ECF Nos. 155-1-33. Plaintiffs propose to file a version of the SAC, including its exhibits, on the public docket. Generally speaking, Defendants have no objection to this, and the parties have reached agreement on what information should be redacted from the publicly filed document. But Plaintiffs refuse to confirm that the publicly filed version of the SAC and supporting exhibits will be substantively identical to the sealed version of the SAC and exhibits (ECF Nos. 155-1-33), except for the redactions of confidential information that the parties have since agreed upon. In other words, Plaintiffs will not confirm that, regardless of what is filed publicly, the SAC and its exhibits remain the operative pleading and, although under seal, available in its entirety to the Court and the parties. Obviously, if Plaintiffs seek to proceed with their claims under an operative pleading that is not the sealed SAC and its exhibits, then they are in fact seeking to file a third amended complaint—which would require a motion for leave to amend and an order from this Court. And this matters because Defendants plan to file their motion to dismiss based on the entirety of the SAC and its exhibits.

As this Court knows, the Court directed the parties to meet and confer with respect to the 3,400 pages of exhibits to the SAC so that the parties could attempt to agree on the scope of Defendants' designations. Defendants reviewed each of the 3,400 pages, and provided Plaintiffs with highlighted versions of those exhibits, reflecting those portions that Defendants seek to keep confidential.

Rather than submit counter-designations, Plaintiffs now appear to seek to simply file a third amended complaint with *extremely* truncated exhibits—as compared to the operative SAC's exhibits (ECF Nos. 155-1-33). While the sealed versions of the SAC's exhibits totaled **3,418** pages (including slip sheets), Plaintiffs' proposed set of exhibits with redactions now totals only **938** pages.

Defendants have repeatedly raised this issue with Plaintiffs, including in an August 18, 2023 letter to the Court. But Plaintiffs have been unwilling to commit to how they plan to file their exhibits and account for this difference in the publicly accessible pleading or even share a copy of

what they plan to file on the public docket. Because of this uncertainty, Defendants seek an order confirming that, unless Plaintiffs seek leave to file a third amended complaint, the publicly filed version of the SAC and its exhibits must be identical to the sealed version of the SAC and exhibits, except for the confidentiality redactions.

## ARGUMENT

I. **Plaintiffs Have Not Made the "Threshold Showing" Required to Justify an *In Camera* Review.**

   A. **Defendants' Amended Privilege Log appropriately describes documents withheld or redacted for privilege.**

Defendants' September 1, 2023 amended privilege log (the "Amended Privilege Log," Exhibit A[1]) "indicates a description of the document, the date it was prepared, the specific privilege asserted, the name and title of the author and recipients of the document, and the subject matter addressed in the document." *Dykstra v. Fla. Foreclosure Attorneys, PLLC*, 191 F. Supp. 3d 1378, 1380 (S.D. Fla. 2016). This is all that is required.

   B. **Plaintiffs' Request for the Court's review of a sampling of documents is improper and wastes scarce judicial resources.**

Plaintiffs' request for a "second look" at Defendants' privilege assertions is improper. In the "absen[ce of] probative direct or circumstantial evidence supporting claims that opposing counsel are improperly withholding documents or engaging in other discovery misconduct, the Court will not rely on counsel's suspicions" to justify an *in camera* review of privileged documents. *Apple*, 2020 WL 1986942, at *4. As Plaintiffs have not provided any evidence to justify an *in camera* review, let alone "probative direct or circumstantial evidence" to support their objections to Defendants' privilege assertions, an *in camera* review is improper.

The Supreme Court has held that a "blanket rule" allowing for *in camera* review "would place the policy of protecting open and legitimate disclosure between attorneys and clients at undue risk" and would lead "opponents of the privilege to engage in groundless fishing expeditions, with the district courts as their unwitting (and perhaps unwilling) agents." *Zolin*, 491 U.S. at 572 (assessing the applicability of the crime-fraud exception to privilege). Accordingly,

---

[1] Defendants will provide all exhibits referenced in this Opposition, some of which contain confidential information protected by the Stipulated Protective Order (ECF No. 65), to Magistrate Judge Reid and opposing counsel via email. Alternatively, if the Court prefers, Defendants can file the exhibits on the docket under seal.

this District "does not conduct an *in camera* review lightly" and instead requires the party seeking review to establish a "threshold showing" before engaging in an *in camera* review. *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2021 WL 8267444, at *4. Requiring a "threshold showing" serves several purposes:

> First, *in camera* review can substantially burden judicial resources. Second, it places the Court in the "undesirable position of attempting to think of arguments that the excluded counsel might make if he or she had access to the documents in question, and the Court can never do the job of counsel, as well as counsel can." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1289 (S.D. Fla. 2012) (J. McAliley). Third, it shifts to the Court the initial burden to assess whether a good faith privilege claim exists. The parties cannot, as a default, simply submit materials for *in camera* review and expect the Court to make that determination. *United States v. Davita, Inc.*, 301 F.R.D. 676, 681 (N.D. Ga. 2014), *on reconsideration in part*, No. 1:07-CV-2509-CAP-JSA, 2014 WL 11531065 (N.D. Ga. May 21, 2014) (*In camera* review is "not a basis upon which any party can shift a burden to the Court that they should bear themselves.").

