UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-CV-22538-ALTMAN/Reid

DOMINIK KARNAS, et al.,

  *Plaintiffs,*

*v.*

MARK CUBAN, et al.,

  *Defendants.*

_____/

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST
FOR AN *IN CAMERA* REVIEW OF 27 DOCUMENTS**

  There is only one discovery issue for the Court to decide,[1] namely can, and should, this Court simply conduct an *in camera* review of a sampling (just 27 documents) of the 180 documents which: (1) Defendants just recently admitted existed, more than a year after the requests were served, (2) all 180 are admittedly responsive to Plaintiffs requests served on ***November 2022***, (3) Defendants represented (both in writing and at discovery hearings) that ***all*** responsive documents had ***already*** been identified, and thus ***the only*** reason Defendants made Defendant Mark Cuban available for his sole, and only February 2, 2023 deposition. Plaintiffs respectfully request that based upon these facts, the Court should conduct a routine *in camera* review of these 27 documents.[2]

**Brief Factual History**

  The factual history of these 27 documents is not in dispute and shows the difficulty Plaintiffs faced simply to learn of their existence. On February 1, 2023, the night before Mr. Cuban's deposition, Defendants produced over 10,000 pages of responsive documents to Plaintiffs, with no explanation. After emails from Plaintiffs' counsel, Cuban's counsel confirmed, that production as to Mr. Cuban was "completed" with this massive (last minute) production, so with that representation, Plaintiffs

_____

[1] In the spirit of cooperation, and so the Court only has to deal with the issue of the *in camera* review, Plaintiffs already informed Defendants that they will agree to any proposed formatting version of the Second Amended Complaint (text and exhibits) they propose, subject to Court's approval.

[2] It appears extremely unusual that Defendants would fight so fiercely over the past 4 months to prevent this Court from simply reviewing these 27 allegedly privileged documents.

reviewed the materials overnight and deposed Mr. Cuban the very next day. However, many of the late-night-produced documents were produced simultaneously in both redacted and unredacted form, as in the examples attached as **Exhibit A** (Defendants designated them all as "Highly Confidential"). Even from just these two examples, it is clear Defendants' interpretation of what is privileged and "Confidential" or "Highly Confidential" is suspect and contrary to the law.

After Cuban's deposition was completed, Plaintiffs conferred to prepare for the upcoming deposition of Voyager's CEO, Mr. Stephen Ehrlich, set for February 21, 2023. Mr. Ehrlich's counsel confirmed they had documents, sent between Ehrlich, Voyager, Mr. Cuban, and the Mavericks, regarding important issues, such as whether the Voyager VGX token and EPAs were "securities." *See* **Exhibits B** and **C**. Shortly after that email, on the same day, *during* a deposition of a Vice President of the Mavericks, Defendants made their own, new production of over 1,400 *additional* pages:

> **MR. KAYE**: So before we jump back into the deposition, we just received over the lunch break a production of about 1400 pages of documents. We were provided only about five or six pages of it at the start of this deposition. Is there anything you want to say on the record about why that was done and why these weren't previously produced?
>
> **MR. COOK**: No.

Dep. Tr. Ryan Mackey, Feb. 14, 2023, at 131:6–14.

Unsurprisingly, among these new documents were some of the most damning materials to date evidencing Mr. Cuban's direct and personal involvement in the Voyager/Mavericks partnership, and not coincidently, these same materials were produced by Mr. Ehrlich to Plaintiffs the following day. *See* Ex. C; *see also* ECF No. 136 at 3–5 (summary of evidence produced in those materials). There is no doubt Mr. Cuban was finally forced to produce these documents because Mr. Ehrlich was himself copied on or party to them, and thus had them in his possession and was required to produce them to Plaintiffs after their successful Motion to Compel in Connecticut.

