IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.*,

        Plaintiffs,

v.

MARK CUBAN, *et al.*,

        Defendants.

_____/

**DEFENDANTS' JOINT MOTION FOR LEAVE TO ENLARGE THE PAGE LIMIT GOVERNING DEFENDANTS' RULE 12(b) MOTIONS IN RESPONSE TO PLAINTIFFS' SECOND AMENDED COMPLAINT, AND TO PROVIDE FOR SEPARATE, LIMITED DEFENDANT-SPECIFIC RESPONSES**

Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS, ROBERT GRONKOWSKI, VICTOR OLADIPO, and LANDON CASSILL ("Defendants"), pursuant to this District's Local Rule 7.1(c)(2), move for an enlargement of the 20-page limit governing Defendants' Rule 12(b) Motion in response to Plaintiffs' Second Amended Class Action Complaint (the "SAC"), currently due on October 27, 2023. ECF No. 177. Specifically, Defendants move for permission to file a 35-page omnibus Rule 12(b) Motion (the "Proposed Omnibus Brief"), as well as shorter, separate, defendant-specific responses (the "Proposed Supplemental Briefs") no longer than 12 pages.

The August 22, 2022 Order In Cases with Multiple Defendants requires that "Defendants shall file their responses and motions jointly," but states that Defendants may seek leave to file separate motions or responses. ECF No. 4 ¶ 2(a). The Order further provides that if defendants require additional pages, they make such a motion "for leave to file excess pages." *Id.* ¶ 2(b).

As set forth below, both a page enlargement and leave for each defendant to file a short brief limited to defendant-specific issues in supplement to Defendants' Proposed Omnibus Brief is warranted. Accordingly, the Court should grant Defendants' joint motion, and as grounds therefore, Defendants state as follows:

1. The twelve (12) named Plaintiffs initiated this action against Mr. Cuban, the Dallas Mavericks, and Stephen Ehrlich on August 10, 2022. *See* ECF No. 1. Plaintiffs' original Complaint contained 39 counts, including numerous aiding and abetting claims.

2. On October 28, 2022, Plaintiffs filed an Amended Class Action Complaint. [ECF No. 34] (the "Amended Complaint" or "AC"). The Amended Complaint was 53 pages in length and attached exhibits totaling an additional 460 pages. The Amended Complaint contained nineteen (19) counts against the Defendants, including claims for deceptive trade practices and violations of state securities statutes under the laws of Florida, New Jersey, Louisiana, Alabama, Virginia, California, Pennsylvania, Oklahoma, and Tennessee. *See* AC ¶¶ 89-242.

3. In connection with responding to the Amended Complaint, Defendants moved for an enlargement of page limits, *see* ECF No. 37 (requesting 40 pages), which this Court granted in part, limiting Defendants' motion to dismiss to 30 pages. *See* ECF No. 39.

4. On June 6, 2023, this Court granted Plaintiffs' motion for leave to amend their Amended Complaint, after which Plaintiffs filed the SAC under seal. ECF No. 155.

5. The SAC now spans over 160 pages (up from 53), incorporates by reference over 3,500 pages of documents (up from 450), alleges twenty-four (24) causes of action (up from 19), and broadly expands its allegations on both jurisdiction and the (purported) merits. Plaintiffs also have named three new defendants, Robert Gronkowski, Victor Oladipo, and Landon Cassill.

6. The SAC continues to allege claims for deceptive trade practices and violations of state securities statutes under the law of New Jersey, Florida, Louisiana, Alabama, Virginia, California, Pennsylvania, Tennessee, Oklahoma. The SAC adds deceptive trade practices and securities claims under Massachusetts and Connecticut law, as well as a claim for civil conspiracy to "violate and assist in the Violation of the New Jersey Consumer Fraud Act." *See* SAC ¶¶ 367-74.

7. Defendants' Proposed Omnibus Brief will address the fatal substantive flaws associated with the SAC that are common to all Defendants, explaining why the SAC fails to state a claim under eleven disparate state consumer fraud or deceptive trade practices statutes and eleven different state securities statutes. Defendants' Proposed Supplemental Briefs will address issues specific to each defendant. For example, Mr. Cuban and the Dallas Mavericks' Proposed Supplemental Brief will address issues of personal jurisdiction over those defendants that are not applicable to Messrs. Gronkowski, Oladipo, and Cassill.

