**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CV-22538-ALTMAN/REID**

DOMINIK KARNAS, *et al.*,

        Plaintiffs,

v.

MARK CUBAN, *et al.*,

        Defendants.

_____/

**JOINT SCHEDULING REPORT**

Plaintiffs and Defendants MARK CUBAN, DALLAS BAKETBALL LIMITED d/b/a DALLA MAVERICKS, ROBERT GRONKOWSKI, and VICTOR OLADIPO (collectively, the "Parties"),[1] submit this Joint Scheduling Report pursuant to SDF Local Rule 16.1(b), Federal Rule of Civil Procedure 26(f)(3), and this Court's Order at ECF No 176. The Parties conferred on [DATE] and Report as follows:

    **I.**     **Plaintiffs' Statement**

This proposed class action is brought on behalf of a Nationwide Class and State Subclasses, of all individuals offered or sold, deceptive Voyager Earn Program Accounts ("EPAs") and/or VGX tokens (Voyager's native cryptocurrency token), which were admittedly marketed and promoted by the Defendants. Plaintiffs allege—as the New Jersey Bureau of Securities found in their Summary Cease and Desist Order dated March 29, 2022,[2] and as similarly found by numerous state securities regulators of Alabama, Oklahoma, Texas, Kentucky, Vermont and Washington—that these EPAs and/or VGX tokens are all unregistered "securities" as defined by applicable federal and state law.

Defendants' participation and/or actions in Voyager's offerings and sales of EPAs and/or VGX tokens violated various provisions of state securities laws and deceptive trade practices statutes of New Jersey, Florida, Virginia, Alabama, Louisiana, California, Oklahoma, Pennsylvania, Tennessee, Massachusetts, and Connecticut. Plaintiffs seek certification of a nationwide class, and state subclasses

---

[1] The Parties have moved to stay this Action as to Settling Defendant, Landon Cassill. ECF No. 188

[2] *See* https://www.nj.gov/oag/newsreleases22/Voyager%20Summary%20Order.pdf (accessed October 9, 2023)

under Rule 23(a), (b)(2), (b)(3), and/or (c)(4) of the FRCP, which includes seeking a declaration that the EPAs and/or VGX tokens are unlawfully sold unregistered securities, which entitles Plaintiffs and class members to full rescissionary damages. Defendants' substantial participation in the offer or sale of these unregistered EPAs, which were offered or sold from the State of New Jersey by Voyager Digital LLC, renders Defendants jointly and severally liable to Plaintiffs and all Nationwide Class Members for the full measure of damages resulting from their offer or sale.

When this action was first filed, Defendants Mark Cuban and the Dallas Mavericks effectively stayed this case for months while they, and the Voyager debtor entities, sought to extend the automatic stay from the New York Bankruptcy Proceedings to this action, forcing Plaintiffs to spend months coordinating with counsel for the Voyager Debtors and retained bankruptcy co-counsel, to finally reach a Stipulation, whereby Plaintiffs would dismiss with prejudice the claims against Defendant Stephen Ehrlich, the former CEO of Voyager (subject to a reservation of rights), so they could proceed in these pending claims against Defendants Mark Cuban and the Dallas Mavericks.

On November 7, 2022, however, Plaintiffs served on Defendants very narrow and targeted discovery requests, seeking documents and brief depositions of Mr. Cuban and key Mavericks officials, to test their assertions that this Court did not have personal jurisdiction over them and there was no nexus between the claims in this Action and the State of Florida. After several discovery hearings, the Court ordered Defendants Cuban and the Mavericks to produce documents and appear for their depositions. Plaintiffs deposed Mark Cuban, Mavericks employees Ryan Mackey and Kyle Tapply, and Stephen Ehrlich during the month of February 2022. During that process, Defendants Cuban and the Mavericks repeatedly made "supplemental" productions of documents right before (or during) these depositions, including right after they were made aware that Mr. Ehrlich was producing documents that Defendants Cuban and the Mavericks had been secretly withholding.

After that discovery was completed, the Court granted two joint motions to briefly stay this case and denied all pending motions without prejudice. ECF Nos. 110, 112.

Plaintiffs then were granted leave to file their Second Amended Complaint under seal, preliminarily, pursuant to the Stipulated Protective Order (ECF No. 65) because Defendants used blanket designations to claim all discovery was "confidential" or "highly confidential." The Second Amended Complaint joined Defendants Rob Gronkowski, Victor Oladipo, and Landon Cassill. ECF No. 155.

