# Exhibit C

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted pro hac vice)
Grayson Williams (admitted pro hac vice)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

**MCDERMOTT WILL & EMERY LLP**
Gregg Steinman (admitted pro hac vice)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | Case No. 22-10943 (MEW) |
| Debtors.[1] | (Jointly Administered) |

**THE PLAN ADMINISTRATOR'S *EX PARTE* MOTION FOR ENTRY OF AN ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016 AUTHORIZING AND DIRECTING SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS BY, AND THE EXAMINATION OF, (I) DALLAS BASKETBALL LIMITED D/B/A/ DALLAS MAVERICKS, AND (II) MARK CUBAN**

---

[1] The Wind-Down Debtor in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT................................................................................................ 2

JURISDICTION AND VENUE ............................................................................................... 3

BACKGROUND ..................................................................................................................... 3

RELIEF REQUESTED............................................................................................................ 5

BASIS FOR REQUESTED RELIEF....................................................................................... 5

     I.      Powers and Duties of the Plan Administrator ........................................................ 5

     II.     Applicable Law ....................................................................................................... 6

     III.    Good Cause Exists to Allow the Plan Administrator's Rule 2004 Subpoenas ....................................................................................................................... 8

NOTICE................................................................................................................................... 9

RESERVATION OF RIGHTS .............................................................................................. 10

CONCLUSION...................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*In re Bernard L. Madoff Inv. Secs. LLC,.*,
2014 WL 5486279 (Bankr. S.D.N.Y. 2014).................................................................7

*In re Celsius Network LLC, et al.*
Case No. 22-10964 (MG), Docket No. 2701 (S.D.N.Y. Bankr. 2023)........................9

*In re China Fishery Group Ltd.*,
2017 WL 3084397 (Bankr. S.D.N.Y. 2017)................................................................6

*In re Duratech Indus., Inc.*,
241 B.R. 291 (Bankr. E.D.N.Y. 1999)........................................................................7

*In re Ecam Publ'ns, Inc.*,
131 B.R. 556 (Bankr. S.D.N.Y. 1991)........................................................................8

*In re Gawker Media LLC*,
2017 WL 2804870 (Bankr. S.D.N.Y. 2017)...........................................................7, 8

*In re Hughes*,
281 B.R. 224 (Bankr. S.D.N.Y. 2002).......................................................................7

*In re Kramer*,
492 B.R. 366 (Bankr. E.D.N.Y. 2013)........................................................................9

*In re Madison Williams & Co., LLC*,
2014 WL 56070 (Bankr. S.D.N.Y. 2014)................................................................6, 7

*In re Recoton Corp.*,
307 B.R. 751 (Bankr. S.D.N.Y. 2004)................................................................6, 7, 8

*In re Silverman*,
36 B.R. 254 (Bankr. S.D.N.Y. 1984)..........................................................................9

*In re SunEdison, Inc.*,
562 B.R. 243 (Bankr. S.D.N.Y. 2017)........................................................................6

*In re Toft*,
453 B.R. 186 (Bankr. S.D.N.Y. 2011)........................................................................9

*Semi-Tech Litig., LLC v. Bankers Trust Co.*,
272 F. Supp. 2d 319 (S.D.N.Y. 2003), *aff'd & adopted,* 450 F.3d 121, 123 (2d
Cir. 2006)....................................................................................................................8

**Other Authorities**

11 U.S.C.§ 105 ...................................................................................................... 1, 3

11 U.S.C. § 1123(b) .................................................................................................... 5

28 U.S.C. § 157 ........................................................................................................... 3

28 U.S.C. § 1334 ......................................................................................................... 3

28 U.S.C. § 1408 ......................................................................................................... 3

28 U.S.C. § 1409 ......................................................................................................... 3

Fed. R. Bankr. P. 2004 ........................................................................................ *passim*

Fed. R. Bankr. P. 9016 ............................................................................................ 1, 3

On October 12, 2023, Paul R. Hage, in his capacity as the Plan Administrator (the "Plan Administrator") for the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Bankruptcy Code") [Docket No. 1166-1] (the "Plan") of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Wind-Down Debtor" or "Voyager"), submitted an *ex parte* motion seeking entry of an order authorizing and directing subpoenas for the production of documents by, and the examination of Dallas Basketball Limited and Mark Cuban (Docket No. 1599), pursuant to section 105 of the Bankruptcy Code, Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"). Pursuant to the hearing held on November 8, 2023, and the order entered on November 28, 2023 (Docket No. 1612) concerning the Plan Administrator's prior motion seeking 2004 discovery, the Plan Administrator hereby submits this revised *ex parte* motion (the "Motion"), seeking substantially narrower discovery and the entry of the order attached as Exhibit A (the "Order").

The requested Order authorizes the Plan Administrator to serve narrowed and tailored subpoenas substantially in the form attached hereto as **Exhibits B-C** (the "Subpoenas") for the production of documents by, and the examination of, (i) Dallas Basketball Limited d/b/a/ Dallas Mavericks ("Dallas Mavericks"), and (ii) Mark Cuban ("Cuban") (each party in the foregoing clauses (i) and (ii) a "Rule 2004 Party" and, collectively, the "Rule 2004 Parties").[1] In support of this Motion, the Plan Administrator represents as follows:

---

[1] The Plan Administrator requests that any Rule 2004 Party that is not a natural person be required to designate a representative of such Rule 2004 Party who is most knowledgeable about the matters for examination set forth in the Subpoenas pursuant to Federal Rule of Civil Procedure 30(b)(6).

## PRELIMINARY STATEMENT

1.       The Plan Administrator respectfully requests that the United States Bankruptcy Court for the Southern District of New York (the "Court") enter the Order authorizing him to issue the Subpoenas for testimony and the production of documents from the Rule 2004 Parties pursuant to Bankruptcy Rule 2004 and the Plan.  The Plan Administrator is a fiduciary appointed under the Plan who is expressly charged with the responsibility of "seeking the examination of any Person pursuant to Federal Rule of Bankruptcy Procedure 2004[.]"[2]

2.       The Rule 2004 Parties possess information that relate to the "liabilities and financial condition of the debtor" and "to any matter which may affect the administration of the debtor's estate." *See* Fed. R. Bank. P. 2004(b).  For instance, Voyager entered into contracts with celebrities, promoters, and entertainment companies, for their marketing of the Voyager platform and Voyager products, including with Cuban and the Dallas Mavericks.  Voyager paid a substantial amount in compensation and sponsorship to Cuban and the Dallas Mavericks in exchange for their public promotion of Voyager.  In addition, both Cuban and the Dallas Mavericks were paid a commission for each new customer who signed up to Voyager platform through their referrals.

