UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-CV-22538-ALTMAN/Reid

Dominik Karnas, *et al.*, on behalf of themselves and
all others similarly situated,

      Plaintiffs,

v.

Mark Cuban, *et al.*,

      Defendants.
_____/

**PLAINTIFFS' NOTICE OF FILING SUPPLEMENTAL AUTHORITY IN SUPPORT OF [ECF NO. 195] PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION [ECF NO. 189] TO DISMISS THE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

      Plaintiffs submit, as supplemental authority in support of their Response in Opposition [ECF No. 195] to Defendants' Omnibus Motion to Dismiss the Second Amended Complaint [ECF No. 189], a recent order from the Honorable Edgardo Ramos of the Southern District of New York in *Securities and Exchange Commission v. Genesis Global Capital, LLC and Gemini Trust Company, LLC,* No. 1:23-cv-00287-ER, ECF No. 54 (S.D. NY. March 13, 2024), where the Securities and Exchange Commission sued crypto firms Gemini and Genesis for selling unregistered securities through the Gemini Earn Program.

      Attached as **Exhibit A** is copy of the Order, in which Judge Ramos denies Gemini's and Genesis's motion to dismiss, concluding that "[u]nder both *Howey* and *Reves*, the SEC has plausibly alleged that Defendants offered and sold unregistered securities through the Gemini Earn program"—a program where Gemini customers could earn interest from defendants' lending activities if they held eligible crypto assets in their Gemini accounts—and that "the SEC has sufficiently alleged that Gemini was a necessary participant or substantial factor in the scheme. *See, e.g., SEC v. Mattera*, No. 11 Civ. 8323 (PKC), 2013 WL 6485949, at *11 (S.D.N.Y. Dec. 9, 2013) (finding that defendant was substantial factor in sale of unregistered securities where he was "actively involved in the process and compensated for his role" and "the sales at issue would not have taken place but for [his] introductions")." *See* Ex. A, at 28.

| | |
|---|---|
| Dated: March 14, 2024 | Respectfully submitted, |
| **By: /s/ Adam M. Moskowitz** | **By: /s/ David Boies** |
| Adam M. Moskowitz | David Boies |
| Florida Bar No. 984280 | (Admitted Pro Hac Vice) |
| Joseph M. Kaye | **BOIES SCHILLER FLEXNER LLP** |
| Florida Bar No. 117520 | 333 Main Street |
| Barbara C. Lewis | Armonk, NY 10504 |
| Florida Bar No. 118114 | Phone: (914) 749–8200 |
| **THE MOSKOWITZ LAW FIRM, PLLC** | dboies@bsfllp.com |
| Continental Plaza | |
| 3250 Mary Street, Suite 202 | |
| Miami, FL 33133 | |
| **Mailing Address:** | Stephen Neal Zack |
| P.O. Box 653409 | Florida Bar No. 145215 |
| Miami, FL 33175 | Tyler Ulrich |
| Office: (305) 740-1423 | Florida Bar No. 94705 |
| adam@moskowitz-law.com | **BOIES SCHILLER FLEXNER LLP** |
| joseph@moskowitz-law.com | 100 SE 2nd St., Suite 2800 |
| barbara@moskowitz-law.com | Miami, FL 33131 |
| | Office: 305-539-8400 |
| *Co-Counsel for Plaintiffs and the Class* | szack@bsfllp.com |
| | tulrich@bsfllp.com |
| Jose M. Ferrer | |
| Florida Bar No. 173746 | *Co-Counsel for Plaintiffs and the Class* |
| Desiree Fernandez | |
| Florida Bar No. 119518 | |
| MARK MIGDAL HAYDEN LLP | |
| 8 SW 8th Street, Suite 1999 | |
| Miami, FL 33130 | |
| Office: 305-374-0440 | |
| jose@markmigdal.com | |
| desiree@markmigdal.com | |
| | |
| *Co-Counsel for Plaintiffs and the Class* | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on March 14, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ Adam M. Moskowitz
ADAM M. MOSKOWITZ
Florida Bar No. 984280