UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-cv-22538-ALTMAN/REID

DOMINIK KARNAS, *et al.*,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**DEFENDANTS MARK CUBAN'S AND DALLAS MAVERICKS LIMITED d/b/a DALLAS MAVERICKS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 225] REGARDING DEFENDANTS' OMNIBUS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT [ECF NO. 189]**

Pursuant to S.D. Fla. Local Rule 7.8, Defendants MARK CUBAN and DALLAS MAVERICKS LIMITED d/b/a DALLAS MAVERICKS respond to Plaintiffs' Notice of Supplemental Authority [ECF No. 225] concerning an order from the District Court for the Southern District of Florida in *Securities and Exchange Commission v. Arbitrade Ltd.*, *et al.*, No. 1:22-cv-23171-BB, ECF No. 115 (S.D. Fla. March 6, 2024) ("*Arbitrade*") as follows:

In *Arbitrade* the SEC alleges that defendants engaged in a "pump and dump scheme" involving a crypto asset called DIG that was falsely held out as redeemable for gold. Plaintiffs here declined to cite the prior motion to dismiss decision in *Arbitrade* in their Opposition to Defendants' Motion to Dismiss, and the instant decision in *Arbitrade* denying a motion for reconsideration or certification for interlocutory appeal also does not control the issues pending in this matter. The court in *Arbitrade* declined to reconsider its denial of Defendant Goldberg's motion to dismiss in part because he moved to dismiss "for lack of subject matter jurisdiction," but did "not attempt to apply the *Howey* test to the DIG scheme alleged in the Complaint nor [did] Goldberg specify which element of the *Howey* test is not satisfied." *Arbitrade* at 5-7. As to an interlocutory appeal, the

*Arbitrade* court also denied it, concluding that, among other things, "this Court's Order, *Ripple I* and *Terraform* each reasonably applied *Howey* to the particular facts—or allegations—of each case." *Id*. at 22. Neither conclusion affects the issues in the pending Motion to Dismiss in this case, and therefore this *Arbitrade* decision deserves no weight as well.

Date: March 15, 2024

Respectfully submitted,

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

**FOWLER WHITE BURNETT, P.A.**
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

-and-

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@lawsonhuckgonzalez.com

**LAWSON HUCK GONZALEZ, PLLC**
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (850) 825-4334

-and-

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email: sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email: rwolkinson@brownrudnick.com

**BROWN RUDNICK LLP**
601 Thirteenth Street, N.W.
Suite 600
Washington, DC 20005
Telephone:   (202) 536-1737
Facsimile:    (202) 536-1701
*Attorneys for Defendants Mark Cuban and Dallas Mavericks Limited d/b/a Dallas Mavericks*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via the Court's CM/ECF which will send notification of such filing to all attorneys of record.

/s/ Christopher E. Knight
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com