UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-cv-22538-ALTMAN/REID

DOMINIK KARNAS, *et al.*,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**DEFENDANTS MARK CUBAN'S AND DALLAS MAVERICKS LIMITED d/b/a
DALLAS MAVERICKS' EXPEDITED MOTION TO MODIFY SCHEDULING ORDER
TO EXTEND CLASS CERTIFICATION BRIEFING DEADLINES AND TO ENLARGE
THE PAGE LIMIT GOVERNING DEFENDANTS' OPPOSITION TO PLAINTIFFS'
<u>MOTION FOR CLASS CERTIFICATION</u>**

Pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 7.1(d)(2), Defendants MARK CUBAN and DALLAS MAVERICKS LIMITED d/b/a DALLAS MAVERICKS (together, "Defendants") through their undersigned counsel, respectfully move on an expedited basis to modify the Court's Amended Scheduling Order [ECF No. 221] to extend the deadline for Defendants' Response to Plaintiffs' Motion for Class Certification ("Response") by twelve (12) days and to enlarge the page limit for the Response by ten (10) pages. In support of this Motion, Defendants state as follows:

**<u>INTRODUCTION</u>**

On February 26, 2024, the Court issued an Amended Scheduling Order providing that Plaintiffs "shall file their motion for class certification" on March 18, 2024, and Defendants shall file their Response within fourteen days after that. Just three days after that Order was issued, Defendants noticed Plaintiffs of their intent to depose Plaintiffs' class certification expert, if any,

between March 21 and March 26, 2024. Subsequently the Parties met and conferred, and agreed in principle to a schedule of named Plaintiffs' depositions that would give Defendants adequate time to meet their deadline for theResponse.

Plaintiffs, however, subsequently backed out of this agreement and proposed an entirely different schedule hampering Defendants' ability to take discovery prior to the deadline for their Response. At one point, Plaintiffs took the position that no named Plaintiffs would be available for depositions until the second week of April. Plaintiffs subsequently changed course again: on March 15, 2024, Plaintiffs filed their Motion for Class Certification three days early, and that day they also offered dates for named Plaintiffs' depositions within a week—and for their expert witness, within a day—of the modified deadline for the Response. Although Defendants have been willing to accommodate Plaintiffs' seemingly ever-changing deposition schedule, doing so will unfairly hamper Defendants' ability to finalize and file their Response prior to the current deadline.

As set forth below, Plaintiffs' last-minute change of the deposition schedule provides good cause for the Court to modify the class certification briefing schedule. Defendants are entitled to discovery prior to opposing a motion for class certification, and it is only Plaintiffs' late changes in availability that restrict Defendants' ability to do so under the current schedule. As further described herein, Defendants respectfully move the Court to extend the deadline for Defendants' Response by twelve days to allow Defendants time to depose the named Plaintiffs and Plaintiffs' expert, and incorporate such facts into their Response. Defendants also move to enlarge the page limit for their Response by 10 pages to a total of 30 pages.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs first filed this Action on August 10, 2022. ECF No. 1. After various motions and filings not directly relevant here, the case was stayed for a period of time, and then Plaintiffs moved

to reopen the case and for leave to file an amended complaint on April 24, 2023.[1] ECF No. 113. On June 9, 2023, Plaintiffs filed under seal their Second Amended Complaint ("SAC"), the operative complaint. ECF No. 155. The SAC added six new named Plaintiffs, and kept eleven of the original named Plaintiffs, but dropped a previously named Plaintiff that had been deposed.[2] On October 27, 2023, Defendants filed their Omnibus Motion to Dismiss the SAC, which remains pending today. ECF No. 189.

On November 3, 2023, the Parties filed a Joint Scheduling Report [ECF No. 190], which contained proposed dates for class certification briefing. On November 8, 2023, the Court issued an Order setting certain pre-trial deadlines [ECF No. 192], but this Order did not set a briefing schedule for class certification.

On January 30, 2024, Defendants served document requests on Plaintiffs, which included requests related to class certification issues as to the new named Plaintiffs.

