UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-cv-22538-ALTMAN/REID

DOMINIK KARNAS, *et al.*,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**DEFENDANTS MARK CUBAN'S AND DALLAS MAVERICKS LIMITED d/b/a DALLAS MAVERICKS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 230] REGARDING DEFENDANTS' OMNIBUS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT [ECF NO. 189]**

Pursuant to S.D. Fla. Local Rule 7.8, Defendants MARK CUBAN and DALLAS MAVERICKS LIMITED d/b/a DALLAS MAVERICKS respond to Plaintiffs' Notice of Supplemental Authority [ECF No. 230] concerning an order from the District Court for the Southern District of New York in *Securities and Exchange Commission v. Genesis Global Capital, LLC and Gemini Trust Company, LLC*, No. 1:23-cv-00287-ER, ECF No. 54 (S.D.N.Y. March 13, 2024) ("*Genesis*") as follows:

In *Genesis*, a non-binding out-of-circuit district court decision, the court held that the SEC sufficiently alleged unregistered securities claims against Genesis Global Capital, LLC ("Genesis")—who operated the Gemini Earn Program—and Gemini Trust Company, LLC ("Gemini")—who offered the program to customers. *Genesis*, ECF No. 54 at 1. Unlike Defendants here, who at most promoted Voyager, not Voyager Earn Program Accounts, the *Genesis* defendants are undoubtedly in privity with the putative class. *Genesis*, ECF No. 54 at 2.

Genesis settled without admitting liability, meaning that they do not concede they engaged in the alleged conduct. The *Genesis* court's analysis under *Howey* and *Reves* is also inapplicable because of differences between the SEC's and Plaintiffs' allegations. The SEC alleged that Gemini advertised Gemini Earn as *an investment*, *see Genesis*, ECF No. 54 at 4, 15, whereas Plaintiffs do

Case No.: 22-cv-22538-ALTMAN/REID

not allege that Voyager posted similar advertisements. The SEC alleged that Genesis pooled assets, used them to generate revenue, and paid customers interest from that income, *see id.* at 4-5, 10, whereas Plaintiffs do not know what Voyager did with their assets, alleging only, on information and belief, that Voyager pooled customer assets. ECF No. 189, SAC ¶ 147.

Date: March 21, 2024

Respectfully submitted,

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

**FOWLER WHITE BURNETT, P.A.**
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

-and-

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@lawsonhuckgonzalez.com

**LAWSON HUCK GONZALEZ, PLLC**
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (850) 825-4334

Case No.: 22-cv-22538-ALTMAN/REID

*-and-*

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email: sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email: rwolkinson@brownrudnick.com

**BROWN RUDNICK LLP**
601 Thirteenth Street, N.W.
Suite 600
Washington, DC 20005
Telephone:    (202) 536-1737
Facsimile:    (202) 536-1701
*Attorneys for Defendants Mark Cuban and Dallas Mavericks Limited d/b/a Dallas Mavericks*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via the Court's CM/ECF which will send notification of such filing to all attorneys of record.

/s/ *Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

4