UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-CV-22538-ALTMAN/Reid

Dominik Karnas, *et al.*, on behalf of themselves and
all others similarly situated,

      Plaintiffs,

v.

Mark Cuban, *et al.*,

      Defendants.
_____/

**PLAINTIFFS' BRIEF RESPONSE IN OPPOSITION
TO DEFENDANTS' "EXPEDITED" MOTION TO MODIFY ORDER [ECF NO. 238]**

Plaintiffs respectfully request the Court deny the "Expedited Motion" for 2 reasons.

***First,*** Defendants admittedly never discussed the Motion with Plaintiffs, never conducted any "meet and confer," and instead filed the Motion at 11:00 pm last night (violating Local Rule 7.1(a)(3)).[1]

***Second,*** the Motion is unnecessary. In the only call Plaintiffs conducted with Defense Counsel (Mr. Stephen Best), Defense Counsel demanded to depose all Plaintiffs named as Class Representatives in Plaintiffs' Motion to Certify [ECF No. 231]. In fact, Defendants ***completed taking both Proposed Class Representative depositions today***. Defense Counsel also demanded a date to depose Plaintiffs' expert (Professor Lee Reiners), and Plaintiffs offered March 22 (same as Plaintiffs) and March 28, (*see* Motion to Certify at p. 3, n. 9). Defendants already noticed his deposition for March 28th. So, why would Defendants file this Expedited Motion, especially without conferring?

The Court entered a Scheduling Order [ECF No. 221] setting briefing on Motion for Class Certification, only after carefully considering all suggested proposals. The Court created a "Voyager Track 1" (Defendants Cuban and the Mavericks, now that Plaintiffs settled with Gronkowski, Oladipo and Cassill) and a stayed, consolidated "Voyager Track 2" (Defendants NBA, McCarter & English, Ketchum, and other promoters).

---

[1] Defendants never raised extending page limits for their Opposition. Plaintiffs' Motion to Certify is 20 pages long and Plaintiffs respectfully request the Court hold Defendants to the same limitation.

1

Plaintiffs filed their Motion to Certify (almost exactly in same form as proposed over a year ago, *see* ECF No. 40, filed on November 12, 2022). Plaintiffs respectfully request the Court certify just two issues (the "Security Issue" and the "Solicitation Issue," as explained in the Motion), and that thereafter Plaintiffs will file a Motion for Partial Summary Judgment on the Security Issue (that will bind all class members) and the Court set a class-wide trial on the Solicitation Issue for this November. Plaintiffs will depose the Mavericks' Corporate Representative next month[2] and all parties have agreed with Magistrate Judge Reid that they will revisit the specific issue of whether Defendants waived any privilege (of the 180+ withheld responsive documents) by asserting a "reliance on counsel" defense in this litigation, whether "counsel" is their own in-house counsel, the NBA's counsel, or Voyager's outside counsel, McCarter & English, whom Defendants already stated they "relied upon" to conclude that Voyager's VGX tokens and EPAs were not "unregistered securities."[3] These cases are all moving expeditiously.

## CONCLUSION

Plaintiffs respectfully request the Court deny Defendants' "Expedited" Motion and require all Parties to adhere to the Court's Scheduling Order. [ECF No. 221].

---

[2] These are games Defendants play. Defendants unilaterally served 16 Plaintiff depositions, but finally conceded they only wanted to depose 2 Class Representatives. The Parties have until July to complete all discovery. Plaintiffs have been requesting the Mavericks corporate representative ***since November 2022***, but Defendants agreed yesterday to provide a witness April 16th (they changed the original witness, stating their original witness now has a family emergency). Plaintiffs, of course. agreed.

[3] Conversely, Defendants produced hundreds of thousands of documents ***the day before*** Cuban's deposition, and thousands of documents ***during*** Ryan Mackey's deposition (former VP of Corporate Sponsorships who was since fired by Cuban and may still have important documents).

Dated:  March 21, 2024 Respectfully submitted,

By: /s/ Adam M. Moskowitz
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
Barbara C. Lewis
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Miami, FL 33133
**Mailing Address:**
P.O. Box 653409
Miami, FL 33175
Office: (305) 740-1423
*Co-Counsel for Plaintiffs and the Class*

Jose M. Ferrer
Florida Bar No. 173746
Desiree Fernandez
Florida Bar No. 119518
MARK MIGDAL HAYDEN LLP
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
desiree@markmigdal.com
*Co-Counsel for Plaintiffs and the Class*

By: /s/ David Boies
David Boies
(Admitted Pro Hac Vice)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on March 21, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ Adam M. Moskowitz
ADAM M. MOSKOWITZ
Florida Bar No. 984280

3