IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-22538-ALTMAN/REID

DOMINIK KARNAS, *et al.*,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**DEFENDANTS MARK CUBAN'S AND DALLAS MAVERICKS LIMITED d/b/a DALLAS MAVERICKS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 249] REGARDING DEFENDANTS' OMNIBUS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT [ECF NO. 189]**

Pursuant to S.D. Fla. Local Rule 7.8, Defendants MARK CUBAN and DALLAS MAVERICKS LIMITED d/b/a DALLAS MAVERICKS (collectively "Defendants") respond to Plaintiffs' Notice of Supplemental Authority [ECF No. 249] concerning a recent order denying defendants' motion for judgment on the pleadings by the Honorable Katherine Polk Failla of the Southern District of New York in *SEC v. Coinbase, Inc., et. al.*, 23 Civ. 4738 (KPF), ECF No. 105 (S.D.N.Y. Mar. 27, 2024) (the "Coinbase Order") as follows:

The Coinbase Order is a non-binding, out-of-circuit decision where defendants Coinbase, Inc. and Coinbase Global, Inc. (together "Coinbase") moved for judgment on the pleadings with material facts undisputed. Coinbase Order, ECF No. 105, at 2. *Coinbase*'s facts differ because Coinbase offered rewards exclusively from staking, whereas Voyager's Earn Program involved lending. *See id.* at 12. By "staking," individuals are paid to verify cryptocurrency transactions before they are input on a blockchain. *Id.* at 63. As the court noted, "[i]mportantly, a crypto-asset holder's chances of being selected as a validator" and receiving payment increase by "staking a larger number of assets and by optimizing computer resources to minimize server downtime[.]" *Id.* at 64-65. Coinbase's staking program profits were distributed *pro rata*, depending on Coinbase's success in using customers' assets for staking. *Id.* at 12. Thus, Coinbase customers' returns were entirely dependent on Coinbase's efforts to efficiently manage its staking program,

whereas Voyager EPA customers' monthly interest payments were pre-set and contractually guaranteed, regardless of Voyager's profits. Moreover, Coinbase and Defendants are not in the same position. Whereas Coinbase operated the crypto-asset exchange platform at issue, Defendants here, at most, operated as indirect promoters of the Voyager Earn Program. *Id.* at 5-6.

Date: April 2, 2024

Respectfully submitted,

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*-and-*

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@lawsonhuckgonzalez.com

LAWSON HUCK GONZALEZ PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
Telecopier: (305) 441-8849

*-and-*

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email:  sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email:  rwolkinson@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via the Court's CM/ECF which will send notification of such filing to all attorneys of record.

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com