**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No: 1:22-cv-22538 (ALTMAN/REID)

DOMINIK KARNAS, *et al.*,

    Plaintiffs,

    v.

MARK CUBAN, *et al.*,

    Defendants.

**DEFENDANTS MARK CUBAN'S AND DALLAS BASKETBALL LIMITED D/B/A DALLAS MAVERICKS' MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF LEE REINERS**

## TABLE OF CONTENTS

FACTUAL BACKGROUND ................................................................................................2
    1.    Mr. Reiners' Report ............................................................................. 2
    2.    Mr. Reiners' Deposition ....................................................................... 3
PROCEDURAL BACKGROUND .......................................................................................4
LEGAL STANDARD ...........................................................................................................4
ARGUMENT .........................................................................................................................5
    I.    The Report Contains Impermissible Conclusions of Law and Should Be Excluded ................................................................................................ 5
    II.    The Report Fails Rule 702 Because It Is Not Based On Sufficient Facts... 7
CONCLUSION ......................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Corellium, LLC*,
  2020 WL 5417197 (S.D. Fla. July 30, 2020) .................................................................5, 6, 7

*Matter of Chaves*,
  2024 WL 717859 (S.D. Fla. Feb. 12, 2024) ...............................................................................6

*Commodores Entm't Corp. v. McClary*,
  879 F.3d 1114 (11th Cir. 2018) ..................................................................................................6

*Cordoves v. Miami-Dade Cty.*,
  104 F. Supp. 3d 1350 (S.D. Fla. 2015) .......................................................................................6

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ..........................................................................................................4, 7, 8

*Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*,
  402 F.3d 1092 (11th Cir. 2005) ..................................................................................................5

*Fiona Chen v. Yellen*,
  2021 WL 4192078 (N. D. Ill. Sept. 15, 2021) ........................................................................7, 8

*Mosby v. Railey*,
  2005 WL 8159837 (M.D. Fla. July 29, 2005) .......................................................................7, 8

*Omar v. Babcock*,
  177 F. App'x 59 (11th Cir. 2006) ...............................................................................................5

*RCTV Int'l Corp. v. Rosenfeld*,
  No. 13-23611-CIV, Dkt. No. 194, slip op. (S.D. Fla. Sept. 28, 2015) .......................................6

*Rink v. Cheminova, Inc.*,
  400 F.3d 1286 (11th Cir. 2005) ..................................................................................................4

*Romano v. John Hancock Life Ins. Co. (USA)*,
  2022 WL 1447733 (S.D. Fla. May 9, 2022) ..............................................................................5

*Rowe Ent., Inc. v. William Morris Agency, Inc.*,
  2003 WL 22272587 (S.D.N.Y. Oct. 2, 2003) .........................................................................7, 8

*TOA Trading LLC v. Mullen Auto., Inc.*,
  2023 WL 8476462 (S.D. Fla. Nov. 27, 2023) ............................................................................5

*United States v. Frazier*,
    387 F.3d 1244 (11th Cir. 2004) ....................................................................................... 4, 5

*Wasilewski v. Abel Womack, Inc.*,
    2016 WL 183471 (D. Conn. Jan. 14, 2016) ..................................................................... 7, 8

## Other Authorities

Fed. R. Evid. 702 ................................................................................................... *passim*

The Expert Report of Lee Reiners (ECF Nos. 231-1 (the "Report")), proffered by Plaintiffs in support of their Motion for Class Certification (ECF No. 231, the "Motion") fails to satisfy the Federal Rules of Evidence, and must be excluded. As an initial matter, the Report, like the Motion, reflects Plaintiffs' failure to adduce and rely on evidence that can survive the "rigorous analysis" that is required at the class certification stage. At this stage, courts are directed to look behind the pleadings and determine what evidence and issues will be at stake at trial. Both the Report and the Motion rely primarily on allegations from Plaintiffs' operative complaint and arguments based upon it, which falls short of Plaintiffs' burden at this stage, and is reason to deny the Motion.

