IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 22-CV-22538-ALTMAN/REID**

DOMINIK KARNAS, *et al.*,

      Plaintiffs,

v.

MARK CUBAN, *et al.*,

      Defendants.

_____/

**DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED VERSIONS OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION *AND* SUPPORTING EXHIBITS THAT CONTAIN REFERENCES TO CONFIDENTIAL INFORMATION**

Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS, by and through undersigned counsel and pursuant to Southern District of Florida Local Rule 5.4(b)(1), file this Motion for Leave to File Under Seal the Unredacted Versions of Defendants' Opposition to Plaintiffs' Motion for Class Certification *and* Supporting Exhibits that Contain References to Confidential Information (the "Motion" and the "Opposition") (hereinafter the "Motion to Seal"). As grounds therefor, Defendants state as follows:

1. Contemporaneously herewith, Defendants will be filing (i) an Opposition to Plaintiffs' Motion, and (ii) exhibits in support of the Opposition (collectively, the "Confidential Filings"). The Confidential Filings contain or will contain references to information that has been designated by either side as Confidential under the Stipulated Protective Order entered by Magistrate Judge Reid on December 21, 2022. [ECF No. 65].[1]

---

[1] Various documents, or portions thereof, produced to date have been designated as Confidential.

2. Therefore, for filing purposes, Defendants have redacted, will redact or will withhold from the Confidential Filings the information the parties' designated as Confidential and that is covered by the Stipulated Protective Order. *See* S.D. Fla. L.R. 5.4(b)(1); S.D. Fla. CM/ECF Rule 9B.

3. The at-issue protected-as-Confidential information consists of Patrick Conroy's Report and documents produced by Plaintiffs, Defendants, and third-parties in this matter that have confidential and proprietary financial information and/or Plaintiffs' Voyager account information and addresses, all of which have been designated as Confidential.

4. In order to not reveal the content of the proposed sealed material, the Confidential Filings are <u>redacted either in full or in part.</u> Defendants accordingly seek permission to file completely unredacted versions of the Confidential Filings <u>under seal, as well as partially redacted filings,</u> so that this Court is fully informed and has before it all relevant Confidential information prior to ruling on the Motion.[2]

5. The proposed duration of the requested sealing is for/until the later of (i) the parties consenting to unsealing of the information designated as Confidential, or (ii) an unsealing of any of the information designated as Confidential pursuant to the terms of the Stipulated Protective Order.

6. Local Rule 5.4(b)(1) states that a party who wants to file documents and information under seal must file and serve electronically a motion seeking permission to file under seal. Such a motion must set forth the factual and legal basis for the requested sealing and describe

---

[2] Pursuant to Paragraphs 6(e) and 7(d) of the Stipulated Protective Order, the "Court and any Court staff and administrative personnel" may view material designated as Confidential and Highly Confidential. ECF No. 65 at 7-9.

with as much particularity as possible the documents and information to be sealed. *See* S.D. Fla. L.R. 5.4(b)(1).[3]

7.  Where, as here, a party files a motion and other legal documents that need to include references to protected confidential information and those filings are the subject of a Local Rule 5.4(b)(1) motion to file under seal, all of the content sought to be filed under seal must be redacted (or withheld) until the Court has an opportunity to rule on the motion to seal. *See* S.D. Fla. L.R. 5.4(b)(1); S.D. Fla. CM/ECF Rule 9B.

8.  Defendants' instant Motion to Seal and the redacted Confidential Filings are all in full compliance with Local Rule 5.4(b)(1) and CM/ECF Rule 9B.

WHEREFORE, Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS respectfully request that the Court *grant* this Motion for Leave to File Under Seal and *permit* Defendants to file under seal the unredacted versions of the Confidential Filings.

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movants/Defendants made reasonable efforts to confer with Plaintiffs' counsel in a good faith effort to resolve the issues raised in this Motion for Leave to File Under Seal, but have been unable to do so. Specifically, on April 9, 2024, the parties held a meet/confer Zoom conference, and on that conference Defendants' informed Plaintiffs' counsel that Defendants intended to file a motion to file under seal certain documents that have been designated as Confidential in this matter as part

---

[3] However, a motion to file under seal cannot attach or reveal the specific "content of the proposed sealed material." *Id.* Additionally, the material to be sealed "shall not be filed unless the Court grants the motion to file under seal." *Id*; *see* S.D. Fla. CM/ECF Rule 9A ("The proposed sealed material shall not be filed unless the Court grants the motion to file under seal.").

of Defendants' opposition to Plaintiffs' Motion for Class Certification. Defendants' counsel followed up on that Zoom conference by sending emails specifically identifying by bates number or title each of the documents Defendants seek to file under seal.

Plaintiffs' counsel stated that they could not take a position on a motion to file documents under seal without seeing the motion in advance, and stated that they also could not take a position on the instant Motion because Defendants had not adequately "noticed" the issue for purposes of a meet/confer conference. Plaintiffs' counsel declined to provide any authority for the proposition that sharing a draft of the motion was necessary prior to a meet/confer conference. Plaintiffs' counsel also did not respond to Defendants' subsequent emails regarding the instant Motion.

Respectfully submitted,

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*-and-*

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@lawsonhuckgonzalez.com

LAWSON HUCK GONZALEZ PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
Telecopier: (305) 441-8849

-and-

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email:  sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email:  rwolkinson@brownrudnick.com

DANIEL L. SACHS, ESQ.
*Pro Hac Vice*
Email: dsachs@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

-and-

JONATHAN D. WHITE, ESQ.
*Pro Hac Vice*
Email: jwhite@brownrudnick.com

**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4903

*Attorneys for Defendants Mark Cuban and Dallas Mavericks Limited d/b/a Dallas Mavericks*

Case No. 22-CV-22538-ALTMAN/REID

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via the Court's CM/ECF which will send notification of such filing to all attorneys of record.

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com
