UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22538-ALTMAN/Reid

**DOMINIK KARNAS**, *et al.*,

 *Plaintiffs,*

*v.*

**MARK CUBAN**, *et al.*,

 *Defendants.*

_____/

**ORDER**

 The Defendants have submitted a Motion for Leave to File Under Seal (the "Motion for Leave") [ECF No. 256],[1] asking to file under seal unredacted versions of (1) their Response in Opposition to the Plaintiff's Motion for Class Certification ("Defs.' Resp.") [ECF No. 254] and (2) their exhibits in support of that Response, *see* Motion for Leave at 1. According to the Defendants, those filings "contain or will contain references to information that has been designated by either side as Confidential under the Stipulated Protective Order entered by Magistrate Judge Reid on December 21, 2022." *Ibid.* (citing Stipulated Protective Order [ECF No. 65]).

 To file under seal, a party must "set[ ] forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed . . . with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material[.]" S.D. FLA. L.R. 5.4(b)(1). A federal district court has the "discretion to determine

---

[1] The Defendants have also filed a "Motion to Seal per Local Rule 5.4" [ECF No. 257]. That motion is a duplicate of their Motion for Leave to File Under Seal [ECF No. 256]. We needn't adjudicate duplicate motions. *See, e.g., Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1194 (S.D. Fla. 2007) (Moore, J.) ("This motion was filed in duplicate, and the duplicate motion is denied as moot." (cleaned up)). We'll therefore **DENY as moot** the Defendant's "Motion to Seal per Local Rule 5.4" [ECF No. 257].

which portions of the record should be placed under seal, but [that] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013); *see also United States v. Sojous*, 749 F. App'x 943, 944 (11th Cir. 2018) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial documents and records." (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978))). "To rebut the presumption in favor of public access, the requesting party must establish that sealing the records 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Sojous*, 749 F. App'x at 944 (quoting *Press-Enter. Co. v. Superior Ct. of Cal.*, 464 U.S. 501, 510 (1984)).

Here, the "at-issue protected-as-Confidential information consists of [excerpts of] Patrick Conroy's Report and documents produced by Plaintiffs, Defendants, and third-parties in this matter that have confidential and proprietary financial information and/or Plaintiffs' Voyager account information and addresses." Motion for Leave at 2. But, with the exception of Patrick Conroy's Expert Report (the "Conroy Report") [ECF No. 254-2], the Defendants haven't filed partially redacted versions of *any* of the exhibits they intend to seal. For instance, rather than file "the Mavericks-Voyager sponsorship agreement dated October 29, 2021," with appropriate redactions, *see* Declaration of Daniel L. Sachs ("Sachs Decl.") [ECF No. 255] ¶ 27 ("Attached hereto as Exhibit 26 is a true and correct copy of the Mavericks-Voyager sponsorship agreement dated October 29, 2021[.]"), the Defendants uploaded a single page for that "exhibit," bearing the placeholder text "FILED UNDER SEAL," *see* Ex. 26 to Defs.' Resp. ("Sponsorship Agreement") [ECF No. 254-26] at 1. Plus, the Defendants "fail to explain why it is necessary to file the entire Agreement under seal, rather than just redact certain terms," *Gomez v. First Bancorp*, 2019 WL 13470298, at *1 (S.D. Fla. July 1, 2019) (Altonaga, J.), as they were required to do to justify sealing a document in its entirety, *see Travelers Prop. Cas. Co. of Am. v. Barkley*, 2017 WL 4875911, at *1 (S.D. Fla. June 2, 2017) (Altonaga, J.) (denying a motion to seal where there was a "less onerous alternative to sealing the documents" (cleaned up)).

2

The same is true of the rest of the (purportedly) confidential exhibits. In fact, the Defendants barely tell us what most of these exhibits even are, *see, e.g.*, Sachs Decl. ¶ 17 ("Attached hereto as Exhibit 16 is a true and correct copy of a document produced by Plaintiff Rachel J. Gold bearing the bates stamp beginning with RGOLD_CUBAN_00157."); *id.* ¶ 46 ("Attached hereto as Exhibit 45 is a true and correct copy of the excerpted document produced by Voyager bearing the bates stamp Rob-Voyager-00000016."); *see also Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("[D]iscovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right [of public access].")—thus preventing us from assessing the "nature and character of the information in question," *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). While the Defendants need not "reveal[ ] the content of the proposed sealed material" to establish good cause to file under seal, S.D. Fla. L.R. 5.4(b)(1), they also cannot simply rely on the "blanket assertion that the subject exhibits contain confidential business or financial information . . . to show good cause for sealing the filings," *Regions Bank v. Kaplan*, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) (Sansone, Mag. J.) (citing *Aldora Aluminum & Glass Prod., Inc. v. Poma Glass & Specialty Windows, Inc.*, 2016 WL 7666128, at *2 (M.D. Fla. June 13, 2016) (Toomey, Mag. J.)).

