IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-22538-ALTMAN/REID

DOMINIK KARNAS, *et al.*,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**DEFENDANTS' RENEWED MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED VERSIONS OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION *AND* SUPPORTING EXHIBITS THAT CONTAIN REFERENCES TO CONFIDENTIAL INFORMATION**

Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS (the "Mavericks" and, together, "Defendants"), by and through undersigned counsel and pursuant to Southern District of Florida Local Rule 5.4(b)(1), CM/ECF Rule 9B, and this Court's April 15, 2024 Order (ECF No. 258) file this Renewed Motion for Leave to File Under Seal (the "Motion") Unredacted Versions of Defendants' Opposition to Plaintiffs' Motion for Class Certification (the "Opposition") *and* Supporting Exhibits that Contain Confidential Information (the "Exhibits"). In support of their Motion, Defendants state as follows:

**INTRODUCTION**

As an initial matter, Defendants appreciate the Court's allowing for the filing of this renewed Motion, and the opportunity for Defendants to better clarify and support their position with respect to the Exhibits and the confidential information contained therein.

Following the parties' narrowing of the issues in dispute, Defendants now seek to file under seal only two Exhibits that contain the Defendants' proprietary business and competitive pricing information. First, Exhibit 26, which is highlighted in the Court's Order (ECF No. 258), is a sponsorship agreement between the Mavericks and Voyager. Defendants seek to file this agreement under seal in its entirety because it contains proprietary and competitive business and pricing information, the disclosure of which would harm the Mavericks' competitive position. As set forth below, courts in this Circuit have found that business agreements with competitive pricing information and other proprietary terms can be withheld in full when the movant's competitors' knowledge of the terms of the agreement could competitively harm the movant, and this Court should allow the same here in order to prevent such harm to the Mavericks.

Second, Exhibit 43 is an email chain among employees of the Mavericks, and Defendants now seek to redact only the portion of this Exhibit that contains competitive information regarding the Defendants' proprietary business strategy and potential revenue streams. *See* Ex. A to this Motion (proposed redactions). These redactions should be allowed for the same reasons.

The other Exhibits that Defendants had sought to file under seal were documents containing personal or financial information about certain Plaintiffs in this matter, and were designated confidential by Plaintiffs, or contained information designated confidential by Plaintiffs. Defendants were bound under the Stipulated Protective Order entered by Magistrate Judge Reid to seek to file these Exhibits under seal absent an alternative agreement of the parties. *See* ECF No. 65 ("Protective Order") at ¶ 9. Prior to filing the Opposition, Defendants attempted to meet and confer with Plaintiffs to understand their position and incorporate it into the prior motion to seal, but Plaintiffs' counsel refused to take a position. *See* ECF No. 256 at 3-4 (Local Rule 7.1(a)(3)(A) certification). Yesterday, however, Plaintiffs agreed that those Exhibits may be

2

publicly filed, which narrows the dispute to only the two Exhibits discussed above, and in more detail herein.[1]

## BACKGROUND

The Protective Order allows for any party producing information in this matter to designate it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and limits whether and how any recipient of such information may share it or use it. *See* ECF No. 65.[2] Specifically, ¶ 9 of the Protective Order provides any party seeking to file any protected information with the Court must first "move the Court for leave to file the Protected Material under seal" unless the parties agree otherwise in writing.[3] *Id*. at 10-11.

At issue in this renewed Motion are Exhibits 26 and 43 to Defendants' Opposition to Plaintiffs' Motion for Class Certification (ECF No. 254). Defendants produced Exhibits 26 and 43 and Defendants designated them CONFIDENTIAL, except for one part of Exhibit 26, which is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Exhibit 26, a sponsorship agreement (the "Agreement") between the Mavericks and third-party Voyager Digital Holdings, Inc. ("Voyager"), was previously filed under seal in this matter,[4] and information from it has been

---

[1] Defendants stand ready to file unredacted versions of the other seven Exhibits and their Opposition with modified redactions upon resolution of this Motion or further direction from the Court.

[2] Pursuant to ¶¶ 6(e) and 7(d) of the Protective Order, the "Court and any Court staff and administrative personnel" may view protected material. *Id*. at 7-9.

[3] The Protective Order further provides that the parties "anticipate meeting and conferring with respect to redacting any Protected Material that will be filed with the Court, in order to avoid the need to file Materials under seal, whenever possible." *Id*. As set forth in Defendants' prior motion, Plaintiffs refused to meet and confer on this issue prior to the filing of the Opposition, but the parties agreed in writing on April 16, 2024, that the other seven Exhibits referenced in Defendants' prior motion to seal may be filed publicly, thus narrowing the dispute to only two Exhibits.

