Re: Deposition and Documents

Wolkinson, Rachel O. <RWolkinson@brownrudnick.com>

Tue 4/16/2024 10:32 PM

To: Joseph Kaye <joseph@moskowitz-law.com>
Cc: Best, Stephen A. <SBest@brownrudnick.com>; Adam Moskowitz <Adam@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; Brooke Alexander <balexander@bsfllp.com>; David Boies <dBoies@BSFLLP.com>; Alex Boies <ABoies@BSFLLP.com>; White, Jonathan D. <JWhite@brownrudnick.com>; Jose M. Ferrer <jose@markmigdal.com>; Desiree Fernandez <desiree@markmigdal.com>; Tyler Ulrich <tulrich@BSFLLP.com>; Stephen N. Zack <SZack@BSFLLP.com>; Howard Bushman <Howard@moskowitz-law.com>; Marc Ayala <mayala@bsfllp.com>; John Rodstrom <john@moskowitz-law.com>; CHRISTOPHER E. KNIGHT <CKnight@fowler-white.com>; Alexandra L. Tifford <ATifford@fowler-white.com>; Leo A Wiesinger <leo@moskowitz-law.com>; Andrew Mascia <andrew@moskowitz-law.com>; David Khazen <David@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>

Thanks, Joey. We'll get back to you as required pursuant to the protective order.

Rachel O. Wolkinson
Brown Rudnick LLP
M: 301-520-9972
rwolkinson@brownrudnick.com

Sent from my iPhone

> On Apr 16, 2024, at 9:14 PM, Joseph Kaye <joseph@moskowitz-law.com> wrote:
>
> Following up, attached is the Rough Transcript of today's Dallas Mavericks corporate representative deposition. Let us know what specific portions you intend to claim are entitled to confidential treatment and what your justification is for the designation. Also let us know when before April 30th you are available to confer, because we object to your blanket designation and do not see anything in here that would be properly designated as either "confidential" or "highly confidential" in good faith. Thanks
>
> Best,
>
> Joseph M. Kaye, P.A.
> Partner
> **The Moskowitz Law Firm, PLLC**
> Continental Plaza
> 3250 Mary Street, Suite 202
> Miami, FL 33133
> **Mailing Address:**
> P.O. Box 653409
> Miami, FL 33175
> Office: (305) 740-1423
> Direct: (786) 309-9585
> https://moskowitz-law.com

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

> On Apr 16, 2024, at 9:24 PM, Joseph Kaye <joseph@moskowitz-law.com> wrote:
>
> Rachel and Steve,
>
> Hold on, if we are going to cite the protective order (which I've attached), let's make sure to cite the whole relevant provision so that it is clear what the parties' obligations actually are. We need to put an end to your continual abuse of this protective order, and are putting you on notice that we will seek sanctions if it doesn't end today. You have argued vociferously to the Court that the procedures must be followed to the letter, so it's about time you actually do that.
>
> No more designating 20,000+ documents as "confidential" or "highly confidential," refusing to narrow the designations or even attempting to justify them. Pursuant to paragraph 27 of the protective order: The Parties acknowledge that this Agreement **<u>does not confer blanket protections on all disclosures or responses to discovery</u>** and that the protection it affords from public disclosure and use **<u>extends only to the limited information or items that are entitled to confidential treatment</u>**under the applicable legal principles.
>
> Blanket designations are basically a nullity. We reject them. Going forward, you must either identify specific portions of a document or transcript you contend are entitled to confidential treatment, or let the whole thing be treated as it should be; a document that is not entitled to any confidential treatment or protection. If you make those narrow designations and we object to them, the protective order covers what we must do to resolve it.
>
> Pursuant to paragraph 12 of the protective order: At **any stage** of these proceedings, any Party may object to a designation of Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Party objecting to designation must notify Counsel for the Designating Party, in writing, of the objected-to Materials by specific Bates number (if a document) or page number (if a deposition transcript) and state the grounds for the objection, and must endeavor to limit objections to Materials for which the party has a specific, good-faith need to use or disclose

in this litigation in a manner not prohibited by this agreement. If the dispute is not resolved consensually between the Parties within fourteen (14) days of receipt of such a notice of objections, the objecting Party may request a discovery hearing with the Court for a ruling on the objection. In the event any Party challenges the designation or redaction of Materials, the Materials shall be submitted to the Court, under seal, for an in camera inspection. The Materials at issue must be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as appropriate, until the Court has ruled on the objection or the matter has otherwise been resolved in writing between the Parties. The **Designating Party shall bear the burden** of justifying the disputed designation.

