UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-cv-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.*, on
behalf of himself and others similarly
situated,

      Plaintiffs,

v.

MARK CUBAN, *et al.*,

      Defendants.
_____/

### PLAINTIFFS' MOTION TO FOR LEAVE TO FILE UNREDACTED REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY NATIONWIDE ISSUE CLASSES, IN THE PUBLIC COURT FILE

      Plaintiffs respectfully move the Court for an Order granting Plaintiffs leave to file their Unredacted Reply to Defendants' Opposition to Plaintiffs' Motion to Certify Nationwide Issue Classes (the "Unredacted Reply"), in the public Court file. The Court already has pending before it Plaintiffs' position as to why some of these documents should not be filed under seal. *See* [ECF. No. 269]. For many of the same reasons, Plaintiffs do not believe any of these documents should be sealed and leave it to the Defendants to argue why they should be sealed and not publicly filed.

      After reviewing the Unredacted Reply, which Plaintiffs have submitted to the Court, Plaintiffs respectfully submit the Court should enter an Order authorizing Plaintiffs to file the Unredacted Reply publicly in the court file because, regardless of the confidentiality designations, Defendants can articulate no commensurate harm they will suffer from any disclosure because none exists. Despite several attempts to confer regarding these designations, Defendants fail to set forth a specific showing as to why these materials must be filed under seal. These documents include materials similar to those disclosed in other litigation involving NBA teams, where sponsorship agreements were filed publicly without sealing, as discussed in Plaintiffs' Motion for Reconsideration [ECF No. 269, at 3–5].

      Given the class action nature of this case and the confidential information's role in resolving core issues, the public's right to access is particularly pronounced. The Eleventh Circuit has emphasized that public access to judicial records is fundamental, especially where class certification

and critical substantive legal determinations are concerned. *Romero v. Drummond Co., Inc.* 480 F. 3d 1234, 1245 (11th Cir. 2007) (citing *Chicago Tribune v. Bridgestone/Firestone, Inc.* 263 F.3d 1304, 1312 (11th Cir. 2001).

Furthermore, as recognized in *Donoff v. Delta Air Lines, Inc.*, class action lawsuits for unlawful business practices are matters of public concern and substantial public interest, which justify leaving documents unsealed *Donoff*, 2019 WL 13066867 at *3. Moreover, "in class actions—where by definition 'some members of the public are also parties to the [case]'—the standards for denying public access to the record 'should be applied with particular strictness." *Reed v. CRST Van Expedited, Inc.*, 8:17-CV-199-T-27CPT, 2018 WL 5077179, at *1 (M.D. Fla. Apr. 17, 2018) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (alteration in original) (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

Regardless of Defendants' confidentiality designations, this Court has made clear that it has an independent responsibility to determine whether information may properly be sealed in connection with briefing this pretrial motion. [ECF No. 258]. It is not sufficient for a document to be designated as 'confidential' by a party; the Court must independently review such designations before permitting a filing to be made under seal. [ECF No. 258]; *CFBP v. Ocwen Fin. Corp.*, 2020 WL 13535341, at *2 (S.D. Fla. June 9, 2020) (Marra, J.) ("[T]he designation of 'confidential' by a party is insufficient by itself to justify filing under seal and is still subject to Court review." (cleaned up)); *see also Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (that the parties have agreed to seal the record is "immaterial" when a court is determining whether a document should be publicly filed). Consequently, it is up to the designating party to "describe the alleged harm it will suffer from any disclosure with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." [ECF No. 258] (quoting *Procaps S.A. v. Patheon Inc.*, 2015 WL 4430955, at *6 (S.D. Fla. July 20, 2015) (Goodman, Mag. J.) (emphasis supplied)).

Defendants' improper blanket designations have forced the Plaintiffs to challenge the designations with Judge Reid, file redacted briefs and exhibits, and prepare motions for leave to file the unredacted material publicly (on more than one occasion) greatly impacting the litigation process and hindering judicial transparency. This implicates a great public policy concern, and Plaintiffs cannot support filing any of these materials under seal, particularly when "the presumption of public access is much stronger with regard to dispositive documents that relate to the merits of the case." *Jankula v. Carnival Corp.*, 18-CV-24670, 2019 WL 8051714, at *2 (S.D. Fla. July 30, 2019) (citations omitted).

*CASE NO.: 22-cv-22538-ALTMAN/REID*

## CONCLUSION

Plaintiffs respectfully ask the Court to grant Plaintiffs leave to publicly file their Unredacted Reply on the public docket.

## S.D. FLA. L.R. 7.1 CERTIFICATION

Plaintiffs' Counsel have conferred with Defendants' Counsel in a good faith effort to resolve the issues raised in this motion, and report that Defendants do not consent to the requested relief.

Dated: May 1, 2024                    Respectfully submitted,

**By: /s/ Adam M. Moskowitz**
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
Barbara C. Lewis
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Miami, FL 33133
**Mailing Address:**
P.O. Box 653409
Miami, FL 33175
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
barbara@moskowitz-law.com

*Co-Counsel for Plaintiffs and the Class*

**By: /s/ Jose M. Ferrer**
Jose M. Ferrer
Florida Bar No. 173746
Desiree Fernandez
Florida Bar No. 119518
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
desiree@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

**By: /s/ David Boies**
David Boies
(Admitted Pro Hac Vice)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com


**By: /s/ Stephen Neal Zack**
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiffs and the Class*

CASE NO.: 22-cv-22538-ALTMAN/REID

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was filed on May 1, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ *Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280