UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22538-ALTMAN/Reid

**DOMINIK KARNAS**, *et al.*,

    *Plaintiffs*,

v.

**MARK CUBAN**, *et al.*,

    *Defendants*.

_____/

## OMNIBUS ORDER

On April 22, 2023, we granted the Defendants leave to file under seal two exhibits in support of its Response in Opposition to the Plaintiffs' Motion for Class Certification ("Defs.' Resp.") [ECF No. 265]. *See* Order Granting the Defendants' Renewed Motion for Leave to File Under Seal (the "Order Granting Leave") [ECF No. 263]. The Plaintiffs have since filed a Motion for Reconsideration of that Order (the "Motion for Reconsideration") [ECF No. 269] and a Motion for Leave to Publicly File their Unredacted Reply in Support of Class Certification (the "Reply Motion") [ECF No. 277].

Having now been apprised of the full contents of the Contested Exhibits, *see* Ex. 26 to Defs.' Resp. ("Sponsorship Agreement") [ECF No. 265-26]; Ex. 43 to Defs.' Resp. ("Email Exhibit") [ECF No. 265-43] (collectively, the "Contested Exhibits"), we agree that there's "a less onerous alternative to sealing" these documents wholesale. *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). Before we rule on those motions, though, we think the interests of judicial economy would be best served by giving the parties another opportunity to meet and confer in order to "identify, narrow, and resolve any confidentiality issues" that remain as to these two exhibits, so that the issue can be handled "without court intervention." *Evanston Ins. Co. v. Rep. Props., Inc.*, 2018 WL 11350573, at *4 (M.D. Fla.

Feb. 5, 2018) (Kelly, Mag. J.) (citing FED. R. CIV. P. 26(c)(1)); *see also DeCurtis LLC v. Carnival Corp.*, 2023 WL 2071915, at *9 (S.D. Feb. 8, 2023) (Scola, J.) (ordering the parties to "immediately meet and confer and to . . . jointly agree on a redacted version" of a filing). While the Plaintiffs insist that the "Sponsorship Agreement is currently at the heart and crux of the pending Plaintiffs' Motion for Class Certification," Motion for Reconsideration at 2, the parties' reliance on the contested exhibits is limited.[1] The parties should therefore be able to "cooperate and act in good faith in attempting to resolve the dispute"—as our Local Rules require, *see* S.D. FLA. 7.1(b)(3).

One more thing: The parties' Joint Motion for a Status Conference [ECF No. 274] is **GRANTED**.

\* \* \*

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Parties' Joint Motion for a Status Conference [ECF No. 274] is **GRANTED**. A Status Conference and Hearing on the Plaintiffs' Motion for Reconsideration [ECF No. 269] and Motion for Leave to Publicly File their Unredacted Reply in Support of Class Certification [ECF No. 277] is **SET** for **May 6, 2024**, at **3:00 PM** in the Miami Division, Courtroom 12-4.

---

[1] The Defendants' Response, which was filed on the public docket in its entirety, *never* quotes from the redacted portions of the Contested Exhibits and only cites to them for basic factual premises, *see* Defs.' Resp. at 3 ("In October 2021, the Mavericks and Voyager entered into a Sponsorship Agreement. In exchange for a flat, season-based fee, the Agreement provides Voyager with advertising rights in the Mavericks' arena in Dallas and on local broadcasts. Though Plaintiffs name Mr. Cuban as a Defendant, he was not party to the Agreement, nor to any other agreement with Voyager." (cleaned up) (citing Sponsorship Agreement at 16–21)), or in support of citations to other exhibits [cite?] ("Mr. Cuban—who did not himself promote any Voyager products and acted only in his capacity as Governor of the Mavs—'made sure not to discuss [VGX] tokens' at the Press Conference or in promotional materials, and rejected any request to promote VGX." (cleaned up) (first quoting Ex. 27 to Defs.' Resp. [ECF No. 265-27] at 24:12-20, 156:20-21; and then citing Email Exhibit at 2)). And neither the Plaintiffs' Motion for Class Certification [ECF No. 231] nor their Reply [ECF No. 276] references either document *at all*. Indeed, the only redacted portion of the Plaintiffs' Reply references the Deposition of Billy Philipps [ECF No. 276-1], which the Plaintiffs filed under seal "pursuant to the Stipulated Protective Order[.]" Reply Motion at 1 n.2 (citing Stipulated Protective Order [ECF No. 65]). We're thus not sure why the parties have decided to spill so much ink over something they seem not to really care about at all.

2. The parties shall meet and confer to resolve any outstanding issues with respect to the disclosure of the Contested Exhibits and, by **May 5, 2024**, shall file a joint status report that either (1) tells the Court that the Contested Exhibits may appear on the public docket *without* redaction; (2) reports that the parties have jointly agreed on a redacted version of the Contested Exhibits; or (3) identifies *particular language* in the Contested Exhibits that remains in dispute. The parties may file this joint status report **UNDER SEAL**, if necessary.

**DONE AND ORDERED** in the Southern District of Florida on May 2, 2024.



_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record