# Exhibit A

# SETTLEMENT AGREEMENT

This Class-Action Settlement Agreement (the **"Settlement"**) was entered into on or about April 29, 2024, between and among, on the one hand, Plaintiffs Dominik Karnas, Todd Webb, Rachel Gold, Rahil Sayed, Christopher Ehrentraut, Todd Manganiello, Dan Newsom, William Ayer, Anthony Dorn, Lisa Dagnoli, Marshall Peters, Anthony Shnayderman, Katharine Sugrue, Lisa Provino, and/or Edwin Garrison (collectively, **"Plaintiffs" or "Class Representatives"**), on behalf of themselves and all others similarly situated (the **"Class"**) and, on the other hand, Robert Gronkowski ("Gronkowski"), Victor Oladipo ("Oladipo"), and Landon Cassill ("Cassill") [collectively referred to herein as the "Settling Defendants"].

**WHEREAS**, Plaintiffs commenced this putative class-action lawsuit entitled *Dominik Karnas, et al. v. Mark Cuban, et al.*, Case No.: 1:22-cv-22538-RKA (S.D. Fla.) (the "Action"), on or about August 10, 2022, when they filed the original Class Action Complaint and Demand for Jury Trial;

**WHEREAS**, Plaintiffs filed their Amended Class Action Complaint and Demand for Jury Trial on or about October 28, 2022;

**WHEREAS**, Plaintiffs filed a document also titled Second Amended Class Action Complaint and Demand for Jury Trial on June 9, 2023 ("Second Amended Complaint" or "Operative Complaint") which included claims against the Settling Defendants;

**WHEREAS**, the crux of the allegations pleaded in the Second Amended Complaint is that the Settling Defendants personally participated or aided in making the sale of unregistered securities and that they are jointly and severally liable for all sums invested by the Class;

**WHEREAS**, Gronkowski and Oladipo moved to dismiss the Second Amended Complaint on October 27, 2023, and the Motion to Dismiss was fully briefed at the time of settlement;

**WHEREAS**, the Settling Defendants adamantly deny any and all wrongdoing whatsoever, maintain that they did absolutely nothing unlawful or otherwise improper, and believe that they would be absolved of all liability if this matter were litigated to a conclusion on the merits;

**WHEREAS**, the Parties participated in all-day in-person Mediation sessions, with the Honorable Michael A. Hanzman (Retired) serving as the Mediator, on September 21 and 26, 2023, as well as subsequent negotiations through phone and email, with and without the involvement of Judge Hanzman, through to the date of executing this Settlement Agreement; and

**WHEREAS**, the Parties wish to settle to avoid the expense, inconvenience, and uncertainty of continued litigation and, therefore, have entered into this Settlement Agreement and agree to be bound by the terms and conditions as set forth herein;

1

**NOW, THEREFORE**, for and in consideration of the mutual covenants set forth in this Settlement Agreement, the receipt and sufficiency of which is hereby acknowledged, the Parties stipulate and agree as follows:

1. **RECITALS:** The foregoing recitals are incorporated into this Settlement Agreement.

2. **SUBMISSION AND APPLICATION TO THE COURT:** Because this is a putative class action, it cannot be settled without the approval of the Court, which must analyze this Settlement Agreement against the prerequisites of Federal Rule of Civil Procedure 23 (**"Rule 23"**). Accordingly, and consistent with the timeframes and protocol set forth below, Plaintiffs shall file with the Court a motion seeking the entry of an order granting preliminary approval of this Settlement Agreement (**"Preliminary Approval"**), which shall:

    a. Preliminarily approve the Settlement Agreement as within the range of what is reasonable;

    b. Certify the Class for the purposes of effectuating the Settlement Agreement;

    c. Approve the form of a Notice of Proposed Settlement of Class Action and Final Approval Hearing (the **"Notice"**);

    d. Provide that the distribution of Notice substantially in the manner set forth in the motion seeking Preliminary Approval constitutes the best notice practicable under the circumstances, meets the requirements of applicable law and due process, is due and sufficient notice of all matters relating to the Settlement Agreement, and fully satisfies the requirements of Rule 23; and

    e. Direct that a final approval hearing (the **"Final Approval Hearing"**) be held to determine whether the Court should:

        i. enter an Order and Final Judgment granting final approval of the Settlement Agreement pursuant to Rule 23 as fair, reasonable, adequate, and in the best interests of the Class;

        ii. enter an order awarding counsel for Plaintiffs and the Class ("Class Counsel," as further herein defined) their reasonable attorneys' fees and costs; and

        iii. hear all such other matters as the Court may deem necessary and appropriate.

