# Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-CV-22538-ALTMAN/Reid

DOMINIK KARNAS, *et al.*, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF FIRST TRANCHE OF SETTLEMENTS, PROVISIONAL CERTIFICATION OF PROPOSED SETTLEMENT CLASS, AND APPROVAL OF THE PROPOSED SCHEDULE**

All of the Class Representatives[1] have agreed to settle their class-claims with three Voyager Promoters.[2][3]

The Settlement Agreement has been filed with the Court, and Plaintiffs have filed a Motion for Preliminary Approval of First Tranche of Settlements, for Provisional Certification of Proposed Settlement Class, and Approval of the Proposed Schedule (the "Motion").  The Settling Defendants have agreed, in three separate settlements which have been reduced to a single Settlement Agreement, to provide collectively $2,425,000 in monetary relief, which will be held in the Settlement Fund pending further order on distribution to the Voyager Class Members.

Plaintiffs have also retained the services of acclaimed legal notice experts JND Legal Administration LLC ("JND"), to craft a Notice Plan that provides the best notice practicable to the Class, which is in line with the court-approved program they created for another recent cryptocurrency matter, *In re Ripple Labs Inc. Litig.,* No. 18-cv-06753-PJH, ECF No. 359 (N.D. Cal. Jan. 26, 2024). This robust Notice Plan not only provides the best notice practicable but is also consistent with the methods and tools employed in other court-approved notice programs to allow Class Members the opportunity to review a plain language notice with the ability to easily take the next step and learn more about the litigation.

Upon considering the Motion and exhibits thereto, the Settlement Agreement, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and Parties to these proceedings; (2) the proposed Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and should be preliminarily certified for settlement purposes only; (3) the

---

[1] Plaintiffs Dominik Karnas, Todd Webb, Rachel Gold, Rahil Sayed, Christopher Ehrentraut, Todd Manganiello, Dan Newsom, William Ayer, Anthony Dorn, Lisa Dagnoli, Marshall Peters, Anthony Shnayderman, Katharine Sugrue, Lisa Provino, and/or Edwin Garrison.

[2] Defendants Robert Gronkowski ("Gronkowski"), Victor Oladipo ("Oladipo"), and Landon Cassill ("Cassill") ("Settling Defendants").

[3] The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement (ECF No. ____)

1

proposed Settlements are fair, reasonable, and adequate to warrant sending notice of the Settlements to the Class; (4) the "Class Representatives" defined above should be appointed class representatives; (5) Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP should be appointed as Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g); (6) the Settlements are the result of multiple mediations and informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel and are not the result of collusion; (7) the proposed plan of notice to the Class pursuant to Fed. R. Civ. P. 23(e) should be approved, and the schedule for disseminating notice to Class Members, as well as deadlines to comment on or object to the Settlements, should be approved as set forth below; and (8) good cause exists to schedule and conduct a fairness hearing pursuant to Fed. R. Civ. P. 23(e)(2) to determine whether the proposed Settlements are fair, reasonable, and adequate and whether they should be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331 and 1332, including jurisdiction to approve and enforce the Settlement and all orders and decrees that have been entered or which may be entered pursuant thereto.

2. Venue is proper in this District.

**Preliminary Class Certification for Settlement Purposes Only and Appointment of Class Representatives and Settlement Class Counsel**

3. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to preliminarily certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4. The Court finds, for settlement purposes, that the Rule 23 factors are satisfied, and that preliminary certification of the proposed Class is appropriate under Rule 23. The Court, therefore, preliminarily certifies the following Class:

> All persons or entities in the United States who, from October 23, 2019 to the date of preliminary approval, purchased or enrolled in an EPA or VGX Tokens.
>
> Excluded from the Class are the Settling Defendants and their officers, directors, affiliates, legal representatives, and employees, the Voyager Defendants and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff. Also, excluded are, any Settlement Class Member who properly excludes themselves from these settlements.

