UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22538-ALTMAN/Reid

**DOMINIK KARNAS**, *et al.*, *on behalf of themselves and all other similarly situated*,

    *Plaintiffs*,

v.

**MARK CUBAN**, *et al.*,

    *Defendants*.

_____/

## ORDER

The parties have filed a Joint Status Report [ECF No. 286], informing the Court that they've "resolved all issues related to redactions of the Sponsorship Agreement [ECF No. 256-26] and Email Exhibit [ECF No. 256-43]" and in the Plaintiffs' Reply in Support of Class Certification [ECF No. 276]. *See* Joint Status Report at 1–2 (cleaned up). The parties also ask that we stay all deadlines relating to the Plaintiffs' Objections to Magistrate Judge Reid's Sealed Order [ECF No. 273] and all deadlines we set in our Amended Scheduling Order [ECF No. 221]. *See* Joint Status Report at 2. Lastly, the parties request "a September 23, 2024 Status Conference." *Ibid.* (cleaned up).

Federal district courts possess "broad discretion in deciding how to best manage the cases before [us]," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), including the "discretion to stay proceedings as an incident to [our] power to control [our] own docket," *Clinton v. Jones*, 520 U.S. 681, 683 (1997). Here, we agree with the parties that staying the scheduling order's deadlines pending our adjudication of the Defendants' Motion to Dismiss [ECF No. 189] and the Plaintiffs' Motion for Class Certification [ECF No. 231] "would promote judicial economy and efficiency," *Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp.*, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011) (Cohn, J.), especially since our rulings on those motions "may dispose of the entire action"

*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (Morris, J.), *aff'd*, 87 F. App'x 713 (11th Cir. 2003). We think, however, that it would be *less* efficient to delay briefing on the Plaintiff's Objections, as the outstanding dispositive motions have no bearing on this collateral matter. *See Doe v. Rollins Coll.*, 2021 WL 3230424, at *3 (M.D. Fla. July 13, 2021) ("Generally speaking, courts in this circuit typically decline to stay matters collateral to a final judgment, such as matters involving fees or cost issues, to avoid piecemeal appeals." (Hoffman, Mag. J.)). We'll therefore order the Defendant to respond to those Objections to allow for the swift resolution of that issue.

Being fully advised, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiffs' Motion for Reconsideration [ECF No. 269] and the Plaintiffs' Motion for Leave to File Unredacted Reply [ECF No. 277] are **DENIED as moot**.

2. The Defendants shall respond to the Plaintiffs' Objections to Magistrate Judge Reid's Sealed Order [ECF No. 273] by **May 17, 2024**. The Plaintiffs shall file any Reply by **May 24, 2024**.

3. All deadlines we set in our Amended Scheduling Order [ECF No. 221] are **STAYED** pending our adjudication of the Defendants' Motion to Dismiss [ECF No. 189] and the Plaintiffs' Motion for Class Certification [ECF No. 231].

4. Our Order Scheduling Mediation [ECF No. 199] and our Order Requiring Supplemental Briefing [ECF No. 282] ¶ 2 are **VACATED**.

5. A status conference is **SET** for **September 23, 2024**, at **11:00 a.m.**, in the Miami Division, Courtroom 12-4, before Judge Roy K. Altman.

**DONE AND ORDERED** in the Southern District of Florida on May 13, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record