UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-cv-22538-ALTMAN/REID

DOMINIK KARNAS, *et al.*, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.
_____/

**PLAINTIFFS' NOTICE OF FILING SUPPLEMENTAL AUTHORITY IN SUPPORT OF [ECF NO. 195] PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION [ECF NO. 189] TO DISMISS THE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiffs submit, as supplemental authority in support of their Response in Opposition [ECF No. 195] to Defendants' Omnibus Motion to Dismiss the Second Amended Complaint [ECF No. 189], and in follow up on Plaintiffs' Notices of Filing Supplemental Authority filed in this action on March 14, 2024, [ECF No. 230], and March 21, 2024 [ECF No. 242], and March 27, 2024 [ECF No. 249], a recent order by the Honorable David Alan Ezra of the Western District of Texas denying defendants' motion for summary judgment and granting in part the Securities and Exchange Commission's ("SEC") motion for summary judgment in SEC v. Balina, 22 Civ. 00950 (DEA), ECF No. 44 (W.D. Tex. Mar. 22, 2024) (the "Balina Order"), where the SEC brought claims against Ian Balina, an investor and influencer, for his offer, sale, and promotion of unregistered crypto asset securities in violation of sections 5(a), 5(c), and 17(b) of the Securities Act. *See* **Exhibit A**.

    In the *Balina* Order, Judge Ezra explains the various differing tests for domesticity of "offers" and "sales" of unregistered securities and concluded that all of defendant's challenges to domesticity of the transactions at issue failed, particularly where parties to the transactions were located within the United States and where Balina used U.S.-based social media to promote the crypto assets. *Id.*, 12–21. Judge Ezra also found that the SEC prevailed in demonstrating that the

CASE NO.: 22-cv-22538-ALTMAN/REID

tokens at issue met all prongs of the *Howey* test and were therefore securities as a matter of law. *Id.*, 22–30. Judge Ezra concluded that, as a matter of law, (1) "U.S. securities laws apply to Balina's conduct," (2) "the SPRK tokens are securities," and (3) "Balina violated Section 5(a) and 5(c) of the Securities Act." *Id.*, 37.

Dated: May 29, 2024                                                        Respectfully submitted,

| | |
|---|---|
| **By: /s/ Adam M. Moskowitz** | **By: /s/ David Boies** |
| Adam M. Moskowitz | David Boies |
| Florida Bar No. 984280 | (admitted *pro hac vice*) |
| adam@moskowitz-law.com | Alexander Boies |
| Joseph M. Kaye | (admitted *pro hac vice*) |
| Florida Bar No. 117520 | Brooke Alexander |
| joseph@moskowitz-law.com | (admitted *pro hac vice*) |
| Barbara C. Lewis | **BOIES SCHILLER FLEXNER LLP** |
| barbara@moskowitz-law.com | 333 Main Street |
| Florida Bar No. 118114 | Armonk, NY 10504 |
| **THE MOSKOWITZ LAW FIRM, PLLC** | Phone: (914) 749–8200 |
| 2 Alhambra Plaza, Suite 601 | dboies@bsfllp.com |
| Coral Gables, FL 33134 | aboies@bsfllp.com |
| Telephone: (305) 740-1423 | balexander@bsfllp.com |
| | |
| *Co-Counsel for Plaintiffs and the Class* | Stephen Neal Zack |
| | Florida Bar No. 145215 |
| | **BOIES SCHILLER FLEXNER LLP** |
| | 100 SE 2nd St., Suite 2800 |
| | Miami, FL 33131 |
| | Office: 305-539-8400 |
| | Fax: 305-539-1307 |
| | szack@bsfllp.com |
| | |
| | *Co-Counsel for Plaintiffs and the Class* |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was filed on May 29, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280