UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 22-CV-22538-ALTMAN/REID**

DOMINIK KARNAS, *et al.*,

      Plaintiffs,

v.

MARK CUBAN, *et al.*,

      Defendants.

_____/

**DEFENDANTS MARK CUBAN'S AND DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 299] REGARDING DEFENDANTS' OMNIBUS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT [ECF NO. 189]**

Pursuant to S.D. Fla. Local Rule 7.8, Defendants MARK CUBAN and DALLAS BASKETBALL LIMITED d/b/a DALLAS MAVERICKS respond to Plaintiffs' Notice of Supplemental Authority [ECF No. 299] concerning a recent decision (the "Decision") entered by the Honorable David Alan Ezra of the Western District of Texas in *SEC v. Balina*, 22 Civ. 00950 (DEA), ECF No. 44 (W.D. Tex. Mar. 22, 2024), as follows:

First, *Balina's* holding on the domesticity of securities transactions has no bearing on Defendants' Motion to Dismiss (ECF No. 189) because Defendants have not argued that Plaintiffs fail to allege a domestic transaction. Plaintiffs' securities claims fail for other reasons.

Second, the non-binding summary judgment decision in *Balina* is distinguishable. While *Balina* held the SPRK Tokens in question were securities (Decision at 30), Plaintiffs here do not allege Defendants promoted tokens, and there is no evidence to support such a claim. Indeed, lead plaintiff Edwin Garrison unequivocally testified that on the one time Cuban spoke about the Mavericks-Voyager agreement, he did not promote Voyager's token. Voyager's at-issue product—its interest-bearing cryptocurrency accounts—were not tokens, but rather were akin to savings accounts. *See*, ECF No. 155 ¶¶ 138-52. Moreover, whereas the *Balina* defendant was held to have "sold" SPRK Tokens, as he (i) allocated tokens to his paid subscribers, thus arguably passing title (Decision at 36-37) and (ii) purchased 433.3 million SPRK Tokens, giving him a

financial interest in the tokens' success (*id.* at 35), the Mavericks received flat, annual fees for advertising (ECF No. 155-2 at Exs. I-II) and neither Defendant passed title of anything to Plaintiffs.

Date: June 5, 2024

Respectfully submitted,

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
Email: cknight@fowler-white.com

ESTHER E. GALICIA, ESQ.
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

ALEXANDRA L. TIFFORD, ESQ.
Fla. Bar No. 0178624
Email: atifford@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:     (305) 789-9201

-and-

PAUL C. HUCK, JR., ESQ.
Fla. Bar No. 0968358
Email: paul@lawsonhuckgonzalez.com

LAWSON HUCK GONZALEZ PLLC
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
Telecopier: (305) 441-8849

-and-

<div align="right">Case No. 22-CV-22538-ALTMAN/REID</div>

STEPHEN A. BEST, ESQ.
*Pro Hac Vice*
Email:  sbest@brownrudnick.com

RACHEL O. WOLKINSON, ESQ.
*Pro Hac Vice*
Email:  rwolkinson@brownrudnick.com

DANIEL L. SACHS, ESQ.
*Pro Hac Vice*
Email: dsachs@brownrudnick.com

BROWN RUDNICK LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20005
Telephone (202) 536-1755

*-and-*

JONATHAN D. WHITE, ESQ.
*Pro Hac Vice*
Email: jwhite@brownrudnick.com

BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4903

*Attorneys for Defendants Mark Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks*

<div align="right">Case No. 22-CV-22538-ALTMAN/REID</div>

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 5, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via the Court's CM/ECF which will send notification of such filing to all attorneys of record.

<div style="margin-left:50%">

*/s/ Christopher E. Knight*
CHRISTOPHER E. KNIGHT, ESQ.
Fla. Bar No. 607363
cknight@fowler-white.com

</div>