UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22538-ALTMAN/Reid

**DOMINIK KARNAS**, *et al.*, *on behalf of themselves and all other similarly situated*,

    *Plaintiffs*,

v.

**MARK CUBAN**, *et al.*,

    *Defendants*.
_____/

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

On May 3, 2024, the Plaintiffs filed their Renewed Motion for Preliminary Approval of Class Action Settlement as to Certain Defendants (the "Motion") [ECF No. 302]. The Court has been advised that the Class Representative-Plaintiffs[1] and Defendants Robert Gronkowski, Victor Oladipo, and Landon Cassill (collectively, the "Settling Defendants"), through their respective counsel and subject to the Court's approval, have agreed to resolve this lawsuit via class settlement.[2] Following notice to the Class Members and a hearing, the Plaintiffs and the Settling Defendants seek to resolve the above-captioned lawsuit (the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Agreement") [ECF No. 302-1], which has been filed with the Court.

Upon our "initial evaluation of the fairness of the proposed settlement on the basis of the written submissions," *Encarcion v. J.W. Lee, Inc.*, 2015 WL 12550747, at *1 (S.D. Fla. June 30, 2015)

---

[1] The Class Representatives are Dominik Karnas, Todd Webb, Rachel Gold, Rahil Sayed, Christopher Ehrentraut, Todd Manganiello, Dan Newsom, William Ayer, Anthony Dorn, Lisa Dagnoli, Marshall Peters, Anthony Shnayderman, Katharine Sugrue, Lisa Provino, and Edwin Garrison.

[2] The Settling Defendants have agreed, in three separate settlements (all of which have been reduced to a single Settlement Agreement), to provide $2,425,000 in monetary relief, which will be held in the Settlement Fund pending a further order from the Court on the distribution of Settlement funds to the Voyager Class Members.

(Dimitrouleas, J.) (cleaned up); *see* Agreement; Declaration of Gina Intrepido-Bowden [ECF No. 302-2]; Attorney Biographies [ECF No. 302-3]; Draft Notice of Proposed Partial Settlement [ECF No. 302-4], we preliminarily find that the "the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason," *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010) (Cohn, J.). We're also satisfied, for the purpose of this settlement, that the Proposed Class "is so numerous that joinder of all members is impracticable[,] there are questions of law or fact common to the class[,] the claims or defenses of the representative parties are typical of the claims or defenses of the class[,] and . . . the representative parties will fairly and adequately protect the interests of the class," FED. R. CIV. P. 23(a), and that the "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy," FED. R. CIV. P. 23(b)(3); *see also Heaven v. Tr. Co. Bank*, 118 F.3d 735, 737 (11th Cir. 1997) ("An action may be maintained as a class action only if all four prerequisites of Rule 23(a) are satisfied and, in addition, the requirements of one of the three subsections of Rule 23(b) are also met.").

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiffs' Renewed Motion for Preliminary Approval of Class Action Settlement as to Certain Defendants [ECF No. 302] is **GRANTED**.
2. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332, including jurisdiction to approve and enforce the Settlement and all orders and decrees that have been entered or which may be entered pursuant thereto.
3. Venue is proper in this District.
4. The Court preliminarily certifies, *for purposes of settlement only*, the following class:

    a. All persons or entities in the United States who, from October 23, 2019, to the date of preliminary approval, purchased or enrolled in an EPA or VGX Tokens.

    b. Excluded from the Class are the Settling Defendants and their officers, directors, affiliates, legal representatives, and employees, the Voyager Defendants and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff. Also, excluded are, any Settlement Class Member who properly excludes themselves from these settlements.

5. The Court preliminarily finds that, *for purposes of settlement only*, the Lawsuit satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23, namely that:

    a. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    b. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c. The Plaintiff's claims are typical of the claims of the Class Members;

    d. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Class Members;

    e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy; and

    f. A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Settlements are conditional on the Court's approval. In the event the Court does not approve all terms of the Settlements, then certification of the Class will be voided as to such

Settlements, and all orders entered in connection with those Settlements, including but not limited to any order conditionally certifying the Class, will be voided.

7. Pursuant to the Agreement, the Court hereby appoints, *for purposes of settlement only*, the **Class Representatives** to serve as Class Representative Plaintiffs and **Adam Moskowitz** of the Moskowitz Law Firm PLLC and **David Boies** of Boies Schiller Flexner LLP to serve as Co-Lead Class Counsel pursuant to FED. R. CIV. P. 23(c).

8. The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the following factors:

   a. The benefits to the Class Members;

   b. The strengths and weaknesses of the Plaintiffs' case; the anticipated complexity, duration, and expense of additional litigation;

   c. The Settlements were reached after informed, extensive arms'-length negotiations with the assistance of an experienced mediator;

   d. Each Settling Defendant was individually represented by experienced counsel; and

   e. The recommendation of Class Counsel—who have extensive experience litigating and settling consumer class actions and other complex matters—after extensive investigation into the factual and legal issues raised in this action; and

9. The Plaintiffs have asked that the Court defer formal notice of the Settlement Agreement to the Settlement Class until the Plaintiffs' claims against the non-settling Defendants have been resolved. The Court agrees that this is the most practical path forward. Deferring notice will save money for the Settlement Class because, at the end of this litigation, the Plaintiffs will be able to provide notice of all of the settlements at once. Therefore, in the interest of judicial

and litigative efficiency, dissemination of notice shall be **STAYED** until the Plaintiffs' claims against the remaining non-settling Defendants have been resolved.

