UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-21912-CIV-MORENO

DANIEL HARPER, *et al.*, on behalf of himself
and all others similarly situated,

        Plaintiffs,

vs.

SHAQUILLE O'NEAL, ASTRALS LLC,
ASTRALS HOLDING, LLC, and ASTRALS
OPERATIONS LLC,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS

Defendants move to strike Plaintiffs' class allegations pursuant to Fed. R. Civ. P. 23(c)(1) and 23(d)(1)(D). Defendants argue that Plaintiffs failed to plead any facts which plausibly demonstrate that class certification is possible. However, Plaintiffs correctly note that the correct vehicle is Fed. R. Civ. P 12(f) (not Rules 23(c)(1) or 23(d)(1)(D)), as in the present matter Plaintiffs have yet to file a motion to certify class. Rule 12(f) states (in part) that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Further, courts within the Eleventh Circuit have found it premature to analyze class allegations on their merits in a motion to strike, as potential barriers may fall away or at least become more manageable after discovery. *See James D. Hinson Elec. Contracting Co. v. AT & T Servs., Inc.*, No. 3:13–cv–29–J–32JRK, 2014 WL 1118015, at *5 (M.D.Fla. Mar.20, 2014); *see also Oginski v. Paragon Props. of Costa Rica*, LLC, No. 10–21720–CIV, 11–60647, 2011 WL 3489541, at *3

(S.D.Fla. Aug.9, 2011). Accordingly, the Court will decide whether to certify the class later on a more fully developed record and when the motion for class certification is filed and fully briefed.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Strike is **DENIED** as premature.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ of August 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record