UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-cv-22538-ALTMAN/REID

DOMINIK KARNAS, *et al.*, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

MARK CUBAN, *et al.*,

    Defendants.

_____/

**PLAINTIFFS' NOTICE OF FILING SUPPLEMENTAL AUTHORITY IN SUPPORT OF [ECF NO. 195] PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION [ECF NO. 189] TO DISMISS THE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiffs submit, as supplemental authority in support of their Response in Opposition [ECF No. 195] to Defendants' Omnibus Motion to Dismiss the Second Amended Complaint [ECF No. 189], and in follow up on Plaintiffs' Notices of Filing Supplemental Authority filed in this action on March 14, 2024, [ECF No. 230], March 21, 2024 [ECF No. 242], March 27, 2024 [ECF No. 249], May 29, 2024 [ECF No. 299], August 16, 2024 [ECF No. 305] the recent orders by the Honorable William H. Orrick of the Northern District of California in *SEC v. Payward, Inc., et al.*, 23-cv-06003-WHO: denying defendant Kraken's motion to dismiss the SEC's complaint, ECF No. 90 (S.D. Fla. Aug. 23, 2024), attached as **Exhibit A** ("Motion to Dismiss Order").

    In SEC v. Payward, Inc., Judge Orrick found that the SEC plausibly alleged Kraken offered or sold crypto assets on Kraken as investment contracts, which were therefore plausibly alleged to be unregistered securities. Motion to Dismiss Order at 27. In doing so, the court rejected, as other courts have, Kraken's argument that an investment contract requires "post-sale obligations" from the issuer to the purchaser who bought the token on a secondary marketplace, like Kraken. Id. at 13. The court was clear that investment contracts are not limited to actual contracts and that the Howey test applies regardless of whether that transaction is on a primary or secondary market. Id. at 16-18. Additionally, Judge Orrick agreed with previous courts, including Judge Rakoff in Terraform, that there is a distinction between the digital assets themselves and the offers to sell them. Id. at 14.

CASE NO.: 22-cv-22538-ALTMAN/REID

Further, the court found the SEC to have plausibly alleged vertical commonality, and thus common enterprise, because the promoters of some crypto assets on Kraken allegedly retain ownership or control over billions of the tokens they promote. Id. at 23

Dated: August 30, 2024　　　　　　　　　　　　　　　　Respectfully submitted,

**By: /s/ Adam M. Moskowitz**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Telephone: (305) 740-1423

*Co-Counsel for Plaintiffs and the Class*

Jose M. Ferrer
Florida Bar No. 173746
Desiree Fernandez
Florida Bar No. 119518
MARK MIGDAL HAYDEN LLP
80 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
desiree@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

**By: /s/ David Boies**
David Boies
(admitted *pro hac vice*)
Alexander Boies
(admitted *pro hac vice*)
Brooke Alexander
(admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
Fax: 305-539-1307
szack@bsfllp.com

*Co-Counsel for Plaintiffs and the Class*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on August 30, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
　　ADAM M. MOSKOWITZ
　　Florida Bar No. 984280