UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-cv-22538-ALTMAN/REID

DOMINIK KARNAS, *et al.*, on behalf
of himself and others similarly situated,

     Plaintiffs,

v.

MARK CUBAN, *et al.*,

     Defendants.

_____/

**PLAINTIFFS' NOTICE OF FILING SUPPLEMENTAL AUTHORITY IN SUPPORT
OF [ECF NO. 231] PLAINTIFFS' MOTION TO CERTIFY NATIONWIDE ISSUE
CLASSES, PURSUANT TO FEDERAL RULES 23(A), 23(B)(3), AND 23(C)(4), AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiffs submit, as supplemental authority in support of their Motion to Certify Nationwide Issue Classes, Pursuant to Federal Rules 23(a), 23(b)(3), and 23(c)(4), and Incorporated Memorandum of Law [ECF No. 231], the recent Final Order and Judgment Granting Final Approval of Class Action Settlement entered by the Honorable P. Keven Castel of the Southern District of New York in *Roberts v. Ehrlich*, 22-cv-0950-PKC, ECF No. 111 (S.D.N.Y. Oct. 8, 2024), attached as **Exhibit A** ("Final Approval Order").

In *Roberts v. Ehrlich*, the plaintiffs filed a class action suit against Stephen Ehrlich, the former CEO of Voyager, among other former officers of Voyager, for selling Voyager's Earn Program Accounts ("EPAs") and VGX Tokens ("VGX") as unregistered securities. The parties settled claims on behalf of a class of "all persons and entities that were customers of Voyager as of July 5, 2022 and are entitled to receive future distributions under the Voyager Plan, excluding Ehrlich and Psaropoulos." *See* Final Approval Order at 4. The agreement at issue was a class action settlement agreement pursuant to Rule 23(b)(3) to pay damages to the class, utilizing the Voyager bankruptcy process to both disseminate notice and to locate and pay class member claims. *See, e.g., id.*

In finally approving the settlement, Judge Castel found that "[t]he from, content, and method of dissemination of notice given to the Class was adequate and reasonable," "met the requirements

of due process," and "constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort" when the Claims Administrator—the Voyager Bankruptcy Plan Administrator, Michael Wyse of Wyse Advisors LLC—(1) sent the Notice Package via electronic mail to all potential Class Members via their last-known email address (which was taken from Voyager's internal records); (2) the Notice Package was posted on www.investvoyager.com, the primary Voyager creditor website; and (3) the Claims Administrator published the Summary Notice in cryptocurrency media outlet *Coindesk*. *See* Final Approval Order at 2; *see also Roberts v. Ehrlich*, 22-cv-0950-PKC, ECF No. 103, at 3–4 (S.D.N.Y. Oct. 1, 2024), attached as **Exhibit B**.

While Plaintiffs here do not seek certification of a damages class, and instead only seek to certify at this stage the issues of (1) whether Voyager's VGX or EPAs are "unregistered securities" under the New Jersey Uniform Securities Law ("NJUSL") (the "Security Issue"), and (2) whether Defendants' conduct amount to "solicitation," such that they may be held liable for participating in sales as statutory sellers under the NJUSL (the "Solicitation Issue"), Plaintiffs respectfully submit this supplemental authority is relevant and helpful to the Court as class notice can be conducted similarly in this action for Plaintiffs' proposed issue classes.

Dated: October 18, 2024                                 Respectfully submitted,

By: **/s/ Adam M. Moskowitz**                          By: **/s/ David Boies**
Adam M. Moskowitz                                      David Boies
Florida Bar No. 984280                                 (admitted *pro hac vice*)
adam@moskowitz-law.com                                 Alexander Boies
Joseph M. Kaye                                         (admitted *pro hac vice*)
Florida Bar No. 117520                                 Brooke Alexander
joseph@moskowitz-law.com                               (admitted *pro hac vice*)
Barbara C. Lewis                                       **BOIES SCHILLER FLEXNER LLP**
barbara@moskowitz-law.com                              333 Main Street
Florida Bar No. 118114                                 Armonk, NY 10504
**THE MOSKOWITZ LAW FIRM, PLLC**                       Phone: (914) 749–8200
Continental Plaza                                      dboies@bsfllp.com
3250 Mary Street, Suite 202                            aboies@bsfllp.com
Coconut Grove, FL 33133                                balexander@bsfllp.com
Telephone: (305) 740-1423

*Co-Counsel for Plaintiffs and the Class*              Stephen Neal Zack
                                                       Florida Bar No. 145215
Jose M. Ferrer                                         **BOIES SCHILLER FLEXNER LLP**
Florida Bar No. 173746                                 100 SE 2nd St., Suite 2800
Desiree Fernandez                                      Miami, FL 33131
                                                       Office: 305-539-8400

CASE NO.: 22-cv-22538-ALTMAN/REID

Florida Bar No. 119518
MARK MIGDAL HAYDEN LLP
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
desiree@markmigdal.com

Fax: 305-539-1307
szack@bsfllp.com

*Co-Counsel for Plaintiffs and the Class*

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on October 18, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ Adam M. Moskowitz
ADAM M. MOSKOWITZ
Florida Bar No. 984280