# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUN ROBERTS and KEN SHEPPARD, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>STEPHEN EHRLICH, and EVAN PSAROPOULOS,<br><br>      Defendants. | Case No. 1:22-cv-09590-PKC<br><br>CLASS ACTION<br><br>Judge: Hon. P. Kevin Castel<br>Date:  October 8, 2024<br>Time: 2:00 PM |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR
(I) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN
OF ALLOCATION; AND (II) AN AWARD OF ATTORNEYS' FEES,
PAYMENT OF LITIGATION EXPENSES, AND AWARD TO
<u>PLAINTIFFS FOR THEIR COSTS AND EXPENSES</u>**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiffs Johnny Johnson, Eirian Johnson, and Ezra Boekweg ("Lead Plaintiffs"), along with additional named plaintiffs Shaun Roberts, Ken Sheppard, and Randy Roberts (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and all other members of the preliminarily approved Settlement Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of (i) Plaintiffs' motion for final approval of the proposed Settlement of the above-captioned Action and approval of the proposed Plan of Allocation (ECF No. 97); and (ii) Plaintiffs' and Lead Counsel's motion for award of attorneys' fees, payment of litigation expenses, and award to Plaintiffs for their costs and expenses (ECF No. 98) (the "Motions").[1]

## I. INTRODUCTION

Now that the September 17, 2024 deadline for objections and exclusions from the Settlement Class has passed, Plaintiffs and Lead Counsel respectfully submit that the reaction of the Settlement Class to the proposed Settlement, the Plan of Allocation, Lead Counsel's fee and reimbursement of litigation requests, and Plaintiffs' request for an award for their costs and expenses supports approval. On July 18, 2024, the Preliminary Approval Order, the Notice of Proposed Settlement of Class Action, and the Stipulation and Agreement of Settlement (the "Notice Package") were sent via electronic mail to all potential Class Members via their last-known email address. *See* Certificate of Service ECF No. 95. The Notice Package was also published on the Voyager creditor website www.investvoyager.com. *Id.* On July 22, 2024 the Summary Notice of Proposed Settlement of Class Action was published on the online cryptocurrency media outlet Coindesk. *Id.*

---

[1] All capitalized terms not otherwise defined herein have the same meaning as those set forth in the Stipulation and Agreement of Settlement and Release (the "Stipulation"), dated January 16, 2024 (ECF No. 115-1).

Following the comprehensive notice program, there have been *zero objections* to the proposed Settlement, the Plan of Allocation, Lead Counsel's fee and reimbursement of litigation requests, or Plaintiffs' request for an award for its costs and expenses. See Supplemental Declaration of Sean T. Masson in Support of Reply Memorandum of Law in Further Support of Motion for (I) Final Approval of Class Action Settlement and Plan Allocation; and (II) an Award of Attorneys' Fees, Payment of Litigation Expenses, and Award to Plaintiffs for their Costs and Expenses ("Supplemental Masson Decl.") ¶4. In addition, only two requests for exclusion have been received. *Id.* at ¶3. Accordingly, Plaintiffs and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the proposed Settlement, the Plan of Allocation, Lead Counsel's fee and reimbursement of litigation requests, and Plaintiffs' request for an award for their costs and expenses.

**II. THE SETTLEMENT CLASS'S REACTION SUPPORTS APPROVAL OF THE PROPOSED SETTLEMENT, THE PLAN OF ALLOCATION, LEAD COUNSEL'S FEE AND REIMBURSEMENT OF LITIGATION REQUESTS, AND PLAINTIFFS' REQUEST FOR AN AWARD FOR THEIR COSTS AND EXPENSES**

**A. The Notice Program Has Been Completed**

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator sent the Notice Package via electronic mail to all potential Class Members via their last-known email address. *See* Certificate of Service, ECF No. 95. The Notice Package informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Fund and payment of expenses in an amount not to exceed $40,000, and Plaintiffs would apply for an award for their costs and expenses in an aggregate amount not to exceed $60,000. The Notice Package also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, Lead Counsel's fee and reimbursement of litigation requests, or Plaintiffs'

2

request for an award for their costs and expenses, and the September 17, 2024 deadline for filing such objections.

In addition, Notice Package was posted on www.investvoyager.com, the primary Voyager creditor website. *Id*. Finally, on July 22, 2024, the Claims Administrator published the Summary Notice in cryptocurrency media outlet Coindesk.

On August 27, 2024, pursuant to the schedule approved by the Court in the Preliminary Approval Order, Plaintiffs and Lead Counsel filed their opening papers in support of the Motions. Those papers – which are available on the public docket (*see* ECF Nos. 96-100) – described Plaintiffs' and Lead Counsel's views of the Settlement, work performed in this litigation, and the fee and expense awards requested.

