# Exhibit B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUN ROBERTS and KEN SHEPPARD, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-09590-PKC |
| Plaintiffs, | Judge: Hon. P. Kevin Castel<br>Date: October 8, 2024<br>Time: 2:00 PM |
| v. | |
| STEPHEN EHRLICH, and EVAN PSAROPOULOS, | **[PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| Defendants. | |

WHEREAS, the Court is advised that the Settling Parties, through their counsel, have agreed, subject to Court approval following notice to the Class and a hearing, to settle this Action upon the terms and conditions set forth in the Stipulation and Agreement of Settlement and Release dated April 3, 2024 (the "Stipulation"), which was filed with the Court.[1]

WHEREAS, on July 2, 2024, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice, which preliminarily approved the Settlement and approved the form and manner of notice to the Class of the Settlement.

WHEREAS, said notice has been made to the Class and the Settlement Fairness Hearing has been held pursuant to the terms of the Order Preliminarily Approving Settlement and Providing for Notice.

NOW, THEREFORE, based upon the Stipulation and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in

---

[1]    All defined and capitalized terms herein shall have the same meaning as set forth in the Stipulation (ECF No. 83-1).

the Stipulation is fair, reasonable, and adequate, and upon the Settlement Fairness Hearing having been held after notice to the Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Action, **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

2.      This Court has jurisdiction of the subject matter of this Action and over all of the Settling Parties and all members of the Class, including all Class Members who did not timely file a request for exclusion from the Settlement Class by the relevant deadline pursuant to the Preliminary Approval Order.

3.      The form, content, and method of dissemination of notice given to the Class was adequate and reasonable, met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. §78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995), and constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.

4.      Notice, as given, complied with the requirements of federal law, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.

5.      The Settlement set forth in the Stipulation is fair, reasonable, and adequate.

(a)      The Settlement was negotiated at arm's length by Plaintiffs and Lead Counsel on behalf of the Class and by the Settling Defendants, all of whom were represented by highly experienced and skilled counsel.  The case

settled only after: (1) an in-person mediation session conducted by a highly experienced mediator who was thoroughly familiar with this Action; (2) follow-up negotiations facilitated by the mediator; (3) the exchange of detailed mediation statements prior to the in-person mediation, which highlighted the factual and legal issues in dispute; (4) Lead Counsel's extensive investigation, which included, among other things, an extensive review of publicly available information about the Settling Defendants; (5) the drafting and filing of three detailed complaints; and (6) full briefing on the Settling Defendants' motion to dismiss the Action. Accordingly, both Plaintiffs and the Settling Defendants were well-positioned to evaluate the settlement value of this Action. The Stipulation has been entered into in good faith and is not collusive.

(b)     If the Settlement had not been achieved, both Plaintiffs and the Settling Defendants faced the expense, risk, and uncertainty of extended litigation, including a hearing and decision on the motion to dismiss, class certification, summary judgment, trial, post-trial motions, and appeals. The Court takes no position on the merits of either Plaintiffs' or the Settling Defendants' arguments but notes these arguments as further evidence in support of the reasonableness of the Settlement.

6.     Plaintiffs and Lead Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

7.     Plaintiffs, all Class Members, and the Settling Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

8.      The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.      The Court hereby grants class certification for settlement purposes and appoints Johnny Johnson, Eirian Johnson, Ezra Boekweg, Shaun Roberts, Ken Sheppard, and Randy Roberts as Class Representatives and Scott+Scott Attorneys at Law LLP and Taylor-Copeland Law as Settlement Class Counsel.

10.     The Court hereby reaffirms its determination in the Preliminary Approval Order that the Settlement Class shall be composed of all persons and entities that were customers of Voyager as of July 5, 2022 and are entitled to receive future distributions under the Voyager Plan, excluding Ehrlich and Psaropoulos.

11.     Upon the Class Action Effective Date, except with respect to individual claims by persons who have validly and timely requested exclusion from the Class as listed in **Exhibit 1** hereto, all of the claims asserted in the First Amended ("Complaint") (ECF No. 62) and in the Action against the Settling Defendants are hereby dismissed with prejudice, without costs as to the Settling Parties, except as awarded under the Settlement Fund and approved by the Court.

