UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-CV-22538-ALTMAN/Reid

Dominik Karnas, *et al.*, on behalf of themselves and
all others similarly situated,

    *Plaintiffs,*

v.

Mark Cuban, Dallas Basketball Limited, d/b/a
Dallas Mavericks, Robert Gronkowski, Victor
Oladipo, and Landon Cassill,

    *Defendants.*

_____/

## PLAINTIFFS' PARTIALLY UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE SUPPLEMENT TO REPLY ON MOTION FOR CLASS CERTIFICATION [ECF NO. 319] AND FOR LIMITED EXCEPTION TO STAY [ECF NO. 321]

    Plaintiffs respectfully move the Court for an order: (1) extending the date for Plaintiffs' supplemental reply on the Motion for Class Certification from November 15, 2024 to December 17, 2024; and (2) allowing Plaintiffs to depose Defendants' class certification expert, Harris Label [ECF No. 325]. Defendants partially oppose the relief requested in this motion.

    1.    On October 16, 2024, this Court granted Defendants' request to supplement their opposition to Plaintiffs' Motion for Class Certification on the basis of newly obtained data from the bankrupt Voyager estate. [ECF No. 315, as amended by ECF No. 319]

    2.    Defendants' supplement was filed on October 31, 2024 [ECF Nos. 322–325] and Plaintiffs' reply to that supplement is due on November 15, 2024. [ECF No. 319]

    3.    At the October 16, 2024 hearing, Plaintiffs understood that Defendants would be able to provide Plaintiffs access to not only the select documents they planned to attach to their filing, but to the underlying data set from which Plaintiff could conduct its own analysis. As such, Plaintiffs believed they would have nearly immediate access to the data and could conduct a reasonable review within the four weeks allotted for their reply.

    4.    Plaintiffs subsequently learned that Defendants could not provide such access, and Plaintiffs need to request it from the Voyager Estate directly.

1

5. Plaintiffs expediently submitted their request, and have obtained written agreement from the Voyager Estate to provide such access. Plaintiffs have submitted IP addresses and email addresses to the Estate to facilitate the provision of such access. However, Plaintiffs do not yet have access to that data, and will not have sufficient time to analyze it prior to their current response date.

6. Further, review of the expert declaration submitted on October 31, 2024 by Defendants has revealed certain questions about data integrity, access, and related topics for which a deposition of Mr. Label is necessary prior to filing a supplemental reply.

7. For the avoidance of doubt, the parties believe this briefing has no bearing on the currently pending Motion to Dismiss [ECF No. 189], which should remain submitted for decision. This motion in no way seeks an extension of the Court's consideration of the Defendants' motion to dismiss.

8. Moreover, while Plaintiffs believe that Defendants' supplement largely contains arguments irrelevant to the motion Plaintiffs have presented (as will be discussed in the ultimate reply), Plaintiffs should nonetheless be afforded the opportunity to obtain, review, and probe the veracity of that data before refuting it.

9. This motion is brought in good faith and not for the purposes of delay.

10. Defendants do not oppose Plaintiffs' request to extend the November 15th deadline to December 17th, but oppose Plaintiffs' request to depose Mr. Label in advance of their deadline to file their supplement to their reply.

## CONCLUSION

On this basis, Plaintiffs respectfully request an order (1) extending the date for Plaintiffs' supplemental reply on the Motion for Class Certification from November 15, 2024 to December 17, 2024; and (2) allowing Plaintiffs to depose Defendants' class certification expert, Harris Label, before their response date. A proposed Order is attached as **Exhibit A.**

## S.D. Fla. L.R. 7.1 CERTIFICATION

Counsel for the Movants made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve it, and report that Defendants do not oppose Plaintiffs' request to extend the November 15th deadline to December 17th, but oppose Plaintiffs' request to depose Mr. Label in advance of their deadline to file their supplement to their reply.

Dated: November 12, 2024

Respectfully submitted,

| | |
|---|---|
| **By: /s/ Adam M. Moskowitz** | **By: /s/ David Boies** |
| Adam M. Moskowitz | David Boies |
| Florida Bar No. 984280 | (admitted *pro hac vice*) |
| adam@moskowitz-law.com | Alexander Boies |
| Joseph M. Kaye | (admitted *pro hac vice*) |
| Florida Bar No. 117520 | Brooke Alexander |
| joseph@moskowitz-law.com | (admitted *pro hac vice*) |
| Barbara C. Lewis | **BOIES SCHILLER FLEXNER LLP** |
| barbara@moskowitz-law.com | 333 Main Street |
| Florida Bar No. 118114 | Armonk, NY 10504 |
| **THE MOSKOWITZ LAW FIRM, PLLC** | Phone: (914) 749–8200 |
| 2 Alhambra Plaza, Suite 601 | dboies@bsfllp.com |
| Coral Gables, FL 33134 | aboies@bsfllp.com |
| Telephone: (305) 740-1423 | balexander@bsfllp.com |

*Co-Counsel for Plaintiffs and the Class*

| | |
|---|---|
| Jose M. Ferrer | Stephen Neal Zack |
| Florida Bar No. 173746 | Florida Bar No. 145215 |
| Desiree Fernandez | Tyler Ulrich |
| Florida Bar No. 119518 | Florida Bar No. 94705 |
| MARK MIGDAL HAYDEN LLP | **BOIES SCHILLER FLEXNER LLP** |
| 8 SW 8th Street, Suite 1999 | 100 SE 2nd St., Suite 2800 |
| Miami, FL 33130 | Miami, FL 33131 |
| Office: 305-374-0440 | Office: 305-539-8400 |
| jose@markmigdal.com | szack@bsfllp.com |
| desiree@markmigdal.com | tulrich@bsfllp.com |

*Co-Counsel for Plaintiffs and the Class*      *Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on November 12, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280