UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22538-ALTMAN/Reid

DOMINIK KARNAS *et al.*, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

MARK CUBAN, *et al.,*

    Defendants.

_____/

## PLAINTIFFS' MOTION TO REOPEN CASE FOR LIMITED PURPOSES OF (1) CONTINUING SETTLEMENT APPROVAL PROCEEDINGS AND (2) SEVERING AND TRANSFERRING CLAIMS AGAINST REMAINING DEFENDANTS

Plaintiffs respectfully move to reopen this action for limited, procedural purposes only. First, reopening is necessary to allow the Court to exercise the continuing jurisdiction it expressly retained to supervise notice, final approval, and implementation of the previously preliminarily approved class settlements with Defendants Rob Gronkowski, Victor Oladipo, and Landon Cassill—proceedings that were not addressed in the Court's December 30, 2025 Order closing the case. *See* ECF No. 304. Second, reopening will permit the Court to consider, in an orderly posture, Plaintiffs' contemporaneously filed motion seeking reconsideration solely of the remedy imposed as to Defendants Mark Cuban and the Dallas Mavericks, including Plaintiffs' request in that separate motion that the Court sever and transfer those claims to a forum with undisputed jurisdiction. This motion does not seek to revisit the Court's personal-jurisdiction analysis or the merits of any claims; it asks only that the case be reopened to complete settlement proceedings already approved by the Court and to allow consideration of a narrowly framed, procedural motion concerning the disposition of the remaining claims.

### RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed this action in August 2022 on behalf of investors who suffered losses arising from the collapse of the Voyager cryptocurrency platform. After amendment and jurisdictional

discovery—including depositions of Mark Cuban, Dallas Mavericks executives, Voyager's founder, and third parties—Plaintiffs filed the Second Amended Complaint in June 2023.

Defendants Cuban and the Dallas Mavericks moved to dismiss on jurisdictional and merits grounds. The parties fully briefed those issues, and the Court resolved the motion on December 30, 2025, holding that it lacked personal jurisdiction over those Defendants and directing the Clerk to close the case.

Before the Court ruled, Plaintiffs reached class settlements with Defendants Rob Gronkowski, Victor Oladipo, and Landon Cassill, which the Court preliminarily approved. *See* ECF No. 304. In its preliminary approval order, the Court expressly retained continuing jurisdiction over those settlement proceedings, including notice and final approval. *Id.*

No separate final judgment has been entered under Rule 58(a). Under Rule 58(c), judgment is deemed entered only upon entry of a separate judgment or 150 days after entry of an appealable order. Plaintiffs bring this motion promptly to ensure the proper procedural posture of both the settlement proceedings and the remaining claims.

## LEGAL STANDARDS

### A. Authority to Reopen a Closed or Administratively Closed Case

A district court retains broad authority to reopen a case that has been closed or administratively closed, either on its own accord or at the request of a party. An administrative or docket closure is a case-management device; it does not terminate the underlying action or divest the court of jurisdiction.

As courts in this Circuit have explained:

> "An administrative closing has no effect other than to remove a case from the court's active docket… Designating a case 'closed' does not prevent the court from reactivating a case either of its own accord or at the request of the parties."

*Tursom v. United States*, No. 20-CV-20811, 2021 WL 1647888, at *1 (S.D. Fla. Apr. 27, 2021) (Bloom, J.) (quoting *Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001); *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999)). "In no event does such an order bar a party from restoring the action to the Court's active calendar upon an appropriate application." *Id.* Nor is the authority to reopen reserved solely to the parties; the court itself "retains the authority to reinstate a case if it concludes that the administrative closing was improper or if the circumstances that sparked the closing abate." *Lehman*, 166 F.3d at 392. Consequently, an order administratively closing a case "d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in [her] discretion or at the request of a party, chose[s] either to reactivate it or to

dispose of it with finality." *Id.* Accordingly, reopening a case for limited, procedural purposes is well within the Court's inherent authority and does not disturb any substantive rulings.

