UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22538-ALTMAN/Reid

DOMINIK KARNAS *et al.*, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

MARK CUBAN, *et al.,*

    Defendants.

_____/

PLAINTIFFS' MOTION FOR RECONSIDERATION
TO SEVER AND TRANSFER THE CLAIMS AGAINST
DEFENDANTS MARK CUBAN AND THE MAVERICKS
TO THE NORTHERN DISTRICT OF TEXAS

    This action alleges hundreds of millions in damages affecting millions of class members nationwide, has already involved extensive discovery, and likely represents the only viable avenue of recovery for the victims of a massive cryptocurrency fraud. In its December 30, 2025 Order ("Order") [ECF No. 363], the Court ruled that it lacks personal jurisdiction over Defendants Mark Cuban and the Mavericks ("Defendants"). In harmony with that ruling, Plaintiffs ask the Court to sever the claims against the Defendants and, rather than dismiss, transfer them to the Northern District of Texas. The Defendants themselves proposed that transfer, even if personal jurisdiction was found wanting. [ECF No. 96 at 19.] Transfer best satisfies the interests of justice. Having urged transfer as the proper alternative to dismissal, Defendants cannot credibly claim unfair prejudice from that same remedy. Accordingly, the Plaintiffs respectfully move for severance of the claims against the

Defendants and transfer of those claims to the Northern District of Texas, Dallas Division, pursuant to Federal Rules of Civil Procedure 21 and 54(b)[1] and 28 U.S.C. §§ 1631, 1406(a), and 1404(a).

## BACKGROUND

This action arises from the collapse of the Voyager cryptocurrency platform. In March 2022, the New Jersey Bureau of Securities entered a Cease and Desist Order against Voyager, finding that Voyager's Earn Program was not exempt from registration under state law. *See* Second Amended Complaint ("SAC") ¶ 184. That same month, regulators in Alabama, Kentucky, Oklahoma, Texas, Vermont, and Washington likewise concluded that the Earn Program Accounts ("EPAs") were unregistered securities. *Id.* As a result of these regulatory actions, Voyager's stock price declined sharply, and Voyager filed for bankruptcy in July 2022. *Id.* ¶ 185. These state and federal authorities also found massive fraud was involved in these crypto promotions, *See, e.g., FTC v. Voyager Digital, LLC*, No. 1:23-cv-03803, Stipulated Order for Permanent Injunction and Monetary Judgment (S.D.N.Y. Oct. 12, 2023); *In re Stephen Ehrlich*, FTC File No. 222-3015, Decision and Order (FTC June 2025); *In re Voyager Digital, LLC*, Consent Order, No. S-21-3218-23-CO01 (Wash. Dep't of Fin. Insts. Sec. Div. Mar. 2023) (collectively finding Voyager and its executives engaged in deceptive and fraudulent nationwide marketing of purportedly "safe" and insured crypto products).

In August 2022, Plaintiffs, individual investors who lost money investing through Voyager, filed this action against Mark Cuban and the Dallas Mavericks, along with other promoter defendants, to recover damages they sustained following Defendants' solicitation of sales of the unregistered EPAs on the Voyager platform. *See* Compl. [ECF No. 1]. Plaintiffs amended their complaint and took jurisdictional discovery, including depositions of Mark Cuban, Dallas Mavericks executives with much

---

[1] The December 30, 2025 Order is interlocutory because it does not resolve all the claims against all of the parties. In the action, three Defendants (who do not dispute personal jurisdiction) are subject to settlements which have received preliminary but not final approval. Accordingly, the Order "may be revised at any time" before final judgment. Fed. R. Civ. P. 54(b).

of the relevant information regarding the deal, and Voyager's founder and former-CEO, Stephen Ehrlich.

The Defendants subsequently moved to transfer venue to the Northern District of Texas, [ECF Nos. 90, 96], and supplied declarations in support of their motion [ECF Nos. 91-92]. In their motion papers, the Defendants argued in part that "transfer is also entirely appropriate if the Court agrees with Defendants' arguments, as set forth in their motion to dismiss, that the Court lacks personal jurisdiction over Defendants." Defs.' Mot. Transfer Venue [ECF No. 96], at 19.

Plaintiffs filed the SAC in June 2023, which became the operative pleading. [ECF No. 186.] The SAC asserted claims individually and on behalf of a putative nationwide class under New Jersey law, as well as alternative statewide subclass claims under multiple states' securities and consumer-protection statutes. See Order at 5–6.