*Id.* at *2; *see also Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 700 (D. Nev.1994) (citing *Weiner v. Federal Bureau of Investigation*, 943 P.2d 972, 979 (9th Cir. 1991)) (*in camera* review "is appropriate only after the burdened party has submitted detailed affidavits and other evidence to the extent possible").

Here, Plaintiffs improperly seek to "simply submit materials for *in camera* review and expect the Court to make" a privilege determination. *Davita*, 301 F.R.D. at 681. Plaintiffs have not made any threshold showing to justify their objections or put forth any evidence to question Defendants' good-faith privilege assertions. On August 11, 2023, Defendants provided Plaintiffs with their initial privilege log. On August 21, 2023, before the parties had engaged in any discussion of the privileged documents, Plaintiffs' counsel expressed his desire to have the Court conduct an *in camera* review of Defendants' privileged documents. Plaintiffs wrote to Defendants stating that they had "identi[ied] a small subset of the redacted and withheld documents (28 documents in total) that – if you will not agree to their production – we would respectfully ask they be submitted to Magistrate Judge Reid for her *in camera* review." Exhibit B, August 21, 2023 Email from Adam Moskowitz at 2. Defendants did not agree that *in camera* review was warranted as Plaintiffs had not provided a sufficient basis for such a review, but agreed to discuss the 28 documents identified by Plaintiffs.

During meet and confers with Plaintiffs on August 28, September 14, and September 19,

two things became clear: (i) though Plaintiffs purport to object to only 28 documents, Plaintiffs actually object to nearly every document that Defendants logged as privileged (for some, unasserted reason); and (ii) Plaintiffs do not have any factual basis or legitimate legal grounds for their objections, but rather want the Court to redo Defendants' privilege review because they do not trust Defendants' counsel.  After receiving Plaintiffs' email requesting *in camera* review of a "subset" of 28 documents listed in Plaintiffs' August 21st email, Defendants carefully re-reviewed the privilege assertions in these documents, and on September 1, 2023, Defendants produced one document previously withheld from production, produced seven replacement documents with revised redactions, and produced the Amended Privilege Log to reflect these good-faith changes.

Rather than continue to discuss the privileged documents, Plaintiffs emailed the Court on September 5, 2023, without warning to Defendants, to request the Court review 27 documents *in camera* and then schedule a hearing on the issue.  Exhibit C, September 7, 2023 Email from Alejandro Rodriguez Vanzetti at 9.  Plaintiffs did not provide the Court with *any* basis for its request for an *in camera* review, and seemed to indicate to the Court—without Defendants' consent—that the parties *jointly* were requesting an *in camera* review.  *See id.* ("The parties conducted numerous constructive meet and confers" and "*they* [meaning Plaintiffs *and Defendants*] respectfully request Judge Reid" conduct an *in camera* review.) (emphasis added).  In fact, Defendants had not consented to an *in camera* review, and thus, on September 6, 2023, objected to the premature privilege review.  *Id.* at 5-7.

After the Court directed additional conferral on the issue, Defendants made considerable efforts during the next three weeks of meet and confers to provide additional detail regarding the "subset" set of 27 documents at issue.  Defendants informed Plaintiffs—both at meet and confers and in a September 6, 2023 email to the Court objecting to Plaintiffs' request for an *in camera* review, that Plaintiffs' objection to Defendants' privilege assertion based on a supposed invocation of "a reliance of counsel defense" was premature, as Defendants had not yet answered the SAC, let alone asserted any affirmative defenses.[2]  *See* Exhibit C, September 7, 2023 Email from

---

[2] While Plaintiffs have failed to articulate their "reliance of counsel" objection to Defendants' privilege assertion in detail, such an objection appears to be based on the argument that the attorney-client privilege is unavailable if a party uses the privilege as "a sword," rather than a shield.  *Akowskey v. Nationstar Mortg., LLC*, 2022 WL 17551139, at *3 (S.D. Fla. Dec. 9, 2022).  However, this type of argument is only applicable "when a party raises a claim that will necessarily

Alejandro Rodriguez Vanzetti at 5-6.  During meet and confers with Plaintiffs on September 14 and September 19, Plaintiffs' counsel did not articulate a sound basis for their objections to Defendants' privilege log, arguing that they wanted the Court to take a "second look" at privilege assertions, claiming that certain redactions were too extensive for their comfort level, and incorrectly asserting that the attorney-client privilege did not apply in certain circumstances because multiple Mavericks' employees were copied on an employee's email to counsel.  While they would not expressly admit as much, Plaintiffs' objections were based on their lack of trust in Defendants' privilege assertions.