Following Plaintiffs' filing of the Second Amended Complaint (ECF No. 155), Plaintiffs conferred with counsel for the NBA regarding a third-party subpoena. During that process, NBA counsel revealed that the NBA was *also* in possession of documents between Cuban, the Mavericks, and the NBA that Defendants might claim were privileged, and so the NBA would need to first confirm what it was able to produce. When Plaintiffs' counsel followed up with Defendants' counsel on this issue, they simply claimed that they would be producing a privilege log "but have not finalized it yet." *See* **Exhibit D**. Defendants finally produced a privilege log on August 11th, along with another

supplemental production of 20 additional documents for which they decided to change their privilege designations. *See* **Exhibit E**.

On August 21, 2023, Plaintiffs identified a sampling of just 28 redacted and withheld documents for an *in camera* review, in light of the issues raised in connection with the NBA and Ehrlich productions. *See* **Exhibit F**. On September 1, 2023, after additional meet and confers, Defendants produced a revised log, another supplemental production, and declassified 1 document. *See* **Exhibit G**. Finally, after 5 more meet and confers, on September 20, 2023, Defendants finally confirmed the parties reached a standstill, and thus Plaintiffs now respectfully request the Court conduct an *in camera* review of just the sampling of 27 withheld allegedly privilege documents.

<u>LEGAL ANALYSIS</u>

**A.  Defendants' Course of Conduct Justifies Plaintiffs' Request for *In Camera* Review.**

This Court has already conducted numerous discovery hearings in this class action (and in related crypto class cases) and has always concluded that ***this Court*** will decides what is privileged (and thus can be withheld), and ***not any party.*** This is not only the standard practice in the Southern District of Florida, but it is universally recognized. Defendants cite to *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2021 WL 8267444, at *2 (S.D. Fla. June 1, 2021), but nothing in *In re Zantac* supports Defendants' assertion that the party seeking *in camera* review must make a threshold showing of improper privilege assertions. *See* Opp. at 1.

***First,*** Defendants failed to inform the Court that *In re Zantac,* this Court considered the propriety of conducting *in camera* review of *ex parte* documents offered to support the alleged privilege claimed, ***not*** of the actual privileged documents themselves. *Id.* In fact, <u>the parties there agreed</u> that the court could review the assertedly privileged documents *in camera. Id.* ***Second,*** this Court made clear that, in determining whether to conduct *in camera* review, the court "holds *the proponent of non-disclosure* to the appropriate evidentiary burden." *Id.* (quoting *MapleWood Partners, L.P. v. Indian Harbors Ins. Co.*, 295 F.R.D. 550, 627 (S.D. Fla. 2013) (Hoeveler, J.) (emphasis added)). Defendants are obviously the "proponent" of non-disclosure in this case, and have wholly failed to provide any evidentiary basis for their non-disclosure.[3]

---

[3]    Defendants further attempt to cobble together some "evidentiary burden" for Plaintiffs to satisfy by citing *Apple Inc. v. Corellium, LLC*, arguing Plaintiffs must provide "probative direct or circumstantial evidence" that documents are improperly withheld. *Apple Inc. v. Corellium, LLC*, No. 19-81160-CV, 2020 WL 1986942, at *4 (S.D. Fla. Apr. 27, 2020). But that requirement was proffered specifically by opposing counsel's assertions of bad faith and unethical and unprofessional conduct.

On the other hand, Plaintiffs have demonstrated that, time and again, while Defendants have made blanket designations of confidentiality, withheld documents, and claimed materials were not subject to disclosure because they were privileged, a quick peek at the materials they seek to keep hidden are neither privileged nor confidential—they just do not support their defense of the merits of Plaintiffs' claims. *See, e.g.,* Ex. A.

Under similar circumstances, in *Meade v. General Motors, LLC*, 250 F. Supp. 3d 1387 (N.D. Ga. 2017), the district court found that an employer actually ***waived*** attorney-client privilege, to the extent it existed, in an employee's action against it, by (1) asserting an overly broad claim of attorney-client privilege, (2) failing to produce a proper privilege log after twice being ordered by the court to do so, (3) improperly asserting attorney-client privilege over several documents that contained purely factual information merely because in-house counsel was included in the e-mail chain, and (4) the revised privilege log was wholly inadequate to allow employee or the court to evaluate the validity of the assertions by using "categorical descriptions that were uninformative and misleading." *Id.* It is important to note that in that case, the Court ***conducted an in camera review*** and only struck the privilege designations for documents that were not, in fact, privileged. Plaintiffs here do not contend that Defendants should be subject to any blanket waiver of privilege to the extent any exists, but simply ask that they be held to the same standard as the employer in *Meade* where their conduct in this litigation has been nearly identical.