8. Likewise, Mr. Gronkowski seeks to file a Supplemental Brief that would address the new allegations specific to him. Gronkowski expects to make different arguments than some or all of the other defendants, and his agreement with Voyager is also different in material respects than those of other defendants. Gronkowski therefore believes that there may be an actual or potential conflict of position—or at least that he may take very different positions—vis-à-vis one or more of the other defendants.

9. While the Defendants acknowledge that the requested enlargement is significantly longer than the Local Rule's permitted filing, they respectfully submit that the additional briefing is justified given the circumstances here. The complexity of the legal arguments associated with the jurisdictional and various other grounds under Rule 12(b) for dismissal, as well as the sheer

multitude of allegations, complex issues of developing securities law involving new technology, and two dozen claims asserted under the laws of eleven different jurisdictions in Plaintiffs' SAC, warrant the requested enlargement of the page limit. *See Vorsteg v. U.S.*, No. 11–61160, 2011 WL 5169353, * 2 (S.D. Fla. Nov. 1, 2011) ("enlarging the number of allowed pages from 20 to 30"); *see also Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, No. 05–10296, 2010 WL 2231907, *1 (E.D. Mich. June 3, 2010) (preemptively extending page limits for dispositive motions where they were "likely to involve complex issues and analysis"); *Frederick v. Federal-Mogul, Inc.*, 06-11549-BC, 2008 WL 4372635, *3 (E.D. Mich. 2008) (granting request for permission to file a 34-page brief in support of motion to dismiss because the facts and "legal complexity of the issues may justify extending the page limits"). The SAC adds more than 100 pages of allegations and five causes of action. Defendants contend that an additional five pages (from 30 pages for Defendants' original motion to dismiss to 35 pages for the Proposed Omnibus Brief) to address these new issues is reasonable.

10. Similarly, the requested 12 pages for the Proposed Supplemental Briefs is reasonable. The SAC sets forth approximately 29 pages of allegations that are specific to Mr. Cuban and the Dallas Mavericks (SAC ¶¶ 194-242), approximately 14 pages of allegations that are specific to Mr. Gronkowski (*id.* ¶¶ 243-68), approximately 7 pages of allegations that are specific to Mr. Oladipo (*id.* ¶¶ 269-85), and approximately 14 pages of allegations that are specific to Mr. Cassill (*id.* ¶¶ 286-319). Each defendant should be permitted a short brief to address these defendant-specific allegations fail under Rule 12.

11. Defendants do not oppose a reciprocal page-limit extension for Plaintiffs.

12. This motion is filed in good faith and not for any dilatory purpose, and Plaintiffs will not be prejudiced by this request. Defendants conferred with Plaintiffs via Zoom call on

October 10, 2023, and Plaintiffs stated via email that they (i) consent to the extension of the page limit for Defendants' Proposed Omnibus Brief to 35 pages, provided Plaintiffs are entitled to a reciprocal extension; (ii) consent to Mr. Cuban and the Dallas Mavericks' request to file a separate supplemental brief of up to 12 pages; but (iii) do not consent to any other defendants' potential filing of a supplemental brief of up to 12 pages.

13. WHEREFORE, Defendants respectfully request this Honorable Court to enter an order (a) *granting* the instant Motion to Enlarge the 20-page limit governing Defendants' Rule 12(b) Motions in response to Plaintiffs' Amended Complaint; (b) *enlarging* the page limit for Defendants' Proposed Omnibus Brief to permit up to 35 pages; and (c) *allowing* individual defendants, if necessary, to file Proposed Supplemental Briefs no longer than 12 pages.

Respectfully submitted this 13th day of October, 2023,

| **Counsel for Defendant Victor Oladipo:** | **Counsel for Defendant Robert Gronkowski:** |
|---|---|
| */s/ Jonathan S. Feldman*<br>JONATHAN S. FELDMAN, ESQ.<br>Florida Bar. No. 12682<br>Primary Email: feldman@katiephang.com<br><br>**PHANG & FELDMAN, PA**<br>One Biscayne Tower, Suite 1600<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: (305) 614-1223<br>Fax: (305) 614-1187 | */s/ R. Craig Mayfield*<br>R. CRAIG MAYFIELD, ESQ.<br>Fla. Bar No. 429643<br>Email:  cmayfield@bradley.com<br><br>**BRADLEY ARANT BOULT CUMMINGS LLP**<br>100 North Tampa Street, Suite 2200<br>Tampa, Florida 33602<br>Tel: (813) 559-5525<br>Fax: (813) 229-5946 |