Following Plaintiffs' filing of the Second Amended Complaint, Plaintiffs conferred with counsel for the NBA regarding a third-party subpoena for deposition and documents regarding the

Voyager/Mavericks partnership. During that process, NBA counsel revealed that the NBA was *also* in possession of documents between Cuban, the Mavericks, and the NBA that Defendants might claim were privileged, and so the NBA would need to first confirm what it was able to produce. When Plaintiffs' counsel followed up with Defendants' counsel on this issue, they simply claimed that they would be producing a privilege log "but have not finalized it yet." Defendants finally produced a privilege log on August 11th, along with another supplemental production of 20 additional documents for which they decided to change their privilege designations.

On August 21, 2023, Plaintiffs identified a sampling of just 28 redacted and withheld documents for an *in camera* review, in light of the issues raised in connection with the NBA and Ehrlich productions. On September 1, 2023, after additional meet and confers, Defendants produced a revised log, another supplemental production, and declassified 1 document. Finally, after 5 more meet and confers, on September 20, 2023, Defendants finally confirmed the parties reached a standstill, and thus Plaintiffs requested that Magistrate Judge Reid conduct an *in camera* review of just the sampling of 27 withheld allegedly privilege documents. (ECF No. 183).

After many meet and confer sessions, the Parties were able to agree on a form of the Second Amended Complaint to publicly file with the Court. (ECF No. 186). Plaintiffs and Defendant Landon Cassill were also able to mediate and settle claims against Defendant Cassill, and have moved the Court to stay litigation against him pending approval of that class action settlement. (ECF No. 188).

The remaining Defendants' motion to dismiss is due October 27, 2023. Plaintiffs respectfully submit that, after the Court decides that motion, they are prepared to file their motion for certification of a nationwide issue class pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (c)(4), with respect to the very specific, narrow and simple issue of whether (or not) the EPAs and/or VGX tokens constitute unregistered securities.

Plaintiffs are seeking to have this simple issue determined by the Court as soon as the Court will permit as Plaintiffs submit there is likely no additional discovery required to determine that motion for certification. Plaintiffs will thereafter seek a determination on this issue, either through summary judgment or an expedited trial to the extent the Court deems the determination to be an issue of fact.

Since this Action was filed, the law on mass solicitation of unregistered securities through the internet and social media posts (as exactly was done by these Defendants), has shifted in favor of Plaintiffs, such that the Defendants are "statutory sellers" who solicited the sales of Voyager's unregistered securities, making them liable to Plaintiffs and the class. *See Wildes v. BitConnect Int'l PLC*,

3

25 F.4th 1341 (11th Cir. 2022), *cert. denied sub nom. Arcaro v. Parks*, 214 L. Ed. 2d 235 (2022); *Pino v. Cardone Capital, LLC*, 55 F.4th 1253 (9th Cir. 2022); *De Ford v. Koutoulas*, 6:22-CV-652-PGB-DCI, 2023 WL 2709816 (M.D. Fla. Mar. 30, 2023), *reconsideration denied,* 6:22-CV-652-PGB-DCI, 2023 WL 3584077 (M.D. Fla. May 22, 2023); *Houghton v. Leshner*, No. 3:22-cv-07781-WHO, ECF No. 94 (N.D. Cal. Sept. 20, 2023).

## II.    Defendants' Statement

As set forth in Defendants' Omnibus Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint (the "MTD") [ECF No. 189], there are numerous grounds for dismissing Plaintiffs' claims in full.  Voyager's Earn Program Accounts ("EPAs"), which are at the heart of Plaintiffs' claims, are not securities, and, in any event, Defendants cannot be held liable for Voyager's sale of its products. Plaintiffs' numerous state law consumer protection claims also fail, as Plaintiffs fail to sufficiently identify the supposedly deceptive statements in question, Defendants did not make any materially misleading statements, and Plaintiffs fail to sufficiently allege causation and damages.  Plaintiffs' conspiracy claims under New Jersey law fail as well because Plaintiffs fail to allege an underlying tort or any agreement to commit an unlawful act.  Finally, Plaintiffs' New Jersey Declaratory Judgments Act claim fails, as only one Plaintiff is a New Jersey resident and there are alternate adequate remedies (*i.e.*, Plaintiffs' 23 other claims) available to that Plaintiff.