3.       Given the Rule 2004 Parties' substantial relationship with Voyager, the Subpoenas seek information well within the ambit of Rule 2004.  The Subpoenas are narrowly tailored, will not unduly burden the Rule 2004 Parties, and properly relate to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  Fed. R. Bankr. P. 2004(a) (b).

---

[2] Docket No. 1166.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory predicates for the relief requested herein are Section 105 of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016.

## BACKGROUND

7.      On July 5, 2022 (the "Petition Date"), the Wind-Down Debtor filed voluntary petitions for relief in the Court under the Bankruptcy Code.

8.      On March 10, 2023, the Court entered the Corrected and Amended Order approving the Plan, pursuant to which third parties could contribute their claims to the Wind-Down Debtor, and such claims became the Wind-Down Debtor's assets as of May 19, 2023, the Effective Date of the Plan.[3]

9.      Pursuant to the Plan, the Plan Administrator is the sole representative of the Wind-Down Debtor and has authority to administer, pursue, prosecute, litigate, settle, dismiss or otherwise take action with respect to the Wind-Down Debtor's claims—including assigned claims from third parties.  Specifically, the Plan tasks the Plan Administrator with seeking Bankruptcy Rule 2004 examinations of any individual, partnership, and corporation.[4]

10.     Voyager engaged in extensive marketing and advertising efforts.  As part of these efforts, Voyager entered into sponsorship agreements with celebrities and sports leagues for the promotion of Voyager platform and Voyager products.  Cuban and the Dallas Mavericks were key

---

[3] Docket No. 1166-1, 1405.
[4] Docket No. 1166-1 ("Responsibilities of the Plan Administrator shall be identified in the Plan Administrator Agreement and shall include . . . seeking the examination of any Person pursuant to Federal Rule of Bankruptcy Procedure 2004.").

promoters of Voyager. Cuban publicly called the Voyager platform "as close to risk free as you're gonna get in the crypto universe."[5] And on multiple occasions, including during Dallas Mavericks' press conferences, Cuban encouraged Dallas Mavericks' fans to join Voyager: "I like to use it, it's easy, it's cheap, it's fast, and the pricing is actually really good, so we find it a perfect fit for our Mavs fans and reaching Mavs fans of all ages."[6] Cuban and the Dallas Mavericks received substantial compensation from Voyager for their promotion of the Voyager platform and products. In addition, a substantial number of new customers signed up to the Voyager platform using promotion codes associated with the Dallas Mavericks. Voyager customers brought class action lawsuit against Dallas Mavericks and Mark Cuban for their promotion of Voyager platform and products.

11.     The Plan Administrator is seeking information concerning Cuban's and the Dallas Mavericks' knowledge of the truth or falsity of the marketing materials and of other representations relating to Voyager, Cuban's and Dallas Mavericks' knowledge and views concerning Voyager's regulatory and licensing status, and their knowledge and views of the overall safety and risk profile of the Voyager Platform.

12.     Accordingly, the Plan Administrator is seeking to issue the Subpoenas to the Rule 2004 Parties pursuant to Bankruptcy Rule 2004 as they possess information "which may affect the administration of the estate." *See* Fed. R. Bankr. P. 2004(b). The information requested herein properly relates to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." *Id.*

---

[5] https://www.youtube.com/watch?v=aB9GpBOroIw (accessed on August 14, 2023).
[6] *Id.*

**RELIEF REQUESTED**

13.     By this Motion, the Plan Administrator respectfully requests entry of the Order, substantially in the form of the Order attached hereto as **Exhibit A**, authorizing the Plan Administrator to serve Subpoenas for Rule 2004 examinations substantially in the form attached hereto as **Exhibits B-C** on the Rule 2004 Parties.

**BASIS FOR REQUESTED RELIEF**

**I.     Powers and Duties of the Plan Administrator**

14.     Pursuant to section 1123(b) of the Bankruptcy Code, a plan may provide for "the settlement or adjustment of any claim or interest belonging to the debtor or to the estate" or the retention and enforcement by "a representative of the estate appointed for such purpose, of any such claim or interest."  Moreover, pursuant to Bankruptcy Rule 2004, "[o]n motion of any party in interest, the court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a) (b).

15.     Under the Plan, the Plan Administrator is a "party in interest" entitled to conduct Bankruptcy Rule 2004 examinations for the following reasons.

16.     *First,* the Plan appointed the Plan Administrator as the sole representative of the Wind-Down Debtor and vested in him the authority to administer, pursue, prosecute, litigate, settle, dismiss or otherwise take action with respect to the Wind-Down Debtor's claims and causes of action.

17.     *Second,* the Plan expressly tasks the Plan Administrator with the responsibility to seek "the examination of any [individual, partnership, and corporation] pursuant to the Federal Rule of Bankruptcy Procedure 2004."[7]

---

[7] Docket No. 1166.

18.     *Finally*, the Plan Administrator has a fiduciary obligation to stakeholders to make an informed decision as to whether potential claims exist, and if so, whether to pursue them.[8] Conducting Rule 2004 examinations will allow the Plan Administrator to seek the information necessary to discharge this fiduciary obligation.

## II.     Applicable Law

19.     As explained above, Bankruptcy Rule 2004 provides that, "on motion of any party in interest, the court may order examination of any entity" related to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."  Fed. R. Bankr. P. 2004(a) (b).  *In re China Fishery Group Ltd.*, 2017 WL 3084397 at *4 (Bankr. S.D.N.Y. 2017); *In re SunEdison, Inc.*, 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2017).

20.     The purpose of a Bankruptcy Rule 2004 examination is to "assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred."  *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) (allowing Rule 2004 examination because "on its face the Motion appears to be a legitimate attempt to investigate potential claims that might benefit the bankruptcy estates.")  Bankruptcy Rule 2004 permits discovery "to determine the extent of the estate's assets and recover those assets for the benefit of creditors."  *In re Madison Williams & Co., LLC*, 2014 WL 56070, at *3 (Bankr. S.D.N.Y. 2014) (holding that non-party witnesses were not entitled to a protective order with respect to the scope of discovery sought under the Bankruptcy Rule 2004 examination because "the scope of the information sought was properly within the scope of permissible inquiry by [the Trustee] in investigating the acts, conduct, or property of the debtor");

---

[8] *Id.*

*see also In re Duratech Indus., Inc.*, 241 B.R. 291, 296 (Bankr. E.D.N.Y. 1999) (explaining that Bankruptcy Rule 2004 facilitates "the central purpose of a bankruptcy case, namely, to maximize the distribution of assets or plan payments to unsecured creditors").