On February 23, 2024, pursuant to the Court's February 14, 2024, Order (ECF No. 211), the parties filed their Joint Scheduling Report, which proposed March 18, 2024, as the deadline for Plaintiffs' motion for class certification, and April 11, 2024, as the deadline for Defendants' response. ECF No. 217 at 8. Given the Local Rules and the parties' discussions, implicit in the proposal was that Defendants would depose the remaining named Plaintiffs before their deadline.

On February 26, 2024, the Court issued the currently operative Amended Scheduling Order, which requires Plaintiffs to file their motion for class certification on March 18, 2024, and

---

[1] The Court has twice granted motions to enlarge the page limit and motions to extend the time to respond in this case. *See* ECF No. 39 (granting motion to enlarge the page limit by ten additional pages for a total of thirty pages); No. 59 (granting Plaintiffs 30 pages for their response and Defendants 15 pages for their reply); No. 72 (granting Plaintiffs' expedited motion for extension of time); No. 108 (granting Plaintiffs' unopposed motion for extension of time to file response).

[2] Defendants deposed Plaintiff Rachel Gold on January 23, 2023, and former-Plaintiff Pierce Robertson on January 26, 2023.

for Defendants to file their Response within fourteen days thereafter. ECF No. 221. This Order provides that the parties may file one *Daubert* motion challenging a class certification expert witness, and that the parties may seek leave of the court to include additional pages in their briefs. *Id*. The Order also provides that all discovery shall be completed by July 9, 2024. *Id*.

Within days, although Plaintiffs still had not produced documents in response to Defendants' discovery requests, on February 29, 2024, Defendants served deposition subpoenas for all named Plaintiffs that had not yet been deposed. Defendants' subpoenas reflected a schedule that would have allowed for all such depositions to be completed adequately in advance of Defendants' class certification deadline. Also on February 29, 2024, Plaintiffs served their objections to Defendants' document requests, but did not produce any responsive documents.

In addition, on February 29, 2024, Defendants' counsel also wrote Plaintiffs' counsel seeking deposition dates for Plaintiffs' class certification experts, if any. Defendants sought the name and relevant documents from any expert no later than March 18, 2024, and asked for a deposition date for any expert between March 21 and March 26, 2024. Plaintiffs never responded to this request. Based on Plaintiffs' non-response, Defendants assumed that Plaintiffs did not intend to rely on a class certification expert.

On March 4, 2024, defense counsel inquired about Plaintiffs' production in response to Defendants' document requests and confirmed that Defendants would need Plaintiffs' documents at least one week in advance of each Plaintiff's deposition. On March 6, 2024, the parties met and conferred by Zoom, and Plaintiffs' counsel confirmed that they would produce documents on or before March 15, 2024, which would complete their production from their clients.

Defense counsel also inquired about when Plaintiffs would provide deposition dates for the remaining named Plaintiffs. Importantly, Plaintiffs' counsel recognized Defendants' need to receive Plaintiffs' documents in advance of depositions, and to schedule such depositions prior to

4

the deadline for Defendants' Response. The parties agreed to work together to schedule these depositions between March 14 and March 25, with an expectation that two half-day depositions over Zoom could be held on most business days. Defendants expressed openness to any schedule proposed by Plaintiffs within the agreed-upon period, and Plaintiffs never identified any unavailability or other concerns with this schedule. Defendants relied on this agreement for purposes of scheduling in this case and others, and prepared for depositions even though no dates were on calendar.[3]

On March 12, 2024, Plaintiffs' counsel unilaterally backed out of this agreement, stating that they were "unavailable" for depositions of any named Plaintiffs until the second week of April.

On March 15, 2024, the parties met and conferred about the schedule and for the first time Plaintiffs' counsel proposed deposition dates for the two named Plaintiffs that they are proposing as class representatives, and their expert. Although Defendants sought to depose these individuals much earlier, the parties agreed to the following: depositions of Mr. Webb and Mr. Garrison on Thursday March 21, and a deposition of Plaintiffs' class certification expert, Mr. Reiners, on Thursday March 28.