The Report's reliance on counsel-driven arguments and allegations are also the two reasons that mandate its exclusion under the Federal Rules of Evidence. First, the Report contains improper legal conclusions under Rule 702(a). The Court has a monopoly on drawing legal conclusions and may strike or exclude an expert report that attempts to usurp this core judicial function. A knock-off legal opinion, like Mr. Reiners', does not assist the Court in understanding the evidence or determining *a fact* in issue, and therefore fails Rule 702(a). Undeterred, Plaintiffs admit that they engaged Mr. Reiners to "opine[] on how EPAs and VGX have characteristics that lend themselves to meeting the *Howey* and *Reves* tests." Mot. at 2-3. Whether these digital assets "meet the *Howey* and *Reves* tests" is for this Court to decide, and lawyers to argue, not Mr. Reiners. Mr. Reiners barely attempts to mask his analysis under the guise of factually scrutinizing features of digital currencies. Instead, his methodology is to parrot the role of a court by extrapolating general principles of law from a comparative analysis of judicial precedent before applying this received wisdom to a set of presumed facts contained in legal pleadings. This approach offends Rule 702(a) and, for this reason alone, the Court should exclude the Report.

Second, the Report is not "based on sufficient facts or data" and fails Fed. R. Evid. 702(b) because Mr. Reiners *assumes* the accuracy of disputed allegations contained in pleadings. Notably, Mr. Reiners fails to offer this Court a *single citation* to a bates-stamped document produced in this litigation. Instead, he concedes that the sweeping assertions of fact contained in his Report are "based upon" cherry-picked allegations contained in "Plaintiffs' Second Amended Complaint (SAC) [and] the Commodity Futures Trading Commission's (CFTC) October 12, 2023, complaint against Voyager CEO, Stephen Ehrlich." (Report ¶ 2.01.) Mr. Reiners' lengthy paraphrasing of pleadings is no substitute for meaningfully grappling with evidence, and fails

1

hornbook law demanding "sufficient facts", rather than allegations, in support of any legal conclusions at this stage. Fed. R. Evid. 702(b).

For the foregoing reasons, the Court should grant Defendants' motion to exclude the Report and Mr. Reiners' testimony.

## FACTUAL BACKGROUND

### 1. Mr. Reiners' Report

On March 15, 2024, Plaintiffs proffered Mr. Reiner's Report in connection with their motion for class certification. *See* ECF Nos. 231, 231-1.[1] Plaintiffs tasked Mr. Reiners with asserting legal conclusions concerning the classification of digital assets under securities law. Or, as Mr. Reiners explains:

> The Moskowitz Law Firm has retained me as an expert to opine upon whether the Voyager Earn Program Accounts ("EPAs") and Voyager's native cryptocurrency, VGX, have characteristics that lend themselves towards the tests established by the Courts in order to constitute the unregistered offering and sale of securities in violation of Sections 5(a) and 5(c) of the Securities Act of 1933 or a state analog, such as the New Jersey Uniform Securities Law.

Report at ¶ 1.01. In their motion for class certification, Plaintiffs explain that Mr. Reiners' opinion will be offered in connection with a future motion for summary judgment (Mot. at 7-8) and that it will aid in resolving "legal issues subject to classwide resolution" (Mot. at 14). Mr. Reiners' tries his best to "resolve legal issues" by paraphrasing out-of-circuit decisions including, "Judge Rakoff['s] decision", "Judge Ramos' reasoning," and "Judge Rakoff's reasoning" concerning what constitutes a "security" under federal law. Report at ¶¶ 6.14-6.32. Mr. Reiners' extrapolated legal principles are applied to bald allegations by Plaintiffs from which he purports to summarize the dispositive features of Voyager's digital assets. As he admits, his "analysis of EPAs is based upon information in the Plaintiff's Second Amended Complaint (SAC), the Commodity Futures Trading Commissions (CFTC) October 12, 2023, complaint against former Voyager CEO, Stephen Ehrlich." Report ¶ 2.01. Without analyzing a single document produced in this litigation, or the testimony of a single witness, Mr. Reiners offers his conclusion as to one of the ultimate legal issues at the center of this litigation that: "The EPAs and VGX that Voyager and Defendants offered or sole to Plaintiffs all constituted the investment of money in a common enterprise with a

---

[1] Ex. 1 is a true and correct copy of the Report, ECF No. 231-1. Ex. 2 is a true and correct copy of excerpts of Mr. Reiners' deposition transcript.

2

reasonable expectation of profits to be derived from the efforts of others, and all were no different (in any manner) than any of the other EPAs and VGX that Voyager offered and sold to all investors throughout the nation." *Id.* ¶ 8.06.

### 2. Mr. Reiners' Deposition

On March 29, 2024, Mr. Reiners was deposed by Defendants, conceded that his report was not in service of class certification, and betrayed his ignorance of both the discovery record in this case and the procedural posture of the out-of-circuit cases upon which he based his sweeping report.