Nor does it matter that the parties may have designated this information as "confidential" in their Stipulated Protective Order. *See CFBP v. Ocwen Fin. Corp.*, 2020 WL 13535341, at *2 (S.D. Fla. June 9, 2020) (Marra, J.) ("[T]he designation of 'confidential' by a party is insufficient by itself to justify filing under seal and is still subject to Court review." (cleaned up)); *see also Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (that the parties have agreed to seal the record is "immaterial" when a court is determining whether a document should be publicly filed). Instead, the moving party "must describe the alleged harm it will suffer from any disclosure with a *particular and specific demonstration of fact*, as distinguished from stereotyped and conclusory statements." *Procaps S.A. v.*

*Patheon Inc.*, 2015 WL 4430955, at *6 (S.D. Fla. July 20, 2015) (Goodman, Mag. J.) (emphasis added); *see also Romero*, 480 F.3d at 1247 ("'[S]tereotyped and conclusory statements' . . . do not establish good cause." (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))); *Press-Enterprise Co.*, 478 U.S. at 15 ("[The public's] right of access cannot be overcome by . . . conclusory assertion[.]").

Given that the Defendants disclosed much of the Conroy Report—and explained that the few redacted passages contained "confidential and proprietary financial information," Motion for Leave at 2—we're satisfied that the Defendants have established "good cause" to file the unredacted version of that report under seal, *see Malgeri v. Vitamins Because LLC*, 2022 WL 17583586, at *3 (S.D. Fla. Feb. 11, 2022) (Williams, J.) ("[G]iven the alleged 'confidential, proprietary, or private' nature of the information contained therein, the Court finds good cause to file such documents under seal." (cleaned up)); *see also Gomez*, 2019 WL 13470298, at *1 ("Redaction of those portions which contain confidential, business-sensitive terms and obligations is more appropriate."). But we're "left unconvinced the presumption in favor of public access should be cast aside" for the remaining exhibits, *Gomez*, 2019 WL 13470298, at *1, because the Defendants *both* "failed to explain why it is necessary to file [each exhibit entirely] under seal," *ibid.*, *and* insufficiently "describe[d] the information or documents to be sealed," *W. Town Plaza Assocs., Ltd. v. Citi Trends, Inc.*, 2019 WL 1440949, at *1 (S.D. Fla. Feb. 19, 2019) (Altonaga, J.) (quoting S.D. FLA. L.R. 5.4(b)(1)).

If the Defendants intend to rely on those exhibits, they can *either* file the unredacted versions of their Response (and its exhibits) on the public record *or* submit a renewed motion for leave to file under seal. If they choose the latter option, their renewed motion must "specifically identify[ ] the particular parts of the record they wish to be filed under seal and [explain] why sealing is justified as to *each particular part*." *Office Depot, Inc. v. Arnold*, 2017 WL 11742777, at *2 (S.D. Fla. July 13, 2017) (Middlebrooks, J.) (emphasis added). And, if the Defendants believe that an exhibit should be sealed

in its entirety, they must "explain why it is necessary to file the entire [exhibit] under seal, rather than just redact certain terms[.]" *Gomez*, 2019 WL 13470298, at *1.

* * *

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Defendants' Motion for Leave to File Under Seal [ECF No. 256] is:

    a. **GRANTED** as to the Expert Report of Patrick Conroy [ECF No. 254-2]. The unredacted Expert Report of Patrick Conroy shall be filed **UNDER SEAL** and shall remain sealed until further order of the Court.

    b. **DENIED** as to Exhibit 16 [ECF No. 254-16], Exhibit 17 [ECF No. 254-17], Exhibit 20 [ECF No. 254-20], Exhibit 21 [ECF No. 254-21], Exhibit 24 [ECF No. 254-24], Exhibit 26 [ECF No. 254-26], Exhibit 43 [ECF No. 254-43], Exhibit 44 [ECF No. 254-44], and Exhibit 45 [ECF No. 254-45].

2. **By April 17, 2024**, the Defendants shall file on the public docket *either* (1) renewed versions of their Response and exhibits—unredacted, except as explicitly authorized by this Order—*or* (2) a renewed motion for leave to file under seal.

    a. If the Defendants opt for the former, the Plaintiffs shall reply to the Defendants' Renewed Response by **April 24, 2024**.

    b. If the Defendants do the latter, the deadline for the Plaintiffs to file their Reply will be **STAYED** pending our adjudication of the Defendants' renewed motion for leave.

3. The Defendant's "Motion to Seal per Local Rule 5.4" [ECF No. 257] is **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on April 15, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record