[4] *See* ECF No. 155-2.

redacted in prior filings,[5] and is at issue in other motions pending before Magistrate Judge Reid.[6] In addition to the confidential information described in more detail below, Ex. 26 contains within it a confidentiality term, which provides that the parties to the Agreement acknowledge that its terms and conditions are confidential and may not be disclosed.

## ARGUMENT

**I.    DEFENDANTS' CONFIDENTIAL AND PROPRIETARY BUSINESS AND COMPETITIVE PRICING INFORMATION SHOULD NOT BE DISCLOSED**

Although there is a "presumption of public access to judicial documents" (ECF No. 258 at 2-3 (citing *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013)), courts often find "good cause" to seal documents that contain "confidential and proprietary financial information." *Id.* at 4 (citing *Malgeri v. Vitamins Because LLC*, 2022 WL 17583586, at *3 (S.D. Fla. Feb. 11, 2022) (Williams, J.)). The Supreme Court has recognized the need to protect "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

In addition, courts in this District and Circuit often allow sealing of entire documents, particularly <u>business agreements</u>, when disclosure of such documents would present a substantial risk to a party's commercial and competitive interest and industry position. For example, in *Declan Flight Inc. v. Textron Eaviation Inc.*, 2023 WL 4847575, at *2, (M.D. Fla. July 28, 2023), the court granted a motion to seal an entire business agreement that contained "a confidentiality provision, reflects [] business decisions . . . [and] includes competitively sensitive and detailed pricing information for [the company's products]." The court further agreed that there was no less onerous alternative and found good cause to seal the agreement in its entirety. *Id.* Similarly, in *Pinnacle*

---

[5] ECF No. 90 at 7 n.4.
[6] *See* ECF Nos. 246, 251 and 259.

*Towers LLC v. Airpowered, LLC*, 2015 WL 5897524, at *1-*2, (M.D. Fla. Oct. 7, 2015), the court agreed to seal several business agreements in their entirety and found that a party's "interest in maintaining the confidentiality of the terms of these agreements outweigh the public's interest in accessing the documents." The court recognized the argument that if the business agreements were disclosed, a party's "commercial interest and competitive standing will be harmed if their other customers and their competitors are able to view confidential business information including the pricing and terms and conditions of the license agreements." *Id*. at *2 (cleaned up).[7]

Here, Defendants seek to file under seal two exhibits that contain the Mavericks' proprietary and competitively sensitive pricing information and applicable agreement terms. First, Defendants seek to withhold from public filing in its entirety Exhibit 26, the Agreement between the Mavericks and Voyager, including two attached exhibits that contain additional terms and pricing. The Agreement contains the terms of Voyager's sponsorship, including the advertising and other rights that Voyager would receive, as well as terms concerning rights regarding advertising copy, advertising territory, intellectual property, and other provisions and terms. An exhibit to the Agreement, which was designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, sets forth the pricing terms that Voyager would pay the Mavericks for these rights.

The Agreement contains proprietary and competitively sensitive business information of the Mavericks, and its disclosure would harm the Mavericks' competitive standing and negotiating posture. The Mavericks compete with other sports franchises and businesses in the sale of advertising rights, and the Mavericks frequently negotiate other advertising agreements with other brands and companies seeking to advertise their products. If the terms of the Agreement were

---

[7] *See also Synchrony Bank v. Cabinets to Go LLC*, 2022 WL 19300397, at *1-3, (S.D. Fla. Apr. 13, 2022) (granting motion to seal business agreement in part because "company's interest in the privacy of . . . terms of confidential agreements often outweigh the right of access").

disclosed, businesses with competing advertising assets would be able to take advantage of knowing the terms that the Mavericks agreed to with Voyager to offer terms or pricing that disadvantage the Mavericks, and the Mavericks' "competitive standing will be harmed." *Airpowered*, 2015 WL 5897524, at *2; *see also Royal Caribbean Cruises Ltd. v. E. India Travel Co., Inc.*, No. 1:19-cv-24021-UU (S.D. Fla. filed Oct. 9, 2019), ECF No. 8 (finding good cause to seal in full business agreement that contains "proprietary information, pricing information, profit margins, corporate policies and procedures, and other confidential information that would likely cause [the company] harm if made available to the public and, in particular, [company's] competitors); *MEDAI, Inc. v. Quantros, Inc.,* 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012) (granting motion to seal entire business agreement because "filing it under seal would protect [the company's] confidential information from unnecessary exposure to competitors"). Similarly, counterparties could use their knowledge of the terms of the Voyager Agreement to negotiate against the Mavericks and insist on terms comparable or better to those the Mavericks agreed to with Voyager, harming the Mavericks' competitive negotiating position. *See Airpowered*, 2015 WL 5897524, at *2. Further, the pricing terms attached to the Agreement are particularly sensitive and proprietary, and this Court should join the others that have recognized the need to protect such "pricing information." *See, e.g., Royal Caribbean,* and *Declan Flight, supra*.