- Steve, it doesn't matter when you designated these materials, there is no deadline for us to challenge any designations under the protective order. We are notifying you "at any stage of these proceedings," which is right now. That is sufficient.
- In this email, we are objecting to your designations as to the following documents listed below, which we have identified both by Plaintiffs' Exhibit ("PX") number and by the bates number for the first page of the document (if they were produced to us by Cuban or the Mavericks—other than PX 85A, which we acknowledge that you claim is confidential because it was obtained through a parent document you designated as confidential—the other exhibits to the deposition CANNOT be confidential because we obtained them from public sources, but to the extent you disagree and assert blanket designations over those public materials, we contest those designations, too):

  1. PX 291 – MAVSCUBAN00020181 & MAVSCUBAN00020187
  2. PX 296 (also PX 303) – MAVSCUBAN00010378
  3. PX 297 - MAVSCUBAN00006939
  4. PX 007 – MAVSCUBAN00002840 (Voyager/Mavs Agreement)
  5. PX 298 – MAVSCUBAN00009873
  6. PX 299 – MAVSCUBAN00022857
  7. PX 301 – MAVSCUBAN00006178
  8. PX 031 - MAVSCUBAN00018517.pdf
  9. PX 303 - MAVSCUBAN00010378.pdf
  10. PX 304 - MAVSCUBAN00004617.pdf
  11. PX 305 - MAVSCUBAN00001858.pdf
  12. PX 038B - MAVSCUBAN00001907.pdf
  13. PX 043 - MAVSCUBAN00018335.pdf
  14. PX 088 - MAVSCUBAN00007799.pdf
  15. PX 318 - 2021-10-27 MAVSCUBAN00025065.pdf
  16. PX 85A - Voyager Recap Deck.pdf

- The grounds for our objections are simple: blanket designations are prohibited by any applicable rules, law, and the protective order itself,

and are therefore a nullity, but in any event, NONE of these materials are entitled to confidential treatment. You cannot flip the protective order on its head, cloak every single document with blanket designations (which are prohibited, see discussion of paragraph 27 of the protective order, above), and then claim that we somehow have the burden of establishing to you why your blanket designations are improper and objectionable. Read the order you fought for again: "The **Designating Party shall bear the burden** of justifying the disputed designation." So, justify them to us (and, if necessary, the Court).

- We are "endeavoring" to limit the objections to materials we have a specific, good faith need to use, because we are talking about a handful of documents that were used in the deposition today and which we intend to use to support class certification, then summary judgment on the security issue, and trial on the solicitation issue (as opposed to the 20,000+ other documents for which you have asserted impermissible blanket designations— we will send additional emails contesting these designations to other documents as the need arises, as permitted by the protective order). The protective order requires nothing more than this from us.
- You have 14 days from TODAY to resolve these objections with us. So, until April 30th. There were only 24 exhibits in total used at today's deposition, and you only produced the 17 noted above. This should not be a difficult exercise and it should not take months.
- If you do not sustain YOUR burden of justifying these blanket designations to us by on or before April 30th, we will not be able to resolve our objections to these blanket designations consensually.
- In that case, we will request the discovery hearing, and, pursuant to the order, you SHALL submit the documents still in dispute to the Court, under seal, for in camera inspection.

Regarding the deposition, you cannot assert a blanket designation of the transcript. Again, this is backwards from what the order requires.

Pursuant to section 4(a) of the protective order: The deposition or portions of the deposition **must** be designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as appropriate, subject to the provisions of this Agreement. Such designation **must be made on the record** whenever possible, but a Party *may* designate portions of depositions as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as appropriate, after transcription of the proceedings. A Party will have until thirty (30) days after receipt of the deposition transcript to inform the other
Parties of the portions of the transcript designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

- You made no designations on the record as to any "portions" of the testimony you claimed were confidential, which "must" be done on the