3. **NOTICE:** The Parties agree that Class Counsel shall be responsible for overseeing the process of providing Notice and administering the Settlement Agreement. Class Counsel,

however, may retain a company that specializes in class-action administration to perform those functions. The Parties further agree, subject to the provisions of sections [4] and [6] hereof, that the Settlement Proceeds (defined below) may be utilized to pay all reasonable costs and expenses incurred in providing Notice and administering the Settlement Agreement. Class Counsel shall prepare a notice which will contain a description of the Settlement Agreement and afford affected parties the opportunity to obtain copies of all the settlement-related papers. The Notice shall be the legal notice to be provided to the Settlement Class Members, and shall otherwise comply with Federal Rule of Civil Procedure 23 and any other applicable statutes, laws, and rules, including, but not limited to, the Due Process Clause of the United States Constitution. The Notice will be distributed in accordance with item B below.

    **a.** The Notice shall advise the Potential Settlement Class Members of the following:

        i. General Terms. The Class Notice shall contain a plain, neutral, objective, and concise summary description of the nature of the Action and the terms of the proposed Settlement, including all relief that will be provided by the Settling Defendants to the Settlement Class in the Settlement, as set forth in this Agreement. This description shall also disclose, among other things, that (a) any relief to Settlement Class Members offered by the Settlement is contingent upon the Court's approval of the Settlement, which will not become effective until the Effective Date; (b) Class Counsel and Plaintiffs have reserved the right to petition the Court for an award of Attorneys' Fees and Expenses from the Settlement Funds. The Settlement is not contingent upon any particular amount of Attorneys' Fees and Expenses being awarded by the Court.

        ii. The Settlement Class. The Class Notice shall define the Settlement and shall disclose that the Settlement Class has been provisionally certified for purposes of settlement only.

        iii. Opt-Out Rights. The Class Notice shall inform the Settlement Class Members of their right to seek exclusion from the Settlement Class and the Settlement and provide the deadlines and procedures for exercising this right.

        iv. Objection to Settlement. The Class Notice shall inform Settlement Class Members of their right to object to the proposed Settlement and to appear at the Fairness Hearing and provide the deadlines and procedures for exercising these rights.

        v. Fairness Hearing. The Class Notice shall disclose the date and time of the Fairness Hearing and explain that the Fairness Hearing may be rescheduled without further notice to the Settlement Class.

      vi.      Release. The Class Notice shall summarize or recite the proposed terms of the Release contemplated by this Agreement.

      vii.      Further Information. The Class Notice shall disclose where Settlement Class Members may direct written or oral inquiries regarding the Settlement, and also where they may obtain additional information about the Action, including instructions on how Settlement Class Members can access the case docket using PACER or in person at any of the court's locations.

**b.** Service. The Settlement Administrator shall serve the Notices no later than thirty days after entry of the Preliminary Approval Order via publication to the dedicated website created and maintained for this Action, and via email to any Class Members whose email addresses are reasonably available to Class Counsel.

**c.** Settlement Website. The Plaintiffs shall cause the Settlement Administrator to establish the Settlement Website, whose address shall be included and disclosed in the Class Notice, and which will inform potential Settlement Class Members of the terms of this Agreement, their rights, dates, and deadlines and related information. The Settlement Website shall include, in .pdf format, a copy of the Operative Complaint, this Agreement and its exhibits, any Preliminary Approval Order entered by the Court, and a copy of the Class Notice, along with such other information as the Court may designate or the Parties may agree to post there. The Settlement Website will be operational and live by the date of the first mailing of the Class Notice. A Spanish-language translation of the Class Notice shall be placed on the Settlement Website by the Settlement Administrator at the time the Settlement Website becomes operational and live. The Spanish-language translation shall be created by a federally certified translator. However, in the case of conflict, the English-language version of the Class Notice shall control.

**d.** IVR Calling Line. The Plaintiffs shall cause the Settlement Administrator to establish an automated interactive voice recognition telephone system for the purposes of providing information concerning the nature of the Action, the material terms of the Settlement, and the deadlines and procedures for potential Settlement Class Members to exercise their opt-out and objection rights. The Class Notice and Settlement Website shall include and disclose the telephone number of this automated interactive voice recognition telephone system.