5. Specifically, for settlement purposes, that the Class satisfies the following factors of Rule 23:

   a) Numerosity: A case may be certified as a class action only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no fixed rule, numerosity is generally presumed when the potential number of class members reaches forty (40). *Cnty. of Monroe, Fla. v. Priceline.com, Inc.*, 265 F.R.D. 659, 667 (S.D. Fla. 2010) (*citing* Newberg & Conte, Newberg on Class Actions, § 3.5 at 247 (4th ed.2002) ("as few as 40 class members should raise a presumption that joinder is impracticable and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone")). Here, numerosity is readily satisfied. The total number of Class members is estimated by Plaintiffs to be in the millions. At its peak, Voyager reported over 3.5 million registered users on its platform.

   b) Commonality: Rule 23(a)(2) requires that there be one or more questions common to the class. *WalMart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011). Plaintiffs need only show the existence of a common question of law or fact that is significant and capable of class-wide resolution. *In re Fla. Cement & Concrete Antitrust Litig.*, No. 09-23187-CIV, 2012 WL 27668, at *3 (S.D. Fla. Jan. 3, 2012) (unpublished). Here Commonality is present as the crux of the claims of the entire class are

3

whether VGX tokens and/or Voyager EPAs are securities and whether the Settling Defendants' conduct amounts to solicitation such that they are statutory sellers under the law. Thus, because the resolution of the these issues will affect all proposed class members, commonality under Rule 23 (a)(2) is satisfied.

c) <u>Typicality</u>: Rule 23(a)(3) requires that "the claims and defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is met if the claims of the named plaintiffs 'stem from the same event, practice, or course of conduct that forms the basis of the class claims and are based upon the same legal or remedial theory.'" *Gibbs Properties Corp. v. CIGNA Corp.*, 196 F.R.D. 430, 435 (M.D. Fla. 2000) (*quoting*, *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 326 (S.D. Fla. 1996)). "The key inquiry in determining whether a proposed class has 'typicality' is whether the class representative is part of the class and possesses the same interest and suffers the same injury as the class members." *Medine v. Washington Mut., FA,* 185 F.R.D. 366, 369 (S.D. Fla. 1998). Here, the Class Representatives' claims stem from the same common course of conduct as the claims of the Class Members. Plaintiffs allege that Voyager engaged in a widespread fraudulent scheme and conspiracy in which Voyager customer property was wrongfully misappropriated by Voyager to further facilitate the fraud, a common course of conduct resulting in injury to all Class Members when the fraud was exposed and the Voyager house of cards fell. Any relief achieved also applies to Class Representatives and Class Members equally.

d) <u>Adequacy</u>: Rule 23(a)(4) requires that the representative plaintiffs "fairly and adequately" protect the interests of the class. The two-prong test for determining adequacy is: "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003). Both prongs are satisfied here. First, Class

4

Representatives and the Settlement Class Members are equally interested in recovering as much of their property and/or recovering damages from any defendant who aided, abetted, or was an accomplice or agent of Voyager. Accordingly, the Class Representatives will fairly and adequately protect the interests of all Settlement Class Members. Second, Class Counsel have extensive experience litigating and settling class actions, including consumer fraud cases throughout the United States. Class Counsel are well-qualified to represent the Settlement Class.

e) <u>Predominance</u>: For purposes of the Settlement only, the proposed Settlement Class satisfies Rule 23(b)(3), which permits a class action if the Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The claims asserted against the Settling Defendants involve common issues of law and fact that predominate over any individual issues. The Settlement resolves issues as to whether VGX tokens and/or Voyager EPAs are securities and whether the Settling Defendants' conduct amounts to solicitation.

f) <u>Superiority</u>: Rule 23(b)(3)'s other requirement is that class resolution must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The purpose of the superiority requirement is consistent with the overall goals of Rule 23, which is to assure that the class action is the most efficient, effective, and economic means of settling the controversy. *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 337 (S.D. Fla. 1996). That is the case here, where the Settlement obviates the need for potentially multiple trials with respect to several issues, including causation and damages. Further, the relatively low amounts at issue for each individual class member supports a finding of superiority.