10. The Court **APPROVES** the Notice Plan. Notice will be transmitted through the Class Member emails contained in Voyager's client records. Notice will also be published on a Settlement Website and through digital notice, which will include placements in a variety of crypto-related industry publications. The Class's proposed Notice Plan satisfies the fairness standards set forth in FED. R. CIV. P. 23, as it is the best practicable method (and is reasonably calculated) under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlements, Class Counsel's Fee Application, and their rights to opt-out of the Settlement Class and object to the Settlements and/or Class Counsel's Fee Application, and a request for General Release payments for the Class Representatives who will execute general releases of all claims against the Settling Defendants. The Notice Plan presents all required categories of information clearly and in plain English and thus is substantively sufficient.

11. At a time directed by the Court (and as outlined above), the Plaintiffs will send, or cause to be sent, a Class Notice to each Class Member, in a form to be approved by the Court,[3] that:
    a. Contains a short, plain statement of the background of the Action and the Settlements;
    b. Describes the settlement relief provided by the Settlements and outlined in this Order;
    c. States that any relief to Class Members is contingent on the Court's final approval;
    d. Informs Class Members that attorneys' fees and expenses will be requested at a later time and, if approved by the Court, will be paid from the Settlement Fund;

---

[3] The specific form of the Notice approved by the Court will be disseminated by email in accordance with the administrator's Notice Plan.

    e. Informs Class Members that any Final Order and Judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit, or proceeding pending against the Settling Defendants;

    f. Describes the terms of the Release; and

    g. Contains reference and a hyperlink to a dedicated webpage established by the administrator, JND Legal Administration LLC ("JND" or the "Administrator"), which will include relevant documents and information regarding the Class Representatives' claims against the Defendants in this Action.

12. On a later date (as further ordered by the Court), the Administrator will develop and deploy the informational case-specific website, where Class Members may obtain more information about the settlement. The case website would have an easy-to-navigate design that will be formatted to emphasize important information and deadlines and will provide links to important case documents, including a Long Form Notice. The settlement website would be prominently displayed in all printed notice documents and accessible through the email and digital notices. The settlement website would also be ADA-compliant and optimized for mobile visitors so that information will load quickly on mobile devices. It will be designed to maximize search-engine optimization through Google and other search engines.

13. With respect to the Settling Defendants, JND provided the required CAFA Notice to the appropriate state and federal officials for the purpose of satisfying the requirements of CAFA.

14. If and when monetary compensation from the Settling Defendants is provided to the Settlement Class through the Action, the Settlement Amount shall be placed in the Settlement Fund, added to settlement amounts from other non-settling defendants, as such settlements

are reached, and distributed in accordance with the Distribution Plan and under the supervision and direction and with the approval of the Court.

15. A Class Member may object to the Settlements. To object, the Class Member must comply with the procedures and deadlines approved by the Court. Any Class Member who wishes to object to the Settlements must do so in writing on or before the Objection Deadline, as specified in the Class Notice. The written objection must be filed with the Clerk of Court and mailed (with the requisite postmark) to Class Counsel and the Defendants' Counsel at the addresses identified in the Settlements no later than the Objection Deadline. The requirements to assert a valid written objection shall be set forth in the Class Notice.

16. Subject to approval of the Court, any Class Member who files and serves a written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlements should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member:

    a. Files with the Clerk of Court a Notice of Intention to Appear at the Final Approval Hearing by the Objection Deadline; and

    b. Serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the Court in connection with the Final Approval Hearing.

17. In the event the Settlement is not approved by the Court, or if for any reason the Parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlements, or if the Settlements are terminated pursuant to their terms for any reason, then the following shall apply:

    a. All orders and findings entered in connection with the Settlements shall become null and void and shall have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

    b. All of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, the Plaintiffs' right to seek class certification and the Settling Defendants' right to oppose class certification;

    c. Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Settling Defendants or the Plaintiffs on any point of fact or law;

    d. Neither the Settlements' terms nor any publicly disseminated information regarding the Settlements, including, without limitation, the Notice, court filings, orders, and public statements, may be used as evidence;

    e. Neither the fact of, nor any documents relating to, either party's withdrawal from the Settlements, any failure of the Court to approve the Settlements, or any objections or interventions may be used as evidence; and

    f. The preliminary certification of the Class pursuant to this Order shall be vacated automatically and the Actions shall proceed as though the Class had never been certified.

18. The Court reserves the right to approve the Settlements with or without modification, provided that any modification does not limit the rights of the Class under the Settlements, and with or without further notice to the Class and may continue or adjourn the Fairness Hearing without further notice to the Class, except that any such continuation or adjournment shall be announced on the Settlement website.

19. Settlement Class Counsel and the Settling Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlements that are not materially inconsistent with this Order or the Agreements, including making, without further approval of the Court, minor changes to the Agreements, to the form or content of the Class Notice or to any other exhibits that the Parties jointly agree are reasonable or necessary.

20. The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Agreements.

21. Any information received by the Settlement Notice Administrator, the Settlement Special Administrator, or any other person in connection with the Settlement Agreements that pertains to personal information regarding a particular Class Member (other than objections or requests for exclusion) shall not be disclosed to any other person or entity other than Settlement Class Counsel, the Settling Defendants, the Settling Defendants' Counsel, the Court, and as otherwise provided in the Settlement Agreements.

22. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure their enforcement.

23. Based on the foregoing, the Court **STAYS** these Settlement proceedings until further Order of the Court.

**DONE AND ORDERED** in the Southern District of Florida on June 10, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record