The exclusion and objection deadlines have now passed. As set forth below, only two Settlement Class Members have requested exclusion from the Settlement Class, and no Settlement Class Member has objected to the proposed Settlement, the Plan of Allocation, Lead Counsel's fee and reimbursement of litigation requests, or Plaintiffs' request for an award for their costs and expenses. *See* Supplemental Masson Decl.*,* ¶¶2-4.

**B.      The Settlement Class's Reaction Supports Approval of the proposed Settlement, the Plan of Allocation, Lead Counsel's fee and reimbursement of litigation requests, and Plaintiffs' request for an award for their costs and expenses**

Following this extensive notice program, ***no*** Settlement Class Member objected to any aspect of the Settlement. This "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] Grinnell inquiry," and accordingly strongly supports a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) aff'd sub nom, *In re Facebook Inc.*,

3

822 F. App'x 40 (2d Cir. 2020) ("The overwhelmingly positive reaction–or absence of a negative reaction–weighs strongly in favor of confirming the Proposed Settlement."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement.").[2] As the Second Circuit reasoned in *Wal-Mart*, "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'" 396 F.3d at 118; *see also Gruber v. Gilbertson*, 647 F. Supp. 3d 100, 127 (S.D.N.Y. 2022) ("'If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'"); *In re Petrobras Sec. Litig.*, 317 F. Supp. 3d 858, 872 (S.D.N.Y. 2018), aff'd, 784 F.App'x 10 (2d Cir. 2019) ("small number of objectors . . . strongly suggest that the settlement amount is fair, adequate, and reasonable").

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, No. 05 CIV 10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts… [should] consider the reaction of a class to a plan of allocation" and, where there are no objections, "the Plan of Allocation should be approved"); *Veeco*, 2007 WL 4115809, at *14 (that "not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members . . . supports approval of the Plan of Allocation").

Similarly, the number of requests for exclusion reflects the Settlement Class's approval of the Settlement and offers clear support for the Court's final approval thereof. *See, e.g., In re Bear Stearns Cos., Inc. Secs., Derivative, and ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (noting the absence of significant exclusion requests weighs "strongly in favor of approval"

---

[2] Unless otherwise indicated, citations are omitted and emphasis is added.

4

where 115 requests for exclusion were received); *In re Am. Int'l Grp., Inc. Secs. Litig.*, No. 04 Civ. 8141(DAB), 2010 WL 5060697, at *2 (S.D.N.Y. Dec. 2, 2010), aff'd, 452 F. App'x. 75 (2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were timely and valid").  Here, in response to the comprehensive notice program, Lead Counsel has received only two requests for exclusion from the Settlement Class.  Supplemental Masson Decl., ¶3.  This small number of requests for exclusion supports approval of the proposed Settlement, the Plan of Allocation, Lead Counsel's fee and reimbursement of litigation requests, and Plaintiffs' request for an award for their costs and expenses.  *See, e.g.*, *In re AOL Time Warner, Inc.*, No. 02 CIV. 5575, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006), (opt-out rate of less than 0.2% of class members favored settlement); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y.1999) (fewer than 1% of class members requesting exclusion "strongly favors approval of the proposed settlement[ ]"); *see also Rodriquez v. It's Just Lunch Int'l*, No. 07-CV-09227 (SN), 2020 WL 1030983, at *4 (S.D.N.Y. Mar. 2, 2020) (granting final approval where claims administrator contacted about 140,000 class members and 11,181 class members filed claims, 60 members opted out, and 21 members objected).

Given the comprehensive notice program, the low number of exclusions and ***zero*** objections is a strong showing of support for the proposed Settlement, the Plan of Allocation, Lead Counsel's fee and reimbursement of litigation requests, and Plaintiffs request for an award for their costs and expenses.

### III. CONCLUSION

For the reasons set forth herein and the opening papers filed in support of the Motions, Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the request for attorneys'

5

fees and payment of expenses. Three proposed orders are being submitted herewith: a proposed Final Order and Judgment; a proposed order approving the plan of allocation; and a proposed Order Awarding Attorneys' Fees, Expenses, and Award to Plaintiffs.

Dated: October 1, 2024  **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*s/ Sean T. Masson*
Sean T. Masson
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
smasson@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch (*pro hac vice*)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
jjasnoch@scott-scott.com

**TAYLOR-COPELAND LAW**
James Q. Taylor-Copeland (*pro hac vice*)
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-400-4944
Facsimile: 619-566-4341

*Lead Counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

      I hereby certify that on October 1, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically provide notice to all counsel of record.

                                    */s/ Sean T. Masson*
                                    Sean T. Masson

7