12.     Upon the Class Action Effective Date, all Released Parties are released in accordance with the Stipulation, and as defined in the Stipulation, each of the Releasing Parties

are hereby deemed to have fully, finally, and forever waived, released, relinquished, and discharged each and every one of the Released Claims,[2] including Unknown Claims.[3]

---

[2] "Released Claims" means Releasing Plaintiffs' Claims and the Released Settling Defendants' Claims. "Releasing Plaintiffs' Claims" means any and all individual or class claims, demands, losses, rights, and causes of action of any nature whatsoever, known or Unknown Claims, whether arising under federal, state, common, or foreign law by the Releasing Plaintiff Parties against any of the Released Settling Defendant Parties and each and every director, officer, and employee of Voyager, regardless of whether such director, officer, or employee was ever a named defendant in the Action, that have been or could have been asserted in the Action, or could in the future be asserted in any forum, domestic or foreign, or which arise out of, are based upon, or relate to in any way to (i) the purchase, sale, acquisition, or disposition of Voyager Earn Accounts and VGX Tokens and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action. For the avoidance of doubt, Releasing Plaintiffs' Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) any claims of Persons who submit a request for exclusion that is accepted by the Court; and (iii) any Releasing Plaintiffs' Claims against third parties, including those who acted in concert with or aided and abetted any wrongdoing by any Voyager director or officer. "Released Settling Defendants' Claims" means all claims and causes of action of any nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common, or foreign law, that Settling Defendants could have asserted against the Releasing Plaintiff Parties that arise out of, or relate in any way to, the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

[3] "Unknown Claims" means any Releasing Plaintiffs' Claims which Plaintiffs, any other Settlement Class Member, or any other Releasing Plaintiff Party does not know or suspect to exist in their favor at the time of the release of such claims, which, if known by them, might have affected their decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and any Released Settling Defendants' Claims which any Settling Defendant or any other Released Settling Defendant Party does not know or suspect to exist in their favor at the time of the release of such claims, which, if known by them might have affected their decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Class Action Effective Date of the Settlement, Plaintiffs and Settling Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release,

13.     Upon the Class Action Effective Date, each of the Releasing Parties are hereby forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other court of law or equity, administrative forum, or arbitration tribunal, any claim, counterclaim, cross-claim, third-party claim, or other actions based upon, relating to, or arising out of, directly or indirectly, any of the Released Claims.

14.     Upon the Class Action Effective Date, pursuant to 15 U.S.C. §78u-4(f)(7)(A), this Order provides that every Person is permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other federal, foreign, state, or local court, forum or tribunal, any claim, counterclaim, cross-claim, third-party claim, or other actions based upon, relating to, or arising out of the Releasing Plaintiffs' Claims and/or the transactions and

---

and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Releasing Plaintiff Parties and Released Settling Defendant Parties acknowledge that they may hereafter discover facts in addition to, or different from, those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Releasing Plaintiffs' Claims or Released Settling Defendants' Claims, but the Settling Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Class Action Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.

Plaintiffs and Settling Defendants acknowledge, and each of the other Settlement Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

occurrences referred to in the Complaint, or in any other pleadings filed in this Action (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated), whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local, or common law, including, without limitation, a specific bar against all future claims for contribution arising out of the Action against Stephen Ehrlich and Evan Psaropoulos.

15.    Upon the Class Action Effective Date, each of the Released Settling Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiffs, Lead Counsel, and each and all of the Class Members from all Released Settling Defendants' Claims.

16.    All Class Members who have not made their objections to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

17.    All Class Members who have failed to validly and timely submit Requests for Exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Stipulation and this Judgment.

18.    The Requests for Exclusion, if any, by the persons or entities in **Exhibit 1** to this Judgment are accepted by the Court.

19.    Neither this Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), nor any of the negotiations, documents, or proceedings connected with them shall be argued to be or offered or received:

(a)    Against any of the Released Settling Defendant Parties or their legal counsel as evidence of, or construed as evidence of, any presumption, concession,

or admission by any of the Released Settling Defendant Parties with respect to the truth of any fact alleged in the Complaint or the Action, or the validity of any claim that has been, or could have been, asserted against any of the Settling Defendants in the Complaint or the Action, or the deficiency of any defense that has been, or could have been, asserted in the Action, or of any wrongdoing or liability by any of the Settling Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Settling Defendants.

(b)      Against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the Complaint or the Action or of any lack of merit to the claims or the Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Complaint or the Action.