### B. Reopening Is the Proper Procedural Mechanism to Continue Settlement Proceedings

When a case has been closed, reopening is the appropriate procedural step to allow the court to continue supervising settlement approval or enforcement.

The Supreme Court has explained that once a case is closed, a court must reopen it to exercise jurisdiction over settlement-related proceedings. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). Consistent with *Kokkonen*, courts routinely require parties to move to reopen closed cases in order to proceed with settlement approval or related relief. *See, e.g., Junior v. Infinity Ins. Co.*, 2020 WL 8254233, at *1 (M.D. Fla. June 22, 2020); *Sauls v. Hobby*, 2021 WL 4268053, at *1 (M.D. Ga. Sept. 20, 2021); *Clark v. Cooperfrieman Elec. Supply Co.*, 2025 WL 3172710, at *1 (S.D.N.Y. June 2, 2025). Reopening for settlement purposes is procedural in nature and does not reopen the merits of the case.

## ARGUMENT

### I. The Case Should Be Reopened to Permit the Court to Exercise Its Continuing Jurisdiction Over the Previously Preliminarily-Approved Settlement Proceedings

The Court's December 30, 2025 Order closed this case without addressing the pending settlement proceedings that previously received preliminary approval. The Preliminary Approval Order expressly states that the Court "shall maintain continuing jurisdiction over these settlement proceedings to assure their enforcement." [ECF No. 304 ¶ 22]. It further provides that, if final approval is not obtained, the parties' respective pre-settlement rights and defenses are preserved. [ECF No. 304 ¶ 17].

Where a case has been closed while settlement proceedings remain pending, courts require the parties to move to reopen in order to proceed with notice, final approval, and related relief. *Junior*, 2020 WL 8254233, at *1; *Sauls*, 2021 WL 4268053, at *1; *Clark*, 2025 WL 3172710, at *1. The Supreme Court's decision in *Kokkonen* likewise confirms that reopening is necessary to continue settlement proceedings after closure. 511 U.S. at 378.

Reopening the case for this limited purpose does not disturb the Court's jurisdictional ruling or revisit the merits. It simply restores the case to the Court's active docket so that the settlement process the Court has already approved may proceed to completion in an orderly manner, consistent with the Court's retained jurisdiction. Indeed, the defendants who are parties to the settlement agreement do not dispute this court's personal jurisdiction, and instead consented to jurisdiction over settlement.

In addition, Class Counsel has been in discussions with counsel for Michael Wyse, in his capacity as Plan Administrator for the Voyager wind-down debtor, regarding a coordinated notice and distribution process through the bankruptcy estate. Those discussions contemplate a process materially similar to the one approved by Judge P. Kevin Castel in *Roberts et al. v. Ehrlich et al.*, No. 1:22-cv-09590 (S.D.N.Y.), in which the Voyager Plan Administrator issued notice to the settlement class and incorporated the net settlement fund into the plan distribution to Voyager creditors. Proceeding in this manner would promote judicial economy, ensure consistency with the confirmed Voyager plan, provide the most amount of relief to the class without the need for unnecessary costs of administration, and avoid duplicative or fragmented distributions to class members.

Reopening is therefore necessary to preserve the Court's continuing jurisdiction over the settlement proceedings and to allow the parties to pursue final approval and distribution through an established and coordinated bankruptcy-based framework. Upon reopening, Plaintiffs will separately move for entry of an order approving a notice plan and scheduling a final fairness hearing.

**II. The Case Should Also Be Reopened to Permit Consideration of Plaintiffs' Contemporaneously Filed Motion to Reconsider the Court's Order Dismissing, Rather than Transferring, Claims Against Mark Cuban and the Dallas Mavericks**

Reopening is also appropriate to allow the Court to consider further procedural relief concerning the remaining claims against Defendants Mark Cuban and the Dallas Mavericks.