Following the filing of the SAC, Defendants Cuban and the Dallas Mavericks moved to dismiss. [ECF No. 155.] Following jurisdictional discovery and full briefing, the Court subsequently granted that motion to dismiss, specifically limiting its decision to the lack of personal jurisdiction. *See* Order at 28–29.

There is no dispute that extensive discovery has already been completed over the past two and a half years. That discovery includes the exchange of hundreds of thousands of pages of documents, more than a dozen depositions taken nationwide, substantial third-party discovery, and coordinated discovery arising from the Voyager bankruptcy proceedings in the Southern District of New York. Class Counsel also retained and funded separate bankruptcy counsel to litigate related matters in the district and bankruptcy courts. Further, Class Counsel is working with Co-Counsel Mark Lanier and his law firm who have been helping to prepare an appropriate amended complaint for litigation in the Northern District of Texas if the case is transferred.

Before the Court ruled, and based upon extensive work by Mediator Judge Michael Hanzman and discovery practice before Magistrate Judge Reid, the preliminarily certified class of Plaintiffs settled their claims against other promoter defendants, including Rob Gronkowski, Victor Oladipo, and Landon Cassill from this case, and Matthew Barkley from the Track 2 Case. *See* Joint Motion to Stay Case [ECF No. 226] at 1; Track 2 Case, ECF No. 15. As the Court noted, Cuban and the Mavericks were therefore the only Defendants in this case who had not settled at the time of its ruling. *See* Order at 6.

## ARGUMENT

The Court should allow transfer of the dismissed claims against Mark Cuban and the Mavericks in the interests of justice. The Court has the plenary power by interlocutory reconsideration to grant this relief, which operates in respect of rather than contrary to its substantive ruling on personal jurisdiction. Absent this relief, the Plaintiffs suffer the risk of arguments regarding statutes of limitations and additional costs and expenses relitigating discovery issues this Court has already worked to resolve. Having themselves requested this transfer to their home district, the Defendants have no reasonable objection.

### A. Transfer Rather Than Dismissal Is the Just Remedy Here.

Three statutes empower the Court to transfer the claims against Cuban and the Mavericks rather than dismiss them: (1) 28 U.S.C. § 1631, which states that whenever a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action" to any other court where the action could have been brought;[2] (2) 28 U.S.C. § 1406, which requires courts to

---

[2] The term "want of jurisdiction" in 28 U.S.C. § 1631 is broad on its face and has been held to include both personal and subject matter jurisdiction by the circuit courts that have addressed the issue. *See Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 794-95 (5th Cir. 2021). The Eleventh Circuit has not squarely addressed the application of § 1631 to a lack of personal jurisdiction, but Judge Cohn applied the statute to use transfer to address defective personal jurisdiction in *Toll v. North*, 644 F. Supp. 3d 1050, 1056 (S.D. Fla. 2022).

transfer any case to any district or division in which it could have been brought if the original venue is improper and the transfer is "in the interest of justice"; and (3) 28 U.S.C. § 1404, which empowers courts, in their discretion, to transfer an action "[f]or the convenience of the parties and witnesses, in the interest of justice". Both 28 U.S.C. § 1631 and 1406 use the mandatory term "shall" (unlike 28 U.S.C. § 1404, which uses the permissive term "may"). "Given that transfer is mandatory if it is in the interest of justice, courts have found motions to transfer unnecessary." *See Toll v. North*, 644 F. Supp. 3d 1050, 1056 (S.D. Fla. 2022) (Cohn, J.). In light of the Defendants' position in their Motion to Transfer Venue, [ECF No. 96], which detailed with evidentiary support why proceeding in the Northern District of Texas best comports with the interests of justice, each of these statutes is easily satisfied here. Plaintiffs discuss each statute below, relying primarily on 28 U.S.C. §§ 1631 and 1406, and in abundance of caution, § 1404.

1. **Where personal jurisdiction is lacking, the federal transfer statutes authorize transfer rather than dismissal so the claims can be adjudicated on the merits.**

Congress provided a remedial mechanism for cases that cannot be adjudicated on the merits in the chosen forum: the court shall dismiss, or "if it be in the interest of justice," transfer the case to a district "in which it could have been brought." 28 U.S.C. § 1406(a); *see also id.* § 1631.[3] The Supreme Court has held § 1406(a) is "amply broad enough" to authorize transfer "whether the court in which it was filed had personal jurisdiction over the defendants or not," and explained the statute's purpose is "removing whatever obstacles may impede an expeditious and orderly adjudication" on the merits. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). That principle is not limited to "wrong

---

[3] Section 1631 "appears to be intended to avoid the confusion that was created by §§ 1404(a) and 1406(a)'s focus on whether venue was proper, instead stating that a district court shall transfer the case if there is a lack of jurisdiction and justice so demands regardless of the propriety of the original venue." *Franco*, 3 F.4th at 794. It thus encompasses subject matter as well as personal jurisdiction. Because the operative terms of both statutes apply equally here, they are discussed together.

venue" in the narrow sense. Binding former Fifth Circuit authority explains a district is "wrong" within § 1406 whenever there is an "obstacle … to an expeditious and orderly adjudication" on the merits— expressly including the inability to obtain personal jurisdiction or perfect service in an otherwise proper venue. *Aguacate Consol. Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523, 524–25 (5th Cir. 1978).