Plaintiffs' request for an *in camera* review is very similar to that rejected in *Apple Inc. v. Corellium, LLC*.  There, the court held that *in camera* review of 5% of the documents withheld for privilege was an improper waste of judicial resources because the objecting party's request rested on an assertion that its opposition had asserted privilege in bad faith.  2020 WL 1986942 at *2-*3.  The court noted first that Apple's "correction and revision of its privilege log is evidence of its good faith efforts to ensure that its privilege log is accurate and correct." *Id.* at *3.  Next, the court reasoned that a bad-faith objection to a privilege assertion was insufficient to justify "a lengthy and time consuming *in camera* review of Apple's withheld documents based on [the objecting party's] suspicions." *Id.*  Rather:

> The Court expects and presumes that members of the Bar who appear before this Court, even in hotly litigated cases with high stakes such as this one, nonetheless still strive and endeavor to fulfill their ethical and professional obligations. ***Absent probative direct or circumstantial evidence supporting claims that opposing counsel are improperly withholding documents or engaging in other discovery misconduct, the Court will not rely on counsel's suspicions***.

*Id.* at *4 (emphasis added).

Similarly here, Plaintiffs have not put forth any factual evidence to question Defendants'

---

require proof by way of a privileged communication." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir. 1994), *opinion modified on reh'g on other grounds*, 30 F.3d 1347 (11th Cir. 1994).  Here, the issue is premature as Defendants have not yet answered the SAC, let alone asserted any affirmative defenses.  Indeed, as the parties do not know which, if any, of Plaintiffs' claims will move forward, Defendants do not yet know if any claims will move forward that permit an affirmative defense potentially based on reliance of counsel (the defense is available for some, but not all, of Plaintiffs' state securities law claims).  Accordingly, it cannot be said that proof of Plaintiffs' claims will require proof through use of privileged Mavericks' communications.

privilege claims and have only asserted baseless legal objections to Defendants' privilege assertions, claiming that the communications in question related to a "reliance of counsel defense," which Defendants have not raised. Exhibit B, August 21, 2023 Email from Adam Moskowitz at 3-5.[3] Instead, Plaintiffs ask the Court to re-review 27 of the 180 documents (15%) that Defendants designated as privileged because they distrust Defendants' assertions and hope that the Court will require production of some percentage of these documents.

Accordingly, Defendants respectfully request an order finding that an *in camera* review is not proper here, rather than engage in Plaintiffs' baseless fishing expedition.

## II. Plaintiffs' Publicly Filed Version of the Second Amended Complaint May Not Alter the Document's Substance.

As previewed above, Defendants seek an order confirming that, unless Plaintiffs file a motion for leave to file a third amended complaint, the publicly filed version of the SAC and its exhibits (the "Truncated Complaint") must be substantively identical to the SAC (ECF No. 155) and its exhibits (ECF No. 155-1-33), currently under seal (the "Full Complaint"), except that confidential information will be redacted from the Truncated Complaint. To the extent Plaintiffs wish to file a publicly available version of the Full Complaint that contains redactions, Defendants generally have no objection to their doing so,[4] but absent a motion for leave to amend, the Full

---

[3] Plaintiffs also incorrectly claimed in their August 21, 2023 email that communications between the Mavericks' employees or attorneys and the NBA's attorneys that contain or reflect legal advice are not privileged, but they did not maintain this argument during meet and confers with Defendants. *See* Exhibit B, August 21, 2023 Email from Adam Moskowitz at 4-5. In any event, members of an organization or trade association, such as the NBA, can and often do have an attorney-client relationship with the membership organization's attorneys. *See United States v. Am. Soc. of Composers, Authors & Publishers*, 129 F. Supp. 2d 327, 337 (S.D.N.Y. 2001), *as amended nunc pro tunc* (Mar. 14, 2001) (affirming privilege in a communication between an ASCAP member's attorney and ASCAP's general counsel regarding a legal issue); *Marya v. Warner/Chappell Music, Inc.*, 2014 WL 12597072, at *4 (C.D. Cal. Nov. 7, 2014); *Schwartz v. Broadcast Music, Inc.*, 16 F.R.D. 31 (D.C.N.Y., 1954); *United States v. Am. Radiator & Standard Sanitary Corp.*, 278 F. Supp. 608, 614 (W.D. Pa. 1967). Here, documents labelled for convenience in the Amended Privilege Log as "organizational privilege," were redacted or withheld because they contain or reflect legal advice provided by the NBA's counsel to the Mavericks' attorneys and employees.