Simply put, it is "in an abundance of caution to protect [Defendants'] rights if [Defendants] truly [have] a good faith, non-frivolous basis for assertion of the privilege," *Ackner v. PNC Bank, Nat'l Ass'n*, No. 16-CV-81648, 2017 WL 1383950, at *3 (S.D. Fla. Apr. 12, 2017), and to "safeguard one of

---

*See id.* The court, in voicing its disapproval of the "constant," "disturbing," and "disappointing" "bickering during discovery," denied the motion because it was founded only on "counsel's suspicions." *Id.*

Here, Plaintiffs certainly make no assertions of bad faith or unethical and unprofessional conduct. Plaintiffs acknowledge that Defendants, in good faith, attended numerous meet and confers and updated their privilege log. Plaintiffs' request for *in camera* review is based not on counsel's suspicions of bad faith, but on circumstantial evidence that some of the documents may be improperly withheld. *See, e.g.,* Opp. Ex. B, at 2 (pointing out discrepancies between Defendants' privilege log and documents produced to Plaintiffs); *see also* Ex. A. It is only because, after numerous good faith meet and confers and Defendants' updated privilege log, the parties agree they have not resolved (and, without Court intervention, cannot resolve) their discovery disputes, because "[o]nly an *in camera* inspection will be able to resolve the parties' dispute on whether the attorney-client privilege applies to the [documents] on Defendants' privilege log." *Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1236 (S.D. Fla. 2018).

the legal profession's oldest protections between a lawyer and client," that Plaintiffs now ask the Court to resolve the dispute over privilege by reviewing this small sample of documents *in camera*. *Burrow*, 334 F. Supp. 3d at 1236.

**B. Defendants' Amended Privilege Log Does Not Preclude an *In Camera* Review.**

As a final fallback position, Defendants allege this Court cannot conduct an *in camera* review because they believe their September 1, 2023 Amended Privilege Log is sufficient. *Dykstra v. Fla. Foreclosure Attorneys, PLLC*, 191 F. Supp. 3d 1378, 1380 (S.D. Fla. 2016). Defendants again simply misstate the law. It is certainly not enough for the withholding party to just ***claim*** privilege, it must ***prove*** that each document meets all the elements of each privilege claimed, which the Court will decide. *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1288. In fact, Defendants' revised privilege log does not include any facts that would satisfy this burden, but instead leaves Plaintiffs with nothing more than Defense counsel's "word" that all of the belatedly identified documents were made specifically for providing legal advice. *See id.*

In short, Defendants' erroneous attempt to put the burden on Plaintiffs to somehow prove a negative, while simultaneously providing only conclusory information, further encumbers Plaintiffs' ability to challenge the privilege designations. The Court can resolve the issue expediently through a brief *in camera* review of a small subset of the withheld materials.

**C. An *In Camera* Review is Necessary to *Avoid* "a Waste of Judicial Resources."**

Defendants finally argue that conducting *in camera* review will simply "waste judicial resources." Opp. at 5. But it is axiomatic that where a withholding party has not provided evidence to support its claim of privilege, a party may certainly request the court hold an *in camera* review of the documents. *Zolin*, 491 U.S. at 568–69 ("This Court has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for *in camera* inspection."); *In re Grand Jury Proc. in Matter of Freeman*, 708 F.2d 1571, 1576 (11th Cir. 1983) ("It is settled . . . that the . . . use of *in camera* proceedings is appropriate to resolve disputed issues of privilege."); *Diamond Resorts*, 519 F. Supp. 3d at 1198 ("[T]he party may request that the Court conduct an *in camera* review of the allegedly privileged documents"); *In re Zantac*, 2021 WL 8267444, at *2 (same).