| **Counsel for Defendants Mark Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks:** | **Counsel for Defendant Landon Cassill:** |
|---|---|
| /s/ *Christopher E. Knight*<br>CHRISTOPHER E. KNIGHT, ESQ.<br>Fla. Bar No. 607363<br>Email: cknight@fowler-white.com<br><br>ESTHER E. GALICIA, ESQ.<br>Fla. Bar No. 510459<br>Email: egalicia@fowler-white.com<br><br>ALEXANDRA L. TIFFORD, ESQ.<br>Fla. Bar No. 0178624<br>Email: atifford@fowler-white.com<br><br>**FOWLER WHITE BURNETT, P.A.**<br>Brickell Arch, Fourteenth Floor<br>1395 Brickell Avenue<br>Miami, Florida 33131<br>Telephone:    (305) 789-9200<br>Facsimile:      (305) 789-9201<br><br>-and-<br><br>PAUL C. HUCK, JR., ESQ.<br>Fla. Bar No. 0968358<br>Email: paul@lawsonhuckgonzalez.com<br><br>**LAWSON HUCK GONZALEZ, PLLC**<br>334 Minorca Avenue<br>Coral Gables, Florida 33134<br>Telephone: (850) 825-4334<br><br>-and- | /s/ *R. Craig Mayfield*<br>R. CRAIG MAYFIELD, ESQ.<br>Fla. Bar No. 429643<br>Email:  cmayfield@bradley.com<br><br>**BRADLEY ARANT BOULT CUMMINGS LLP**<br>100 North Tampa Street, Suite 2200<br>Tampa, Florida 33602<br>Tel: (813) 559-5525<br>Fax: (813) 229-5946 |

6

| | |
|---|---|
| STEPHEN A. BEST, ESQ.<br>*Pro Hac Vice*<br>Email:  sbest@brownrudnick.com<br><br>RACHEL O. WOLKINSON, ESQ.<br>*Pro Hac Vice*<br>Email:  rwolkinson@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>601 Thirteenth Street NW Suite 600<br>Washington, DC 20005<br>Telephone (202) 536-1755<br><br>-and-<br><br>SIGMUND WISSNER-GROSS, ESQ.<br>*Pro Hac Vice*<br>Email:  swissner-gross@brownrudnick.com<br><br>JESSICA N. MEYERS, ESQ.<br>*Pro Hac Vice*<br>Email:  jmeyers@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Seven Times Square<br>New York, NY  11036<br>Telephone:  (212) 209-4930 | |

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

I HEREBY CERTIFY that counsel for movants/Defendants engaged with Plaintiffs' counsel in a good-faith effort to resolve the issues raised in this Motion.  Specifically, on October 10, 2023, the parties met and conferred via Zoom to discuss the issue.  Defendants then emailed Plaintiffs' counsel regarding the requested relief, and Plaintiffs' counsel replied that Plaintiffs consent to some, but not all, of Defendants' requested relief.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Christopher E. Knight*
CHRISTOPHER E. KNIGHT
Fla. Bar No. 607363

## **SERVICE LIST**

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Barbara C. Lewis, Esq.
Howard M. Bushman, Esq.
The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
E-mail: adam@moskowitz-law.com
Email: joseph@moskowitz-law.com
Email: barbara@moskowitz-law.com
Email: howard@moskowitz-law.com

*Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Stephen Neal Zack, Esq.
szack@bsfllp.com
Hon. Ursula Ungaro (Retired), Esq.
uungaro@bsfllp.com
Tyler E. Ulrich, Esq.
tulrich@bsfllp.com
Boies Schiller Flexner LLP
100 S.E. 2nd St., Suite 2800
Miami, FL 33131

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

David Boies, Esq.
*Pro Hac Vice*
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Email:  dboies@bsfllp.com

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**

Jose M. Ferrer, Esq.
Mark Migdal & Hayden
80 S.W. 8th Street, Suite 1999
Miami, FL 33130
Email: jose@markmigdal.com

*Co-Counsel for Plaintiffs and the Proposed Classes*

**VIA CM/ECF**