Moreover, even if Plaintiffs' claims survived the MTD, Plaintiffs face additional obstacles. Plaintiffs' securities claims require proof that Defendants *successfully* solicited Plaintiffs' purchase of Voyager's alleged securities and Plaintiffs' deceptive trade practices claims require proof that Defendants' alleged conduct caused Plaintiffs' injuries.  Thus, to establish their claims, Plaintiffs will need to establish both their individual reliance on Defendants' alleged conduct and that Defendants' conduct caused their injury; individualized inquiries on these issues will predominate over other common issues.  Further, many of Plaintiffs' claims are subject to applicable affirmative defenses.

Defendants do not yet know which, if any, of Plaintiffs' claims will move forward, and accordingly reserve all rights to assert any applicable defenses or arguments.

### III. Conference Report – Information Required by L.R. 16.1(B)(2)

#### A.    Likelihood of Settlement

Plaintiffs have announced a settlement of claims with Defendant Landon Cassill (ECF No. __), but believe that that any further discussion of settlement with the other Defendants would be premature at this stage.

The remaining defendants believe that settlement is unlikely. Nonetheless, if the MTD is

denied in whole or in part, Defendants agree to comply with any requirements under the Local Rules with respect to good faith settlement discussions.

### B.     Likelihood of Appearance in the Action of Additional Parties

Plaintiffs believe that, as discovery progresses, additional parties may be added. Defendants reserve all rights on this issue.

As set forth in Defendants' MTD, Voyager Digital Limited Canada ("Voyager") is a necessary third party under Federal Rule of Civil Procedure 19, and the action cannot proceed in Voyager's absence. *See* ECF No. 189 § VII.

### C.     Proposed Limits on Time

*See* the proposed case schedules at Section V, below.

### D.     Proposals for the Formulation and Simplification of Issues

Plaintiffs submit that the Parties will work in good faith to simplify the issues at an appropriate time.

Defendants submit that, if their MTD is granted, there will be no need for the formulation and simplification of issues, and propose that this issue be revisited, if necessary, after the Court has ruled on the MTD.

### E.     Necessity or Desirability of Amendments to the Pleadings

Although the Parties do not anticipate a need to amend the pleadings at this time, Plaintiffs have proposed a deadline for amendments in their proposed schedule for after the Court's decision on class certification, in the event Plaintiffs need to convert this action to a mass action.

Defendants believe that, if the Court grants the MTD, any proposed amendment to the pleadings would be unnecessary and/or improper.

### F.     Possibility of Obtaining Admissions and Stipulations

The Parties will cooperate in good faith to obtain admissions and stipulations in the discovery process that will limit the issues in dispute and reduce the time needed to conduct a trial. The Parties will also cooperate in good faith on stipulations regarding the authenticity of documents to avoid unnecessary disputes at trial. As to electronic discovery, the Parties will cooperate in good faith to develop a protocol to facilitate electronic discovery without the involvement of the Court.

### G.     Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence

Plaintiffs have no suggestions at this time but will cooperate in good faith to eliminate

unnecessary proof and cumulative evidence. Plaintiffs submit that they will endeavor to utilize all relevant information and discovery from *Cassidy v. Voyager Digital LLC, et al.,* Case No. 21-24441-CIV-ALTONAGA/Torres (S.D. Fla.) to the fullest extent permitted in order to streamline these proceedings.

Defendants have no suggestions at this time but will cooperate in good faith to eliminate unnecessary proof and cumulative evidence. Defendants are not presently aware of what "information and discovery" was obtained by Plaintiffs in the *Cassidy* action before such action was stayed.

### H.     The Advisability of Referring of Matters to a Magistrate Judge

The Court referred all pretrial non-dispositive and discovery matters to Magistrate Judge Reid. ECF No. 58. The Parties consent to continued referral of non-dispositive and pre-trial discovery matters to Magistrate Judge Reid, but do not consent to trial by a Magistrate Judge, nor to the disposition of dispositive pre-trial motions by a Magistrate Judge.

### I.     Preliminary Estimate of Time Required for Trial

Plaintiffs estimate that a trial in this matter would require 5–7 days. Plaintiffs demand a jury trial.

If, *arguendo*, Plaintiffs' claims were to survive the Motion to Dismiss and summary judgment, Defendants believe a trial of such claims would likely require more than 10 trial days.

### J.     Pretrial Conference and Trial Dates

*See* Section V, below.

### K.     Any Discovery Issues

Plaintiffs will continue to abide by the Stipulated Protective Order (ECF No. 65) governing discovery in this action, and will continue to cooperate in good faith to develop protocols to facilitate electronic discovery and govern privilege issues, as necessary, without the involvement of the Court.