21.     The party seeking Bankruptcy Rule 2004 discovery has the burden to show good cause for the examination it seeks, and the decision to grant the requested relief lies within the sound discretion of the Bankruptcy Court.  *See In re Bernard L. Madoff Inv. Secs. LLC*, 2014 WL 5486279, at *2 (Bankr. S.D.N.Y. 2014).  Good cause is established when a Bankruptcy Rule 2004 examination is used for the purpose of "'discovering assets, examining transactions, and determining whether wrongdoing has occurred' on behalf of the Debtors' estate."  *In re Gawker Media LLC*, 2017 WL 2804870 at *5 (Bankr. S.D.N.Y. 2017) (allowing Plan Administrator to conduct 2004 Examination when the proceeds of litigation will be paid to the creditors under the Plan).  As long as the examination is not designed to "abuse or harass" a third party, the court will allow it.  *See In re Recoton Corp.*, 307 B.R. at 755.

22.     The scope of discovery allowed under Bankruptcy Rule 2004 is "very broad and great latitude of inquiry is ordinarily permitted."  *In re Madison Williams*, 2014 WL 56070, at *3. "It is well settled that the scope of examination allowed under Bankruptcy Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the name of a 'fishing expedition.'"  *In re Hughes*, 281 B.R. 224, 231 (Bankr. S.D.N.Y. 2002) (denying motion to quash Bankruptcy Rule 2004 subpoenas because the subpoenas enable the Joint Liquidators to exercise the powers entrusted by the court, which is to investigate the debtor's "financial affairs, and contribute to an economical and expeditious administration of this estate").

23. Courts routinely allow examination of third parties who have had dealings with the debtor. *See In re Recoton Corp.*,307 B.R. at 755 ("Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation").

24. Additionally, Bankruptcy Rule 2004 examinations are appropriate with respect to assigned claims as "the assignment of a nondebtor's claim against another nondebtor may constitute property of the estate if such assigned claim became part of the bankruptcy estate as a result of a post-petition transaction by the trustee and in accordance with the trustee's duties to administer the debtor's estate." *In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 561 (Bankr. S.D.N.Y. 1991). *See also Semi-Tech Litig., LLC v. Bankers Trust Co.,* 272 F. Supp. 2d 319, 323-24 (S.D.N.Y. 2003)*, aff'd & adopted,* 450 F.3d 121, 123 (2d Cir. 2006) (holding that the liquidating trust has standing to bring third party claims assigned to it under a confirmed Chapter 11 plan).

### III. Good Cause Exists to Allow the Plan Administrator's Rule 2004 Subpoenas

25. The Subpoenas requested herein fit squarely within the purpose of Bankruptcy Rule 2004, as the Plan Administrator seeks to examine a third party, with whom Voyager had substantial business dealings, for the purpose of "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Gawker Media LLC*, 2017 WL 2804870 at *5. As set forth above, Cuban and the Dallas Mavericks were key promoters of the Voyager platform and products and provided substantial assistance to Voyager in engaging in the activities that are now or were the subject of complaints and investigations by governmental entities. More specifically, Cuban and the Dallas Mavericks played a critical role in Voyager's marketing and customer acquisition plan in states across the country. Examining their knowledge of the truth or falsity of those marketing materials and Voyager's legal authority to do business in the states in which they

were soliciting customers is well within the ambit of Rule 2004. Accordingly, the Plan Administrator has demonstrated that good cause exists for issuing the Subpoenas.

## NOTICE

26.     Pursuant to Judge Wiles' Chambers Rules on 2004 Orders, "[r]equests for 2004 orders may be submitted *ex parte* but the Court, in its discretion, may require notice and a hearing." The Plan Administrator is proceeding with this Motion on an *ex parte* basis.

27.     Courts in this district and others have recognized that a Bankruptcy Rule 2004 examination may be commenced by an *ex parte* motion. *See In re Toft*, 453 B.R. 186, 198 (Bankr. S.D.N.Y. 2011) (noting that "an examination under Bankruptcy Rule 2004 may be commenced by an *ex parte* motion"); *In re Kramer*, 492 B.R. 366, 372 (Bankr. E.D.N.Y. 2013) (noting "[t]he Rule 2004 Application could have been made *ex parte*" and that "Rule 2004 does not require notice"). Indeed, bankruptcy courts in this district have recently granted similar requests to serve subpoenas *ex parte. See, e.g., In re Celsius Network LLC, et al*., Case No. 22-10964 (MG), Docket No. 2701 (S.D.N.Y. Bankr. 2023) (granting *ex parte* motion for Rule 2004 examinations). Accordingly, requests for relief under Bankruptcy Rule 2004(a) are routinely granted *ex parte. See In re Silverman*, 36 B.R. 254, 256-57 (Bankr. S.D.N.Y. 1984).

28.     Although this Motion is being filed *ex parte*, any concerns regarding notice or due process are addressed by the fact that any person or entity ultimately served with a Subpoena will receive a copy of the Order and they may contest the scope or issuance of any Subpoena. The Rule 2004 Parties will have ample opportunity to seek from this Court protection from any Subpoena or information sought by the Subpoenas issued by the Plan Administrator that the Rule 2004 Parties believe they have a basis to challenge.

29.     Based on the foregoing, the Plan Administrator submits that the Motion can and should be granted *ex parte*, and that no further notice should be required.

## RESERVATION OF RIGHTS

30.     The Plan Administrator reserves all rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Motion, to seek additional discovery from any party, add additional parties, or to raise additional grounds for granting this Motion during any hearing on the Motion, if one should be held.

## CONCLUSION

**WHEREFORE**, for the reasons stated herein, the Plan Administrator respectfully requests that this Court enter an Order, pursuant to Bankruptcy Rule 2004, substantially in the form attached hereto as **Exhibit A**, authorizing the issuance of Subpoenas for testimony and the production of documents from the Rule 2004 Parties, and granting to the Plan Administrator such other and further relief as this Court may deem just and proper.

Dated:  December 5, 2023
       New York, New York

MᴄDᴇʀᴍᴏᴛᴛ Wɪʟʟ & Eᴍᴇʀʏ LLP

/s/ Joseph B. Evans
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail: jbevans@mwe.com

*Counsel to the Plan Administrator*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | : | |
| | : | |
| | : | Case No. 22-10943 (MEW) |
| Debtors.[1] | : | |
| | : | |

### ORDER AUTHORIZING PLAN ADMINISTRATOR
### TO ISSUE SUBPOENAS DIRECTING EXAMINATION
### AND PRODUCTION OF DOCUMENTS

The Plan Administrator for the Third Amended Joint Plan of Voyager Digital Holdings,

Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan

Administrator") filed an application (the "Application") for an order, pursuant to Rules 2004 and

9016 of the Federal Rules of Bankruptcy Procedure, seeking authorization for the Plan

Administrator to issue subpoenas, without prejudice to the right of Dallas Basketball Limited

d/b/a Dallas Mavericks ("Dallas Mavericks") and Mark Cuban ("Cuban") to object, (a) directing

the production for inspection and copying records of documents relating to Voyager Digital

Holdings, Inc., *et al.*, and (b) directing the appearance and submission to an oral examination to

be taken under oath; and the Court having jurisdiction to consider the Application and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and sufficient notice having

been provided; and the Court having found and determined that the relief sought in the

---

[1]  The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's
federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and
Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite
2500, Southfield, MI 48034.