Later on March 15, 2024, Plaintiffs filed their 20-page Motion for Class Certification, proposing two nationwide issue classes under Rule 23(c)(4). ECF No. 231. Plaintiffs filed that Motion three days prior to the deadline of March 18, 2024. Because the deadline for Defendants' Response is two weeks from the date of Plaintiffs' filing, this means that the deadline for Defendants' Response is currently March 29, 2024, rather than April 1, 2024. This also means that

---

[3] On March 8, 2024, Plaintiffs produced additional documents, and on March 11, 2024, Defendants' counsel, Rachel Wolkinson, called Plaintiffs' counsel, Howard Bushman, to follow up on the scheduling of the remaining Plaintiffs' depositions. Mr. Bushman assured Ms. Wolkinson that a proposed deposition schedule would be sent that evening consistent with the parties' agreement. No schedule was sent.

under the current schedule Defendants would depose Plaintiffs' expert on March 28, and then file their Response the following day. The parties met and conferred over Zoom on this topic on Friday March 15, 2024, and continued discussions over the phone and email in the following days in an attempt to resolve the issue.

On March 19, 2024, counsel for the Plaintiffs wrote an email to Defendants' counsel stating that Plaintiffs would not produce any of their witnesses for depositions unless Defendants' provided availability for Defendants' 30(b)(6) witnesses "within the next 3 weeks." The parties met and conferred on these issues both over email on March 19, 2024, and on Zoom on March 20, 2024, and appear to have resolved the scheduling issue with respect to the Defendants' 30(b)(6) witness. Defendants are assuming, because Plaintiffs' counsel has declined to affirmatively clarify Plaintiffs' position, that the named Plaintiffs' depositions on March 21, 2024, and the deposition of Plaintiffs' expert on March 28, 2024, are going forward.[4] Nevertheless, because the deposition of Plaintiffs' expert is set for the day before the deadline for Defendants' Response, Defendants respectfully request that the Court extend the class certification briefing schedule by twelve days for the reasons set forth below.

## LEGAL STANDARD

Scheduling orders issued by the Court may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Generally, to "establish good cause, a party seeking to extend a scheduling order must show that he was unable to meet the applicable deadlines 'despite due diligence.'" *Awodiya v. Ross Univ. Sch. of Med.*, 2021 WL 9928510, at *1 (S.D. Fla. Oct. 28, 2021) (*Altman, J.*) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

---

[4] If these depositions do not go forward as scheduled, Defendants would expect to seek Court approval in a subsequent filing to extend the deadline for Defendants' Response to two weeks after the last class certification-related deposition occurs.

6

"[D]iligence is the key to satisfying the good cause requirement." *Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 2021 WL 3054908, at *5 (S.D. Fla. July 20, 2021).[5]

With respect to page limits, Local Rule 7.1(c)(2) provides that an opposing memorandum of law shall not exceed twenty pages absent prior permission of the Court.

Defendants file the instant Motion on an expedited basis in order to allow for a ruling prior to the currently operative deadline. *See* Local Rule 7.1(c)(1). Defendants respectfully request that the Court issue a ruling on the instant Motion on or before Friday March 22, 2024, to allow Defendants to adequately prepare their Response.

## ARGUMENT

### I.     Good Cause Exists To Extend The Class Certification Deadlines

Good cause exists to extend the deadline for Defendants' Response because Defendants' efforts to take discovery prior to the deadline has been frustrated through no fault of their own. First, it is beyond dispute that the Defendants are entitled to discovery prior to opposing a motion for class certification. Second, there is good cause to extend the deadline because Defendants' ability to take discovery prior to the applicable deadline has been frustrated despite their due diligence. Third, granting the limited extension sought would not cause any undue prejudice.

### A. Defendants Are Entitled to Take Depositions Prior to Opposing a Motion for Class Certification

First, there is no dispute that Defendants are entitled to discovery prior to opposing a motion for class certification. *See Sunshine Children's Learning Ctr., LLC v. Waste Connections of Florida, Inc.*, 2022 WL 218896, at *7 (S.D. Fla. Jan. 25, 2022) ("The Eleventh Circuit requires a 'rigorous analysis' when addressing class certification . . . and courts generally cannot perform

---

[5] *See also* Local Rule 23.1(c): in ruling on a motion for class certification the court "may order postponement of the determination pending discovery or such other preliminary procedures as appear to be appropriate and necessary in the circumstances."