*First*, when deposed, Mr. Reiners acknowledged that even though his Report was submitted to this Court in connection with Plaintiffs motion for class certification, the Report did not address any of the factors relevant to that motion. Among other things, Mr. Reiners conceded that his Report did not even attempt to address:

- "[W]hat constitutes a successful solicitation" or "who is a statutory defendant" (see Tr. at 28:2-9);
- "[w]hether defendants were agents who materially aided in the sale of securities" or what is "plaintiffs' relationship in this case [is] with the defendants" (Tr. at 28:10-18);
- Whether "the issue of typicality" or "the issue of commonality under Rule 23(a)" have been met in this case (Tr. at 29:17-30:9);
- Whether "the issue of predominance" or "the issue of superiority under Rule 23(b)" have been met in this case (Tr. at 29:23-30:4)
- Whether there is a "difference between the federal and state securities laws on the issue of unregistered securities (Tr. at 30:25-31:4); and
- Any other opinion concerning "the issue of issue certification," "the issue of choice of law," "the issue of the class definition," or "the issue of ascertainability." (Tr. at 30:10-31:4.)

*Second*, Mr. Reiners repeatedly mischaracterized the procedural posture of the cases upon which he based his Report. For instance, he inaccurately testified that class certification had been granted in the *FTX*, *O'Neal*, *Dapper Labs*, and *Binance* cases. See Tr. at 53:1-2 ("in the FTX multi-district litigation I know class cert was granted"); at 53:5-7 ("I believe it was granted in the *Harper versus O'Neal* case as well, but I'm not 100 percent on that"); at 53:12-14 ("I believe there's a, yes, in the Dapper Labs case, I believe class certification was granted"); and at 53:16-18 ("there might be a Binance case where class certification was granted, but I'm not 100 percent on that."). This is wrong—class certification has not been granted in any of these cases, and in some cases,

3

plaintiffs have not even moved for class certification. *See Harper* (1:23-cv-21912-FAM (S.D. Fla.)); *In Re FTX* (1:23-md-03076-KMM (S.D. Fla.)); *Dapper Labs* (1:21-cv-05837-VM (S.D.N.Y.)); and *Binance* (1:23-cv-21261-RKA (S.D. Fla.)).

*Third*, Mr. Reiners' testimony acknowledged the limitations of his knowledge of the discovery record and current posture of this litigation. For instance, he testified that he had never reviewed Plaintiffs' motion for class certification and for that reason he refused to affirmatively state whether or not the Report supported the Motion. Tr. at 57:9-13 ("I believe it was sent to me and I might have opened it and browsed it, but I wouldn't say that I reviewed it.").) Moreover, he stated that the Report "does not specifically comment on the proposed class" (Tr. at 87:17-88:2) and did "not explicitly state anything around class certification" Tr. at 122:24-123:7. Similarly, Mr. Reiners refused to testify that the issue of whether EPAs and VGX are securities represented common or predominant issues capable of swift resolution by this Court on a class-wide basis. Tr. at 122:24-123:7. Instead, Mr. Reiners reiterated that the Report did "not specifically address the class cert issue." *Id.*; *see also* Tr. at 122:10-23 (testifying that that the **only** issue covered in the Report was "EPAs and VGX and whether or not they share characteristics or notes and/or investment contracts.").

## PROCEDURAL BACKGROUND

Plaintiffs filed their initial Complaint in this matter on August 10, 2022, and filed the operative complaint, the Second Amended Complaint ("SAC") under seal, on June 9, 2023. ECF Nos. 1, 155. Pursuant to the Court's February 26, 2024, scheduling order, (ECF No. 221) Plaintiffs filed on March 15, 2024, their Motion for Class Certification ("Motion"), and Mr. Reiners' Report as an exhibit thereto. ECF No. 231 and 231-1. Pursuant to ECF No. 221, and in support of their opposition to Plaintiffs' Motion, Defendants now file the instant motion to exclude Mr. Reiners' Report an his testimony because it offers improper legal opinions that are not helpful to the Court and is not based on competent evidence or sufficient facts.

## LEGAL STANDARD

District courts play a gatekeeping role with respect to proposed expert testimony "to ensure that speculative, unreliable expert testimony does not reach the jury" under the mantle of reliability that accompanies the title of "expert testimony." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (cleaned up); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993).