In addition, the Mavericks are subject to the applicable by-laws, and rules of the National Basketball Association ("NBA"), and the Agreement is subject to its approval. The NBA has rights with respect to the Agreement, and other basketball teams that are members of the NBA are party to similar agreements. For that reason and others, the NBA has specifically advised the Mavericks that this Agreement should be considered proprietary to the NBA and its members, and should not be publicly disclosed because it would reveal sensitive business information, which could also

6

harm the NBA's and its members' "competitive standing" for the same reasons as above.[8] *See Airpowered, Nixon,* and *Declan Flight, supra.*

Further, there is no "less onerous alternative to sealing" the entire Agreement (*see* ECF No. 258 at 2) where the terms of the Agreement are proprietary and the Mavericks' competitors' knowledge of them could competitively disadvantage the Mavericks. In *Airpowered*, the court agreed to seal an entire business agreement because the movant's "interest in maintaining the confidentiality of the terms of these agreements outweigh the public's interest in accessing the documents." *Airpowered*, 2015 WL 5897524, at *2 (emphasis added) (citing *Graphic Packaging Int'l, Inc.*, 2010 WL 6790538, at *1-2 (same regarding "terms of its contractual relationship"); *see also Declan*, 2023 WL 4847575, at *2 (granting motion to seal entire agreement and finding "there is no less onerous alternative to sealing the information that will ensure its contents remain confidential"). The Court should reach the same conclusion here.

Defendants also seek to file with redactions Exhibit 43, an August 2021 email chain between employees of the Mavericks. *See* Ex. A. The information redacted in this Exhibit reflects the Mavericks' confidential and proprietary business strategy. For example, it includes the amounts that certain of the Mavericks' potential counterparties might be willing to spend on a sponsorship deal, and it describes the Mavericks' outreach efforts to other potential counterparties and the Mavericks' assessment of those counterparties' interest and priorities. As discussed above, courts have granted motions to redact comparable competitive business information. *See, e.g., Airpowered, Nixon,* and *Declan Flight, supra*. In addition, these redactions are narrowly tailored to exclude from disclosure only the parts of the email chain that contain proprietary and

---

[8] Due to timing, Defendants were not able to submit a declaration from an individual attesting to these facts. However, should the Court benefit from further substantiation of these facts, Defendants would be willing and able to support them by declaration or other form.

competitive business information. *See* ECF No. 258 at 2 (Order citing *United States v. Sojous*, 749 F. App'x 943, 944 (11th Cir. 2018)); *see also BRP Colleague Inc. v. Gillen*, 2022 WL 17068055, at *2 (N.D. Ga. Oct. 4, 2022) (granting motion to redact documents containing "business strategy information," "client names," "compensation information," and "commission rates").

The proposed duration of the requested sealing is for/until the later of (i) the parties consenting to unsealing of the information proposed to be withheld, or (ii) an unsealing of any of the information designated as protected pursuant to the terms of the Protective Order.

## CONCLUSION

WHEREFORE, Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS respectfully request that the Court *grant* this Motion for Leave to File Under Seal and *permit* Defendants to file under seal the unredacted versions of Exhibits 26 and 43 as well as Defendants' Opposition, and to file publicly a partially redacted version of Exhibit 43 and Defendants' Opposition, and to withhold in full (file a slipsheet of) Exhibit 26.

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movants/Defendants conferred with Plaintiffs' counsel in a good faith effort to resolve the issues raised in this Motion but has been unable to do so. Specifically, on April 16, 2024, counsel for Plaintiffs Adam Moskowitz and counsel for Defendants Jonathan White met in person and discussed the instant Motion. The parties agreed, both verbally and in writing, that all Exhibits other than Exhibits 26 and 43 subject to Defendants' prior motion to seal should be filed publicly. *See* Protective Order ¶ 9. As to Exhibits 26 and 43, Plaintiffs' position is that they should be filed publicly, and Defendants' position is that they should be withheld or redacted as set forth above.

Respectfully submitted,

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*-and-*

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@lawsonhuckgonzalez.com

LAWSON HUCK GONZALEZ PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
Telecopier: (305) 441-8849

*-and-*

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email:  sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email:  rwolkinson@brownrudnick.com

DANIEL L. SACHS, ESQ.
*Pro Hac Vice*
Email: dsachs@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

*-and-*

JONATHAN D. WHITE, ESQ.
*Pro Hac Vice*
Email: jwhite@brownrudnick.com

**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4903

*Attorneys for Defendants Mark Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via the Court's CM/ECF which will send notification of such filing to all attorneys of record.

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com