- record, where possible. We did not prevent you from doing so.
- You "may" make additional designations of "portions" of the transcript until 30 days after transcription.
- The protective order DOES NOT allow you to make blanket designations (see paragraph 27 of the order), and we will enforce this going forward.
- We OBJECT to such blanket designations, and, as we are doing with the documents, are notifying you that we did not take note of ANY testimony that appears to be entitled to confidential treatment of any sort. Most of the deposition involved public information and testimony regarding the exhibits, none of which contain information entitled to confidential treatment and which we have already objected to, triggering your 14 day period to confer with us and sustain your burden of establishing why any of it is entitled to any sort of confidential treatment.
- We will have a rough of the transcript shortly. I am copying Ms. Miller, our court reporter from today, so she can send us the rough when it is ready. We will use the rough for citing in our reply supporting class certification until we get the final transcript (which we ordered on an expedited basis).
- For your purposes, since you have failed to make any specific and limited confidentiality designations, assume that we intend to use the whole transcript and all exhibits in our class certification briefing. Most of the testimony is about public documents and information, anyway, so this should not be an issue.
- Once you get the rough, start sending us designations of any "portions" you wish to attempt to sustain your burden of justifying that they are properly entitled to any protection under the protective order. There should not be many, and this should dovetail with your current project of preparing your motion to seal portions of your opposition to class certification (which is due tomorrow), as there is substantial overlap with the documents that we used at today's deposition and the documents that you attempted to file under seal with your opposition (like the Mavericks/Voyager agreement).
- If you point us to those narrow portions of the transcript or documents tomorrow, we will either agree with you or assert our objections immediately, triggering your 14 day period to sustain your burden of justifying those designations (or submitting to the court for in camera review whatever materials for which we cannot resolve objections).

This is the procedure you advocated for to Judge Reid (and were successful in having reduced to an order). It is not our burden to convince you that our challenges to your impermissible blanket designations are entitled to your response to attempt to justify them. The burden is yours. You made the designations, we object, now justify them. If you can't, then they shouldn't have been so designated in the first place. Indeed, our position is your blanket designations are on their own sanctionable, and we fully intend to seek them under FRCP 37 and any other vehicles available to us (be it inherent authority of the court, s. 1927 or otherwise) if they are not immediately withdrawn.

As Judge Altman makes clear in his recent order (ECF No. 258, attached to this email for your convenience), your conduct is antithetical to the policy that court filings are public and you have done nothing to rebut the presumption in favor of public access. It does not matter that you claim the whole documents are entitled to confidential treatment because you (erroneously) believe the order allows you to simply slap "CONFIDENTIAL" on every single one of the over 20,000 documents you've produced in this litigation so far.

Not so. You must must "specifically identify[ ] the particular parts of the record they wish to be filed under seal and [explain] why sealing is justified as to each particular part." *Office Depot, Inc. v. Arnold*, 2017 WL 11742777, at *2 (S.D. Fla. July 13, 2017) (Middlebrooks, J.) (emphasis added). And, if you believe that an exhibit should be sealed in its entirety, you must "explain why it is necessary to file the entire [exhibit] under seal, rather than just redact certain terms[.]" *Gomez*, 2019 WL 13470298, at *1.

To do this, you must "must describe the alleged harm [you] will suffer from any disclosure with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Procaps S.A. v. Patheon Inc.*, 2015 WL 4430955, at *6 (S.D. Fla. July 20, 2015) (Goodman, Mag. J.) (emphasis added); *see also Romero*, 480 F.3d at 1247 ("'[S]tereotyped and conclusory statements' . . . do not establish good cause." (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))); *Press-Enterprise Co.*, 478 U.S. at 15 ("[The public's] right of access cannot be overcome by . . . conclusory assertion[.]").

The ball is officially in your Court. Let us know what your justifications are for any of these designations and when before April 30th you are available to confer. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Miami, FL 33133
**Mailing Address:**
P.O. Box 653409
Miami, FL 33175
Office: (305) 740-1423
Direct: (786) 309-9585