  **e.**  <u>Internet Notice.</u> The Plaintiffs shall cause the Settlement Administrator to make advertisements on the internet for the purpose of alerting Settlement Class Members to the settlement website, in a form recommended by the Settlement Administrator and mutually acceptable to the Parties, with an aggregate cost not to exceed 1% of the Common Fund.

  **f.**  <u>Notice to Appropriate Federal and State Officials.</u> Pursuant to the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, within ten (10) days after this Agreement is deemed filed with the Court, the Plaintiffs will provide notice of this Action and this Agreement to the appropriate federal and state entities.

**4.**  **ORDER AND FINAL JUDGMENT:** If the Court grants Preliminary Approval of the Settlement Agreement, Plaintiffs shall request that the Court enter an Order and Final Judgment (**"Final Approval"**).  The Parties agree that the Order and Final Judgment shall:

  **a.**  approve the Settlement Agreement, adjudge the terms thereof to be fair, reasonable, adequate, and in the best interests of the Class, direct consummation of the Settlement Agreement in accordance with its terms and conditions;

  **b.**  determine that the requirements of Rule 23 and due process have been satisfied in connection with both the certification of the Class and the provision of Notice;

  **c.**  approve the dismissal with prejudice of all claims pleaded against the Settling Defendants in the Operative Complaint;

  **d.**  approve the release of the Settling Defendants on substantially the terms set forth in section [15] hereof;

  **e.**  include a settlement bar order on substantially the terms set forth in section [16] hereof;

  **f.**  award Class Counsel their reasonable attorneys' fees and costs; and

  **g.**  reserve jurisdiction to supervise the administration of the Settlement Agreement.

Any Settling Defendant may elect to terminate the Settlement Agreement solely as to him (but not with respect to any other Settling Defendant) if the Court does not or indicates that it will not enter Final Approval that contains items (a) through (e) above, which are

5

essential terms to each Settling Defendant. Upon such termination by any Settling Defendant, the Settlement Consideration paid by such Settling Defendant pursuant to section [8] herein shall be reimbursed *in full* by Class Counsel to said Settling Defendant within five (5) business days after Class Counsel receives written notice of such termination. Class Counsel shall be jointly and severally liable for such reimbursement, which the Court may enforce via summary order.

**5.     EFFECTIVE DATE:** The Settlement Agreement shall be deemed effective (the "Effective Date") upon:

    **a.**     the entry of the Order and Final Judgment approving the Settlement Agreement; and

    **b.**     either:

        i.     the expiration of any applicable appeal period for the appeal of the Order and Final Judgment without an appeal having been filed; <u>or</u> (if an appeal is taken)

        ii.     the entry of an order affirming the Order and Final Judgment and the expiration of any applicable period for the reconsideration, rehearing, or appeal of such order without any motion for reconsideration or rehearing or further appeal having been filed; <u>or</u> (if a motion for reconsideration or rehearing or further appeal is filed)

        iii.     the entry of subsequent order affirming the Order and Final Judgment.

**6.     CONTINGENT PROTOCOL IF THE SETTLEMENT AGREEMENT IS NOT APPROVED:** In the event the Court does not approve the Settlement Agreement – either at the Preliminary Approval or Final Approval stage – then the Settlement Agreement shall be deemed void, *nunc pro tunc*, and the Parties will resume the litigation posture they were in as of the date of each respective settlement with Gronkowski, Oladipo, and Cassill. In such event, the Settlement Consideration paid by each Settling Defendant pursuant to section [8] herein shall be reimbursed *in full* by Class Counsel to said Settling Defendant within five (5) business days after Class Counsel receives written notice of such termination. Class Counsel shall be jointly and severally liable for such reimbursement, which the Court may enforce via summary order. The Parties, however, intend for this Settlement Agreement to resolve, fully and completely, all claims (and potential claims) that Plaintiffs and the Class have brought (or could have brought) against the Settling Defendants. As such, the Parties shall endeavor to pursue Preliminary Approval and Final Approval of the Settlement Agreement, cooperate in the pursuit thereof, and take all reasonable efforts to make certain that the Court grants both Preliminary Approval and Final Approval.