6. The Settlements are conditional on the Court's approval thereof. In the event the Court does not approve all terms of the Settlements, then certification of the Class will be voided as to such Settlements, and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Class, will be voided.

7. For Settlement purposes only and pursuant to the terms of the Settlements, the Court hereby appoints the Class Representatives to serve as class representative plaintiffs and Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP to serve as Co-Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(c).

Preliminary Approval of the Settlement

8. A class action may be settled only with the approval of the Court. *See* Fed. R. Civ. P. 23(e)(1). The Rule 23(e) settlement approval procedure has three principal steps: (1) preliminary approval of the proposed settlement; (2) dissemination of notice of the settlement to all affected Class Members; and (3) a final approval determination following a fairness hearing at which Class Members may be heard regarding the settlement, and at which counsel may introduce evidence and present arguments concerning the fairness, adequacy, and reasonableness of the settlement. *See* 4 William B. Rubenstein, Albert Conte & Herbert Newberg, *Newberg on Class Actions* §§ 13:39 *et seq.* (5th ed. 2014).

9. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of the written submissions. *Encarnacion v. J.W. Lee, Inc.,* No. CV 14-61927, 2015 WL 12550747, at *1 (S.D. Fla. June 30, 2015) (unpublished). To grant preliminary approval, the Court should determine whether the proposed settlement substantively falls "within the range of possible approval" or reasonableness. *Id.*; *see also* 4 Albert Conte & Herbert Newberg, *Newberg on Class Actions* § 11.25 (4th ed. 2002). The Court should approve a proposed class action settlement where it is "fair, adequate and reasonable and is not the product of collusion between the parties." *Saccoccio v. JP Morgan Chase Bank, N.A.,* 297 F.R.D. 683, 691 (S.D. Fla. 2014) (*citing Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984). Public policy favors settlements, particularly where complex class action

6

litigation is concerned. *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021). The proposed Settlements here satisfy the standard for preliminary approval because: (1) they are reasonable; (2) they are the product of arm's-length negotiations between the parties; and (3) Class Representatives and Class Counsel believe it is in the best interest of the Settlement Class.

10. <u>The Settlements are Reasonable:</u> To grant preliminary approval of the proposed Settlement, the Court need only find that it falls within "the range of reasonableness." Alba Conte et al., Newberg on Class Actions § 11.25, at 11–91 (4th ed. 2002); *see also* Manual for Complex Litigation (Fourth) (2004) § 21.632 (characterizing the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties). Plaintiffs seek class-wide relief from the Settling Defendants who were paid by Voyager to promote Voyager to the public and present it to their followers as a safe and legitimate alternative to other cryptocurrency exchanges. In exchange for release of the claims against them, the Settling Defendants have agreed to provide $2,425,000 in monetary relief. This is a reasonable recovery in light of the inherent risks of litigation. Moreover, adding to the risk of no recovery absent settlement are that motions to dismiss remain pending, and some Settling Defendants maintain motions on multiple grounds. The settlements with the Settling Defendants are reasonable.

11. <u>The Settlements are the Product of Arm's-Length Negotiations</u>: Where a settlement is the product of arm's-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable. *See* 4 Newberg § 11.41; *see also Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1247 (S.D. Fla. 2016). Here, the Settlements were reached after informed, extensive arm's-length negotiations with the assistance of an experienced mediator, The Honorable Michael A. Hanzman (Retired). *See Lee v. Ocwen Loan Servicing, LLC,* No. 14-CV- 60649, slip op. at 25-26 (S.D. Fla. Sept. 14, 2015) (approving settlement and noting that parties' use of a highly respected mediator supported the conclusion that the settlement was not the product of collusion).

12. Each Settling Defendant was individually represented by experienced counsel. The monetary relief afforded by the Settling Defendants' Settlements also presents the best possible outcome considering the costs and risks of continued litigation. The Settlements were reached after an extensive investigation into the factual underpinnings of the practices challenged in the civil action, as well as the applicable law. In addition to their pre-filing efforts, Class Counsel engaged in extensive research, including the review of documents, facts and testimony provided in the Voyager-related bankruptcy proceeding. Nothing in the course of the negotiations or in the substance of the proposed Settlements present any reason to doubt the Settlements' fairness.