(c)      Against any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Settling Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding,

other than such actions or proceedings as may be necessary to effectuate the provisions of the Stipulation.

(d)     Against any of the Settling Defendants or their legal counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that any of the Plaintiffs' claims have merit, or that any defenses asserted by the Settling Defendants are without merit, or that the Settlement Amount represents the amount which could or would have been received after any trial of the Action against them.

(e)     Against the Plaintiffs or any Settlement Class Member, or Lead Counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Settling Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

20.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (a) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, the validity of any Releasing Plaintiffs' Claims or of any wrongdoing or liability of the Settling Defendants or the Released Settling Defendant Parties; or (b) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, any fault or omission of any of the Settling Defendants or the Released Settling Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may

be deemed to be an admission or evidence that any claims asserted by the Plaintiffs, any Class Member, or Lead Counsel were not valid in any civil, criminal, or administrative proceeding.

21.    The Parties and other Released Parties, for the avoidance of doubt, may file or refer to this Judgment, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections and/or releases granted hereunder or thereunder, including, without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Judgment.

22.    In the event that the Final Order Date or Class Action Effective Date does not occur in accordance with the terms and conditions set forth in the Stipulation, then this Order and Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Parties, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions as of January 31, 2024, and the Parties shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.  In such circumstances, the Parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

23.     Exclusive jurisdiction is hereby retained over the Parties for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation, the Settlement contained therein, and this Judgment.

24.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

25.     Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

26.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

27.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

28.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  Such order shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Class Action Effective Date.

29.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (iii) all Parties for the purpose of construing, enforcing, and administering the Settlement and this Judgment; and (iv) other matters related or ancillary to the foregoing.

30.    There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.


IT IS SO ORDERED.


DATED: ___October 8, 2024___                    _____

Hon. P. Kevin Castel
United States District Judge

# EXHIBIT 1

## Persons Excluded from the Class

| **Name** | **Location** | **Signed** |
|----------|--------------|------------|
| Michael I. Conlon | Traverse City, Michigan | Yes |
| Daniel S. Newsom | Alpharetta, Georgia | Yes |

9/13/2024

Daniel Newsom

2040 Willshire Glen

Alpharetta, Ga 30009

Newsomdrt@gmail.com

318-953-5765

*Via Certified Mail to*

Sean T. Masson

Scott+Scott Attorneys at Law LLP

The Helmsey Building

230 Park Avenua, 17th floor

New York, NY 10169


**Re: Request for Exclusion from Settlement in Roberts, et al. v. Ehrlich, et al., Case No. 1:22-cv-09590-PKC (S.D.N.Y.)**


Dear Mr. Masson,


I am writing to formally request exclusion from the settlement in the above-referenced class action lawsuit. As a Class Member, I do not wish to participate in the settlement and want to retain my right to pursue any individual legal claims that I may have regarding this matter.


Please consider this letter as my official request to be excluded from the Class in the Roberts, et al. v. Ehrlich, et al. settlement. As required, I am providing the following information:

- Full Name: Daniel S. Newsom

- Address: 2040 Willshire Glen Alpharetta, Ga 30009

- Email Address: newsomdrt@gmail.com

- Telephone Number: 318-953-5765

I understand that by opting out of this settlement, I will not receive any benefits from the settlement and will not be bound by any judgments or orders in this case.


Please acknowledge receipt of this request. Thank you for your attention to this matter.


Sincerely,

Daniel Newsom

Tracking #:
1Z 134 838 A8 0667 6839

Sean T. Masson

Scott and Scott Attorneys at Law, LP

The Helmsley Building

230 Park Avenue, 17th Floor

New York, New York  10169

And

James Taylor-Copeland

Taylor-Copeland Law

501 W. Broadway, Suite 800

Sand Diego, CA 92101


Re: Roberts, et al, v. Ehrlich, et al, Case No. 1:22-cv-09590-PKC (S.D.N.Y.)

Request to be Excluded from the Class Action


Dear Counsel:


Please be advised that I wish to be excluded from the class in the following class action case:  *Roberts, et al, v. Ehrlich*, et al, Case No. 1:22-cv-09590-PKC (S.D.N.Y.) I want to opt out from the proposed settlement of this class action lawsuit.


Sincerely,

Michael I. Conlon

Address:

6436 Peregrine Court

Traverse City, Michigan  49686

Email: michaelirwin86@gmail.com