Plaintiffs are contemporaneously filing a separate motion seeking reconsideration of the remedy imposed in the Court's dismissal order as to those Defendants and requesting that the Court sever and transfer those claims to a forum with undisputed jurisdiction. This motion does not ask the Court to adjudicate that relief. Rather, it seeks reopening so that the Court may consider the separately filed motion in an orderly procedural posture, if it deems appropriate.

As recognized in *Tursom*, *Bush*, and *Lehman*, closure of a case does not deprive the Court of authority to reopen the matter to address post-dismissal procedural issues or to clarify and implement the appropriate disposition of remaining claims. Reopening for this limited purpose does not revisit the Court's personal-jurisdiction analysis and does not revive claims in this forum. It simply restores the case to the Court's active docket so that the Court may address the procedural consequences of its ruling in a controlled and efficient manner.

**III. Reopening for These Limited Purposes Is Narrow and Consistent With the Court's Prior Order**

The relief requested here is intentionally limited. Plaintiffs do not seek to relitigate jurisdiction, revisit the merits, or expand the scope of the case. They seek reopening solely to (1) allow settlement

proceedings already approved by the Court to proceed to final approval and distribution, and (2) permit consideration of a separately filed motion addressing the procedural disposition of the remaining claims.

Because a closure order does not terminate the underlying action or strip the Court of authority to manage its docket, reopening for these limited purposes is procedurally proper and consistent with the Court's inherent authority and prior rulings.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court enter an Order:

1. Reopening this action for limited purposes only, consistent with the Court's inherent authority and the Federal Rules of Civil Procedure;
2. Reopening the case to permit the Court to exercise its continuing jurisdiction over the previously preliminarily approved settlement proceedings, including to supervise notice, consider objections, conduct a final fairness hearing, and, if appropriate, grant final approval and oversee implementation of the settlements with Defendants Rob Gronkowski, Victor Oladipo, and Landon Cassill;
3. Clarifying that the Court's December 30, 2025 Order did not extinguish the Court's retained jurisdiction over those settlement proceedings, as expressly set forth in the Preliminary Approval Order [ECF No. 304];
4. Reopening the case for the further limited purpose of permitting the Court to consider Plaintiffs' contemporaneously filed motion seeking reconsideration of the remedy imposed as to Defendants Mark Cuban and the Dallas Mavericks, including Plaintiffs' request in that separate motion that the Court sever and transfer those claims to the Northern District of Texas, a forum with undisputed jurisdiction;
5. Maintaining the case on the Court's active docket only to the extent necessary to resolve the settlement proceedings and the pending procedural motions, without revisiting the Court's personal-jurisdiction analysis or the merits of any claims; and
6. Granting such other and further relief as the Court deems just and proper, consistent with the limited purposes set forth above.

## S.D. Fla. L.R. 7.1 Certification

Plaintiffs' counsel certifies that they have conferred in good faith with Defendants' counsel in a good faith effort to resolve the issues raised in this motion and represent that Defendants

Gronkowski, Oladipo, and Cassill do not oppose the relief sought in this motion, while Defendants Cuban and the Mavericks oppose the relief sought in this motion.

## REQUEST FOR ORAL ARGUMENT

In accordance with Local Rule 7.1(b)(2), Class Counsel request that the Court hear oral argument on this Motion, and respectfully submit that 30 minutes should be sufficient for all Parties.

Dated: January 27, 2026

Respectfully submitted,

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
Barbara C. Lewis
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
P.O. Box 653409
Miami, FL 33175
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
barbara@moskowitz-law.com

*Co-Counsel for Plaintiffs and the Class*

By: */s/ David Boies*
David Boies
(Admitted Pro Hac Vice)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

*Co-Counsel for Plaintiffs and the Class*

By: */s/ Jose M. Ferrer*
Jose M. Ferrer
Florida Bar No. 173746
Desiree Fernandez
Florida Bar No. 119518
**MARK FERRER HAYDEN PLLC**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@mfh.law
desiree@mfh.law

*Co-Counsel for Plaintiffs and the Class*

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was filed on January 27, 2026, with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record

By: /s/ *Adam M. Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280