Here, the Order held Plaintiffs failed to establish personal jurisdiction over Cuban and the Mavericks in this District. That ruling identifies precisely the type of "obstacle" § 1406(a) was enacted to cure – one that prevents "orderly adjudication … on the merits" against those defendants in this forum. *Goldlawr* and *Aguacate* therefore supply the governing rule: transfer is authorized – and favored – even after a personal-jurisdiction dismissal determination.

Applying this law, the Eleventh Circuit has expressly held that a court is "not barred" from ordering transfer by a conclusion that the district court lacked jurisdiction, citing *Goldlawr*, and that the "interests of justice strongly preponderate in favor of transfer" where a limitations risk even potentially exists. *Cox Enters., Inc. v. Holt*, 691 F.2d 989, 989–90 (11th Cir. 1982). The court emphasized the mere possibility of a limitations challenge satisfies the standard. *Id.* at 990 n.1 ("It is enough for us that the plaintiff is exposed to the risk that he is barred."). Cases in the Southern District of Florida have also so held. *See Toll v. North*, 644 F. Supp. 3d 1050, 1056 (S.D. Fla. 2022) (Cohn, J.) (severing and transferring claims under § 1631 against defendants over which the court lacked personal jurisdiction, emphasizing that transfer is required where the interest of justice so demand, even absent a formal transfer motion); *Margulis v. Stryker Corp.*, 377 F. Supp. 3d 1367 (S.D. Fla. 2019) (Scola, J.) (refusing dismissal for lack of personal jurisdiction and transferring based on § 1406(a)). This Court has likewise transferred rather than dismissed where personal jurisdiction was lacking and the interests of justice favored preserving the action. *See Brunswick Records Corp. v. Lastrada Ent. Co.*, Case No. 21-cv-23580 (S.D. Fla. Dec. 23, 2022) (Altman, J.) (transferring under § 1406(a) after finding no personal jurisdiction).

Those "interest of justice" considerations track the Supreme Court's rationale in *Goldlawr* where the filing shows diligence and serves to toll limitations; transfer prevents plaintiffs from being penalized by time-consuming and justice-defeating technicalities, particularly where venue/jurisdiction uncertainties exist. Likewise, *Aguacate* emphasized that where substantial time has passed, litigation efforts have been invested, and limitations exposure exists, transfer advances the interest of justice, and plaintiffs should not be penalized for an erroneous choice about jurisdictional reach.

Applying those standards here, dismissal of the Cuban/Mavericks claims risks delay and duplicative judicial work, as well as unnecessary refiling costs. The risk of a limitations defense, even if only a possibility, alone justifies transfer. *See Cox*, 691 F.2d 990 n.1. The Defendants no doubt consider limitations as more than a possibility and, absent transfer, the Defendants likely will argue certain claims are time-barred, regardless of their merit. Avoiding such disputes is precisely the harm that *Goldlawr*, *Aguacate*, and *Cox* treat as compelling transfer over dismissal in situations like this.

In sum these interest-of-justice factors point the same way: (i) Plaintiffs sought transfer promptly after the Order; (ii) this case has already involved extensive discovery; (iii) Defendants have identified Dallas as the locus of key witnesses and evidence; (iv) the transferee forum is indisputably proper for Cuban and the Mavericks; (v) dismissal invites avoidable limitations litigation; and (vi) severance and transfer will not disrupt proceedings in this Court.

**2. Transfer to the Northern District of Texas is proper because it is where the claims could have been brought and removes the jurisdictional obstacle identified in the Order.**

Sections 1406(a) and 1631 authorize transfer to any district "in which it could have been brought." In *Goldlawr*, transfer was proper to a district where defendants "could be found" and where "venue was proper and personal jurisdiction could be obtained … by service of process," 369 U.S. at 464, even though the transferor court lacked personal jurisdiction.