[4] Defendants also do not object to the filing of a Truncated Complaint, provided that Plaintiffs indicate via either slip sheets or a cover letter that certain pages from the operative Full Complaint are omitted from the publicly filed version.

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR *IN CAMERA* REVIEW AND MOTION FOR ORDER REGARDING THE PUBLICLY FILED SAC**
**Page 7**

Complaint remains the operative pleading, regardless of whether Plaintiffs remove large portions of the SAC's exhibits in the publicly available Truncated Complaint.

The parties have engaged in lengthy meet and confers on this topic, as explained in Defendants' August 18, 2023 letter to this Court (Exhibit D, August 18, 2023 Letter from Paul Huck at 3), but have been unable to reach consensus. To briefly summarize, since first ordered by the Court to meet and confer with Plaintiffs on confidentiality designations on June 22, 2023, Defendants have participated in the redaction process in good faith. Per the Court's Order, on July 5, 2023, Defendants prepared proposed redactions to the SAC and reached out to Plaintiffs to set up a meet and confer to discuss the proposed redactions. The parties agreed to meet and confer on July 7, 2023. In advance of the meet and confer, Defendants sent Plaintiffs a copy of their proposed confidentiality redactions to the exhibits to the SAC. On July 7, 2023, Defendants met over Zoom with Plaintiffs for several hours to go through these proposed confidentiality redactions to try and come to an agreement without Court intervention. While the discussion was productive, the process was time consuming, and follow-up sessions were necessary to go over all of the more than 3,500 pages of material included and attached to the SAC. The parties agreed to a follow-up Zoom conference on July 12, 2023 to continue the meet and confer process. However, Plaintiffs failed to show up to the Zoom conference and failed to respond to Defendants' follow-up requests to reschedule.

On August 18, 2023, in response to several emails from Plaintiffs on August 17 and 18, 2023, Defendants sent Plaintiffs a letter discussing Plaintiffs' failure to meet and confer on the confidentiality designations and again sent Plaintiffs highlighted versions of the SAC and exhibits with Defendants' proposed redactions. Exhibit D, August 18, 2023 Letter from Paul Huck at 3. We now understand from Plaintiffs that they are willing to accept Defendants' proposed confidentiality designations but have only provided Defendants with truncated versions of many of the SAC's exhibits. For example, though the sealed version of Plaintiffs' Exhibit 282 (ECF No. 155-30) is 468 pages, Plaintiffs' proposed publicly filed version of Plaintiffs' Exhibit 282 is only 5 pages. Though Defendants have repeatedly asked Plaintiffs to confirm whether they will be including slip sheets for the missing pages or if they would otherwise be noting the difference between the publicly filed and sealed versions of the SAC in a cover letter, Plaintiffs have refused to firmly commit to their position. Further, despite Defendants' repeated requests to see a copy of Plaintiffs' proposed SAC and exhibits for filing on the public docket (with redactions), Plaintiffs

have failed to share these documents. Additionally, Plaintiffs' counsel was unable to articulate what these documents would look like (*i.e.*, would they contain snippets of exhibits, the full 3,500-plus pages of the record with Defendants' proposed redactions, or something else). While Defendants sought clarity from Plaintiffs in an email following the September 19, 2023 meet and confer, Defendants were redirected by Mr. Kaye (who had not participated in the two most recent meet and confers) to review a Dropbox containing an incomplete version of the SAC's exhibits with multiple-color highlights of proposed redactions provided by Defendants and others, *i.e.*, the Truncated Complaint with its truncated exhibits. As Defendants are unable to obtain a copy of what Plaintiffs actually intend to file publicly, we have reached an impasse on this issue.