Courts that have denied requests for *in camera* review typically do so because the challenging party has not done anything to meet and confer on the issue, unlike here, where the specific issue has been discussed over fifteen times, during the past seven months. *See, e.g., Campero*, 916 F. Supp. 2d at 1288 n.4; *Diamond Resorts*, 519 F. Supp. 3d at 1198; *Anderson v. Branch Banking & Tr. Co.*, No. 13-CV-

**Page 5**

62381, 2015 WL 2339470, at *2 (S.D. Fla. May 14, 2015); *Peter Coppola Beauty, LLC v. Casaro Labs, Ltd.*, No. 14-81488-CIV, 2015 WL 13946140, at *1 (S.D. Fla. July 28, 2015).

For example, in *Campero*, the Court denied plaintiff's request for an *in camera* review in part because the parties "clearly [did] not [have] a meaningful 'meet and confer'" prior to the plaintiff's request. *Campero*, 916 F. Supp. 2d at 1290. Here, on the other hand, and as highlighted in Defendants' Opposition, the parties have had many meaningful meet and confers over a period of seven months, which resulted in Defendants revising their privilege log—albeit insufficiently in the view of the Plaintiffs. *See generally* Opp. at 4–6.

Even in cases where the withholding party did not conduct any meet and confers, this Court granted *in camera* review to resolve insufficiencies in the privilege log. *See MUNB Loan Holdings, LLC v. Y. Judd Shoval*, No. 12-20305-CIV, 2013 WL 12092517, at *4 (S.D. Fla. Mar. 1, 2013) ("Because we cannot make that determination from the privilege log, we will grant Defendant's request for an *in camera* review."); *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 08-81211-CIV, 2009 WL 2477524, at *2 (S.D. Fla. July 7, 2009) (granting *in camera* review because the court found the privilege log "insufficient to support the privileges asserted.").

Overall, "the Court has broad discretion to determine whether an *in camera* review of documents is appropriate. *In re Zantac*, 2021 WL 8267444, at *3. This Court has already exercised its discretion in granting Plaintiffs' request for *in camera* review. *See* Opp. Ex. C at 8. Defendants' arguments therefore lack merit, especially based upon this Court's experience in this area of the law.

## CONCLUSION

After over ten (10) months of meet and confers, and Defendants' numerous specific inconsistent statements regarding this production, it can be argued that Defendants' conduct may have even ***waived*** any right to claim a privilege over these withheld materials. In any event, Plaintiffs respectfully request that the Court simply order that the 27 specific documents be provided to Magistrate Judge Reid for *in camera* review.[4]

---

[4] The Court can certainly reserve ruling (until after this brief in camera review) as to: (1) whether any of the remaining withheld 180 documents should be reviewed, and (2) whether Defendants should be required to make Defendant Cuban available for a deposition, limited solely to questions regarding any new documents that are ordered to be produced.

Dated: October 5th, 2023.                                Respectfully submitted,

By: /s/ Adam M. Moskowitz                         By: /s/ David Boies
Adam M. Moskowitz                                 David Boies
Florida Bar No. 984280                            (Admitted Pro Hac Vice)
Joseph M. Kaye                                    BOIES SCHILLER FLEXNER LLP
Florida Bar No. 117520                            333 Main Street
Barbara C. Lewis                                  Armonk, NY 10504
Florida Bar No. 118114                            Phone: (914) 749–8200
                                                  dboies@bsfllp.com
THE MOSKOWITZ LAW FIRM, PLLC
Continental Plaza                                 By: /s/ Stephen Neal Zack
3250 Mary Street, Suite 202                       Stephen Neal Zack
Miami, FL 33133                                   Florida Bar No. 145215
Mailing Address:                                  BOIES SCHILLER FLEXNER LLP
P.O. Box 653409                                   100 SE 2nd St., Suite 2800
Miami, FL 33175                                   Miami, FL 33131
Office: (305) 740-1423                            Office: 305-539-8400
adam@moskowitz-law.com                            szack@bsfllp.com
joseph@moskowitz-law.com                          uungaro@bsfllp.com
barbara@moskowitz-law.com                         *Co-Counsel for Plaintiffs*

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5th, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: /s/ *Adam Moskowitz*
Adam M. Moskowitz