Plaintiffs further submit that, as set out in their briefing before Magistrate Judge Reid, (ECF No. 183), an *in camera* review is required of materials that Defendants Mark Cuban and the Dallas Mavericks have improperly withheld or redacted on claims of privilege. Plaintiffs submit that the documents withheld or redacted are not truly privileged materials (such as communications with third parties, regular ordinary course of business communications regarding the Mavericks/Voyager partnership that include in house counsel in the discussion). Even if the materials were technically covered by attorney-client privilege, Defendants Cuban and the Mavericks have made clear that

they intend to lodge a reliance on counsel defense to the claims in this action such that any conceivable privilege that may have attached to the materials has been waived. Plaintiffs are prepared to argue these issues before Magistrate Judge Reid at her earliest convenience.

Defendants will also continue to work in good faith to resolve discovery disputes. As to the issue regarding a potential *in camera* review of materials designated by Defendants Mark Cuban and the Dallas Mavericks as privileged, this matter has already been fully briefed for Magistrate Judge Reid. As set forth in Mr. Cuban and the Mavericks' opposition [ECF No. 182], an *in camera* review is inappropriate here, as Plaintiffs have made any threshold showing for such a review and Plaintiffs' objections are entirely based on a baseless accusation that Defendants have acted in bad faith.

Plaintiffs served written discovery and deposition notices on Mr. Gronkowski [and Mr. Oladipo], as well as a notice of deposition for Mr. Gronkowski's father. This discovery violated a discovery standstill agreed upon by the parties. DE 176 at ¶ 7 ("The Parties further agree that a discovery standstill in this case until November 14, 2023, is warranted"); see also DE 177 (order granting joint agreed motion). The deposition notices are premature for two additional, independent reasons. First, the MTD could result in some or all of the current claims being dismissed, and it would be inefficient to subject Mr. Gronkowski (or his father) and Mr. Oladipo to depositions without knowing exactly what claims will proceed against them, and in what form. Second, Mr. Gronkowski and Mr. Oladipo are relatively new to this case, and they should be provided copies of all discovery previously produced in the case, with sufficient time for counsel to review the documents, before being deposed. Otherwise, their counsel may not be able to prepare them sufficiently for the depositions. It would be obviously unfair for Plaintiffs, who have been litigating this case for over a year, to sandbag the newly added Defendants by questioning them on documents that had not previously been produced to them.

**IV.   Additional Information Required by L.R. 16(B)(3)**

**A.   Assignment of the Case to a Particular Track**

Plaintiffs' position is that, if the Motion to Dismiss the Complaint is denied, and given that Plaintiffs will renew their motion for class certification seeks only certification of an issue class and an expedited determination on the questions of whether the EPAs and/or VGX Tokens constitute unregistered securities, Plaintiffs believe the case would merit a standard case management track at this stage, as defined by Local Rule 16.1, and as set forth in their schedule proposed in section V,

below.

Defendants believe that, if Plaintiffs' Complaint survives the Motion to Dismiss, the case merits a complex case management track, as defined by Local Rule 16.1.

**B.     Detailed Discovery Schedule**

The Parties' respective scheduling proposals are set forth below, at Section V.

**C.     Any Agreements or Issues Regarding Discovery**

Plaintiffs refer the Court to Section III.K, above.

Defendants submit that any outstanding discovery issues will be presented to Magistrate Judge Reid, as per this Court's December 7, 2022 Order [ECF No. 58].

**V.     The Parties' Proposed Schedule**

Plaintiffs propose the following schedule:

| Date | Deadline or Event |
|---|---|
| October 27, 2023 | Deadline for Defendants to respond to the Second Amended Complaint |
| November 10, 2023 | Deadline to furnish Initial Disclosures pursuant to FRCP 26 |
| November 17, 2023 | Plaintiffs file their Opposition to Defendants' Motion to Dismiss |
| December 1, 2023 | Defendants file their Reply in Support of Motion to Dismiss |
| January 15, 2024 | Deadline to select a mediator, and schedule time, date and place |
| January 15, 2024 | Deadline for Plaintiffs to file Motion for Class Certification |
| February 12, 2024 | Deadline for Defendants to file response to Plaintiffs' Motion for Class Certification |
| February 26, 2024 | Deadline for Plaintiffs to file Reply in support of Plaintiff's Motion for Class Certification |
| To be set by the Court. | Hearing on Plaintiff's Motion for Class Certification |
| Within 21 days following the Court's ruling on Plaintiff's motion for class certification | Deadline to file motions to amend pleadings or join parties |
| April 8, 2024 | Deadline to complete fact discovery |
| April 8, 2024 | Deadline for Parties to disclose experts, expert witness summaries and reports |