Application is in the best interest of the Wind-Down Debtors and their estates; and the legal and

factual bases set forth in the Application having established just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor,

  IT IS HEREBY ORDERED THAT:

 1. The relief requested in the Application is GRANTED to the extent set forth herein.

 2. The Plan Administrator may issue a subpoena directing the Dallas Mavericks and Cuban

to produce documents in response to the requests attached hereto as Schedule A (the "Document

Request") without prejudice to the right of the Dallas Mavericks or Cuban to object in

accordance with the applicable rules.

 3. The Plan Administrator may issue a subpoena directing a representative of the Dallas

Mavericks and Cuban to appear for an examination under oath to testify as to Voyager Digital

Holdings without prejudice to the right of the Dallas Mavericks or Cuban to object.

 4. To the extent necessary, the Plan Administrator's rights are reserved to request additional

examinations or documents under Bankruptcy Rule 2004 based on any information that may be

revealed as a result of the discovery obtained pursuant to this Order.

 5. This Order shall be served upon (i) the Dallas Mavericks and Cuban; (ii) the Office of the

U.S. Trustee: and (iii) all parties who have appeared in this chapter 11 case.

 6. This Court retains jurisdiction to resolve all matters arising under or related to this Order,

and to interpret, implement, and enforce the provisions of this Order.

Dated: New York, New York
   _____, 2023

           _____
           UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Proposed Subpoena to Dallas Mavericks**

# UNITED STATES BANKRUPTCY COURT

<u>Southern</u> _____ District of _____ <u>New York</u> _____

In re <u>VOYAGER DIGITAL HOLDINGS, INC., et al.,</u>

Debtor

Case No. <u>22-10943 (MEW)</u>

Chapter <u>11</u>

## SUBPOENA FOR RULE 2004 EXAMINATION

To: <u>Dallas Basketball Limited d/b/a/ Dallas Mavericks</u>

*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| MCDERMOTT WILL & EMERY LLP; One Vanderbilt Avenue; New York, New York 10017-3852 Zoom link will be provided for remote participation | TBD |

The examination will be recorded by this method: By videographic or stenographic means
_____

[X] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See **Schedule A** attached hereto; documents to be produced to the offices of MCDERMOTT WILL & EMERY LLP; One Vanderbilt Avenue; New York, New York 10017-3852; Attn: Joseph B. Evans; Email: jbevans@mwe.com

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

| _____ | _____ |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, email address, and telephone number of the attorney representing *(name of party)* <u>Paul R. Hage, in his capacity as the Plan Administrator</u>, who issues or requests this subpoena, are:

Joseph B. Evans: One Vanderbilt Avenue New York, New York 10017-3852
Telephone: (212) 547-5400; E-mail: jbevans@mwe.com.

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

### PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

PLEASE TAKE NOTICE that, pursuant to Rule 2004(c) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9016 of the Bankruptcy Rules, and Rule 2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York, Paul R. Hage, in his capacity as the Plan Administrator (the "Plan Administrator") of Voyager Digital Holdings, Inc., et al. (collectively, the "Wind-Down Debtor" or "Voyager") under the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Bankruptcy Code") [Docket No. 1166-1] (the "Plan"), hereby requests that Dallas Basketball Limited d/b/a Dallas Mavericks ("Dallas Mavericks") produce the following Documents and information in response to the requests contained herein (the "Requests") in its possession, custody, or control to the offices of McDermott Will & Emery LLP, One Vanderbilt Avenue New York, New York 10017-3852, at such date and time upon which the parties may mutually agree or may be ordered by the United States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Plan Administrator reserves his rights under the Bankruptcy Code and any applicable law regarding the subject matter hereof to amend, supplement, and/or modify the Requests in accordance with the Bankruptcy Code, the Bankruptcy Rules, and other applicable law.

## DEFINITIONS

The following definitions of terms apply to all Requests and Topics. All words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.     The following rules of construction shall apply to all Requests and Topics:

      a.     the connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request or Topic all responses that might otherwise be construed to be outside of its scope;

      b.     the use of the present or past tense shall be construed to include both the present and past tenses as necessary to bring within the scope of the Request or Topic all responses that might otherwise be construed to be outside of its scope;

      c.     "**any**" and "**each**" shall be construed to include and encompass "**all**"; and

      d.     the use of the singular form of any word includes the plural and vice versa.

2.     Any references to a corporation, partnership, proprietorship, association, organization, or any other business or legal entity (Including any of the Voyager debtors) shall be deemed to include the corporation's, partnership's, proprietorship's, association's, organization's, or other business or legal entities' agents, accountants, advisors, employees, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors, successors, assigns, or any other Person acting or purporting to act on behalf of the corporation, partnership, proprietorship, association, organization, or other business or legal entity.

3. "<u>Cuban</u>" shall mean Mark Cuban Including, as applicable, his agents, representatives, consultants, attorneys, auditors, accountants, and any other Person(s) now or heretofore under the control of the foregoing or acting or purporting to act on his behalf.

4. "<u>Dallas Mavericks</u>" "<u>You</u>" or "<u>Your</u>" shall mean Dallas Basketball Limited, a Texas limited partnership doing business as the Dallas Mavericks, Including their predecessors, successors, partners, joint ventures, subsidiaries, affiliates, divisions, directors, officers, principals, trustees, employees, agents, representatives, consultants, attorneys, auditors, accountants, consultants or any other Person(s) now or heretofore under the control of the foregoing or acting or purporting to act on its behalf.

5. "<u>Voyager</u>" shall mean Voyager Digital Ltd., Voyager Digital, LLC, Voyager Digital Holdings, Inc., Voyager Digital Canada, Ltd., and all other entities affiliated with what is commonly known as Voyager (https://www.investvoyager.com), Including, as applicable, its predecessors, successors, partners, joint ventures, subsidiaries, affiliates, divisions, directors, officers, principals, trustees, employees, agents, representatives, consultants, attorneys, auditors, accountants, consultants or any other Person(s) now or heretofore under the control of the foregoing or acting or purporting to act on its behalf.

6. "<u>Voyager Engagement</u>" shall mean any work, service, product, thing, or information of value that You have performed or provided, or engaged any third parties to perform or provide, for or on behalf of Voyager or any of Voyager's products or services.