such analysis until discovery has taken place"); *see also* Local Rule 23.1(c). Courts in this District have issued orders compelling or allowing for depositions to support such motions. For example, in *Rolle v. TPUSA, Inc.*, 2017 WL 3197988, at *1 (S.D. Fla. July 18, 2017), the court granted defendants' motion to compel depositions of named plaintiffs prior to defendants' class certification deadline due to defendants' "need to obtain evidence to rebut Plaintiffs'" motion for class certification. *See also Fox v. First Data Merchant Servs., LLC*, 2017 WL 11666060, at *2 (S.D. Fla. Dec. 20, 2017) ("[d]elaying Plaintiff's deposition until after the Court-ordered deadline for Defendant to file a response . . . would prejudice Defendant's ability to collect discovery and litigate this matter.").

### B. There Is Good Cause To Extend The Deadline for Defendants' Response

There is good cause to extend Defendants' deadline. First, Defendants have been prevented from taking depositions of the named Plaintiffs and their expert earlier despite Defendants' due diligence. The current schedule requires Defendants to take the deposition of Plaintiffs' expert the day before filing their Response. The final version of the transcript of that deposition presumably will not be available before the current deadline for the Response, which would limit both Defendants' ability to use the transcript in their Response, and hamper the Court's and the parties' ability to refer to the transcript in connection with the certification motion. In comparable circumstances, courts have granted extensions to allow the parties time to digest and rely on deposition testimony in their briefs. *See Oginsky v. Paragon Prop. of Costa Rica, LLC,* 2011 WL 13223545, at *1 (S.D. Fla. Dec. 1, 2011) (denying motion for reconsideration because it would be "unreasonable" for defendants to have "fewer than six weeks to evaluate discovery that concerns some 300 Plaintiffs and potential class representatives, conduct follow-up discovery, and prepare their response to the Plaintiff's motion" for class certification); *Fox*, 2017 WL 11666060, at *2 (encouraging parties to file a "motion to briefly extend the deadline for Defendant to file a response

8

to Plaintiff's motion for class certification" "in light of the delay in scheduling Plaintiff's deposition").

Second, it is Plaintiffs' change in position as to the unavailability of their witnesses, and not any failure on Defendants' part, that hampers Defendants from meeting their deadline. As discussed above, Defendants served deposition notices within days of the Court issuing its schedule for class certification, even though at the time Defendants did not have productions from many of the named Plaintiffs. The parties had agreed in principle to a schedule that would have allowed Defendants to take the noticed depositions adequately in advance of their Response deadline. Defendants reasonably relied on this agreement and prepared for depositions while waiting for Plaintiffs' proposed schedule. There is nothing that Defendants avoided, delayed, or ignored that is the cause of their inability to obtain the needed discovery.

It was only Plaintiffs' counsel's last-minute change of plans that derailed this plan and is hampering Defendants from meeting their deadline. Plaintiffs first said that no deposition dates in advance were possible, and then, at the last second, provided dates exceedingly close to Defendants' deadline.[6] Courts in this District have found good cause to extend deadlines under similar circumstances, and an extension is warranted here for the same reasons. *See Craig A. Smith & Assocs. v. Wilshire Ins. Co.*, 2022 WL 19402483, at *1 (S.D. Fla. Feb. 24, 2022) (granting motion to compel deposition and to extend discovery deadline for purposes of that deposition in part because non-movant "refused to permit the depositions"); *Jacobson v. City of West Palm Beach,* 2017 WL 11549935, at *2 (S.D. Fla. Feb. 3, 2017) (granting motion to extend discovery deadline because "Defendant does not have sufficient time to conduct follow-up discovery after Plaintiff's deposition and before the discovery deadline despite due diligence"); *see also* ECF Nos.

---

[6] Plaintiffs also threatened to cancel all of the depositions as recently as today, March 20, 2024.

72 and 108 (granting motions to extend briefing schedule in this case).