4

Fed. R. Evid. 702, which codified the standard set forth in *Daubert*, requires district courts to exclude the testimony of an expert who does not satisfy the following three-part inquiry:

> (1) The expert must be qualified to testify competently regarding the matters he intends to address; (2) the methodology used to reach any conclusions must pass the Daubert test of reliability; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Fed. R. Evid. 702; *Cheminova, Inc.*, 400 F.3d at 1291. The Eleventh Circuit refers to these elements as the "qualification," "reliability," and "helpfulness" prongs. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). The party proffering the expert testimony bears the burden of proving admissibility by a preponderance of the evidence. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1107 (11th Cir. 2005).

As explained further below, the Report fails Rule 702, and should be excluded, because it is replete with impermissible conclusions of law and employs an unreliable methodology of assuming the accuracy of unsworn pleadings. Accordingly, the Court should grant this motion, exclude Mr. Reiners' Report and his accompanying testimony.

## ARGUMENT

### I. The Report Contains Impermissible Conclusions of Law and Should Be Excluded

The Report is *not helpful* to the Court, and should be excluded under Fed. R. Evid. 702(a), because "it offers nothing more than what lawyers for the parties can argue in closing arguments." *See Frazier*, 387 F.3d at 1262-63. Courts in this District routinely exclude reports, such as that of Mr. Reiners', that consist of an "expert's" attempt to regurgitate caselaw and offer his opinion on the proper outcome of a disputed legal issue. *See, e.g.*, *Apple Inc. v. Corellium, LLC*, 2020 WL 5417197, at *5 (S.D. Fla. July 30, 2020); *TOA Trading LLC v. Mullen Auto., Inc.*, 2023 WL 8476462, at *5 (S.D. Fla. Nov. 27, 2023) (excluding testimony that "is improper and inadmissible because it [does] little more than present [the expert's] opinion regarding the ultimate legal conclusion [of the ultimate issue] under applicable securities laws and regulations.").

The Report plainly attempts to usurp the role of the Court as the finder of law by opining that "all offers and sales of EPAs and VGX [constitute] investment contract[s] according to the *Howey* test" and also constitute "note[s] under the test established in *Reves*." Report at 2. Mr. Reiner draws these conclusions by "recount[ing] the facts [contained in pleadings] and then offer[ing] an opinion as to the conclusion which the jury should reach" even though such a methodology is "not permitted." *Omar v. Babcock*, 177 F. App'x 59, 63 n.5 (11th Cir. 2006); *see*

5

*also Romano v. John Hancock Life Ins. Co. (USA)*, 2022 WL 1447733, at *9 (S.D. Fla. May 9, 2022) (excluding the entirety of an attorney's expert report on the basis that the expert opined on the law, reciting his understanding of the law, and provided legal analysis that was not factually relevant in support of plaintiff's position). For instance, the Report tracks the prongs of the *Howey* test and Mr. Reiners concludes that EPAs "required an investment of money, satisfying the first prong of the Howey test" (Report at ¶ 3.02); "EPAs have both 'horizontal commonality' and 'vertical commonality'"(*Id*. at ¶ 3.05); and "EPA investors were expecting to profit from their purchase and that this profit would be 'derived from the entrepreneurial or managerial efforts of others.' Forman, 421 53 [sic] U.S. at 852." *Id*. at ¶ 3.12.[2] This approach of parroting a court's application of legal precedent to disputed facts does not constitute "scientific, technical, or other specialized knowledge" and fails Rule 702(a). *See, e.g.*, *Apple Inc.*, 2020 WL 5417197, at *4-5 (excluding testimony "advancing legal argument in support of its positions . . . under the guise of an expert witness."); *Matter of Chaves*, 2024 WL 717859, at *4 (S.D. Fla. Feb. 12, 2024) ("Court does not want a law professor and lawyer testifying at trial as to how the case should be decided. Those are determinations to be made by the Court, not an expert.").[3]

Mr. Reiners' artful characterization of his opinion to avoid the appearance of a legal conclusion is of no moment. For instance, Mr. Reiners says that "[EPAs and VGX] support the elements of an investment contract", but [does not] say definitively that they are investment contracts. Report at ¶ 1.01, 3:01; *see also* Reiners Tr. at 19:19-25. This is a distinction without a difference. If an expert report or "'testimony track[s] the language of the applicable statute' or uses a term that 'has a specialized legal meaning that is more precise than the lay understanding of the term,' the testimony is an impermissible legal conclusion." *Cordoves v. Miami-Dade Cty.*, 104 F. Supp. 3d 1350, 1365 (S.D. Fla. 2015) (citing *Burkhart v. Wash. Metro Transit Auth., 112 F.3d 1207, 1212-13 (D.C. Cir. 1997))*. Yet Mr. Reiners' Report does exactly this. *See, e.g.,* Report at ¶ 3.05 ("EPAs have both 'horizontal commonality' and 'vertical commonality.'"); *see also* id at ¶¶

---

[2] *See also* Report at ¶¶ 3.19 – 3.38 (comparable analysis for prongs of the Reves test) and ¶¶ 7, and 7.07 - 7.10 (comparable analysis for prongs of Howey test for the VGX token).