https://moskowitz-law.com

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or

disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

> On Apr 16, 2024, at 5:37 PM, Wolkinson, Rachel O. <RWolkinson@brownrudnick.com> wrote:
>
> Adam,
>
> If you're attempting to challenge any current confidentiality designations, please refer to paragraph 12 of the Stipulated Protective Order ("PO" ECF 65) which provides detailed procedures for challenging confidentiality designations.  Para. 12 provides, among other things, that the challenging party must "endeavor to to limit objections to materials for which the party has a specific, good faith need to use or disclose in this litigation…"
>
> Also, please note that we are designating the Mavericks 30(b(6) transcript as confidential per para 4(a) of the PO.  Upon receipt of the final transcript, within 30 days, we will follow-up with updated confidentiality designations.
>
> Thanks and best regards,
> Rachel
>
> Rachel O. Wolkinson
> Brown Rudnick LLP
> M: 301-520-9972
> rwolkinson@brownrudnick.com
>
> Sent from my iPhone
>
>> On Apr 16, 2024, at 5:25 PM, Best, Stephen A. <SBest@brownrudnick.com> wrote:
>>
>> There is a protective order in place and until the Court rules differently, it's in place.

Rachel will respond in more detail

Sent from my iPhone

> On Apr 16, 2024, at 5:08 PM, Adam Moskowitz <Adam@moskowitz-law.com> wrote:
>
> **CAUTION:** External E-mail. Use caution accessing links or attachments.
>
> Steve and Counsel:
>
> First, thank you so much for all of your hospitality today (certainly appreciated). It makes what we do enjoyable.
>
> Second, we want to make sure that we reiterate, Plaintiffs contest, object and do not agree with your "Confidential" and/or "Highly Confidential", for all of the specific documents, that we used today during the deposition. There is no basis under our Protective order for those designations.
>
> Just to be safe and clear, here are the specific documents that were marked as exhibits today during the deposition (you have a copy of each):
>
> 1. PX 289 – depo notice
> 2. PX 290 – Mavericks what works for us
> 3. PX 291 – MAVSCUBAN00020181 & MAVSCUBAN00020187
> 4. PX 292 – Sports Khabri Mavs Sponsors
> 5. PX 293 – Sports Khabri Mavs Sponsors 22/23
> 6. PX 294 – Sports Khabri Mavs Sponsors 23/24
> 7. PX 295 – Mavs are at Forbes # 8
> 8. PX 296 (also PX 303) – MAVSCUBAN00010378
> 9. PX 297 - MAVSCUBAN00006939

10. PX 007 – MAVSCUBAN00002840 (Voyager/Mavs Agreement)
11. PX 298 – MAVSCUBAN00009873
12. PX 299 – MAVSCUBAN00022857
13. PX 300 – Article Voyager Digital Mavs first Int'l Partner
14. PX 301 – MAVSCUBAN00006178
15. PX 302 – 10/27/21 Article About Mavs/Voyager Press Conference
16. PX 031 – MAVSCUBAN00018517 - <pdf_16x16.png> PX 031 - MAVSCUBAN00018517.pdf
17. PX 303 – MAVSCUBAN00010378 - <pdf_16x16.png> PX 303 - MAVSCUBAN00010378.pdf
18. PX 304 – MAVSCUBAN00004617 - <pdf_16x16.png> PX 304 - MAVSCUBAN00004617.pdf
19. PX 305 – MAVSCUBAN00001858 - <pdf_16x16.png> PX 305 - MAVSCUBAN00001858.pdf
20. PX 038B – MAVSCUBAN00001907 - <pdf_16x16.png> PX 038B - MAVSCUBAN00001907.pdf
21. PX 043 – MAVSCUBAN00018335 - <pdf_16x16.png> PX 043 - MAVSCUBAN00018335.pdf
22. PX 088 – MAVSCUBAN00007799 (McCarter Legal Opinion) - <pdf_16x16.png> PX 088 - MAVSCUBAN00007799.pdf
23. PX 318 – MAVSCUBAN00025065 - <pdf_16x16.png> PX 318 - 2021-10-27 MAVSCUBAN00025065.pdf
24. PX 085A – Mavs Voyager Recap 2021-22 Season - <pdf_16x16.png> PX 85A - Voyager Recap Deck.pdf

<pdf_16x16.png>
<pdf_16x16.png>
<pdf_16x16.png>
<pdf_16x16.png>
<pdf_16x16.png>
<pdf_16x16.png>
<pdf_16x16.png>
<pdf_16x16.png>
<pdf_16x16.png>

*************************************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

*************************************************************************************

    <FILE_0027.pdf>
    <20P6636-D.E. 65 Stipulated Protective Order.PDF>
<41624 dallas.pdf>

*************************************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

*************************************************************************************