7. **RESERVED.**

8. **SETTLEMENT CONSIDERATION:** The Settling Defendants shall contribute the following amounts, to be paid pursuant to clear written instructions provided by Class Counsel:

   a. **Robert Gronkowski:**

      i. Gronkowski shall pay the sum of One Million Nine Hundred Thousand Dollars ($1,900,000) to settle this matter, which sum shall be paid on the later of 30 days after the Effective Date or 180 days after the Court grants Preliminary Approval in this matter.

   b. **Victor Oladipo**

      i. Oladipo shall pay the sum of Five Hundred Thousand Dollars ($500,000) to settle this matter, which sum shall be paid within 30 days after the Court grants Preliminary Approval in this matter.

   c. **Landon Cassill**

      i. Cassill shall pay the sum of Twenty-Five Thousand Dollars ($25,000) to settle this matter, which sum shall be paid within 30 days after the Effective Date.

      ii. Based upon the financial affidavit provided to Class Counsel, and notwithstanding any other provisions in this Settlement Agreement, in the event the Court fails to grant Final Approval of this Settlement Agreement as to Cassill, Plaintiffs will nevertheless voluntarily dismiss their claims against Cassill with prejudice.

9. **RETURN TO MEDIATION:** In the event that there are any *bona fide* disputes regarding the interpretation or execution of this Settlement Agreement, the Parties agree to return to Mediation upon the request of any Party.

10. **THE CLASS DEFINITION:** For purposes of this Settlement Agreement, "Class" means, collectively, the classes defined in the Complaint, as follows:

7

All persons or entities in the United States who, from October 23, 2019 to the date of preliminary approval, purchased or enrolled in an EPA or VGX Tokens.

Excluded from the Class are (i) the Settling Defendants and their officers, directors, affiliates, legal representatives, and employees, (ii) the Voyager Defendants and their officers, directors, affiliates, legal representatives, and employees, (iii) any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff, and (iv) any Person who would otherwise be a Class Member but who validly requested exclusion pursuant to the "Opt-Out" provisions set forth in section [13] below.

To the extent not included in the Class, Class Members include customers of the Voyager who deposited cash and digital assets in the Voyager trading platform and have been unable to withdraw, use, or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.

"Class Counsel" means, collectively, all counsel of record for the Class Members in the Action, including, Co-Lead Class Counsel.

"Class Member" and "Settlement Class Member" means a Person who falls within the definition of the Class as set forth in this section.

"Class Notice" means a notice to be approved by the District Court.

"Class Representatives" means Dominik Karnas, Todd Webb, Rachel Gold, Rahil Sayed, Christopher Ehrentraut, Todd Manganiello, Dan Newsom, William Ayer, Anthony Dorn, Lisa Dagnoli, Marshall Peters, Anthony Shnayderman, Katharine Sugrue, Lisa Provino, and/or Edwin Garrison.

"Co-Lead Class Counsel" means Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP.

"EPA" means the Voyager Earn Program Accounts ("EPAs") (the only account Voyager offered and therefore what every Voyager customer necessarily purchased when signing up for Voyager).

"Person" means a natural person or a corporation, partnership, association, company, or any other legally recognized entity.

**11.    ADMINISTRATION AND DISTRIBUTION OF THE SETTLEMENT FUND:** Regarding the administration and distribution of the Settlement Consideration (if any):

    **a.**   Class Counsel, or their authorized agents, shall administer and calculate the amounts payable to all members of the Class pursuant to a Court approved

        allocation plan and, after the Effective Date, shall oversee distribution of the Settlement Consideration to all members of the Class;

    **b.**    Neither the Settling Defendants, nor their counsel, shall have any responsibility relating to distribution of the Settlement Consideration; and

    **c.**    The Settlement Consideration (subject to Court approval and sections [4] and [6] hereof) may be utilized to pay all reasonable costs and expenses incurred in providing Notice and administering the Settlement Agreement.