13. <u>The Recommendation of Experienced Counsel Favors Approval:</u> In considering a proposed class settlement, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Blue Cross Blue Shield Antitrust Litig.,* No. 2:13-CV-20000-RDP, 2020 WL 8256366, at *26 (N.D. Ala. Nov. 30, 2020) (unpublished). Here, Class Counsel endorses the Settlements as fair, adequate, and reasonable. Class Counsel have extensive experience litigating and settling consumer class actions and other complex matters and have conducted an extensive investigation into the factual and legal issues raised in this action. Class Counsel have weighed the benefits of the Settlements against the inherent risks and expense of continued litigation, and they strongly believe that the proposed Settlements are fair, reasonable, and adequate. The fact that qualified and well-informed counsel endorse the Settlements as being fair, reasonable, and adequate weighs in favor of approving the Settlements.

14. <u>The Proposed Schedule is Reasonable:</u> Consistent with the provisions of the Settlements, Plaintiffs respectfully propose the following schedule:

   a) Objection Deadline: 60 days after the Court's order of preliminary approval;
   b) Deadline for parties to file a response to any comments or objections by a Class Member: 75 days after the Court's order of preliminary approval;
   c) Final Approval Hearing: at least 100 days after the filing of this motion for preliminary approval and at least 80 days after the Court's order of preliminary approval.

**Approval of Notice and Notice Program and Direction to Effectuate the Notice**

15. Should the Court grant preliminary approval, it must also "direct notice in a reasonable manner to all class members who would be bound by the proposal. . . ." Fed. R. Civ. P. 23(e)(1)(B). Notice should be the best notice practicable under the circumstances. Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (same). It is not only necessary that the notice reach the parties affected, but also that it conveys the required information, including adequately describing the substantive claims and information reasonably necessary to make a decision to remain a class member and be bound by the final judgment. *See Adams v. Southern Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1286 (11th Cir. 2007). Notice will be transmitted through the Class Member emails contained in Voyager's client records. Notice will also be published on a Settlement Website and through digital notice which would include placements in a variety of crypto-related industry publications. The notice plan provides the best notice practicable under the circumstances. Fed. R. Civ. P. 23(c)(2)(B).

16. The Court approves the notice plan. The Class's proposed notice plan satisfies the fairness standards set forth in Rule 23. The proposed notice is the best practicable under the circumstances. The notice is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlements, Class Counsel's Fee Application, and their rights to opt-out of the Settlement Class and object to the Settlements and/or Class Counsel's Fee Application, and a request for General Release payments for the Class Representatives who will execute general releases of all claims against the Settling Defendants. *See In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 654, 662 (S.D. Fla. 2011); *Sinkfield v. Persolve Recoveries, LLC*, 2023 WL 511195, at *3 (S.D. Fla. Jan. 26, 2023). The Notice presents all required categories of information clearly and in plain English. *See Adams*, 493 F.3d at 1286. The notice is therefore substantively sufficient.

17. Within 30 days after entry of the Preliminary Approval Order, the Plaintiffs will send, or cause to be sent, a Class Notice to each Class Member, in a form to be approved by the Court, that:

(a) contains a short, plain statement of the background of the Action and the Settlements;

(b) describes the settlement relief provided by the Settlements and outlined in this Motion;

(c) states that any relief to Class Members is contingent on the Court's final approval;

(d) informs Class Members that attorneys' fees and expenses will be requested at a later time and, if approved by the Court, will be paid from the Settlement Fund;

(e) informs Class Members that any Final Order and Judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit or proceeding pending against Settling Defendants;

(f) describes the terms of the Release; and

(g) contains reference and a hyperlink to a dedicated webpage established by JND, which will include relevant documents and information regarding Class Representatives' claims against Defendants in this Action.

The specific form of the Notice approved by the Court will then be disseminated by email accordance with JND's Notice Plan. JND also proposes Supplemental Digital Notice, Search Engine Optimization, Publication Notice, and a Toll-Free Number and Post Office Box to facilitate dissemination of the Notice.