The same logic applies here. The Defendants themselves established that the Northern District of Texas, Dallas Division, is the forum that cures the jurisdictional obstacle identified in the Order, and it is a district where the action could have been brought against them consistent with *Goldlawr*'s explanation of § 1406(a). The Defendants moved for transfer on that very basis, stating: "All relevant Mavericks employees live in or near Dallas; Mr. Cuban resides and works in Dallas; the Mavericks are based in Dallas." Defs.' Mot. Transfer Venue at 2 [ECF No. 96]. Accordingly, the case against the Defendants could have been brought in Dallas. The jurisdictional requirements of the transfer statutes are satisfied.

    **3.    Transfer is also available under § 1404(a) and may be ordered even where personal jurisdiction is absent.**

Under 28 U.S.C. § 1404(a), transfer is permitted "[f]or the convenience of parties and witnesses, in the interest of justice … to any other district or division where it might have been brought." Former Fifth Circuit authority holds the discretionary language of § 1404(a) permits transfer "for the convenience of the parties and in the interest of justice" even if no personal jurisdiction existed in the transferring court. *Aguacate*, 566 F.2d at 524. In this District, Judge Jordan applied that rule in the most concrete way possible: transferring to the Northern District of Texas, Dallas Division while emphasizing that personal jurisdiction in Florida appeared "questionable at best," and that the court "need not reach" personal jurisdiction to transfer. *Opus Constr. Corp. v. Opus Communities, Inc.*, Case No. 05-60366-CIV-JORDAN, 2006 WL 8432125 (S.D. Fla. Mar. 21, 2006) (Jordan, J.) (transferring under § 1404(a) and noting likely lack of personal jurisdiction). *Opus* further explains the usual § 1404(a) considerations – party/witness convenience, access to proof, location of documents, and overall efficiency – and reiterates that the plaintiff's forum choice yields when outweighed by such factors. Accordingly, whether analyzed under § 1631 or § 1406(a) (jurisdictional obstacles) or § 1404(a) (convenience and interest of justice), transfer – not dismissal – is the authorized and appropriate remedy.

    **4.    The Court may transfer only the Cuban and Mavericks claims (via severance), leaving the remaining, settled claims in this District.**

Because the Order concerns only Cuban and the Mavericks, the Court can effectuate the transfer remedy without disrupting proceedings against other defendants by severing the claims against Cuban and the Mavericks and transferring that severed action to the Northern District of Texas. This approach best fulfills the remedial aim recognized in *Goldlawr* – avoiding "justice-defeating technicalities" and promoting adjudication on the merits – while preserving case-management efficiency in this Court.

Federal Rule of Civil Procedure 21 states in part: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." This empowers the Court to sever the claims against a defendant such that they constitute a separate action, so that action can then be transferred. *See Hoffmann v. De Marchena Kalucha & Asociados*, 642 F.3d 995, 998 (11th Cir. 2011) ("A severed claim under Rule 21 proceeds as a discrete suit and results in its own final judgment . . . ."); *see, e.g., Toll*, 644 F. Supp. 3d at 1057 (severing and transferring claims against a particular defendant not subject to personal jurisdiction). The Court should exercise that power here, severing and transferring the claims against Cuban and the Mavericks while retaining the remaining claims which have already resulted in settlements.

### B. The Court Has Plenary Power to Reconsider its Order to Effectuate the Transfer.

The Plaintiffs are seeking statutory alternative relief – transfer rather than dismissal – leaving the Court's Order substantially intact. Pursuant to Federal Rule of Civil Procedure 54(b), this Court can provide that alternative relief through its "plenary authority 'to reconsider, revise, alter or amend' a non-final order before the entry of final judgment."[4] *Hornady v. Outokumpu Stainless USA, LLC*, 118

---

[4] No final judgment has been entered in this case. The Court has not directed a final judgment, none has been entered by the clerk, and absent a final judgment, 150 days must lapse before finality

F.4th 1367, 1380 (11th Cir. 2024) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000)). In determining whether to exercise its discretion, the Court should "consider[] both the weight of the moving party's arguments and the disruption that a change would cause in light of the time that has passed since the decision was initially made." *Id.* at 1381. "[I]n most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underlie that justifiable caution." *Id.* at 1380.

Here, these factors weigh overwhelmingly toward the Court exercising its discretion and allowing transfer rather than dismissal. Only twenty-eight days have passed since the Court's Order was filed, and during that time no proceedings or filings have occurred. Most important, Plaintiffs do not seek to relitigate personal jurisdiction; they seek only a remedial modification to implement Congress's transfer statutes in the interest of justice, seeking to proceed in the Northern District of Texas where Cuban and the Mavericks themselves sought transfer, and merely to proceed with a case that has been pending for several years, including substantial discovery. Allowing this relief will prevent rather than promote disruption, by permitting the case to proceed intact in the transferee court, and so it would serve stability and predictability. Because the Defendants themselves sought this transfer to their home district, they cannot credibly object.