It is well settled in the 11th Circuit that courts may consider exhibits attached to a complaint in deciding a Rule 12 motion to dismiss. *In re: Jan. 2021 Short Squeeze Trading Litig.*, 2023 WL 418821, at *7 (S.D. Fla. Jan. 9, 2023) (citing *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007)). Indeed, "[w]here allegations in the complaint are inconsistent with exhibits attached thereto, the exhibits control." *Mendoza v. Aetna Life Ins. Co.*, 2023 WL 5979822, at *1 (S.D. Fla. Sept. 14, 2023) (citing *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009)). Thus, ECF No. 155 (the Full Complaint) *and all of the exhibits that Plaintiffs attached*, constitute the operative complaint and are part of the record that the Court may consider in adjudicating Defendants' forthcoming motion to dismiss. Plaintiffs cannot amend their exhibits to the Full Complaint without Defendants' consent or permission by this Court. Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

Defendants respectfully request that the Court order that (i) Plaintiffs have failed to set forth a sufficient basis for an *in camera* review of documents designated by Defendants as privileged, and (ii) Plaintiffs' publicly filed version of the SAC and its exhibits must be identical to the sealed version of the SAC and exhibits, except for the redactions of information that has been designated confidential.

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movants/Defendants engaged with Plaintiffs' counsel in a good faith effort to resolve the issues raised in this Opposition and Motion for Order. Specifically, the parties met and conferred via

Zoom or telephone on July 7, 2023, July 12, 2023, August 28, 2023, September 14, 2023, and September 19, 2023 regarding the Defendants' assertion of privilege over various documents and/or the redactions to be made to the publicly filed version of the Second Amended Complaint and supporting exhibits. The parties have reached an impasse on both issues.

Respectfully submitted this 28th day of September 2023

/s/ Christopher E. Knight
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

-and-

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@lawsonhuckgonzalez.com

LAWSON HUCK GONZALEZ, PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (850) 825-4334

-and-

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email: sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email: rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

*-and-*

SIGMUND WISSNER-GROSS, ESQ.
*Pro Hac Vice*
Email: swissner-gross@brownrudnick.com

JESSICA N. MEYERS, ESQ.
*Pro Hac Vice*
Email: jmeyers@brownrudnick.com

BROWN RUDNICK LLP
Seven Times Square
New York, NY 11036
Telephone: (212) 209-4930

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 28, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       */s/ Christopher E. Knight*
       CHRISTOPHER E. KNIGHT, ESQ.
       Fla. Bar No. 607363
       Email: cknight@fowler-white.com

**SERVICE LIST**

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Barbara C. Lewis, Esq.
Howard M. Bushman, Esq.
The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
Email: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Email: barbara@moskowitz-law.com
Email: howard@moskowitz-law.com

*Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

David Boies, Esq.
*Pro Hac Vice*
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Email: dboies@bsfllp.com

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Jonathan Samuel Feldman, Esq.
Phang & Feldman, P.A.
One Biscayne Tower, Suite 1600
2 South Biscayne Boulevard
Miami, FL 33131
Email: feldman@katiephang.com

*Co-Counsel for Defendant Victor Oladipo*

**VIA CM/ECF**

Stephen Neal Zack, Esq.
Hon. Ursula Ungaro (Retired), Esq.
Tyler E. Ulrich, Esq.
Boies Schiller Flexner LLP
100 S.E. 2nd St., Suite 2800
Miami, FL 33131
Email: szack@bsfllp.com
Email: uungaro@bsfllp.com
Email: tulrich@bsfllp.com

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Jose M. Ferrer, Esq.
Mark Migdal & Hayden
80 S.W. 8th Street, Suite 1999
Miami, FL 33130
Email: jose@markmigdal.com

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Kevin A. Fritz, Esq.
Meister Seelig & Fein, LLP
125 Park Avenue, 7th Floor
New York, NY 10017-5627
Email: kaf@msf-law.com

*Co-Counsel for Defendant Victor Oladipo*

**VIA CM/ECF**

| | |
|---|---|
| Robert Craig Mayfield, Esq.<br>Bradley Arant Boult Cummings<br>100 North Tampa Street, Suite 2200<br>Tampa, FL  33602<br>Email:  cmayfield@babc.com<br><br>*Counsel for Defendants Landon Cassill and Robert Gronkowski*<br><br>**VIA CM/ECF** | Charles E. Elder, Esq.<br>Bradley Arant Boult Cummins LLP<br>1600 Division Street, Suite 700<br>Nashville, TN  37203<br>Email:  celder@bradley.com<br><br>*Counsel for Defendants Landon Cassill and Robert Gronkowski*<br><br>**VIA CM/ECF** |

Christopher C. Lam, Esq.
Bradley Arant Boult Cummins LLP
Truist Center
214 North Tryon Street, Suite 3700
Charlotte, NC  28202
Email:  clam@bradley.com

*Counsel for Defendants Landon Cassill and Robert Gronkowski*

**VIA CM/ECF**