| Date | Deadline or Event |
|---|---|
| April 29, 2024 | Deadline to complete mediation |
| Within 28 days of each Party's expert disclosures | Deadline to exchange rebuttal expert witness summaries and reports |
| Within 21 days of each Party's rebuttal expert disclosures | Deadline to complete expert discovery |
| July 1, 2024 | Deadline to file all dispositive pre-trial motions |
| July 22, 2024 | Deadline to respond to all dispositive pre-trial motions |
| August 5, 2024 | Deadline to reply in support of all dispositive pre-trial motions |
| August 12, 2024 | Deadline to file joint pretrial stipulation, witness lists, exhibit lists, accordance with Local Rule 16.1(d) and (e), and proposed jury instructions/conclusions of law (for non-jury trials) |
| August 19, 2024 | Deadline for Parties to submit their deposition designations |
| August 26, 2024 | Deadline to file *Daubert* motions, motions to strike experts |
| September 9, 2024 (approximate) | Two-week trial period commences |

Defendants propose the following schedule:

| Date | Deadline or Event |
|---|---|
| October 27, 2023 | Defendants file MTD Plaintiffs' second amended complaint **[complete]** |
| November 17, 2023 | Plaintiffs file opposition to Defendants' MTD |
| November 17, 2023 | Parties to furnish Initial Disclosures pursuant to FRCP 26[3] |
| December 6, 2023 | Defendants file reply to Plaintiffs' opposition |
| [To be determined] | Hearing on Defendants' MTD |

---

[3] On November 18, 2022, Defendants Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, and the original twelve plaintiffs in this action furnished their initial disclosures. ECF Nos. 44, 47. As part of the initial disclosures, Plaintiffs shall produce to the newly added defendants—Robert Gronkowski and Victor Oladipo— copies of all discovery previously taken in this case, including all prior initial disclosures, written discovery and responses, document productions, and deposition transcripts and exhibits.

| | |
|---|---|
| February 9, 2024 | Parties to complete written discovery and document production |
| March / April 2024 | Parties to conduct witness (non-expert) depositions, including any depositions of other parties |
| May 31, 2024 | The parties shall exchange expert witness summaries or reports |
| June 28, 2024 | The parties shall exchange rebuttal expert witness summaries or reports. |
| July 15, 2024 | All discovery, including expert discovery, shall be completed. |
| August 1, 2024 | Plaintiffs' deadline for filing motion for class certification. |
| August 30, 2024 | Defendants' deadline for filing opposition to Plaintiffs' motion for class certification |
| September 13, 2024 | Plaintiffs' deadline for filing reply to Defendants' opposition |
| October 1, 2024 | The parties must have completed mediation and filed a mediation report. |
| October 10, 2024 | The parties shall file all pre-trial motions, including motions for summary judgment, and *Daubert* motions. Each party is limited to filing one *Daubert* motion. If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages. The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification. |
| December 13, 2024 | The parties shall file any motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Rules. |
| January 10, 2025 | The parties shall submit a joint pre-trial stipulation, exhibit lists, witness lists, deposition designations, and proposed jury instructions and verdict form or proposed findings of fact and conclusions of law, as applicable. |
| February 12, 2025 | Two-Week Trial |

**VI.    Federal Rule of Civil Procedure 26(F)(3) Discovery Plan**

    **A.    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

Plaintiffs propose that the Parties serve Initial Disclosures on November 10, 2023, and supplement their Disclosures, if necessary, in accordance with F.R.C.P. 26(a).

Defendants submit that any outstanding discovery issues will be presented to Magistrate Judge Reid, and otherwise direct the Court's attention to Section V (Proposed Schedule) (which suggests a November 17, 2023 deadline for initial disclosures).

**B.  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiffs' discovery will be centered on Defendants' practices, agreements, and representations concerning the Voyager Earn Program Accounts ("EPAs") and VGX Tokens as marketed and promoted by the Defendants. Plaintiffs submit that discovery should not be phased or otherwise limited to any particular issues.

Defendants submit that discovery will include how and when each Plaintiff became a Voyager customer, when, if at all, each Plaintiff received an EPA, and what information about Voyager, the Voyager Platform, and the EPAs was available to and known by each Plaintiff when he or she became a Voyager customer, and other matters relating to the conduct and knowledge of Plaintiffs. Defendants will also focus more generally on the conduct of Voyager and the practices of Voyager and its current and former management.