7. "<u>Cryptocurrency</u>" shall mean all digital assets that are traded on a blockchain, and shall be interpreted broadly to include all types of digital assets, Including virtual currency, tokens, ERC-20 compliant tokens, security tokens, utility tokens, stablecoins, and any other digital assets. This includes, but is not limited to, Bitcoin, Bitcoin Cash, Ethereum, USD Coin (USDC), VGX,

Tether (USDt), Dai, IDOL, XRP, Cardano, Polkadot, Binance Coin, Litecoin, Chainlink, Stellar, Dogecoin, Aave, Uniswap, Wrapped Bitcoin, Bitcoin SV, EOS, Monero, Maker, Cosmos, TRON, NEM, Synthetix, Tezos, THETA, Compound, VeChain, Neo SushiSwap, Huobi Token, UMA, Elrond, IOTA, Solana, and any other digital asset, Including all derivative instruments based on any of the foregoing assets.

8.  "Agreement" shall mean any agreement between You and/or Cuban, and Voyager, Including the Sponsorship Agreement dated October 29, 2021 between the Dallas Mavericks and Voyager Digital Holdings, Inc., Including any drafts, amendments, restatements, or renewals of the same, or any subsequent agreements between the Dallas Mavericks and Voyager that concern the same or similar subject matter.

9.  "Business Dealings" shall mean all conduct and Communications between two or more parties Concerning the provision of goods or services in exchange for payment or other value, Including releasing information, conducting negotiations, or making offers prior to the conclusion of a contract, even if no contract is concluded as a result.

10.  "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, Including meetings, discussions, conversations, telephone calls, e-mail messages, text messages, chats, iMessages, Bloomberg, Telegram, WhatsApp, GroupMe, WeChat, Signal, Dust, Slack, Proton, QQ, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, videotapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

11.  "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

12.     "Board Materials" shall mean any materials created in preparation for, during, or in connection with meetings or any written action in lieu of a meeting of Your Board of Directors or similar governing body, Including meeting minutes, Documents, records, handwritten or typed notes or decks.

13.     "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  For the avoidance of doubt, this may encompass all written, graphic, or printed matter of any kind, however produced or reproduced, Including all originals, drafts, working papers, and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form, and any associated metadata.  The term "Documents" includes, but is not limited to:

a.      Correspondence, memoranda, notes, calendar or diary entries, statistics, letters, electronic mail, notebooks, telegrams, journals, minutes, agendas, notices, announcements, instructions, charts, schedules, requests, contracts, prospective contracts, agreements, prospective agreements, licenses, prospective licenses, order forms, books, accounts, records, reports, studies, surveys, experiments, analyses, checks, cancelled checks, wire confirmations, statements, receipts, returns, vouchers, statements, credit memoranda, sales slips, promissory notes, summaries, pamphlets, prospectuses, manuals, brochures, announcements, certificates, drawings, plans, inter-office and intraoffice Communications, pitchbooks, marketing materials, or offers;

b.      any written, or electronic transmission of information without limitation, Including any Communications and notations in any form made of conversations, telephone calls, meetings, negotiations, or other Communications;

c.      bulletins, circulars, schedules, lists, guides, printed matter (Including newspapers, magazines and other publications, articles and clippings therefrom), press releases, computer printouts, teletypes, telecopies, telexes, invoices, ledgers, balance sheets, financial statements, or worksheets;

d.      electronic, mechanical, or optical records or representations of any kind (Including tapes, cassettes, discs, hard drives, recordings, voice mail, electronic mail, and computer-stored data or material), or transcriptions thereof; and

e.      all drafts, alterations, modifications, changes, and amendments of any of the foregoing, and any material underlying, supporting, or used in the preparation of any Document.

f.      A draft or non-identical copy is a separate Document within the meaning of this term.

14.      "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

15.      "Person" shall mean any individual, natural person, or business entity, Including sole proprietorship, partnership, association, corporation, organization, joint venture, company, or any other legal, business, formal, or informal entity, Including governmental bodies and/or agencies, and any department, affiliate, joint enterprise, or representative thereof.

6

## INSTRUCTIONS

1.      The preceding definitions apply to these Instructions and each of the succeeding Requests and Topics.

2.      All terms defined above shall have the meanings set forth therein, whether capitalized in the Requests or not.

3.      You are required to produce all responsive Documents in Your possession, custody, or control, wherever located, Including those in the custody of Your representatives, agents, professionals, affiliates, or anyone acting on Your behalf.

4.      These Requests are continuing requests pursuant to the Bankruptcy Rules.  You must supplement any production of Documents that are received, discovered, or created after any of Your responses to the Requests, or that are otherwise within Your possession, custody, or control, wherever located, Including those in the custody of Your representatives, agents, professional, affiliates, or anyone acting on Your behalf.

5.      If You object to any part of any Request, You must produce all Documents that are responsive to the portions of the Request to which You do not object.  You also must state the nature of, and grounds for, the objection.

6.      If You cannot comply with any Request in full, You must comply to the fullest extent possible, and You should provide an explanation as to why full compliance is not possible.

7.      Where You assert a claim of privilege or any other grounds for withholding in objecting to a Request and withhold a responsive Document on this basis, You must provide a withholding log setting forth (a) the nature of the privilege being claimed, (b) the type of Document being withheld, (c) the general subject matter of the Document, (d) the date of the Document, and (e) such other information sufficient to permit evaluation of the claim of privilege or other asserted

basis for withholding, Including, where appropriate, the author of the Document, the title or subject line of the Document, the addressee of the Document, and, where not apparent, the relationship of the author and the addressee to each other.

8.    If a Document contains both privileged and non-privileged material, You must disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a party asserts a privilege to part of the material contained in a Document, the party asserting the privilege must clearly indicate the portions as to which it claims the privilege.  When a Document has been redacted or altered in any fashion, You must identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the Person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted Documents.

9.    All Documents produced in electronic format shall be in their native format and shall be OCR (Optical Character Recognition) capable and shall be produced with Relativity compatible load files.

10.    Additional special processing of certain electronically stored information shall be as follows:  Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall be produced in native format.  A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page.  The exception shall be for redacted spreadsheets which shall be produced in TIFF format. Images for the redacted spreadsheets shall display the content in the same manner as if it were printed.  The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the Documents.

11.     If any Document called for by these Requests has been destroyed or discarded, You must identify that Document in writing by providing the following information: (a) any sender/author and any addressee; (b) any indicated or blind copies; (c) the Document's date, subject matter, number of pages, and attachments or appendices; (d) all Persons to whom the Document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the Persons who authorized and carried out such destruction or discard; and (g) whether any copies of the Document presently exist and, if so, the name of the custodian of each copy.