### C. An Extension of Twelve Days Will Not Cause Undue Prejudice

In the context of related motions that affect court-issued deadlines, courts also often consider whether modifications of deadlines would result in "undue prejudice." *See In re Farm-Raised Salmon and Salmon Prods. Antitrust Litig.*, 2021 WL 5707670, at *4 (analyzing unjust prejudice as factor at issue in deciding a motion for leave to amend).[7]

Here, granting this Motion and extending the schedule for class certification would not cause any prejudice. Defendants seek to move the deadline for their Response to Wednesday April 10.[8] If the deadline is so moved, Plaintiffs' reply will be due on Wednesday April 17. This would mean that class certification briefing would be complete merely nine days later than the Court's Scheduling Order had contemplated. *See* ECF No. 221. An extension yielding a nine-day delay is eminently reasonable, would not cause any prejudice to any party, and would not impact any other deadlines in this case. *See Harrell v. City of Opa-Locka*, 2021 WL 12146926, at *2 (S.D. Fla. April 14, 2021) (*Altman, J.*) (granting 30-day extension of remaining deadlines in scheduling order). Further, because the court must conduct a "rigorous analysis" at the class certification stage, allowing the parties adequate time to build a discovery record is the path recommended by the Eleventh Circuit. *See Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1311 (11th Cir. 2008) (reversing district court's class certification order because "district court abused its discretion in determining . . . class action treatment" without the benefit of discovery. District court should have "granted an opportunity to conduct limited discovery relevant to the certification issue and thereafter the court

---

[7] *See also Fl. Pediatric Soc. v. Secretary of Fl. Agency for Health Care Admin.*, 2008 WL 4072805, at *5 (S.D. Fla. July 30, 2008) (analyzing prejudice in context of motion to intervene).

[8] This request is premised on the assumption that the depositions proceed as currently noticed.

should have determined whether an evidentiary hearing was needed to enable the district court to make any necessary factual findings.").[9]

### D. The Court Should Grant Defendants An Enlargement of Ten Pages For Their Response

Defendants also respectfully seek an enlargement of the page limit for their Response of ten pages, for a total of thirty pages. *See* Local Rule 7.1(c)(2); *see also* ECF 221 at 1 (Amended Scheduling Order contemplating that "the parties may petition the Court for leave to include additional pages."). Plaintiffs' Motion proposes certification of two nationwide issue classes and makes a series of complex legal and factual arguments concerning the application of the requirements of Rule 23. This Court has previously granted motions to enlarge the page limit in this case due to its complexity. *See* ECF No. 39 (granting in part motion to enlarge page limit and allowing 10 additional pages), and 59 (granting in part motion to enlarge page limit and allowing 10 additional pages). Defendants respectfully submit that the same reasoning applies and the same result is warranted here.

### CONCLUSION

Defendants respectfully request that the Court grant this Motion, and 1) extend the deadline for Defendants' Response to Wednesday, April 10, 2024, for good cause shown or otherwise modify the schedule in ways that are just, proper and appropriate under the circumstances; and 2) enlarge the page limit for the Response by ten pages to a total of thirty pages.

### CERTIFICATE OF CONFERENCE (LOCAL RULE 7.1(a)(3))

Counsel for the Movants has conferred with all parties or non-parties who may be affected

---

[9] *See also Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) ("The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion.").

by the relief sought in this Motion, including the convening of a meet and confer session by Zoom between Defendants' counsel and Plaintiffs' counsel on Friday March 15, 2024, and on Wednesday March 20, 2024, as well as continued discussion by email and phone between those dates. Pursuant to these discussions, the parties narrowed the issues to only the two set forth above, which cannot be resolved without approval of the Court. Plaintiffs did not affirmatively consent to the requested relief, and therefore Defendants' understanding is that Plaintiffs do not consent.

Date: March 20, 2024

Respectfully submitted,

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

*-and-*

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@lawsonhuckgonzalez.com
LAWSON HUCK GONZALEZ, PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (850) 825-4334

*-and-*

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email: sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email: rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street, N.W.
Suite 600
Washington, DC 20005
Telephone:   (202) 536-1737
Facsimile:    (202) 536-1701
*Attorneys for Defendants Mark Cuban and Dallas Mavericks Limited d/b/a Dallas Mavericks*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via the Court's CM/ECF which will send notification of such filing to all attorneys of record.

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com