[3] *See also RCTV Int'l Corp. v. Rosenfeld*, No. 13-23611-CIV, Dkt. No. 194, slip op. at 3-5 (S.D. Fla. Sept. 28, 2015) (striking a law professor's report because it, "in essence, is another legal brief" and "does not assist the [c]ourt in understanding the factual issues presented, but rather presents a legal argument").

3.04-3.11, 3.20-3.28, 6.01-6.33, 7.07-7.09, 8.06. This attempt to allow legal argument "under the guise of an expert witness" (*Apple*, 2020 WL 5417197 at *4) is exactly why a courts' "gatekeeping function requires more than simply 'taking the expert's word for it.'" *Cordoves*, 104 F. Supp. 3d at 1360.

At bottom, admitting Mr. Reiners' Report would impermissibly usurp the role of this Court by offering legal instruction to the jury. It is "the court [not Mr. Reiners that] must be the jury's only source of law." *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1128 (11th Cir. 2018). The Report should further be excluded in its entirety because "[i]n our adversary system, the parties' counsel make the legal argument, not the experts." *Apple Inc.*, 2020 WL 5417197, at *5 (excluding a declaration and expert report of law professor).

II. **The Report Fails Rule 702 Because It Is Not Based On Sufficient Facts**

The Report also fails Rule 702(b), and must be excluded, because Mr. Reiners fails to rely on "sufficient facts." The Report relies entirely on allegations from complaints, which are not competent evidence and cannot provide a reliable factual basis for such opinion to be considered by the finder of fact.

Part of the Court's gatekeeper role is to ensure that any opinion that reaches a finder of fact "is based on sufficient facts or data." Fed. R. Evid. 702(b). This rule and the Court's obligations under the *Daubert* standard "require[] it to exclude expert testimony when it is 'based upon speculation, unsupported assumptions or conclusory allegations.'" *Fiona Chen v. Yellen*, 2021 WL 4192078, at *3, (N. D. Ill. Sept. 15, 2021) (quoting *Buscaglia v. United States*, 25 F.3d 530, 533 (7th Cir. 1994)). "Allegations in a complaint are not evidence [and] federal courts across the country have found that expert opinions that rely primarily upon allegations in a complaint are not 'based on sufficient facts and data' as required by Rule 702 and are otherwise unreliable. *Id*. (cleaned up).

Indeed, the Middle District of Florida reached just this conclusion and excluded an expert report in *Mosby v. Railey*, 2005 WL 8159837, at *3, (M.D. Fla. July 29, 2005). The *Mosby* court excluded the expert report of a Dr. Bolton "because he based his opinion solely on the contents of Plaintiffs' personnel file, the allegations in the Third Amended Complaint, and the racial demographics of the OPD." The court further criticized the expert for "conduct[ing] no studies" and for his reliance on "anecdotal evidence" and found that plaintiff failed to show his testimony was "based on sufficient facts and data to benefit the trier of fact" under Rule 702. *Id*.; *see also*

*Yellen*, 2014 WL 4192078, at *4 (excluding expert report because a "thorough review of the report includes numerous opinions based on [plaintiff's] dismissed allegations masquerading as 'evidence' [and a]llegations are not the proper foundation for expert testimony."); *Rowe Ent., Inc. v. William Morris Agency, Inc.*, 2003 WL 22272587, at *10, (S.D.N.Y. Oct. 2, 2003) (excluding report under Fed. R. Evid. 702 that "is based solely on the accounts in the Amended Complaint and the depositions of a limited number of witnesses"); *Wasilewski v. Abel Womack, Inc.*, 2016 WL 183471 at *3 (D. Conn. Jan. 14, 2016) (criticizing expert's opinion as not "reliable" due to reliance on allegations in complaints, which "are not evidence, nor do they present a complete and factually accurate picture of what necessarily occurred.") (cleaned up).