**12.**    **PROCEDURES FOR OBJECTING TO THE SETTLEMENT:** Only Settlement Class Members may object to the settlement. All objections must be filed no later than thirty calendar days prior to the Final Fairness Hearing (the "Objection/Exclusion Deadline") with Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served at that same time upon both of the following:

> Co-Lead Class Counsel
> Adam M. Moskowitz
> Joseph M. Kaye
> THE MOSKOWITZ LAW FIRM, PLLC
> 3250 Mary Street, Suite 202
> Miami, FL 33133
> adam@moskowitz-law.com
> joseph@moskowitz-law.com
> service@moskowitz-law.com
>
> -and-
>
> David Boies
> Brooke Alexander
> **BOIES SCHILLER FLEXNER LLP**
> 333 Main Street
> Armonk, NY 10504
> Phone: (914) 749–8200
> dboies@bsfllp.com
> balexander@bsfllp.com

    **a.**    A Settlement Class Member's objection must:
        i.    be in writing;
        ii.   include the objector's full name, current address, current telephone number, email address, and signature;
        iii.  include documentation or attestation sufficient to establish membership in any of the Classes;
        iv.  be signed by the person filing the objection, or his attorney;

9

       v.     state, in detail, the factual and legal grounds for the objection;

       vi.    state any objections filed by the objector in the last seven years (case name, name of court and result of objection);

       vii.   attach any document the Court should review in considering the objection and ruling on the Motion;

       viii.  provide dates for availability to Class Counsel for the Settlement Class Member's deposition; and

       ix.   include a request to appear at the Final Approval Hearing, if the objector intends to appear at the Final Approval Hearing.

**b.** Any objection that does not meet all of these requirements will be deemed invalid and will be overruled.

**c.** Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative General Release Payment, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendant's Counsel (at the addresses listed above), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before the Objection/Exclusion Deadline.

**d.** The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

**e.** The date of the postmark on the mailing envelope or a legal proof of service accompanied and a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline.

10

  **f.**  Response to Objections: Class Counsel shall, at least ten (10) business days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

  **g.**  No Solicitation of Settlement Objections: The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Member to object to the settlement or encourage any Settlement Class Member to appeal from the final judgment.

  **13.**  **PROCEDURES FOR REQUESTING EXCLUSION FROM SETTLEMENT**: Any person or entity falling within the definition of the Class that does not wish to participate in the Settlement Agreement (i.e., receive a *pro rata* share of the Settlement Consideration and to be bound by the dismissals and release set forth herein) must request exclusion from the Class – i.e., "Opt Out."

  i. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written "request for exclusion" to the Settlement Administrator at the address provided in the Class Notice, mailed sufficiently in advance to be received by the Settlement Administrator no later than the Objection/Exclusion Deadline. A written request for exclusion must: (a) contain a caption or title that identifies it as "Request for Exclusion in *Voyager Collapse Settlement*"; (b) include the Settlement Class Member's name, mailing and email addresses, and contact telephone number; (c) specify that he or she wants to be "excluded from the Settlement Class" and identify the Voyager account number(s) for which he or she seeks exclusion from the Settlement; and (d) be personally signed by the Settlement Class Member. The requirements for submitting a timely and valid request for exclusion shall be set forth in the Class Notice.

  ii. Each Settlement Class Member who wishes to be excluded from the Settlement Class must submit his or her own personally signed written request for exclusion. A single written request for exclusion submitted on behalf of more than one Potential Settlement Class Member will be deemed invalid; provided, however, that an exclusion received from one Settlement Class Member will be deemed and construed as a request for exclusion by all co-account holders.

  iii. Unless excluded by separate Order entered by the Court for good cause shown prior to the final approval of this Settlement, any Settlement Class Member who fails to strictly comply with the procedures set forth in this Section for the submission of written requests for exclusion will be deemed

11

  to have consented to the jurisdiction of the Court, will be deemed to be part of the Settlement Class, and will be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against the Defendant relating to the released claims.

 iv. The Settlement Administrator shall file with the Court, no later than ten (10) days before the Fairness Hearing, a list reflecting all requests for exclusion it has received. The list shall also identify which of those requests for exclusion were received late, and which requests for exclusion failed to comply with the requirements of this Section [13].

 v. Settlement Class Members who exclude themselves from the Settlement Class as set forth in this Section expressly waive any right to the continued pursuit of any objection to the Settlement as set forth in this Section, or to otherwise pursue any objection, challenge, appeal, dispute, or collateral attack to this Agreement or the Settlement, including: to the Settlement's fairness, reasonableness, and adequacy; to the appointment of Class Counsel and Plaintiffs as the representatives of the Settlement Class; to any Attorneys' Fee and Expense awards; and to the approval of the Class Notice, and the procedures for disseminating the Class Notice to the Settlement Class.