18. JND will also develop and deploy the informational case-specific website where Class Members may obtain more information about the settlement. The case website would have an easy-to-navigate design that will be formatted to emphasize important information and deadlines and will provide links to important case documents, including a Long Form Notice. The settlement website would be prominently displayed in all printed notice documents and accessible through the email and digital notices. The settlement website would also be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. It will be designed to maximize search engine optimization through Google and other search engines.

19. With respect to Settling Defendants, JND provided the required CAFA Notice to the appropriate state and federal officials for the purpose of satisfying the requirements of CAFA.

**Settlement Distribution**

20. If and when monetary compensation from Settling Defendants is provided to the Settlement Class through the Action, the Settlement Amount shall be placed in the Settlement Fund, added to settlement amounts from other non-settling defendants, as such settlements are reached, and distributed in accordance with the Distribution Plan and under the supervision and direction and with the approval of the District Court.

21. Courts have delayed allocation plans pending future settlements with non-settling defendants. *See, e.g.*, *In re Domestic Airline Travel Antitrust Litig.*, 378 F. Supp. 3d 10, 21–22 (D.D.C. 2019) ("In a case such as this, involving a large number of Class Members and two Non-Settling Defendants, it would be inefficient to distribute and process claims until the entire case has been resolved through litigation or otherwise and the Total Funds Available for Distribution are known. The Court finds that Settlement Class Counsel has demonstrated the adequacy of the Settlements with regard to their proposed means of distributing and processing claims, which will be done through a second notice to Class Members, followed by a right to object and/or file a claim."); *In re Packaged Ice Antitrust Litig.*, 2011 WL 717519, at *2 (E.D. Mich. Feb. 22, 2011) (approving settlement even though "the final plan of allocation was not included in the original Notice in part because of the potential for additional settlements with other Defendants which may affect the final plan of allocation").

22. Moreover, allocation plans may be, and often are, deferred until after final settlement approval. *See, e.g.*, *In re Auto. Parts Antitrust Litig.*, 2016 WL 8200511, at *10 (E.D. Mich. Aug. 9, 2016) ("The Court finds no basis for rejecting the settlements because class members are unable to estimate their individual recoveries.") (citing 3 Alba Conte & Herbert B. Newberg, Newberg on Class Actions,§ 8.32 (4th ed. 2002)); *In re Se. Milk Antitrust Litig.*, 2013 WL 2155379, at *3 (E.D. Tenn. May 17, 2013) (in order finally approving settlement, "[o]nce the claim processing procedure [for opt outs] is completed, plaintiffs will submit a proposed plan of allocation of the settlement proceeds for the Court's approval"); *Bowling v. Pfizer, Inc.*, 143 F.R.D. 141, 165 n.22 (S.D. Ohio 1992) (approving proposed settlement agreement and finding that it fairly

11

compensated class members where "the exact amount [of individual compensation] will be firmed up" at a later date) (citing *In re Drexel Burnham Lambert Group, Inc.*, 130 B.R. 910, 925 (S.D.N.Y. 1991)); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 170 (2d Cir. 1987) (there is "no absolute requirement that . . . a [distribution] plan be formulated prior to notification of the class")); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 465, 480 (S.D.N.Y. 1998) ("it is appropriate, and often prudent, in massive class actions to follow a two-stage procedure, deferring the Plan of Allocation until after final settlement approval"); *Nellis v. Shugrue*, 165 B.R. 115, 121 (S.D.N.Y. 1994) (finding appellant's objection that "the settlement agreement should not have been approved without a formula or plan for the allocation of funds among claimants" to be "without merit") (citing *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (S.D.N.Y. 1991)); Manual for Complex Litigation, Third, § 30.212 ("Often ... the details of allocation and distribution are not established until after the settlement is approved.").

### **Opt-Outs and Objections**

23. A Class Member may object to the Settlements. To object, the Class Member must comply with the procedures and deadlines approved by the Court. Any Class Member who wishes to object to the Settlements must do so in writing on or before the Objection Deadline, as specified in the Class Notice. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defendants' Counsel at the addresses identified in the settlements no later than the Objection Deadline. The requirements to assert a valid written objection shall be set forth in the Class Notice.