Pre-*Hornady*, this Court has explained that it "generally permit[s] reconsideration where there is newly discovered evidence, a manifest error of law or fact, or where justice so requires." *Lewis v. Allied World Specialty Ins. Co.*, CASE NO. 20-cv-20677-ALTMAN/Reid, slip op. at *5 (S.D. Fla. Apr. 4, 2023) (Altman, J.) (quoting *Jones v. City of Palm Beach Gardens*, 2022 WL 16745733, at *2 (S.D. Fla. Nov. 7, 2022)). That "justice requires" standard, like the statutory "justice" requirement for transfer discussed above, is satisfied here. Defendants themselves have contended transfer is appropriate even

---

can occur, even assuming all conditions of finality are met. *See* Fed. R. Civ. P. 54(b), 58; *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 843 (11th Cir. 2008).

if the Court finds personal jurisdiction is lacking. Def.'s Mot. Transfer Venue [ECF No. 96], at 19. Transfer is mandatory when justice so requires. *See* 28 U.S.C. §§ 1406, 1631 (directing that the court "shall" transfer). Under such circumstances, where the requested relief has been requested by the Defendants themselves and is strongly supported by precedent and statutes using mandatory language, "the district court should not hesitate to revisit its prior ruling." *Hornady*, 118 F.4th at 1381. *See also, e.g.*, *Jones v. Campbell Univ.*, 322 F. Supp. 3d 106, 109–10 (D.D.C. 2018) (granting Rule 59(e) relief and amending dismissal order to transfer claims to the proper forum to avoid limitations prejudice). The Court should therefore grant relief through reconsideration.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court

1. grant this Motion for Reconsideration,
2. modify the portion of the Dec. 30 order dismissing Cuban/Mavericks solely to provide the relief of transfer rather than dismissal,
3. sever the claims against Defendants Mark Cuban and the Mavericks under Rule 21,
4. transfer the severed action to N.D. Tex. (Dallas Division) under § 1406(a) and § 1631 (and alternatively § 1404(a)),
5. direct the Clerk to effectuate the transfer by opening a new case number, transmitting the docket, and performing such other functions as may be necessary, and
6. grant such other relief as may be just.

## S.D. Fla. L.R. 7.1 Certification

Plaintiffs' counsel certifies that they have conferred in good faith with Defendants' counsel in a good faith effort to resolve the issues raised in this motion and represent that Defendants oppose the relief sought in this motion.

**REQUEST FOR ORAL ARGUMENT**

In accordance with Local Rule 7.1(b)(2), Class Counsel request that the Court hear oral argument on this Motion and respectfully submit that 30 minutes should be sufficient for all parties.

Dated: January 27, 2026                              Respectfully submitted,

By: */s/ Adam M. Moskowitz*                          By: */s/ David Boies*
Adam M. Moskowitz                                    David Boies
Florida Bar No. 984280                               (Admitted Pro Hac Vice)
Joseph M. Kaye                                       **BOIES SCHILLER FLEXNER LLP**
Florida Bar No. 117520                               333 Main Street
Barbara C. Lewis                                     Armonk, NY 10504
Florida Bar No. 118114                               Phone: (914) 749–8200
**THE MOSKOWITZ LAW FIRM, PLLC**                     dboies@bsfllp.com
P.O. Box 653409
Miami, FL 33175                                      *Co-Counsel for Plaintiffs and the Class*
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
barbara@moskowitz-law.com

*Co-Counsel for Plaintiffs and the Class*

By: */s/ Jose M. Ferrer*                             By: */s/ Stephen Neal Zack*
Jose M. Ferrer                                       Stephen Neal Zack
Florida Bar No. 173746                               Florida Bar No. 145215
Desiree Fernandez                                    **BOIES SCHILLER FLEXNER LLP**
Florida Bar No. 119518                               100 SE 2nd St., Suite 2800
**MARK FERRER HAYDEN PLLC**                          Miami, FL 33131
8 SW 8th Street, Suite 1999                          Office: 305-539-8400
Miami, FL 33130                                      szack@bsfllp.com
Office: 305-374-0440
jose@mfh.law                                         *Co-Counsel for Plaintiffs and the Class*
desiree@mfh.law

*Co-Counsel for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing was filed on January 27, 2026, with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record

                By: /s/ *Adam M. Moskowitz*
                  Adam M. Moskowitz
                  Florida Bar No. 984280