Defendants submit that any outstanding discovery issues will be presented to Magistrate Judge Reid, and otherwise direct the Court's attention to Section V (Proposed Schedule).

**C.  Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

The Parties will work in good faith to resolve issues concerning discovery and the production of electronically stored information. The Parties will use their best efforts to resolve discovery disputes without the need for unnecessary motion practice before the Court, but respectfully reserve their rights to seek assistance from Magistrate Judge Reid if needed.

**D.  Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

The Parties agree to use the procedures set forth in Fed. R. Civ. P. 26(b)(5), Fed. R. Evid. 502,

and the Stipulated Protective Order [ECF No. 65] regarding any claims of privilege or protection for materials asserted as prepared in anticipation of litigation or trial.

> E. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

At this time, subject to Defendants' reservation of rights as set forth herein, the Parties do not propose any additional limitations on discovery besides what has already been addressed herein.

> F. **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

At this time, the Parties do not propose any changes to the limitations imposed under the Federal Rules of Civil Procedure.

Dated: November 3, 2023                                  Respectfully submitted,

Counsel for Defendants Mark Cuban and Dallas Mavericks Limited d/b/a Dallas Mavericks:

Counsel for Plaintiffs:

**By:** */s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Florida Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Florida Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Florida Bar No. 0178624
Email: atifford@fowler-white.com

**FOWLER WHITE BURNETT, P.A.**
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@thehucklawfirm.com

**THE HUCK LAW FIRM**
334 Minorca Avenue

**By:** */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280
Email: adam@moskowitz-law.com

JOSEPH M. KAYE
Florida Bar No. 117520
Email: joseph@moskowitz-law.com

BARBARA C. LEWIS
Florida Bar No. 118114
Email: barbara@moskowitz-law.com

**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

DAVID BOIES
*Pro Hac Vice*
Email: dboies@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Telephone: (914) 749–8200

Coral Gables, Florida 33134
Telephone: (305) 441-2299

**STEPHEN A. BEST, ESQ.**
*Pro Hac Vice*
Email: sbest@brownrudnick.com

**RACHEL O. WOLKINSON, ESQ.**
*Pro Hac Vice*
Email: rwolkinson@brownrudnick.com

**BROWN RUDNICK LLP**
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

**SIGMUND WISSNER-GROSS, ESQ.**
*Pro Hac Vice*
Email: swissner-gross@brownrudnick.com

**JESSICA N. MEYERS, ESQ.**
*Pro Hac Vice*
Email: jmeyers@brownrudnick.com

**BROWN RUDNICK LLP**
Seven Times Square
New York, NY 11036
Telephone: (212) 209-4930

STEPHEN NEAL ZACK
Florida Bar No. 145215
Email: szack@bsfllp.com

TYLER ULRICH
Florida Bar No. 94705
Email: tulrich@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400

Counsel for Defendant Victor Oladipo:

**By:** */s/ Jonathan S. Feldman*
Jonathan S. Feldman, Esq.
Florida Bar. No. 12682
Email: feldman@katiephang.com

**PHANG FELDMAN**
One Biscayne Tower, Suite 1600
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 614-1223
Facsimile: (305) 614-1187

Kevin A. Fritz, Esq.,
*Pro Hac Vice*
Email: kaf@msf-law.com

Counsel for Defendants Robert Gronkowski and Landon Cassill:

**By:** */s/ R. Craig Mayfield*
R. Craig Mayfield
Florida Bar No. 429643
cmayfield@bradley.com

**BRADLEY ARANT BOULT CUMMINGs LLP**
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Telephone: (813) 559-5500
Facsimile: (813) 229-5946

Charles E. Elder
*Pro Hac Vice*
celder@bradley.com

| | |
|---|---|
| **MEISTER SEELING & FEIN PLLC**<br>125 Park Avenue, 7th Floor<br>New York, New York 10017 | **BRADLEY ARANT BOULT CUMMINGs LLP**<br>1600 Division Street, Suite 700<br>Nashville, TN<br>Telephone: (615) 252-3597<br><br>Christopher C. Lam<br>*Pro Hac Vice*<br>clam@bradley.com<br><br>**BRADLEY ARANT BOULT CUMMINGs LLP**<br>Truist Center<br>214 North Tryon Street, Suite 3700<br>Charlotte, NC 28202-1078<br>Telephone: (704) 338-6099 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on November 3, 2023 with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ *Adam M. Moskowitz*
     Adam M. Moskowitz
     Florida Bar No. 984280