12.     Any copy of a Document that varies in any way whatsoever from the original or from any other copy of the Document, whether by reason or any handwritten mark or other notation or any omission, is a separate Document and must be produced, whether or not the original of such a Document is within Your possession, custody, or control. A request for any Document includes a request for all drafts thereof, and all revisions and modifications thereto, Including any red-lined versions or Document comparisons, in addition to the Document itself.  Each Document is to be produced in its entirety, without abbreviation or expurgation.

13.     In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, should be produced as is.  If no Document exists that is responsive to a particular request, You must state so in writing.

14.     Except where otherwise specified, the Document Requests seek Documents dated, created, or otherwise obtained on or between January 1, 2018 and the present.

### REQUESTS

1.     All Documents and Communications Concerning the Agreement(s), Including without limitation:

       a.      all Documents and Communications Concerning due diligence, Including legal opinions and diligence requests, performed on Voyager;

       b.      all Documents and Communications Concerning the negotiation, drafting, execution, and performance of the Agreement(s);

       c.      all Agreement(s) between You and Voyager, Including all attachments thereto and draft versions; and

       d.      documents sufficient to show all representations made to You by Voyager Concerning the Agreement(s).

2.      All Documents and Communications Concerning any representations or public statements You made Concerning Voyager, Including marketing materials, social media posts, advertisements, commercials, or other public statements, Including All Documents and Communications Concerning diligence questions or analysis Concerning the truth or falsity of such representations or statements.

3.      All non-privileged Documents and Communications Concerning Voyager's compliance with statutory or regulatory requirements, Including securities laws, money transmitter laws, know-your-customer/anti-money-laundering laws, and consumer protection requirements.

4.      All Documents and Communications between You and Voyager Concerning federal and state money transmitter laws, regulations, and licensing.

5.      All Documents and Communications Concerning the designation of Voyager as the "official and exclusive cryptocurrency brokerage [or exchange or payment provider] of the Dallas Mavericks," or such other designation, as set forth in Exhibit I to the Agreement under the heading "Official Sponsor Designation."

6.      Documents and Communications Concerning "customer partner activation platforms" under the heading "Partner Platforms," Including, "Creation of Educational Content highlighting Voyager or Mavericks personnel"; "Community Events"; "Fan Incentives/Giveaways"; "Mavs Gaming;" and "Texas Legends Sponsorship." *See* Agreement, Exhibit I.

7.      All Documents and Communications relating to any Annual Review of the Sponsorship Package.  *See* Agreement, Exhibit I.

8.      All Board Materials Concerning any Voyager Engagement.

9.      Documents sufficient to show all compensation paid by Voyager to You, Including invoices, outstanding or otherwise, and requests for payment.

10.      All Documents and Communications Concerning the Dallas Mavericks and Voyager October 27, 2021 press conference.

11.      All non-privileged Documents and Communications Concerning Voyager's bankruptcy and/or anticipation of its bankruptcy.

12.      All Documents and Communications Concerning investigations or litigations involving Voyager, Including deposition transcripts and Including all Documents produced by You or to You in any litigations or investigations Concerning Voyager, Including *Robertson et al. v. Mark Cuban, et al.*, No. 22-cv-22538 (S.D. Fl. 2022).

## **SCHEDULE B**

PLEASE TAKE NOTICE that pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9016 of the Bankruptcy Rules, and Rule 2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York, Voyager intends to conduct a Rule 2004 Examination of the designated corporate representative of Dallas Mavericks remotely via Zoom, at a date and time which the parties may mutually agree or may be ordered by the Court. The examination will be recorded by stenographic means and may also be videotaped.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Dallas Mavericks shall designate and produce at the deposition those of its officers, directors, managing agents, or other Persons who consent to testify on its behalf, about those matters set forth in this notice under the heading "Topic of Examination" (the "Topics") set forth herein based on the information known or reasonably available to Dallas Mavericks. Dallas Mavericks shall designate to Voyager by December 20, 2023 whom they are identifying as their corporate representative for purposes of the deposition.

PLEASE TAKE FURTHER NOTICE that the Plan Administrator reserves his rights under the Bankruptcy Code and any applicable law regarding the subject matter hereof to amend, supplement, and/or modify the Topics in accordance with the Bankruptcy Code, the Bankruptcy Rules, and other applicable law.

## TOPICS OF EXAMINATION

1.      The Voyager Engagement.

2.      The Business Dealings between You and Voyager.

3.      The Agreement, Including negotiation and execution of the Agreement.

4.      Any work, service, advice, guidance, product or thing or information of value that You have performed or provided for Voyager or any of Voyager's products or services.

5.      Voyager's bankruptcy.

6.      All issues set forth in the Requests.

7.      All steps You took to locate and produce Documents and Communications in response to the Requests.

**<u>Exhibit C</u>**

**Proposed Subpoena to Mark Cuban**

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of _____New York_____

In re VOYAGER DIGITAL HOLDINGS, INC., et al.,

Debtor

Case No.  22-10943 (MEW)

Chapter  11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Mark Cuban

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| MCDERMOTT WILL & EMERY LLP; One Vanderbilt Avenue; New York, New York 10017-3852<br>Zoom link will be provided for remote participation | TBD |

The examination will be recorded by this method: _____By videographic or stenographic means_____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See **Schedule A** attached hereto; documents to be produced to the offices of MCDERMOTT WILL & EMERY LLP; One Vanderbilt Avenue; New York, New York 10017-3852; Attn: Joseph B. Evans; Email:  jbevans@mwe.com

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____  
*Signature of Clerk or Deputy Clerk*

_____  
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Paul R. Hage, in his capacity as the Plan Administrator_____, who issues or requests this subpoena, are:

Joseph B. Evans: One Vanderbilt Avenue New York, New York 10017-3852  
Telephone: (212) 547-5400; E-mail: jbevans@mwe.com.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

PLEASE TAKE NOTICE that, pursuant to Rule 2004(c) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9016 of the Bankruptcy Rules, and Rule 2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York, Paul R. Hage, in his capacity as the Plan Administrator (the "Plan Administrator") of Voyager Digital Holdings, Inc., et al. (collectively, the "Wind-Down Debtor" or "Voyager") under the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Bankruptcy Code") [Docket No. 1166-1] (the "Plan"), hereby requests that Mark Cuban ("Cuban") produce the following Documents and information in response to the requests contained herein (the "Requests") in its possession, custody, or control to the offices of McDermott Will & Emery LLP, One Vanderbilt Avenue New York, New York 10017-3852, at such date and time upon which the parties may mutually agree or may be ordered by the United States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Plan Administrator reserves his rights under the Bankruptcy Code and any applicable law regarding the subject matter hereof to amend, supplement, and/or modify the Requests in accordance with the Bankruptcy Code, the Bankruptcy Rules, and other applicable law.