The Report suffers from the same flaws. As an initial matter, the Report does not separately list the facts or data Mr. Reiners reviewed and relied upon (see FRCP 26(2)(B)(ii)) but it does clarify that his analysis "is based upon information included in the Plaintiffs' Second Amended Complaint (SAC), the Commodity Futures Trading Commission's (CFTC) October 12, 2023, complaint against former Voyager CEO, Stephen Ehrlich, and other publicly available sources." Report at ¶ 2.01. Mr. Reiners' testimony confirms this. Mr. Reiners testified that the complete list of documents he reviewed for purposes of his report were "the Second Amended Complaint, the Defendants' Motion to Dismiss, the CFTC's complaint, the New Jersey Bureau of Securities cease and desist order against Voyager, [and] a number of other publicly available documents." Tr. at 12:14-13:4.

Mr. Reiners further testified that the "facts" he relied on for purposes of his Report came from these complaints. Mr. Reiners admitted that the "facts" in his Report "would have been informed by what [he] read in the Second Amended Complaint and CFTC Complaint." *Id*. at 70:20-71:5. Mr. Reiners could not "think of any other sources of facts that appear in [his] report other than the complaints." *Id*. at 71:23-72:22. Mr. Reiners further admitted that he did not review any documents produced by the parties in discovery. *Id*. at 13:17-14:5 (Did you review any of those documents that were produced by any of the parties? A. No."). And most egregiously, Mr. Reiners testified that he takes "the CFTC complaint and the Second Amended Complaint . . . as fact [such that his Report] should be read as fact." *Id*. at 71:6-22.

This is an abject failure to seek out competent evidence or "sufficient facts" and requires exclusion of the Report. Mr. Reiners' Report, like the Reports in *Mosby*, *Yellen*, *Rowe* and *Wasilewski,* all improperly treat allegations as facts and are therefore impermissibly unreliable.

8

The Report relies on allegations that cannot "form a reliable factual basis for expert testimony" and must be excluded. *Yellen*, 2014 WL 4192078, at *3. It is this court's duty to stand guard as a "gate-keeper under *Daubert* [and] exclude expert testimony . . . 'based upon speculation, unsupported assumptions or conclusory allegations'" like the Report. *Id.* (*quoting Buscaglia*, 25 F.3d at 533). For this reason, the Court should exclude the entirety of the Report as inadequate under Fed. R. Evid. 702.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court exclude Mr. Reiners' Report in its entirety and his testimony from consideration as part of Plaintiff's Motion for Class Certification due to its failure to comply with Fed. R. Evid. 702.

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movants/Defendants made reasonable efforts to confer with Plaintiffs' counsel in a good faith effort to resolve the issues raised in this Motion to Exclude, but have been unable to do so. Specifically, in addition to the parties' discussion on Thursday March 28, 2024, both on and off the record as part of Mr. Reiners' deposition, on April 9, 2024, the parties held a meet/confer Zoom conference regarding the instant motion. During that conference, Defendants' counsel informed Plaintiffs' counsel that Defendants intended to file this Motion to Exclude Mr. Reiners' Report, and specifically identified the two arguments set forth above. Defendants' counsel followed up on that Zoom conference by sending an email to Plaintiffs' counsel the same day memorializing the discussion, and the two arguments set forth above.

Plaintiffs' counsel stated that they could not take a position on the instant Motion without reviewing a draft in advance. Plaintiffs' counsel declined to provide any authority for the proposition that sharing a draft of a motion is necessary prior to a meet/confer. Plaintiffs' counsel also did not respond to Defendants' counsel's email regarding the instant Motion

9

Respectfully submitted,

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:       (305) 789-9201

*-and-*

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@lawsonhuckgonzalez.com

LAWSON HUCK GONZALEZ PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
Telecopier: (305) 441-8849

*-and-*

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email:  sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email:  rwolkinson@brownrudnick.com

10

Case No: 1:22-Cv-22538 (Altman/Reid)

DANIEL L. SACHS, ESQ.
*Pro Hac Vice*
Email: dsachs@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

*-and-*

JONATHAN D. WHITE, ESQ.
*Pro Hac Vice*
Email: jwhite@brownrudnick.com

**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4903

*Attorneys for Defendants Mark Cuban and Dallas Mavericks Limited d/b/a Dallas Mavericks*

Case No: 1:22-Cv-22538 (Altman/Reid)

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via the Court's CM/ECF which will send notification of such filing to all attorneys of record.

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com