14. **ATTORNEYS' FEES AND COSTS:** The Parties hereby stipulate and agree that:

 a. Class Counsel may petition the Court for an award of Attorneys' Fees and Expenses in an aggregate amount not to exceed thirty three percent (33%) of the Settlement Fund. Class Counsel may also seek payments for General Releases signed by the Class Representatives in favor of The Settling Defendants in the amount of $1,500 ("General Release Payments"). Class Counsel shall file their motion for an Attorneys' Fees and Expenses award, and Class Representative General Release Payments, no later than fourteen (14) days before the Objection/Exclusion Deadline. As soon as is practicable after filing, Class Counsel shall cause the Settlement Administrator to post on the Settlement Website all papers filed and served in support of Class Counsel's motion for an award of Attorneys' Fees and Expenses. Each of the Settling Defendants reserves the right to oppose any petition by Class Counsel for Attorneys' Fees and Expenses that such Settling Defendant deems to be unreasonable in nature or amount or otherwise objectionable.

    **b.**    All attorneys' fees for, and any reimbursement of litigation expenses incurred by, Class Counsel shall be paid out of the Settlement Funds. The Settling Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Class Counsel and/or to the Plaintiffs, or the Class Representative General Release payments, which Class Counsel and Plaintiffs shall seek to have paid only from the Settlement Funds.

    **c.**    Co-Lead Class Counsel is solely responsible for distributing any Attorneys' Fees and Expenses to and among all attorneys that may claim entitlement to attorneys' fees or costs in the Action. It is a condition of this Settlement that the Settling Defendants shall not be liable to anyone else for any attorneys' fees or costs, or any claim by any other counsel or Settlement Class Member or Plaintiff for additional attorneys' fees, costs or expenses, relating in any way to the Action, the Settlement, its administration and implementation, any appeals of orders or judgments relating to the Settlement, any objections or challenges to the Settlement, and/or any proceedings on behalf of Settlement Class Members who do not exclude themselves from the Settlement Class based on any of the claims or allegations forming the basis of the Action or any other claims that are defined as Released Claims in this Settlement.

    **d.**    Within fourteen (14) days after the later of (a) the Final Settlement Date or (b) receipt of wire instructions from Class Counsel, whichever is later, the Settlement Administrator shall pay Class Counsel from the Settlement Funds any Attorneys' Fees and Expenses and General Release Payments that may be awarded by the Court. Class Counsel shall be solely responsible for supplying the Settlement Administrator with all information required by the Settlement Administrator in order to pay such awards from the Settlement Funds, and to comply with the Settlement Administrator's state and local reporting obligations. Class Counsel will also be solely responsible for distributing such General Release Payments to the Plaintiffs, in accordance with the terms and provisions of any Order entered by the Court approving such awards.

    **e.**    In the event the Final Order and Judgment is not entered, or this Agreement and the Settlement do not reach the Final Settlement Date, the Settling Defendants will not be liable for, and shall be under no obligation to pay, any of the Attorneys' Fees and Expenses and General Release Payments set forth herein and described in this Agreement.

  **f.**  The effectiveness of this Agreement and Settlement will not be conditioned upon or delayed by the Court's failure to approve in whole or in part any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and General Release Payments. The denial, downward modification, or failure to grant any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and General Release Payments shall not constitute grounds for modification or termination of this Agreement or the Settlement proposed herein.

  **15.**  **RELEASE IN FAVOR OF THE SETTLING DEFENDANTS:** Save and except only those obligations expressly owed by the Settling Defendants under this Settlement Agreement, Plaintiffs and the Class, including each and every Class Member, hereby now and forever release, remise, acquit, satisfy, and discharge the Settling Defendants, as well as all their agents, predecessors, successors, assigns, spouses, family members, heirs, employees, legal representatives, attorneys, trustees, insurers, and related entities, from any and all claims, causes of action (whether claims, counter-claims, cross-claims, third-party claims, or otherwise), contributions, indemnities, apportionments, duties, debts, sums, suits, omissions, covenants, contracts, controversies, agreements, promises, commitments, compensation, damages, expenses, fees, and costs whatsoever, in law or equity, whether arising under state, federal, common, or administrative law or otherwise, whether direct, derivative, representative, or in any other capacity, whether ***known or unknown, accrued or unaccrued***, contingent or absolute, asserted or unasserted, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured ("Claims"), including, but not limited to, those Claims or allegations that were made or could have been made in the Action or that concern or in any way relate to or arise out of the subject matter addressed in the Action and/or the Operative Complaint.[1]