24. Subject to approval of the Court, any Class Member who files and serves a written objection may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlements should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member: (a) files with the Clerk of the District Court a Notice of Intention to Appear at the Final Approval Hearing by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers,

exhibits, or other evidence that the objecting Class Member will present to the District Court in connection with the Final Approval Hearing.

### Effect of Failure to Approve the Settlement or Termination

25. In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlements, or the Settlements are terminated pursuant to its terms for any reason, then the following shall apply:

(i) All orders and findings entered in connection with the Settlements shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(ii) All of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and Settling Defendants' right to oppose class certification;

(iii) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Settling Defendants or Plaintiffs on any point of fact or law;

(iv) Neither the Settlements' terms nor any publicly disseminated information regarding the Settlements, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence;

(v) Neither the fact of, nor any documents relating to, either party's withdrawal from the Settlements, any failure of the Court to approve the Settlements and/or any objections or interventions may be used as evidence; and

(vi) The preliminary certification of the Class pursuant to this Order shall be vacated automatically and the Actions shall proceed as though the Class had never been certified.

**General Provisions**

26. The Court reserves the right to approve the Settlements with or without modification, provided that any modification does not limit the rights of the Class under the Settlements, and with or without further notice to the Class and may continue or adjourn the Fairness Hearing without further notice to the Class, except that any such continuation or adjournment shall be announced on the Settlement website.

27. Settlement Class Counsel and Settling Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlements that are not materially inconsistent with this Order or the Agreements, including making, without further approval of the Court, minor changes to the Agreements, to the form or content of the Class Notice or to any other exhibits that the Parties jointly agree are reasonable or necessary.

28. The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Agreements.

29. Any information received by the Settlement Notice Administrator, the Settlement Special Administrator, or any other person in connection with the Settlement Agreements that pertains to personal information regarding a particular Class Member (other than objections or requests for exclusion) shall not be disclosed to any other person or entity other than Settlement Class Counsel, the Settling Defendants, Settling Defendants' Counsel, the Court and as otherwise provided in the Settlement Agreements.

30. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

31. Based on the foregoing, the Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

   (i) Notice shall be provided in accordance with the notice plan and this Order within 30 days of [date of preliminary approval];

   (ii) Plaintiffs shall file their Motion for Final Approval of the Settlement and Incorporated Memorandum of Law, and Settlement Class Counsel shall file their Fee Application,

and request for general release payments, no later than 60 days before the Fairness Hearing [_____];

(iii) Class Members must submit or postmark any claims, objections, or comments to the Settlements, the Motion for Final Approval of the Settlement and/or Settlement Class Counsel's Fee Application no later than 30 days before the Fairness Hearing [_____];

(iv) The receipt and filing deadline for comments and objections is no later than 30 days before the Fairness Hearing [_____];

(v) Class Members must file requests for exclusion from the Settlements no later than 30 days before the Fairness Hearing [_____];

(vi) Class Members must submit or postmark any notices of intent to appear at the Fairness Hearing no later than 30 days before the Fairness Hearing [_____];

(vii) Any oppositions to the Motions for Final Approval and Reimbursement of Expenses are due no later than 20 days before the Fairness Hearing [_____];

(viii) Plaintiffs and Settlement Class Counsel shall file their responses to timely filed objections to the Settlement and Fee Application no later than 10 days before the Fairness Hearing [_____];

(ix) If the Settling Defendants choose to file a response to timely filed objections to the Settlement, they shall do so no later than 10 days before the Fairness Hearing [_____]; and

(x) The Fairness Hearing will be held on _____ at ____ a.m./p.m. at the United States Courthouse, Wilkie D. Ferguson, Jr. Building, Courtroom 12-4, 400 North Miami Avenue, Miami, Florida 33128.

**DONE AND ORDERED** in Chambers at Miami, Florida this ____ day of _____ 2024.

_____
ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record