1

## DEFINITIONS

The following definitions of terms apply to all Requests and Topics.   All words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.      The following rules of construction shall apply to all Requests and Topics:

a.      the connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request or Topic all responses that might otherwise be construed to be outside of its scope;

b.      the use of the present or past tense shall be construed to include both the present and past tenses as necessary to bring within the scope of the Request or Topic all responses that might otherwise be construed to be outside of its scope;

c.      "**any**" and "**each**" shall be construed to include and encompass "**all**"; and

d.      the use of the singular form of any word includes the plural and vice versa.

2.      Any references to a corporation, partnership, proprietorship, association, organization, or any other business or legal entity (Including any of the Voyager debtors) shall be deemed to include the corporation's, partnership's, proprietorship's, association's, organization's, or other business or legal entities' agents, accountants, advisors, employees, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors, successors, assigns, or any other Person acting or purporting to act on behalf of the corporation, partnership, proprietorship, association, organization, or other business or legal entity.

3.     "<u>Cuban</u>" "<u>You</u>" or "<u>Your</u>" shall mean Mark Cuban Including, as applicable, his agents, representatives, consultants, attorneys, auditors, accountants, and any other Person(s) now or heretofore under the control of the foregoing or acting or purporting to act on his behalf.

4.     "<u>Dallas Mavericks</u>" shall mean Dallas Basketball Limited, a Texas limited partnership doing business as the Dallas Mavericks, Including their predecessors, successors, partners, joint ventures, subsidiaries, affiliates, divisions, directors, officers, principals, trustees, employees, agents, representatives, consultants, attorneys, auditors, accountants, consultants or any other Person(s) now or heretofore under the control of the foregoing or acting or purporting to act on its behalf.

5.     "<u>Voyager</u>" shall mean Voyager Digital Ltd., Voyager Digital, LLC, Voyager Digital Holdings, Inc., Voyager Digital Canada, Ltd., and all other entities affiliated with what is commonly known as Voyager (https://www.investvoyager.com), Including, as applicable, its predecessors, successors, partners, joint ventures, subsidiaries, affiliates, divisions, directors, officers, principals, trustees, employees, agents, representatives, consultants, attorneys, auditors, accountants, consultants or any other Person(s) now or heretofore under the control of the foregoing or acting or purporting to act on its behalf.

6.     "<u>Voyager Engagement</u>" shall mean any work, service, product, thing, or information of value that You have performed or provided, or engaged any third parties to perform or provide, for or on behalf of Voyager or any of Voyager's products or services.

7.     "<u>Cryptocurrency</u>" shall mean all digital assets that are traded on a blockchain, and shall be interpreted broadly to include all types of digital assets, Including virtual currency, tokens, ERC-20 compliant tokens, security tokens, utility tokens, stablecoins, and any other digital assets. This includes, but is not limited to, Bitcoin, Bitcoin Cash, Ethereum, USD Coin (USDC), VGX,

Tether (USDt), Dai, IDOL, XRP, Cardano, Polkadot, Binance Coin, Litecoin, Chainlink, Stellar, Dogecoin, Aave, Uniswap, Wrapped Bitcoin, Bitcoin SV, EOS, Monero, Maker, Cosmos, TRON, NEM, Synthetix, Tezos, THETA, Compound, VeChain, Neo SushiSwap, Huobi Token, UMA, Elrond, IOTA, Solana, and any other digital asset, Including all derivative instruments based on any of the foregoing assets.

8.      "Agreement" shall mean any agreement between You and/or Cuban, and Voyager, Including the Sponsorship Agreement dated October 29, 2021 between the Dallas Mavericks and Voyager Digital Holdings, Inc., Including any drafts, amendments, restatements, or renewals of the same, or any subsequent agreements between the Dallas Mavericks and Voyager that concern the same or similar subject matter.

9.      "Business Dealings" shall mean all conduct and Communications between two or more parties Concerning the provision of goods or services in exchange for payment or other value, Including releasing information, conducting negotiations, or making offers prior to the conclusion of a contract, even if no contract is concluded as a result.

10.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, Including meetings, discussions, conversations, telephone calls, e-mail messages, text messages, chats, iMessages, Bloomberg, Telegram, WhatsApp, GroupMe, WeChat, Signal, Dust, Slack, Proton, QQ, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, videotapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

11.      "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

4

12.     "Board Materials" shall mean any materials created in preparation for, during, or in connection with meetings or any written action in lieu of a meeting of Your Board of Directors or similar governing body, Including meeting minutes, Documents, records, handwritten or typed notes or decks.

13.     "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  For the avoidance of doubt, this may encompass all written, graphic, or printed matter of any kind, however produced or reproduced, Including all originals, drafts, working papers, and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form, and any associated metadata.  The term "Documents" includes, but is not limited to:

a.     Correspondence, memoranda, notes, calendar or diary entries, statistics, letters, electronic mail, notebooks, telegrams, journals, minutes, agendas, notices, announcements, instructions, charts, schedules, requests, contracts, prospective contracts, agreements, prospective agreements, licenses, prospective licenses, order forms, books, accounts, records, reports, studies, surveys, experiments, analyses, checks, cancelled checks, wire confirmations, statements, receipts, returns, vouchers, statements, credit memoranda, sales slips, promissory notes, summaries, pamphlets, prospectuses, manuals, brochures, announcements, certificates, drawings, plans, inter-office and intraoffice Communications, pitchbooks, marketing materials, or offers;

b.   any written, or electronic transmission of information without limitation, Including any Communications and notations in any form made of conversations, telephone calls, meetings, negotiations, or other Communications;

c.   bulletins, circulars, schedules, lists, guides, printed matter (Including newspapers, magazines and other publications, articles and clippings therefrom), press releases, computer printouts, teletypes, telecopies, telexes, invoices, ledgers, balance sheets, financial statements, or worksheets;

d.   electronic, mechanical, or optical records or representations of any kind (Including tapes, cassettes, discs, hard drives, recordings, voice mail, electronic mail, and computer-stored data or material), or transcriptions thereof; and

e.   all drafts, alterations, modifications, changes, and amendments of any of the foregoing, and any material underlying, supporting, or used in the preparation of any Document.

f.   A draft or non-identical copy is a separate Document within the meaning of this term.

14.   "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

15.   "Person" shall mean any individual, natural person, or business entity, Including sole proprietorship, partnership, association, corporation, organization, joint venture, company, or any other legal, business, formal, or informal entity, Including governmental bodies and/or agencies, and any department, affiliate, joint enterprise, or representative thereof.