With the express intention of giving this release maximum effect, Plaintiffs and the Class hereby knowingly and intentionally waive Section 1542 of the California Civil Code, which states:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs and Class Counsel on behalf of the Class, being aware of said Code section, hereby expressly waive any right that Plaintiffs or the Class may have thereunder, as well as under any other statutes or common law principles of similar effect in California, or in other jurisdictions. This section 1542 waiver applies to all claims that could have been brought in or which relate to the Action**.**

---

[1] Plaintiffs and Class Counsel represent and warrant that Plaintiffs and the Class Members have not, and shall not, assign any Claims that have been brought, or could be brought, against the Settling Defendants to any person or entity.

16. **SETTLEMENT BAR ORDER:** The Order and Final Judgment shall contain a bar order that shall (a) provide that the Settling Defendants shall be discharged from all claims for contribution or equitable indemnification brought by other persons and (b) bar all future claims for contribution or equitable indemnification arising out of the Action or any Claims or allegations that could have been asserted in the Action by any person against any of the Settling Defendants or by the Settling Defendants against any person other than a person whose liability has been extinguished by the Settlement. If the Class or subset of the Class obtains a final verdict or judgment against any person, the verdict or judgment shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of the Settling Defendants or (ii) the amounts paid by the Settling Defendants pursuant to this Settlement Agreement.

17. **NO ADMISSION OF WRONGDOING:** This Settlement Agreement, whether consummated or not, and any proceedings taken pursuant to it:

   a. shall not be offered or received against the Settling Defendants as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by the Settling Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted against the Settling Defendants in the action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Settling Defendants;

   b. shall not be offered or received against the Settling Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Settling Defendants, or against Plaintiffs or any other members of the Class;

   c. shall not be offered or received against the Settling Defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, the Settling Defendants may refer to it to effectuate the liability protection granted to them hereunder; and

   d. shall not be considered against the Settling Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

15

18.  **NO ORAL MODIFICATIONS**: All modifications to this Agreement must be in writing. No amendment, waiver, or modification of any of the terms and conditions set forth in this Agreement shall be effective unless in writing, signed by all Parties.

19.  **DISCOVERY INFORMATION SHALL BE KEPT CONFIDENTIAL**: The Parties hereby acknowledge that they have obtained access to certain confidential information as a result of discovery obtained in this matter, and the Parties hereby represent and warrant that they have not disclosed and will not disclose any such confidential information.

20.  **NON-DISPARAGEMENT**: No Party shall make any comments or remarks relating to the subject matter of this action that might have an effect on the reputation of any other Party to this Settlement Agreement, and the Parties stipulate and agree that this non-disparagement provision is a material inducement for the Parties to enter into this Settlement Agreement.

21.  **COOPERATION**: The Parties agree to cooperate in good faith with regard to the execution of any additional documents, and the performance of additional tasks, reasonably necessary or desirable to effectuate and implement the terms and conditions of this Settlement Agreement.

22.  **GOVERNING LAW; VENUE; SUBMISSION TO JURISDICTION**: The Parties hereby stipulate and agree as follows:

    a.  **GOVERNING LAW**: This Agreement shall be construed and enforced pursuant to the laws of the State of Florida, both substantive and procedural.

    b.  **VENUE**: The Parties hereby agree that the exclusive venue for any action arising under or in any way related to this Settlement Agreement shall be the District Court for the Southern District of Florida, and all Parties hereby expressly waive any objection or defense that such venue is an inconvenient or otherwise improper forum for any dispute arising under or in any way related to this Settlement Agreement.

    c.  **JURISDICTION**: All Parties recognize that all disputes arising from or in any way related to this Settlement Agreement shall be subject to the exclusive jurisdiction of courts located in Miami-Dade County, Florida, and all Parties hereby waive any and all objections to personal jurisdiction as they may relate to the enforcement of the terms of this Agreement in Miami-Dade County, Florida.

23.  **ADMISSIBILITY**: This document is to be deemed a "settlement agreement" and, therefore, is not admissible in a court of law or equity other than to enforce its terms and conditions.