## INSTRUCTIONS

1.      The preceding definitions apply to these Instructions and each of the succeeding Requests and Topics.

2.      All terms defined above shall have the meanings set forth therein, whether capitalized in the Requests or not.

3.      You are required to produce all responsive Documents in Your possession, custody, or control, wherever located, Including those in the custody of Your representatives, agents, professionals, affiliates, or anyone acting on Your behalf.

4.      These Requests are continuing requests pursuant to the Bankruptcy Rules.  You must supplement any production of Documents that are received, discovered, or created after any of Your responses to the Requests, or that are otherwise within Your possession, custody, or control, wherever located, Including those in the custody of Your representatives, agents, professional, affiliates, or anyone acting on Your behalf.

5.      If You object to any part of any Request, You must produce all Documents that are responsive to the portions of the Request to which You do not object.  You also must state the nature of, and grounds for, the objection.

6.      If You cannot comply with any Request in full, You must comply to the fullest extent possible, and You should provide an explanation as to why full compliance is not possible.

7.      Where You assert a claim of privilege or any other grounds for withholding in objecting to a Request and withhold a responsive Document on this basis, You must provide a withholding log setting forth (a) the nature of the privilege being claimed, (b) the type of Document being withheld, (c) the general subject matter of the Document, (d) the date of the Document, and (e) such other information sufficient to permit evaluation of the claim of privilege or other asserted

7

basis for withholding, Including, where appropriate, the author of the Document, the title or subject line of the Document, the addressee of the Document, and, where not apparent, the relationship of the author and the addressee to each other.

8.      If a Document contains both privileged and non-privileged material, You must disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a party asserts a privilege to part of the material contained in a Document, the party asserting the privilege must clearly indicate the portions as to which it claims the privilege.  When a Document has been redacted or altered in any fashion, You must identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the Person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted Documents.

9.      All Documents produced in electronic format shall be in their native format and shall be OCR (Optical Character Recognition) capable and shall be produced with Relativity compatible load files.

10.      Additional special processing of certain electronically stored information shall be as follows:  Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall be produced in native format.  A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page.  The exception shall be for redacted spreadsheets which shall be produced in TIFF format. Images for the redacted spreadsheets shall display the content in the same manner as if it were printed.  The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the Documents.

11.     If any Document called for by these Requests has been destroyed or discarded, You must identify that Document in writing by providing the following information: (a) any sender/author and any addressee; (b) any indicated or blind copies; (c) the Document's date, subject matter, number of pages, and attachments or appendices; (d) all Persons to whom the Document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the Persons who authorized and carried out such destruction or discard; and (g) whether any copies of the Document presently exist and, if so, the name of the custodian of each copy.

12.     Any copy of a Document that varies in any way whatsoever from the original or from any other copy of the Document, whether by reason or any handwritten mark or other notation or any omission, is a separate Document and must be produced, whether or not the original of such a Document is within Your possession, custody, or control. A request for any Document includes a request for all drafts thereof, and all revisions and modifications thereto, Including any red-lined versions or Document comparisons, in addition to the Document itself.  Each Document is to be produced in its entirety, without abbreviation or expurgation.

13.     In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, should be produced as is.  If no Document exists that is responsive to a particular request, You must state so in writing.

14.     Except where otherwise specified, the Document Requests seek Documents dated, created, or otherwise obtained on or between January 1, 2018 and the present.

## REQUESTS

1.     All Documents and Communications Concerning the Agreement(s), Including without limitation:

     a.      all Documents and Communications Concerning due diligence, Including legal opinions and diligence requests, performed on Voyager;

     b.      all Documents and Communications Concerning the negotiation, drafting, execution, and performance of the Agreement(s);

     c.      all Agreement(s) between You and Voyager, Including all attachments thereto and draft versions; and

     d.      documents sufficient to show all representations made to You by Voyager Concerning the Agreement(s).

2.     All Documents and Communications Concerning any representations or public statements You made Concerning Voyager, Including marketing materials, social media posts, advertisements, commercials, or other public statements, Including All Documents and Communications Concerning diligence questions or analysis Concerning the truth or falsity of such representations or statements.

3.     All non-privileged Documents and Communications Concerning Voyager's compliance with statutory or regulatory requirements, Including securities laws, money transmitter laws, know-your-customer/anti-money-laundering laws, and consumer protection requirements.

4.     All Documents and Communications between You and Voyager Concerning federal and state money transmitter laws, regulations, and licensing.

5.     All Documents and Communications Concerning the designation of Voyager as the "official and exclusive cryptocurrency brokerage [or exchange or payment provider] of the Dallas Mavericks," or such other designation, as set forth in Exhibit I to the Agreement under the heading "Official Sponsor Designation."

6.      Documents and Communications Concerning "customer partner activation platforms" under the heading "Partner Platforms," Including, "Creation of Educational Content highlighting Voyager or Mavericks personnel"; "Community Events"; "Fan Incentives/Giveaways"; "Mavs Gaming;" and "Texas Legends Sponsorship." *See* Agreement, Exhibit I.

7.      All Documents and Communications relating to any Annual Review of the Sponsorship Package.  *See* Agreement, Exhibit I.

8.      All Board Materials Concerning any Voyager Engagement.

9.      Documents sufficient to show all compensation paid by Voyager to You, Including invoices, outstanding or otherwise, and requests for payment.

10.     All Documents and Communications Concerning the Dallas Mavericks and Voyager October 27, 2021 press conference.

11.     All non-privileged Documents and Communications Concerning Voyager's bankruptcy and/or anticipation of its bankruptcy.

12.     All Documents and Communications Concerning investigations or litigations involving Voyager, Including deposition transcripts and Including all Documents produced by You or to You in any litigations or investigations Concerning Voyager, Including *Robertson et al. v. Mark Cuban, et al.*, No. 22-cv-22538 (S.D. Fl. 2022).

## SCHEDULE B

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 2004 of the Bankruptcy Rules and Rules 45 and 30 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9016 of the Bankruptcy Rules, and Rule 2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York, Voyager intends to conduct a Rule 2004 Examination of Cuban regarding the topics of examination set forth herein (the "Topics") remotely via Zoom, at a date and time which the parties may mutually agree or may be ordered by the Court. The examination will be recorded by stenographic means and may also be videotaped.

### TOPICS OF EXAMINATION

1.  The Voyager Engagement.

2.  The Business Dealings between You and Voyager.

3.  The Agreement, Including negotiation and execution of the Agreement.

4.  Any work, service, advice, guidance, product or thing or information of value that You have performed or provided for Voyager or any of Voyager's products or services.

5.  Voyager's bankruptcy.

6.  All issues set forth in the Requests.

7.  All steps You took to locate and produce Documents and Communications in response to the Requests.