24.  **INTERPRETATION**: Each of the Parties to this Settlement Agreement has been represented by legal counsel or has had the opportunity to consult with legal counsel throughout

the negotiations and drafting of this Settlement Agreement and has had the opportunity to adequately confer with counsel with respect thereto. In the event a dispute arises among the Parties regarding the interpretation of any term of this Settlement Agreement, the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable. As a result, this Settlement Agreement shall not be more strictly construed against any one Party or in favor of any other Party.

25. **SCOPE OF BINDING EFFECT:** This Settlement Agreement shall be binding upon and inure to the benefit of the respective successors and assigns of the Parties.

26. **ATTORNEYS' FEES AND COSTS:** Should any proceedings be required to enforce the terms and conditions of this Settlement Agreement, the "prevailing party" shall be entitled to recover its reasonable attorneys' fees and costs incurred, as well as the reasonable value of all attorneys' fees and costs expended but not incurred, in connection with such dispute from the "non-prevailing party." This provision applies to fees and costs incurred both at trial and appellate levels, including petitions (if any), as well as fees and costs incurred in arbitration proceedings or any other forum (if any). The prevailing party shall be entitled to recover not only those fees and costs incurred in conjunction with all efforts to achieve prevailing-party status and to determine entitlement to fees and costs, but also those fees and costs incurred in conjunction with all efforts to establish the proper amount of such fees and costs. Finally, this provision applies to fees and costs incurred in post-judgment collection proceedings (if any).

27. **COUNTERPARTS / ORIGINALS:** This Settlement Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute the same instrument. A fax or portable document format (PDF) of this Settlement Agreement and all signatures thereon, will be deemed a duplicate original of the Settlement Agreement and may be used by any Party to this Settlement Agreement in the same manner as an original copy of this Settlement Agreement.

28. **COMPLETE AGREEMENT/INTEGRATION CLAUSE:** This Agreement constitutes the entire agreement between the Parties, and cancels and supersedes any prior offers of settlement, agreements, correspondence, discussions and negotiations between those parties which may have related to the subject matter contained in this Agreement.  No agreements or representations, written or oral, have been made by either Party which are not set forth expressly in this Agreement.

29. **SEVERABILITY:** If any provision of this Settlement Agreement is, for any reason, held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability will not affect any other section, clause, provision, or paragraph of this Settlement Agreement, and this Settlement Agreement will be construed and enforced as if the illegal, invalid, or unenforceable section, clause, paragraph, or other provision had not been contained within it.

30. **NOTICES:** Any notice or demand required or permitted by any provision of this Agreement (other than the requirements of sections 12 and 13 regarding objections and requests for exclusion) shall be deemed sufficient if it is delivered via e-mail as follows:

If to Plaintiffs:  Adam M. Moskowitz, Esq.
The Moskowitz Law Firm
ADAM@MOSKOWITZ-LAW.COM

If to Gronkowski and/or Cassill:
Craig Mayfield, Esq.
Bradley Arant Boult Cummings LLP
cmayfield@bradley.com

If to Oladipo:  Kevin Fritz, Esq.
Meister Seelig & Fein PLLC
kaf@msf-law.com

31. **WAIVER OF JURY TRIAL: THE PARTIES HEREBY KNOWINGLY, IRREVOCABLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT EITHER MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY ACTION, DEFENSE, COUNTERCLAIM, OR OTHER PROCEEDING ARISING UNDER OR IN ANY WAY RELATED TO THIS SETTLEMENT AGREEMENT, AND THE PARTIES RECOGNIZE THAT THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE PARTIES ENTERING INTO THIS SETTLEMENT AGREEMENT.**

*-SIGNATURE PAGES TO FOLLOW-*

**IN WITNESS WHEREOF**, the Parties to this Agreement have caused this document to be executed and delivered at Miami-Dade County, Florida.

CLASS REPRESENTATIVES　　　　　　　　Dated: __May 3rd_____, 2024.

By: _____
ADAM MOSKOWITZ
Co-Lead Counsel for the Class
Representatives and the Proposed Class


THE SETTLING DEFENDANTS　　　　　　　Dated: __April, 29_____, 2024.


By: _____
ROBERT GRONKOWSKI



By: _____
VICTOR OLADIPO

By: _____
LANDON CASSILL

19